IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICE, INC.; BEULAH MISSIONARY BAPTIST CHURCH; E. D. NIXON APARTMENTS, INC.; MCRAE PROSTATE CANCER AWARENESS FOUNDATION; MILSTEAD COMMUNITY CENTER, INC.; NCO NILE CLUB; NEW ELAM MISSIONARY BAPTIST CHURCH, NOTASULGA HIGH SCHOOL PTSA; SHORTER COMMUNITY DEVELOPMENT, INC.; SHORTER LODGE #533; SHORTER VOLUNTEER FIRE DEPARTMENT; SOJOURNER TRUTH CHAPTER #265 OES, SWEET GUM AME ZION CHURCH; TABERNACLE BAPTIST CHURCH; TUBMAN GARDENS, INC.; TUSKEGEE MACON COUNTY COMMUNITY FOUNDATION, INC.; TUSKEGEE NATIONAL ALUMNI ASSOCIATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )   CASE NO. 3:06-CV-01113-WKW |
| DAVID WARREN, in his official capacity as the SHERIFF OF MACON COUNTY, | )<br>)<br>) |
| Defendant. | ) |

## ANSWER

COMES NOW Sheriff David Warren, Defendant in the above-styled cause, by and through its counsel of record, and hereby answers each numbered paragraph of the Complaint filed in the above-captioned action and states as follows:

Except to the extent expressly, specifically and unambiguously admitted herein, Defendant denies each and every allegation contained in the Complaint and demands

strict proof thereof.

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions that do not call for a response by Defendant. Defendant admits that the Plaintiffs seek relief under the law and statute cited. Defendant denies violation of any law or statute, and denies that Plaintiffs are entitled to any relief.

2. Defendant admits that Plaintiffs purport to bring this action under the cited statute. Inasmuch as the Plaintiffs' allegations state conclusions of law, no further response to the allegations of Paragraph 2 is required.

3. Defendant admits that Plaintiffs' allege that venue is proper under the cited statute. Inasmuch as the Plaintiffs' allegations state conclusions of law, no further response to the allegations of Paragraph 3 is required.

## PARTIES

4. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 4 and, therefore, denies the same and demands strict proof thereof.

5. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 7 and, therefore, denies the same and demands strict

proof thereof.

      8.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 8 and, therefore, denies the same and demands strict proof thereof.

      9.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 9 and, therefore, denies the same and demands strict proof thereof.

      10.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 10 and, therefore, denies the same and demands strict proof thereof.

      11.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 11 and, therefore, denies the same and demands strict proof thereof.

      12.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 12 and, therefore, denies the same and demands strict proof thereof.

      13.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 13 and, therefore, denies the same and demands strict proof thereof.

      14.    Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 14 and, therefore, denies the same and demands strict proof thereof.

      15.    Defendant is without sufficient information upon which to either admit or deny

the material allegations in paragraph 15 and, therefore, denies the same and demands strict proof thereof.

16. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 17 and, therefore, denies the same and demands strict proof thereof.

18. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 18 and, therefore, denies the same and demands strict proof thereof.

19. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 19 and, therefore, denies the same and demands strict proof thereof.

20. Defendant is without sufficient information upon which to either admit or deny the material allegations in paragraph 20 and, therefore, denies the same and demands strict proof thereof.

21. Defendant admits that Amendment 555 of the Constitution of the State of Alabama provides for "local" constitutional amendments and pursuant to Amendment 555, a proposed constitutional amendment that affects only one county can be adopted as a valid part of the Constitution by a majority vote of the affected county. Defendant further admits, upon information and belief, that through this type of amendment, the operation of bingo gaming facilities has been authorized in various counties throughout the state.

**FACTUAL BASIS**

22. Defendant admits the allegations of paragraph of the Complaint.

23. Defendant admits the allegations of paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions that do not call for a response by this Defendant. To the extent that a response is deemed to be required, the Defendant denies the same and demands strict proof thereof.

25. With respect to the allegations contained in paragraph 25 of the Complaint, Defendant admits that on or about December 5, 2003, he promulgated the "Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama (hereinafter, "Rules" or "Original Rules")." Defendant states that the Rules is a written document and speaks for itself. The remainder of the allegations contained in paragraph 25 of the Complaint are legal conclusions that do not call for a response by this Defendant. To the extent that a response is deemed to be required, the Defendant denies the same and demands strict proof thereof.

