IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 3:06-cv-01113-WKW-WC |

## NOTICE OF ISSUANCE OF SUBPOENA TO MILTON E. MCGREGOR

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff Charities will issue a subpoena to Milton E. McGregor commanding him to produce certain documents and materials. A copy of the subpoena is attached hereto as Exhibit A.

DATED: February 5, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:     rks@spotswoodllc.com
            msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

1

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:	fgray@glsmgn.com
	jbibb@glsmgn.com
	fgrayjr@glsmgn.com
	thalia@glsmgn.com

                                            s/ Michael T. Sansbury
                                            OF COUNSEL

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

Hope for Families & Community Services, Inc., et al.,

V.

Warren

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-01113-WKW-WC

TO: Milton E. McGregor
400 S. Union St. Ste. 415
Montgomery, AL 36104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A, Instructions and Definitions and Documents to be Produced Pursuant to Subpoena

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Robert K. Spotswood* (signature) | 2/5/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert K. Spotswood, SPOTSWOOD SANSOM & SANSBURY LLC, 2100 3rd Ave N Ste 940, Birmingham, AL 35203, (205) 986-3623

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                                        SIGNATURE OF SERVER

                                                                                _____
                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

(Attachment to Milton McGregor Subpoena)

## INSTRUCTIONS AND DEFINITIONS

1. The terms "you," "your," and "Mr. McGregor" shall mean and refer to Mr. Milton McGregor, and any employees, agents, or representatives of Mr. McGregor, severally and individually.

2. The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3. The terms "Defendant" and "Sheriff Warren" shall mean and refer to David Warren, the Macon County Sheriff's office, and/or any other employers, employees, agents, or representatives of David Warren or the Macon County Sheriff's office, severally and individually.

4. This subpoena for documents shall apply not only to documents directly in the possession of Mr. McGregor but also to documents in the possession of others as to which Mr. McGregor has access, including but not limited to documentation in the possession of any of Mr. McGregor's employees, accountants, attorneys and relatives.

5. Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and")

shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.   This subpoena for documents pursuant to Rule 45, Federal Rules of Civil Procedure, is intended to be of a continuing nature. If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.   If you claim or contend that any of the documents hereby subpoenaed are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.   The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.   The Plaintiffs request that the documents be tendered at the offices of BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104, by Wednesday, March 7, 2007, at 5:00 PM. The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties. For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media. Please "Bates Number" each page of every

document you produce in response to this subpoena, whereby "MCGREGOR 00001" would be indicated on the first page of the first document produced, "MCGREGOR 00002" would be the second page, etc.

### DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

2. Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

3. Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

4. Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

5. Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

6. Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

7. Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

8. Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

9. Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

10. Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

11. Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray, Sr. or Fred Gray, Jr. relating to the licensing of bingo in Macon County, Alabama.

12. Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Sr., Fred Gray, Jr. or any other their relatives in VictoryLand.

13. Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

14. Please produce any and all documents in your possession or control that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

15. Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

16. Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

17. Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

18. Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

19. Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

20. Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

21. Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

22. Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or

their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

23. To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

24. Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Sr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

25. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

26. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation

services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

27. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

28. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, Sr., or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

29. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, Sr., or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

30. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray, Sr., or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

31. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

32. Please produce any and all documents in your possession or control that refer or relate to property purchased in whole or in part by you since January 1, 2003.

33. Please produce any and all documents in your possession or control that refer or relate to all income earned by you from any source whatsoever since January 1, 2003.

34. Please produce all federal and state tax returns filed by you since January 1, 2003.

35. Please produce any and all documents in your possession or control that refer or relate to all of your personal assets and liabilities for the time period January 1, 2003 to the present date.

36. Please produce any and all documents in your possession or control that refer or relate to all of the assets, liabilities and income from any entity in which you have an interest for the time period January 1, 2003 to the present date.

37. Please produce all statements of financial accounts in which you have an interest or signatory authority, including all bank statements, mortgage account statements, real estate investment account statements, retirement account statements, brokerage account statements, trust account statements, including statements jointly held with your spouse, and the corresponding check registers, returned checks, and records of wire transfers, for the time period beginning January 1, 2003 to the present date.

38. Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

39. Please produce any and all documents that reflect or relate to campaign contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W. Warren, including, but not limited to, any documents related to the payment of campaign debts.

40. Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

41. Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of

Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.