UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) CASE NO.: 3:06-cv-1113-WKW |
| v. | ) ) JURY TRIAL DEMANDED |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT OF PARTIES' PLANNING MEETING

1. **Appearances.** Pursuant to Fed. R. Civ. P. 26(f), a conference was held on Monday, January 22, 2007, and was attended by:

    Robert K. Spotswood
    Michael T. Sansbury
    SPOTSWOOD SANSOM & SANSBURY LLC
    Attorneys for the Plaintiffs

    Fred D. Gray, Jr.
    GRAY LANGFORD SAPP MCGOWAN GRAY & NATHANSON
    One of the Attorneys for the Defendant

2. **Pre-Discovery Disclosures.** The parties will exchange, the information required by Federal Rule of Civil Procedure 26(a)(1) by Thursday, February 8, 2007. The exchange will be completed when each party has served its information by first-class U.S. Mail.

3. **Discovery Plan.** The parties propose to the court the following discovery plan:

    a. Plaintiffs propose discovery will be needed on the following subjects:

    1. All information regarding the assets, liabilities, and income of David Warren, Pebblin W. Warren, J.B. Walker, or any entity in which either or both of them have an interest.

1

    2. All information regarding the derivation of the assets of David Warren, Pebblin W. Warren, J.B. Walker, or any entity in which either or both of them have an interest.

    3. All information regarding the sources of David Warren's income, Pebblin W. Warren's income, J.B. Walker's income, or the income of any entity in which either or both of them have an interest.

    4. All information regarding the history and purposes of bingo regulations pertaining to Macon County, Alabama.

    5. All information pertaining to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Victoryland.

    6. All information pertaining to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama, including Victoryland.

    7. All information pertaining to benefits of any kind provided by Victoryland (or any related persons or entities) to any charity in Macon County.

    8. All information pertaining to any relationship between, on one hand, Victoryland (or any related persons or entities), and, on the other hand, David Warren, Pebblin W. Warren, J.B. Walker, or Fred D. Gray, Sr. (or any of his relatives, partners or associates).

    9. All information pertaining to benefits of any kind provided by Victoryland (or any related persons or entities) to David Warren, Pebblin W. Warren, J.B. Walker, or Fred D. Gray, Sr. (or any of his relatives, partners or associates).

    10. All information pertaining to the financing of any election campaign by David Warren or Pebblin W. Warren.

    11. All other information pertaining to the Defendant's defenses.

b. Defendant opposes discovery in the areas identified by Plaintiffs in paragraph 3a hereinabove as follows:

    1. All information regarding the assets, liabilities, and income of David Warren, Pebblin W. Warren, J.B. Walker, or any entity in which either or both of them have an interest.

    2. All information regarding the derivation of the assets of David Warren, Pebblin W. Warren, J.B. Walker, or any entity in which either or both of them have an interest.

    3. All information regarding the sources of David Warren's income, Pebblin W. Warren's income, J.B. Walker's income, or the income of any entity in which either or both of them have an interest.

    4. All information pertaining to any relationship between, on one hand, Victoryland (or any related persons or entities), and, on the other hand, David Warren, Pebblin W. Warren, J.B. Walker, or Fred D. Gray, Sr. (or any of his relatives, partners or associates).

    5. All information pertaining to benefits of any kind provided by Victoryland (or any related persons or entities) to David Warren, Pebblin W. Warren,

2

|   |   |   |
|---|---|---|
|   |   | J.B. Walker, or Fred D. Gray, Sr. (or any of his relatives, partners or associates). |
|   | 6. | All information pertaining to the financing of any election campaign by David Warren or Pebblin W. Warren. |

    c.    Defendant asserts that discovery will be needed on the following subjects:

        1.    All information pertaining to the incorporation, directors and officers, and tax status of each of the Plaintiffs.

        2.    All information pertaining to the incorporation, directors and officers, and former directors and/or officers of Lucky Palace, Inc. and its affiliates and investors.

        3    All information pertaining to communications between the Plaintiffs and Lucky Palace, Inc.

        4.    All information pertaining to communications between the Defendant and Lucky Palace, Inc.

        5.    All information pertaining to the development of any bingo parlor in Macon County, Alabama, by Lucky Palace, Inc., Paul Bracy, Jr.. and any of its or his affiliates, associates, relatives or others with whom either conducts or has conducted any business within the past ten (10) years..

