IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | )<br>)<br>) |
| PLAINTIFFS, | )<br>) |
| v. | ) CASE NO.: 3:06-cv-01113-WKW-WC<br>) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | )<br>)<br>)<br>) |
| DEFENDANTS. | ) |

## MOTION TO DISMISS

COMES NOW Defendant Milton McGregor ("McGregor"), and respectfully move this Court to dismiss Plaintiffs' First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support of this motion, the Defendant states as follows:

1. On December 18, 2006, the Plaintiffs filed their original complaint against Sheriff David Warren ("Sheriff Warren") of Macon County, Alabama. See Compl. at 1 [Doc. 1]. The complaint contained a single count under 42 U.S.C. § 1983 for an alleged violation of the Plaintiffs' equal protection rights under the Fourteenth Amendment to the United States Constitution.

2. On March 2, 2007, the Plaintiffs amended their complaint to add additional defendants and to add an additional count. See Am. Compl. at 1 [Doc. 25]. The amended complaint added a second count under 42 U.S.C. § 1985(3) against Sheriff Warren and against two new defendants, McGregor and the Macon County Greyhound Park, Inc.

("Victoryland").  See Am. Compl. ¶¶ 1, 59-63 [Doc. 25].

3. The amended complaint asserts that Sheriff Warren conspired with McGregor, who was alleged to have acted individually and as Victoryland's agent, to violate Plaintiffs' equal protection rights in the promulgation of the bingo licensing and operating rules and regulations.  See Am. Compl. ¶¶ 60-61, 63 [Doc. 25].

4. The Court should dismiss the Plaintiffs' 42 U.S.C. § 1985(3) claim against McGregor for failure to state a claim upon which relief can be granted because the Plaintiffs have failed to allege all of the elements necessary for a viable section 1985(3) claim.  Race or class-based animus is an essential element of a section 1985(3) claim but the Plaintiffs have not alleged any animus and no class-based animus appears on the face of the amended complaint.  United Brotherhood of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825 (1983); Morast v. Lance, 807 F.2d 926, 929 n.3 (11th Cir. 1987).

5. Furthermore, Plaintiffs' claim against McGregor is due to be dismissed as a matter of law pursuant to the intracorporate conspiracy doctrine.  Plaintiffs do not allege that McGregor was acting in any capacity other than in his capacity as President of Victoryland or that he undertook any actions in his individual capacity.  Hollman v. Jacksonville Housing Auth., 2007 WL 245555 at *3 (11th Cir. January 30, 2007); Kirwin v. Price Communications Corp., 391 F.3d 1323, 1326 (11th Cir. 2004); Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001); Dickerson v. Alachua County Commission, 200 F. 3d 761, 767 (11th Cir. 2000).  Therefore, the intracorporate conspiracy doctrine applies to bar Plaintiffs' claim.

6. For these reasons, the Plaintiffs have failed to state a claim under 42 U.S.C. § 1985(3), and this Court should grant Milton McGregor's Motion to Dismiss.

7. In support of this Motion, McGregor also relies upon his Brief In Support of Motion to Dismiss filed contemporaneously herewith.

Respectfully submitted,

s/John M. Bolton, III
s/Charlanna W. Spencer

Attorneys for Defendant,
Milton McGregor

John M. Bolton, III (ASB-0999-N68J)
Charlanna W. Spencer (ASB-6860-R62C)
Sasser, Bolton, Stidham & Sefton, P.C.
100 Colonial Bank Boulevard, Suite B201
Montgomery, AL 36117
(334) 532-3400 Phone
(334) 532-3434 Fax
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
J. Mark White, Esq.
Augusta S. Dowd, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

 None.

           s/John M. Bolton, III
           John M. Bolton, III (ASB-0999-N68J)
           Sasser, Bolton, Stidham & Sefton, P.C.
           100 Colonial Bank Boulevard
           Suite B201
           Montgomery, AL 36117
           (334) 532-3400 Phone
           (334) 532-3434 Fax
           jbolton@sasserlawfirm.com