IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  3:06-cv-01113-WKW ) |
| DAVID WARREN, in his Official Capacity As the SHERIFF OF MACON COUNTY; MILTON MCGREGOR; MACON COUNTY GREYHOUND PARK, INC., | ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO DISMISS

Defendant Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") respectfully moves this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' allegations against Victoryland, as stated in the Amended Complaint. As grounds, Victoryland states as follows:

1.      On March 2, 2007, Plaintiffs filed the Amended Complaint, adding Victoryland as a defendant and making a single claim against Victoryland under 42 U.S.C. § 1985(3). [Am. Comp. (doc. 25), ¶¶ 1, 59-63, pp. 1-2, 13-14].

2.      The Court should dismiss the Plaintiffs' 42 U.S.C. § 1985(3) allegations against Victoryland for failure to state a claim upon which relief can be granted because the Plaintiffs have failed to allege all of the elements necessary for a viable § 1985(3) claim. Race or otherwise class-based, invidiously discriminatory animus is a required element of a § 1985(3) claim. *See Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992). Yet, no allegation of such animus appears in the Amended Complaint. Further, it has been long

settled that conspiracies motivated by commercial or economic views, status or activities are never appropriate for a § 1985(3) action. *See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). But the present action alleges such a conspiracy. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993). Moreover, the required class must exist independently of the defendants' actions. Yet, in this case the class and the alleged victims are the same.

For the reasons set forth herein, which are discussed in more detail in Victoryland's brief in support of this motion, the Plaintiffs have failed as a matter of law to state a claim against Victoryland under 42 U.S.C. § 1985(3). This Court should, therefore, grant Victoryland's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).

                              s/J. Mark White
                              J. Mark White (ASB-5029-H66J)
                              Attorney for Defendant,
                              Macon County Greyhound Park, Inc. d/b/a Victoryland

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com

<u>OF COUNSEL</u>:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Peter J. Tepley (ASB-1112-T46P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T, Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL  35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL  36083-0239

John M. Bolton, Esq.
Charlanna W. Spencer, Esq.
**Sasser, Bolton, Stidham & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL  36117

                                              s/J. Mark White
                                              Of counsel