IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 3:06-cv-01113-WKW |
| DAVID WARREN, in his Official Capacity As the SHERIFF OF MACON COUNTY; MILTON MCGREGOR; MACON COUNTY GREYHOUND PARK, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") submits the following legal argument in support of its Motion to Dismiss, filed simultaneously herewith as required by the Court's Briefing Order.

I. **The Key Allegations Against Victoryland**

The sole claim against Victoryland in Plaintiffs' Amended Complaint is a claim under 42 U.S.C. § 1985(3), for a conspiracy to deprive [the Plaintiffs] of the equal protection of the laws." [Amended Complaint (doc. 25), ¶ 1, pp. 1-2]. The Plaintiffs are seventeen non-profit organizations contractually affiliated with Lucky Palace, Inc. [Am. Comp. (doc. 25), ¶¶ 1, 38-39, pp. 1, 9].

The crux of Plaintiffs' grievance against Victoryland is that it allegedly participated in a conspiracy to "formulate rules and regulations for the licensing and conduct of bingo games that would allow only non-profit organizations affiliated with Victoryland to conduct electronic bingo games." [Am. Comp. (doc. 25), ¶27, 60, pp. 6, 13].

Plaintiffs' claims against Victoryland are simply not actionable, because the allegations of the Amended Complaint fail to meet the required elements of 42 U.S.C. § 1985(3) as a matter of law.

## II. Plaintiffs Have Failed to State an Actionable Claim Under 42 U.S.C. § 1985(3)

For the reasons set forth herein, Plaintiffs cannot make a viable claim under 42 U.S.C. § 1985(3) against Victoryland. 42 U.S.C. § 1985(3), originally codified as § 2 of the Civil Rights Act of 1871, is otherwise known as the "Ku Klux Klan Act". *See Griffin v. Breckenridge*, 403 U.S. 88, 98-99 (1971); *Childree v. UAP/GA AG Chem, Inc.*, 92 F.2d 1140, 1146 (11th Cir. 1996). That Act gives a private right of action for public or private conspiracies aimed at depriving persons of the equal protection of the laws, where certain elements are met: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (quoting *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).

Moreover, "<u>the second element [of a § 1985(3) claim] requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.</u>'" *Lucero*, 954 F.2d at 628 (quoting *Scott*, 463 U.S. at 829) (emphasis added). To date, the United States Supreme Court has never extended the application of § 1985(3) to non-racial contexts. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993) (addressing for the first time whether a class other than one based on race qualifies under 1985(3) and finding that "women seeking abortion" did not qualify as a class). *See also,*

*Lucero*, 954 F.2d at 630 ("The Supreme Court has declined to reach the issue of whether section 1985(3) reaches groups other than Blacks.").

While the Eleventh Circuit has extended the application of § 1985(3) to include women as a protected class, it has routinely declined further extension of the right of action. *See Childree*, 92 F.3d at 1147 (declining to apply § 1985(3) to protect whistleblowers as a class and citing earlier cases declining to protect women seeking abortions and bankrupts). Courts refuse to extend the application of § 1985(3) because the Ku Klux Klan Act was never intended to be a general federal tort action. *See Bray*, 506 U.S. at 269 (the purpose of the animus requirement was to avoid converting the statute into a general federal tort law). As noted by the Eleventh Circuit, the only "[t]wo types of classes com[ing] within § 1985(3)'s protection [are] (1) classes having common characteristics of an inherent nature-i.e., those kinds of classes offered special protection under the equal protection clause, and (2) classes that Congress was trying to protect when it enacted the Ku Klux Klan Act." *Childree*, 92 F.3d at 1147 (emphasis added).

The Amended Complaint in the present matter does not allege facts to support that either of these essential criterion has been met. Tellingly, the Amended Complaint is silent as to the requirement of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Indeed, the Amended Complaint defines the deprived class as "any nonprofit organization other than a nonprofit organization associated with Victoryland." [Am. Comp. (doc. 25) ¶60, p. 13]. But such a class fails to meet the requirements for a claim under 42 U.S.C. § 1985(3).

It has been long settled that conspiracies motivated by commercial or economic views, status or activities are never appropriate for a § 1985(3) action. *See Scott*, 463 U.S. at 838 ("We thus cannot construe § 1985(3) to reach conspiracies motivated by economic or commercial

3

animus."); *see also Lyes v. City of Riviera*, 166 F.3d 1332, 1337 (11th Cir. 1999) ("§ 1985(3) does not reach conspiracies motivated by bias towards others on account of their *economic* views, status or activities." (citations omitted)). The only conceivable motivation for the conspiracy alleged in the Amended Complaint is an economic or commercial purpose aimed at preventing competitive bingo operations in Macon County. Accordingly, the Amended Complaint fails on its face.

<u>Moreover, the required class must exist independently of the defendants' actions</u>. In other words, "[the § 1985(3) class] cannot be defined simply as the group of victims in the tort action." *Bray*, 506 U.S. at 269. In the present matter, the alleged deprived class consists of nonprofit organizations, not affiliated with Victoryland, seeking licenses to offer electronic bingo in Macon County. Under the facts of the Amended Complaint, the Plaintiffs are merely nonprofit organizations, not affiliated with Victoryland, that have sought licenses to offer electronic bingo in Macon County. Thus, the alleged class and the group of alleged victims are the same. Because the class does not exist independently of the defendants' actions, as required, one of the fundamental elements of § 1985(3) claim can never be met.

When all of Plaintiffs' allegations are taken as true,[1] it is clear that dismissal for failure to state a claim is the appropriate remedy. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1319-22 (11th Cir. 2006) (Failure to allege all the necessary elements of the asserted claim or presentation of allegations incapable of supporting a viable cause of action subjects a complaint to dismissal for failure to state a claim.). The allegations of the Amended Complaint clearly do not meet the required elements of the cause of action. Plaintiffs cannot make their required *prima facie* case under § 1985(3) because they are neither a protected class under the equal protection clause, nor

---

[1] *See Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (On a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-movant.)

a class that Congress was trying to protect when it enacted the Ku Klux Klan Act. *See Childree*, 92 F.3d at 1147. Moreover, they are a class that consists solely of alleged victims who could not obtain bingo licenses -- a group that cannot meet the requirements for a § 1985(3) claim. *See Bray*, 506 U.S. at 269.

## Conclusion

Because Plaintiffs have failed to and cannot plead an essential element of a 1985(3) claim against Victoryland, their claims against Victoryland must be dismissed as a matter of law.

                                                                    s/J. Mark White
                                                                   J. Mark White (ASB-5029-H66J)
                                                                   Attorney for Defendant,
                                                                   Macon County Greyhound Park, Inc. d/b/a Victoryland

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama  35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com

OF COUNSEL:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Peter J. Tepley (ASB-1112-T46P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T, Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL 35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239

John M. Bolton, Esq.
Charlanna W. Spencer, Esq.
**Sasser, Bolton, Stidham & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117

                                        s/J. Mark White
                                        Of counsel