IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al.,<br><br>      Defendants. | Case No.: 3:06-cv-01113-WKW-WC |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTIONS TO DISMISS**

The Plaintiff Charities hereby respond to the Motions to Dismiss filed by Defendants David Warren, Milton McGregor, and Macon County Greyhound Park, Inc. ("Victoryland"), as follows:

1.  The Charities filed their Amended Complaint on March 12, 2007. (DE 24.) That Complaint contained two claims. The first claim alleged, pursuant to 42 U.S.C. § 1983, that Defendant Warren had violated the Charities' right to equal protection of the laws. The second claim alleged, pursuant to 42 U.S.C. § 1985(3), that Defendants McGregor and VictoryLand conspired with Defendant Warren to deprive the Charities of the equal protection of the laws.

2.  The Defendants moved to dismiss the conspiracy claim. (DE 34 & 36.) Both McGregor and VictoryLand assert that the Charities cannot allege a conspiracy pursuant to § 1985(3) because the Charities cannot establish that they were victims of an invidiously discriminatory animus that was racial or otherwise class-based. (DE 35 at 5-13; DE 37 at 2-5.)

McGregor further asserts that he cannot be liable for his individual participation in the alleged conspiracy under the intracorporate conspiracy doctrine. (DE 35 at 14.)

3. While the Charities do not believe that an action under § 1985(3) is foreclosed by *United Brotherhood of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825 (1983), or *Morast v. Lance*, 807 F.2d 926 (11th Cir. 1987), it is nevertheless unnecessary for this Court to reach that issue.

4. Immediately prior to filing this response, the Charities moved for leave to file their Second Amended Complaint. The proposed Second Amended Complaint, among other things, realleges the conspiracy claim under 42 U.S.C. § 1983, rather than 42 U.S.C. § 1985(3). (Second Amended Complaint at ¶ 1.) While § 1983 claims require an allegation that the defendant acted under the color of state law, "a private party involved in such a conspiracy, even though not an official of the State, can be liable under s 1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute.'" *Adickes*, 398 U.S. at 152, 90 S. Ct. at 1605-06 (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S. Ct. 1152, 1157 (1966)). The Second Amended Complaint, alleges that McGregor and VictoryLand were jointly engaged with Warren, a state official, in the deprivation of the Charities' equal protection rights. (Second Amended Complaint at ¶ 66.) Accordingly, the Second Amended Complaint sufficiently alleges a conspiracy under 42 U.S.C. § 1983. *Cf. Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990) ("[N]othing more than an 'understanding' and 'willful participation' between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability.").

5. Conspiracy claims under 42 U.S.C. § 1983 do not require an allegation that the plaintiffs were victims of an invidiously discriminatory animus that was racial or otherwise

2

class-based. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604 (1970) (discussing the elements of a claim under 42 U.S.C. § 1983). Accordingly, if this Court grants the Charities leave to file the Second Amended Complaint, it should deny as moot the Defendants' motions to dismiss for the absence of a discriminatory-animus allegation.

6.    Even if this Court denies the Charities leave to file the Second Amended Complaint, however, it should still deny the Defendants' motions to dismiss for the absence of a discriminatory-animus allegation. Under well-settled principles guiding the application of Fed. R. Civ. P. 12(b)(6), "[a] court may dismiss a complaint 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984)). As discussed above, the Charities would be entitled to relief under the alleged facts, if proven, pursuant to 42 U.S.C. § 1983. Accordingly, this Court should deny the Defendants' motions to dismiss for the absence of a discriminatory-animus allegation.

7.    This Court should also deny McGregor's Motion to Dismiss based on the intracorporate conspiracy doctrine. "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1035 (11th Cir. 2000) (en banc). In other words, a party cannot satisfy the requirement that "two or more persons" participate in a conspiracy if the persons consist only of the corporation and/or its agents. *See Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952). However, the intracorporate conspiracy doctrine does not apply "if independent third parties are alleged to have joined the conspiracy." *Robison v. Canterbury*

3

*Village, Inc.*, 848 F.2d 424, 431 (3rd Cir. 1988) (citing *Johnston v. Baker*, 445 F.2d 424, 427 (3d Cir. 1971); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1156-57 (8th Cir. 1983)).  Warren's participation in the alleged conspiracy, then, defeats the applicability of the intracorporate conspiracy doctrine.  *Cf. Johnston*, 445 F.2d at 427 ("Johnston . . . contends that there is evidence . . . that at least one of the parties to the conspiracy was not an employee or an agent of the corporation.  Since the evidence supports th[is] contention[], this case does not come under the rule set forth in . . . *Nelson Radio* . . . .") (footnote omitted).

8.   Furthermore, while it is an open issue in the 11th Circuit, *see Dickerson v. Alachua County Com'n*, 200 F.3d 761, 770 (11th Cir. 2000), several circuits have held that the intracorporate conspiracy doctrine does not apply when the corporation's agent is "acting in a personal, as opposed to official, capacity," *Robison*, 848 F.2d at 431, or "has an independent personal stake in achieving the corporation's illegal objective." *Greenville Pub. Co. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974) (citing *America's Best Cinema Corp. v. Fort Wayne Newspapers, Inc.*, 347 F. Supp. 328, 332 (N.D. Ind. 1972)).  Both the Amended Complaint and the Second Amended Complaint allege that McGregor was acting in his personal and official capacity.  (Amended Complaint at ¶ 60; Second Amended Complaint at ¶ 66.)  Furthermore, as the majority shareholder in VictoryLand (Amended Complaint at ¶ 22; Second Amended Complaint at ¶ 22), McGregor had an independent personal stake in the alleged conspiracy.  For these additional reasons, the intracorporate conspiracy doctrine does not apply to this case.

WHEREFORE, the Charities request that this Court (1) grant the Charities leave to file the Second Amended Complaint and deny as moot the Defendants' Motions to Dismiss or (2), should leave not be granted, deny the Defendants' Motions to Dismiss in their entirety.

DATED: May 16, 2007.

    Respectfully submitted,

    s/ Michael T. Sansbury
    Robert K. Spotswood (SPO 001)
    Michael T. Sansbury (SAN 054)
    SPOTSWOOD SANSOM & SANSBURY LLC
    940 Concord Center
    2100 Third Avenue North
    Birmingham, Alabama  35213
    Telephone: (205) 986-3620
    Fax: (205) 986-3639
    E-mail:     rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail: fgray@glsmgn.com
jbibb@glsmgn.com
fgrayjr@glsmgn.com
thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail: wms@hsy.com
pcd@hsy.com
pt@hsy.com
kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail: mwhite@waadlaw.com
adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail: jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

            s/ Michael T. Sansbury
            OF COUNSEL