**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby move this Court for an order compelling Defendant David Warren to produce certain documents and things that the Charities have requested and to which the Charities are entitled. In support of their motion, the Charities state as follows:

1.     The Charities served their First Request for Production of Documents (herein "First Request") on Defendant Warren on February 5, 2007.  (*See* Exhibit A.)    Defendant Warren responded on March 7, 2007.  (*See* Exhibit B.)

2.     Pursuant to Fed. R. Civ. P. 37(a)(2)(A), counsel for the Charities hereby certify that, in an effort to secure the information and material sought without court action, they have in good faith conferred with counsel for Defendant Warren as follows:

a.     On March 19, 2007, counsel for the Charities and Warren conferred regarding Warren's objections to a number of the Charities' Requests.  (*See* Exhibit C at

4.)  At that meeting, Warren's counsel agreed to amend Warren's responses and to produce a number of additional documents.  (*See id.*)

      b.     On March 26 and 27, the Charities' counsel left three voicemails with Warren's counsel regarding the amended responses.  (*See* Exhibit C at 4.)  On March 27, the Charities' counsel also sent an e-mail to Warren's counsel regarding the responses. (*See id.*)  On March 29, Warren's counsel responded to the March 27 e-mail and promised to send the amended responses by April 3.  (*See id.* at 3-4.)

      c.     On April 4, the Charities' counsel sent an e-mail to Warren's counsel indicating that the amended responses had not been received.  (*See* Exhibit C at 3.)  On April 6, the Charities' counsel left a voicemail with Warren's counsel to the same effect. (*See id.*)  After receiving no response to the April 4 e-mail or April 6 voicemail, the Charities' counsel sent two additional e-mails on April 9 and 10.  (*See id.*)

      d.     On April 11, Warren's counsel finally responded to the various communications from the Charities' counsel.  (*See* Exhibit C at 2-3.)  In that response, Warren's counsel asked for fourteen additional days to send the amended responses.  (*See id.*)  The Charities' counsel agreed to the extension.  (*See id.* at 2.)

      e.     On April 26—after the expiration of the fourteen-day extension—the Charities' counsel initiated a telephone conversation with Warren's counsel.  (*See* Exhibit C at 1-2.)  Warren's counsel stated that he would be sending the amended responses that evening.  (*See id.*)

      f.     On May 2, the Charities' counsel again initiated a telephone conversation with Warren's counsel.  (*See* Exhibit C at 1-2.)  Warren's counsel indicated that he had not yet sent the amended responses and would do so by May 4.  (*See id.*)  Warren's

counsel finally sent the amended responses on May 6 and sent some additional documents on May 7.  (*See* Exhibits D & E.)

g.      On May 10, the Charities' counsel sent a letter to Warren's counsel, setting forth various resolved and unresolved issues with regard to the Requests.  (*See* Exhibit F.)  The Charities' counsel asked Warren's counsel to respond by May 16.  (*See id.*)  Warren's counsel did not respond.  (*See* Exhibit G at 1.)

h.      On May 17, the Charities' counsel pleaded with Warren's counsel to provide the application documents that he promised to produce on May 4.  (*See* Exhibit G at 1.)  On May 18, Warren's counsel indicated that he would produce those documents. (*See id.*)  Those documents have not yet been produced.[1]

3.      Defendant Warren's continued and unjustified refusal to provide certain documents requested by the Charities has forced the Charities to file the instant motion.

4.      Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Charities are entitled to discover information which is relevant and non-privileged.  *See Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998).  When a court decides a motion to compel discovery, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)).  "Courts are required to accord discovery a broad and liberal scope in order to provide parties with

---

[1] Because Warren has agreed to produce those documents, the Charities do not move to compel their production at this time, but they reserve the right to do so if the documents are not produce in a timely fashion.  In addition, Defendant Warren has indicated that there are no documents responsive to Requests for Production ## 1, 7, 8, 10-13, 17, 24-29, 35, and 41. Defendant Warren has also agreed to provide all documents responsive to Requests for Production ## 2-6, 9, 16, 18, 19, 20, 21, 22, and 23.  The Charities reserve the right to compel production of those documents, and any other documents responsive to its Requests, if it becomes necessary to do so.

information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker*, 117 F.R.D. at 685 (citing *Sanders*, 437 U.S. at 351; *Hickman v. Taylor*, 329 U.S. 495 (1947)). "Where there is a doubt over relevancy, the court should still permit discovery." *Coker*, 117 F.R.D. at 685 (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984)).

5.     Because the Charities requested documents from Defendant Warren that are within the appropriate scope of discovery under the Federal Rules of Civil Procedure, as set forth below, Defendant Warren was obligated to produce those documents. Defendant Warren, however, has refused to respond to several valid document requests served by the Charities. Specifically, Defendant Warren has failed to provide documents responsive to the Plaintiff Charities' Requests ## 30-34, 36, 40, and 42.

6.     The Charities' unfulfilled requests for production of documents, Defendant's deficient responses, and the Charities' specific arguments in support of the instant motion are set forth herein:

PLAINTIFF CHARITIES' REQUEST # 30:  Please produce any and all documents that reflect or relate to campaign contributions made to any and all of your political campaigns for the office of Sheriff of Macon County, Alabama, including but not limited to records identifying the source of campaign contributions, bank statements for the accounts that held campaign proceeds and any campaign disclosure statements filed with the State.

DEFENDANT WARREN'S AMENDED RESPONSE:  Objection.  This request is irrelevant, overly broad, unduly burdensome and oppressive.  Without waiving the objections and while maintaining the general objections set forth hereinabove, Defendant states that a copy

of his 2006 campaign filings pursuant to the Alabama Fair Campaign Practices Act have been photocopied and will be furnished.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities have sued Defendants Warren, Milton McGregor, and Macon County Greyhound Park, Inc. (hereinafter "VictoryLand"), alleging those Defendants' intentional and conspiratorial deprivation of the Charities' equal protection rights.  (DE 25 at ¶¶ 59-63.)[2]  Defendant Warren participated in this alleged conspiracy in his capacity as Sheriff of Macon County.  (DE 25 at ¶ 54.)  By virtue of that position, Defendant Warren was empowered to issue and amend, and did in fact issue and amend, rules and regulations that favored charities affiliated with Defendant VictoryLand.  (DE 25 at ¶¶29, 33 & 35.)  The information requested in Request # 30, which would reveal the identities of the individuals and businesses who contributed to Defendant Warren's campaigns, is reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the requested information could reveal that Defendants McGregor and VictoryLand, or individuals and businesses associated with Defendants McGregor and VictoryLand, contributed money to Defendant Warren's campaigns.  Such information would, at the very least, be relevant to the nature of the relationship between the Defendants.

In addition, Request # 30 is not overly broad, unduly burdensome, or oppressive. Defendant Warren is required, under state law, to maintain accurate records of his campaign contributions and to disclose them to the public.  Accordingly, the requested information should be readily accessible to Defendant Warren.

---

[2] On May, 16, 2007, the Charities moved for leave to file their Second Amended Complaint, which realleges the conspiracy claim pursuant to 42 U.S.C. § 1983 rather than 42 U.S.C. § 1985(3).  (DE 40.)  While this Court has not yet acted on that motion, the Charities' allegations in their Amended Complaint are sufficient to support a conspiracy claim under 42 U.S.C. § 1983 (DE 41 at ¶ 6), and this Court should allow discovery of information relevant to that claim.

Because Defendant Warren's objection is without merit, this Court should compel Defendant Warren to respond to Request # 30.

PLAINTIFF CHARITIES' REQUEST # 31: Please produce any and all documents in your possession or control that refer or relate to property purchased by you or in your name, including all sources of any payment for the purchase of the property and all sources of any payment for property taxes for the property, since January 1, 2003.

