IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    3:06-cv-01113-WKW |
| | ) |
| DAVID WARREN, in his Official Capacity As the SHERIFF OF MACON COUNTY; MILTON MCGREGOR; MACON COUNTY GREYHOUND PARK, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## JOINT REPLY BRIEF IN SUPPORT OF MOTIONS TO DISMISS

Defendants Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") and Milton McGregor ("McGregor") submit this reply brief in support of their Motions to Dismiss the 42 U.S.C. § 1985(3) conspiracy claim that Plaintiffs have brought against Victoryland and McGregor.

As the Plaintiffs admit, the sole cause of action that they brought against Victoryland and McGregor in their Amended Complaint is for a conspiracy arising under the Ku Klux Klan Act, 42 U.S.C. § 1985(3). *See* Plaintiffs' Response to Defendants' Motion to Dismiss ("Plaintiffs' Response") (doc. 41), ¶ 1. As argued in Victoryland's and McGregor's briefs in support of their motions to dismiss, the Plaintiffs cannot sustain a viable § 1985(3) claim against Victoryland and McGregor because they cannot and have not alleged facts to support an essential element of that claim—an invidiously discriminatory animus that was racially or otherwise class-based. *See*

*Lucero v. Operation Rescue of Birmingham*, 954 F. 2d 624, 628 (11th Cir. 1992). To date, the Plaintiffs have not even attempted to allege or to argue that the required animus is present here.

Instead of offering any factual or legal reason in support of their § 1985(3) claim against Victoryland and McGregor, the Plaintiffs have fully retreated from that claim and now are attempting to amend their complaint once again, this time to drop their recently added cause of action under § 1985(3) and to assert an entirely new cause of action under 42 U.S.C. § 1983, which the Plaintiffs claim does not require the invidious animus necessary for a valid § 1985(3) claim. *See* Plaintiffs' Response (doc. 41), ¶¶ 4-5.

By seeking to withdraw their § 1985(3) claim against Victoryland and McGregor and failing to offer any factual or legal support for such a claim, Plaintiffs concede that they had no valid basis in law or fact for bringing a § 1985(3) claim against Victoryland or McGregor.[1] The Court must, therefore, dismiss the Plaintiffs' § 1985(3) claim with prejudice as even the Plaintiffs by their actions acknowledge that it is not a claim upon which relief can be granted.

Finally, even if this Court allows the Plaintiffs to once again amend their complaint, an issue which Victoryland and McGregor address separately in their Opposition to the Plaintiffs' Motion for Leave to Amend, the fatal defect in the present Amended Complaint has not been cured. Accordingly, as recently clarified by the United States Supreme Court, dismissal of the Plaintiffs' § 1985(3) claims against Victoryland and McGregor is appropriate because Plaintiffs

---

[1] Plaintiffs' bald assertion that they "do not believe that an action under § 1985(3) is foreclosed" (Plaintiffs' Response (doc. 41), ¶ 3), is not a factual or legal basis supporting the claim. Rather, it is merely an unsupported conclusion, which is legally insufficient to support their claim in the face of a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, ___ U.S. ___ (May 21, 2007) (abrogating the "no set of facts" standard on motions to dismiss as formerly set out in Conley v. Gibson, 355 U.S. 41, 47 (1957)) (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) for the proposition that "a plaintiff's obligation to provide 'the grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (emphasis added).

have failed to make, through assertion of facts, an appropriate "showing" of entitlement to relief on that claim. *See Bell Atlantic Corp.*, 127 S.Ct. 1955.

## CONCLUSION

For the reasons set forth above and in Victoryland's and McGregor's Motions to Dismiss and supporting briefs, the Plaintiffs' § 1985(3) claim against Victoryland and McGregor must be dismissed with prejudice.

s/Peter J. Tepley
Peter J. Tepley (ASB-1112-T46P),
One of the Attorneys for Defendant
Macon County Greyhound Park, Inc.
d/b/a Victoryland

s/John M. Bolton, III
John M. Bolton, III  (ASB-0999-N68J),
One of the Attorneys for Defendant Milton McGregor

OF COUNSEL:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

OF COUNSEL:
Charlanna W. Spencer (ASB-6860-R62C)
**Sasser, Bolton & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
J. Mark White (ASB-5029-H66J)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL 35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239

                                                    s/Peter J. Tepley
                                                    Of Counsel