IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) 3:06-cv-01113-WKW ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY; MILTON MCGREGOR; MACON COUNTY GREYHOUND PARK, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**JOINT OPPOSITION
TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") and Milton McGregor ("McGregor") file this joint opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. For the reasons set forth herein, leave to amend should be granted only upon the conditions that: (a) Plaintiffs' meritless 42 U.S.C. § 1985(3) conspiracy claim against Victoryland and McGregor be dismissed with prejudice and (b) Plaintiffs be ordered to pay the reasonable attorney's fees and expenses that Victoryland and McGregor incurred in having to move to dismiss that meritless claim. As grounds for the imposition of these reasonable conditions, Victoryland and McGregor state as follows:

1.     Victoryland and McGregor filed separate motions to dismiss the Plaintiffs' sole claim against them – a § 1985(3) conspiracy claim – on the ground that Plaintiffs cannot and have not alleged facts to support an invidiously discriminatory animus on the part of Victoryland and

1

McGregor that was racially or otherwise class-based, which is an essential element of such claim. *See* Victoryland's Motion to Dismiss (Doc. 36), ¶ 2; McGregor's Motion to Dismiss (Doc. 34), ¶ 4. *See also Lucero v. Operation Rescue of Birmingham*, 954 F. 2d 624, 628 (11th Cir. 1992).

2. As fully discussed in Victoryland and McGregor's joint Reply Brief in Support of their Motions to Dismiss, which is also being filed today, rather than offering any factual or legal basis for their § 1985(3) claim, the Plaintiffs fully retreated from that claim, thereby conceding that they had no factual or legal basis for it. As a result of their actions in failing to offer any factual or legal basis for their § 1985(3) claim against Victoryland and McGregor, the Plaintiffs have admitted that their § 1985(3) is not a claim upon which relief can be granted.

3. Instead of attempting to defend their admittedly meritless § 1985(3) claim (which they recently added on March 12, 2007), the Plaintiffs instead moved the Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file a Second Amended Complaint, which attempts to remove their fatally defective § 1985(3) claim against Victoryland and McGregor and to assert a wholly new claim against Victoryland and McGregor for a conspiracy under 42 U.S.C. § 1983. *See* Plaintiff's Motion for Leave to File Second Amended Complaint ("Plaintiffs' Motion") (Doc. 40), ¶¶ 2-4; Plaintiffs' Response to Defendants' Motions to Dismiss ("Plaintiffs' Response") (Doc. 41), ¶¶ 2, 4-5.

4. The granting of leave to amend "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment of the Trial Judge as he superintends the development of a cause toward its ultimate

disposition." *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967).[1]

5. A trial court may impose conditions upon a grant of leave to amend. One of those conditions can be an award of costs. *See Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 687 (N.D. Ga. 1997) ("[T]he court may under Rule 15(a) impose costs as a condition of granting leave to amend in order to compensate Defendant and avoid any prejudice caused by the amendment."). *See also General Signal v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995); *Local 783, Allied Indus. Workers of America v. General Electric Co.*, 471 F.3d 751, 756 (6th Cir.), *cert. denied*, 414 U.S. 822 (1973); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981).

6. The Plaintiffs' actions in filing an admittedly meritless § 1985(3) claim against Victoryland and McGregor on March 12, 2007 forced Victoryland and McGregor to needlessly incur attorney's fees and expenses associated with having to move to dismiss that fatally flawed claim. Indeed, as noted above, by offering no factual or legal support for their § 1985(3) claim and by attempting to "remove" that claim and assert a new claim under 42 U.S.C. § 1983 (*see, e.g.*, Plaintiffs' Response (doc. 41), ¶¶ 2-6; Plaintiffs' Motion (doc. 40), ¶¶ 2-4) Plaintiffs effectively admit that they had no basis in law or fact for bringing a § 1985(3) claim. Therefore, an award of reasonable costs and fees is warranted here. Likewise, a dismissal of the 1985(3) claims with prejudice is also in order.

## CONCLUSION

In the event this Court allows the Plaintiffs leave to file a Second Amended Complaint, such leave should be conditioned upon (a) the dismissal with prejudice of the Plaintiffs' meritless §

---

[1] Decisions of the Fifth Circuit predating October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

1985(3) conspiracy claim against Victoryland and McGregor and (b) the requirement that the Plaintiffs pay the reasonable attorney's fees and expenses that Victoryland and McGregor incurred in having to move to dismiss that meritless claim.

s/Peter J. Tepley
Peter J. Tepley (ASB-1112-T46P)
One of the Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland


s/John M. Bolton, III
John M. Bolton, III (ASB-0999-N68J)
One of the Attorneys for Defendant Milton McGregor

OF COUNSEL:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
J. Mark White (ASB-5029-H66J)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com

OF COUNSEL:
Charlanna W. Spencer (ASB-6860-R62C)
**Sasser, Bolton & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T, Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL 35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239

                                                         S/Peter J. Tepley
                                                         Of Counsel