IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **HOPE FOR FAMILIES &** ) | |
| **COMMUNITY SERVICES, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 3:06-cv-01113-WKW-csc |
| ) | |
| **DAVID WARREN, in his Official** ) | |
| **Capacity as the SHERIFF OF MACON** ) | |
| **COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## JOINT MOTION FOR RELIEF FROM SCHEDULING ORDER
## AND FOR STATUS CONFERENCE

**COME NOW** Defendants, Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") and Milton McGregor ("McGregor"), and respectfully move this Honorable Court, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, to modify the Uniform Scheduling Order entered by the Court on March 8, 2007 and to order the parties to a scheduling conference with the Court to be scheduled after June 7, 2007. As grounds therefore Defendants state as follows:

1.  Plaintiffs filed a Complaint against Defendant, David Warren ("Warren"), in his Official Capacity as the Sheriff of Macon County, on December 18, 2006. On January 16, 2007, the Court issued its Rule 26(f) Order requiring the parties to confer and file a discovery plan no later than February 5, 2007. Counsel for the Plaintiffs and counsel for Warren conferred on January 22, 2007, and thereafter filed the Report of Parties' Planning Meeting on February 5, 2007. The Court issued its Uniform Scheduling Order on March 8, 2007. It was not until March

1

12, 2007, four days after the Scheduling Order was issued, that Plaintiffs filed an Amended Complaint adding Victoryland and McGregor as defendants in this cause.

    2.    Plaintiffs' Amended Complaint alleged a conspiracy claim against Defendants pursuant to 42 U.S.C. § 1985(3).  Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint on the ground Plaintiffs had not alleged facts to support an essential element of that claim —an invidiously discriminatory animus that was racially or otherwise class-based.  Before this Court could rule on Defendants' Motion to Dismiss, Plaintiffs filed a Motion for Leave to File Second Amended Complaint alleging a conspiracy claim against Defendants pursuant to 42 U.S.C § 1983, followed by a Response to Defendants' Motion to Dismiss which in effect withdrew Plaintiffs' § 1985(3) claim.  In Paragraph 3 of its Response to Defendants' Motion to Dismiss, Plaintiffs stated that it was now "unnecessary for the Court to reach that issue."  The Court has not ruled on the Plaintiffs' Motion for Leave to File Second Amended Complaint or the Defendants' Motion to Dismiss the First Amended Complaint that Plaintiffs have effectively withdrawn.  Thus, at present, the only complaint pending against these defendants is a complaint asserting claims that the Plaintiffs have stated they do not intend to pursue.

    3.    On May 25, 2007, the parties attempted to hold a Rule 26 (f) scheduling conference.  During that conference, counsel for Plaintiffs disclosed that Plaintiffs intended to file a motion seeking permission to file a third amended complaint adding an additional plaintiff and asserting significant additional claims, including claims pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), § 18 U.S.C. 1961 *et seq*.  Plaintiffs' counsel stated that the motion for leave to file third amended complaint will be filed by June 7, 2007, the deadline in the Scheduling Order for parties to amend their pleadings and add additional parties.

4. Since the Scheduling Order was issued on March 8, 2007, Plaintiffs have added two additional defendants, filed for leave to add a claim under U.S.C. § 1983, indicated that they are not pursuing the § 1985(3) claim, and advised that they anticipate adding an additional party plaintiff and additional claims. Plaintiffs' ongoing amendments of claims and parties makes it impossible for Defendants to know which claims are at issue or even what parties are involved. Given that claims and parties are as of yet uncertain, Defendants will be severely prejudiced if they are required to adhere to the deadlines and restrictions in the current Scheduling Order. For example, without knowledge of the claims against them, it is impossible for Defendants to determine whether to amend pleadings or add parties by June 7, 2007, as required per the Scheduling Order.

5. The deadlines and restrictions in the Scheduling Order were contemplated and agreed to without Defendants' input or consideration. Adherence to the Scheduling Order would greatly prejudice Victoryland and McGregor in their ability to defend in this cause. Therefore modification of the Scheduling Order is necessary to prevent manifest injustice.

6. The Plaintiffs are not opposed to scheduling a status conference to discuss some modifications to the Scheduling Order. However, the Plaintiffs are opposed to any modification to the trial date in this case.

7. Defendants believe that the current trial date must be reviewed for modification in light of the continually changing complaint and therefore do not agree with Plaintiffs insistence that the current trial date remain the same. If the Court determines that a scheduling conference is appropriate, then Defendants request that all dates be considered for modification and that the conference be scheduled after the Plaintiffs file their motion to add third amended complaint on June 7, 2007.

**WHEREFORE PREMISES CONSIDERED** Defendants respectfully move this Court to grant relief from the Scheduling Order and schedule a conference of the parties with the Court after June 7, 2007 to discuss modification of the Scheduling Order.

        Respectfully submitted,

        s/ Augusta S. Dowd.
        Augusta S. Dowd (ASB-5274-D58A)
        One of Attorneys for Defendant,
        Macon County Greyhound Park, Inc.
        d/b/a Victoryland

**OF COUNSEL:**

J. Mark White (ASB-5029-H66J)
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203
Tel:   (205) 323-1888
Fax:   (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com

        s/ John M. Bolton, III.
        John M. Bolton, III (ASB-0999-N68J)
        One of Attorneys for Defendant Milton McGregor

**OF COUNSEL:**

Charlanna W. Spencer (ASB-6860-R62C)
**SASSER, BOLTON & SEFTON, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 5<u>th</u> day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Fred Gray
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
wms@hsy.com
pt@hsy.com

                                  s/ Augusta S. Dowd.
                                  OF COUNSEL