IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby move to modify the expert disclosure deadlines set forth in Section 8 the scheduling order by suspending them until this Court has ruled on the Plaintiffs' Motion for Leave to File Third Amended Complaint. In support of their motion, the Charities state as follows:

1.       On March 8, 2007, this Court entered a Uniform Scheduling Order in this matter. (DE 23.) In Section 8 of that Order, this Court set forth the following deadlines for the parties' expert disclosures: (1) for plaintiffs, on or before June 15, 2007, and (2) for defendants, on or before July 13, 2007.

2.       Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note; citing *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")).

3. In this case, despite their diligence, the Plaintiffs are unable to meet their expert disclosure deadline.

4. As detailed in Plaintiffs' Motion to Compel (DE 42), the Plaintiffs served documents requests on Defendant Warren on February 5, 2007, and Defendant Warren served his responses on March 7, 2007. (*Id.* at ¶ 1.) On March 19, 2007, Plaintiffs' counsel and Defendant Warren's counsel conferred in good faith regarding the responses. (*Id.* at ¶ 2.a.) In that conference, Defendant Warren's counsel agreed to amend the responses. (*Id.*) Over the next two months, Plaintiffs' counsel sought to procure those amended responses. (*Id.* at ¶¶ 2.a.-f.) The amended responses were finally served on May 6. (*Id.* at ¶ 2.f.) After Plaintiffs' counsel made additional efforts to confer with Defendant Warren's counsel (*id.* at ¶ 2.g.-h.), the Charities filed the Motion to Compel on May 24 (*id.*).

5. The Plaintiffs' Motion to Compel seeks a variety of financial information from Defendant Warren. (DE 42 at 6-12) If the Motion to Compel is granted, and that financial information is received, Plaintiffs intend to employ an expert analysis of that financial information at trial. Plaintiffs cannot satisfy their expert disclosure obligations, however, until that information is received.

6. In addition, the Plaintiffs recognize that this Court recently denied the Defendants' Joint Motion for Relief from Scheduling Order and for Status Conference, stating that, "[s]hould the plaintiffs seek leave to file a third amended complaint, the court will schedule a status conference after the court and the defendants have an opportunity to review the proposed

third amended complaint." (DE 48 at 2.) The Court further stated that, until that time, "the case will proceed under the second amended complaint." (*Id.*)

7.  The Plaintiffs have now filed their Motion for Leave to File Third Amended Complaint (DE 49), and this Court has ordered the Defendants to show cause why that motion should not be granted (DE 50). Because the Plaintiffs' expert disclosure deadline and the Defendants' response deadline fall on the same day, the Plaintiffs wanted to ensure that, in the event leave to amend is denied, they would be able to make expert disclosures under the Second Amended Complaint.

8.  Plaintiffs' counsel has contacted Counsel for the Defendants and is authorized to state as follows: Defendants do not oppose an extension of (or suspension of) the current expert deadlines for all parties; however, given the facts that Plaintiffs have sought leave to file a Third Amended Complaint and the Second Amended Complaint has just been filed, Victoryland and McGregor believe that a status conference to review and extend all case deadlines, including the expert deadlines and the trial date, is in order.

WHEREFORE, the Charities request that this Court modify the expert disclosure deadlines under the Second Amended Complaint by suspending them until this Court has ruled on the Plaintiffs' Motion for Leave to File Third Amended Complaint.

DATED: June 8, 2007.

3

Respectfully submitted,

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:	rks@spotswoodllc.com
	msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Fred David Gray, Esq.<br>Fred David Gray Jr., Esq.<br>Gray, Langford, Sapp, McGowan, Gray & Nathanson<br>P.O. Box 830239<br>Tuskegee, AL  36083-0239<br>E-mail:    fgray@glsmgn.com<br>             jbibb@glsmgn.com<br>             fgrayjr@glsmgn.com<br>             thalia@glsmgn.com | William M. Slaughter, Esq.<br>Patricia C. Diak, Esq.<br>Peter John Tepley, Esq.<br>Khristi Doss Driver, Esq.<br>Haskell, Slaughter, Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL  35203<br>E-mail:    wms@hsy.com<br>             pcd@hsy.com<br>             pt@hsy.com<br>             kdd@hsy.com |
| John Mark White, Esq.<br>Augusta S. Dowd, Esq.<br>Rebecca DePalma, Esq.<br>White, Arnold, Andrews & Dowd<br>2025 Third Avenue, North<br>Suite 600<br>Birmingham, AL  35203<br>E-mail:    mwhite@waadlaw.com<br>             adowd@waadlaw.com<br>             rdepalma@waadlaw.com | John M. Bolton III, Esq.<br>Charlanna White Spencer, Esq.<br>Sasser, Bolton, Stidham & Sefton PC<br>PO Box 242127<br>Montgomery, AL 36124-2127<br>E-mail:    jbolton@sasserlawfirm.com<br>             cspencer@sasserlawfirm.com |

                                                    s/ Michael T. Sansbury
                                                    OF COUNSEL