IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
                                                    )
    PLAINTIFFS, )
                                                    )
v. )CIVIL ACTION NO.:3:06-CV-1113-WKW
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
                                                   )
    DEFENDANT. )

## DEFENDANT DAVID WARREN'S RESPONSE TO ORDER TO SHOW CAUSE WHY PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS SHOULD NOT BE GRANTED

COMES NOW the Defendant David Warren and in response to this Honorable Court's Order of May 24, 2007 (doc. #43) directing him to show cause why the motion should not be granted states as follows:

1.    The Motion to Compel should be denied.

2.    On or about February 5, 2007, Plaintiffs served their First Request for Production of Documents on Defendant David Warren (Sheriff Warren). Sheriff Warren responded to the same on March 7, 2007. Subsequent thereto, negotiation and production of documents have occurred as documents are located.

3.    Plaintiffs' First Request for Production of Documents (doc. #42) contained forty-three (43) requests, some of which necessitated extensive search for documents.

4.    The Motion to Compel (doc. #42-1) that precipitated the show

cause Order (doc. #43) centers on eight requests and the responses thereto.

Sheriff Warren maintains the Motion to Compel should be denied as to each.

The requests at issue, Sheriff Warren's responses and Sheriff Warren's specific arguments in support of denial of the Motion to Compel are set forth hereinbelow.

**PLAINTIFF CHARITIES' REQUEST #30**: Please produce any and all documents that reflect or relate to campaign contributions made to any and all of your political campaigns for the office of Sheriff of Macon County, Alabama, including but not limited to records identifying the source of campaign contributions, bank statements for the accounts that held campaign proceeds and any campaign disclosure statements filed with the State.

**DEFENDANT WARREN'S AMENDED RESPONSE**: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive. Without waiving the objections and while maintaining the general objections set forth hereinabove, Defendant states that a copy of his 2006 campaign filings pursuant to the Alabama Fair Campaign Practices Act have been photocopied and will be furnished.

**DEFENDANT WARREN'S ARGUMENT:** Plaintiffs have filed an action and amendments thereto against Defendants in which they continue their tactics of creative allegations of purported causes of action cognizable under Federal Law and fabrication of facts to support the same. The initial action was filed on December 18, 2006 (doc.#1), followed by Motion for Leave to File Amended

Complaint (doc. #20) on March 2, 2007 and Amended Complaint (doc. #24); Motion for Leave to File Second Amended Complaint (doc. #40) on May 16, 2007 and Second Amended Complaint (doc. #51) on June 8, 2007; and Motion for Leave to File Third Amended Complaint (doc. #49) on June 7, 2007 and proposed Third Amended Complaint (Exhibit A to doc. #49).

The request for all documents reflecting or relating to campaign contributions made to all of Sheriff Warren's campaigns for the office of Sheriff should not be ordered. Plaintiffs' counsel and undersigned counsel have agreed that the disclosure made and representation that the Sheriff does not have accessible to him, nor does he know the whereabouts of his Alabama Fair Campaign Practices Act filings for elections prior to 2006. While objecting as set forth hereinabove, on or about May 7, 2007, Sheriff Warren produced documents of which he had in his possession, custody or control, to Plaintiff's counsel, namely his 2006 campaign records that were filed in accordance with the Alabama Fair Campaign Practices Act (see attached email correspondence dated May 7, 2007 referencing the same which is marked as Exhibit 1). Sheriff Warren has been elected Sheriff four times, dating from 1994 through 2006. He has made a reasonable search of his sources reasonably likely to contain responsive documents and has been unable to locate other documents responsive to this request, that is, campaign disclosure documents for all years prior to the 2006 election. The documents requested are public documents, equally accessible to Plaintiffs filed in the Office of the Macon County Judge of Probate, among other places. In light of these facts, to require Sheriff Warren to

produce the documents to the Plaintiffs imposes an undue burden upon him. Additionally, the request requires extensive research or evaluation of documents. The Motion to Compel as it relates to Request Number 30 is due to be denied as moot.

