IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' REPLY TO RESPONSE TO ORDER TO SHOW CAUSE WHY PLAINTIFFS' MOTION TO COMPEL SHOULD NOT BE GRANTED**

In support of their Motion to Compel (DE 42) and in reply to the arguments of Defendant David Warren in his response (DE 53) to this Court's Order to show cause why Plaintiffs' Motion to Compel should not be granted (DE 43), the Plaintiffs state as follows:

After months of conferring between Defendant Warren and the Plaintiffs, the Plaintiffs were forced to file a motion to compel. (DE 42 at ¶ 2.) In his response to the Motion to Compel, Defendant Warren makes no citations to legal authority and concedes the essential relevance of most of the documents. Furthermore, in response to several document requests, Defendant Warren belatedly makes significant concessions and argues that this Motion to Compel should be denied as moot. Finally, Defendant Warren seems to request a protective order but does not meet his burden of showing entitlement to such an order. Accordingly, for the reasons set forth below, the Plaintiffs' Motion to Compel should be granted in its entirety:

REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 30: On May 8, the date Defendant Warren's response to this Court's show cause order was due, Warren's counsel

represented to Plaintiffs' counsel that Defendant Warren no longer has any campaign filings, other than his 2006 campaign filings, in his possession. Had this representation been made sooner, Plaintiffs may have declined to file their Motion to Compel. Given the belatedness of this representation, however, the Plaintiffs request that this Court enter an order on Request # 30 that compels Defendant Warren to produce any and all campaign filings that he has in his possession or may come into his possession in the future.

Furthermore, Request # 30 seeks all documents relating to Defendant Warren's campaign contributions, not just his campaign filings. The Plaintiffs therefore request that this Court enter an order compelling Defendant Warren to produce any and all documents relating to campaign contributions that he has in his possession or may come into his possession in the future. If there are no such documents, then this Court should order Defendant Warren to so represent in his amended responses to the Plaintiffs' document requests.

REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 31: On May 8, Warren's counsel represented to Plaintiffs' counsel that the only property purchased by Defendant Warren since January 1, 2003, was Warren's lot and home on Highway 80. Based on that representation, and the representation that Defendant Warren's only source of income has been his employment as Sheriff, Plaintiffs' counsel indicated that the production of the deed, mortgage, and settlement statement would satisfy this Request. Given the belatedness of that representation, however, this Court should enter an order compelling Defendant Warren to produce the documents requested in Request # 31.

Defendant Warren also mentions, as an aside, his desire for a protective order. That mention does not satisfy Defendant Warren's burden under Rule 26(c). Rule 26(c) grants this Court the following authority regarding protective orders:

2

> Upon motion by a party or by the person from whom discovery is sought, [1] accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and [2] for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Pursuant to this rule, the party seeking the protective order bears the burden of demonstrating good cause. *Capital Properties, Inc. v. United States*, 49 Fed. Cl. 607, 611 (2001). A party establishes good cause by specifically demonstrating that "disclosure will cause a clearly defined and serious injury." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995). "Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Id.*

Defendant Warren has not satisfied his burden under Rule 26(c). First, Defendant Warren has not filed a motion for a protective order. Second, even if Defendant Warren's aside may be construed as a motion, Defendant Warren has not certified that he has conferred in good faith with the other parties to this matter regarding a protective order. Third, Defendant Warren does not make even "broad allegations of harm" resulting from disclosure; he asserts only that the requested documents are "personal and confidential." (DE 53 at 4.) In the absence of "specific examples," Defendant Warren has simply failed to meet his burden of showing "good cause" pursuant to Rule 26(c).

REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 32: Warren's counsel agreed to produce Defendant Warren's W-2 forms for the years 2003-2006. Plaintiffs' counsel agreed to accept this production upon a representation that those forms listed all income earned by Defendant Warren for the years 2003-2006. Defendant Warren has not made the agreed-upon representation in his response, and this Court should therefore grant the Plaintiffs' Motion to Compel as to Request # 32.

<u>REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 33</u>: Defendant Warren's argument with respect to the tax returns is unclear. He concedes that he is willing to produce the returns, subject to a protective order. However, Defendant Warren, again, does not substantiate his desire for a protective order or otherwise satisfy the requirements of Rule 26(c).[1]

Then, despite his statement that he does not object to producing the tax returns, Defendant Warren asserts that the returns are not relevant, but, in support of this assertion, Defendant Warren argues only that Plaintiffs' argument—that the tax returns will show either that Defendant Warren has received financial benefits or is financially vulnerable—is "speculation and conjecture." (DE 53 at 7.) The standard for decision, however, is whether there is "'any possibility that the information sought may be relevant to the subject matter of the action.'" *Mallinckrodt Chemical Works v. Goldman, Sachs*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting C. Wright, Law of Federal Courts § 81, at 359 n. 47 (2nd ed. 1970)). The information sought in Request # 33 is essential to establishing Defendant Warren's overall financial picture, so that the Plaintiffs may determine whether (1) Defendant Warren has received financial benefits from his co-conspirators or (2) Defendant Warren is financially vulnerable. This determination would, in turn, give some indication of Defendant Warren's motive for joining the alleged conspiracy. Thus, the requested information is not only "possibly" relevant; it is extremely likely to be relevant.

