IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC<br>) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
WHY FEES, COSTS, AND EXPENSES SHOULD NOT BE AWARDED
TO DEFENDANTS MCGREGOR AND VICTORYLAND**

The Plaintiff Charities respond as follows to this Court's order to show cause why the fees, costs, and expenses requested by Defendants McGregor and VictoryLand should not be awarded:

1. The fees, costs, and expenses requested by Defendants McGregor and Victoryland should not be awarded for four reasons. First, the Charities had a right to amend their complaint against Defendants McGregor and VictoryLand once as a matter of course, and this Court should not impose conditions on the Charities' exercise of that right. Second, the proper procedure for seeking fees, costs, and expenses in the pleadings stage is set forth in Rule 11 of the Federal Rules of Civil Procedure, which itself provides a "safe harbor" for the withdrawal or correction of a challenged pleading. Third, if this Court is inclined to impose any sanction, it should be the dismissal with prejudice of the Charities' claim under 42 U.S.C. § 1985(3), not an award of fees, costs, and expenses. Fourth, it would be unfair to impose any conditions on the filing of the

Second Amended Complaint after this Court has already ordered the Charities to file the Second Amended Complaint. If this Court is nevertheless inclined to impose fees, costs, and expenses on the Charities, it should vastly reduce the amount requested by Defendants McGregor and VictoryLand.

2.   Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). "For purposes of this Rule, a motion to dismiss is not a responsive pleading." *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) (citing *Chilivis v. SEC*, 673 F.2d 1205, 1209 (11th Cir. 1982)). "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams*, 477 F.3d at 1291 (citing *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)).

3.   The Charities served Defendants McGregor and VictoryLand with the Amended Complaint March 15, 2007. (DE 27.) Both Defendants filed motions to dismiss on April 25, 2007. (DE 34 & 36.) Because those motions to dismiss were not responsive pleadings for the purpose of Rule 15(a), the Charities had a right to amend their complaint once as a matter of course as to Defendants McGregor and VictoryLand. Accordingly, the Charities were not required to move for leave to amend as to Defendants McGregor and VictoryLand,[1] and this Court could not properly condition leave to amend on the payment of fees, costs and expenses. This Court should deny an award of fees, costs, and expenses on this basis alone.

---

[1] The Charities nevertheless moved for leave to amend because Defendant Warren filed an answer to their original Complaint and the Charities could not amend as of right with regard to Defendant Warren.

4.      Even in the absence of the Charities' right to amend, this Court should still decline to award fees, costs and expenses to Defendants McGregor and VictoryLand. The purpose of Rule 12(b)(6) is to alert a plaintiff of defects in his complaint:

> Under Rule 12(b)(6), a plaintiff with an arguable[2] claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams*, 490 U.S. 319, 329-330, 109 S. Ct. 1827, 1834 (1989) (footnote omitted). In this case, the motions to dismiss filed by Defendants McGregor and VictoryLand alerted the Charities to a defect in their civil rights claim. The Charities corrected that defect immediately. Thus, Rule 12(b)(6) worked as it was intended to work.

5.      In fact, Defendants McGregor and VictoryLand did not even need to extensively brief a Rule 12 motion in order to eliminate the 42 U.S.C. § 1985(3) claim. Shortly after McGregor and VictoryLand were added as Defendants, counsel for Defendant VictoryLand requested an extension of time to respond to the Amended Complaint on behalf of Defendants McGregor and VictoryLand, and counsel for the Charities consented to that extension. (DE 28 at ¶ 3.) Thus, the lines of communication were open between counsel. If Defendants' counsel had pointed out—even informally—a fatal defect in the Charities' claim under 42 U.S.C. § 1985(3), the Charities' counsel would have taken immediate steps to correct it. While the Charities do not blame Defendants McGregor and VictoryLand for the mistake, the consequences of that mistake could have easily been avoided or mitigated.

---

[2] As noted below, *see infra* at ¶ 11, the Amended Complaint adequately pleaded a conspiracy claim against Defendants McGregor and VictoryLand pursuant to 42 U.S.C. § 1983.

