IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )     3:06-cv-01113-WKW ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY; MILTON MCGREGOR; MACON COUNTY GREYHOUND PARK, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**JOINT RESPONSE TO SHOW CAUSE ORDER**
**REGARDING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Defendants Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") and Milton McGregor ("McGregor") file this joint response to the Court's Order for Defendants to show cause why the Motion for Leave to File Third Amended Complaint should not be granted (Doc. #50). For the reasons set forth herein, leave to amend should be granted only upon the condition that all the dates in the current Scheduling Order, including the trial date, be extended to avoid prejudice to the Defendants.

The proposed Third Amended Complaint radically broadens the scope and breadth of this case. Plaintiffs seek to add a new type of Plaintiff -- Lucky Palace, LLC, an out-of-state gaming interest that is seeking to build and operate a bingo casino in Macon County -- to the 17 not-for-profit Macon County Plaintiffs already in the case who seek electronic bingo licenses and damages. (*See* Doc. 49-1, p. 2, ¶ 3) In addition, Plaintiffs also seek to greatly expand the causes of action alleged in the Complaint. Plaintiffs are seeking to add not only claims for tortious interference with

1

contracts and tortious interference with prospective business relationships, but also to add complex and scathing RICO claims alleging bribery of a public servant, who Plaintiffs' allege is one of the Defendant Sheriff's lawyers in this very case, Fred Gray Jr., whom Plaintiffs further allege has also been counsel for Defendants Victoryland and McGregor. (*See, e.g.,* Doc. 49-2, ¶¶ 1, 2, 3, 27-30, 69-72).  Thus, the case as Plaintiffs <u>now</u> seek to file it involves an alleged multi-faceted criminal conspiracy allegedly involving one of the Defendants' current trial counsel. There is simply no way for Victoryland and McGregor to adequately prepare defenses for such complicated claims under the current Scheduling Order, which was established before they were even added as parties to this case. Accordingly, leave to amend should be conditioned on an extension of the current case deadlines for the following reasons:

### 1. **Leave to Amend Can Be Conditioned to Avoid Undue Prejudice.**

The granting of leave to amend "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967) (internal citations omitted).[1] It has long been established that a Court may deny a motion for leave to amend or condition such amendment to avoid undue prejudice to the defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). *Journal Pub. Co. v. American Home Assur. Co.*, 771 F. Supp. 632, 638 (D.C.N.Y. 1991) (entitling defendant to additional discovery when granting leave to amend). Undue prejudice can result when a party has inadequate time to prepare a defense. *Cf. Journal Pub .Co,* 771 F.Supp. at

---

[1] Decisions of the Fifth Circuit predating October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

638. ) (where plaintiff was granted leave to amend complaint, defendant was entitled to additional discovery needed in connection with the new allegations in order "to avoid any possible prejudice to defendants caused by the amended complaint").

### 2. Undue Prejudice Will Result if the Third Amendment is Allowed Without Extending the Current Scheduling Order Deadlines.

Here, Victoryland and McGregor would be unduly prejudiced if Plaintiffs were allowed to file a Third Amended Complaint and the deadlines set forth in the current Scheduling Order (which dates were set before Victoryland and McGregor were added as parties) were not extended. The Scheduling Order was issued on March 8, 2007. (Doc. #23). At that time, the case included only one defendant, the Sheriff, and there was only one cause of action (*see* Doc. #1-1), yet the parties were given over one (1) year to prepare for trial. (*See* Doc. # 23, Section 1). Likewise, the original parties were allowed almost seven (7) months to complete discovery, and nearly seven and ½ months to file dispositive motions. (*See* Doc. 23, Section 7).

The Second Amended Complaint (Doc. #51), which was filed only a week ago, contains 69 paragraphs of allegations and is 16 pages long. By contrast, the proposed Third Amended Complaint (Doc. # 49) contains 148 paragraphs of allegations and is 38 pages long. If the Third Amended Complaint were filed <u>today</u>, the case would have three defendants and an additional and new type Plaintiff in addition to the 17 existing Plaintiffs, as well as multiple causes of action including a complex RICO conspiracy, yet Defendants Victoryland and McGregor would have only 108 days to complete discovery, four months to file dispositive motions, and less than nine (9) months to prepare the complex case for trial. (*See* Doc. # 23, Sections, 1, 2, and 7). Therefore, allowing the Plaintiffs leave to file their Third Amended Complaint, while adhering to the current Scheduling Order, would greatly prejudice Victoryland and McGregor in their ability to defend in this cause, particularly in

light of the continually and radically changing complaint.

### 3. The Dates in the Current Scheduling Order Do Not Meet the Requirements of the Causes of Action Set Forth in the Third Amended Complaint.

The discovery related to the Third Amended Complaint will take far longer to complete than the 108 days remaining for discovery in the current Scheduling Order. Given the large number of Plaintiffs and the lengthy new allegations in the Third Amended Complaint, a significant number of depositions will be required. Moreover, Plaintiffs have conceded that the current Scheduling Order is unworkable by seeking and receiving a suspension and thereby extension of the deadlines for naming expert witnesses. (*See* Docs. # 52, 55). Furthermore, the Court has acknowledged that the filing of a Third Amended Complaint will necessitate a further scheduling conference and potentially an extension of the dates in the present Scheduling Order. (*See* Doc. 48, ¶ 3) ("Should the plaintiffs seek leave to file a third amended complaint, the court will schedule a status conference . . . ").

### CONCLUSION

In the event the Court allows the Plaintiffs leave to file a Third Amended Complaint, such leave should be conditioned upon an extension of the current deadlines in the Scheduling Order, including the trial date, to avoid undue prejudice to Victoryland and McGregor.

s/ *Peter J. Tepley*
Peter J. Tepley (ASB-1112-T46P)
One of the Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

s/ *John M. Bolton, III*
John M. Bolton, III (ASB-0999-N68J)
One of the Attorneys for Defendant Milton McGregor

OF COUNSEL:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
J. Mark White (ASB-5029-H66J)
Rebecca G. DePalma (ASB-4105-D57R)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com
E-mail: rdepalma@waadlaw.com

OF COUNSEL:
Charlanna W. Spencer (ASB-6860-R62C)
John M. Bolton, III (ASB-099-N68J)
**Sasser, Bolton & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
Tel: (334) 532-3400
Fax: (334)532-3434
E-mail: jbolton@sasserlawfirm.com
E-mail: cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T, Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL 35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
**Beers, Anderson, Jackson, Patty,**
  **Van Heest & Fawal, P.C.**
P.O. Box 1988
Montgomery, AL 36102

                                                  s/   *Peter J. Tepley*
                                                  Of Counsel