IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |
|---|---|
| **HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al.,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| **DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al.,** ) ) ) ) ) | **OPPOSED** |
| **Defendants.** ) ) | |

## JOINT MOTION TO COMPEL

**COME NOW** Defendants, Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland") and Milton McGregor ("McGregor"), and respectfully move this Honorable Court, pursuant to Local Rules for the United States District Court for the Middle District of Alabama, the Civil Justice Expense and Delay Reduction Plan, the Federal Rules of Civil Procedure, and the Alabama Rules of Professional Conduct, to compel Plaintiffs to produce documents obtained as a result of any of Plaintiffs' subpoenas which have been issued to non-parties pursuant to Rule 45 of the Fed. R. Civ. Proc. and to order all parties to make available for copying to each side, upon request, any and all discovery materials produced pursuant to Rule 45 subpoenas to non-parties.

1

## INTRODUCTION

Plaintiffs continue to maintain an inconsistent position in this litigation. In Plaintiffs' Response to Order to Show Cause Why Fees, Costs, and Expenses Should Not Be Awarded to Defendants McGregor and Victoryland, Plaintiffs maintained that "the lines of communication were open between counsel." Plaintiffs then went on to say that because the lines of communication were open between counsel, Defendants should have advised Plaintiffs' counsel of the flaw in Plaintiffs' Complaint. However, Plaintiffs only contemplate the "lines of communication" flowing in one direction. Although Plaintiffs want Defendants to communicate to them flaws in their pleadings, Plaintiffs refuse to extend to Defendants the common courtesy of access to Rule 45 documents. On the several occasions Defendants have requested that Plaintiffs provide copies of documents received pursuant to any Rule 45 subpoenas, Plaintiffs have refused to do so.

Moreover, Plaintiffs stated at the Rule 26 Planning Meeting held on June 27, 2007 that they intend to push for the original March 10, 2008 trial date. Plaintiffs' position is reflected in the Report of Parties Planning Meeting which will be filed on June 29, 2007. However, Plaintiffs' refusal to promptly make available to Defendants their Rule 45 materials is inconsistent with Plaintiffs' request for an expedited trial. Such a refusal serves no purpose other than to cause unnecessary delay in the discovery process, which is completely inconsistent with Plaintiffs' plea for an expedited trial.

Defendants that their Motion to Compel should be granted for the following reasons:

1. Pursuant to Rule 45 of the Fed. R. Civ. Proc., Plaintiffs issued subpoenas to non-parties.

2.      John Bolton, counsel for McGregor, orally requested that Plaintiffs' counsel provide copies of documents received pursuant to any Rule 45 subpoenas served. It is the usual and customary practice in this jurisdiction to extend the courtesy of providing Rule 45 documents to opposing counsel. Plaintiff's counsel indicated he would do so. However, no documents were provided or made available for copying pursuant to this request.

3.      On May 3, 2007, Augusta Dowd, Counsel for Victoryland, requested by email that Plaintiffs' counsel provide copies of documents received pursuant to any Rule 45 subpoenas served. No documents were provided or made available for copying pursuant to this request.

4.      On June 6, 2007, Ms. Dowd inquired as to whether Plaintiffs' counsel had received any documents as a result of Rule 45 subpoenas, and if so, she requested Plaintiffs provide a copy to her and she would distribute to the other Defendants. Plaintiffs' counsel refused to extend this routine courtesy, instead demanding that if Defendants wanted copies of these documents they could file discovery requests pursuant to Rule 34 on Plaintiffs. Counsel for Victoryland, Mark White, also tried to persuade Plaintiffs' counsel to adhere to the usual courtesy extended by counsel in this jurisdiction, but once again Plaintiffs' counsel refused. To date, no Rule 45 subpoenaed documents have been provided by the Plaintiffs or made available for copying.

5.      Absent this court's order compelling Plaintiffs' counsel to make these documents available for copying, the refusal by Plaintiffs' counsel to extend this basic courtesy has left Defendants two alternatives: (1) each time a Rule 45 is issued, they can file discovery requests pursuant to Rule 34 as suggested by Plaintiffs' counsel (and obtain production in 30 or more days), or (2) each time a Rule 45 is issued, they can re-subpoena the documents from the same

third parties. Neither option serves the purposes of judicial economy and efficiency, not to mention basic civility among counsel.

      6.      Local Rules for the United States District Court for the Middle District of Alabama provide that "During the pendency of any case the custodian of any discovery materials, other than depositions, shall provide to counsel for all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party." Local Rule 5.1(d). Plaintiffs obtained these documents through the discovery process and are, therefore, custodians of these discovery materials within the meaning of Local Rule 5.1(d). Further, Plaintiffs have admitted that any documents obtained per a Rule 45 subpoena are discoverable but have maintained that they would not make these discovery documents available absent a Rule 34 Request from Defendants to Plaintiffs. As discoverable documents, any documents received by Plaintiffs per a Rule 45 subpoena are also subject to Local Rule 5.1(d). Therefore, as custodian of these subpoenaed documents, Plaintiffs are obligated per Local Rule 5.1(d) to provide Defendants with reasonable access to these documents and an opportunity to duplicate the materials. Plaintiffs have not complied with the letter or the spirit of Local Rule 5.1(d).

