**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO COMPEL

In response to the Joint Motion to Compel (DE 65) filed by Defendants Macon County Greyhound Park, Inc., (hereinafter "VictoryLand") and Milton McGregor, the Plaintiffs state as follows:

1.      On May 3, 2007, immediately following the electronic service of notice of a subpoena to Alabama State Employees Credit Union, John Bolton, counsel for McGregor, initiated a telephone conversation with Michael Sansbury, counsel for the Plaintiffs.  In that conversation, Mr. Bolton requested that the Plaintiffs provide Defendant McGregor with copies of any documents received in response to that or any other subpoena.  Mr. Sansbury suggested, in response, that the parties hold a Rule 26 conference so that discovery could proceed in an orderly fashion.  (Ex. A at 1.)  Since May 3, counsel for McGregor has not mentioned the Rule 45 documents issue to counsel for the Plaintiffs.

2.      At 5:36 PM on May 3, 2007, Augusta Dowd, counsel for VictoryLand, e-mailed a request for any documents that the Plaintiffs received in response to their subpoenas.  On May 7,

Mr. Sansbury responded that a similar request had been made by Mr. Bolton and that Mr. Sansbury had suggested holding a Rule 26 conference so that discovery could proceed in an orderly fashion.  (Ex. A at 1.)[1]

3.    On May 14, 2007, the Plaintiffs served Defendants McGregor and VictoryLand with requests for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.  (Exs. B & C.)

4.    On June 4, 2007, Defendant McGregor served his initial disclosures.  Those disclosures stated that "the Defendant is unsure of . . . his obligations under Rule 26 of the *Federal Rules of Civil Procedure*."  (Ex. D at 1.)

5.    On June 5, 2007, Defendant VictoryLand served its initial disclosures.  Those disclosures stated that "Defendant believes it is under no obligation at this time to provide disclosures in this matter . . . ."  (Ex. E at 1.)

6.    On June 6, 2007, Ms. Dowd e-mailed Mr. Sansbury asking if the Plaintiffs would provide copies of any Rule 45 documents.  Mr. Sansbury responded that Rule 45 requires no such disclosure as a matter of course but that the Plaintiffs would be happy to respond to a request for production.  In response to Mr. Sansbury's e-mail, Mark White, counsel for VictoryLand, suggested that it was common courtesy for parties to provide copies of Rule 45 documents.  Mr. Sansbury immediately attempted to contact Mr. White via telephone but was unable to reach him.  (Ex. F at 1.)

---

[1] In their Joint Motion to Compel, the Defendants assert that "Plaintiff's [*sic*] counsel indicated he would [provide Rule 45 documents to opposing counsel]."  (DE 65 at 3.)  Mr. Sansbury does not recall making any such indication.  Certainly, Mr. Sansbury references no such indication in his e-mail of May 7, and Mr. Bolton references no such indication in his response.  (Ex. A at 1.)  Furthermore, Mr. Bolton has not referenced any such indication to Mr. Sansbury in any subsequent communications.

7.    On June 7, Mr. Sansbury e-mailed Mr. White concerning the Rule 45 issue.  That e-mail stated, in pertinent part, as follows:

> The plaintiffs' position is this: The newly-added defendants have indicated, in the Rule 26 disclosures, that they do not believe that discovery is appropriate at this time.  Accordingly, the plaintiffs expect that the defendants will object to the plaintiffs' document requests on the grounds that discovery has not yet commenced.  The plaintiffs do not want to provide documents to the defendants as a courtesy only to have the defendants object to providing the plaintiffs with any documents at all.
>
> If discovery has commenced in the defendants' view, then please send a Rule 34 request for the documents on behalf of the defendants. The plaintiffs will provide the requested documents promptly.

(Ex. F at 1.)  Mr. Sansbury then invited further discussion on the issue as follows: "We are happy to discuss this issue with you further.  If you do want to discuss it, please feel free to give me or Bob [Spotswood] a call."  (Ex. F at 1.)

8.    Mr. White responded to Mr. Sansbury's e-mail as follows:  "Others wiser than I are copied on this email and will be in touch . . . .  Thanks for agreeing to get [t]his resolved with civility."  (Ex. F at 1.)  Ms. Dowd and Rebecca DePalma, counsel for VictoryLand, were copied on the e-mail.  (Ex. F at 1.)  Ms. Dowd and Ms. DePalma did not contact Mr. Spotswood or Mr. Sansbury about the issue following the June 7 e-mail.  Indeed, since June 7, counsel for VictoryLand has not mentioned the Rule 45 documents issue to counsel for the Plaintiffs.

9.    On June 18, 2007, Defendants McGregor and VictoryLand responded to the Plaintiffs' Rule 34 requests for production of documents.  Defendant McGregor stated that "the Defendant is unsure of his obligations under Rule 26 of the *Federal Rules of Civil Procedure*." (Ex. G at 2.)  Defendant VictoryLand objected that "discovery is not appropriate at this time . . . ."  (Ex. H at 2.)

10.     As shown through the course of communications set forth above, the Plaintiffs have always maintained, through their counsel, that discovery in this case should proceed in accordance with the Federal Rules of Civil Procedure.  Accordingly, the Plaintiffs have asked that any requests for documents from them—including any requests for documents they have received in response to Rule 45 subpoenas—be made via Rule 34 of the Federal Rules of Civil Procedure.

