**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) |

**REPORT OF PARTIES' PLANNING MEETING**

1. **Appearances.** Pursuant to Fed. R. Civ. P. 26(f) and this Court's order, a telephone conference was held on Wednesday, June 27, 2007, and was attended by:

   Robert K. Spotswood
   Michael T. Sansbury
   SPOTSWOOD SANSOM & SANSBURY LLC
   *Attorneys for the Plaintiffs*

   James H. Anderson
   Ryan Wesley Shaw
   BEERS ANDERSON JACKSON PATTY VAN HEEST & FAWAL PC
   *Two of the Attorneys for Defendant David Warren*

   Augusta S. Dowd
   Rebecca G. DePalma
   WHITE ARNOLD ANDREWS & DOWD P.C.
   *Two of the Attorneys for Defendant Macon County Greyhound Park, Inc.*

   Peter John Tepley
   HASKELL SLAUGHTER YOUNG & REDIKER LLC
   *One of the Attorneys for Defendant Macon County Greyhound Park, Inc.*

   John M. Bolton III
   SASSER BOLTON & SEFTON PC
   *One of the Attorneys for Defendant Milton McGregor*

2. **Pre-Discovery Disclosures.** With the exception of Lucky Palace, LLC, all of the parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1). Lucky Palace will send the information required by Federal Rule of Civil Procedure 26(a)(1), via electronic mail, on Wednesday, July 11, 2007.

3. **Discovery Plan.** The parties propose to the court the following discovery plan:

   a. Plaintiffs propose discovery will be needed on the following subjects:

      1. All information regarding the assets, liabilities, and income of David Warren, Pebblin W. Warren, or any entity in which either or both of them have an interest.
      2. All information regarding the derivation of the assets of David Warren, Pebblin W. Warren, or any entity in which either or both of them have an interest.
      3. All information regarding the sources of David Warren's income, Pebblin W. Warren's income, or the income of any entity in which either or both of them have an interest.
      4. All information regarding the history and purposes of bingo regulations pertaining to Macon County, Alabama.
      5. All information pertaining to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Macon County Greyhound Park, Inc. (hereinafter "VictoryLand").
      6. All information pertaining to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama, including VictoryLand.
      7. All information pertaining to benefits of any kind provided by VictoryLand, Milton McGregor, or any related persons or entities to any charity in Macon County.
      8. All information pertaining to any relationship between, on one hand, VictoryLand, Milton McGregor, or any related persons or entities and, on the other hand, David Warren, Pebblin W. Warren, the Gray Law Firm, Fred D. Gray, or Fred D. Gray Jr.
      9. All information pertaining to any communications between, on one hand, VictoryLand, Milton McGregor, or any related persons or entities and, on the other hand, David Warren, Pebblin W. Warren, the Gray Law Firm, Fred D. Gray, or Fred D. Gray Jr. regarding electronic bingo.
      10. All information pertaining to benefits of any kind provided by VictoryLand, Milton McGregor, or any related persons or entities to David Warren, Pebblin W. Warren, the Gray Law Firm, Fred D. Gray, or Fred D. Gray Jr., or any related persons or entities.
      11. All information pertaining to financial ties between Fred D. Gray and Fred D. Gray Jr.

12. All information pertaining to the distribution of the income of the Gray Law Firm.
13. All information pertaining to the financing of any election campaign by David Warren or Pebblin W. Warren.
14. Financial information pertaining to VictoryLand, including income, costs, and profits associated with electronic bingo.
15. All other information pertaining to the Defendant's defenses.

b. The Defendants oppose discovery in the areas identified by Plaintiffs in paragraph 3.a. Defendants contend that the areas identified by Plaintiffs for discovery will be the subject of great dispute and involve matters relating not only to standard discovery disputes but also to attorney client privilege, the work product doctrine, and client confidentiality. Defendants anticipate that resolution of these matters will require involvement of the Court. These disputes will take time to brief and resolve. For this reason, among others, Defendants believe that the March 2008 trial setting proposed by the Plaintiffs is unrealistic and unworkable.

c. The Defendants assert that discovery will be needed on the following subjects:

1. All parties claims and defenses and the matters raised in the pleadings, within the parameters established by the Federal Rules, the Local Rules of the Middle District of Alabama, the Alabama Rules of Professional Conduct and rules and obligations governing lawyers who practice within the Middle District.

