IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Hope for Families & Company Services, Inc. et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No: **3:06-cv-01113-WKW-WC** |
| David Warren, et al., | ) ) ) |
| Defendants. | ) ) ) |

**JOINT MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Macon County Greyhound Park, Inc. ("VictoryLand"), and Milton McGregor ("McGregor"), by and through the undersigned counsel, move the Court to dismiss the Plaintiffs' Third Amended Complaint (Doc. # 67). Despite its length, that Complaint fails to state claims upon which relief can be granted against Victoryland and McGregor. The grounds for this motion, which are explored in more detail in the Defendants' supporting brief, are as follows:

1. Both of Plaintiffs' claims for violations of the Racketeer Influenced and Corrupt Organizations Act (*see* Doc. # 67, ¶¶ 1, 113-123) ("RICO claims") fail to state a claim upon which relief can be granted for two independent and equally fatal reasons.

2. First, Plaintiffs' RICO claims fail because they are based on the erroneous allegation that Fred Gray, Jr. ("Gray"), the Sheriff's long time attorney, whom the Sheriff of Macon County ("Sheriff") hired to advise and assist him with drafting "Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama," as amended ("County Bingo Regulations")

is a "public servant". (*See* Doc. #67, ¶¶ 69 - 73). Plaintiffs then assert (based on this faulty assumption) that the predicate act for Plaintiffs' RICO Claims is the alleged bribery of Gray in his purported capacity as a public servant. *Id.*, ¶¶ 67-73. Plaintiffs' claims fail because, as a matter of law, Gray is clearly not a public servant. Gray did not become a "public servant" simply by giving legal advice to the Sheriff.

3. In addition, Gray can not be deemed a public servant under law because he had no "contractual delegation of responsibility" to the public or the State and was not empowered to exercise any public authority. Furthermore, the legitimate conduct of attorneys who are acting on behalf of their client cannot be considered a predicate act for a RICO claim. *D'Orange v. Feely*, 877 F.Supp. 152, 156 (S.D.N.Y.1995) (dismissing RICO claims against attorneys who had allegedly sent fraudulent accountings through the mail - attorney's actions "cannot be considered predicate acts because they constitute legitimate conduct of attorneys acting on behalf of a client in the course of pending litigation"). *See also Baumer v. Pachl*, 8 F.3d 1341, 1344-45 (9th Cir.1993) (holding that attorney who simply provided legal services to corporation did not participate in operation or management of enterprise regardless of whether he performed those services "well or poorly, properly or improperly").

4. Furthermore, Plaintiffs' RICO claims fail because Plaintiffs utterly failed to plead the facts required to sustain a RICO claim and instead are basing their claims upon improper conjecture, speculation, and surmise.

5. Like their unsustainable RICO claims, Plaintiffs' claims against Victoryland and McGregor under "42 U.S.C. § 1983 for a conspiracy to deprive [Plaintiffs] of the equal protection of the laws," (Doc. #. 67, ¶¶ 1, 131-35) also fail to state a claim on which relief can be granted. To

prevail on their Section 1983 conspiracy claim, Plaintiffs must show both (1) a violation of their federal rights <u>and</u> (2) an agreement among the Defendants to violate those rights. *Newsome v. Lee County, Ala.*, 431 F.Supp.2d 1189, 1202 (M.D. Ala. 2006). Plaintiffs simply cannot make this requisite showing. Their claim of violation of their federal rights is a facial rational-basis challenge to four aspects of the County Bingo Regulations. (Doc. #67, ¶ 129). To prevail on such a claim, Plaintiffs have the burden of overcoming the strong presumption of rationality that attaches to the regulations as well as showing that there is <u>no conceivable rational basis</u> for the four aspects of the County Bingo Regulations about which they complain. *See F.C.C. v. Beach Commc'ns, Inc.* 508 U.S. 307, 313-14 (1993). Because Plaintiffs offer no more than conclusory allegations that there is no rational basis for the aspects of the County Bingo Regulations they challenge (Doc. #67, ¶ 129) and because, as is shown in the Defendants' supporting brief, a rational basis is readily apparent, Plaintiffs' equal protection claims must be dismissed. *See, e.g., Spivey v. Ohio*, 999 F. Supp. 987, 992 (N.D. Ohio 1998) (dismissing equal protection claims and noting that a "conclusory assertion that a state's enactment of a statute is without rational basis is insufficient to overcome the presumption of rationality when justification is readily apparent.") (*citing Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)). Because Plaintiffs' claims for denial of their federal rights fail as a matter of law, they cannot maintain their Section 1983 conspiracy claims against Victoryland and McGregor.

