IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES AND COMMUNITY SERVICES, INC., et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO.: 3:06-cv-01113-WKW-csc<br>) |
| DAVID WARREN, et al., | )<br>) |
| Defendants. | ) |

**RESPONSE, INCLUDING OBJECTIONS AND A MOTION TO PARTIALLY QUASH RULE 45 SUBPOENA SERVED ON FRED D. GRAY, A NON-PARTY IN THE ABOVE-STYLED CAUSE**

COMES NOW Fred D. Gray, and for response, objection and motion to quash, in part, the Rule 45 subpoena issued to Fred D. Gray, and states as follows:

1. Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

**RESPONSE:** **Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item Number 1 is unduly burdensome; overly broad in scope and time; not reasonably**

**calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome. Without waiving the foregoing objection and motion to quash, said Fred D. Gray states that, to his knowledge, no other documents exist other than those documents that were produced on March 7, 2007, in response to Plaintiffs' First Request for Production of Documents, Request Number 3 (three sets of rules), addressed to the Defendant David Warren.**

2. Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama.

**RESPONSE:** None.

3. Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

**RESPONSE:** Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item Number 3 is unduly burdensome; overly broad in scope and time; not reasonably

calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome. Without waiving the foregoing objection and motion to quash, said Fred D. Gray states that, to his knowledge, no other documents exist other than those documents that were produced on March 7, 2007, in response to Plaintiffs' First Request for Production of Documents, Request Number 5, addressed to the Defendant David Warren.

4. Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**RESPONSE:** Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item Number 4 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome. Without waiving the foregoing objection and motion to quash, said Fred D. Gray states that, to his

**knowledge, no other documents exist other than those documents that were produced on March 7, 2007, in response to Plaintiffs' First Request for Production of Documents, Request Number 6, addressed to the Defendant David Warren.**

5.  Please produce any and all documents in your possession or control that reflect or relate to HB-17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**RESPONSE:** None.

6.  Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama Legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:** None.

7.  Please produce any and all documents in your possession or control that reflect or relate to any commentary or statements made by you regarding the policies, procedures and/or practices related to the issuance of bingo licenses Macon County, Alabama.

**RESPONSE:** None.

8.  Please produce any and all documents in your possession or control that reflect or relate to the cap on the issuance of bingo licenses at sixty (60), including but not limited to the reasons for placing a cap on the issuance of bingo licenses at sixty (60) and any research, study or investigation conducted by you or others regarding placing a cap on the issuance of bingo licenses.

**RESPONSE:    See response to Request Number 1, which is specifically incorporated herein by reference.**

9.  Please produce any and all documents in your possession or control that contain any communication between you and Defendant Warren regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:    None.**

10. Please produce any and all documents in your possession or control that contain any communication between you and Milton McGregor regarding electronic bingo.

**RESPONSE:    None.**

11. Please produce any and all documents in your possession or control that contain any communication between you and VictoryLand regarding electronic bingo.

**RESPONSE:    None.**

12. Please produce any and all documents in your possession or control that contain any communication between you and any of Milton McGregor's agents or attorneys regarding electronic bingo.

**RESPONSE:** None.

13. Please produce any and all documents in your possession or control that contain any communication between you and any of VictoryLand's agents or attorneys regarding electronic bingo.

**RESPONSE:** None.

14. Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiff Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives or relatives.

**RESPONSE:** **Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item Number 14 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome. Without waiving the foregoing objection and motion to quash, said Fred D. Gray states that, to his**

**knowledge, no other documents exist other than those documents that were produced on March 7, 2007, in response to Plaintiffs' First Request for Production of Documents, Request Number 20, addressed to the Defendant David Warren.**

15.   Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiff Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives or relatives specifically regarding Plaintiff's applications for bingo licenses.

**RESPONSE:   See response to Request Number 14, which is specifically incorporated herein by reference.**

16.   Please produce any and all documents in your possession or control that contain any communication between you or Defendant and Plaintiff Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives or relatives.

**RESPONSE:   See response to Request Number 14, which is specifically incorporated herein by reference.**

17.   Please produce any and all documents in your possession or control that contain any communication between you or Defendant and Plaintiff Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives or relatives, specifically regarding Plaintiff's applications for bingo licenses.

**RESPONSE:    See response to Request Number 14, which is specifically incorporated herein by reference.**

18.  To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives or relatives.

**RESPONSE:    None.**

19.  Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Milton McGregor or any corporation in which Milton McGregor is a shareholder, director or officer.

