**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO DISMISS**

The Plaintiff Charities and Plaintiff Lucky Palace, LLC, hereby move this Court for leave to file a surreply in opposition to the Joint Motion to Dismiss filed by Defendants Milton McGregor and Macon County Greyhound Park, Inc. ("VictoryLand") (collectively "Defendants"). In support thereof, the Plaintiffs state as follows:

1.    The Plaintiffs have had an opportunity to respond to every argument issue raised by the Defendants in their briefing except for two new arguments that the Defendants raised for the first time on reply. The first new argument is that Fred Gray Jr. is not a public servant because Ala. Code § 13A-10-1(7) limits the definition of "public servant" to officers or employees of the government and Fred Gray Jr. is not an officer or employee of the government. (DE 88 at 4-7.) The second new argument is that "the requirement that the electronic bingo facility exist so that it can be inspected by the Sheriff is consistent with the similar requirement under Alabama law for the issuance of liquor licenses." (DE 88 at 15.)

1

2.      When parties raise arguments for the first time in a reply in support of a motion, those arguments are not properly before the court, and it is improper for the court to entertain them without first allowing the other party an opportunity to respond.  *Cf. Bashir v. National R.R. Passenger Corp.*, 929 F. Supp. 404, 413 (S.D. Fla. 1996) ("[B]ecause Defendants raised this argument in their reply in support of their motion, rather than in the motion itself, it is not properly before the Court.  It would be improper for the Court to entertain this argument without first allowing Plaintiff an opportunity to respond.").

3.      The Plaintiffs have responded to the Defendants' new arguments in their proposed Surreply in Opposition to Defendants' Joint Motion to Dismiss, which is attached hereto as Exhibit A.  The Plaintiffs request leave to file their Surreply so that all of the Defendants' arguments are properly before this Court.

WHEREFORE, the Plaintiffs request that this Court grant them leave to file their proposed Surreply in Opposition to Defendants' Joint Motion to Dismiss.

DATED:  August 24, 2007.

                                          Respectfully submitted,

                                          s/ Robert K. Spotswood
                                          s/ Michael T. Sansbury
                                          Robert K. Spotswood (SPO 001)
                                          Michael T. Sansbury (SAN 054)
                                          SPOTSWOOD SANSOM & SANSBURY LLC
                                          940 Concord Center
                                          2100 Third Avenue North
                                          Birmingham, Alabama  35213
                                          TEL:   (205) 986-3620
                                          FAX:  (205) 986-3639
                                          E-mail:        rks@spotswoodllc.com
                                                         msansbury@spotswoodllc.com

                                          *Attorneys for the Plaintiff Charities*

s/ Stephen D. Heninger
s/ W. Lewis Garrison Jr.
Stephen D. Heninger (HEN 007)
W. Lewis Garrison Jr. (GAR 008)
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, Alabama 35203
TEL:   (205) 326-3336
FAX:   (205) 326-3332
E-mail:       steve@hgdlawfirm.com
              lewis@hgdlawfirm.com

*Attorneys for Plaintiff Lucky Palace, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray,
    Gray & Nathanson PC
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:      fgray@glsmgn.com
           jbibb@glsmgn.com
           fgrayjr@glsmgn.com
           thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest &
    Fawal PC
P.O. Box 1988
Montgomery, AL  36102
E-mail:      janderson@beersanderson.com
           wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:      mwhite@waadlaw.com
           adowd@waadlaw.com
           rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:      wms@hsy.com
           pcd@hsy.com
           pt@hsy.com
           kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:      jbolton@sasserlawfirm.com
           cspencer@sasserlawfirm.com

George L. Beck, Jr.
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
E-mail:      glb@chlaw.com

s/ Michael T. Sansbury
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No.: 3:06-cv-01113-WKW-WC |
| | ) | |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS'**
**JOINT MOTION TO DISMISS**

The Plaintiff Charities and Plaintiff Lucky Palace, LLC, hereby respond to the Reply Brief filed by Defendants Milton McGregor and Macon County Greyhound Park, Inc. ("VictoryLand") (collectively "Defendants"), as follows:

1.      The Plaintiffs have had an opportunity to respond to every argument raised by the Defendants in their briefing except for two. This surreply is limited to those two arguments. By so limiting their arguments, the Plaintiffs do not intend to suggest that they are conceding any of the issues raised in the Joint Motion to Dismiss. Indeed, the Plaintiffs continue to maintain that the Third Amended Complaint satisfies the Federal Rules of Civil Procedure and that none of their claims, as alleged, are barred for any reason.

2.      The first new argument raised by the Defendants in their Reply Brief is that Fred Gray Jr. is not a public servant because Ala. Code § 13A-10-1(7) limits the definition of "public

servant" to officers or employees of the government and Fred Gray Jr. is not an officer or

employee of the government.  (DE 88 at 4-7.)  This argument should be rejected for two reasons.

   3. First, this argument should be rejected because it is the very argument raised in

both *Vaughn v. State*, 880 So. 2d 1178 (Ala. Crim. App. 2003), and *Vaughan v. Marshall*, 2006

WL 1476043, *8 (M.D. Ala. 2006).  In those cases, Vaughan argued that the criminal statutes

regarding "public servants" did not apply to him because he was not also a "public employee."

