**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Hope for Families & Community Services, Inc. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: **3:06-cv-01113-WKW-WC** |
| | ) | |
| David Warren, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Defendants Macon County Greyhound Park, Inc. ("VictoryLand") and Milton McGregor ("McGregor") file this Joint Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint. Once again, the Plaintiffs are seeking to amend their Complaint to cure a fatal defect in their allegations <u>after</u> Defendants have gone through the effort and incurred the expense of filing and briefing a motion to dismiss that sets forth that defect. There has been no "new" discovery that supports filing this latest amendment. Accordingly, for the reasons set forth herein, Plaintiffs have failed to establish a valid basis for the leave they now seek.

**I.     RELEVANT PLEADING HISTORY**

There is a clear pattern here. The first time the Plaintiffs sought leave to amend their complaint to cure a pleading defect that was raised and briefed in a motion to dismiss was when Defendants Victoryland and McGregor moved to dismiss Plaintiffs' Amended Complaint because Plaintiffs had failed to plead, and could not show, the race-based or class-based invidiously discriminatory animus that is a fundamental requirement of the conspiracy claim arising under the

Ku Klux Klan Act, 42 U.S.C. § 1985(3), plead by Plaintiffs. *See* Docs. #34; #36 (Motions to Dismiss); Doc. # 40 (Motion for Leave to File Second Amended Complaint), ¶¶ 2-4. Realizing that they had no factual or legal basis for their § 1985(3) claim, Plaintiffs fully retreated from that claim and sought to amend their Amended Complaint to drop their recently added cause of action under § 1985(3) and to assert an entirely new cause of action under 42 U.S.C. § 1983, which the Plaintiffs argued did not require the invidious animus necessary for a § 1985(3) claim. *See* Doc. #40, ¶¶ 2-4; Doc. #41, ¶¶ 4-5.

Now, Plaintiffs are seeking leave to once again amend their Complaint, this time to amend their Third Amended Complaint, to get around a fatal pleading error in their § 1983 claim against Defendants Victoryland and McGregor -- the very claim they sought leave to file <u>after</u> the Defendants pointed out the fatal defect in their § 1985(3) claim.[1] As Defendants made clear in their Joint Motion to Dismiss Plaintiffs' Third Amended Complaint and the supporting briefs, among other things, the Plaintiffs § 1983 claims against Victoryland and McGregor are barred by the applicable two-year statute of limitations. *See* Doc. #74 (Joint Motion to Dismiss Plaintiffs' Third Amended Complaint), ¶ 9 ; Doc. #76 (Brief in Support of Joint Motion to Dismiss), at pp. 41-44; and Doc. #88 (Reply Brief in Support of Joint Motion to Dismiss), at pp. 22-24. Plaintiffs, who did not dispute the application of the two-year statue of limitations to their § 1983 claims, initially argued that these claims were not time-barred because the claims were in the nature of a "continuing tort" or "continuing violation." Doc. #83, at pp. 25-27. However, shortly after Victoryland and

---

[1] Before the time to respond to Plaintiffs' Second Amended Complaint, which added the new § 1983 claim against Victoryland and McGregor, had run, Plaintiffs filed for and were later granted leave to file their Third Amended Complaint, which vastly expanded the Second Amended Complaint, by adding a new Plaintiff, Lucky Palace, LLC, and new allegations of RICO violations and tortious interference with existing and prospective contracts.

McGregor in their Reply Brief in Support of Joint Motion to Dismiss (Doc. #88, at pp. 22-24) pointed out the fallacies in Plaintiffs' "continuing tort" theory, the Plaintiffs filed their Motion for Leave to File Fourth Amended Complaint, seeking to add factual allegations they contend "would justify the application of the federal discovery rule" to their § 1983 claims in case the Court disagreed with the Plaintiffs' "continuous tort arguments." Doc. #91, ¶¶ 4, 7-8.

## II.    REASONS RELIEF SHOULD NOT BE GRANTED

In the scheduling conference with the Court on July 2, 2007, shortly after the Plaintiffs had obtained leave to file their Third Amended Complaint, the Court indicated that the Plaintiffs should have a good reason for any further amendments to the Complaint. As discussed below, Plaintiffs have failed to show a good reason for the amendment they seek. Moreover, as Plaintiffs have conceded, denial of leave to amend is appropriate where among other things, the party seeking leave has repeatedly failed to cure deficiencies by previous amendments or where the amendment would be futile. Doc. #91, ¶ 11, citing *Foman v. Davis,* 371 U.S. 178, 182 (1962).

