## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **HOPE FOR FAMILIES &** ) | |
| **COMMUNITY SERVICES, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 3:06-cv-01113-WKW-csc |
| ) | |
| **DAVID WARREN, in his Official** ) | |
| **Capacity as the SHERIFF OF MACON** ) | |
| **COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MOTION FOR ENTRY OF PROTECTIVE ORDER

COMES NOW Defendant Macon County Greyhound Park, Inc. ("VictoryLand"), by and through its counsel of record, and respectfully moves this Court to enter the attached Protective Order. As grounds for this motion, Defendant shows the Court as follows:

1) Plaintiffs Beulah Missionary Baptist Church, E.D. Nixon Apartments, Inc., Hope for Families & Community Service, Inc., McRae Prostate Cancer Awareness Foundation, Milstead Community Center, Inc., NCO Nile Club, New Elam Missionary Baptist Church, Notasulga High School PTSA, Shorter Community Development, Inc., Shorter Lodge # 533, Shorter Volunteer Fire Department, Sojourner Truth Chapter # 265 OES, Sweet Gum AME Zion Church, Tabernacle Baptist Church, Tubman Gardens, Inc., Tuskegee Macon County Community Foundation, Inc., and Tuskegee National Alumni Association, through their counsel, consent to the entry of the Protective Order and have affixed their electronic signature thereto.

1

2) Plaintiff Lucky Palace, LLC, through its counsel, consents to the entry of the Protective Order and has affixed its electronic signature thereto.

3) Defendant David Warren, through his counsel, consents to the entry of the Protective Order and has affixed his electronic signature thereto.

4) Defendant Macon County Greyhound Park, Inc., through its counsel, consents to the entry of the Protective Order and has affixed its electronic signature thereto.

5) Defendant Milton McGregor, through his counsel, consents to the entry of the Protective Order and has affixed his electronic signature thereto.

WHEREFORE, Defendant Macon County Greyhound Park, Inc. respectfully moves this Court to enter the attached Protective Order.

                Respectfully submitted,

                **/s/ AUGUSTA S. DOWD**
                Augusta S. Dowd (ASB-5274-D58A)
                One of Attorneys for Defendant
                Macon County Greyhound Park, Inc.,
                d/b/a VictoryLand

**OF COUNSEL:**
J. Mark White
Rebecca DePalma
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Tel:     (205) 323-1888
Fax:    (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com

**OF COUNSEL:**
William M. Slaughter
Patricia C. Diak
Peter John Tepley
Khristi Doss Driver
**HASKELL SLAUGHTER YOUNG & REDIKER, LLC**
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify on this ___19th__ day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record:

James H. Anderson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL  36102

Fred D. Gray
Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239

Robert K. Spotswood
Michael T. Sansbury
Spotwood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213

John M. Bolton, III
Charlanna White Spencer
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124

W. Lewis Garrison
Stephen D. Heninger
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203

George Beck, Jr.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069

**/s/ AUGUSTA S. DOWD**

4

5

Of Counsel

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

|  |  |
|---|---|
| **HOPE FOR FAMILIES &** ) | |
| **COMMUNITY SERVICES,** ) | |
| **INC., et al.,** ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v. ) | Case No.: 3:06-cv-01113-WKW-csc |
|  ) | |
| **DAVID WARREN, in his Official** ) | |
| **Capacity as the SHERIFF OF** ) | |
| **MACON COUNTY, et al.,** ) | |
|  ) | |
| Defendants. ) | |
|  ) | |

## PROTECTIVE ORDER

The parties hereto are conducting and intend to conduct discovery from each other and third parties, which includes the production of documents, interrogatories, and the taking of testimony by oral deposition. Plaintiffs and Defendants are seeking and/or will seek from each other production of documents, interrogatory responses and testimony concerning matters (1) that may be maintained by them in a confidential manner and/or (2) that they contend constitute confidential, private, competitive or proprietary business information under applicable law, and such parties have agreed to provide certain responsive information and documents, subject to entry of the instant stipulation and order. Disclosure of private and proprietary business information, except to the extent essential to the prosecution and defense of the claims in this litigation, could subject the parties to harm or could constitute the unauthorized disclosure of confidential and private information concerning third parties. Accordingly, it is hereby **ORDERED** that:

1.      Any party may designate any documents or discovery responses which it deems to contain confidential, private, competitive or proprietary business information as "CONFIDENTIAL." Any document or discovery response designated as "CONFIDENTIAL" (referred to herein as "Confidential Material") shall be subject to the terms of this Order unless otherwise ordered by the Court. Any document that is marked as "CONFIDENTIAL" shall be so marked in a manner that does not obscure or obstruct the text of the document. Any party may, by motion, seek review by the Court of any other party's designation of any material as "CONFIDENTIAL." The material at issue shall continue to be treated as designated until the Court orders otherwise.

