IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE for FAMILIES & COMMUNITY SERVICE, INC. *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  3:06cv1113-WKW |
| DAVID WARREN, *et al*, | ) ) | |
| Defendants. | ) | |

**CONSENT PROTECTIVE ORDER**

Now pending before the court is the defendant's motion for a protective order (doc. # 104).  Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 104) be and is hereby GRANTED.

The parties hereto are conducting and intend to conduct discovery from each other and third parties, which includes the production of documents, interrogatories, and the taking of testimony by oral deposition.  Plaintiffs and Defendants are seeking and/or will seek from each other production of documents, interrogatory responses and testimony concerning matters (1) that may be maintained by them in a confidential manner and/or (2) that they contend constitute confidential, private, competitive or proprietary business information under applicable law, and such parties have agreed to provide certain responsive information and documents, subject to entry of the instant stipulation and order.  Disclosure of private and proprietary business information, except to the extent essential to the prosecution and

defense of the claims in this litigation, could subject the parties to harm or could constitute the unauthorized disclosure of confidential and private information concerning third parties. Accordingly, it is hereby **ORDERED** that:

1. Any party may designate any documents or discovery responses which it deems to contain confidential, private, competitive or proprietary business information as "CONFIDENTIAL." Any document or discovery response designated as "CONFIDENTIAL" (referred to herein as "Confidential Material") shall be subject to the terms of this Order unless otherwise ordered by the Court. Any document that is marked as "CONFIDENTIAL" shall be so marked in a manner that does not obscure or obstruct the text of the document. Any party may, by motion, seek review by the Court of any other party's designation of any material as "CONFIDENTIAL." The material at issue shall continue to be treated as designated until the Court orders otherwise.

2. No document designated as "CONFIDENTIAL" or information contained therein or obtained therefrom shall be used for any purpose by the parties to this action, their agents (including experts) and/or employees, except in connection with this litigation, nor delivered, exhibited or disclosed to any person except: (1) the Court and its personnel; (2) in the course of depositions in this action; (3) the parties' attorneys of record in this action and such attorneys' employees; (4) such experts as may be retained by the parties in this action or by their attorneys to assist in the preparation and trial of this action; (5) the parties in this action and their employees; and (6) any person to whom testimony or evidence is required to be given pursuant to subpoena or other legal process in this action.

3. Documents and materials designated as "CONFIDENTIAL" shall be used solely for purposes of preparation and trial of this lawsuit, and shall not be disclosed by either party or its counsel or any person acting on behalf of or for either party or its counsel, for any purpose whatsoever other than the preparation and trial of this action and any appeal which may ensue.

4. At the conclusion of this litigation, whether by judgment, settlement, or otherwise, the parties and their attorneys, shall assemble and destroy all copies of "CONFIDENTIAL" documents provided to them by any other party pursuant to this Protective Order, including those distributed to experts or other third parties and any copies, abstracts or summaries of such materials. If requested, counsel will certify in writing that all such materials have been assembled and destroyed.

5. All experts, consultants, accountants and other third parties expressly retained by counsel as previously described shall be subject to the terms and provisions of this Order and counsel for the disclosing party shall advise such persons of the terms and conditions contained herein. Such persons shall not make any copies of Confidential Material except as is necessary to their participation in the litigation.

6. Notwithstanding any other provisions of this Protective Order, it has no effect upon, and its scope shall not extend to, any party's use of documents from its own files or its own Confidential Material.

7. Each party agrees that when filing with the Clerk of the Court any paper (including, without limitation, affidavits, memoranda, interrogatory answers or depositions) that discloses directly or indirectly any Confidential Material, such paper shall be marked

"FILED UNDER SEAL" and shall be maintained under seal by the Clerk. Any such document filed under seal shall be released only upon further order of the Court.

8. Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or preclude that party from designating said document or information as "Confidential" at a later date. Disclosure of said document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

9. Throughout, and after the conclusion of, this litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Confidential Material has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

10. Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Material or otherwise modifying this Order; and this Order may be amended without leave of the Court by the agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case.

Done this 20th day of September, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE