**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) )  ) ) |
| Plaintiffs, | ) ) |
| v. | )   Case No.: 3:06-cv-01113-WKW-csc ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | )   JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby move this Court for an order compelling Defendant Macon County Greyhound Park, Inc. ("VictoryLand"), to produce certain documents and things that the Charities have requested and to which the Charities are entitled. In support of their motion, the Charities state as follows:

1.      This Court has thrice expressed that discovery should move forward in this case despite the pendency of the motions to dismiss, at the scheduling conference on July 2, in its Scheduling Order of July 18, and at the hearing on the motions to dismiss on September 5.

2.      On May 14, 2007, the Charities served their First Requests for Production of Documents (herein "First Requests") on Defendant VictoryLand. (*See* Ex. A.) Those Requests included requests for forty-one categories of documents. (*See id.*) Defendant VictoryLand responded on June 18, 2007, making comprehensive objections and producing no documents. (*See* Ex. B.) It served "Supplemental Objections" on June 19, 2007. (*See* Ex. C.) After an extensive meet-and-confer process—which included a meeting, the exchange of two detailed

letters, and extensive e-mail correspondence—Defendant VictoryLand finally produced 234 pages of documents on August 31, 2007.  Of those 234 pages, 69 pages contained copies of the rules and regulations and 72 contained copies of bingo licenses.

3.    On September 14, 2007, Defendant VictoryLand filed supplemental responses. (See Ex. D.)  Defendant VictoryLand claimed that it could locate no documents responsive to twelve of the Charities' requests.[1]  (*See id.* at Request ## 6-10, 18, 21-22, 24, 34-36.)  Defendant VictoryLand also stated that it produced "non-objectionable documents" in response to twelve requests.  (*See id.* at Request ## 1-5, 19-20, 23, 30-33.)  Defendant VictoryLand also produced some—but not all—documents in response to two requests.  (*See id.* at Request ## 16-17.) Defendant Victoryland maintained its objections with regard to eleven requests.  (*See id.* at Request ## 11-15, 25-29, 40.)

4.    Pursuant to Fed. R. Civ. P. 37(a)(2)(A), counsel for the Charities hereby certify that, in an effort to secure the information and material sought in Request ## 1-5, 11-17, 19-20, 23, 26-33, and 40 without court action, they have attempted to confer in good faith with counsel for Defendant VictoryLand as follows:

a.    On July 5, 2007, counsel for the Charities and VictoryLand conferred regarding VictoryLand's objections.  (*See* Ex. D.)  At that meeting, the Charities' counsel attempted to clarify and narrow the scope of the Charities' First Requests.

b.    Those attempts were summarized in letter from VictoryLand's counsel on July 12.  (*See* Ex. E.)  The First Requests were further clarified in a letter by the Charities' counsel on July 17.  (*See* Ex. F.)

---

[1] Defendant VictoryLand also objected to four requests on timeliness grounds.  (See Exhibit D at Request ## 37-39, 41.)

c.    Despite these efforts, VictoryLand has maintained all of its initial objections.  (*See* Ex. D.)

5.    Defendant VictoryLand's continued and unjustified refusal to provide documents responsive to the First Requests has forced the Charities to file the instant motion.

6.    Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Charities are entitled to discover information which is relevant and non-privileged.  *See Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998).  When a court decides a motion to compel discovery, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)).  "Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker*, 117 F.R.D. at 685 (citing *Sanders*, 437 U.S. at 351; *Hickman v. Taylor*, 329 U.S. 495 (1947)).  "Where there is a doubt over relevancy, the court should still permit discovery." *Coker*, 117 F.R.D. at 685 (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984)).

7.    In addition, "[t]he information sought [in discovery] need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The phrase "reasonably calculated" means "'any possibility that the information sought may be relevant to the subject matter of the action.'" *Mallinckrodt Chemical Works v. Goldman, Sachs*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting C. Wright, Law of Federal Courts § 81, at 359 n. 47 (2nd ed. 1970)).

8.    Because the First Requests seek documents that are within the appropriate scope of discovery under the Federal Rules of Civil Procedure, as set forth below, Defendant VictoryLand is obligated to produce those documents.  Defendant VictoryLand, however, has refused to produce those documents.

9.    The Charities' unfulfilled Requests, Defendant VictoryLand's deficient responses, and the Charities' specific arguments in support of the instant motion are set forth herein:

PLAINTIFF CHARITIES' REQUEST # 1:  Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*.  Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities have alleged five claims against Defendant VictoryLand, arising out of its alleged conspiracy with Defendant David Warren to issue rules and regulations that gave Defendant VictoryLand a monopoly on electronic bingo in Macon County.  (DE 67 at Counts I, II, IV, V & VI.)  That alleged conspiracy began in 2003. (DE 67 at ¶¶ 35-36.)   A document request that seeks materials relating to VictoryLand's

involvement in drafting the rules and regulations from 2003 to the present is thus reasonably limited in both scope and time.

Furthermore, the request is not overly broad, unduly burdensome, or oppressive, as it seeks documents that are clearly relevant to this litigation. In any event, Defendant Victoryland has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant VictoryLand has offered no evidence in support of his objection.

Any objections regarding the confidentiality of the requested documents are resolved by the protective order that this Court entered on September 20, 2007. *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 414 (E.D.N.Y. 2007) (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 447 (1991) (discussing the history and purpose of protective orders)). That protective order prevents the Charities from using any of the requested documents for purposes other than this lawsuit without the permission of this Court.

With regard to the privilege and work-product objections, the Charities agreed to limit their requests to pre-litigation documents. If VictoryLand objects to producing pre-litigation documents on privilege or work-product grounds, then it is VictoryLand's burden to establish the existence of the privilege. *See* Guidelines to Civil Discovery Practice in the M.D. Ala. at I.I.2.

With regard to the *Noerr-Pennington* objection, the *Noerr-Pennington* doctrine may be a potential defense to liability, but it is not a defense to suit. *See We, Inc. v. City of Philadelphia*, 174 F.3d 322, 326 (3d Cir. 1999). Accordingly, the *Noerr-Pennington* doctrine, which was not even raised in VictoryLand's Motion to Dismiss, is not a proper basis for a discovery objection at this time.

5

Finally, this request is not vexatious or made for an improper purpose. The Charities are willing to avoid the unnecessary duplication of documents if VictoryLand identifies which documents would be unnecessarily duplicated.

PLAINTIFF CHARITIES' REQUEST # 2:  Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama, including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*. Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 1.

PLAINTIFF CHARITIES' REQUEST # 3:  Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not

reasonably limited in scope or time and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant information. The request is also objectionable to the extent it seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington*.

PLAINTIFF CHARITIES' ARGUMENT: The documents requested in Request # 3 are both relevant and reasonably likely to lead to the discovery of relevant information. As alleged in the Complaint, VictoryLand conspired with Defendant Warren and others to promulgate, amend, and maintain rules and regulations for the conduct of electronic bingo that created a virtual monopoly for Victoryland on electronic bingo in Macon County. Documents related to the licensing of VictoryLand are clearly relevant to those allegations. Documents related to the licensing of other establishments are also relevant, as they may establish both a motive for Defendant Victoryland's alleged activities and Defendant Victoryland's direct involvement in the licensing process.

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.


PLAINTIFF CHARITIES' REQUEST # 4: Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

DEFENDANT VICTORYLAND'S RESPONSE: Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and is objectionable to the extent it seeks information that is

confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington*.

      <u>PLAINTIFF CHARITIES' ARGUMENT</u>:  The Charities incorporate by reference their arguments in support of Request # 3.


      <u>PLAINTIFF CHARITIES' REQUEST # 5</u>:  Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

      <u>DEFENDANT VICTORYLAND'S RESPONSE</u>:  Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous.  Further, the request is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time and is objectionable to the extent it seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington*.

      <u>PLAINTIFF CHARITIES' ARGUMENT</u>:  The Charities agreed to limit Request # 5 to documents relating to electronic bingo and any benefits bestowed on Defendant Warren by VictoryLand.  (Ex. D. at 8.)  Such documents are clearly relevant to this litigation, which involves allegations of a conspiracy between VictoryLand and Sheriff Warren.  The documents will reveal the nature of Victoryland's interactions with Sheriff Warren and Sheriff Warren's motive for involving himself in the alleged conspiracy.

      With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.

PLAINTIFF CHARITIES' REQUEST # 11:  Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine.  Further, the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.

PLAINTIFF CHARITIES' ARGUMENT:  The Complaint alleges that VictoryLand bribed Fred Gray Jr.—Sheriff Warren's lawyer—to promulgate, amend, and maintain rules and regulations governing electronic bingo that would create a monopoly on electronic bingo for VictoryLand.  Clearly, any communications between VictoryLand and Fred Gray Jr., or his father, Fred Gray, regarding electronic bingo would be relevant to those allegations.