26. With respect to the allegations of paragraph 26 of the Complaint, Defendant admits that at the time the Original Rules were promulgated, the only gaming facility in Macon County was Victoryland. The Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 26 and, therefore, denies the same and demands strict proof thereof.

27. With respect to the allegations of paragraph 27 of the Complaint, Defendant admits that on or about June 2, 2004, he promulgated the "First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County,

Alabama ("First Amended Rules")." Defendant states that the First Amended Rules is a written document and speaks for itself. The Defendant denies the remaining allegations contained in paragraph 27 and demands strict proof thereof.

28. With respect to the allegations of paragraph 28 of the Complaint, Defendant admits that the First Amended Rules were published in the Tuskegee News on June 10, 2004. Defendant states that the First Amended Rules is a written document and speaks for itself. Defendant states that he is without sufficient information to admit or deny the remaining allegations contained in paragraph 28 and, therefore, denies the same and demands strict proof thereof.

29. With respect to the allegations of paragraph 29 of the Complaint, Defendant admits that on or about January 6, 2005, he promulgated the "Second Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama "(Second Amended Rules")." Defendant states that the Second Amended Rules is a written document and speaks for itself.

30. Defendant denies the material allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant denies the allegation contained in paragraph 31 of the Complaint that he received application packages from the Charities for Class B Bingo Licenses. Defendant admits that he has not issued Class B Bingo Licenses to the Charities.

32. Defendant is without sufficient information to either admit or deny the material allegations contained in paragraph 32 of the Complaint and, therefore, denies the same and demands strict proof thereof.

33. Defendant is without sufficient information to either admit or deny the

material allegations contained in paragraph 33 of the Complaint and, therefore, denies the same and demands strict proof thereof.

34. With respect to the allegations contained in paragraph 34 of the Complaint, at this time, Defendant does not recall the particular dates on which he has had conversations with Paul Bracy, Jr. Defendant admits that he has repeatedly stated to Paul Bracy, Jr., and others, that anyone who satisfied the requirements of the bingo regulations would be issued a license.

35. Defendant is without sufficient information to either admit or deny the material allegations contained in paragraph 35 of the Complaint and, therefore, denies the same and demands strict proof thereof.

36. Defendant acknowledges that he has received correspondence from Lucky Palace, but Defendant is still in the process of gathering documents to respond to these allegations and does not recall with specificity the date or dates on which he received such correspondence. Therefore, Defendant is without sufficient information to either admit or deny the material allegations contained in paragraph 36 of the Complaint and denies the same and demands strict proof thereof.

37. With respect to the allegations contained in paragraph 37 of the Complaint, Defendant acknowledges that he has received correspondence from Lucky Palace, but Defendant is still in the process of gathering documents to respond to these allegations and does not recall with specificity the date or dates on which he received such correspondence. Therefore, Defendant is without sufficient information to either admit or deny the material allegations contained in paragraph 37 of the Complaint and denies the same and demands strict proof thereof.

38. With respect to the allegations contained in paragraph 38 of the Complaint, Defendant admits that he met with Paul Bracy, Jr. on a few occasions and received several telephone calls from him. Defendant is unable to recall with specificity the date or dates on which such conversations may have taken place. Therefore, Defendant is without sufficient information to either admit or deny the material allegations contained in paragraph 38 of the Complaint and denies the same and demands strict proof thereof.

39. With respect to the allegations contained in paragraph 39 of the Complaint, Defendant acknowledges that he has received correspondence from Paul Bracy, Jr., but Defendant is still in the process of gathering documents to respond to these allegations and does not recall with specificity the date or dates on which he received correspondence from Paul Bracy, Jr. Defendant is without sufficient information at this time to respond to the material allegations contained in paragraph 39 of the Complaint and, therefore, denies the same and demands strict proof thereof. Defendant admits that he did not sign any statement that purports to limit the authority delegated to him by the Legislature and the citizens of Macon County pursuant to Amendment No. 744.

40. With respect to the allegations contained in paragraph 40 of the Complaint, Defendant admits that he sent Paul Bracy, Jr. a letter dated August 5, 2004. The letter is a written document and speaks for itself. Defendant denies the remaining material allegations in paragraph 40 of the Complaint and, therefore, denies the same and demands strict proof thereof.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant admits, as alleged in paragraph 42 of theComplaint, that he

promulgated the Second Amended Rules on January 6, 2005. Defendant denies the remaining material allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43.     Defendant admits, as alleged in paragraph 43 of the Complaint, that Pebblin Warren is his wife and that she was elected to the Alabama House of Representatives in 2005. Defendant admits, upon information and belief, that Representative Warren introduced H.B. 17. Defendant states that H.B. 17 is a written document and speaks for itself. Defendant denies the remaining material allegations and demands strict proof thereof.