        6.    All information regarding the assets, liabilities and income of Lucky Palace, Inc., Paul Bracy, Jr. and any and all of its or his affiliates, associates, subsidiaries, relatives or others with whom either conducts or has conducted business within the past ten (10) years.

        7.    All other information pertaining to the Plaintiffs' claims.

    d.    The parties anticipate that they will likely be requested to disclose or produce information from electronic or computer-based media. Such disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, except that the parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. That data will be produced in electronic format on compact discs or a similar medium if agreed to by the parties.

    e.    The parties have agreed to comply with Rule 26(b)(5)(B) regarding claims of privilege or of protection as trial-preparation material asserted after production.

    f.    There will be a maximum of 40 interrogatories by each party to any other party. The responses will be due 30 days after service.

    g.    There will be a maximum of 25 requests for admission by each party to any other party. Responses will be due 30 days after service.

    h.    Each deposition will be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

      i.      The parties disagree regarding the following issues:

          1.     Plaintiffs propose: There will be a maximum of 40 depositions by the Plaintiffs and 40 depositions by the Defendant.

               Defendant proposes: There will be a maximum of 20 depositions by the Plaintiffs and 40 depositions by the Defendant.

          2.     Plaintiffs propose: All discovery will be commenced in time to be completed by August 27, 2007.

               Defendant proposes: All discovery will be commenced in time to be completed by Tuesday, March 11, 2008.

          3.     Plaintiffs propose: Reports from retained experts under Rule 26(a)(2) will be due by July 27, 2007. Reports from any rebuttal experts will be due by August 27, 2007.

               Defendant proposes: Reports from retained experts under Rule 26(a)(2) will be due from the Plaintiffs by Monday, December 3, 2007, and from the Defendant by Monday, January 7, 2008. Reports from the Plaintiffs' rebuttal expert will be due 30 days from the disclosure of Defendant's expert report.

          4.     Plaintiffs propose: Any supplementations to disclosures or discovery responses not already seasonably provided under Rule 26(e) will be due no later than June 27, 2007. The parties do not intend this provision to relieve them of any duties to supplement seasonably under Rule 26(e).

               Defendant proposes: Any supplementations to disclosures or discovery responses not already seasonably provided under Rule 26(e) will be due no later than Friday, January 11, 2008. The parties do not intend this provision to relieve them of any duties to supplement seasonably under Rule 26(e).

4.    **Other items.**

    a.    **Scheduling Conference**
          The parties request a conference with the court before entry of the scheduling order.

    b.    **Pretrial Conference**
          Plaintiffs request a pretrial conference on October 26, 2007. Defendant requests a pretrial conference in May 2008.

c. **Additional Parties, Claims and Defenses**
Plaintiffs propose: The parties must join additional parties and amend the pleadings by June 27, 2007.

Defendant proposes: The parties must join additional parties and amend the pleadings by September 28, 2007.

d. **Dispositive Motions**
Plaintiffs propose: All potentially dispositive motions should be filed by July 27, 2007.

Defendant proposes: All potentially dispositive motions should be filed by February 7, 2008.

e. **Settlement**
Settlement and the possibility of mediation cannot be evaluated until some discovery is complete.

f. **Trial Evidence**
The final list of witnesses and trial evidence under Rule 26(a)(3) should be due four weeks before trial. The parties should have 14 days after service to list objections under Rule 26(a)(3).

g. **Trial Date**
Plaintiffs propose: This case should be ready for trial by November 26, 2007, and at this time is expected to take approximately two weeks of trial time.

Defendant proposes: This case should be ready for trial by June 30, 2008, and at this time is expected to take approximately two weeks of trial time.

Dated: February 5, 2007

                               s/ Michael T. Sansbury
                               Robert K. Spotswood (SPO 001)
                               Michael T. Sansbury (SAN 054)
                               SPOTSWOOD SANSOM & SANSBURY LLC
                               940 Concord Center
                               2100 Third Avenue North
                               Birmingham, AL 35203-3329
                               TEL:   (205) 986-3620
                               FAX:   (205) 986-3639
                               E-mail:    rks@spotswoodllc.com
                                               msansbury@spotswoodllc.com

                               *Attorneys for the Plaintiffs*

/s Fred D. Gray, Jr.
Fred D. Gray (GRA022)
Fred D. Gray, Jr. (GRA044)
Gray Langford Sapp McGowan Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
TEL:   (334) 727-4830
FAX:   (334) 727-5877
E-mail:        fgray@glsmgn.com
               fgrayjr@glsmgn.com

*Attorneys for the Defendant*

6