DEFENDANT WARREN'S RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of any relevant information or admissible evidence. Defendant avers that this request is intended to harass and it will not lead to any admissible evidence or information relevant to the issues of this lawsuit.

PLAINTIFF CHARITIES' ARGUMENT: The Charities have sued Defendants Warren, McGregor, and VictoryLand, alleging those Defendants' intentional and conspiratorial deprivation of the Charities' equal protection rights. (DE 25 at ¶¶ 59-63.) To establish a prima facie case of conspiracy under 42 U.S.C. § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir.2002) (quotation and alteration omitted). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of *agreement* between the defendants." *Id.* at 1283-84 (quotations and citation omitted) (emphasis added). "[A]n *agreement* may be inferred from a variety of circumstances, such as, '*sharing a common motive*, presence in a situation where one could assume participants would not allow bystanders, repeated acts, mutual knowledge with joint action, and the giving out of misinformation to cover

up [the illegal activity].'" *United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000) (quoting *United States v. Davis*, 810 F.2d 474, 477 (5th Cir. 1987) (citations omitted); citing *United States v. Piche*, 981 F.2d 706, 717 (4th Cir. 1992); *United States v. Ellis*, 595 F.2d 154, 160 (3d Cir. 1979)) (emphasis added).  The common motive for Defendants McGregor and VictoryLand to enter into such a conspiracy is clear: The alleged deprivation, which has prevented the Charities from competing with Defendant VictoryLand, has been enormously profitable for Defendants Victoryland and McGregor.  Defendant Warren's motive for entering into the alleged conspiracy, while not as clear, is likely to be clarified by the requested information.

"The information sought [in discovery] need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The phrase "reasonably calculated" means "'any possibility that the information sought may be relevant to the subject matter of the action.'" *Mallinckrodt Chemical Works v. Goldman, Sachs*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting C. Wright, Law of Federal Courts § 81, at 359 n. 47 (2nd ed. 1970)).  The requested information is more than "possibly" relevant; it is almost certainly relevant.  The requested information may reveal (1) that Defendant Warren has received financial benefits from his co-conspirators or (2) that Defendant Warren is financially vulnerable and (a) easily enticed by promises of future benefits or (b) willing to ingratiate himself with individuals, like his co-conspirators, who can bestow future benefits upon him.  Either revelation would be evidence that Defendant Warren shares a common motive—financial gain—with Defendants McGregor and VictoryLand.

Furthermore, the Charities do not believe that Defendant Warren's property holdings are so vast that Request # 31 is overly broad, unduly burdensome, or oppressive.  In any event,

Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence in support of his objection.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 31.

PLAINTIFF CHARITIES' REQUEST # 32:  Please produce any and all documents in your possession or control that refer or relate to all income earned by you from any source whatsoever since January 1, 2003.

DEFENDANT WARREN'S RESPONSE:  Objection.  Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents.  This request is irrelevant, overly broad, unduly burdensome and oppressive.  It will not lead to discoverable or relevant information.  Defendant avers that this request is intended to harass and not lead to any information relevant to the issues of this lawsuit.

PLAINTIFF CHARITIES' ARGUMENT:  In opposition to the relevancy objection, the Charities incorporate by reference the first two paragraphs of their argument in support of Request # 31.

In addition, while Defendant Warren objects that the requested information is not relevant in an "official capacity" suit, the Charities are unaware of any legal support for that position.  "[T]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."  *Hafer v. Melo*, 502 U.S. 21, 26, 112 S. Ct. 358, 362 (1991).  Because the

requested information is relevant to the reasons that Defendant Warren acted as he did, it is discoverable, regardless of the capacity in which he is sued.

Finally, the Charities do not believe that Defendant Warren's sources of income are so numerous that Request # 32 is overly broad, unduly burdensome, or oppressive.  In any event, Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence in support of his objection.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 32.


PLAINTIFF CHARITIES' REQUEST # 33: Please produce all federal and state tax returns filed by you since January 1, 2003.

DEFENDANT WARREN'S RESPONSE:  Objection. Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass him and is not intended to lead to any admissible evidence or other information relevant to the issues of this lawsuit.

PLAINTIFF CHARITIES' ARGUMENT:  In opposition to the relevancy objection, the Charities incorporate by reference the first two paragraphs of their argument in support of Request # 31.

In opposition to the official capacity objection, the Charities incorporate by reference the second paragraph of their argument in support of Request # 32.

In addition, the Charities do not believe that their request for Defendant Warren's tax returns for five years is overly broad, unduly burdensome, or oppressive. In any event, Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence in support of his objection.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 33.

PLAINTIFF CHARITIES' REQUEST # 34: Please produce any and all documents in your possession or control that refer or relate to all of your assets and liabilities for the time period January 1, 2003 to the present date.

DEFENDANT WARREN'S RESPONSE: Objection. This case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit.

PLAINTIFF CHARITIES' ARGUMENT: In opposition to the relevancy objection, the Charities incorporate by reference the first two paragraphs of their argument in support of Request # 31.

In opposition to the official capacity objection, the Charities incorporate by reference the second paragraph of their argument in support of Request # 32.

In addition, the Charities do not believe that Defendant Warren's assets and liabilities are so extensive that Request # 34 is overly broad, unduly burdensome, or oppressive. In any event, Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence in support of his objection.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 34.

PLAINTIFF CHARITIES' REQUEST # 36: Please produce all statements of financial accounts in which you have an interest or signatory authority, including all bank statements, mortgage account statements, real estate investment account statements, retirement account statements, brokerage account statements, trust account statements, including statements jointly held with your spouse, and the corresponding check registers, returned checks, and records of wire transfers, for the time period beginning January 1, 2003 to the present date.

DEFENDANT WARREN'S RESPONSE: Objection. As this case is not against the Defendant in any individual capacity, the Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit.

PLAINTIFF CHARITIES' ARGUMENT: In opposition to the relevancy objection, the Charities incorporate by reference the first two paragraphs of their argument in support of Request # 31.

In opposition to the official capacity objection, the Charities incorporate by reference the second paragraph of their argument in support of Request # 32.

In addition, the Charities do not believe that Defendant Warren's financial accounts are so numerous that Request # 36 is overly broad, unduly burdensome, or oppressive.  In any event, Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence in support of his objection.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 36.

PLAINTIFF CHARITIES' REQUEST # 40.  Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

DEFENDANT WARREN'S RESPONSE:  Objection.  Irrelevant.  This request fails to refer to this case or any issues involved therein.  Defendant has been in law enforcement for over 30 years and has testified in hundreds of cases.  This request is overly broad, unduly burdensome and oppressive.

PLAINTIFF CHARITIES' ARGUMENT:  Following receipt of this objection, the Charities' counsel agreed to limit its request to testimony regarding electronic bingo, Milton McGregor, or VictoryLand.  Because this litigation concerns electronic bingo and Defendant Warren's relationship with McGregor and VictoryLand, such testimony is reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence to show that his testimony on these limited subjects is so vast as to constitute an undue burden.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 40.


PLAINTIFF CHARITIES' REQUEST # 42.  Please produce any and all documents that have been produced in *Macon County Investments v. Warren*, 3:06-cv-00224-WKW-CSC (M.D. Ala.).

DEFENDANT WARREN'S RESPONSE:  Objection. This request is overly broad, unduly burdensome and oppressive. Defendant avers that this request is intended to harass and cause Defendant undue expense. The file is available at the Clerk of the Court of the Middle District of Alabama.