**PLAINTIFF CHARITIES' REQUEST #31**: Please produce any and all documents in your possession or control that refer or relate to property purchased by you or in your name, including all sources of any payment for the purchase of the property and all sources of any payment for property taxes for the property, since January 1, 2003.

**DEFENDANT WARREN'S RESPONSE**: Objection. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of any relevant information or admissible evidence. Defendant avers that this request is intended to harass and it will not lead to any admissible evidence or information relevant to the issues of this lawsuit.

**DEFENDANT WARREN'S ARGUMENT**: Plaintiffs' counsel and the undersigned counsel have discussed this request, as recently as the date of the instant submittal. Plaintiffs' counsel has indicated that production of a deed, mortgage and Hud-1 settlement statement that pertain to the purchase of the Sheriff's lot and home on Hwy 80 will satisfy this request. Defendant Warren will furnish the same. Defendant Warren proposes to produce the same subject to an appropriate Protective Order, as to the Hud-1 as the document is personal and confidential to him and his wife, Pebblin Warren, who is not a party to this action. This Motion to Compel should be denied as moot. Plaintiffs' counsel

4

has already reviewed these documents at the office of James H. Anderson, Esq., counsel for Pebblin Warren, who is also State Representative for District 82, which includes Macon County. Plaintiffs also subpoenaed these and other documents from her. From a practical standpoint, the Sheriff and his wife are currently out of the state and the documents cannot be retrieved immediately. Plaintiffs' counsel has reviewed the requested records and is well aware that no documents reveal or suggest the existence of any improper or illegal relationships between Defendant Warren and any other defendants to this lawsuit although the same is forcefully advanced in Plaintiffs' argument in the Motion to Compel.

**PLAINTIFF CHARITIES' REQUEST #32**: Please produce any and all documents in your possession or control that refer or relate to all income earned by you from any source whatsoever since January 1, 2003.

**DEFENDANT WARREN'S RESPONSE**: Objection. Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to discoverable or relevant information. Defendant avers that this request is intended to harass and not lead to any information relevant to the issues of this lawsuit,

**DEFENDANT WARREN'S ARGUMENT:** Counsel for the parties Plaintiff and Defendant Warren have discussed this request and reached an agreement. Sheriff Warren will produce his Wage and Tax (W-2) forms for the years 2003-

2006, showing his income earned during the period. The Motion to Compel with respect to Request #32 should be denied as moot.

**PLAINTIFF CHARITIES' REQUEST #33**: Please produce all federal and state tax returns filed by you since January 1, 2003.

**DEFENDANT WARREN'S RESPONSE**: Objection. Additionally, this case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass him and is not intended to lead to any admissible evidence or other information relevant to the issues of this lawsuit.

**DEFENDANT WARREN'S ARGUMENT**: While Sheriff Warren does not object to Plaintiffs reviewing or analyzing information that pertains to *his* federal and state income and taxes and he is willing to produce the same under a Protective Order, he objects as his returns are filed jointly with his wife, Pebblin Warren, who is not a party herein. Plaintiffs' counsel has already inspected these documents. Upon information and belief, Sheriff Warren avers that Plaintiffs' counsel will acknowledge these returns are not relevant to the issues in the instant lawsuit. The tax return for 2003 should not be produced as it contains some information (not pertaining to Defendant Warren), of a confidential nature that cannot be disclosed or revealed without penalty. The returns are likely not admissible at the trial of this case, nor is the information sought likely to lead to

6

the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Defendant submits there is no possibility that the information sought will be relevant to the subject matter of the action. Plaintiffs' counsel has reviewed Sheriff Warren's federal and state returns for the years requested and cannot establish or in good faith allege relevance that would rise to the level of admissibility. This argument is supported by the speculation and conjecture posited in Plaintiffs' argument at Page 7 of the Motion to Compel (doc. #42-1):

> ...(1) that Defendant Warren has received financial benefits from his co-conspirators or (2) that Defendant Warren is financially vulnerable and (a) easily enticed by promises of future benefits or (b) willing to ingratiate himself with individuals, like his co-conspirators, who can bestow future benefits upon him...