If Defendant Warren's wife wishes to be heard on this issue, then there are procedures enabling her to do so. Because she has not availed herself of those procedures, any assertions that she desires to be heard are truly "speculation and conjecture."

---

[1] Defendant Warren asserts that his tax return for 2003 contains some information "of a confidential nature that cannot be disclosed or revealed without penalty" (DE 53 at 6), but he does not say what that information might be or describe the harm that might arise from its disclosure. Accordingly, Defendant Warren has again failed to show "good cause."

4

REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 34: Defendant Warren states that he is willing to produce documents that show any outstanding loans only under a protective order. Because Defendant Warren, again, has not shown "good cause" under Rule 26(c), this Court should grant the Motion to Compel a response to Request # 34 without a protective order.

REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 36: Defendant Warren states that he does not object to providing information relating to his personal accounts. (DE 53 at 8-9.) Accordingly, this Court should order him to produce that information forthwith.

Defendant Warren also argues that providing information with respect to his joint accounts would "violate other individuals' (including his wife's) rights to privacy" and that the information is not relevant. (DE 53 at 9.) Defendant Warren offers no support for his "rights to privacy" argument, and this Court should therefore disregard it. Furthermore, Defendant Warren's joint accounts are as relevant to his financial position as his individual accounts. This Court should compel the production of all documents responsive to Request # 36.

REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 40: Defendant Warren's only objections to Request # 40 appear to be that producing the requested documents would be (1) expensive and (2) helpful to the Plaintiffs. Neither of these arguments provide a basis for denying the Motion to Compel.

First, if it is too expensive for Defendant Warren to photocopy the requested documents, the Plaintiffs are perfectly willing to photocopy the documents themselves. Defendant Warren has never suggested to the Plaintiffs that they do so.

Second, discovery often forces a party to turn over documents that may be helpful to the other side. Having to do so is neither oppressive nor unduly burdensome.

Accordingly, this Court should compel the production of the documents requested in Request # 40 that relate to bingo, Milton McGregor, or VictoryLand.

<u>REPLY IN SUPPORT OF PLAINTIFF CHARITIES' REQUEST # 42</u>: Defendant Warren appears to argue (1) that photocopying the requested documents is expensive and (2) that the requested documents are not relevant.

First, as discussed above, if it is too expensive for Defendant Warren to photocopy the requested documents, the Plaintiffs are perfectly willing to photocopy the documents themselves. Defendant Warren has never suggested to the Plaintiffs that they do so.

Second, while the complaint in *Macon County Investments v. Warren* contains only one count, that count—for violation of the plaintiffs' equal protection rights—is identical to one of the counts in the Plaintiffs' complaint. Because those counts arise out of the same facts and circumstances, the documents that have been produced in *Macon County Investments v. Warren* maybe be, and are likely to be, relevant to this case.

Accordingly, this Court should compel production of the documents responsive to Request # 42.

WHEREFORE, the Charities request that this Court issue an Order compelling Defendant Warren to respond completely, immediately, and without claim of privilege or objections to the Plaintiff Charities' First Request for Production of Documents Nos. 30-34, 36, 40, and 42.

DATED: June 11, 2007.

        Respectfully submitted,

        s/ Michael T. Sansbury
        Robert K. Spotswood (SPO 001)
        Michael T. Sansbury (SAN 054)
        SPOTSWOOD SANSOM & SANSBURY LLC
        940 Concord Center
        2100 Third Avenue North
        Birmingham, Alabama  35213
        Telephone: (205) 986-3620
        Fax: (205) 986-3639
        E-mail:  rks@spotswoodllc.com
             msansbury@spotswoodllc.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail: fgray@glsmgn.com
    jbibb@glsmgn.com
    fgrayjr@glsmgn.com
    thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail: wms@hsy.com
    pcd@hsy.com
    pt@hsy.com
    kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail: mwhite@waadlaw.com
    adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail: jbolton@sasserlawfirm.com
    cspencer@sasserlawfirm.com

        s/ Michael T. Sansbury
        OF COUNSEL