6. None of the cases cited by Defendants McGregor and VictoryLand in support of their request for fees, costs, and expenses arise in the context of responses to Rule 12(b)(6). That is because the proper method for seeking sanctions with regard to a faulty pleading is Rule 11 of the Federal Rules. *See* Fed. R. Civ. P. 11. Even under Rule 11, however, parties are given a "safe harbor" under which they may withdraw and correct their pleadings. *See* Fed. R. Civ. P. 11(c)(1)(A) (giving a party 21 days to withdraw or correct a pleading after service of a motion for sanctions). That safe harbor is consistent with the purpose of the Federal Rules. *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 103 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

7. In the cases cited by Defendants McGregor and VictoryLand, fees, costs, and expenses were awarded when pleadings were amended, not in the pleadings stage, but after extensive litigation. *See Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 685 (N.D. Ga. 1997) (fees and expenses awarded when plaintiffs sought to dismiss class allegations on the day that class-related discovery ended); *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1504 (9th Cir. 1995) (costs awarded when defendant amended counterclaims after eighteen months of litigation).[3]

8. The scenario at issue here is more closely analogous to the scenario at issue in *Shilling v. Northwestern Mut. Life Ins. Co.*, 423 F. Supp. 2d 513 (D. Md. 2006). In *Shilling*, the plaintiff filed suit in state court, and the defendants removed the case on the basis that plaintiff's complaint stated a federal claim. *Id.* at 515. Plaintiff then amended his complaint to remove the

---

[3] In the other two cases cited by Defendants McGregor and Victoryland, *Local 783, Allied Indus. Workers of America v. General Electric Co.*, 471 F.2d 751, 756 (6th Cir. 1973), and *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981), the courts did not impose costs as a condition of amendment.

federal claim, and the court remanded. *Id.* at 515-16. Several months later, the plaintiff amended his state-court complaint to add a claim under the federal Age Discrimination in Employment Act ("ADEA"). *Id.* at 516. The defendants again removed the case, and the plaintiff, again, sought to amend his complaint to remove the federal claim. *Id.* The defendant then asked for fees, costs, and expenses as a condition of amendment. The district court declined to award fees, costs, and expenses, reasoning as follows:

> Although Defendants have incurred expenses in the removal and remand process, they have gained something as well. Namely, Plaintiff has agreed to dismiss his ADEA claim with prejudice. As a result, Plaintiff's age discrimination claim is out of the case, and Plaintiff can never again assert an ADEA claim against Defendants. Moreover, there is no evidence that Plaintiff has acted in bad faith or with the intent to cause Defendants to expend unnecessary resources in the case.

*Shilling*, 423 F. Supp. 2d at 520 (footnote omitted).[4]

9.     *Shilling*'s reasoning applies equally to this case. While Defendants McGregor and VictoryLand have incurred expenses in the Rule 12(b)(6) process, they have gained something as well. Namely, the Charities have dismissed their claim under 42 U.S.C. § 1985(3). Furthermore, there is no evidence that the Charities acted in bad faith and with the intent to cause Defendants McGregor and VictoryLand to expend unnecessary resources. Rather, the Charities made a mistake that, when identified, was immediately corrected. Awarding fees to Defendants McGregor and VictoryLand in these circumstances would fly in the face of the American Rule. *See Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003) ("Under the 'American Rule,' United States courts follow "'a general practice of not

---

[4] *See also Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273, 280 (S.D.N.Y. 1970) (declining to impose costs and fees "in light of all the facts presently before us, including the comparative promptness with which amendments have been sought (first within two months of the commencement of the action, now within approximately six months thereof), the fact that the amendments are based in part on the consummation of the merger, which occurred after the original complaint was filed, and the fact that discovery and other pretrial procedures have not yet been initiated.").

5

awarding fees to a prevailing party"' in a suit.") (quoting *Buckhannon Board & Care Home, Inc., v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L.Ed.2d 797 (1994))).

10.  If this Court is nevertheless inclined to impose a sanction on the Charities, the appropriate sanction would be to dismiss the Charities' claim under 42 U.S.C. § 1985(3) with prejudice. Such a sanction is appropriate to ensure that Defendants McGregor and VictoryLand do not have to defend against the claim again. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the 'defendant cannot be made to defend again.'") (quoting *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965)); *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 603-04 (N.D. Ill. 1993) (stating that plaintiffs' dismissal with prejudice of federal claims "has the net result of defendant no longer being in jeopardy of defending the federal claim again; thus with an order of voluntary dismissal *with prejudice*, an award of fees would not be appropriate") (emphasis in original).