      7.      Rule 26(c) of the Fed. R. Civ. Proc. concerning Protective Orders states that "Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense..." Requiring the third parties in this case to produce the information twice, once to the Plaintiffs and a second time to the Defendants, would cause annoyance, and undue burden and expense to these third parties. Defendants therefore request that the Court make an order to protect these third parties by requiring that the party receiving Rule 45 documents provide them to opposing counsel.

8. Further, the Civil Justice Expense and Delay Plan for the Middle District of Alabama, implemented November 22, 1993, requires the court to consider procedures which encourage the litigants to exchange information voluntarily and to use cooperative discovery devices. Specifically, the Plan states that at the Scheduling Conference the judge should discuss with the parties and in appropriate cases, require the exchange information voluntarily and to use cooperative discovery devices in the court's scheduling order. Civil Justice Expense and Delay Plan for the Middle District of Alabama, Section V., 28 U.S.C. § 473(a)(4). Defendants contend that to encourage the voluntary exchange of information, this Court require per its scheduling order that all parties be required to timely provide opposing counsel with copies of any and all documents received pursuant to Rule 45 subpoenas.

9. Local Rules for the United States District Court for the Middle District of Alabama provide that attorneys admitted to practice before the Court must adhere to the Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline and to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct. Local Rule Section 83.1(f).

10. Rule 3.2 of the Alabama Rules of Professional Conduct requires that a lawyer make reasonable efforts to expedite litigation consistent with the interests of the client. The comments to Rule 3.2 state that the question to consider when implementing this rule is whether

a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. In this case, there can be no other purpose for Plaintiffs' counsel's refusal to provide the Rule 45 materials other than delay. Plaintiffs have conceded that Defendants are entitled to this information. The only result from requiring Defendants to file discovery requests to obtain the subpoenaed documents would be the thirty day delay Plaintiffs would be afforded prior to producing these documents.

11. Rule 4.4 of the Alabama Rules of Professional Conduct states that a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person. The comments to this rule state that: "It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons." Were Defendants forced to re-subpoena the same third parties from whom Plaintiffs had already received documents, this would certainly needlessly burden those third parties. Requiring Plaintiffs' counsel to produce these documents to Defendants is a perfect example of a legal restriction on methods of obtaining evidence contemplated by this rule.

12. Plaintiffs' counsel's refusal to provide the requested Rule 45 materials to Defendants' counsel is in direct opposition to both the Local Rules and the Rules of Professional Conduct, Rule 3.2 and 4.4. Therefore, Defendants request that this Court instruct Plaintiffs' counsel to produce the documents in question to counsel for Defendants.

13. In the interests of economy and efficiency, Defendants ask that this Court order all parties henceforth to make available to all other parties, upon request, a courtesy copy of any discovery materials produced pursuant to Rule 45 subpoenas to non-parties, whether produced prior to or following the Court's entry of its order.

**WHEREFORE PREMISES CONSIDERED** Defendants respectfully move this Court to compel Plaintiffs to produce documents obtained as a result of any of Plaintiffs' subpoenas which have been issued to non-parties pursuant to Rule 45 of the Fed. R. Civ. Proc. and to order all parties to make available for copying to each side, upon request, any and all discovery materials produced pursuant to Rule 45 subpoenas to non-parties.

Respectfully submitted,

s/ Augusta S. Dowd.
Augusta S. Dowd (ASB-5274-D58A)
One of Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

**OF COUNSEL:**

J. Mark White (ASB-5029-H66J)
Rebecca G. DePalma (ASB-4105-D57R)
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Tel:    (205) 323-1888
Fax:    (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com

s/ John M. Bolton, III.
John M. Bolton, III (ASB-0999-N68J)
One of Attorneys for Defendant Milton McGregor

**OF COUNSEL:**

Charlanna W. Spencer (ASB-6860-R62C)
**SASSER, BOLTON & SEFTON, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this <u>28th</u> day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Fred Gray
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

James H. Anderson (AND 021)
Ryan Wesley Shaw (SHA 071)
**Beers Anderson Jackson Patty Van Heest & Fawal PC**
P.O. Box 1988
Montgomery, AL  36102
janderson@beersanderson.com
wshaw@beersanderson.com

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
wms@hsy.com
pt@hsy.com

                                          s/ Augusta S. Dowd.
                                          OF COUNSEL