11.     Crafting such a request for documents is not as difficult a task as suggested by the Defendants.  (DE 65 at 3-4.)  Under Rule 26(e)(2) of the Federal Rules of Civil Procedure, a party has a duty seasonably to amend any response to a request for production if it receives additional information.  Fed. R. Civ. P. 26(e).  Accordingly, the Defendants could request the Rule 45 documents with the following request: "Please provide any and all documents received pursuant to any Rule 45 subpoena issued in this matter."  The Plaintiffs would then be obligated to provide all such documents in their possession and all such documents that might come into their possession in the future.  Because there is no limit to the number of Rule 34 requests a party may make, such a request would not limit the ability of the Defendants to request other documents.  Furthermore, that request could be made with substantially less effort than it took the Defendants to craft their eight-page Joint Motion to Compel

12.     Once the Defendants serve their Rule 34 requests, the Plaintiffs will respond promptly—as they have already indicated.  (Ex. F at 1.)  If the Plaintiffs fail to respond, then the Defendants may move to compel under Fed. R. Civ. P. 37(a).

13.     Significantly, in the eight pages of their Joint Motion to Compel, the Defendants omit any citation to Fed. R. Civ. P. 37(a), which is entitled "Motion for Order Compelling Disclosure or Discovery."  Rule 37(a) provides for Motions to Compel in a variety of contexts—

including with regard to Rule 34, *see* Fed. R. Civ. P. 37(a)(2)(B)—but it does not provide for a motion to compel in this particular context.

14.    While Plaintiffs' counsel is mindful of its obligations under the Local Rules for the United States District Court for the Middle District of Alabama, the Civil Justice Expense and Delay Reduction Plan, and the Alabama Rules of Professional Conduct, there is no need for this Court to invent new procedural mechanisms for enforcing those obligations. Instead, those obligations are best enforced through the established, formal mechanisms of the Federal Rules of Civil Procedure. Adherence to those rules prevents parties from engaging in the sort of unfair gamesmanship that might result from less formal procedures—such as insisting, on one hand, that one side disclose documents as a matter of courtesy and maintaining, on the other hand, that discovery is inappropriate.

WHEREFORE, the Plaintiffs request that this Court deny the Defendants' Joint Motion to Compel as premature and procedurally improper.

DATED: June 29, 2007.

Respectfully submitted,

s/ Robert K. Spotswood
s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:          rks@spotswoodllc.com
                 msansbury@spotswoodllc.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:         fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:         wms@hsy.com
                pcd@hsy.com
                pt@hsy.com
                kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:         mwhite@waadlaw.com
                adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:         jbolton@sasserlawfirm.com
                cspencer@sasserlawfirm.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal PC
P.O. Box 1988
Montgomery, AL  36102
E-mail:         janderson@beersanderson.com
                wshaw@beersanderson.com

s/ Michael T. Sansbury
OF COUNSEL

## Michael Sansbury

| | |
|---|---|
| **From:** | John Bolton [jbolton@sasserlawfirm.com] |
| **Sent:** | Monday, May 07, 2007 10:48 AM |
| **To:** | Michael Sansbury; Augusta Dowd; fgray@glsmgn.com; jbibb@glsmgn.com; fgrayjr@glsmgn.com; thalia@glsmgn.com; J. Mark White; wms@hsy.com; pt@hsy.com; Charlanna Spencer |
| **Cc:** | Bob Spotswood |
| **Subject:** | RE: Hope for Families v. Warren: Notice of Issuance of Subpoena |

Michael:  first, the hearing on the motion to quash is not in this case.   however, if you plan to attend, the hearing is before judge coody.  second, i did not agree to a rule 26 conference last week.  when i asked for copies of the subpoenas, initial disclosures and any documents produced in response, you suggested that we go ahead and have a rule 26 meeting.  i told you i would have to check with co-counsel as well as the rule since i did not know if such meeting was necessary yet.  i have not done either, but will shortly.

**From:** Michael Sansbury [mailto:msansbury@spotswoodllc.com]
**Sent:** Monday, May 07, 2007 10:39 AM
**To:** Augusta Dowd; fgray@glsmgn.com; jbibb@glsmgn.com; fgrayjr@glsmgn.com; thalia@glsmgn.com; J. Mark White; wms@hsy.com; pt@hsy.com; John Bolton; Charlanna Spencer
**Cc:** Bob Spotswood
**Subject:** RE: Hope for Families v. Warren: Notice of Issuance of Subpoena

All,

John Bolton made a similar request on behalf of Mr. McGregor last week.  I suggested, and John agreed, that we should go ahead and have our Rule 26(f) conference so all such requests can be handled in an orderly fashion.  Are counsel for all parties available next week?  Perhaps it would be best to meet following Monday's hearing on the motion to quash.

Michael

**From:** Augusta Dowd [mailto:ADowd@waadlaw.com]
**Sent:** Thu 5/3/2007 5:36 PM
**To:** Michael Sansbury; fgray@glsmgn.com; jbibb@glsmgn.com; thalia@glsmgn.com; J. Mark White; wms@hsy.com; pt@hsy.com; jbolton@sasserlawfirm.com; cspencer@sasserlawfirm.com
**Cc:** Bob Spotswood; Augusta Dowd
**Subject:** RE: Hope for Families v. Warren: Notice of Issuance of Subpoena

Michael:  Will you please provide my firm with copies of all documents that you obtain pursuant to this or any other subpoena that you issue?  thanks.


Augusta S. Dowd
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL  35203
205/323-1888   Telephone
205/323-8907   Facsimile

**From:** Michael Sansbury [mailto:msansbury@spotswoodllc.com]
**Sent:** Thursday, May 03, 2007 9:50 AM
**To:** fgray@glsmgn.com; jbibb@glsmgn.com; fgrayjr@glsmgn.com; thalia@glsmgn.com; J. Mark White; Augusta Dowd; wms@hsy.com; pt@hsy.com; jbolton@sasserlawfirm.com; cspencer@sasserlawfirm.com
**Cc:** Bob Spotswood
**Subject:** Hope for Families v. Warren: Notice of Issuance of Subpoena

See attached.