d. The parties anticipate that they will likely be requested to disclose or produce information from electronic or computer-based media. Such disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, except that the parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. That data will be produced in electronic format on compact discs or a similar medium if agreed to by the parties.

e. The parties have agreed to comply with Rule 26(b)(5)(B) regarding claims of privilege or of protection as trial-preparation material asserted after production.

f. **Number of Interrogatories:** There will be a maximum of 40 interrogatories by each party to any other party. The responses will be due 30 days after service.

g. **Number of Requests for Admission:** There will be a maximum of 25 requests for admission by each party to any other party, except for requests for admission regarding the authenticity of documents. Requests for admission regarding the authenticity of documents will be unlimited. Responses will be due 30 days after service.

    h.    **Number of Depositions:** There will be a maximum of 50 depositions by the Plaintiffs and 50 depositions by the Defendants.

    i.    The parties agree that each deposition will be limited to a maximum of seven (7) hours unless extended by agreement of the parties. The Plaintiffs propose that the depositions of Defendants McGregor and VictoryLand be limited to a maximum of fourteen (14) hours each. The Defendants strenuously oppose the Plaintiffs' proposal regarding Defendants McGregor and VictoryLand.

    j.    The parties disagree regarding the following issues:

        1.    Plaintiffs propose: All discovery will be commenced in time to be completed by December 3, 2007.

             Defendants propose: All discovery will be commenced in time to be completed by June 2, 2008.

        2.    Plaintiffs propose: Reports from retained experts under Rule 26(a)(2) will be due by October 15, 2007. Reports from any rebuttal experts will be due by November 14, 2007.

             Defendants propose: Reports from Plaintiffs' experts under Rule 26(a)(2) will be due February 1, 2008. Reports from Defendants' experts under Rule 26(a)(2) will be due March 3, 2008.

        3.    Plaintiffs propose: Any supplementations to disclosures or discovery responses not already seasonably provided under Rule 26(e) will be due no later than December 3, 2007. The parties do not intend this provision to relieve them of any duties to supplement seasonably under Rule 26(e).

             Defendants propose: Any supplementations to disclosures or discovery responses not already seasonably provided under Rule 26(e) will be due no later than April 1, 2008. The parties do not intend this provision to relieve them of any duties to supplement seasonably under Rule 26(e).

4.    **Other items.**

    a.    **Scheduling Conference**
A scheduling conference is currently set for Monday, July 2, 2007.

    b.    **Pretrial Conference**
The pretrial conference is currently set for February 1, 2008

The Defendants request that the pretrial conference be scheduled November 3, 2008. The Plaintiffs oppose the Defendants' request.

c. **Additional Parties, Claims and Defenses**
Plaintiffs propose: The parties must join additional parties and amend the pleadings by September 1, 2007.

Defendants propose: Plaintiffs have exhausted their opportunities to amend pleadings and add parties, in that Plaintiffs have already filed a Complaint, Amended Complaint, Second Amended Complaint, and by June 29, 2008, are expected to file a Third Amended Complaint that the Court has given Plaintiffs leave to file so long as Plaintiffs file their complaint in the identical form as that submitted by Plaintiffs with their motion for leave to file Third Amended Complaint. Plaintiffs have added a new Plaintiff, multiple Defendants, a RICO cause of Action and new tort theories through these pleadings. Accordingly, Defendants propose that Plaintiffs' deadline to add parties and amend the pleadings be June 29, 2007, and that, as of that specific filing of the Third Amended Complaint on June 29, 2007, Plaintiffs time to file amendments or add parties be deemed expired. Defendants propose that Defendants' deadline to add parties and amend the pleadings shall be October 8, 2007.

d. **Dispositive Motions**
Plaintiffs propose: All potentially dispositive motions should be filed by November 2, 2007.

Defendants propose: All potentially dispositive motions should be filed by July 16, 2008.

e. **Settlement**
Settlement and the possibility of mediation cannot be evaluated until some discovery is complete; however, Defendants believe that settlement of this matter is unlikely.

f. **Trial Evidence**
The final list of witnesses and trial evidence under Rule 26(a)(3) should be due 30 days before trial. Defendants propose a December 15, 2008, trial date; thus, Defendants propose that final lists of witnesses and trial evidence be exchanged November 14, 2008. The parties should have 14 days after service to list objections under Rule 26(a)(3).