6.     Furthermore, as discussed more fully in Defendants' supporting brief, both of Plaintiffs' tortious interference claims (existing and prospective) are barred by Alabama's applicable two-year statute of limitations. *Ala. Code* § 6-2-38(l)(1975).

7.      Even Plaintiffs' claim that Victoryland and McGregor tortiously interfered with contractual and business relations between Lucky Palace, LLC and the other Plaintiffs (Doc. #67, ¶¶ 136-142) fails as a matter of law. Assuming, <u>arguendo</u>, Plaintiffs' tortious interference claims were not time barred, these claims would be due to be dismissed. Under Alabama law, there are five elements of a claim of tortious interference with contractual and business relations: "(1) the existence of a contract or business relation; (2) the defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; (4) the absence of justification for the defendant's interference; and (5) damage to the plaintiff as a result of the interference." *Tom's Food, Inc. v. Carn*, 896 So. 2d 443 (Ala. 2004) (internal quotations and citations omitted). As discussed more fully in Defendants' supporting brief, Plaintiffs have not alleged facts to support two essential elements of their claim and cannot do so. First, Plaintiffs have not alleged sufficient facts and cannot show that Victoryland and McGregor had knowledge of the existence of the specific contracts between Lucky Palace and the other Plaintiffs. Second, Plaintiffs have not alleged and cannot show that Victoryland and McGregor interfered with the contracts between Lucky Palace and the other Plaintiffs. Moreover, as Plaintiffs' own allegations make clear, performance of the contracts was not rendered impossible by Victoryland or McGregor but rather by the inactions and decisions of Lucky Palace and the other Plaintiffs themselves.

8.      Plaintiffs' claim that Victoryland and McGregor tortiously interfered with prospective business relationships (Doc. #67, ¶¶ 143-148) is also due to be dismissed for failure to state a claim under Alabama law. While Alabama recognizes a claim for tortious interference with <u>prospective</u> business relationships, the elements which must be pleaded and proven are the same as those for a claim of tortious interference with <u>existing</u> contractual and business relationships. *Ex parte Alabama*

*Dep't of Transp.*, 764 So.2d 1263, 1270 (Ala. 2000). However, as is discussed more fully in Defendants' supporting brief, Plaintiffs have not alleged and cannot show that the Plaintiffs have <u>any</u> relations with <u>any</u> party or parties in regards to their speculative business venture. Inasmuch as the Plaintiffs are unable to reasonably identify these prospective business relations – which do not exist – Defendants Victoryland and McGregor simply could not have had knowledge of such relationships. Nor could they have interfered with the unidentified and speculative prospective business relationships of which they had no knowledge.

9. All of Lucky Palace's 1983 claims are barred by the applicable two-year statute of limitations. *See Foster v. Board of School Comm'rs*, 872 F.2d 1563, 1567 n.4 (11th Cir. 1989). The other Plaintiffs' 1983 claims that arise out of the Original County Bingo Rules (promulgated on December 5, 2003, Doc. #67, ¶ 39) and the County Bingo Rules as amended by the First Amendments thereto (promulgated June 2, 2004 and according to the Plaintiffs were published to the public on June 10, 2004, Doc. #67, ¶¶ 44, 46) are also barred by the applicable two-year statute of limitations. Moreover, any 1983 claims against Victoryland and McGregor, who were not added as parties until March 12, 2007, are barred by the applicable two-year statute of limitations.

## CONCLUSION

For the reasons stated above and discussed further in Defendants' supporting brief, the Plaintiffs' Third Amended Complaint should be dismissed for failing to state claims upon which relief can be granted against Victoryland and McGregor.

        s/Peter J. Tepley
        Peter J. Tepley (ASB-1112-T46P)
        Macon County Greyhound Park, Inc.
        d/b/a Victoryland


        s/John M. Bolton, III
        John M. Bolton, III (ASB-0999-N68J)
        One of the Attorneys for Defendant Milton McGregor

OF COUNSEL:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Peter J. Tepley (ASB-1112-T46P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
J. Mark White (ASB-5029-H66J)
Rebecca DePalma (ASB-4105-D57R)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com
E-mail: rdepalma@waadlaw.com

OF COUNSEL:
John M. Bolton, III (ASB-0999-N68J)
Charlanna W. Spencer (ASB-6860-R62C)
**Sasser, Bolton & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T, Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL 35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
**Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.**
P.O. Box 1988
Montgomery, AL 36102

                                        s/Peter J. Tepley
                                        Of Counsel