**RESPONSE:    Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item Number 19 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.**

20. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, from any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:   See response to Request Number 19, which is specifically incorporated herein by reference.**

21. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, from any corporation in which Milton McGregor is an officer, director, shareholder or employee either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

**RESPONSE:   See response to Request Number 19, which is specifically incorporated herein by reference.**

22. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, by any business in which Milton McGregor is the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

**RESPONSE:** **See response to Request Number 19, which is specifically incorporated herein by reference.**

23. Please produce any and all documents in your possession or control that refer or relate to the structure of the Gray Law Firm, including, but not limited to, articles of incorporation, bylaws, and shareholder agreements.

**RESPONSE:** **The Articles of Incorporation and bylaws are produced.**

24. Please produce any and all documents in your possession or control that refer or relate to distribution of funds received by the Gray Law Firm to its shareholders.

**RESPONSE:** **See response to Request Number 19, which is specifically incorporated herein by reference.**

25. Please produce any and all documents in your possession or control that refer or relate to any federal or state investigation of VictoryLand regarding its participation in electronic bingo.

**RESPONSE:** None.

26. Please produce all federal and state tax returns filed by you since January 1, 2003.

**RESPONSE: See response to Request Number 19 above, which is specifically incorporated herein by reference.**

27. Please produce any and all documents related to your last will and testament and any and all trusts or other estate plans in which Fred Gray, Jr. is named beneficiary.

**RESPONSE: See response to Request Number 19 above, which is specifically incorporated herein by reference.**

28. Please produce any and all documents related to any gifts or loans you have made to Fred Gray, Jr.

**RESPONSE: See response to Request Number 19 above, which is specifically incorporated herein by reference.**

Respectfully submitted this the 16th day of August, 2007.

**Capell & Howard, P.C.**

By: /s/ George L. Beck, Jr.
George L. Beck, Jr. (BEC011)

**OF COUNSEL:**
Capell & Howard, P.C.
150 South Perry Street
P.O. Box 2069
Montgomery, AL  36102-2069
Phone:   334-241-8002
Fax:     334-241-8202


**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Robert K. Spotswood
    Michael T. Sansbury
    SPOTSWOOD, SANSOM & SANSBURY, LLC
    940 Concord Center
    2100 Third Avenue North
    Birmingham, AL  35203-3329
    Email:    rks@spotswoodllc.com
             msansbury@spotswoodllc.com

    Fred D. Gray
    Fred D. Gray, Jr.
    GRAY, LANGFORD, SAPP, McGOWAN,
       GRAY, GRAY & NATHANSON
    P.O. Box 830239
    Tuskegee, AL  36083-0239
    Email:    fgray@glsmgn.com
             jbibb@glsmgn.com
             fgrayjr@glsmgn.com
             thalia@glsmgn.com

    Stephen Don Heninger
    William Lewis Garrison, Jr.
    HENINGER GARRISON DAVIS, LLC
    P. O. Box 11310
    2224 1st Avenue North
    Birmingham, AL  35202
    Email:    steve@hgdlawfirm.com
             wlgarrison@hgdlawfirm.com

John Mark White
Augusta S. Dowd
Rebecca DePalma
WHITE, ARNOLD ANDREWS & DOWD
2025 Third Avenue North
Suite 600
Birmingham, AL  35203
Email:      mwhite@waadlaw.com
            adowd@waadlaw.com
            rdepalma@waadlaw.com

James H. Anderson
Ryan Wesley Shaw
BEERS, ANDERSON, JACKSON,
     PATTY, VAN HEEST & FAWAL
P.O. Box 1988
Montgomery, AL  36102
Email:      janderson@beersanderson.com
            wshaw@beersanderson.com

William M. Slaughter
Patricia C. Diak
Peter John Tepley
Khristi Doss Driver
HASKELL, SLAUGHTER, YOUNG & REDIKER
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Email:      wms@hsy.com
            pcd@hsy.com
            pt@hsy.com
            kdd@hsy.com

John M. Bolton, III
Charlanna White Spencer
SASSER, BOLTON & SEFTON
P.O. Box 242127
Montgomery, AL  36124-2127
Email:      jbolton@sasserlawfirm.com
            cspencer@sasserlawfirm.com

By: _____
    GEORGE L. BECK, JR. (BEC011)