*See Vaughn*, 880 So. 2d at 1191; *Vaughan*, 2006 WL 1476043 at *8.

   4. The term "public employee" is defined in Ala. Code § 36-25-1(23) as follows:

> Any person employed at the state, county, or municipal level of government or
> their instrumentalities, including governmental corporations and authorities, but
> excluding employees of hospitals or other health care corporations including
> contract employees of those hospitals or other health care corporations, who is
> paid in whole or in part from state, county or municipal funds.  For purposes of
> this chapter, a public employee does not include a person employed on a part-time
> basis whose employment is limited to providing professional services other than
> lobbying, the compensation for which constitutes less than 50 percent of the part-
> time employee's income.

Ala. Code § 36-25-1(23).  Vaughan argued that, because his "employment [wa]s limited to

providing professional services other than lobbying," and his compensation for those services

constituted "less than 50 percent" of his income, he was not a "public employee" and thus not a

"public servant."  *Vaughn*, 880 So. 2d at 1191.  The Alabama Court of Criminal Appeals flatly

rejected this argument: "For Vaughn to fall within the definition of a 'public servant' for

purposes of § 13A-10-62, the compensation paid to him did not have to constitute more than

50% of his income."  *Id.* at 1192.  The U.S. District Court for the Middle District of Alabama

flatly rejected the same argument when Vaughan raised it in his habeas petition:

> [T]he State did not have to prove that [Vaughan] received more than 50% of his
> income from his fee for performing the comparative site analysis.  "Public
> servant" is defined in § 13A-10-1(7), Ala.Code 1975, as "[a]ny officer or
> employee of government, including legislators and judges and *any person or*

> *agency participating as an advisor, consultant or otherwise in performing a governmental function.*" (Emphasis added.) The evidence was undisputed that Vaugh[a]n was hired as a consultant to conduct a comparative site analysis for the State of Alabama; thus, he clearly fell within the definition of a "public servant."

*Vaughan*, 2006 WL 1476043 at *8. This Court should flatly reject the same argument, now that the Defendants have raised it.

     5.      In addition, even if Gray were required to be an officer or employee of the government to be considered a "public servant," the Defendants have offered no basis for their conclusory assertion that "Gray is not such an officer or employee." (DE 88 at 4.) As defined in Ala. Code § 36-25-1(23), a "public employee" is "[a]ny person employed at the state, county, or municipal level of government or their instrumentalities . . . who is paid in whole or in part from state, county or municipal funds." This definition is extremely broad and would include "any person" who renders services in exchange for government funds.[1] The Alabama Legislature, however, created an exception to that broad definition "[f]or purposes of this chapter." Ala. Code § 36-25-1(23). That exception excludes individuals who "provid[e] professional services other than lobbying" and do so on a part time basis. Ala. Code § 36-25-1(23). There is no such exception to the definition of "public servant" in Ala. Code § 13A-10-1(7), and the Alabama Court of Criminal Appeals and the U.S. District Court for the Middle District of Alabama have refused to create one. This Court should not create such an exception for the purposes of this case.

---

[1] The Defendants argue that the broad definition of "public servant" in Ala. Code § 13A-10-1(7) creates a "slippery slope." (DE 88 at 5 n.3.) But the broad definition does not create a slippery slope. It merely ensures that, when individuals are retained to provide advice to public officials, they will provide that advice based on the public interest, not based on their personal interest. Indeed, it would be "absurd" not to subject such individuals to the bribery statutes, given the opportunities for abuse that are rampant in such relationships. In any case, the Alabama Legislature is entitled to create a slippery slope if it chooses to do so.

6.    Finally, the Defendants' argument regarding the missing comma—while amusing to read—completely ignores the fundamental rules of statutory construction that it claims to vindicate. It is well-settled that, under Alabama law, "[a] statute must be considered as a whole and every word in it made effective if possible." *Custer v. Homeside Lending, Inc.*, 858 So. 2d 233, 245-46 (Ala. 2003) (quoting *Alabama State Bd. of Health v. Chambers County*, 335 So. 2d 653, 654-55 (Ala. 1976) (citing *State ex rel. State Board for Registration of Architects v. Jones*, 267 So. 2d 427 (Ala. 1972)); citing *Hawkins v. Louisville & Nashville R.R.*, 40 So. 293 (Ala. 1905)). Far from making every word effective, the Defendants' suggested reading of Ala. Code § 13A-10-1(7) would render at least twenty-one words of the provision—over three fourths of it—completely unnecessary and would make two words nonsensical.

7.    If the provision was intended to be limited to officers or employees of the government, the Alabama Legislature would have inserted a period following "any officer or employee of the government," omitting entirely the clarifying language that follows it. Furthermore, it is difficult to reconcile the use of "or agency" in the phrase "any person or agency" with a statute limited to officers or employees, since officers and employees are always "persons" and never "agencies." This Court should adopt the only reading of the statute that makes every word effective. In doing so, it must reject the Defendants' argument.