### A.    Plaintiffs have failed three prior times to allege the "facts" concerning their alleged discovery of the involvement of Victoryland and McGregor when they had every opportunity to do so.

Despite their claims to the contrary, Plaintiffs have repeatedly failed to allege the "facts" related to when they "discovered" the alleged role of Victoryland and McGregor in a purported conspiracy to deprive them of their rights to equal protection. The Plaintiffs alleged the discovery of virtually the same "facts" set forth in paragraph 6 of their Motion for Leave to File a Fourth Amended Complaint <u>nearly six months ago</u> when they filed their Motion for Leave to File an Amended Complaint, adding Victoryland and McGregor as parties. Doc. #20-1, ¶ 2. However, <u>despite their admitted knowledge of these key "facts" for many months, Plaintiffs failed to allege</u>

3

them in their First Amended Complaint, their Second Amended Complaint, or in their Third Amended Complaint.[2]  Plaintiffs' only excuse for their repeated failure to allege the key discovery "facts" is that the Defendants did not raise the statute of limitations issue until the motion to dismiss the Plaintiffs' Third Amended Complaint.  *See* Doc. #91, ¶ 16.  This excuse is insufficient and completely ignores Plaintiffs' obligations to have a good faith factual and legal basis for their claims.  *See* Fed. R. Civ. P. 11.  Plaintiffs should have known before they first alleged their § 1983 claims against Victoryland and McGregor that those claims  had severe statute of limitations problems that required application of the federal discovery rule for them to survive.  Plaintiffs simply can not show good cause for their repeated failure to allege in the First Amended Complaint, the Second Amended Complaint, or the Third Amended Complaint, the "facts" they now claim would justify the application of the federal discovery rule to their § 1983 claims (*see* Doc. #91, ¶ 7) when it is undisputed that they knew of these "facts" when they filed each of these three previous Complaints.

**B.**     **It would be futile to allow Plaintiffs to amend to try and save their Equal Protection claims from dismissal.**

As Plaintiffs acknowledge, another reason for denying a motion to amend is when the complaint as amended is still subject to dismissal. Doc. #91, ¶ 12 citing *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("'[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'").  Allowing the Plaintiffs to amend to add "facts" to support the application of the federal discovery rule to their § 1983 equal protection claims would be futile if the Court dismisses those claims for Plaintiffs' failure to meet their heavy

---

[2] Plaintiffs' fatally deficient § 1985(3) claims were subject to the same two-year statute of limitations as are their § 1983 claims. Alabama's two-year limitations period for personal injury also applies to a § 1985(3) claim. *See Trawinski v. United Technologies*, 313 F.3d 1295, 1298-99 (11th Cir. 2002).

burden of negating "any reasonably conceivable state of facts that could provide a rational basis for" the aspects of the County Bingo Regulations that they challenge. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 367 (2001). This ground was another ground for dismissal of the Plaintiffs' Equal Protection claims that was raised in the Joint Motion to Dismiss Plaintiffs' Third Amended Complaint and which has been fully briefed. For the reasons noted in the Joint Motion to Dismiss the Plaintiffs' Third Amended Complaint and the supporting briefs, the Defendants have shown how the Plaintiffs have utterly failed to meet their heavy burden. *See* Doc. #74 (Joint Motion to Dismiss Plaintiffs' Third Amended Complaint), ¶ 5; Doc. #76 (Brief in Support of Joint Motion to Dismiss), at pp. 17-32; and Doc. #88 (Reply Brief in Support of Joint Motion to Dismiss), at pp. 7-16. If the Court agrees with Defendants' analysis, then the Equal Protection claims set out in Plaintiffs' Fourth Amended Complaint would still be subject to dismissal because of Plaintiffs' failure to negate "any reasonably conceivable state of facts that could provide a rational basis for" the County Bingo Regulations they challenge, *Garrett*, 531 U.S. at 367. It would, therefore, be futile to allow the Plaintiffs leave to amend to add "facts" to try and defeat dismissal of those same claims on a statute of limitations ground. *See Hall*, 367 F.3d at 1263.