2.      No document designated as "CONFIDENTIAL" or information contained therein or obtained therefrom shall be used for any purpose by the parties to this action, their agents (including experts) and/or employees, except in connection with this litigation, nor delivered, exhibited or disclosed to any person except: (1) the Court and its personnel; (2) in the course of depositions in this action; (3) the parties' attorneys of record in this action and such attorneys' employees; (4) such experts as may be retained by the parties in this action or by their attorneys to assist in the preparation and trial of this action; (5) the parties in this action and their employees; and (6) any person to whom testimony or evidence is required to be given pursuant to subpoena or other legal process in this action.

3.      Documents and materials designated as "CONFIDENTIAL" shall be used solely for purposes of preparation and trial of this lawsuit, and shall not be disclosed by either party or its counsel or any person acting on behalf of or for either party or its counsel, for any purpose whatsoever other than the preparation and trial of this action and any appeal which may ensue.

4. At the conclusion of this litigation, whether by judgment, settlement, or otherwise, the parties and their attorneys, shall assemble and destroy all copies of "CONFIDENTIAL" documents provided to them by any other party pursuant to this Protective Order, including those distributed to experts or other third parties and any copies, abstracts or summaries of such materials. If requested, counsel will certify in writing that all such materials have been assembled and destroyed.

5. All experts, consultants, accountants and other third parties expressly retained by counsel as previously described shall be subject to the terms and provisions of this Order and counsel for the disclosing party shall advise such persons of the terms and conditions contained herein. Such persons shall not make any copies of Confidential Material except as is necessary to their participation in the litigation.

6. Notwithstanding any other provisions of this Protective Order, it has no effect upon, and its scope shall not extend to, any party's use of documents from its own files or its own Confidential Material.

7. Each party agrees that when filing with the Clerk of the Court any paper (including, without limitation, affidavits, memoranda, interrogatory answers or depositions) that discloses directly or indirectly any Confidential Material, such paper shall be marked "FILED UNDER SEAL" and shall be maintained under seal by the Clerk. Any such document filed under seal shall be released only upon further order of the Court.

8. Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or preclude that party from designating said document or information as "Confidential" at a later date.

Disclosure of said document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

9.  Throughout, and after the conclusion of, this litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Confidential Material has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

10. Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Material or otherwise modifying this Order; and this Order may be amended without leave of the Court by the agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case.

**DONE** and **ORDERED** this _____ day of _____, 2007.

_____
JUDGE WILLIAM KEITH WATKINS

APPROVED AS TO FORM:

**Attorneys for Plaintiffs:**


/s/ Michael Sansbury
**Michael Sansbury**
**Robert Keeling Spotswood**
Spotswood, Sansom & Sansbury, LLC
2100 Third Avenue, North
Concord Center, Suite 940
Birmingham, AL 35203

**Attorney for Plaintiff,**
**Lucky Palace, LLC:**


/s/ Stephen Heninger
**Stephen Heninger**
**William Garrison, Jr.**
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35202


**Attorneys for Defendant,**
**Sheriff David Warren:**


/s/ Fred D. Gray, Jr.
**Fred D. Gray**
**Fred David Gray, Jr.**
Gray Langford Sapp McGowan Gray & Nathanson
PO Box 830239
Tuskegee, AL 36083-0239

**Ryan Wesley Shaw**
**James Harold Anderson**
Beers Anderson Jackson Patty & Van Heest PC
PO Box 1988
Montgomery, AL 36102-1988


**Attorneys for Defendant,**
**Macon County Greyhound Park:**


/s/ J. Mark White
**J. Mark White,**
**Augusta S. Dowd**
**Rebecca DePalma**
White, Arnold, Andrews & Dowd, P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama 3520

5

**William M. Slaughter**
**Peter John Tepley**
**Patricia C. Diak**
**Khristi Doss Driver**
Haskell Slaughter Young & Rediker, LLC
2001 Park Place North
Suite 1400
Birmingham, AL 35203


**Attorneys for Defendant,**
**Milton McGregor:**


/s/ John M. Bolton, III
**John M. Bolton, III**
**Charlanna White Spencer**
Sasser Bolton & Sefton PC
100 Colonial Bank Boulevard, Suite B 201
PO Box 242127
Montgomery, AL 36124-2127