Such communications are not protected by either the attorney-client privilege or the work-product doctrine.  First, Fred Gray has testified by affidavit that neither he nor Fred Gray Jr. has represented or advised VictoryLand with regard to electronic bingo.  (DE 62 Ex. A at 2 & 3.)  Accordingly, no privilege existed between VictoryLand or the Grays regarding electronic bingo.  *See In re Grand Jury Proceedings 88-9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir. 1990) ("'The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice . . . .'") (quoting *In re Grand Jury Subpoena of Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982)).  Second, the work-product doctrine does not apply because the requested communications were not made in anticipation of litigation.  *See In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979) ("The attorney-

work-product doctrine protects from disclosure materials prepared by an attorney acting for his client in anticipation of litigation.") (citing *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385 (1947)).

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.

PLAINTIFF CHARITIES' REQUEST # 12:  Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine.  Further, the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 11.

PLAINTIFF CHARITIES' REQUEST # 13:  Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including

information of non-parties, the disclosure of which would amount to an improper invasion of privacy.  Further, the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities agreed to limit this request to information relating to the investment of Fred Gray in VictoryLand from January 1, 2001, until the present.  That information is clearly relevant to this case, as it will be used to prove that Fred Gray is an investor in Victoryland.  (DE 67 at ¶ 29.)  In addition, the requested information will be used to prove Fred Gray Jr's motive for accepting the alleged bribes and facilitating the alleged conspiracy.  The requested financial information will show how the electronic bingo monopoly benefited Fred Gray Jr.'s father financially.  Any such financial benefit, as alleged in the complaint, would be valuable to Fred Gray Jr.  (DE 67 at ¶ 75.)[2]

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.

PLAINTIFF CHARITIES' REQUEST # 14:  Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including

---

[2] In addition, the Plaintiffs have attempted to determine, via subpoena, whether Fred Gray Jr. has a direct financial interest in his father's estate.  The Motion to Quash the Plaintiffs' request for those documents is currently pending before this Court.

information of non-parties, the disclosure of which would amount to an improper invasion of privacy. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 13.


PLAINTIFF CHARITIES' REQUEST # 15:  Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business, and also seeks privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF CHARITIES' ARGUMENT: The Charities agreed to limit Request # 15 to documents relating to monies paid to Fred Gray and the Gray Law Firm from January 1, 2001, to the present. Such documents are clearly relevant because they would reveal (1) benefits bestowed on Fred Gray, which would be valuable to Fred Gray Jr. as Fred Gray's son, and (2) monies paid to the Gray Law Firm, which would be valuable to Fred Gray Jr. as a shareholder in the Gray Law Firm.

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request ## 1 and 11.


PLAINTIFF CHARITIES' REQUEST # 16: Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

DEFENDANT VICTORYLAND'S RESPONSE: Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Further, the request is not reasonably limited in scope or time.

PLAINTIFF CHARITIES' ARGUMENT: The Charities agreed to limit Request # 16 to documents relating to payments between VictoryLand and its charities, contracts between VictoryLand and its charities, and communications between VictoryLand and its charities from January 1, 2003, to the present. All of those documents are relevant to this litigation, as they will demonstrate, among other things, that the rules and regulations were promulgated, amended, and

maintained to benefit VictoryLand rather than the charities or the people of Macon County. Such a demonstration will, at the very least, provide circumstantial evidence of intent and corrupt influence.

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.


PLAINTIFF CHARITIES' REQUEST # 17:  Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information.  Further, the request is not reasonably limited in scope or time.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 16.


PLAINTIFF CHARITIES' REQUEST # 19:  Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged

information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.

 PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request ## 1.


 PLAINTIFF CHARITIES' REQUEST # 20:  Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

 DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.

 PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 19.


 PLAINTIFF CHARITIES' REQUEST # 23:  To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

<u>DEFENDANT VICTORYLAND'S RESPONSE</u>:  Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.  Also, the request is vague, unclear and ambiguous.

<u>PLAINTIFF CHARITIES' ARGUMENT</u>:  The Charities incorporate by reference their arguments in support of Request # 19.


<u>PLAINTIFF CHARITIES' REQUEST # 25</u>:  Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

<u>DEFENDANT VICTORYLAND'S RESPONSE</u>:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

<u>PLAINTIFF CHARITIES' ARGUMENT</u>:  The Charities agreed to limit Request # 25 to benefits bestowed with Victoryland's knowledge from January 1, 1995, to the present.  Such information may reveal that Defendant Warren has received financial benefits from his co-conspirators, which would be evidence that Defendant Warren shares a common motive—financial gain—with Defendants McGregor and VictoryLand.

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.

<u>PLAINTIFF CHARITIES' REQUEST # 26</u>:  Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

<u>DEFENDANT VICTORYLAND'S RESPONSE</u>:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably

calculated to lead to the discovery of admissible evidence. The request also seeks information protected by the attorney-client privilege.

PLAINTIFF CHARITIES' ARGUMENT: The Charities incorporate by reference their arguments in support of Request # 15.

PLAINTIFF CHARITIES' REQUEST # 27: Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

DEFENDANT VICTORYLAND'S RESPONSE: Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an invasion of privacy. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland also objects to the extent this request seeks information protected by the work-product doctrine or the attorney-client privilege.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 16.


PLAINTIFF CHARITIES' REQUEST # 28:  Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any government regulatory body or court of law or equity.

DEFENDANT VICTORYLAND'S RESPONSE:  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request is also objectionable to the extent it seeks information that is confidential or protected by the work product doctrine or attorney-client privilege.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is also vexatious to the extent it seeks non-objectionable information that is a matter of public record and is equally available to the Plaintiffs.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities agreed to limit this request to non-privileged formal complaints involving a court or government entity related to electronic bingo.  Such complaints will possibly lead to evidence that, as alleged in the Complaint, VictoryLand's monopoly has allowed it to engage in sharp business practices with respect to electronic bingo.  Such evidence will be used to prove VictoryLand's motive for participating in the Enterprise and involving itself in the alleged conspiracy.  Such evidence will also demonstrate the centrality of the Enterprise to VictoryLand's regular way of doing business.

Limiting Request # 28 to non-privileged information should have resolved VictoryLand's objections on that basis but apparently did not. It is VictoryLand's burden to establish its privilege objection. *See* Guidelines to Civil Discovery Practice in the M.D. Ala. at I.I.2.

Finally, Request # 28 is not intended to be vexatious. VictoryLand is in the best position to identify and produce the requested complaints. The mere fact that such complaints might also be publicly available does not render the request vexatious.

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.

PLAINTIFF CHARITIES' REQUEST # 29:  Please produce any and all documents that reflect or relate to campaign contributions made to any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama, or the campaign of Pebblin W. Warren.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy. The request also seeks information that is protected by *Noerr-Pennington*, and is overly broad, unduly burdensome and oppressive, and not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 25.

PLAINTIFF CHARITIES' REQUEST # 30:  Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF CHARITIES' ARGUMENT:  As alleged in the Complaint, VictoryLand has engaged in legislative efforts to insulate the rules and regulation governing electronic bingo from attack.  Evidence of such efforts is admissible to show both VictoryLand's participation in the alleged conspiracy and the continuing nature of the alleged conspiracy and enterprise.

With regard to the remaining objections, the Charities incorporate by reference their arguments in support of Request # 1.


PLAINTIFF CHARITIES' REQUEST # 31:  Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren

in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities incorporate by reference their arguments in support of Request # 30.


PLAINTIFF CHARITIES' REQUEST # 32:  Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the

request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF CHARITIES' ARGUMENT: The Charities incorporate by reference their arguments in support of Request # 30.


PLAINTIFF CHARITIES' REQUEST # 33: Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

DEFENDANT VICTORYLAND'S RESPONSE: Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.

PLAINTIFF CHARITIES' ARGUMENT: The Charities incorporate by reference their arguments in support of Request # 30.

PLAINTIFF CHARITIES' REQUEST # 40:  Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

DEFENDANT VICTORYLAND'S RESPONSE:  Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive.  Further, the request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities agreed to limit this Request to testimony regarding electronic bingo and, accordingly, incorporate by reference their arguments in support of Request # 28.  Request # 40 is also reasonably calculated to lead to the discovery of admissible evidence in the form of prior inconsistent statements regarding the conduct of electronic bingo at VictoryLand.

DATED: September 28, 2007.