44.     Defendant acknowledges that he has received correspondence from Paul Bracy, Jr., but Defendant is still in the process of gathering documents to respond to these allegations and does not recall with specificity the date or dates on which he received correspondence from Paul Bracy, Jr. Therefore, Defendant is without sufficient information at this time to respond to the material allegations contained in paragraph 44 of the Complaint and denies the same and demands strict proof thereof.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

**COUNT I**
**(Violation of Equal Protection Clause)**

46.     Defendant adopts and incorporates its answers to paragraphs 1 through 45 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint

and demands strict proof thereof.

48.     Defendant is without sufficient information to either admit or deny whether the charities are Macon County nonprofit organizations.  Defendant denies the remaining allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint and demands strict proof thereof.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint and demands strict proof thereof.

FURTHERMORE, this Defendant denies that Plaintiffs are entitled to any of the relief as requested in the *ad damnum* clause of Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

The Defendant states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs.  The Defendant reserves the right to assert other defenses as discovery proceeds.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant upon which relief may be granted.

## SECOND DEFENSE

Defendant denies that he was guilty of any wrongdoing, error, act, or omission that may have caused damages to Plaintiffs.

### THIRD DEFENSE

Defendant pleads the general issue.

### FOURTH DEFENSE

Defendant avers that he is not guilty of any violation of the Plaintiffs' constitutional rights.

### FIFTH DEFENSE

The Plaintiffs lack standing to bring this action.

### SIXTH DEFENSE

The Defendant denies that any of its actions were arbitrary or capricious.

### SEVENTH DEFENSE

Subject matter jurisdiction is lacking in this action because Plaintiffs' claim is not yet ripe for adjudication and/or is moot.

### EIGHTH DEFENSE

Plaintiffs' claim is barred because no claim or controversy is presented in this case.

### NINTH DEFENSE

Plaintiffs' claim is barred because a decision in this matter would not affect the rights of the Plaintiffs in this case.

### TENTH DEFENSE

Plaintiffs' Equal Protection claim is barred because Plaintiffs cannot show that the bingo rules at issue are not rationally related to a legitimate government interest. Plaintiffs'

claim is also barred because Plaintiffs have not and cannot show that Defendant's actions were triggered by a discriminatory motive or purpose.

### ELEVENTH DEFENSE

The Defendant denies that Plaintiffs are entitled to any judgment against it, or for any relief whatsoever.

### TWELFTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies.

### THIRTEENTH DEFENSE

The Defendant avers that all actions were taken in good faith.

### FOURTEENTH DEFENSE

The Defendant pleads immunity under both the Federal and State Constitutions as well as Statutory and Common Law immunity.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to discretionary function immunity, sovereign immunity, and qualified good faith immunity

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to absolute immunity pursuant to the Eleventh Amendment. See U.S. Constitution, Amendment XI.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to immunity pursuant to ALA. CODE § 6-5-338.

### NINETEENTH DEFENSE

The Complaint and each count thereof is barred by the applicable statute of limitations.

### TWENTIETH DEFENSE

Any equitable or declaratory relief sought by the Plaintiffs is barred by the doctrines of waiver, estoppel, laches, or unclean hands.

Respectfully submitted,

s/ Fred D. Gray, Jr.
One of the Attorneys for Defendant,
David Warren, Sheriff of Macon County,
Alabama

Fred D. Gray           (GRA022)
Fred D. Gray, Jr.      (GRA044)
Gray, Langford, Sapp, McGowan, Gray
 & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:  334-727-4830
Facsimile:   334-727-5877
fgrayjr@glsmgn.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Robert K. Spotswood, Esq.
    Michael T. Sansbury, Esq.
    Spotswood, LLC
    940 Concord Center
    2100 Third Avenue North
    Birmingham, AL 35203-3329

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  None.

          s/ Fred D. Gray, Jr.
          Fred D. Gray   (GRA022)
          Fred D. Gray, Jr.  (GRA044)
          Gray, Langford, Sapp, McGowan, Gray
           & Nathanson
          P.O. Box 830239
          Tuskegee, AL 36083-0239
          Telephone: 334-727-4830
          Facsimile: 334-727-5877
          fgrayjr@glsmgn.com