PLAINTIFF CHARITIES' ARGUMENT:  *Macon County Investments v. Warren* is a related case against Defendant Warren, in which the plaintiffs have alleged conduct by Defendant Warren that is consistent with the conduct alleged in the Charities' Amended Complaint.  The Charities seek all documents that have been produced in discovery in *Macon County Investments v. Warren*, and those documents are not available from the Clerk of Court. *See* M.D. L.R. 5.1 ("Non-Filing of Civil Discovery") (forbidding parties to file discovery requests or responses with the Court).

Furthermore, the Charities do not believe that the documents produced in that litigation are so numerous that Request # 42 is overly broad, unduly burdensome, or oppressive.  In any

event, Defendant Warren has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant Warren has offered no evidence in support of his objection.

Because Defendant Warren's objections are without merit, this Court should compel Defendant Warren to respond to Plaintiffs' Request # 42.

WHEREFORE, the Charities request that this Court issue an Order compelling Defendant Warren to respond completely, immediately, and without claim of privilege or objections to the Plaintiff Charities' First Request for Production of Documents Nos. 30-34, 36, 40, and 42.

DATED: May 23, 2007.

Respectfully submitted,

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:        rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:  fgray@glsmgn.com
    jbibb@glsmgn.com
    fgrayjr@glsmgn.com
    thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:  wms@hsy.com
    pcd@hsy.com
    pt@hsy.com
    kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:  mwhite@waadlaw.com
    adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:  jbolton@sasserlawfirm.com
    cspencer@sasserlawfirm.com

s/ Michael T. Sansbury
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**OPELIKA DIVISION**

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby propound the following requests for production of documents to Defendant David Warren. The Plaintiffs request that the documents be tendered at the offices of BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104, by Wednesday, March 7, 2007, at 5:00 PM.

**INSTRUCTIONS AND DEFINITIONS**

1.    The terms "you," "your," and "Defendant" shall mean and refer to David Warren, the Macon County Sheriff's office, and/or any other employers, employees, agents, or representatives of David Warren or the Macon County Sheriff's office, severally and individually.

2.    The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated

1

companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3.      This request for production of documents shall apply not only to documents directly in the possession of Defendant but also to documents in the possession of others as to which the Defendant has access, including but not limited to documentation in the possession of any of Defendant's accountants, attorneys, experts or relatives, including, but not limited to, Defendant's spouse.

4.      To the extent that you consider any of the following requests for production subject to objection, please answer that part of the request for production to which you do not object and separately state that part of each request for production to which you object and each ground for each such objection.

5.      Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.      These requests for production are intended to be of a continuing nature.  If additional information is discovered by you or your attorney at a later date, these requests for production should be supplemented and amended immediately.

7.      If you claim or contend that any request for production requests information protected by any type of privilege, identify the request for production and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.    The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.    The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties.  For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to these Requests, whereby "WARREN 00001" would be indicated on the first page of the first document produced, "WARREN 00002" would be the second page, etc.

## REQUESTS FOR PRODUCTION

1.    Please produce the entire contents of any insurance or similar agreement under which any person or entity operating an insurance or similar type business may be liable to satisfy part or all of any attorney's fees incurred by the Defendants in this action or to indemnify or reimburse for payments made for such fees or costs.  Included in this request are any and all insurance policies, declaration pages for such policies, "reservation of rights" letters, or any other document or thing showing the extent and amount of insurance available to the Defendant to provide for any judgment which may be rendered in favor of the Plaintiff.

RESPONSE:

    2.     Please produce any and all documents in your possession or control that reflect or relate to the budget of the Macon County Sheriff's Office.

RESPONSE:

    3.     Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including, but not limited to, the original and any version of such policies, draft or preliminary versions of such policies, procedures and/or practices and any amendments or revisions thereto, any documents received from the Montgomery County Sheriff's Office, or any documents received from the Attorney General of the State of Alabama.

RESPONSE:

    4.     Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations in Macon County, Alabama, including, but not limited to, all documents relating to the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:

    5.     Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, including, but not limited to, any investigation into the value paid for the land, building and other capital improvements comprising VictoryLand and the depreciated value thereof.

RESPONSE:

6.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama, including, but not limited to, documents related to any application by or investigation of such charities.

RESPONSE:

7.      Please produce any and all documents in your possession or control that reflect or relate to any commentary or statements made by Fred D. Gray, Sr. or Fred D. Gray, Jr. regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

8.      Please produce any and all documents in your possession or control that contain any communication between Defendant and Fred D. Gray, Sr. or Fred D. Gray, Jr. regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

9.      Please produce any and all documents in your possession or control that reflect or relate to the cap on the issuance of bingo licenses at sixty (60), including but not limited to the reasons for placing a cap on the issuance of bingo licenses at sixty (60) and any research, study or investigation conducted by you or others regarding placing a cap on the issuance of bingo licenses.

RESPONSE:

10.      Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff

members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

11.     Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

RESPONSE:

12.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Milton McGregor, VictoryLand, Quincy's Triple Seven, Macon County Greyhound Park, Inc., McGregor Aviation Management Services, Inc., McGregor Land Company, Inc., Hartford Motors, Inc., Union Street, LLC, Macon County Environmental Facility, Inc., Broadcast Entertainment Transmission Services, Inc., Alabama Pari Mutuel Sports Association, Inc., Sports Association of the South, Inc., Alabama Sports Association, Inc., and/or their shareholders, attorney(s), employers, employees, agents, representatives, or relatives, including, but not limited to, any investigation conducted with regard thereto and any documents relating to the gross receipts thereof.

RESPONSE:

13.     Please produce any and all documents in your possession or control that contain any communication between Defendant and Milton McGregor, VictoryLand, Quincy's Triple Seven, Macon County Greyhound Park, Inc., McGregor Aviation Management Services, Inc., McGregor Land Company, Inc., Hartford Motors, Inc., Union Street, LLC, Macon County Environmental Facility, Inc., Broadcast Entertainment Transmission Services, Inc., Alabama Pari

Mutuel Sports Association, Inc., Sports Association of the South, Inc., Alabama Sports Association, Inc., and/or their shareholders, attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

14.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to City of Tuskegee, Alabama, Little Texas Volunteer Fire Department, Inc., Macon County Healthcare Authority, Macon County RSVP Council, Inc., Macon Russell Community Action Agency, Inc., Tuskegee Macon County YMCA, and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

15.    Please produce any and all documents in your possession or control that contain any communication between Defendant and City of Tuskegee, Alabama, Little Texas Volunteer Fire Department, Inc., Macon County Healthcare Authority, Macon County RSVP Council, Inc., Macon Russell Community Action Agency, Inc., Tuskegee Macon County YMCA, and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

16.    Please produce any and all documents in your possession or control that reflect or relate to the bingo licenses issued to charities under contract with Macon County Greyhound Park, Inc., doing business as VictoryLand doing business as Quincy's Triple Seven, including, but not limited to, documents relating to the gross receipts of Class B license holders or their contracts with any bingo parlor.

RESPONSE:

17.    Please produce any and all documents in your possession or control that reflect or relate to any analysis of the various gaming proposals made or submitted to you by the Lucky Palace Group, including but not limited to the potential economic benefits to Macon County and its residents if the proposal had been accepted.

RESPONSE:

18.    Please produce any and all documents in your possession or control that reflect or relate to any bingo gaming proposals made or submitted to you by any person or entity other than the Lucky Palace Group.

RESPONSE:

19.    Please produce any and all documents in your possession or control that reflect or relate to any and all applications submitted to you for a Class B bingo license by any person or entity.

RESPONSE:

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

21.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

22.    Please produce any and all documents in your possession or control that contain any communication between Defendant and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

23.    Please produce any and all documents in your possession or control that contain any communication between Defendant and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

24.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including but not limited to notes or recordings of phone conversations) exchanged between you or anyone in your employ or under your control and Plaintiffs, Lucky Palace, Inc., or any of their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

25.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Milton McGregor or any corporation in which Milton McGregor is a shareholder, director or officer.