In addition to the relevancy objections under the facts herein, to compel discovery as requested is oppressive to Defendant Warren. To compel discovery absent the Sheriff's wife being heard on this issue is also against the spirit of the rules with respect to a non-party.

**PLAINTIFF CHARITIES' REQUEST #34**: Please produce any and all documents in your possession or control that refer or relate to all of your assets and liabilities for the time period January 1, 2003 to the present date.

**DEFENDANT WARREN'S RESPONSE**: Objection. This case is not against the Defendant in any individual capacity and as such Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit.

7

**DEFENDANT WARREN'S ARGUMENT:** Counsel for Plaintiffs and Defendant Warren have discussed specifically what is requested in Request 34. Upon being informed that a financial statement is sought, the undersigned, upon consultation with the client, informed he has no such document. Defendant Warren is willing to produce, with appropriate Protective Order, documents that show any outstanding loans. The Motion to Compel Request 34 is due to be denied as moot.

**PLAINTIFF CHARITIES' REQUEST #36**: Please produce all statements of financial accounts in which you have an interest or signatory authority, including all bank statements, mortgage account statements, real estate investment account statements, retirement account statements, brokerage account statements, trust account statements, including statements jointly held with your spouse, and the corresponding check registers, returned checks, and records of wire transfers, for the time period beginning January 1, 2003 to the present date.

**DEFENDANT WARREN'S RESPONSE**: Objection. As this case is not against the Defendant in any individual capacity, the Defendant should not be required to furnish the requested documents. This request is irrelevant, overly broad, unduly burdensome and oppressive. It will not lead to the discovery of relevant information or admissible evidence. Defendant avers that this request is intended to harass and will not lead to any information relevant to the issues of this lawsuit.

**DEFENDANT WARREN'S ARGUMENT:** While the Sheriff does not

object to providing information regarding his individual personal accounts, to produce other records would violate other individuals' (including his wife's) rights to privacy. Additionally, production of the requested documents will not lead to relevant discoverable information which may be used at the trial of this case.

**PLAINTIFF CHARITIES' REQUEST #40**. Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**DEFENDANT WARREN'S RESPONSE**: Objection. Irrelevant. This request fails to refer to this case or any issues involved therein. Defendant has been in law enforcement for over 30 years and has testified in hundreds of cases. This request is overly broad, unduly burdensome and oppressive.

**DEFENDANT WARREN'S ARGUMENT**: Plaintiff has already secured a copy of Sheriff Warren's deposition from counsel for Macon County Investments, Inc., a Plaintiff in a lawsuit pending in this court against Defendant Warren. If compelled to produce as requested, Sheriff Warren must pay for photocopies and related expenses. His deposition lasted several hours. Attached to the transcript were hundreds of pages of exhibits. Plaintiffs' counsel can likely obtain the requested documents from Plaintiffs' counsel for Macon County Investments or Reach One Teach One, another plaintiff in the same case, with whom he has communicated throughout the course of this litigation. Irrespective of his ability to secure the discovery from said attorneys, to compel production by Defendant Warren requires the expenditure of additional resources in terms of time and money and places him in the untenable position of helping the opposing parties'

attorneys prepare to cross examine him at deposition. To compel production as requested would be oppressive and result in an undue burden placed upon this defendant. The Motion to Compel with respect to request #40 is due to be denied.

**PLAINTIFF CHARITIES' REQUEST #42**. Please produce any and all documents that have been produced in *Macon County Investments v. Warren, 3:06-cv-00224-WKW-CSC (M.D.* Ala.).