11.  Finally, it would be unfair to impose fees, costs, and expenses as a condition of amendment after this Court has already ordered the Charities to file their Second Amended Complaint.[5] If the Charities were faced with a choice between paying fees, costs, and expenses and not filing the Second Amended Complaint, the Charities would have chosen not to file the Second Amended Complaint. After all, as pointed out in the Charities' Response to Defendants' Motions to Dismiss, "[a] court may dismiss a complaint 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" *Ellis v.*

---

[5] In contrast, the *Anderberg* court imposed fees and expenses as a condition of amendment but allowed the plaintiffs an opportunity to consider the amount of those fees and expenses before deciding whether to amend their complaint. *See Anderberg*, 176 F.R.D. at 691.

*General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984)), and the Charities would be entitled, pursuant to 42 U.S.C. § 1983, to relief on their conspiracy claim against Defendant McGregor and VictoryLand for the facts alleged in the Amended Complaint. (DE 41 at ¶ 6.) Accordingly, the Amended Complaint was a viable complaint under the liberal rules of pleading set forth in the Federal Rules, and the Charities would have chosen to proceed with the Amended Complaint—at least until they moved for leave to file the Third Amended Complaint—if this Court had imposed fees, costs, and expenses as a condition of filing the Second Amended Complaint.

12.    If this Court decides that an award of fees, costs, and expenses is nevertheless appropriate, the Charities request that this Court award an amount in fees that is vastly lower than the $23,038.75 requested by Defendants McGregor and VictoryLand.

13.    First, the Declaration of John M. Bolton III states that its chart "reflects the time spent by the attorneys on this litigation from March 2, 2007 through April 3, 2007" (DE 56 Ex. A at ¶ 6) and that, "[f]rom March 2, 2007 through April 23, 2007, my firm has incurred a total of 60 hours on behalf of Mr. McGregor in this litigation" (DE 56 Ex. A at ¶ 7). This Court should not award fees for all of the time spent on this litigation. Instead, it should award fees solely for the time spent on preparing that portion of the motion to dismiss related to the claims under 42 U.S.C. § 1985(3).

14.    Second, in evaluating fee claims, the Eleventh Circuit "contemplate[s] a task-by-task examination of the hours billed." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1398 (11th Cir. 1996); *Loranger v. Stierheim*, 10 F.3d 776, 782-83 (11th Cir. 1994)). Furthermore, it is the

applicants' burden "to submit a request for fees that will enable the court to determine what time was reasonably expended . . . ." *Loranger*, 10 F.3d at 782 (citing *Webb v. Board of Educ. of Dyer County*, 471 U.S. 234, 242, 105 S. Ct. 1923, 1928 (1985)); *see also Barnes*, 168 F.3d at 432 ("The 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours.'") (quoting *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). The applications submitted by Defendants McGregor and VictoryLand do not enable this Court to perform the required task-by-task examination.

15.  Third, "[r]edundant hours must be excluded from the reasonable hours claimed by the fee applicant." *Barnes*, 168 F.3d at 432 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983)). "Such 'hours generally occur where more than one attorney represents a client.'" *Barnes*, 168 F.3d at 432 (citing *Norman*, 836 F.2d at 1301-02). While such hours may be recovered if the applicant shows "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation," that burden "is not a make-believe burden." *Barnes*, 168 F.3d at 432. In this case, the applications do not even attempt to show that the time spent by each lawyer reflects their distinct contribution or is the customary practice.

WHEREFORE, the Charities pray that this Court deny Defendants McGregor and VictoryLand's request for fees, costs, and expenses. If this Court nevertheless grants the request, it should vastly reduce the requested amount.

DATED: June 12, 2007.

Respectfully submitted,

s/ Robert K. Spotswood
s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:        rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

       I hereby certify that on June 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:     fgray@glsmgn.com
            jbibb@glsmgn.com
            fgrayjr@glsmgn.com
            thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:     wms@hsy.com
            pcd@hsy.com
            pt@hsy.com
            kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:     mwhite@waadlaw.com
            adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:     jbolton@sasserlawfirm.com
            cspencer@sasserlawfirm.com

                                              s/ Michael T. Sansbury
                                              OF COUNSEL