Michael T. Sansbury
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Direct:  (205) 986-3623
Main:  (205) 986-3620
Fax:  (205) 986-3639
E-mail:  msansbury@spotswoodllc.com
www.spotswoodllc.com

CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGE; ATTORNEY WORK PRODUCT

Unless otherwise indicated or obvious from the nature of the above communication, the information contained in this communication is attorney-client privileged and confidential information.  The communication is intended for the use of the individual and entity named above.  If the reader of this transmission is not the intended recipient, please note that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies in your possession.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
TO MILTON MCGREGOR**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby propound the following requests for production of documents to Defendant Milton McGregor. The Plaintiffs request that the documents be tendered at the offices of BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104, by Wednesday, June 13, 2007, at 5:00 PM.

**INSTRUCTIONS AND DEFINITIONS**

1.    The terms "you," "your," and "Mr. McGregor" shall mean and refer to Mr. Milton McGregor, and any employees, agents, or representatives of Mr. McGregor, severally and individually.

2.    The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated

companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3.    The term "Sheriff Warren" shall mean and refer to David Warren, the Macon County Sheriff's office, and/or any other employers, employees, agents, or representatives of David Warren or the Macon County Sheriff's office, severally and individually.

4.    This request for documents shall apply not only to documents directly in the possession of Mr. McGregor but also to documents in the possession of others as to which Mr. McGregor has access, including but not limited to documentation in the possession of any of Mr. McGregor's employees, accountants, attorneys and relatives.

5.    Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.    This request for documents pursuant to Rule 34, Federal Rules of Civil Procedure, is intended to be of a continuing nature.  If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.    If you claim or contend that any of the documents hereby requested are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.    The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall

include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.     The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties.  For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to this request, whereby "MCGREGOR 00001" would be indicated on the first page of the first document produced, "MCGREGOR 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED

1.     Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

RESPONSE:

2.     Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:

3.     Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

RESPONSE:

4.     Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

RESPONSE:

5.     Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

RESPONSE:

6.     Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

RESPONSE:

7.     Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

RESPONSE:

8.     Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

RESPONSE:

9.     Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

RESPONSE:

10.     Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

RESPONSE:

11.     Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray or Fred Gray, Jr. relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:

12.     Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

RESPONSE:

13.     Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Fred Gray, Jr. or any other their relatives in VictoryLand.

RESPONSE:

14.     Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

RESPONSE:

15.    Please produce any and all documents in your possession or control that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

RESPONSE:

16.    Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

RESPONSE:

17.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

RESPONSE:

18.    Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

RESPONSE:

19.    Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

RESPONSE:

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

21.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

22.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

23.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

24.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff

Warren, Fred D. Gray, Fred D. Gray Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

RESPONSE:

26.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

27.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

28.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political

campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

29.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

30.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

31.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray,

or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

32.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

33.     Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

RESPONSE:

34.     Please produce any and all documents that reflect or relate to campaign contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W. Warren, including, but not limited to, any documents related to the payment of campaign debts.

RESPONSE:

35.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

36.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

RESPONSE:

37.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

RESPONSE:

38.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

RESPONSE:

39.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

40.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff

members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

     41.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

     42.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:

     43.     To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:

     44.     Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:

     45.     Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

RESPONSE:

     46.     To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

RESPONSE:

DATED: May 14, 2007.

                                   s/ Michael T. Sansbury
                                   Robert K. Spotswood (SPO 001)
                                   Michael T. Sansbury (SAN 054)
                                   SPOTSWOOD SANSOM & SANSBURY LLC
                                   940 Concord Center
                                   2100 Third Avenue North
                                   Birmingham, AL  35213
                                   Telephone: (205) 986-3620
                                   Fax: (205) 986-3639
                                   E-mail:      rks@spotswoodllc.com
                                                msansbury@spotswoodllc.com

                                   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 14th day of May 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:         fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:         wms@hsy.com
                pcd@hsy.com
                pt@hsy.com
                kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:         mwhite@waadlaw.com
                adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:         jbolton@sasserlawfirm.com
                cspencer@sasserlawfirm.com

                                    s/ Michael T. Sansbury
                                    OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
TO MACON COUNTY GREYHOUND PARK, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby propound the following requests for production of documents to Defendant Macon County Greyhound Park, Inc., d/b/a VictoryLand.  The Plaintiffs request that the documents be tendered at the offices of BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104, by Wednesday, June 13, 2007, at 5:00 PM.

**INSTRUCTIONS AND DEFINITIONS**

1.      The terms "you," "your," and "MCGP" shall mean and refer to Macon County Greyhound Park, Inc., and its officers, directors, shareholders, employees, agents, attorneys, accountants or representatives, severally and individually.

2.      The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated

companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3.    The term "Sheriff Warren" shall mean and refer to David Warren, the Macon County Sheriff's office, and/or any other employers, employees, agents, or representatives of David Warren or the Macon County Sheriff's office, severally and individually.

4.    This request for documents shall apply not only to documents directly in the possession of MCGP but also to documents in the possession of others as to which MCGP has access, including but not limited to documentation in the possession of any of MCGP's officers, directors, shareholders, employees, agents, attorneys, accountants or representatives.

5.    Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.    This request for documents pursuant to Rule 34, Federal Rules of Civil Procedure, is intended to be of a continuing nature.  If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.    If you claim or contend that any of the documents hereby requested are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.    The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall

include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.      The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties.  For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to this request, whereby "MCGP 00001" would be indicated on the first page of the first document produced, "MCGP 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED

1.      Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

RESPONSE:

2.      Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:

 3.  Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

RESPONSE:

 4.  Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

RESPONSE:

 5.  Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

RESPONSE:

 6.  Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

RESPONSE:

 7.  Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

RESPONSE:

 8.  Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

RESPONSE:

 9.  Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

RESPONSE:

 10. Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

RESPONSE:

 11. Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:

 12. Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

RESPONSE:

 13. Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

RESPONSE:

 14. Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

RESPONSE:

15.     Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

RESPONSE:

16.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

RESPONSE:

17.     Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

RESPONSE:

18.     Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama,   that are not under contract with VictoryLand.