Deposition designations are currently due on February 11, 2008. Objections and counter designations are currently due on February 18, 2008. Rebuttal designations and objections are currently due on February 21, 2008.

Defendants propose that deposition designations be submitted November 14, 2008. Defendants propose that objections and counter designations be submitted November 21, 2008. Defendants proposed that rebuttal designations and objections be submitted November 26, 2008.

g. **Trial Date**

This case is set for trial on March 10, 2008, and, at this time, is expected to take approximately two weeks of trial time.

The Defendants request that this case be scheduled for trial on December 15, 2008. At the time this case was set for trial on March 10, 2008, this case had a very different composition. At that time, the lawsuit was against one defendant; there were no RICO claims in the litigation nor were there other tort claims such as now exist; Lucky Palace, the Plaintiff who Defendants believe is the critical Plaintiff in the litigation, had not been added as a party; the legal issues raised by Plaintiffs' subpoenas and the spurious attacks on the Gray Law Firm and the individual lawyers in that firm had not been raised: and Plaintiffs had not made claims essentially accusing the Defendants and their unnamed co-conspirators of various criminal activities. Plaintiffs agree that this case will have to be "teed up" in many of these areas and acknowledge that the case could require as many as 100 depositions, some of which, according to Plaintiffs, should be 14 hours long. Plaintiffs' suggestion that this litigation should remain on expedited pace for a March 10, 2008 trial setting is completely at odds with the realities of this highly complex and very difficult litigation. Hence, Defendants propose that this case be scheduled for trial on December 15, 2008. The Plaintiffs oppose the Defendants' request.

Defendants believe that this case will take approximately two weeks of trial time.

h. **Voir Dire, Motions in Limine, Jury Instructions**

Voir dire questions, motions in limine and jury instructions are currently due on February 25, 2007.

Defendants propose that voir dire questions, motions in limine and jury questions be filed by December 1, 2008.

DATED: June 29, 2007.

> s/ Michael T. Sansbury
> Robert K. Spotswood (SPO 001)
> Michael T. Sansbury (SAN 054)
> SPOTSWOOD SANSOM & SANSBURY LLC
> 940 Concord Center
> 2100 Third Avenue North
> Birmingham, AL 35203-3329
> TEL:   (205) 986-3620
> FAX:   (205) 986-3639
> E-mail:   rks@spotswoodllc.com
>           msansbury@spotswoodllc.com
>
> *Attorneys for the Plaintiffs*

s/ James H. Anderson
James H. Anderson (AND 021)
Ryan Wesley Shaw (SHA 071)
BEERS ANDERSON JACKSON PATTY VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
E-mail: janderson@beersanderson.com
wshaw@beersanderson.com

Fred D. Gray (GRA 022)
Fred D. Gray, Jr. (GRA 044)
GRAY LANGFORD SAPP MCGOWAN GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
TEL:   (334) 727-4830
FAX:   (334) 727-5877
E-mail: fgray@glsmgn.com
fgrayjr@glsmgn.com

*Attorneys for Defendant Warren*


s/ Augusta S. Dowd
John Mark White (ASB-5029-H66J)
Augusta S. Dowd (ASB-5274-D58A)
Rebecca G. DePalma (ASB-4105-D57R)
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail: mwhite@waadlaw.com
adowd@waadlaw.com

       William M. Slaughter (ASB-8283-R67W)
       Patricia C. Diak (ASB-9243-K64P)
       Peter John Tepley (ASB-1112-T46P)
       Khristi Doss Driver (ASB-2719-I71F)
       HASKELL SLAUGHTER YOUNG & REDIKER LLC
       1400 Park Place Tower
       2001 Park Place North
       Birmingham, AL 35203
       E-mail:   wms@hsy.com
                  pcd@hsy.com
                  pt@hsy.com
                  kdd@hsy.com

*Attorneys for Defendant Macon County Greyhound Park, Inc.*


       s/ John M. Bolton III
       John M. Bolton III (ASB-0999-N68J)
       Charlanna White Spencer (ASB-6860-R62C)
       SASSER BOLTON & SEFTON PC
       PO Box 242127
       Montgomery, AL 36124-2127
       E-mail:   jbolton@sasserlawfirm.com
                  cspencer@sasserlawfirm.com

*Attorneys for Defendant McGregor*