8.    The second new argument raised by the Defendants for the first time on reply is that "the requirement that the electronic bingo facility exist so that it can be inspected by the Sheriff is consistent with the similar requirement under Alabama law for the issuance of liquor licenses." (DE 88 at 15.) But the liquor license requirement is not at all similar to what the Defendants call the "Existing Facility Requirement."

9.     First, the Existing Facility Requirement requires not only that the facility exist but that it be worth $15 million.  This "Multi-Million Dollar Facility Requirement" has no rational basis.

10.     Second, even the liquor license requirement does not require an investor to build a facility without any indication that a license will be granted.  As reflected in Ordinance 03-2 of the Town of Shorter[2]—the town in which VictoryLand is located—a prospective applicant for a liquor license can have its plans submitted "for consideration and report" by the police department, fire department, the building inspection department, the zoning department, and the health department.  (Exhibit A-1 at § 1-22(b).)  If any of those reports reveal a deficiency in the plans, the applicant will "be promptly notified . . . and given opportunity to remedy such deficiency."  (*Id.* at § 1-22(f).)  Once that process is completed, "[t]he city council shall review the plans submitted with the application and reports and approve or disapprove the plans and reports."  (*Id.* at § 1-22(e).)  While the liquor license is ultimately not issued until the facility is constructed (*id.* at § 1-22(e)), a prospective applicant has many assurances against arbitrary decision-making.

11.     In sharp contrast, the rules and regulations governing electronic bingo provided only that a facility must be "inspected and approved by the Sheriff."  (*See, e.g.*, DE 67 Ex. C at § 1(j).)  The rules and regulations provided no indication of the standards that would be applied for this inspection and approval.  Furthermore, a prospective investor could receive no firm indication from Defendant Warren regarding whether a proposed facility would be approved or might be approved (s*ee, e.g.*, Complaint at ¶ 59)—or even whether Defendant Warren planned to change the rules and regulations (Complaint at ¶¶ 51 or 54).  This uncertainty makes the Multi-Million Dollar Facility Requirement a fool's bet—and there is no rational basis for that.

WHEREFORE, for the foregoing reasons and the reasons stated in the Plaintiffs'

Response to Defendants' Joint Motion to Dismiss, this Court should deny the Defendants' Joint

Motion to Dismiss in its entirety.

DATED: August 24, 2007.

Respectfully submitted,

s/ Robert K. Spotswood
s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35213
TEL: (205) 986-3620
FAX: (205) 986-3639
E-mail:       rks@spotswoodllc.com
              msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

s/ Stephen D. Heninger
s/ W. Lewis Garrison Jr.
Stephen D. Heninger (HEN 007)
W. Lewis Garrison Jr. (GAR 008)
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, Alabama 35203
TEL: (205) 326-3336
FAX: (205) 326-3332
E-mail:       steve@hgdlawfirm.com
              lewis@hgdlawfirm.com

*Attorneys for Plaintiff Lucky Palace, LLC*

---

[2] A copy of the ordinance is attached hereto as Exhibit A-1.

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray,
    Gray & Nathanson PC
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:        fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest &
    Fawal PC
P.O. Box 1988
Montgomery, AL  36102
E-mail:        janderson@beersanderson.com
                wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:        mwhite@waadlaw.com
                adowd@waadlaw.com
                rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:        wms@hsy.com
                pcd@hsy.com
                pt@hsy.com
                kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:        jbolton@sasserlawfirm.com
                cspencer@sasserlawfirm.com

George L. Beck, Jr.
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
E-mail:        glb@chlaw.com

s/ Michael T. Sansbury
OF COUNSEL

ORDINANCE 05-2

BE IT ORDAINED by the Mayor and Town council of the Town of Shorter, Alabama as follows:

Section 1-1    Alcoholic Beverages

Whenever used in this ordinance, the definitions set forth in the Alcoholic Beverage Licensing Code (Code of Alabama 1975, section 28-3a-1et seq.) Are hereby adopted by reference, and made a part hereof as if fully set forth herein. In addition thereto, the following terms shall have the meanings herein specifically ascribed to them:

Alcoholic beverage control law: Title 28 of the Code of Alabama 1975, as amended.

Beer licensed place: A place at which malt or brewed beverages are licensed by the state alcoholic beverage control board to be sold or served.

Beer licensee: A person licensed by the state alcoholic beverage control board to sell or serve malt or brewed beverages to consumers.

Engaged in business: A wholesaler or retailer shall be deemed "engaged in business" in the city or within the police jurisdiction of the city if such person has a fixed place of business therein, or if, pursuant to agreement of sale, express or implied, such person delivers beverages regulated by this ordinance within the city or within its police jurisdiction regardless of where else such person may also sell or deliver such commodities.

Fixed place of business: Any place where any of the commodities referred to in this ordinance are kept or stored for sale or delivery.

License inspector: The license inspector, deputy license inspector, assistant license inspector and any employee of the city who may be designated by the license inspector to aid or assist in enforcement of this ordinance.

Liquor licensed place: A place at which liquor is licensed by the state alcoholic beverage control board to be so sold or served.