**C.    Plaintiffs have not given a good reason for the leave they seek.**

Plaintiffs' claim that their Motion for Leave to File a Fourth Amended Complaint is "being filed well before the deadline" for amended pleadings in the current scheduling order is disingenuous. As Plaintiffs are well aware, at the scheduling conference with the Court on July 2, 2007, the Court indicated that the Plaintiffs should have a good reason for any further amendments to the Complaint. Plaintiffs not only failed to acknowledge this requirement, but they have also failed to provide a good reason for amending their Complaint yet again. As noted above, there is

simply no good reason for the Plaintiffs' failure on three prior occasions to plead the "facts" they now seek to plead to support the application of the federal discovery rule.  Nor have they shown any good reason for amending to "correct certain allegations regarding the representation of Defendants McGregor and Victoryland by the Gray law firm" and to correct "several typographical errors." *See* Doc. #91, ¶ 9. The "corrections" to allegations Plaintiffs seek to make will once again change a key aspect of their claims to the prejudice of Defendants.  For example, in the Third Amended Complaint, Plaintiffs built their conspiracy claims around their allegation that: "In pursuit of their common goal, <u>Defendants Warren, McGregor and Victoryland retained the same attorney</u>, Fred Gray Jr., to represent them with regard to the formulation of the rules and regulations for the licensing and conduct of bingo games." *See e.g.,* Doc. #67, ¶ 38 (emphasis added).  Now Plaintiffs seek to <u>remove</u> the fundamental allegation that the Defendants "retained the same attorney." *See* Doc. #91-3, ¶ 38. Moreover, there is simply no need to amend a complaint to correct typographical errors.  It is fundamentally unfair for Defendants to have to face an ever-moving target and continue to incur costs defending against claims that continue to change.

## CONCLUSION

The Plaintiffs' ever-changing complaint is a moving target.  At the July 2nd scheduling conference, the Court observed that some of the Plaintiffs' proposed discovery that was set out in the Report of the Parties Planning Meeting appeared to be a fishing expedition. The Plaintiffs seem to believe that they are also on a fishing expedition in which they are at complete liberty to make bald allegations and legal claims and then seek to withdraw or change them once the Defendants have gone through the effort and expense of exposing the problems with them.  This state of affairs

should not be allowed to continue.  For the reasons stated above, Victoryland and McGregor request

that the Court deny Plaintiffs leave to file a Fourth Amended Complaint

> s/Peter J. Tepley
> Peter J. Tepley (ASB-1112-T46P)
> Macon County Greyhound Park, Inc.
> d/b/a Victoryland
>
> s/John M. Bolton, III
> John M. Bolton, III (ASB-0999-N68J)
> One of the Attorneys for Defendant Milton McGregor

OF COUNSEL:
William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Peter J. Tepley (ASB-1112-T46P)
Khristi Doss Driver (ASB-2719-I71F)
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Tel.: (205) 251-1000
Fax: (205) 324-1133
E-mail: pt@hsy.com
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com

OF COUNSEL:
Augusta S. Dowd (ASB-5274-D58A)
J. Mark White (ASB-5029-H66J)
Rebecca DePalma (ASB-4105-D57R)
**White Arnold Andrews & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama  35203
Tel: (205) 323-1888
Fax: (205) 323-8907
E-mail: jmarkwhite@waadlaw.com
E-mail: adowd@waadlaw.com

E-mail: rdepalma@waadlaw.com

OF COUNSEL:
John M. Bolton, III (ASB-0999-N68J)
Charlanna W. Spencer (ASB-6860-R62C)
**Sasser, Bolton & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL  36117
Tel: (334) 532-3400
Fax: (334) 532-3434
E-mail: jbolton@sasserlawfirm.com
E-mail: cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert K. Spotswood, Esq.
Michael T, Sansbury, Esq.
**Spotswood LLC**
2100 Third Avenue North
Concord Center, Suite 940
Birmingham, AL 35203

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
**Gray Langford Sapp McGowan Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
**Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.**
P.O. Box 1988
Montgomery, AL 36102

W. Lewis Garrison
Stephen D. Heninger
**Heninger Garrison Davis, L.L.C.**
2224 1st Avenue North
Birmingham, AL 35203

s/Peter J. Tepley
Of Counsel

8