Respectfully submitted,

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:       rks@spotswoodllc.com
              msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray,
    Gray & Nathanson PC
P.O. Box 830239
Tuskegee, AL 36083-0239
E-mail:     fgray@glsmgn.com
              jbibb@glsmgn.com
              fgrayjr@glsmgn.com
              thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest &
    Fawal PC
P.O. Box 1988
Montgomery, AL 36102
E-mail:     janderson@beersanderson.com
              wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL 35203
E-mail:     mwhite@waadlaw.com
              adowd@waadlaw.com
              rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail:     wms@hsy.com
              pcd@hsy.com
              pt@hsy.com
              kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:     jbolton@sasserlawfirm.com
              cspencer@sasserlawfirm.com

Stephen D. Heninger
W. Lewis Garrison Jr.
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, Alabama 35203
E-mail:     steve@hgdlawfirm.com
              lewis@hgdlawfirm.com

George L. Beck, Jr.
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
E-mail:     glb@chlaw.com

                      s/ Michael T. Sansbury
                      OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
TO MACON COUNTY GREYHOUND PARK, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby propound the following requests for production of documents to Defendant Macon County Greyhound Park, Inc., d/b/a VictoryLand. The Plaintiffs request that the documents be tendered at the offices of BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104, by Wednesday, June 13, 2007, at 5:00 PM.

**INSTRUCTIONS AND DEFINITIONS**

1.      The terms "you," "your," and "MCGP" shall mean and refer to Macon County Greyhound Park, Inc., and its officers, directors, shareholders, employees, agents, attorneys, accountants or representatives, severally and individually.

2.      The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated

companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3.    The term "Sheriff Warren" shall mean and refer to David Warren, the Macon County Sheriff's office, and/or any other employers, employees, agents, or representatives of David Warren or the Macon County Sheriff's office, severally and individually.

4.    This request for documents shall apply not only to documents directly in the possession of MCGP but also to documents in the possession of others as to which MCGP has access, including but not limited to documentation in the possession of any of MCGP's officers, directors, shareholders, employees, agents, attorneys, accountants or representatives.

5.    Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.    This request for documents pursuant to Rule 34, Federal Rules of Civil Procedure, is intended to be of a continuing nature.  If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.    If you claim or contend that any of the documents hereby requested are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.    The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall

include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.     The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties.  For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to this request, whereby "MCGP 00001" would be indicated on the first page of the first document produced, "MCGP 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED

1.     Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

RESPONSE:

2.     Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

3

RESPONSE:

3.      Please produce any and all documents in your possession or control that reflect or

relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment

in Macon County, Alabama, including VictoryLand.

RESPONSE:

4.      Please produce any and all documents in your possession or control that reflect or

relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon

County, Alabama.

RESPONSE:

5.      Please produce any and all documents in your possession or control that refer or

relate to Sheriff Warren.

RESPONSE:

6.      Please produce any and all documents in your possession or control that contain

any communication between you and Sheriff Warren.

RESPONSE:

7.      Please produce any and all documents in your possession or control that refer or

relate to Pebblin W. Warren.

RESPONSE:

8.      Please produce any and all documents in your possession or control that contain

any communication between you and Pebblin W. Warren.

RESPONSE:

9.      Please produce any and all documents in your possession or control that refer or

relate to J.B. Walker.

RESPONSE:

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

RESPONSE:

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:

12.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

RESPONSE:

13.    Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

RESPONSE:

14.    Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

RESPONSE:

15.     Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

RESPONSE:

16.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

RESPONSE:

17.     Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

RESPONSE:

18.     Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama,   that are not under contract with VictoryLand.

RESPONSE:

19.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

20.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

21.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

22.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

23.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

24.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

RESPONSE:

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any

other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

26.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

27.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

28.     Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any government regulatory body or court of law or equity.

RESPONSE:

29.     Please produce any and all documents that reflect or relate to campaign contributions made to any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama or the campaign of Pebblin W. Warren.

RESPONSE:

30.     Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

31.     Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

RESPONSE:

32.     Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

RESPONSE:

33.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

RESPONSE:

34.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

35.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

36.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

37.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:

38.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:

39.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:

40.    Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

RESPONSE:

41.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

RESPONSE:

DATED: May 14, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:      rks@spotswoodllc.com
             msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 14th day of May 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray &
Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:      fgray@glsmgn.com
             jbibb@glsmgn.com
             fgrayjr@glsmgn.com
             thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:      wms@hsy.com
             pcd@hsy.com
             pt@hsy.com
             kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:      mwhite@waadlaw.com
             adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:      jbolton@sasserlawfirm.com
             cspencer@sasserlawfirm.com

                              s/ Michael T. Sansbury
                              OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY
SERVICES, INC., et al.,

        Plaintiffs,

v.

DAVID WARREN, in his Official Capacity
as the SHERIFF OF MACON COUNTY, et
al.,

        Defendants.

Case No.: 3:06-cv-01113-WKW-csc

## MACON COUNTY GREYHOUND PARK, INC.'S OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Macon County Greyhound Park ("Victoryland"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits the following objections to Plaintiffs' First Requests for Production of Documents.

These objections are made without waiver of:

(a)      All objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose and any further proceedings in this action;

(b)      The right to object on any ground at any time to a demand or request for responses to these or other discovery requests involving or relating to the subject matter of the discovery requests herein objected to;

(c)      The right at any time to amend, revise, correct, supplement, or clarify any of the objections contained herein;

(d)      The right at any time to assert the privilege with respect to any privileged or protected

1

material erroneously produced; and

(e)     The right to request, prior to responding, that the Plaintiffs enter into a mutually agreeable confidentiality agreement necessary to safeguard the confidential and/or proprietary information disclosed.

## GENERAL OBJECTIONS

1.     Victoryland objects to each and every one of Plaintiffs' discovery requests on the grounds that discovery is not appropriate at this time because:  (i) Victoryland does not presently know under which complaint this case will proceed, as the Motion for Leave to File Third Amended Complaint is currently pending; (ii) Victoryland was not party to the previous Rule 26(f) meeting or the Court's scheduling conference, nor was Victoryland consulted in reaching the Scheduling Order presently in place; and (iii) the Court has indicated it will hold another scheduling conference in this case to discuss discovery matters as well as scheduling matters, given that Plaintiffs have moved for leave to file the Third Amended Complaint.

2.     Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request calls for information that can be more appropriately and efficiently obtained by Plaintiffs from public or other sources or information that are within Plaintiffs' possession or control or could more easily be obtained by Plaintiffs.

3.     Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such request is over broad, unduly burdensome, oppressive, vague and ambiguous, requiring Victoryland to engage in a lengthy, time-consuming and expensive search for information with no specific guidance as to what information is sought pursuant to each discovery request.  Moreover, the requests fail to identify the documents sought with particularity or detail.

4.     Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such requests seek information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such request seeks communications and/or documents which were prepared or made by other persons and/or entities.  Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others, and therefore, Victoryland is justified in requesting that the Plaintiffs obtain such information from other persons and/or entities.

6.     Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request calls for information that is subject to the attorney/client privilege, prepared in anticipation of litigation or in preparation for trial, or constitutes attorney work product or competitive information which is confidential or proprietary in nature, or information subject to *Noerr-Pennington* or any other privilege.

7.     Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request seeks information concerning issues upon which discovery is not yet complete.

8.     Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request seeks information, the retrieval or compilation of which would be unduly burdensome or oppressive to Victoryland.

9.     Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request lacks adequate restrictions as to its scope, including but not limited to time, material, and geographical limitations.

10.     Victoryland has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses contained herein are based only upon the information and documentation that is presently available to and specifically known to Victoryland. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known information or documentation, or establish additional or new factual conclusions or legal contentions, all of which may result in the modification of these responses. Accordingly, Victoryland reserves the right, but does not assume the obligation, to modify its responses and produce additional evidence, based upon subsequently ascertained or developed information, documentation, facts and/or contentions. These responses should not be construed to prejudice Victoryland's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Victoryland's right to utilize any additional evidence that may be developed. Victoryland's responses should not be construed as an admission that Victoryland accepts or admits any facts set forth or implied in Plaintiffs' discovery requests.

11.     Victoryland objects to the Plaintiff's "Definitions" and "Instructions" to the extent that they attempt to give abnormal meanings to common terms and/or attempt to impose obligations on the Defendant that exceed the scope of discovery allowed under the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS

In addition to the General objections set forth above, Victoryland makes objections to the specific discovery requests as set forth below.

1.     Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County,

4

Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

**RESPONSE:  Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*.  Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

2.      Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

**RESPONSE:  Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive.  The request is not reasonably limited in scope or time.  This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*.  Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

3.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant information time. The request is also objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

4.     Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and is objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

5.     Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time and is objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.**

6.     Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

**RESPONSE:** Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. Victoryland also objects to this request to the extent is seeks information protected under Noerr-Pennington.

7.     Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

**RESPONSE:** Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time, and is objectionable to the extent is seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or Noerr-Pennington.

8.     Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

**RESPONSE:** Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland also objects to this request to the extent is seeks information protected under Noerr-Pennington. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.

9.     Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

12.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

**RESPONSE:  Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine.  Further, the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope.**

13.    Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

**RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy.  Further, the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

14.    Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

**RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.  The request seeks documents that**

are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

15.     Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

**RESPONSE:** Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business, and also seeks privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

16.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

**RESPONSE:** Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Further, the request is not reasonably limited in scope or time.