RESPONSE:

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any officer, director, shareholder, employee or any other person or entity associated with Macon County Greyhound Park, Inc., doing business as VictoryLand doing business as Quincy's Triple Seven, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions for you or your spouse including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any corporation in which Milton McGregor is an officer, director, shareholder, or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

RESPONSE:

29.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any business in which Milton McGregor is an owner, sole proprietor, partner, member, manager or employee, either directly or indirectly,

including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

RESPONSE:

30.     Please produce any and all documents that reflect or relate to campaign contributions made to any and all of your political campaigns for the office of Sheriff of Macon County, Alabama, including but not limited to records identifying the source of campaign contributions, bank statements for the accounts that held campaign proceeds and any campaign disclosure statements filed with the State.

RESPONSE:

31.     Please produce any and all documents in your possession or control that refer or relate to property purchased by you or in your name, including all sources of any payment for the purchase of the property and all sources of any payment for property taxes for the property, since January 1, 2003.

RESPONSE:

32.     Please produce any and all documents in your possession or control that refer or relate to all income earned by you from any source whatsoever since January 1, 2003.

RESPONSE:

33.     Please produce all federal and state tax returns filed by you since January 1, 2003.

RESPONSE:

34.     Please produce any and all documents in your possession or control that refer or relate to all of your assets and liabilities for the time period January 1, 2003 to the present date.

RESPONSE:

35.     Please produce any and all documents in your possession or control that refer or relate to all of the assets, liabilities and income from any entity in which you have an interest for the time period January 1, 2003 to the present date.

RESPONSE:

36.     Please produce all statements of financial accounts in which you have an interest or signatory authority, including all bank statements, mortgage account statements, real estate investment account statements, retirement account statements, brokerage account statements, trust account statements, including statements jointly held with your spouse, and the corresponding check registers, returned checks, and records of wire transfers, for the time period beginning January 1, 2003 to the present date.

RESPONSE:

37.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:

38.     To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses asserted in your Answer in this case.

RESPONSE:

39.     Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:

40.     Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

RESPONSE:

41.    Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

RESPONSE:

42.    Please produce any and all documents that have been produced in *Macon County Investments v. Warren*, 3:06-cv-00224-WKW-CSC (M.D. Ala.).

43.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

RESPONSE:

DATED: February 5, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:    rks@spotswoodllc.com
            msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 5th day of February 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:      fgray@glsmgn.com
             jbibb@glsmgn.com
             fgrayjr@glsmgn.com
             thalia@glsmgn.com

                          s/ Michael T. Sansbury
                          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY    )
SERVICES, INC., et al.,    )
    )
    PLAINTIFFS,    )
    )
v.    )    CIVIL ACTION NO.: 3:06-cv-01113-WKW
    )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,    )
    )
    DEFENDANT.    )

## DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST
## REQUESTS FOR PRODUCTION OF DOCUMENTS

    COMES NOW Sheriff David Warren, Defendant in the above-styled cause, by and through his counsel of record, and in response to Plaintiffs' First Requests for Production of Documents does state as follows:

### GENERAL OBJECTIONS

    1.    This Defendant objects generally to each and every one of these requests in their entirety on the basis that this Defendant is unable to determine whether these requests are relevant to the subject matter involved in the pending action or whether these requests are reasonably calculated to lead to the discovery of relevant information or admissible evidence.

    2.    The Defendant objects to this discovery to the extent that it seeks information which Defendant is not required to provide by reason of any applicable privilege, including the attorney-client privilege and the privileges for work product and materials prepared in anticipation of litigation.

    3.    The Defendant objects to this discovery to the extent that it seeks publicly

available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs.

4.    The Defendant objects to this discovery to the extent that it is overly broad, vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant information or admissible evidence.

5.    The Defendant objects to this discovery to the extent that it seeks confidential or proprietary information.

6.    The following responses are based upon information presently available to the Defendant, which he believes to be correct. The responses are made without prejudice to Defendant's rights to rely upon other subsequently discovered documents and information. Any supplementation will be made in accordance with the *Federal Rules of Civil Procedure*.

7.    Any agreement to produce documents responsive to a particular request does not imply that there necessarily exists a non-privileged document or documents responsive to that request.

Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant's responses below, the Defendant responds as follows:

## REQUESTS FOR PRODUCTION

1.    Please produce the entire contents of any insurance or similar agreement under which any person or entity operating an insurance or similar type business may be liable to satisfy part or all of any attorney's fees incurred by the Defendants in this action or to indemnify or reimburse for payments made for such fees or costs. Included in this

2

request are any and all insurance policies, declaration pages for such policies, "reservation of rights" letter, or any other document or thing showing the extent and amount of insurance available to the Defendant to provide for any judgment which may be rendered in favor of the Plaintiff.

**RESPONSE: No such documents exist.**

2.    Please produce any and all documents in your possession or control that reflect or relate to the budget of the Macon County Sheriff's Office.

**RESPONSE:  See attached responses marked as Bates Numbers Warren D0001 through D0002.**

3.    Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including, but not limited to, the original and any version of such policies, draft or preliminary versions of such policies, procedures and/or practices and any amendments or revisions thereto, any documents received from the Montgomery County Sheriff's Office, or any documents received from the Attorney General of the State of Alabama.

**RESPONSE:  The Defendant objects to this discovery to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs.  Without waiving the immediately preceding objection and all general objections set forth hereinabove, Defendant states that documents responsive to the request are enclosed as Bates Numbers Warren D0003 through D0045.  The documents include Amendment 744 to**

3

the Constitution of the State of Alabama, Macon County Bingo Rules and
Regulations, First Amended and Restated Rules and Regulations for the Licensing
and Operation of Bingo Games in Macon County, Alabama and Commentary thereto,
Second Amended and Restated Rules and Regulations for the Licensing and
Operation of Bingo Games in Macon County, Alabama and Commentary thereto.
Defendant does not have in his possession any documents received from the
Montgomery County Sheriff's Office. A copy of the Attorney General of the State of
Alabama's December 1, 2004 news release is attached.

4.      Please produce any and all documents in your possession or control that
reflect or relate to the history and/or purpose of bingo regulations in Macon County,
Alabama, including, but not limited to, all documents relating to the reasoning behind the
creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:  Documents responsive to this request are contained within the
response to Plaintiffs' Request for Production Number 3.

5.      Please produce any and all documents in your possession or control that
reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming
establishment in Macon County, Alabama, including Macon County Greyhound Park, Inc.,
doing business as Victoryland or doing business as Quincy's Triple Seven, including, but
not limited to, any investigation into the value paid for the land, building and other capital
improvements comprising Victoryland and the depreciated value thereof.

RESPONSE: Accompanying this response are documents that relate to the initial
grant of an Operator's License to Macon County Greyhound Park, Inc. and are Bates

4

**Numbers D0046 through D0049.**

6.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama, including, but not limited to, documents related to any application by or investigation of such charities.

**RESPONSE: Objection. The Defendant objects to this request to the extent that it seeks confidential or proprietary information. However, counsel is willing to discuss with Plaintiffs' counsel their specific request, if any, and attempt to amicably resolve this issue. Plaintiffs' counsel has furnished, as part of their initial disclosures, many pages of documents that meet the request.**

7.      Please produce any and all documents in your possession or control that reflect or relate to any commentary or statements made by Fred D. Gray, Sr. or Fred D. Gray, Jr. regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE: Defendant reasserts all general objections set forth hereinabove and states that he has no such documents.**

8.      Please produce any and all documents in your possession or control that contain any communication between Defendant and Fred D. Gray, Sr. or Fred D. Gray, Jr. regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE: Defendant reasserts all general objections set forth hereinabove and states that he has no such documents.**

9.      Please produce any and all documents in your possession or control that reflect or relate to the cap on the issuance of bingo licenses at sixty (60), including but not limited to the reasons for placing a cap on the issuance of bingo licenses at sixty (60) and any research, study or investigation conducted by you or others regarding placing a cap on the issuance of bingo licenses.