**DEFENDANT WARREN'S RESPONSE:** Objection. This request is overly broad, unduly burdensome and oppressive. Defendant avers that this request is intended to harass and cause Defendant undue expense. The file is available at the Clerk of the Court of the Middle District of Alabama.

**DEFENDANT WARREN'S ARGUMENT:** The request is unduly burdensome. The discovery in *Macon County Investments v. Warren* consists of three 3-ring binders of documents. The Sheriff does not maintain these records – his attorney does. Photocopying the same would result in a considerable expenditure of time and money. Plaintiffs have filed the instant action and amendments thereto, hoping to cast enough claims in the water so that perhaps one will land and attract the favorable attention of a trier of fact. Plaintiffs' action has largely shifted from an action centered around the question of constitutionality of acts of an officer (Sheriff Warren), bingo rules and regulations and denial of Class B (charity) licenses to a fishing expedition; unfounded, spurious and false allegations and unwarranted attacks upon attorneys. To compel the same would creat an undue burden and be very oppressive. To

10

compel the Sheriff to, in effect, assist Plaintiffs' counsel in their preparation of an all out assault of his work, character and his attorneys is likewise unduly burdensome and oppressive. Sheriff Warren does not have the facilities to photocopy the requested documents. The Motion to Compel is due to be denied.

*Macon County Investments v. Warren* is a one-count cause of action brought by a for profit corporation and a charity against Sheriff Warren alleging violation of equal protection rights. The instant action alleges violation of the equal protection clause and conspiracy to deprive Plaintiffs of the equal protection of the laws. Plaintiffs have filed a Motion for Leave to File a Third Amended Complaint and proposed Complaint that purports to allege in addition to civil causes of action, bribery, racketeering and other crimes. The instant case and the Macon County Investments case are not related nor have they been consolidated for discovery or trial purposes. Plaintiffs are not entitled to the requested documents; rather they seek to circumvent established rules limiting discovery by asking this Court to compel Defendant Warren to give them the benefit of other parties' full discovery and such an abuse of the rules should not be allowed. Such is unduly burdensome and oppressive to Sheriff Warren. The Motion to Compel with respect to request #42 is due to be denied.

Respectfully submitted this 8th day of June, 2007.

                                                      s /Fred D. Gray, Jr.
                                                      Fred D. Gray     (GRA022)
                                                      Fred D. Gray, Jr. (GRA044)
                                                      Attorneys for Defendant,
                                                      David Warren, Sheriff of Macon County,
                                                      Alabama

**OF COUNSEL:**
GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:   334-727-4830
Facsimile:    334-727-5877
fgray@glsmgn.com
fgrayjr@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following via electronic mail, on this the 8th day of May, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

John M. Bolton, III, Esq.
Charlanna W. Spencer, Esq.
Sasser, Bolton, Stidham & Sefton, P.C.
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

Augusta S. Dowd, Esq.
J. Mark White, Esq.
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, AL 35203
jmarkwhite@waadlaw.com
adowd@waadlaw.com

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
wms@hsy.com
pt@hsy.com

Fred D. Gray, Jr.
OF COUNSEL



EXHIBIT

| | |
|---|---|
| From: | thalia <thalia@glsmgn.com> |
| To: | <msansbury@spotswoodllc.com>,<rks@spotswoodllc.com>,<adowd@waadlaw.com>,<cspencer@sasserlawfirm.com>,<jbolton@sasserlawfirm.com>,<mwhite@ |
| CC: | <fgrayjr@glsmgn.com> |
| Subject: | Hope for Families v. Warren |
| Attachments: | RFP Bates 197-234.pdf |

Counsel,

Please find attached documents produced as Defendant Warren's supplemental response to Plaintiffs' 1st Request for Production of Documents number 30. These documents are Bates numbered D0197 through D0234. If you have any questions, feel free to contact Fred.

***************************************************
Thalia R. Hardnett
Legal Assistant to Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083
Telephone: 334.727.4830 ext. 3015
Facsimile: 334.727.5877
thalia@glsmgn.com
***************************************************