RESPONSE:

19.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

20.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

21.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

23.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

24.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

RESPONSE:

25.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any

other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

28.    Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any government regulatory body or court of law or equity.

RESPONSE:

29.    Please produce any and all documents that reflect or relate to campaign contributions made to any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama or the campaign of Pebblin W. Warren.

RESPONSE:

30.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

31.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

RESPONSE:

32.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

RESPONSE:

33.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

RESPONSE:

34.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

35.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

36.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

37.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:

38.     To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:

39.     Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:

40.     Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

RESPONSE:

41.     To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

RESPONSE:

DATED: May 14, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:      rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 14th day of May 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:        fgray@glsmgn.com
               jbibb@glsmgn.com
               fgrayjr@glsmgn.com
               thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:        wms@hsy.com
               pcd@hsy.com
               pt@hsy.com
               kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:        mwhite@waadlaw.com
               adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:        jbolton@sasserlawfirm.com
               cspencer@sasserlawfirm.com

s/ Michael T. Sansbury
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY          )
SERVICES, INC., et al.,                )
                                       )
                PLAINTIFFS,            )
                                       )
v.                                     )    CASE NO.: 3:06-cv-01113-WKW-WC
                                       )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,        )
et al.,                                )
                                       )
                DEFENDANTS.            )

## DEFENDANT MILTON MCGREGOR'S RULE 26 INITIAL DISCLOSURES

### Introduction

The Plaintiffs have filed an action against the Defendant Milton McGregor which the Plaintiffs now concede is due to be dismissed. The Plaintiffs have also filed a motion seeking leave of the Court to file an amended complaint which motion has not yet been ruled upon by the Court. In a recent conference call with counsel for the Plaintiffs, Plaintiffs' counsel announced that they intend to file a further motion with the Court seeking leave to file a third amended complaint alleging RICO and tortuous interference with contract and adding an additional plaintiff. To date, the Plaintiffs have filed no further motion for leave or any amended complaint. As a result of the foregoing, the only complaint of record naming this Defendant is the one which the Plaintiffs acknowledge is due to be dismissed. Consequently, the Defendant is unsure of both his status as a Defendant or his obligations under Rule 26 of the *Federal Rules of Civil Procedure*. Without waiving his right to oppose Plaintiffs' motion to amend (however many they may

be), and without prejudice to his right to conduct further investigation and discovery of Plaintiffs' claims (whatever they may be), the Defendant makes the following Initial Disclosures under Rule 26 of the *Federal Rules of Civil Procedure.*

A.    Rule 26(a)(1)(A) - The name and, if known, the address and telephone number of each individual likely to have discoverable information that this Defendant may use to support its defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE: The Defendant objects to any ex parte contact by the Plaintiffs or Plaintiff's counsel with Defendant, Milton McGregor. All inquiries should be directed through the undersigned counsel. Without waiving these objections, the following persons may possess knowledge of the defenses at issue in this litigation:**

**1.    Mr. Milton McGregor**
**400 S. Union Street, Suite 405**
**Montgomery, AL 36104**
**(334) 265-1506**

**Mr. McGregor has knowledge of the bingo rules and regulations issued by Sheriff Warren, any communications he as President of Macon County Greyhound Park may have had with Sheriff Warren and the identity of the licensees who received Class B Bingo licenses issued by Sheriff Warren and who designated Macon County Greyhound Park as their qualified location, and their relationship with Macon County Greyhound Park.**

**2.    Sheriff David Warren**
**Law Enforcement Center**
**246 County Road 10**
**Tuskegee, AL 36083**
**(334) 724- 0669**

**Sheriff David Warren has knowledge of the bingo rules and regulations, including any amendments, any communications with others regarding the bingo rules, the applicants for bingo licenses and the identity of the bingo licensees who received Class B bingo licenses issued by his office.**

B.    Rule 26(a)(1)(B) - A description by category and location of all documents, electronic restored information, intangible things that are in the possession, custody or control of this Defendant and that the Defendant may use to support his

defenses, unless solely for impeachment.

**RESPONSE: The Defendant reserves the right to supplement his production if additional documents are disclosed during discovery. To the extent they can be identified, only non-privileged responsive documents will be produced. These documents, which are attached are as follows:**

1. **Operator's Certificate (Bates No. 00000001 - 00000009);**
2. **Operator's Certificate (Bates No. 00000010 - 00000012);**
3. **Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County issued December 5, 2003 (Bates No. 00000013 - 00000023);**
4. **First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County issued June 2, 2004 (Bates No. 00000024 - 00000038); and**
5. **Second Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County issued January 6, 2005 (Bates No. 00000039 - 00000051).**

C.     Rule 26(a)(1)(C) - Computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE: Not applicable at this time.**

D.     Rule 26(a)(1)(D) - For inspection or copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE: None.**

Dated this the ⁴ day of June, 2007.