Liquor licensee: A person licensed by the state alcoholic beverage control board to sell or serve liquor to consumers.

Minimum age: A person is under the minimum legal drinking age as established by state law for the purposes of purchasing, consuming, possessing or transporting alcohol, liquor or malt or brewed beverage if such person is less than twenty-one (21) years of age, subject to the exception of section 28-1-5, Code of Alabama, 1975.

Retailer: A person in the business of selling or serving beverage regulated by this ordinance to consumers.

State law definitions: all of those words and phrases which have been defined or to which meanings have been ascribed in sections 28-4-1 of the Code if Alabama 1975, shall have the same meanings in this ordinance as ascribed to them in such sections of the Code of Alabama, unless the context clearly indicates otherwise or a different meaning is ascribed to it in this ordinance.

Wholesaler: A person engaged in the business of beverages regulated by this ordinance to retailers.

Sec.1-2. Territorial application of Ordinance:

This Ordinance shall have force and effect in the Town of Shorter and its police jurisdiction.

Sec. 1-3. Violation of state law or rules regulations.

It shall be unlawful and a violation of this ordinance for any person to do anything or commit any act constituting a misdemeanor under the state alcoholic beverage control law or under any rule or regulation of the state alcoholic beverage control board.

Sec. 1-4. Sale, possession, etc., of liquor not purchased from state.

(A) It shall be unlawful for any person to sell, offer for sale, serve, dispense or have in possession or custody for any purpose any liquor which has not been sold by the state alcoholic beverage control board, except that, for consumption only, liquor purchased pursuant to the laws of a foreign state not be unlawful.

(B) It shall be unlawful for any holder of a state license to purchase liquor or wine for resale from any source other than from the state alcoholic beverage control store.

Sec.1-5.Possession of illicit distilled or nontax paid liquor.

It shall be unlawful for any person to possess or have in possession any illicit distilled liquor. It shall likewise be unlawful, except as other authorized by law, for any person to have in possession any liquor which does not have on the bottle or container thereof a state stamp evidencing the payment of the state liquor tax thereon.

Sec. 3-6. Sale of malt or brewed beverage by other than license or other than licensed place.

(A) It shall be unlawful for any person, other than a beer licensee, to sell or offer to sell to a consumer, or to server or dispense for reward to a consumer, or offer to

serve or dispense for reward to a consumer, or to have in possession or custody for any such purpose, any malt or brewed beverage at any place in the corporal limits of the Town of Shorter or its police jurisdiction.

(B) It shall likewise be unlawful for any person, whether or not a beer licensee, to sell or offer to a consumer, or to serve or dispense for reward to a consumer, or to offer to serve or dispense for reward to a consumer, or to have in possession or custody for any such purpose, any malt or brewed beverage at any place in the Town of Shorter or its police jurisdiction other than in a licensed beer place.

(C) The keeping by any person other than a beer licensee or the keeping at any place other than a licensed beer place, at one or more places in the corporal limit or its police jurisdiction, in the aggregate, of more than four (4) cases or ninety-six (96) bottles or can of beer or other malt or brewed beverages shall be prima facie evidence that such beer or malt or brewed beverages are kept for sale or with the intent to sell, contrary to this section.

(D) As used in this provision, the term "case" means a box or other container containing not exceeding twenty –four (24) bottles or cans and a "bottle" or can means a bottle or can of not more than sixteen(16) fluid ounces capacity.

Sec.1-7. Sale of liquor by other than licensee or state store.

It shall be unlawful for any person, other than a liquor licensee or a state liquor store, to sell or offer for sale to a consumer, or to serve or dispense for reward to a consumer, or offer to sever or dispense for reward to consumer, or have in possession or custody for any such purpose, any liquor or wine at any place in the Town of Shorter or in its police jurisdiction.

Sec.1-8. Sale of liquor at other than license place or state store.

It shall be unlawful for any person, whether or not a liquor licensee, to sell or offer for sale to a consumer or to serve or dispense for reward to a consumer, or to serve or dispense for reward to a consumer, or have in possession or custody for any such purpose, any liquor or wine at any place in the Town of Shorter or in its police jurisdiction.

Sec.1-9. Delivery of malt brewed beverages for off-premises consumption generally; curb service prohibited.

A person holding a retailer's license for off-premises consumption of malt or brewed beverages shall deliver such beverages to the purchaser only within the retailer's place business for which license for off-premises consumption; curb service of any kind shall be unlawful.

Sec.1.10. Packaging of malt or brewed beverages sold for off-premises consumption.

Malt or brewed beverages, when sold or delivered by the retailer for off-premises consumption, shall be contained in a sealed carton or sealed case, or wrapped in a package which is sealed or securely tied, the.intent being that bottles or cans containing

such beverages shall be entirely concealed and that access to such bottles or cans cannot be obtained without breaking the seal of such carton, case or package or untying the package.

Sec. 1-11. Retailers not to purchase malt or brewed beverages from unqualified wholesalers.