17.    Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information. Further, the request is not reasonably limited in scope or time.**

18.    Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Further, the request is not reasonably limited in scope or time.**

19.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, _Noerr-Pennington_ and/or the attorney-client privilege.**

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers,

employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:** Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.

21.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorneys(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:** Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by *Noerr-Pennington*. Victoryland further objects to the request to the extent that the documents sought can be obtained from another party or are already in the possession, custody or control of Plaintiffs and/or their counsel, employees, agents, etc.

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:** Victoryland objects to this request on the grounds that the request calls for confidential and privileged information, including information protected by *Noerr-Pennington*. Victoryland further objects to the request to the extent that the documents sought can be

12

obtained from another party or are already in the possession, custody or control of Plaintiffs and/or their counsel, employees, agents, etc.

23.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:** **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege. Also, the request is vague, unclear and ambiguous.**

24.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:** **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

26.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request also seeks information protected by the attorney-client privilege.**

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:  Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an invasion of privacy.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to**

the discovery of admissible evidence. Victoryland also objects to the extent this request seeks

information protected by the work-product doctrine or the attorney-client privilege.

28.      Please produce any and all documents constituting, evidencing, or reflecting any complaint,

formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any

nature to which you were a party, including any complaint or proceeding brought in any matter

before any government regulatory body or court of law or equity.

**RESPONSE:  The request is overly broad, unduly burdensome and oppressive, and the
request is not reasonably limited in scope or time.  The request is also objectionable to the
extent it seeks information that is confidential or protected by the work product doctrine or
attorney-client privilege.  The request seeks documents that are not relevant to any claim or
defense asserted in the pending litigation under the Second Amended Complaint, and the
request is not reasonably calculated to lead to the discovery of admissible evidence.  The
request is also vexatious to the extent it seeks non-objectionable information that is a matter of
public record and is equally available to the Plaintiffs.**

29.      Please produce any and all documents that reflect or relate to campaign contributions made to

any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama or the

campaign of Pebblin W. Warren.

**RESPONSE:  Victoryland objects to this request to the extent that it seeks personal, private,
proprietary and confidential information the disclosure of which would amount to an
improper invasion of privacy.  The request also seeks information that is protected by *Noerr-
Pennington,* and is overly broad, unduly burdensome and oppressive, and not reasonably
limited in scope or time.  The request seeks documents that are not relevant to any claim or**

defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

30.     Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

31.     Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably**

17

limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.

32.     Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

**RESPONSE:** Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.

33.     Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

**RESPONSE:** Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or

defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. **Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.**

34.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

35.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work**

product doctrine. **The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

36.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:** **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

37.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

**RESPONSE:** **Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover,**

discovery has not yet commenced, and no decision has been made as to documents that will be used in this action.  Victoryland reserves the right to supplement this response.

WILLIAM M. SLAUGHTER (SLA-001)
PATRICIA C. DIAK (DIA-005)
PETER JOHN TEPLEY (TEP-002)
KHRISTI DOSS DRIVER (FLO-027)

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail, first class postage prepaid and properly addressed as follows, this __18th__ day of June, 2007.

James H. Anderson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL  36102

Fred D. Gray
Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239

Robert K. Spotswood
Michael T. Sansbury
Spotwood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213

John Mark White
Augusta S. Dowd
Rebecca DePalma
White, Arnold, Andrews & Dowd
2025 Third Avenue North, Suite 600
Birmingham, AL  35203

John M. Bolton, III
Charlanna White Spencer
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY
SERVICES, INC., et al.,

    Plaintiffs,

v.

DAVID WARREN, in his Official Capacity
as the SHERIFF OF MACON COUNTY, et
al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 3:06-cv-01113-WKW-csc

## MACON COUNTY GREYHOUND PARK, INC.'S SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Macon County Greyhound Park ("Victoryland") inadvertently omitted its specific objections to Requests #38-41 in its Objections served yesterday, June 18, 2007. Victoryland accordingly submits the following objections to Plaintiffs' Requests # 38-41, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

By reference, Victoryland reasserts the preliminary statements and General Objections as set out in Victoryland's Objections to Plaintiffs' First Requests for Production of Documents, as if fully set forth herein.

### SPECIFIC OBJECTIONS

In addition to the General objections incorporated herein by reference, Victoryland makes objections to the specific discovery requests 38-41 as set forth below.

38.  To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

1

**RESPONSE: Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be used in this action to support any affirmative defenses. Victoryland reserves the right to supplement this response.**

39.     Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

**RESPONSE: Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be introduced as evidence in this action. Victoryland reserves the right to supplement this response.**

40.     Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**RESPONSE: Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. Further, the request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

41.     To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

**RESPONSE:** Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be used as basis for any defense in this action. Victoryland reserves the right to supplement this response.


KHRISTI DOSS DRIVER (FLO-027)
One of the attorneys for Defendant
Macon County Greyhound Park, Inc. d/b/a
Victoryland


**OF COUNSEL:**
WILLIAM M. SLAUGHTER (SLA-001)
PATRICIA C. DIAK (DIA-005)
PETER JOHN TEPLEY (TEP-002)
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail, first class postage prepaid and properly addressed, and also by e-mail, as follows this 19th day of June, 2007:

James H. Anderson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL 36102
janderson@beersanderson.com
wshaw@beersanderson.com

Fred D. Gray
Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

Robert K. Spotswood
Michael T. Sansbury
Spotswood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

John Mark White
Augusta S. Dowd
Rebecca DePalma
White, Arnold, Andrews & Dowd
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
mwhite@waadlaw.com
adowd@waadlaw.com
rdepalma@waadlaw.com

John M. Bolton, III
Charlanna White Spencer
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

Of Counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al.,** | ) ) ) |
| | **Case No.: 3:06-cv-01113-WKW-csc** |
| **Plaintiffs,** | ) ) |
| | ) |
| **v.** | ) ) |
| **DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al.,** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

**MACON COUNTY GREYHOUND PARK, INC.'S RESPONSE TO
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Macon County Greyhound Park ("Victoryland"), by and through its counsel of record, and supplements its Response to Plaintiffs' First Request for Production of Documents ("Response") as follows:

These responses are made without waiver of:

(a)    All objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose and any further proceedings in this action;

(b)    The right to object on any ground at any time to a demand or request for responses to these or other discovery requests involving or relating to the subject matter of the discovery requests herein objected to;

(c)    The right at any time to amend, revise, correct, supplement, or clarify any of the objections contained herein;

(d)    The right at any time to assert the privilege with respect to any privileged or protected

material erroneously produced; and

(e)    The right to require, prior to responding, that the Plaintiffs enter into a mutually agreeable confidentiality agreement necessary to safeguard the confidential and/or proprietary information disclosed.

## GENERAL OBJECTIONS

1.    Victoryland objects to each and every one of Plaintiffs' discovery requests on the grounds that discovery is not appropriate at this time because Victoryland does not presently know under which complaint this case will proceed, as the Motion for Leave to File Fourth Amended Complaint is currently pending.

2.    Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs and is not producing any such documents.

3.    Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such request is over broad, unduly burdensome, oppressive, vague and ambiguous, requiring Victoryland to engage in a lengthy, time-consuming and expensive search for information with no specific guidance as to what information is sought pursuant to each discovery request.  Moreover, the requests fail to identify the documents sought with particularity or detail.

4.    Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such requests seek information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

5.    Victoryland objects to each and every one of Plaintiffs' discovery requests insofar as such request seeks communications and/or documents which were prepared or made by other persons and/or entities.  Such documents, communications, and knowledge of such communications

2

are in the custody, control, and possession of others, and therefore, Victoryland is justified in requesting that the Plaintiffs obtain such information from other persons and/or entities.

6.    Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request calls for information that is subject to the attorney/client privilege, prepared in anticipation of litigation or in preparation for trial, or constitutes attorney work product or competitive information which is confidential or proprietary in nature, or information subject to *Noerr-Pennington* or any other privilege.

7.    Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request seeks information concerning issues upon which discovery is not yet complete.

8.    Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request seeks information, the retrieval or compilation of which would be unduly burdensome or oppressive to Victoryland.

9.    Victoryland objects to each and every one of Plaintiffs' discovery requests to the extent that any such request lacks adequate restrictions as to its scope, including but not limited to time, material, and geographical limitations.

10.    Victoryland has not fully completed its investigation, discovery, analysis, legal research and preparation for trial.  The responses contained herein are based only upon the information and documentation that is presently available to and specifically known to Victoryland. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known information or documentation, or establish additional or new factual conclusions or legal contentions, all of which may result in the modification of these responses.  Accordingly, Victoryland reserves the right, but does not assume the obligation, to modify its responses and produce additional evidence, based upon subsequently ascertained or developed information, documentation, facts and/or contentions.  These responses should not be construed to prejudice Victoryland's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Victoryland's right to utilize any additional evidence that may be developed. Victoryland's responses should not be construed as an admission that Victoryland accepts or admits any facts set forth or implied in Plaintiffs' discovery requests.