**RESPONSE: Documents responsive to this request are located in the Response to Request for Production Number 3 hereinabove.**

10.      Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE: Defendant has no such documents.**

11.      Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**RESPONSE: Defendant has no such documents.**

12.      Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Milton McGregor, Victoryland, Quincy's Triple Seven, Macon County Greyhound Park, Inc., McGregor Aviation Management Services, Inc., McGregor Land Company, Inc., Hartford Motors, Inc., Union Street, LLC, Macon County Environmental Facility, Inc., Broadcast Entertainment Transmission Services, Inc., Alabama Pari Mutuel Sports Association, Inc., Sports

6

Association of the South, Inc., Alabama Sports Association, Inc., and/or their shareholders, attorney(s), employers, employees, agents, representatives, or relatives, including, but not limited to, any investigation conducted with regard thereto and any documents relating to the gross receipts thereof.

**RESPONSE: Objection. This response is overly broad, unduly burdensome and oppressive and does not lead to the discovery of admissible evidence.**

13.    Please produce any and all documents in your possession or control that contain any communication between Defendant and Milton McGregor, Victoryland, Quincy's Triple Seven, Macon County Greyhound Park, Inc., McGregor Aviation Management Services, Inc., McGregor Land Company, Inc., Hartford Motors, Inc., Union Street, LLC, Macon County Environmental Facility, Inc., Broadcast Entertainment Transmission Services, Inc., Alabama Pari Mutuel Sports Association, Inc., Sports Association of the South, Inc., Alabama Sports Association, Inc., and/or their shareholders, attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE: Objection. This response is overly broad, unduly burdensome and oppressive and does not lead to the discovery of relevant information or admissible. Defendant has no such documents.**

14.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to City of Tuskegee, Alabama, Little Texas Volunteer Fire Department, Inc., Macon County Healthcare Authority, Macon County RSVP Council, Inc., Macon Russell Community Action Agency, Inc., Tuskegee Macon County YMCA, and/or their attorney(s), employers, employees, agents, representatives, or relatives.

7

**RESPONSE: Objection. This response is overly broad, unduly burdensome and oppressive and does not lead to the discovery of relevant information or admissible evidence. This request fails to even refer to any issue or contention raised in Plaintiffs' complaint.**

15.    Please produce any and all documents in your possession or control that contain any communication between Defendant and City of Tuskegee, Alabama, Little Texas Volunteer Fire Department, Inc., Macon County Healthcare Authority, Macon County RSVP Council, Inc., Macon Russell Community Action Agency, Inc., Tuskegee Macon County YMCA, and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE: Objection. This response is overly broad, unduly burdensome and oppressive and does not lead to the discovery of relevant information or admissible evidence. This request fails to even refer to any issue or contention raised in Plaintiffs' complaint.**

16.    Please produce any and all documents in your possession or control that reflect or relate to the bingo licenses issued to charities under contract with Macon County Greyhound Park, Inc., doing business as Victoryland doing business as Quincy's Triple Seven, including, but not limited to, documents relating to the gross receipts of Class B license holders or their contracts with any bingo parlor.

**RESPONSE:    Defendant objects to this request to the extent that it seeks confidential or proprietary information. Defendant does not have gross receipts of Class B license holders. Moreover, Defendant does not understand what is sought**

8

**in Request for Production Number 16.**

17.    Please produce any and all documents in your possession or control that reflect or relate to any analysis of the various gaming proposals made or submitted to you by the Lucky Palace Group, including, but not limited to the potential economic benefits to Macon County and its residents if the proposal had been accepted.

**RESPONSE:  Defendant has no such documents in his possession.**

18.    Please produce any and all documents in your possession or control that reflect or relate to any bingo gaming proposals made or submitted to you by any person or entity other than the Lucky Palace Group.

**RESPONSE:  Documents responsive to this request are included as Bates Numbers Warren D0050 through D0105.**

19.    Please produce any and all documents in your possession or control that reflect or relate to any and all applications submitted to you for a Class B bingo license by any person or entity.

**RESPONSE:  Objection.  Defendant objects to this request to the extent that it contains confidential or proprietary information.  The Plaintiffs have provided some of the requested information in their initial disclosures.  Defendant is willing to furnish, pursuant to Protective Order, applications upon redacting certain private, sensitive and confidential information about applicants or individuals whose names appear on applications.**

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or

their attorney(s),employers, employees, agents, representatives, or relatives.

**RESPONSE: Documents responsive to this request are enclosed as Bates Numbers Warren D0106 through D0196.**

21.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:  The requested documents are provided in Response to Request Number 20.**

22.    Please produce any and all documents in your possession or control that contain any communication between Defendant and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:  Documents responsive to this request have been provided in Response to Request Number 20.**

23.    Please produce any and all documents, in your possession or control that contain any communication between Defendant and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE: See Response to Request Number 22.**

24.    To the extent not embraced by any of the preceding requests, please produce any and all correspondence, documents or other communications (including but not limited to notes or recordings of phone conversations) exchanged between you or anyone in your employ or under your control and Plaintiffs, Lucky Palace, Inc., or any of

10

their attorneys(s), employers, employees, agents, representatives, or relatives.

**RESPONSE: Defendant is unaware of any such documents.**

25.    To the extent not embraced by any of the preceding requests, please produce any and all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorneys(s), employers, employees, agents, representatives, or relatives.

**RESPONSE: Defendant is unaware of any such documents.**

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Milton McGregor or any corporation in which Milton McGregor is a shareholder, director or officer.

**RESPONSE: No such documents exist.**

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any officer, director, shareholder, employee or any other person or entity associated with Macon County Greyhound Park, Inc., doing business as Victoryland doing business as Quincy's Triple Seven, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions for you or your spouse including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tanglible or intangible property or service.

**RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome**

11

and oppressive.   It will not lead to the discovery of relevant information or admissible evidence.  Without waiving these and all other general objections set forth hereinabove, the Defendant's campaign disclosure forms are on file with the appropriate State offices. If Plaintiffs' counsel insist on a copy from Defendant, please advise and Defendant will ensure the same.

28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any corporation in which Milton McGregor is an officer, director, shareholder, or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive.   It will not lead to the discovery of relevant information or admissible evidence.  Without waiving these and all other general objections set forth hereinabove, Defendant's campaign disclosure forms are on file with the appropriate State offices.  If Plaintiffs' counsel insist on a copy from Defendant, please advise and Defendant will ensure the same.

29.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit recei9ved by you from any business in which Milton McGregor is an owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign

contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

**RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive.  It will not lead to the discovery of relevant information or admissible evidence.  Without waiving these and all other general objections set forth hereinabove, my campaign disclosure forms are on file with the appropriate State offices.  If Plaintiffs' counsel insist on a copy from Defendant, please advise and Defendant will ensure the same.**

30.    Please produce any and all documents that reflect or relate to campaign contributions made to any and all of your political campaigns for the office of Sheriff of Macon County, Alabama, including but not limited to records identifying the source of campaign contributions, bank statements for the accounts that held campaign proceeds and any campaign disclosure statements filed with the State.

**RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive.  It will not lead to the discovery of relevant information or admissible evidence.  Without waiving these and all other general objections set forth hereinabove, Defendant's campaign disclosure forms are on file with the appropriate State offices.**

31.    Please produce any and all documents in your possession or control that refer or relate to property purchased by you or in your name, including all sources of any payment for the purchase of the property and all sources of any payment for property taxes

13

for the property, since January 1, 2003.

RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of any relevant information or admissible evidence. Defendant avers that this request is intended to harass and it will not lead to any admissible evidence or information relevant to the issues of this lawsuit.

32.    Please produce any and all documents in your possession or control that refer or relate to all income earned by you from any source whatsoever since January 1, 2003.

RESPONSE: Objection. Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to discoverable or relevant information. Defendant avers that this request is intended to harass and not lead to any information relevant to the issues of this lawsuit.

33.    Please produce all federal and state tax returns filed by you since January 1, 2003.

RESPONSE: Objection. Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass him

14

and is not intended to lead to any admissible evidence or other information relevant to the issues of this lawsuit.

34.     Please produce any and all documents in your possession or control that refer or relate to all of your assets and liabilties for the time period January 1, 2003 to the present date.

RESPONSE: Objection. This case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit.

35.     Please produce any and all documents in your possession or control that refer or relate to all of the assets, liabilities and income from any entity in which you have an interest for the time period January 1, 2003 to the present date.

RESPONSE: Objection. Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit. Without waiving these and the general objections set forth hereinabove, Defendant states that no such documents exist.

15

36.    Please produce all statements of financial accounts in which you have an interest or signatory authority, including all bank statements, mortgage account statements, real estate investment account statements, retirement account statements, brokerage account statements, trust account statements, including statements jointly held with your spouse, and the corresponding check registers, returned checks, and records of wire transfers, for the time period beginning January 1, 2003 to the present date.

**RESPONSE: Objection. As this case is not against the Defendant in any individual capacity, the Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit.**

37.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

**RESPONSE: Objection. This request invades the work product privilege as well as the attorney-client privilege. Defendant is not sure of the total sum of documents that his attorneys will use in his defense.**

38.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses asserted in your Answer in this case.

**RESPONSE: Objection as violative of the work product and attorney-client privilege. To the extent not embraced by any of the preceding requests, Defendant is unsure of**

**the answer to this request.**

39.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

**RESPONSE: Documents will be produced in accordance with the *Federal Rules of Civil Procedure* and pursuant to Orders of the Court.**

40.    Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**RESPONSE: Objection. Irrelevant. This request fails to refer to this case or any issues involved therein. Defendant has been in law enforcement for over 30 years and has testified in hundreds of cases. This request is overly broad, unduly burdensome and oppressive.**

41.    Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

**RESPONSE: Defendant has no such documents.**

42.    Please produce any and all documents that have been produced in *Macon County Investments v. Warren*, 3:06-cv-00224-WKW-CSC (M.D. Ala.).

**RESPONSE: Objection. This request is overly broad, unduly burdensome and oppressive. Defendant avers that this request is intended to harass and cause Defendant undue expense. The file is available at the Clerk of the Court of the**

17

**Middle District of Alabama.**

43.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

**RESPONSE:  Documents will be provided in accordance with the *Federal Rules of Civil Procedure* and in accordance with the Orders of the Court.**

AS TO OBJECTIONS:

_____
Fred D. Gray                (GRA022)
Fred D. Gray, Jr.           (GRA044)
Attorneys for Defendant,
David Warren, Sheriff of Macon County,
Alabama

**OF COUNSEL:**
Gray, Langford, Sapp, McGowan, Gray
 & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:    334-727-4830
Facsimile:    334-727-5877
fgray@glsmgn.com
fgrayjr@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following via electronic mail, on this the 7th day of March, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

OF COUNSEL

19

## Michael Sansbury

| | |
|---|---|
| **From:** | Michael Sansbury |
| **Sent:** | Thursday, May 03, 2007 9:55 AM |
| **To:** | 'fgrayjr@glsmgn.com' |
| **Cc:** | Bob Spotswood |
| **Subject:** | RE: Hope for Families v. Warren: Amended Discovery Responses |

My mistake.  I'll look forward to hearing from you tomorrow.

---

**From:** Fred D. Gray Jr. [mailto:fgrayjr@glsmgn.com]
**Sent:** Wednesday, May 02, 2007 4:28 PM
**To:** Michael Sansbury
**Cc:** Bob Spotswood
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Michael,
This will acknowledge receipt of your correspondence and correct one part of the same.  With respect to the documents, I said I needed to provide bates numbers on some of the documents and that I think I had a few documents that required some redaction.  You are correct, I intend to send the amended responses by Friday, May 4.  I will send the additional documents soon thereafter.

Fred
FRED D. GRAY, JR.
GRAY, LANGFORD, SAPP, McGOWAN, GRAY &
NATHANSON
P.O. Box 830239
Tuskegee, Alabama 36083
Phone (334) 727-4830 ext. 3016
Fax (334) 727-5877
Email Fgrayjr@glsmgn.com
*******************************************************************
Confidentiality Notice and Disclaimer: This e-mail is from a law firm. The information contained in it (or attached to it) is protected by the attorney-client privilege or as attorney work-product. If you received the message by error, please notify the sender that you received it by replying to this e-mail and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist or as a consent to conduct business by any electronic medium.

---

**From**: "Michael Sansbury" <msansbury@spotswoodllc.com>
**Sent**: Wednesday, May 02, 2007 4:00 PM
**To**: "Fred Gray, Jr." <fgrayjr@glsmgn.com>
**Subject**: RE: Hope for Families v. Warren: Amended Discovery Responses

Fred,

It was good speaking with you this afternoon.  I wanted to summarize where we were on the discovery issue.

As reflected in the e-mail correspondence below, I granted your request for an extension until April 25 to file Sheriff Warren's response to the amended complaint and his amended discovery responses. Last Thursday, April 26, I spoke with you about those documents, which I had not received.  You told me that you would be sending out both items that evening.  On Friday, April 27, you filed the response to the amended complaint.

This afternoon, I spoke with you about the amended discovery responses.  You stated that you were still waiting on some documents from Sheriff Warren.  I requested that you send your amended responses as soon as you possibly could, and you agreed to send the amended responses and the documents you have by this Friday, May 4.  You also agreed to e-mail the amended responses to me on May 4.

I look forward to receiving the amended responses on Friday.  Thank you.

Michael

---

**From:** Michael Sansbury
**Sent:** Wednesday, April 11, 2007 7:56 PM
**To:** 'Fred Gray, Jr.'
**Cc:** Bob Spotswood
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Fred,

By my calculations, your response to the amended complaint was due on March 26.  It has also been almost a month since your March 19 conversation with Bob about amending your responses to discovery.  These matters should have been taken care of long ago, well before the murder trial.  Coincidentally, your request for an extension would make your responses due on April 25, when Mr. McGregor and VictoryLand are scheduled to respond to the amended complaint.

Nevertheless, you may have until April 25 to respond to the amended complaint.  You may also have until April 25 to amend your discovery responses, assuming that those amendments are in full accordance with your discussions with Bob.

Good luck in your trial next week, and we look forward to hearing from you on April 25, if not sooner.

Michael

---

**From:** Fred Gray, Jr. [mailto:fgrayjr@glsmgn.com]
**Sent:** Wednesday, April 11, 2007 12:53 PM
**To:** Michael Sansbury
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Michael,
This will advise that I am still working on the responses and had hoped to have everything to you long before now.  I have  a murder case that will try next week and would much appreciate it if you can give me approximately 14 more days to respond and to respond to your amended answer.

Fred
Fred D. Gray, Jr.
GRAY LANGFORD SAPP McGOWAN GRAY & NATHANSON
P.O. Box 830239
Tuskegee , Alabama  36083
Telephone: (334) 727-4830 ext. 3016
Facsimile:  (334) 727-5877
fgrayjr@glsmgn.com

*************************************************************************
Confidentiality Notice and Disclaimer: This e-mail is from a law firm. The information contained in it (or attached to it) is protected by the attorney-client privilege or as attorney work-product. If you received the message by error, please notify the sender that you received it by replying to this e-mail and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be

construed as establishing an attorney-client relationship if one does not otherwise exist or as a consent to conduct business by any electronic medium.