Respectfully submitted,

John M. Bolton, III (ASB-0999-N68J)
One of the Attorneys for Defendant,
Milton McGregor

**OF COUNSEL:**
Charlanna W. Spencer
Sasser, Bolton & Sefton, P.C.
100 Colonial Bank Boulevard, Suite B201
Montgomery, AL 36117
(334) 532-3400 Phone
(334) 532-3434 Fax

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the _____ day of June, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray
& Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

J. Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-csc ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) |
| Defendants. | ) ) |

## INITIAL DISCLOSURES

COMES NOW Defendant, Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland"), by and through counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, provides initial disclosures to Plaintiffs in this case. Defendant makes this submission even though the only claim presently pending against this Defendant is a claim that Plaintiffs have stated will be withdrawn.[1] Given the current posture of Plaintiffs' pleadings, Defendant believes it is under no obligation at this time to provide disclosures in this matter but Defendant anticipates that whatever claims are asserted against it, the disclosures below will

---

[1] Plaintiffs filed an Amended Complaint on March 12, 2007, adding Victoryland and McGregor as Defendants in an action pursuant to 42 U.S.C. § 1985(3). After Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint, Plaintiffs filed a Motion for Leave to File Second Amended Complaint alleging a conspiracy claim against Defendants pursuant to 42 U.S.C § 1983. Prior to a ruling from this Court on either Defendants' Motion to Dismiss the Amended Complaint or Plaintiffs' Motion for Second Amended Complaint, Plaintiffs filed a Response to Defendants' Motion to Dismiss which in effect withdrew Plaintiffs' § 1985(3) claim, stating it was unnecessary for the Court to reach that issue. In a recent conference call with counsel for Plaintiffs, Plaintiffs' counsel advised that they intend to move to amend their complaint a third time to add new allegations, including allegations under Racketeer Influenced and Corrupt Organizations Act, and a new party plaintiff. No such motion has been filed to date. Thus because Plaintiffs have in the past and apparently intend in the future to amend and alter their complaint against this Defendant, Defendant is unable to know what claims or, for that matter, what parties are at issue.

have applicability.  Defendant gives these disclosures without waiver of its right to amend and supplement these disclosures as appropriate and oppose any subsequent amendments to the complaint and amended complaint, and without prejudice to its right to conduct further investigation and discovery of Plaintiffs' claims (whatever they may be):

**A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that this Defendant may use to support its defenses, unless solely for impeachment, identifying the subjects of the information:**

1.    Mr. Milton McGregor
      400 S. Union Street, Suite 405
      Montgomery, AL 36104
      (334) 265-1506

Mr. McGregor has knowledge of the bingo rules and regulations issued by Sheriff Warren, any communications he as President of Macon County Greyhound Park may have had with Sheriff Warren and the identity of the licensees who received Class B Bingo licenses issued by Sheriff Warren and who designated Macon County Greyhound Park as their qualified location, and their relationship with Macon County Greyhound Park.

2.    Sheriff David Warren
      Law Enforcement Center
      246 County Road 10
      Tuskegee, AL 36083
      (334) 724- 0669

Sheriff David Warren has knowledge of the bingo rules and regulations, including any amendments, any communications with others regarding the bingo rules, the applicants for bingo licenses and the identity of the bingo licensees who received Class B bingo licenses issued by his office.

**B.    A description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

The Defendant reserves the right to supplement production if additional documents are disclosed during discovery.  To the extent they can be identified, only non-privileged responsive documents will be produced.  These documents, which are attached are as follows:

1.    Operator's Certificate (Bates No. 0000001 0000009);

2

2.      Operator's Certificate (Bates No. 0000010-0000012);

3.      Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County issued December 5, 2003 (Bates No. 0000013 -0000023);

4.      First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County issued June 2, 2004 (Bates No. 0000024 -0000038); and

5.      Second Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County issued January 6, 2005 (Bates No. 0000039 -0000051).

**C.      Computation of any category of damages:**

Victoryland denies that Plaintiffs are entitled to any damages in this case.

**D.      The existence and extent of coverage of any insurance agreement under which any insurer may be liable to satisfy part or all of a judgment:**

None.

Respectfully submitted,

Augusta S. Dowd (ASB-5274-D58A)
J. Mark White (ASB-5029-H66J)
Rebecca G. DePalma (ASB-4105-D57R)
Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

3

**OF COUNSEL:**
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Tel:     (205) 323-1888
Fax:     (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___5th___ day of June, 2007, I have mailed a copy of the foregoing by United States Postal Service, properly addressed and postage prepaid, to the following participant counsel of record:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Fred Gray
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
wms@hsy.com
pt@hsy.com

4

John M. Bolton, III
Charlanna W. Spencer
**SASSER, BOLTON & SEFTON, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

OF COUNSEL

**Michael Sansbury**

| | |
|---|---|
| **From:** | J. Mark White [Mwhite@waadlaw.com] |
| **Sent:** | Thursday, June 07, 2007 10:07 AM |
| **To:** | Michael Sansbury; Augusta Dowd |
| **Cc:** | Rebecca DePalma; Bob Spotswood |
| **Subject:** | RE: Lucky Palace\MCGP |

Michael,
I am on the way to the Seattle airport and headed to West Palm so this day is consumed
with camping out in the sky.
Others wiser than I are copied on this email and will be in touch.
I will be back in Birmingham Monday.
Thanks for agreeing to get his resolved with civility.

-----Original Message-----
From: Michael Sansbury [mailto:msansbury@spotswoodllc.com]
Sent: Thursday, June 07, 2007 9:39 AM
To: J. Mark White; Augusta Dowd
Cc: Rebecca DePalma; Bob Spotswood
Subject: RE: Lucky Palace\MCGP

Mark,

I tried to call you yesterday, but I couldn't reach you.  We do not intend to be
discourteous, and we certainly don't want you to take this issue personally.

The plaintiffs' position is this: The newly-added defendants have indicated, in the Rule
26 disclosures, that they do not believe that discovery is appropriate at this time.
Accordingly, the plaintiffs expect that the defendants will object to the plaintiffs'
document requests on the grounds that discovery has not yet commenced.  The plaintiffs do
not want to provide documents to the defendants as a courtesy only to have the defendants
object to providing the plaintiffs with any documents at all.