It shall be unlawful for any retailer to purchase for resale or accept delivery of any malt or brewed beverages from any person unless such person has qualified to engage on the business of a wholesale distributor of malt or brewed beverages in this county, as required by section 8(e) of Act No. 556 of the Alabama Legislature, approved September 9, 1953.

Sec. 1-12. Consumption or possession in public places—Generally.

It shall be unlawful for any person to drink or to have in open or unconcealed possession or custody for drinking any alcoholic beverage at or in any public place other than a place licensed to sell alcoholic beverages for consumption on the premises For purposes of this section, the words "public place and shall also include without limitation any "public place" as defined by section1A-11-1(2), Code of Alabama, 1975. It is provided, however, that the words "pubic place" shall not mean or include any area in which the Town of Shorter permit and all applicable state and local laws and licenses, specifically allow alcoholic beverages to be sold, served, or consumed.

Sec. 1-13. Sale or disposition to intoxicated persons prohibited.

It shall be unlawful for any beer licensee or liquor licensee, or any servant, agent or employee of any such licensee, or for any other person to sell, furnish, give away or otherwise dispose of any malt or brewed beverages, wine, liquor, or any alcoholic or intoxicating beverage to any person visibly intoxicated.

Sec. 1-14. Sale or disposition to minors prohibited.

It shall be unlawful for any beer licensee, or liquor licensee, or any servant, agent or employee of any such beer or liquor licensee, or for any other person to sell, furnish, give away or otherwise dispose of any malt or brewed beverage, wine, liquor or any alcoholic beverage licensing code. Any such licensee or other person who sells, furnishes, gives away or otherwise disposes of any malt or brewed beverage or any alcoholic liquor to another shall be charged with the absolute duty of knowing that such other person is not a minor, and it shall constitute no defense to a prosecution for a violation of this section that the defendant did not know or was misinformed as to the age of such other person.

Sec.1-15. Improper identification by a minor.

It shall be unlawful for any person who is a minor under the state alcoholic beverage licensing code to knowingly falsely representing by word or act that such person is not a minor, including, without limitation, knowingly presenting or possessing a

false instrument of identification or an instrument of identification which misrepresents the age of such minor for the purpose of purchasing or possessing any alcoholic beverage or gaining entry to ay premises or part of any premises where alcoholic beverages are served or sold.

Sec. 1-16. Aiding minor on obtaining alcoholic beverages.

It shall be unlawful for any person, directly or indirectly, to falsely represent that a minor person is not a minor or is not of minority age under the state alcoholic beverage licensing code, and, by means of such false representation, to aid or abet, or attempt to aid or abet, such minor person to buy, receive or otherwise obtain, or aid and abet such minor person to attempt to buy, receive, or otherwise obtain, from any licensee or any other person, any malt or brewed beverage or alcoholic liquor.

Sec.1-17. Requirement for cabaret or dancing license.

It shall be unlawful for any person possessing a license authorizing the sale, for on-premises consumption of alcoholic beverages, to permit dancing on or in the licensed premises, unless such person is also the holder of a valid unrevoked cabaret or "dancing" license duly authorized and issued by the Town of Shorter.

(a).The violation of this section shall be punishable by a fine of not less than one dollar ($1.00) and not more than five hundred dollars ($500.00). In addition thereto, any person so convicted may be imprisoned or sentenced to hard labor for the Town of Shorter for a period not exceeding six (6) months in the discretion of the court trying the case.

(b).This section shall not apply to any premises owned by the United States Government, the State of Alabama, Macon County, or the Town of Shorter.

Sec.1-18. Nude or nearly nude activities in establishments with retail liquor license and/or retail malt or brewed beverage license.

It shall be unlawful for and when a person is guilty of performing nude or nearly nude activity when that person performs in a liquor or beer-licensed place within the corporate limits of the Town of Shorter or its police jurisdiction in such a manner or attire as to expose to view any potion of the pubic area, buttocks, anus, anal cleft, vulva or genitals, or any simulation thereof, or the showing of the covered male genitals in a discernibly turgid state, or when any female performs in a liquor- or beer-licensed place in such a manner or attire as to view the portion of the breast below the top of the areola or any simulation thereof.

(b) A beer licensee or a liquor licensee shall be guilty of permitting nude or nearly nude activity when having control of a beer-licensed place or a liquor-licensed place which it knows or has reasonable cause to know is being used by any person to perform on the premises in such a manner or attire as to expose to view any portion of the public area, buttocks, anus, anal cleft, vulva or genitals, or any portion of the breast below the top of the areola, or any simulation thereof, if permits such activity or fail to make reasonable and timely effort to halt or abate such activity or use.

Sec. 1-18. Duty of licensee to preserve order and prevent violations.

It shall be the duty of every beer licensee and every liquor licensee, and of the servant, agent or employee of every such licensee in charge of any beer- licensed place:

(1) To maintain order and decorum in such licensed place and, to this end, to require all persons to leave the premises when, in the opinion of such licensee or the servant, agent or employee, in charge of the licensed place, such persons are guilty of contrary to good order or decorum.

(2) To not permit in any such licensed place a violation of this ordinance of the Town of Shorter, or law of the state or regulation of the state alcoholic beverage control board pertaining to spirituous or vinous liquors or brewed or malt beverages.