11.    Victoryland objects to the Plaintiffs' "Definitions" and "Instructions" to the extent that they attempt to give abnormal meanings to common terms and/or attempt to impose obligations on the Defendant that exceed the scope of discovery allowed under the Federal Rules of Civil Procedure including, but not limited to the overly broad and uncommon definition of "You."

12.    Victoryland objects each and every one of Plaintiffs' discovery requests to the extent that such request seeks information that is protected from disclosure by Rule 1.6 of the Rules of Professional Conduct.

<u>**REQUESTS FOR PRODUCTION**</u>

The term "meet and confer" used throughout this section refers to a meeting between counsel for Plaintiffs and counsel for Defendant which took place on July 5, 2007, to discuss and clarify Plaintiffs' First Request for Production of Documents to Macon County Greyhound Park, Inc. [1]

1.    Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

**RESPONSE:    Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*. Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

Plaintiffs' Clarification:    **Plaintiffs limited this request to pre-litigation documents only and requested a privilege log. Victoryland advised that according to Middle District Rules, no privilege log is required at this stage of the litigation. Defendant maintains its objections to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Defendant will produce any additional non-objectionable responsive documents, if they exist.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

---

[1]    Michael Sansbury represented the Plaintiffs and Augusta Dowd, Pete Tepley, and Rebecca DePalma represented the Defendant at this meeting.

5

2.      Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

**RESPONSE:**      **Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. This request is objectionable to the extent it seeks material that is confidential in nature and that is subject to the attorney-client privilege, the work product doctrine and is protected under *Noerr-Pennington*. Further, the request is vexatious and filed for an improper purpose as non-objectionable documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

Plaintiffs' Clarification:      **Plaintiffs limited this request to pre-litigation documents only. Defendant maintains its objections to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Defendant will produce any additional non-objectionable responsive documents, if they exist.**

Defendant's Supplemental Response:      **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

3.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

**RESPONSE:**      **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant information. The request is also objectionable to the extent it seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington*.**

Plaintiffs' Clarification:      **Plaintiffs limited this request to pre-litigation documents only. Defendant maintains its objections to this request on the grounds**

**that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Defendant will produce any additional non-objectionable responsive documents, if they exist.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

4.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**RESPONSE:    Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time and is objectionable to the extent it seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington*.**

Plaintiffs' Clarification:    **Plaintiffs limited the documents requested to application materials by third parties and communication including emails regarding the application/recruitment of charities and matters related to that issue.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

5.    Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

**RESPONSE:    Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time and is objectionable to the extent it seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington*.**

Plaintiffs' Clarification:              **Plaintiffs limited the information sought to any documents regarding electronic bingo and any benefits bestowed upon Sheriff Warren by Victoryland. Plaintiffs defined the term "benefits" to mean cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Sheriff. Plaintiffs do not want police reports.**

**Plaintiffs disagreed with Defendant's summary of the meet and confer and by letter dated July 17, 2007, clarified as follows: Plaintiffs understanding is that the definition of the term benefits as "cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Sheriff" is meant to exemplify and not be an exhaustive list of benefits. Plaintiffs do not think the term "benefit" is particularly difficult to understand, but if Defendant has trouble determining whether particular things or actions are "benefits," Plaintiffs' counsel will be happy to discuss.**

Defendant's Supplemental Response:              **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

6.     Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

**RESPONSE:     Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. Victoryland also objects to this request to the extent it seeks information protected under *Noerr-Pennington*.**

Plaintiffs' Clarification:              **Plaintiffs limited the information sought to any communications regarding electronic bingo.**

Defendant's Supplemental Response:              **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

8

7.     Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time, and is objectionable to the extent it seeks information that is confidential or protected by attorney-client privilege, the work-product doctrine or *Noerr-Pennington.***

Plaintiffs' Clarification:     **Plaintiffs limited the information sought to any documents regarding electronic Bingo and any benefits bestowed upon Pebblin Warren by Victoryland and any communications regarding HB 17 or lobbying efforts concerning same. Plaintiffs have defined the term "benefits" to mean cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Ms. Warren.**

**Plaintiffs disagreed with Defendant's summary of the meet and confer and by letter dated July 17, 2007, clarified as follows: Plaintiffs' understanding is that the definition of the term benefits as "cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Sheriff" is meant to exemplify and not be an exhaustive list of benefits. Plaintiffs do not think the term "benefit" is particularly difficult to understand, but if Defendant has trouble determining whether particulars things or actions are "benefits," Plaintiffs' counsel will be happy to discuss.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

8.     Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to**

the discovery of admissible evidence. **Victoryland also objects to this request to the extent it seeks information protected under *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:     **Plaintiffs limited the information sought to any communications regarding electronic bingo.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

9.     Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

**RESPONSE:     Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:     **Plaintiffs limited the information sought to any documents regarding electronic Bingo and any benefits bestowed upon J.B. Walker by Victoryland. Plaintiffs defined the term "benefits" to mean cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of Mr. Walker.**

**Plaintiffs disagreed with the above, and by letter dated July 17, 2007, clarified as follows: Plaintiffs' understanding of the definition of the term benefits as "cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Sheriff" is meant to exemplify and not be an exhaustive list of benefits. Plaintiffs do not think the term "benefit" is particularly difficult to understand, but if Defendant has trouble determining whether particular things or actions are "benefits," Plaintiffs' counsel will be happy to discuss.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections,**

**our investigation is continuing but we have located no responsive documents in our possession or control.**

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

**RESPONSE:**    **Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:    **Plaintiffs limited the information sought to any communications regarding electronic Bingo.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

**RESPONSE:**    **Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:    **None.**

**Plaintiffs stated by letter dated July 17, 2007, that they believe Defendant's position is inconsistent with Mr. Gray's affidavit stating that he has not "at any time" advised Defendant concerning the rules and regulations governing bingo.**

Defendant's Supplemental Response:    **Defendant maintains its objections to this request.**

12.     Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope.**

Plaintiffs' Clarification:          **None.**

Defendant's Supplemental Response:          **Defendant maintains its objections to this request.**


13.     Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. Further, the request is not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:          **None.**

**By letter dated July 17, 2007, Plaintiffs proposed to limit the Requests to the investment or ownership interest of Fred Gray, based on the understanding that he is the only identified person who is an investor in Victoryland. If that understanding changes, Plaintiffs may need to revisit Requests. Plaintiffs proposed to limit these Requests in time from January 1, 2001.**

Defendant's Supplemental Response:          **Defendant maintains its objections to this request.**

14.     Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

**RESPONSE:        Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy.   The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:          **None.**

**By letter dated July 17, 2007, Plaintiffs proposed to limit the Requests to the investment or ownership interest of Fred Gray, based on the understanding that he is the only identified person who is an investor in Victoryland.  If that understanding changes, Plaintiffs may need to revisit Requests.  Plaintiffs proposed to limit these Requests in time from January 1, 2001.**

Defendant's Supplemental Response:          **Based upon the Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.**

15.     Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

**RESPONSE:        Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy.   The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The**

**request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business, and also seeks privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:    **None.**

**By letter dated July 17, 2007, Plaintiffs proposed to limit this Request to Fred Gray and the Gray Law Firm. Plaintiffs proposed to limit these Requests in time from January 1, 2001.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.**

16.    Please produce any and all documents in your possession or control that refer or

relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

**RESPONSE:    Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Further, the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:    **Plaintiffs stated the information sought is limited to any documents regarding Victoryland's payments to charities, contracts between Victoryland and the Charities and on-going communication between Victoryland and the Charities concerning electronic Bingo from January 1, 2003 forward (unless documents indicate communication prior to January 1, 2003, in which case that communication shall be included).**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, we have produced bingo licenses pursuant to this request.**

14

17.    Please produce any and all documents in your possession or control that refer or relate to

bingo licenses issued to any charity that has contracted with VictoryLand.

**RESPONSE:**    **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information.  Further, the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:    **Plaintiffs limited information sought to any documents regarding Victoryland's payments made to charities, contracts between Victoryland and the Charities and on-going communication between Victoryland and the Charities concerning electronic Bingo from January 1, 2003 forward (unless documents indicate communication prior to January 1, 2003, in which case that communication shall be included).**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request.  Without waiving those objections, we have produced bingo licenses pursuant to this request.**

18.    Please produce any and all documents in your possession or control that refer or relate to

communications between you and charities in Macon County, Alabama, that are not under contract

with VictoryLand.