---

**From:** Michael Sansbury [mailto:msansbury@spotswoodllc.com]
**Sent:** Tuesday, April 10, 2007 5:26 PM
**To:** Fred Gray, Jr.
**Cc:** fgray@glsmgn.com; Bob Spotswood
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Fred,

I still haven't heard from you.

Michael

---

**From:** Michael Sansbury
**Sent:** Monday, April 09, 2007 3:30 PM
**To:** 'Fred Gray, Jr.'
**Cc:** 'fgray@glsmgn.com'; Bob Spotswood
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Fred,

I received no response to this e-mail or my voicemail on Friday, nor have I received the updated discovery responses. Will you please advise me when you sent/will send the updated responses? Thanks.

Michael

---

**From:** Michael Sansbury
**Sent:** Wednesday, April 04, 2007 2:39 PM
**To:** 'Fred Gray, Jr.'
**Cc:** fgray@glsmgn.com
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Were you able to mail the materials yesterday?

---

**From:** Fred Gray, Jr. [mailto:fgrayjr@glsmgn.com]
**Sent:** Thursday, March 29, 2007 8:06 AM
**To:** Michael Sansbury
**Cc:** fgray@glsmgn.com; Fgrayjr@glsmgn.com
**Subject:** RE: Hope for Families v. Warren: Amended Discovery Responses

Michael,

Thank you for your recent voicemail and e-mail. I am out of the office for the next couple of days, but will get that of which we spoke by Tuesday, April 3. If you have any questions, do not hesitate to contact me.

Fred
Fred D. Gray, Jr.
GRAY LANGFORD SAPP McGOWAN GRAY & NATHANSON
P.O. Box 830239

Tuskegee , Alabama  36083
Telephone: (334) 727-4830 ext. 3016
Facsimile:  (334) 727-5877
fgrayjr@glsmgn.com

*********************************************************************

Confidentiality Notice and Disclaimer: This e-mail is from a law firm. The information contained in it (or attached to it) is protected by the attorney-client privilege or as attorney work-product. If you received the message by error, please notify the sender that you received it by replying to this e-mail and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist or as a consent to conduct business by any electronic medium.

---

**From:** Michael Sansbury [mailto:msansbury@spotswoodllc.com]
**Sent:** Tuesday, March 27, 2007 6:06 PM
**To:** Fred Gray, Jr.
**Cc:** Bob Spotswood
**Subject:** Hope for Families v. Warren: Amended Discovery Responses

Fred,

In your conversation with Bob last Monday, you indicated that you were planning to amend your responses to document requests 12, 27-29, and 30 and to send us some additional documents.  I left you a voicemail yesterday and two voicemails today regarding those items.  If you would, please let me know when we can expect to receive those items.  Thank you.

Michael

Michael T. Sansbury
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham , AL  35203
Direct:  (205) 986-3623
Main :  (205) 986-3620
Fax:  (205) 986-3639
E-mail:  msansbury@spotswoodllc.com
www.spotswoodllc.com

CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGE; ATTORNEY WORK PRODUCT

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in this communication is attorney-client privileged and confidential information.  The communication is intended for the use of the individual and entity named above.  If the reader of this transmission is not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies in your possession.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) ) CIVIL ACTION NO.: 3:06-cv-01113-WKW |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, | ) ) ) |
| DEFENDANT. | ) ) |

**DEFENDANT SHERIFF DAVID WARREN'S AMENDED RESPONSE TO PLAINTIFFS= FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Sheriff David Warren, Defendant in the above-styled cause, by and through his counsel of record, and amends his response to Plaintiffs= First Requests for Production of Documents by amending his response to Requests for Production of Documents Numbers 12, 27, 28, 29, 30 as follows:

**GENERAL OBJECTIONS**

1.    This Defendant objects generally to each and every one of these requests in their entirety on the basis that this Defendant is unable to determine whether these requests are relevant to the subject matter involved in the pending action or whether these requests are reasonably calculated to lead to the discovery of relevant information or admissible evidence.

2.    The Defendant objects to this discovery to the extent that it seeks information which Defendant is not required to provide by reason of any applicable privilege, including the attorney-client privilege and the privileges for work product and materials prepared in

anticipation of litigation.

3.    The Defendant objects to this discovery to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs.

4.    The Defendant objects to this discovery to the extent that it is overly broad, vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant information or admissible evidence.

5.    The Defendant objects to this discovery to the extent that it seeks confidential or proprietary information.

6.    The following responses are based upon information presently available to the Defendant, which he believes to be correct.  The responses are made without prejudice to Defendant=s rights to rely upon other subsequently discovered documents and information.  Any supplementation will be made in accordance with the *Federal Rules of Civil Procedure*.

7.    Any agreement to produce documents responsive to a particular request does not imply that there necessarily exists a non-privileged document or documents responsive to that request.

Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant=s responses below, the Defendant responds as follows:

## **REQUESTS FOR PRODUCTION**

12.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Milton McGregor, Victory land, Quincy=s

Triple Seven, Macon County Greyhound Park, Inc., McGregor Aviation Management Services, Inc., McGregor Land Company, Inc., Hartford Motors, Inc., Union Street, LLC, Macon County Environmental Facility, Inc., Broadcast Entertainment Transmission Services, Inc., Alabama Pari Mutuel Sports Association, Inc., Sports Association of the South, Inc., Alabama Sports Association, Inc., and/or their shareholders, attorney(s), employers, employees, agents, representatives, or relatives, including, but not limited to, any investigation conducted with regard thereto and any documents relating to the gross receipts thereof.

**RESPONSE: Objection. This response is overly broad, unduly burdensome and oppressive and does not lead to the discovery of admissible evidence. Without waiving the objections set forth hereinabove, Defendant reasserts the general objections set forth hereinabove and states that he does not have any documents responsive to Request for Production Number 12.**

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any officer, director, shareholder, employee or any other person or entity associated with Macon County Greyhound Park, Inc., doing business as Victoryland doing business as Quincy=s Triple Seven, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions for you or your spouse including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

**RESPONSE: Objection. This request is irrelevant, overly broad, unduly burdensome**

3

and oppressive.  It will not lead to the discovery of relevant information or admissible evidence.  Without waiving these and all other general objections set forth hereinabove, Defendant states that no such documents exist. With respect to any reference to any gifts, gratuities, political campaign contributions to the Sheriff's wife, Defendant states that he has no such documents.

28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any corporation in which Milton McGregor is an officer, director, shareholder, or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

RESPONSE:  This request is irrelevant, overly broad, unduly burdensome and oppressive.  Defendant also reasserts general objections hereinabove stated and states Defendant has no such documents.

29.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you from any business in which Milton McGregor is an owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

4

**RESPONSE:  Defendant has no such documents.**

30.    Please produce any and all documents that reflect or relate to campaign contributions made to any and all of your political campaigns for the office of Sheriff of Macon County, Alabama, including but not limited to records identifying the source of campaign contributions, bank statements for the accounts that held campaign proceeds and any campaign disclosure statements filed with the State.