If discovery has commenced in the defendants' view, then please send a Rule 34 request for
the documents on behalf of the defendants.  The plaintiffs will provide the requested
documents promptly.

We are happy to discuss this issue with you further.  If you do want to discuss it, please
feel free to give me or Bob a call.

Michael

-----Original Message-----
From: J. Mark White [mailto:Mwhite@waadlaw.com]
Sent: Wednesday, June 06, 2007 3:36 PM
To: Michael Sansbury; Augusta Dowd
Cc: Rebecca DePalma; Bob Spotswood
Subject: RE: Lucky Palace\MCGP

Michael,
Take it from an old lawyer who's been in this legal community for a long time that the
courtesy of copying Rule 45 documents is typical. If you want to tee up that issue in this
case fine but I suspect you get your hat handed to you. If you want to maintain your
position just let us know.
Mark

-----Original Message-----
From: Michael Sansbury [mailto:msansbury@spotswoodllc.com]
Sent: Wednesday, June 06, 2007 3:02 PM
To: Augusta Dowd
Cc: J. Mark White; Rebecca DePalma; Bob Spotswood

Subject: RE: Lucky Palace\MCGP

Augusta:

1.     I don't think Rule 45 requires a party to produce subpoenaed
documents to an opposing party as a matter of course.  We will be more than happy,
however, to respond to any requests for production that you serve.

2.     In light of the court's order today, we intend to comply with
the amendment deadline set forth in the scheduling order.

Thanks.

-----Original Message-----
From: adowd@waadlaw.com [mailto:adowd@waadlaw.com]
Sent: Wednesday, June 06, 2007 1:05 PM
To: Michael Sansbury; Bob Spotswood
Cc: Augusta Dowd; Mark White; Rebecca Depalma
Subject: Lucky Palace\MCGP

Michael and Bob:  two questions:

1. Have you received documents in response to 3rd party subpoenas?  If so will you please
provide a copy and I will circulate to all defendants?

2. I have seen the judge's order today. Do you still plan to file a 3rd party complaint by
tomorrow (a) adding RICO and intentional interference and (b)adding Lucky Palace as a
party plaintiff?

Thanks.
Sent from my Verizon Wireless BlackBerry

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al.,                    )
                                           )
        PLAINTIFFS,                        )
                                           )
v.                                         )        CASE  NO.: 3:06-cv-01113-WKW-WC
                                           )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,      )
et al.,                                    )
                                           )
        DEFENDANTS.                        )

### DEFENDANT MILTON McGREGOR'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Milton McGregor ("McGregor"), Defendant in the above-styled cause, by and through his counsel of record, and responds to Plaintiffs' First Request for Production of Documents:

### INTRODUCTION

On February 5, 2007, Plaintiffs served a Non-Party Subpoena for Production of Documents on McGregor.  On February 19, 2007, McGregor filed an Objection to the Subpoena asserting, among other things, that Plaintiffs were not entitled to obtain such overly broad, irrelevant discovery from a non-party.  On March 12, 2007, shortly after discussing the objections with counsel for McGregor, Plaintiffs filed a Motion for Leave to File Amended Complaint alleging a single claim against Defendants Macon County Greyhound Park, Inc.  ("MCGP" or "Victoryland") and McGregor under 42 U.S.C. § 1985(3).  On May 14, 2006, Plaintiffs served its Request for Production on Defendants MCGP and McGregor relating to the Amended Complaint.  On May 16, 2007, Plaintiffs conceded that

the § 1985(3) conspiracy claim was meritless.   Plaintiffs filed a Second Amended Complaint on June 8, 2007 alleging a single claim under 42 U.S.C. § 1983.

Plaintiffs have also now filed a Motion for Leave to file a third amended complaint alleging RICO, tortious interference with contract, tortious interference with prospective business relations, and adding an additional plaintiff.  As a result of the foregoing, the Complaint with which the discovery request was served has been withdrawn. The Second Amended Complaint alleges a claim distinctly different from the claim asserted in the withdrawn Complaint and the proposed Third Amended Complaint asserts different causes of actions, different factual allegations, and involves different parties than the Complaint with which the discovery was served.   Consequently, the Defendant is unsure of his obligations under Rule 26 of the *Federal Rules of Civil Procedure*.  Without waiving his right to object further to the Request for Production, and without prejudice to his right to conduct further investigation and discovery of Plaintiffs' claims, the Defendant states as follows:

## GENERAL OBJECTIONS

1.      The Defendant objects to this discovery to the extent that it seeks information which Defendant is not required to provide by reason of any applicable privilege, including the attorney-client privilege and the privileges for work product and materials prepared in anticipation of litigation.

2.      The Defendant objects to this discovery to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs.

3.      The Defendant objects to this discovery to the extent that it is overly broad,

2

vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant information or admissible evidence.

4.      The Defendant objects to this discovery to the extent that it seeks confidential or proprietary information.

5.      The following responses are based upon information presently available to the Defendant, which he believes to be correct.  The responses are made without prejudice to Defendant's rights to rely upon other subsequently discovered documents and information.  Any supplementation will be made in accordance with the *Federal Rules of Civil Procedure*.

6.      Any agreement to produce documents responsive to a particular request does not imply that there necessarily exists a non-privileged document or documents responsive to that request.

Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant's responses below, the Defendant responds as follows:

## REQUESTS FOR PRODUCTION

1.      Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments thereto.

RESPONSE:      **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to**

3

any issue in this litigation. This request is not reasonably calculated to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, the documents and materials sought are already in the possession of the Plaintiffs or their counsel.

2.    Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:    The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, the documents and materials sought are already in the possession of the Plaintiffs or their counsel.

3.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Victoryland.