Sec. 1-19. Refusal to leave licensed premises on request.

Any person who, after having been requested to quit the premises at any beer licensed place or at any liquor licensed pace by the proprietor, or the agent or employee of the proprietor of such licensed place, fails or reuses to immediately do so shall be guilty of a misdemeanor.

Sec. 1-20. Nuisances.

Any place used for the selling, serving or dispensing of liquor or malt or brewed beverages for reward contrary to state law or to the provisions of this ordinance is a nuisance, and it shall be unlawful for any person to maintain or aid or abet in maintaining any such nuisance.

Sec.1-21. Disposition of contraband beverages.

Whenever any person shall have been convicted in the recorder's court of possession or custody of any liquor, wine or malt or brewed beverage contrary to the provisions of this ordinance of any state law or any regulation of the state alcoholic beverage control board, or for snagging in the business of selling malt or brewed beverages without a license, and it shall appear that the police department has seized such liquor, wine or malt or brewed beverages and has the same in custody as evidence or otherwise, the recorder's court shall enter an order declaring such liquor, wine or malt or brewed beverages to be contraband and ordering the chief of police to destroy the same or to sell the same to the state alcoholic beverage control board for account of the city. An appeal from any conviction upon which any such order depends shall carry with it an appeal from such order.

Sec. 1-22. Procedures for approval and issuance of wine, liquor or a malt beverage license for on-premises consumption and approval of restaurant liquor licensees- Generally.

(a) Any person, corporation or partnership desiring license application of {for}on-premises sale (sale for consumption of the premises) of liquor, wine or malt beverages and restaurant liquor license shall make application for such license on forms provided by the city and available in the revenue in the office in City Hall along with a release form to the State of Alabama accompanied by a twenty-five dollar ($25.00) money order made payable to the State of

Alabama, to obtain a criminal background history from the State Alabama for each applicant, each person who is an officer of the corporation and each person who is a member of the partnership. Such forms shall be completely and legibly filled out and signed by the person seeking a license.

(b) On receipt of the application, properly filled out and executed along with the plans required for restaurant liquor license in paragraph (c) of this section, the director of the revenue department shall cause the application to be forwarded to the police department, the fire department, the building inspection department and the zoning department of the city and to the county health department for consideration and report. Each said department or agency shall inspect the proposed premises or make such investigation into the reputation or character of the applicant as may be required to insure the premises to occupied and that the person seeking to conduct the business complies and meets with the requirements for which said department has responsibility. Provide, however, inspections and reports shall not be required from the zoning, county health and inspection departments when an existing owner with a current business license and a current alcoholic beverage license, in good standing, applies only for a more restrictive alcoholic beverage license at the same location without any other activity that would other wise trigger such inspections.

Written reports from each such agency or department with the finding resulting from such investigation and inspection shall be promptly returned along with the application(s) to the revenue department, Reports shall be returned within thirty (30) days after receipt unless such department has not received the criminal background history from the State of Alabama and such department shall be granted additional time by the revenue department to complete the report to the city council.

(c) Any person seeking a restaurant liquor license shall submit with its application the plans of its restaurant which shall include the following:

(1) The kitchen shall have a food preparation area and storage equipment necessary to prepare the items listed on the menu.

(2) The number of persons that may be served at one sitting must be listed and there should be space in said area for at least fifteen (15) square feet per person.

(3) A proposed menu shall be submitted.

(d) The revenue department shall determine if the restaurant meets the definition of a restaurant as defined in Section 28-3-1(22) of the Code of Alabama and the definition of a meal 28-3-1(23) Code of Alabam,1975.

(e) No restaurant liquor license shall be approved until the plans and reports from the agencies and departments are approved by the city council. The city council shall review the plans submitted with the application and reports and approve or disapprove the plans and reports. Approval of the plans and reports shall not be construed by the applicant to mean that the final application shall be denied. Once the construction of a restaurant has reached the stage of final inspection by the building inspection department, then the actual license

application for restaurant liquor license shall be considered by the city council.

(f) On the return of the departmental reports, if it appears that the applicant does not legally qualify by meeting standards of health, safety, zoning or other requiremen., such applicant shall be promptly notified by the revenue department and given opportunity to remedy such deficiency, and if such applicant is not satisfied or is aggrieved by any departmental department, such applicant shall have a right to appeal to the governing body as to the particular departmental objection.

## Sec.1-23. Same-Restaurant and club liquor licenses.

(A) No "restaurant" liquor license application shall be approved unless the applicant can and does qualify as a restaurant under the provisions of the state alcoholic beverage licensing code.

(B) No "club" liquor license application shall be approved unless the applicant can and does qualify as a club under the previsions of the state alcoholic beverage licensing code.

## Sec.1-24. Public hearing on application for lounge retail liquor license, club retail liquor license or restaurant liquor license.