**RESPONSE:**    **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent it seeks confidential, proprietary or otherwise privileged information.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request is not reasonably limited in scope or time.**

Plaintiffs' Clarification:    **Plaintiffs limited this request to documents concerning electronic Bingo from January 1, 2003 forward.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.  Without waiving those objections, our investigation is continuing but we**

**have located no responsive documents in our possession or control.**

19.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:**       **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time.  Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege.**

Plaintiffs' Clarification:       **Plaintiffs stated that the entity referred to as "Lucky Palace, Inc." is in actuality "Lucky Palace LLC."  Plaintiffs limited requests to the Plaintiff Charities' documents concerning electronic bingo limited to pre-litigation documents only. Plaintiffs stated that requests specific to Lucky Palace LLC are related to any documents concerning Lucky Palace or its three main principals, Paul Bracey, Marcus Taylor and Dwight Washington.**

**Plaintiffs disagreed with Defendant's understanding from the meet and confer and by letter dated July 17, 2007, clarified as follows: Plaintiffs' understand that Requests specific to Lucky Palace LLC are related to any documents "referring or relating to" Lucky Palace or its three main principals, Paul Bracey, Marcus Taylor and Dwight Washington.**

Defendant's Supplemental Response:       **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request.  Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

20.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by the work product doctrine,** *Noerr-Pennington* **and/or the attorney-client privilege.**

Plaintiffs' Clarification:     **Plaintiffs stated that this request is encompassed within Request # 19.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

21.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorneys(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by** *Noerr-Pennington***. Victoryland further objects to the request to the extent that the documents sought can be obtained from another party or are already in the possession, custody or control of Plaintiffs and/or their counsel, employees, agents, etc.**

Plaintiffs' Clarification:     **None.**

Defendant's Supplemental Response:     **Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no documents responsive to this request in our possession or control.**

22.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:**     **Victoryland objects to this request on the grounds that the request calls for confidential and privileged information, including information protected by *Noerr-Pennington*. Victoryland further objects to the request to the extent that the documents sought can be obtained from another party or are already in the possession, custody or control of Plaintiffs and/or their counsel, employees, agents, etc.**

Plaintiffs' Clarification:     **None.**

Defendant's Supplemental Response:     **Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no documents responsive to this request in our possession or control.**

23.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:**     **Victoryland objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. The request is not reasonably limited in scope or time. Further, the request calls for confidential and privileged information, including information protected by the work product doctrine, *Noerr-Pennington* and/or the attorney-client privilege. Also, the request is vague, unclear and ambiguous.**

Plaintiffs' Clarification:     **Plaintiffs stated this request is encompassed within Request # 19 and should include only documents of communications made at Victoryland's behest.**

**By letter dated July 17, 2007, Plaintiffs disagreed with Defendant's understanding from the meet and confer and clarified that this request is encompassed within Request # 19 and should include only documents of communications made "with Victoryland's knowledge."**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification at the meet and confer, Defendant maintains its objections to this request. Without waiving those objections,**

**non-objectionable documents responsive to this request have been produced.**

24.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

**RESPONSE:      Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:      **None.**

**By letter dated July 17, 2007, Plaintiffs proposed to exclude documents relating to any interest in Victoryland from this Request. Plaintiffs further proposed that if there is a common interest between Fred Gray and Victoryland in the Jefferson County Racing Association, Inc., with regard to the Jefferson County Racing Association, Inc., Plaintiffs will limit this Request to documents relating to Mr. Gray.**

Defendant's Supplemental Response:      **Based upon the Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no documents responsive to this request in our possession or control.**

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren,

Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:**    **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary, privileged and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by _Noerr-Pennington_.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:    **None.**

**By letter dated July 17, 2007, Plaintiffs proposed to limit this Request in time from January 1, 1995.  Plaintiffs further proposed to limit this Request to benefits bestowed with Victoryland's knowledge.**

Defendant's Supplemental Response:    **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.**

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:**          **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information, including information of non-parties, the disclosure of which would amount to an improper invasion of privacy, and seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information protected by the attorney-client privilege.**

Plaintiffs' Clarification:          **None.**

                                  **By letter dated July 17, 2007, Plaintiffs proposed to limit this Request to benefits bestowed with Victoryland's knowledge. Plaintiffs further proposed to limit this Request in time from January 1, 2001.**

Defendant's Supplemental Response:          **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.**

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**RESPONSE:**          **Victoryland objects to this request on the grounds that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an invasion of privacy. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and**

its business.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Victoryland also objects to the extent this request seeks information protected by the work-product doctrine or the attorney-client privilege.

Plaintiffs' Clarification:          **Plaintiffs offered to narrow this request.**

**By letter dated July 17, 2007, Plaintiffs proposed to limit this Request to benefits bestowed with Victoryland's knowledge. Plaintiffs proposed to limit this Request in time from January 1, 2003.**

Defendant's Supplemental Response:          **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.**

28.     Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any government regulatory body or court of law or equity.

**RESPONSE:**          **The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request is also objectionable to the extent it seeks information that is confidential or protected by the work product doctrine or attorney-client privilege.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  The request is also vexatious to the extent it seeks non-objectionable information that is a matter of public record and is equally available to the Plaintiffs.**

Plaintiffs' Clarification:          **Plaintiffs limited this request to any non-privileged formal complaints involving a court or Government entity related to electronic Bingo.**

Defendant's Supplemental Response:          **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint,**

                                                 **Defendant maintains its objections to this request.**

29.      Please produce any and all documents that reflect or relate to campaign contributions made to any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama or the campaign of Pebblin W. Warren.

**RESPONSE:**      **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy. The request also seeks information that is protected by *Noerr-Pennington,* and is overly broad, unduly burdensome and oppressive, and not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:     **Plaintiffs stated this request was encompassed by Request #25.**

                                  **By letter dated July 17, 2007, Plaintiffs proposed to limit this Request in time from January 1, 1995. Plaintiffs further proposed to limit this Request to benefits bestowed with Victoryland's knowledge.**

Defendant's Supplemental Response:     **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.**

30.      Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:**      **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not**

**reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:    **Plaintiffs stated that this request specifically includes post-litigation documents concerning HB 17, HB 527, SB 92 and SB 390. Plaintiffs may request other bills as well. Plaintiffs' justification for this request is that they are attempting to look for any actions taken to further insulate Victoryland from attack in order to show a conspiracy.**

**Plaintiffs disagreed with Defendant's summary of the meet and confer and by letter of July 17, 2007, clarified as follows: Plaintiffs state that they are seeking both pre-litigation and post-litigation documents relating to the legislative efforts described. Plaintiffs add Amendment 744 to this Request. Plaintiffs' justification for these Requests is that they are reasonably calculated to lead to the discovery of admissible evidence of Victoryland's participation in the alleged conspiracy and enterprise and of the continuing nature of the conspiracy and enterprise.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced and Defendant will produce additional documents subject to a protective order.**

31.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**RESPONSE:**    **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is**

**overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.**

Plaintiffs' Clarification:          **None.**

**By letter of July 17, 2007, Plaintiffs clarified as follows: Plaintiffs are seeking both pre-litigation and post-litigation documents relating to the legislative efforts described. Plaintiffs' justification for these Requests is that they are reasonably calculated to lead to the discovery of admissible evidence of Victoryland's participation in the alleged conspiracy and enterprise and of the continuing nature of the conspiracy and enterprise.**

Defendant's Supplemental Response:          **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced.**

32.     Please produce any and all documents in your possession or control that reflect or

relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

**RESPONSE:          Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:          **None.**

**By letter of July 17, 2007, Plaintiffs clarified as follows: Plaintiffs are seeking both pre-litigation and post-litigation documents**

**relating to the legislative efforts described.   Plaintiffs' justification for these Requests is that they are reasonably calculated to lead to the discovery of admissible evidence of Victoryland's participation in the alleged conspiracy and enterprise and of the continuing nature of the conspiracy and enterprise.**

Defendant's Supplemental Response:          **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request.  Without waiving those objections, non-objectionable documents responsive to this request have been produced and Defendant will produce additional documents subject to a protective order.**

33.     Please produce any and all documents in your possession or control that reflect or

relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

**RESPONSE:          Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine.  The request seeks information that is protected by *Noerr-Pennington*.  The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time.  The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Victoryland further objects to the extent this request seeks information subject to the work-product doctrine and/or attorney-client privilege.**

Plaintiffs' Clarification:          **None.**

**By letter of July 17, 2007, Plaintiffs clarified as follows: Plaintiffs are seeking both pre-litigation and post-litigation documents relating to the legislative efforts described.   Plaintiffs' justification for these Requests is that they are reasonably calculated to lead to the discovery of admissible evidence of Victoryland's participation in the alleged conspiracy and enterprise and of the continuing nature of the conspiracy and enterprise.**

Defendant's Supplemental Response:          **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and**

26

the proposed **Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, non-objectionable documents responsive to this request have been produced and Defendant will produce additional documents subject to a protective order.**

34.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:**    **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:    **If the Plaintiffs will give specific names of the Sheriff's employees for whom they are seeking information the Defendant will go back and check those names. Plaintiffs agreed to provide specific names of Sheriff Warren's employees to Defendant for this purpose.**