**RESPONSE:  Objection.  This request is irrelevant, overly broad, unduly burdensome and oppressive.  Without waiving the objections and while maintaining the general objections set forth hereinabove, Defendant states that a copy of his 2006 campaign filings  pursuant  to  the  Alabama  Fair  Campaign  Practices  Act   have  been photocopied and will be furnished.**

AS TO OBJECTIONS:

s /Fred D. Gray, Jr.
Fred D. Gray                    (GRA022)
Fred D. Gray, Jr.              (GRA044)
Attorneys for Defendant,
David Warren, Sheriff of Macon County,
Alabama

**OF COUNSEL:**
Gray, Langford, Sapp, McGowan, Gray
 & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:   334-727-4830
Facsimile:    334-727-5877
fgray@glsmgn.com
fgrayjr@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following via electronic mail, on this the 7th day of May, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

John M.Bolton, III, Esq.
Charlanna W. Spencer, Esq.
Sasser, Bolton, Stidham & Sefton, P.C.
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

Augusta S. Dowd, Esq.
J. Mark White, Esq.
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, AL 35203
jmarkwhite@waadlaw.com
adowd@waadlaw.com

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North

6

Birmingham, AL 35203
wms@hsy.com
pt@hsy.com


Fred D. Gray, Jr.
OF COUNSEL

## Michael Sansbury

| | |
|---|---|
| **From:** | thalia [thalia@glsmgn.com] |
| **Sent:** | Monday, May 07, 2007 3:17 PM |
| **To:** | Michael Sansbury; Bob Spotswood; adowd@waadlaw.com; cspencer@sasserlawfirm.com; jbolton@sasserlawfirm.com; mwhite@waadlaw.com; kdd@hsy.com; pcd@hsy.com; pt@hsy.com |
| **Cc:** | fgrayjr@glsmgn.com |
| **Subject:** | Hope for Families v. Warren |
| **Attachments:** | RFP Bates 197-234.pdf |

Counsel,

Please find attached documents produced as Defendant Warren's supplemental response to Plaintiffs' 1st Request for Production of Documents number 30.  These documents are Bates numbered D0197 through D0234. If you have any questions, feel free to contact Fred.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Thalia R. Hardnett
Legal Assistant to Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083
Telephone: 334.727.4830 ext. 3015
Facsimile: 334.727.5877
thalia@glsmgn.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



**SPOTSWOOD SANSOM**
**& SANSBURY LLC**

940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
Phone: 205.986.3623  Fax: 205.986.3639
www.spotswoodllc.com

Michael T. Sansbury
Direct Dial: 205.986.3623
E-mail: msansbury@spotswoodllc.com

May 10, 2007

<u>**Via Electronic & U.S. Mail**</u>

Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239

> Re:    *Hope for Families & Community Service, Inc., et al. v. Warren*
>        Case No. 3:06-cv-1113 (M.D. Ala.)

Dear Fred:

Thank you for e-mailing your amended discovery responses to me on Sunday, May 6.  I have not received a signed copy of the responses, but I assume that I will receive it forthwith.  In the interest of moving things along, I wanted to make sure that all of our agreements and disagreements were memorialized prior to our filing of a motion to compel.

You have stated that there are no documents responsive to Requests for Production ## 1, 7, 8, 10, 11, 12, 13, 17, 24, 25, 26, 27, 28, 29, 35, and 41.  The nonexistence of some of these documents surprises me, so I want to make sure the requests were clear.  For instance, Requests 7 and 8 ask for documents containing communications between Sheriff Warren and Fred Gray or Sheriff Warren and Fred Gray, Jr., with regard to the bingo rules.  Similarly, Requests 12 and 13 ask for any documents referring to or reflecting communications with Mr. McGregor and his various entities.  Please confirm with your client that, in fact, no such documents exist.  If I do not hear from you by May 16, I will assume that they do not.  If they do exist, and you believe them to be privileged, then please send us a privilege log.

I assume that all documents responsive to Requests for Production ## 2, 3, 4, 5, 9, 18, 19, 20, 21, 22, 23 have now been, or soon will be, produced.  If I am incorrect, please let me know by May 16.

With regard to Requests for Production ## 6 and 16, my understanding is that you will soon be producing the applications submitted for Class B Bingo Licenses with some redactions. I will follow up with you regarding Requests 6 and 16 when I receive those documents.

We agree to withdraw Requests for Production ## 14 and 15 at this time, though we may reinitiate those Requests at a later date.

Request for Production # 30 asks for campaign contribution records.  You have provided only a copy of the 2006 campaign filings.  That response is inadequate.  As previously

May 9, 2007
Fred D. Gray Jr., Esq.
Page 2

discussed, we are willing to accept copies of all of Sheriff Warren's campaign filings, assuming that those filings accurately set forth all campaign contributions received by Sheriff Warren. Please let us know by May 16 if you will provide those documents and amend the response to attest to their accuracy.

Requests for Production ## 31, 32, 33, 34, and 36 seek financial information from Sheriff Warren.  Given the nature of the Charities' claim, which alleges a conspiracy between Sheriff Warren, VictoryLand, and Mr. McGregor, we believe that discovery into Sheriff Warren's financial condition is reasonable and appropriate.  Obviously, you disagree, and we intend to file a motion to compel on this issue.

We have agreed to narrow Requests for Production # 40 to information specifically related to McGregor, VictoryLand, or bingo.  Please let me know by May 16 if there is any such information and whether you will agree to provide it.

Request for Production # 42 seeks information that, despite your response, is not available from the clerk of court.  Please let me know by May 16 whether you will agree to provide those documents.

Your current objections to Requests for Production ## 37, 38, 39, and 43 are noted. However, we expect that Sheriff Warren will comply with those requests in a seasonable manner.

Thank you for your attention to this matter.  We look forward to hearing from you by May 16 on the various outstanding issues.  If you would like to discuss these matters by telephone, please do not hesitate to contact me.

Very truly yours,

Michael T. Sansbury

MTS/ema

## Michael Sansbury

**From:**     Fred Gray, Jr. [fgrayjr@glsmgn.com]
**Sent:**     Friday, May 18, 2007 9:42 AM
**To:**       Michael Sansbury
**Subject:**  RE: Hope for Families v. Warren: Correspondence Attached

Yes. Thank you for the reminder.

Fred D. Gray, Jr.
GRAY LANGFORD SAPP McGOWAN GRAY & NATHANSON
P.O. Box 830239
Tuskegee, Alabama  36083
Telephone: (334) 727-4830 ext. 3016
Facsimile:  (334) 727-5877
fgrayjr@glsmgn.com

*************************************************************************
Confidentiality Notice and Disclaimer: This e-mail is from a law firm. The information contained in it (or attached to it) is protected by the attorney-client privilege or as attorney work-product. If you received the message by error, please notify the sender that you received it by replying to this e-mail and then delete it from your computer. Unless specifically stated otherwise in the body of the message, the content of the message is not to be construed as establishing an attorney-client relationship if one does not otherwise exist or as a consent to conduct business by any electronic medium.

---

**From:** Michael Sansbury [mailto:msansbury@spotswoodllc.com]
**Sent:** Thursday, May 17, 2007 10:31 AM
**To:** fgrayjr@glsmgn.com
**Cc:** Bob Spotswood
**Subject:** FW: Hope for Families v. Warren: Correspondence Attached

In the attached correspondence, we requested that you provide us with a wide variety of information by May 16. We have heard nothing from you.  At the very least, would you please produce the applications that you promised to us almost two weeks ago?  Thank you.

---

**From:** Michael Sansbury
**Sent:** Thursday, May 10, 2007 12:00 PM
**To:** 'fgrayjr@glsmgn.com'
**Cc:** Bob Spotswood
**Subject:** Hope for Families v. Warren: Correspondence Attached

Michael T. Sansbury
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Direct:  (205) 986-3623
Main:  (205) 986-3620
Fax:  (205) 986-3639

E-mail:  msansbury@spotswoodllc.com
www.spotswoodllc.com

CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGE; ATTORNEY WORK PRODUCT

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in this communication is attorney-client privileged and confidential information.  The communication is intended for the use of the individual and entity named above.  If the reader of this transmission is not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies in your possession.