RESPONSE:    The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

4.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, and

oppressive. **This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

5.    Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

6.    Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

7.    Please produce any and all documents in your possession or control that refer relate to Pebblin W. Warren.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

8.    Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial,**

and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

9.    Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray or Fred Gray, Jr. relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

6

12.     Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr. or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama from January 1, 2003, until January 6, 2005.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

13.     Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Fred Gray, Jr. or any other of their relatives in Victoryland.

RESPONSE:          **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

14.     Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of Victoryland, including but not limited to the corporate status of Victoryland and the identity

of all investors in Victoryland.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

15.     Please produce any and all documents in your possession or control that reflect or relate to the revenue of Victoryland including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information, the disclosure of which would be harmful to Victoryland and its business.**

16.     Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in Victoryland by Victoryland and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague,**

8

unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.

17.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with Victoryland.

RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, this request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.

18.     Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with Victoryland.

RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

19.     Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with Victoryland.

RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not

reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:        The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

21.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:        The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc. and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:        The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

10

23.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

24.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

25.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have any in entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

**RESPONSE:**    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of**

which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

26.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:     The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.

27.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren,

Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.**

28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not**

reasonably limited in time.

29.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

30.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any

other form of tangible or intangible property or service.

RESPONSE:       The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

31.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:       The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this

request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

32.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:          The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.

33.     Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

RESPONSE:          The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant

information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.

34.     Please produce any and all documents that reflect or relate to campaign contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W. Warren, including, but not limited to, any documents related to the payment of campaign debts.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time. This request also seeks information which is a matter of public record and is equally available to Plaintiffs.**

35.     Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.  Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

36.     Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

RESPONSE:      **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

37.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

RESPONSE:      **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

38.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

RESPONSE:      **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

39.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

40.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

41.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

42.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

19

RESPONSE:          **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

43.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:          **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

44.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:          **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

45.    Please produce any and all documents constituting, evidencing, or reflecting

testimony that you have given under oath in any proceeding and any exhibits thereto.

RESPONSE:        **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

46.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

RESPONSE:        **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

AS TO RESPONSES AND OBJECTIONS: 1 - 46.

John M. Bolton, III
Bar Number:  ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email:   jbolton@sasserlawfirm.com
                cspencer@sasserlawfirm.com

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 18th day of June, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray
& Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

J. Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

John M. Bolton, III
Bar Number:  ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email:  jbolton@sasserlawfirm.com
            cspencer@sasserlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MACON COUNTY GREYHOUND PARK, INC.'S OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Macon County Greyhound Park ("Victoryland"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits the following objections to Plaintiffs' First Requests for Production of Documents.

These objections are made without waiver of:

(a)     All objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose and any further proceedings in this action;

(b)     The right to object on any ground at any time to a demand or request for responses to these or other discovery requests involving or relating to the subject matter of the discovery requests herein objected to;

(c)     The right at any time to amend, revise, correct, supplement, or clarify any of the objections contained herein;

(d)     The right at any time to assert the privilege with respect to any privileged or protected

material erroneously produced; and

(e)    The right to request, prior to responding, that the Plaintiffs enter into a mutually agreeable confidentiality agreement necessary to safeguard the confidential and/or proprietary information disclosed.

## GENERAL OBJECTIONS

1.    Victoryland objects to each and every one of Plaintiffs' discovery requests on the grounds that discovery is not appropriate at this time because:  (i) Victoryland does not presently know under which complaint this case will proceed, as the Motion for Leave to File Third Amended Complaint is currently pending; (ii) Victoryland was not party to the previous Rule 26(f) meeting or the Court's scheduling conference, nor was Victoryland consulted in reaching the Scheduling Order presently in place; and (iii) the Court has indicated it will hold another scheduling conference in this case to discuss discovery matters as well as scheduling matters, given that Plaintiffs have moved for leave to file the Third Amended Complaint.

2.    Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request calls for information that can be more appropriately and efficiently obtained by Plaintiffs from public or other sources or information that are within Plaintiffs' possession or control or could more easily be obtained by Plaintiffs.

3.    Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such request is over broad, unduly burdensome, oppressive, vague and ambiguous, requiring Victoryland to engage in a lengthy, time-consuming and expensive search for information with no specific guidance as to what information is sought pursuant to each discovery request.  Moreover, the requests fail to identify the documents sought with particularity or detail.

4.      Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such requests seek information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such request seeks communications and/or documents which were prepared or made by other persons and/or entities.  Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others, and therefore, Victoryland is justified in requesting that the Plaintiffs obtain such information from other persons and/or entities.

6.      Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request calls for information that is subject to the attorney/client privilege, prepared in anticipation of litigation or in preparation for trial, or constitutes attorney work product or competitive information which is confidential or proprietary in nature, or information subject to *Noerr-Pennington* or any other privilege.

7.      Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request seeks information concerning issues upon which discovery is not yet complete.

8.      Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request seeks information, the retrieval or compilation of which would be unduly burdensome or oppressive to Victoryland.

9.      Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request lacks adequate restrictions as to its scope, including but not limited to time, material, and geographical limitations.

10.    Victoryland has not fully completed its investigation, discovery, analysis, legal research and preparation for trial.  The responses contained herein are based only upon the information and documentation that is presently available to and specifically known to Victoryland. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known information or documentation, or establish additional or new factual conclusions or legal contentions, all of which may result in the modification of these responses.  Accordingly, Victoryland reserves the right, but does not assume the obligation, to modify its responses and produce additional evidence, based upon subsequently ascertained or developed information, documentation, facts and/or contentions.  These responses should not be construed to prejudice Victoryland's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Victoryland's right to utilize any additional evidence that may be developed. Victoryland's responses should not be construed as an admission that Victoryland accepts or admits any facts set forth or implied in Plaintiffs' discovery requests.