(a) In every case, where application is made for a lounge retail liquor license, or restaurant liquor license to sell alcoholic beverages at any location within the corporate limits of the city, in addition to other advertisement requirements that may be required by law, the applicant, shall, at advertisement giving notice of such application. The published notice shall be published for three (3) consecutive days, the first publication being seven (7) days before the hearing and shall be two (2) columns in width and two (2) inches in depth and shall read substantially as follows:

"THE UNDERSIGNED HAS MADE APPLICATION TO THE TOWN COUNCIL OF SHORTER FOR A RETAIL _____, FOR THE PREMISES LOCATED AT _____, SHORTER ALABAMA. A PUBLIC HEARING WILL BE HELD BY THE CITY COUNCIL OF THE CITY OF SHORTER IN THE COUNCIL CHAMBER OF THE TOWN HALL AT _____ O'CLOCK A.M., ON - _____ 20_____.

_____
(Name of Applicant)

(b) In addition to the published notice required above the applicant shall post on the premises where the business or sale is to be conducted, continuously for a period of not less than seven (7) days prior to the consideration of the application by the governing body, a posted notice of the pending application and public hearing concerning the granting thereof on the manner and form to be supplied by the revenue officer when application is first made to the license inspector for such license. Said notice shall be conspicuously displayed on the front the building so as to be clearly visible from the street or sidewalk adjacent thereto.

(c) Applicant shall initially pay a filing fee to the Town of Shorter in the amount of thirty dollars ($30.00) and, thereafter, shall take such steps as may be necessary to meet all requirements of other ordinances, regulations and statutes applicable thereto. When the application for a license, as set out in subsection (a) above, is first made, the fact of the application shall be communicated to the governing body and a day for hearing shall then be fixed and supplied to the applicant for insertion on the newspaper and for listing in the posted notice.

(d) Prior to the public hearing, applicant shall deliver to the Town clerk, certifications of newspaper advertisements, showing publication as required above.

(e) The governing body will not consider any application in which the applicant has failed to comply with the requirements as enumerated herein.

Sec. 1-25. Transfer; information as to corporate officers, etc.

(a) A license issued hereunder for the sale of wine, liquor or malt beverages shall not be transferred to permit the operation at a different location than the location specified in the license and a license issued hereunder shall not be assigned to and held by a person other than the person to whom the license was issued.

(b) Prior to the issuance of a license hereunder to a corporation, the corporation shall furnish to the Town of Shorter the names and addresses of the officers, directors and stockholders of the corporation, showing the amount of capital stock owned by each stockholder. The requirements as to the names of all stockholders may be waived by the town in the event the stock is widely held by members of the public through over-the-counter of other public sale thereof and when the names of all stockholders exceed twenty (20) persons and are impossible or difficult to ascertain.

(c) In the event a majority of the capital stock of a corporation holding a license hereunder is sold, the license is automatically revoked and the corporation shall apply for and take out a new license under the provisions hereinabove set out. No additional license shall issue to the corporation until all licenses, taxes and fees due the town by the corporation first holding the license shall have been paid in full.

Sec. 1-26. License taxes for wholesalers of beer.

Every wholesaler engaged in the business, within the Town of Shorter or within its police jurisdiction, of selling, or delivering pursuant to sale, to retailers at any point or points in the state beyond the police jurisdiction of the Town of Shorter, any malt or brewed beverages, and every wholesaler engaging in the business of storing or withdrawing from storage for sale, where such storage is within the town or its police jurisdiction, shall pay to the Town, for the privilege of engaging in such business, a fixed annual license tax shall be prorated as other Town of Shorter licenses are prorated. Such fixed annual license tax shall be paid before first commencing in such business and thereafter shall be due and payable on January first and delinquent after March first of each calendar year.

Sec. 1-27. License taxes for retailers of beer.

Every such retailer and each person engaged in the business of selling, serving or delivering pursuant to sale, within the corporal limits or its police jurisdiction, malt or brewed beverages at retail shall pay to the town, for the privilege of engaging in such business, an annual business license fee as prescribed by the business license schedule of the Town of Shorter, where such beverage is sold or delivered for consumption on the premises where served, dispensed, sold or delivered.

Sec.1-28. Delinquency in paying tax-liquor or wine.

If any amount of the license tax on liquor is not paid at or prior to the due thereto, an additional tax equal to fifteen (15) percent of such amount shall be added thereto and paid by such retailer.

Sec. 1-29. Expansion of on-premises licensed establishments.

(a)     Definition: As used in this section, the following terms shall have the respective meanings ascribed to them:

Expand or enlarge the license premises: The occupation or the addition of any area or space which results in an increase in the size or occupancy of the premises in which any activity, pursuant to or in conjunction with the sale of alcoholic liquor or beverages, is conducted.

Located within two hundred (200) feet of a church or residential property: The distance, in a direct line, from the property boundary of the premises on which an on-premises liquor licensee is operating to the property boundary of the residential property or to the property boundary of the premises on which is located a church.

On-premises liquor licensee: Any person operation pursuant to a license from the state alcoholic beverage control board to engage in the business of on-premises sale of liquor or malt or brewed beverages.

Residential property: Any property having residential occupancy, or zoned for any type of residential occupancy by the zoning ordinance of the Town of Shorter.