**By letter dated July 17, 2007, Plaintiffs have limited their request to Sheriff Warren, Pebblin Warren, their children and Tommy Miller and if no such documents exist request unqualified representation to that effect.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification at the meet and confer and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

35.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:**          **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request seeks information that is protected by *Noerr-Pennington*. The request is overly broad, unduly burdensome and oppressive, and the request is not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:          **Plaintiffs subsequently stated that it is their understanding that there are no documents responsive to this Request and if this understanding is incorrect Plaintiffs request that Defendant so advise.**

Defendant's Supplemental Response:          **Based upon the Plaintiffs' clarification at the meet and confer and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

36.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:**          **Victoryland objects to this request to the extent that it seeks personal, private, proprietary and confidential information the disclosure of which would amount to an improper invasion of privacy and to the extent it seeks information protected by the work product doctrine. The request is overly broad, unduly burdensome and oppressive, and the request is**

**not reasonably limited in scope or time. The request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:        **Plaintiffs limited the timeframe to January 1, 2003 and forward.**

Defendant's Supplemental Response:        **Based upon Plaintiffs' clarification and the allegations in the Third Amended Complaint and the proposed Fourth Amended Complaint, Defendant maintains its objections to this request. Without waiving those objections, our investigation is continuing but we have located no responsive documents in our possession or control.**

37.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

**RESPONSE:        Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be used in this action. Victoryland reserves the right to supplement this response.**

Plaintiffs' Clarification:        **None.**

Defendant's Supplemental Response:        **Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

38.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

**RESPONSE:        Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be used in this action to support any affirmative defenses. Victoryland reserves the right to supplement this response.**

Plaintiffs' Clarification:          **None.**

Defendant's Supplemental Response:          **Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

39.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

**RESPONSE:          Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure. Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be introduced as evidence in this action. Victoryland reserves the right to supplement this response.**

Plaintiffs' Clarification:          **None.**

Defendant's Supplemental Response:          **Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

40.    Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**RESPONSE:          Victoryland objects to this request on the grounds that as written it is overly broad, unduly burdensome and oppressive. Further, the request seeks documents that are not relevant to any claim or defense asserted in the pending litigation under the Second Amended Complaint, and the request is not reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs' Clarification:          **Plaintiffs limited this Request to any testimony or exhibits regarding electronic bingo.**

Defendant's Supplemental Response:          **Defendant maintains its objections.**

41.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

**RESPONSE:**          **Victoryland objects to this request to the extent it requires Victoryland to disclose attorney work product and to the extent it seeks to impose a discovery obligation on Victoryland that is beyond the scope of the Federal Rules of Civil Procedure.  Moreover, discovery has not yet commenced, and no decision has been made as to documents that will be used as basis for any defense in this action.  Victoryland reserves the right to supplement this response.**

Plaintiffs' Clarification:          **None.**

Defendant's Supplemental Response:          **Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

Respectfully submitted,

s/ Augusta S. Dowd.
Augusta S. Dowd (ASB-5274-D58A)
One of Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

**OF COUNSEL:**
J. Mark White
Rebecca DePalma
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Tel:     (205) 323-1888
Fax:     (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com

**OF COUNSEL:**
William M. Slaughter
Patricia C. Diak
Peter John Tepley
Khristi Doss Driver
**HASKELL SLAUGHTER YOUNG & REDIKER, LLC**
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by electronic mail as follows, this __14th__ day of September, 2007.

James H. Anderson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL  36102

Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239

Robert K. Spotswood
Michael T. Sansbury
Spotwood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213

John M. Bolton, III
Charlanna White Spencer
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124

W. Lewis Garrison
Stephen D. Heninger
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203


/s/ Augusta S. Dowd
Of Counsel

# WHITE ARNOLD ANDREWS & DOWD P.C.

ATTORNEYS AT LAW

GEORGE W. ANDREWS, III
STEPHEN R. ARNOLD
WILLIAM M. BOWEN, JR.†
KATHERINE R. BROWN
LAURA GIBSON CHAIN
JONATHAN CROSS
REBECCA G. DEPALMA*
AUGUSTA S. DOWD
LINDA G. FLIPPO
GREGORY H. HAWLEY**
HOPE S. MARSHALL
JULIA SMEDS ROTH*
LARA SYKES WALTERS
J. MARK WHITE

†RETIRED JUDGE
ALABAMA COURT OF CRIMINAL
APPEALS

*ALSO LICENSED IN
DISTRICT OF COLUMBIA

**ALSO LICENSED IN
DISTRICT OF COLUMBIA AND TEXAS

OF COUNSEL:
RENEAU P. ALMON
RETIRED JUSTICE
SUPREME COURT OF ALABAMA

July 12, 2007

Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama  35203

**Re:    Hope for Families & Community Services, Inc., et al. v. Warren, et al.**

Dear Michael:

As we discussed in our meet and confer of July 5, 2007, regarding the Plaintiffs' Request for Production of Documents, I am sending you a letter to confirm what transpired and what was agreed upon concerning Plaintiffs' document production requests to Macon County Greyhound Park.

As a general rule, unless stated otherwise, the Plaintiffs have agreed to limit the scope of discovery to January 1, 2003 and forward. However, Plaintiffs are unwilling at this juncture to enter a consent protective order. Please let us know if you have reconsidered this position.  As was stated at the meeting, the Defendant has understandable concerns about and objects to turning over confidential information to a potential competitor without a protective order in place, especially given the recent ad mail outs against Victoryland, purportedly sent by Lucky Palace.

Without waiving any of our objections, as noted below the Defendant has agreed to review certain document requests in light of the limitations and explanations provided by you and, we will advise you of our position after we have had an opportunity to review with your explanations and limitations in mind.

1.    Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

Michael T. Sansbury, Esq.
July 12, 2007
Page 2

**Plaintiffs have limited this request to pre-litigation documents only. Plaintiffs have requested a privilege log.**

**Defendant maintains its objections as to confidentiality. Victoryland also advised you that according to Middle District Rules, it is counsel's understanding that no privilege log is required at this stage of the litigation. Defendant maintains its objections to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Defendant will produce any additional non-objectionable responsive documents, if they exist.**

2.     Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

**Plaintiffs have limited this request to pre-litigation documents only.**

**Defendant maintains its objections to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Defendant will produce any additional non-objectionable responsive documents, if they exist.**

3.     Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

**Plaintiffs have limited this request to pre-litigation documents only.**

**Defendant maintains its objections to this request on the grounds that it seeks confidential or proprietary information and/or information protected by the attorney-client privilege and the work product doctrine. Defendant will produce any additional non-objectionable responsive documents, if they exist.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 3

4.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**Plaintiffs have limited the documents requested to application materials by third parties and communication including emails regarding the application/recruitment of charities and matters related to that issue.**

5.      Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

**Plaintiffs have limited the information sought to any documents regarding electronic Bingo and any benefits bestowed upon Sheriff Warren by Victoryland. Plaintiffs have defined the term "benefits" to mean cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Sheriff.  Plaintiffs do not want police reports.**

6.      Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

**Plaintiffs have limited the information sought to any communications regarding electronic Bingo.**

7.      Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

**Plaintiffs have limited the information sought to any documents regarding electronic Bingo and any benefits bestowed upon Pebblin Warren by Victoryland and any communications regarding HB 17 or lobbying efforts concerning same. Plaintiffs have defined the term "benefits" to mean cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of the Ms. Warren.**

8.      Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

**Plaintiffs have limited the information sought to any communications regarding electronic Bingo.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 4


9.      Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

**Plaintiffs have limited the information sought to any documents regarding electronic Bingo and any benefits bestowed upon J.B. Walker by Victoryland. Plaintiffs have defined the term "benefits" to mean cash payments, airplane trips, payment of debts, privileges at Victoryland, credits on Bingo cards at Victoryland and parties thrown on behalf of Mr. Walker.**

10.     Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

**Plaintiffs have limited the information sought to any communications regarding electronic Bingo.**

11.     Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon County, Alabama.

**Victoryland is reviewing its objections to this request and will advise Plaintiffs if there will be any change in its objections. Until that time, we stand by our position as articulated in our objections.**

12.     Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

**Victoryland is reviewing its objections to this request and will advise Plaintiffs if there will be any change in its objections. Until that time, we stand by our position as articulated in our objections.**

13.     Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred D. Gray, Fred D. Gray, Jr. or any of their relatives in VictoryLand.