11.    Victoryland objects to the Plaintiff's "Definitions" and "Instructions" to the extent that they attempt to give abnormal meanings to common terms and/or attempt to impose obligations on the Defendant that exceed the scope of discovery allowed under the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS

In addition to the General objections set forth above, Victoryland makes objections to the specific discovery requests as set forth below.

1.    Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County,

Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

**RESPONSE:** **Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*. Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

2.     Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

**RESPONSE:** **Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*. Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

3.     Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant information time. The request is also objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

4.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and is objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

5.      Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time and is objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

6.      Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. Victoryland also objects to this request to the extent is seeks information protected under Noerr-Pennington.**

7.     Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time, and is objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

8.     Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland also objects to this request to the extent is seeks information protected under Noerr-Pennington. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

9.     Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

12.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

**RESPONSE: Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope.**

13.     Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

**RESPONSE: Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

14.     Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

**RESPONSE: Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business. The request seeks documents that**

are not relevant to any claim or defense asserted in the pending litigation under the Second

Amended Complaint, and the request is not reasonably calculated to lead to the discovery of

admissible evidence.

15.     Please produce any and all documents in your possession or control that reflect or relate to

monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders,

employees, representatives, accountants, attorneys or agents since January 1, 2003.

**RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private,**

**proprietary and confidential information, including information of non-parties, the disclosure**

**of which would amount to an improper invasion of privacy.  The request is overly broad,**

**unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

**The request seeks commercial, proprietary and competitive information the disclosure of**

**which would be harmful to Victoryland and its business, and also seeks privileged information.**

**The request seeks documents that are not relevant to any claim or defense asserted in the**

**pending litigation under the Second Amended Complaint, and the request is not reasonably**

**calculated to lead to the discovery of admissible evidence.**

16.     Please produce any and all documents in your possession or control that refer or relate in any

way, either directly or indirectly, to the charities that have contracted with VictoryLand.

**RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly**

**burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise**

**privileged information.  The request seeks documents that are not relevant to any claim or**

**defense asserted in the pending litigation under the Second Amended Complaint, and the**

**request is not reasonably calculated to lead to the discovery of admissible evidence.  Further,**

**the request is not reasonably limited in scope or time.**

17.     Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

**RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information.  Further, the request is not reasonably limited in scope or time.**

18.     Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

**RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request is not reasonably limited in scope or time.**

19.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.**

20.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers,

employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.**

21.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorneys(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by *Noerr-Pennington*. Victoryland further objects to the request to the extent that the documents sought can be obtained from another party or are already in the possession, custody or control of Plaintiffs and/or their counsel, employees, agents, etc.**

22.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:** **Victoryland objects to this request on the grounds that the request calls for confidential and privileged information, including information protected by *Noerr-Pennington*. Victoryland further objects to the request to the extent that the documents sought can be**

obtained from another party or are already in the possession, custody or control of Plaintiffs and/or their counsel, employees, agents, etc.

23.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.  Also, the request is vague, unclear and ambiguous.**

24.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:**  **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

26.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

14

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by** *Noerr-Pennington.* **The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information protected by the attorney-client privilege.**

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an invasion of privacy. The request seeks information that is protected by** *Noerr-Pennington.* **The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to**

the discovery of admissible evidence.  Victoryland also objects to the extent this request seeks

information protected by the work-product doctrine or the attorney-client privilege.

28.     Please produce any and all documents constituting, evidencing, or reflecting any complaint,

formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any

nature to which you were a party, including any complaint or proceeding brought in any matter

before any government regulatory body or court of law or equity.

**RESPONSE:**  **The request is overly broad, unduly burdensome and oppressive, and the**

**request is not reasonably limited in scope or time.  The request is also objectionable to the**

**extent it seeks information that is confidential or protected by the work product doctrine or**

**attorney-client privilege.  The request seeks documents that are not relevant to any claim or**

**defense asserted in the pending litigation under the Second Amended Complaint, and the**

**request is not reasonably calculated to lead to the discovery of admissible evidence.  The**

**request is also vexatious to the extent it seeks non-objectionable information that is a matter of**

**public record and is equally available to the Plaintiffs.**

29.     Please produce any and all documents that reflect or relate to campaign contributions made to

any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama or the

campaign of Pebblin W. Warren.

**RESPONSE:**  **Victoryland objects to this request to the extent that it seeks personal, private,**

**proprietary and confidential information the disclosure of which would amount to an**

**improper invasion of privacy.  The request also seeks information that is protected by *Noerr-***

***Pennington,* and is overly broad, unduly burdensome and oppressive, and not reasonably**

**limited in scope or time.  The request seeks documents that are not relevant to any claim or**

defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

30.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:**  **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

31.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**RESPONSE:**  **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably**

limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.

32.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

33.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or**

**defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.**

34.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

35.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work**

**product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

36.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE: Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

37.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

**RESPONSE: Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover,**

discovery has not yet commenced, and no decision has been made as to documents that will be used in this action.  Victoryland reserves the right to supplement this response.

_____
WILLIAM M. SLAUGHTER (SLA-001)
PATRICIA C. DIAK (DIA-005)
PETER JOHN TEPLEY (TEP-002)
KHRISTI DOSS DRIVER (FLO-027)


**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail, first class postage prepaid and properly addressed as follows, this ___18th___ day of June, 2007.

James H. Anderson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL  36102

Fred D. Gray
Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239

Robert K. Spotswood
Michael T. Sansbury
Spotwood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213

John Mark White
Augusta S. Dowd
Rebecca DePalma
White, Arnold, Andrews & Dowd
2025 Third Avenue North, Suite 600
Birmingham, AL  35203

John M. Bolton, III
Charlanna White Spencer
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124

_____
Of Counsel