(b) Permit required; application, issuance, denial: It shall be unlawful for any on-premises liquor licensee to expand or enlarge the licensed premises in any case where said licensed premises is located within two hundred (200) feet of any church or residential property, unless a permit for such enlargement or expansion is first obtained as follows:

(1) Application to expand or enlarge such license premises shall first be made to the license inspector of the Town of Shorter, and shall show in words and figures and, where required, by map or drawing, the exact extent of the purposed expansion or enlargement, either in size or occupancy of the premises.

(2) On receiving such application, the license inspector shall cause the same to be submitted to the inspection department, planning department, fire marshal, police department and county health department, and shall deliver the request to the Town clerk for action by the governing body.

(3) The governing body shall set a time for public hearing and, without undue delay, give notice of public hearing to consider said application by publication one time in a newspaper regularly published in the Town, inviting any person who desires to be heard either in favor of or in opposition to the granting of the permit to be present and to be heard.

(4) The governing body may deny the permit, after notice and hearing, on a finding that the expansion or enlargement will adversely affect the public health, welfare or safety of the community. The board shall consider all pertinent factors, including, but not necessarily limited to, the following: Whether or not the enlargement or expansion will cause or contribute to additional annoyance or disturbance to the neighbors or nearby church membership because of:

a. Additional noise;
b. Additional traffic congestion or hazard;
c. Additional parking requirements;
d. Additional litter or debris;
e. Rowdiness or boisterousness of patrons of said establishment.

## Sec. 1-30. Separate retailer license required for each state license.

Each retailer shall procure a separate Town of Shorter license under this Ordinance for each state license used by such person.

## Sec. 1-31. Records and reports-Records of purchases, sales and deliveries.

It shall be the duty of each person subject to the license tax imposed by this Ordinance to keep full and complete records of all purchases, sales and deliveries of liquor, wine and brewed or malt beverages, from which records there can be readily obtained information as to the correct amount of license tax due the Town. Such records shall be preserved for not less than one (1) year, and shall be open to inspection and checking at all times during regular business hours, as the Town clerk, or the clerk's representative, may request. In the event that any retailer fails to keep such records, or to open them to the Town clerk or authorized representative for inspection and checking as such clerk or representative may request, the Town clerk shall proceed to levy and collect the license tax in the manner and form provided for in Chapter 7 of this code.
(Code 1962, 3-44)

## Sec. 1-32. Same-Monthly reports generally.

The person liable for any license tax imposed by this Ordinance shall file with the Town clerk, on or before the twentieth day of each month, such reports and in such form as the Town clerk may prescribe, duly sworn to, evidencing the amount of business done during the preceding month and the amount of license tax due thereon.
(Code 1962, 3-45; Ord. No. 5270, 5, 3-5-96)

## Sec. 1-33. False statements.

Any person making any false statement with reference to any matters required by sections 3-34 and 3-46 to be reported or stated shall be guilty of a misdemeanor.
(Code 1962, 3-64)

## Sec. 1-34. Inspection of books, records, etc., of beer wholesalers and retailers.

It shall be unlawful for any wholesaler or any retailer to refuse to allow the license inspector of the town to inspect or audit the books and records of such wholesaler or retailer pertaining to the receipt, storage, transfer, sale or distribution of malt or brewed beverages, or to refuse to permit the license inspector access to any warehouse or to any place where malt or brewed beverages may be stored or kept, or to refuse to allow the inspector to take inventory of the stock of malt or brewed beverages.
(Code 1962, 3-65)

## Sec. 1-35. Minors prohibited on certain licensed premises.

It shall be unlawful for any minor to be in, upon or on the licensed premises of any establishment licensed by the Alcohol Beverage control Board of the State of Alabama as a lounge retail licensee subject to exemptions for certain persons under the legal drinking age as set forth in section 28-1-5, Code of Alabama, 1975.

## Sec. 1-36. Certain licensees not to admit minors

It shall be unlawful for any establishment licensed by the Alcoholic Beverage control Board of the State of Alabama as a lounge retail liquor licensee either directly or by its servants, agents or employee(s) to admit or allow any minor to be in, on or upon said licensed premises subject to exemptions for certain persons under the legal drinking age as set forth in section 28-1-5, Code of Alabama, 1975.

## Sec. 1-37. Licensees not to allow possession by minors.

It shall be unlawful for any establishment licensed on-premises by the Alcoholic Control Board of the State of Alabama either directly or by its servants, agents, or employee(s) of the same, to allow the possession or consumption of alcoholic beverages by or to any minor or to permit any such minor to drink, consume or possess any alcoholic beverage on any such licensee's premises.

## Sec. 1-38. Bringing or allowing alcoholic beverages to be brought onto business premises.

(a) It shall be unlawful for a business licensed by the Town of Shorter (whether or not the business is licensed to sell or furnish alcohol) to allow patrons, customers, invitees or guests to bring alcoholic beverages onto the licensed premises.

(b) It shall be unlawful for patrons, customers, invitees or guests to bring alcoholic beverages onto premises licensed to do business by the Town of Shorter, whether or not the business is licensed to sell or furnish alcohol.