**Defendant maintains its objections to these requests.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 5

14.    Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

**Defendant maintains its objections to these requests.**

15.    Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

**Defendant maintains its objections to these requests.**

16.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

**Plaintiffs have stated the information sought is limited to any documents regarding Victoryland's payments to charities, contracts between Victoryland and the Charities and on-going communication between Victoryland and the Charities concerning electronic Bingo from January 1, 2003 forward (unless documents indicate communication prior to January 1, 2003, in which case that communication shall be included).**

17.    Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

**Plaintiffs have stated the information sought is limited to any documents regarding Victoryland's payments made to charities, contracts between Victoryland and the Charities and on-going communication between Victoryland and the Charities concerning electronic Bingo from January 1, 2003 forward (unless documents indicate communication prior to January 1, 2003, in which case that communication shall be included).**

18.    Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

Michael T. Sansbury, Esq.
July 12, 2007
Page 6

**Plaintiffs have stated that this request is limited to documents concerning electronic Bingo from January 1, 2003 forward.**

19.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**Plaintiffs have stated that the entity referred to as "Lucky Palace, Inc." is in actuality "Lucky Palace LLC". Plaintiffs have limited requests to the Plaintiff Charities' documents concerning electronic bingo limited to pre-litigation documents only. Requests specific to Lucky Palace LLC are related to any documents concerning Lucky Palace or its three main principals, Paul Bracey, Marcus Taylor and Dwight Washington.**

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**Plaintiffs have stated that this request is encompassed within Request # 19.**

21.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorneys(s), employers, employees, agents, representatives, or relatives.

**Defendant has stated that without waiving any of its objections, it will produce any non-objectionable documents to the extent that Defendant has them.**

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**Defendant has stated that without waiving any of its objections, it will produce any non-objectionable documents to the extent that Defendant has them.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 7

23.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**Plaintiffs have stated that this request is encompassed within Request # 19 and should include only documents of communications made at Victoryland's behest.**

24.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

**Defendant maintains its objections to these requests.**

25.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**Plaintiffs have refused to limit this request to a specific time frame and Defendant maintains its objections to this request.**

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**Defendant maintains its objections to this request.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 8


27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**Plaintiff will attempt to narrow this objection and we await that revision.**

28.    Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any government regulatory body or court of law or equity.

**Plaintiffs have stated that this request is limited to any non-privileged formal complaints involving a court or Government entity related to electronic Bingo.**

29.    Please produce any and all documents that reflect or relate to campaign contributions made to any of the Sheriff Warren's campaigns for the office of Sheriff of Macon County, Alabama or the campaign of Pebblin W. Warren.

**Plaintiff stated this was encompassed by Request # 25.**

**Defendant maintains its objections to this request.**

30.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**Plaintiffs have stated that this request specifically includes post-litigation documents concerning HB 17, HB 527, SB 92 and SB 390. Plaintiffs may request other bills as well. Plaintiffs' justification for this request is that they are attempting to look for any actions taken to further insulate Victoryland from attack in order to show a conspiracy.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 9

31.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**Defendant has stated that to the extent we have any of these documents, and they are not objectionable, we will produce them.**

32.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

**Defendant has stated that to the extent we have any of these documents, and they are not objectionable, we will produce them.**

33.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

**Defendant has stated that to the extent we have any of these documents, and they are not objectionable, we will produce them.**

34.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**Defendant has stated that this request is overly broad and to our knowledge we have no documents responsive to this request. However, if the Plaintiffs will give specific names of the Sheriff's employees for whom they are seeking information the Defendant will go back and check those names. Plaintiffs have agreed to provide specific names of Sheriff Warren's employees to Defendant for this purpose.**

35.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**Defendant has stated that we have no documents responsive to this request.**

Michael T. Sansbury, Esq.
July 12, 2007
Page 10

36.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**Plaintiff has stated the timeframe shall be January 1, 2003 and forward.**

**Defendant has stated that we have no documents responsive to this request. Defendant will review its records but we do not believe that Defendant has any documents responsive to this request as limited.**

37.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

**Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

38.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

**Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

39.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

**Defendant will comply as required by the Scheduling Order and Initial Disclosures.**

40.    Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**Defendant maintains its objections.**

41.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

Michael T. Sansbury, Esq.
July 12, 2007
Page 11


**Defendant maintains its objections and will comply as required by the Scheduling Order and Initial Disclosures.**

The final item discussed was the Rule 45 subpoenas.  As you will recall, I asked if you intended to maintain the position that you have taken regarding the Rule 45 subpoenas, namely that you would not make documents received as a result of the Rule 45 subpoenas issued available to us unless we filed a discovery request.  I indicated that if you would make the documents available to us as is customary that we would certainly do the same for you.  At that point you stated that since the discovery process was progressing, you did not see any reason not to make those documents available, but would need to speak to Bob Spotswood about this before agreeing.

Please let me know immediately if your understanding of the limitations, explanations and positions that we discussed at the meet and confer differ from those expressed in this letter.

Very truly yours,

Augusta S. Dowd

ASD/hm


cc:     J. Mark White, Esq.
        Rebecca G. DePalma, Esq.
        Peter J. Tepley, Esq.



**SPOTSWOOD SANSOM & SANSBURY LLC**

940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
Phone: 205.986.3623 Fax: 205.986.3639
www.spotswoodllc.com

Michael T. Sansbury
Direct Dial: 205.986.3623
E-mail: msansbury@spotswoodllc.com

July 17, 2007

<u>**Via Electronic & U.S. Mail**</u>

Augusta Dowd, Esq.
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203

Re:     *Hope for Families & Community Service, Inc., et al. v. Warren, et al.,*
        Case No. 3:06-cv-1113 (M.D. Ala.): Plaintiffs' First Request for
        Production of Documents to VictoryLand

Dear Augusta,

Thank you for your letter of July 12. I believe that you have fairly characterized our proposed limitations with the exceptions that are set forth below.

With regard to Requests ## 5, 7, and 9, I provided examples of the types of benefits that VictoryLand might have bestowed on Sheriff Warren. Those examples were not intended to be an exhaustive list. I do not think the term "benefit" is particularly difficult to understand, but, if you have trouble determining whether particular things or actions are "benefits," I will be happy to discuss it with you.

With regard to Requests ## 11-12, you have stated that you stand by your position that, among other things, Victoryland's communications with the Grays regarding the licensing of electronic bingo are protected by the attorney-client privilege. We also have an affidavit from Mr. Gray stating that he has not, "at any time," advised Macon County Greyhound Park concerning the rules and regulations governing bingo. It seems to me that those positions are inconsistent, so I would very much appreciate it if you would review that position as soon as possible and let me know what VictoryLand's ultimate position will be.

With regard to Requests ## 13-14, we propose to limit the Requests to the investment or ownership interest of Fred Gray, based on the understanding that he is the only identified person who is an investor in VictoryLand. If that understanding changes, we may need to revisit these Requests. Also, we are willing to limit these Requests in time from January 1, 2001.

With regard to Request # 15, we propose to limit the Request to Fred Gray and the Gray Law Firm. We are also willing to limit this Request in time from January 1, 2001.

July 17, 2007
Augusta Dowd, Esq.
Page 2

With regard to Request # 19, I would change "concerning" in your final sentence to "referring or relating to."

With regard to Request # 23, I would change "at VictoryLand's behest" in your sentence to "with VictoryLand's knowledge."

With regard to Request # 24, we propose to exclude documents relating to any interest in VictoryLand from this Request. John Bolton suggested that Fred Gray may have an interest in Jefferson County Racing Association, Inc. I do not know if VictoryLand has an interest in Jefferson County Racing Association as well. If there is a common interest, however, we are willing, with regard to Jefferson County Racing Association, Inc., to limit this Request to documents relating to Mr. Gray.

With regard to Requests ## 25 and 29, we propose to limit this Request in time from January 1, 1995. We also propose to limit the Request to benefits bestowed with VictoryLand's knowledge.

With regard to Request # 26, we propose to limit the Request to benefits bestowed with VictoryLand's knowledge. We also propose limiting the Request in time from January 1, 2001.

With regard to Request #27, we propose to limit the Request to benefits bestowed with VictoryLand's knowledge, relating to electronic bingo, from January 1, 2003.

With regard to Requests ## 30-33, the Plaintiffs are seeking both pre-litigation and post-litigation documents relating to the legislative efforts described. Also, you omitted Amendment 744 itself from the list of specific legislation in Request # 30. Our justification for these Requests is that they are reasonably calculated to lead to the discovery of admissible evidence of VictoryLand's participation in the alleged conspiracy and enterprise and of the continuing nature of the conspiracy and enterprise.

With regard to Request # 34, we are willing to limit the Request to Sheriff Warren, Pebblin Warren, their children, and Tommy Miller. If there are no such documents, we would appreciate an unqualified representation to that effect.

With regard to Requests ## 35-36, the representations seem a little ambiguous. I suspect that was unintentional. In any event, it is my understanding that there are no documents responsive to Requests ## 35-36. If that is incorrect, please let me know.

With regard to Request # 40, we propose to limit the Request to any testimony or exhibits regarding electronic bingo.

I hope that, between our conference, your letter, and this letter, the Plaintiffs' documents requests are sufficiently clear. Once you have completed your initial review of VictoryLand's documents, I hope that we can reconvene to discuss any remaining objections.

July 17, 2007
Augusta Dowd, Esq.
Page 3

Very truly yours,

Michael T. Sansbury

MTS/ema