**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby move this Court for an order compelling Defendant Milton McGregor to produce certain documents and things that the Charities have requested and to which the Charities are entitled. In support of their motion, the Charities state as follows:

1.     This Court has thrice expressed that discovery should move forward in this case despite the pendency of the motions to dismiss, at the scheduling conference on July 2, in its Scheduling Order of July 18, and at the hearing on the motions to dismiss on September 5.

2.     On May 14, 2007, the Charities served their First Requests for Production of Documents (herein "First Requests") on Defendant McGregor.  (*See* Ex. A.)  Those Requests included requests for forty-six categories of documents.  (*See id.*)  Defendant McGregor responded on June 18, 2007, making comprehensive objections and producing no documents. (*See* Ex. B.)  After an extensive meet-and-confer process—which included a telephone conference, the exchange of two detailed letters, and extensive e-mail correspondence—

Defendant McGregor finally produced, on September 5, 2007, only a single document—a copy of a personal check he issued to the World Council of Mayors—in response to a two requests. (*See* Ex. C.)  Defendant McGregor also claimed that he had no documents responsive to thirty-eight of the Charities' requests.[1]  (*See id.*)  Defendant McGregor made no such claim with regard to a single request—Request # 15.  (*See id.* at 12.)

3.     Pursuant to Fed. R. Civ. P. 37(a)(2)(A), counsel for the Charities hereby certify that, in an effort to secure the information and material sought in Request # 15 without court action, they have attempted to confer in good faith with counsel for Defendant McGregor as follows:

a.     On July 6, 2007, counsel for the Charities and McGregor conferred regarding McGregor's objections.  (*See* Ex. D.)  At that meeting, the Charities' counsel attempted to resolve McGregor's objection to Request # 15, but McGregor's counsel indicated that he was standing by his objections.  (*See id.* at 2.)

b.     On September 13, 2007, the Charities' counsel sent a letter to McGregor's counsel suggesting ways in which McGregor's objections to Request # 15 could be resolved.  (*See* Ex. E at 1-2.)  In response, McGregor's counsel stated only that "we stand by our objections" and that the Charities would need to file a motion to compel.  (*See* Ex. F at 1.)

4.     Defendant McGregor's continued and unjustified refusal to provide documents responsive to Request # 15—and, indeed, even to discuss the objections—has forced the Charities to file the instant motion.

---

[1] Defendant McGregor also objected to five requests on timeliness grounds.

5.      Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Charities are entitled to discover information which is relevant and non-privileged. *See Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998).  When a court decides a motion to compel discovery, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)).  "Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker*, 117 F.R.D. at 685 (citing *Sanders*, 437 U.S. at 351; *Hickman v. Taylor*, 329 U.S. 495 (1947)).  "Where there is a doubt over relevancy, the court should still permit discovery." *Coker*, 117 F.R.D. at 685 (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984)).

6.      Because Request # 15 seeks documents that are within the appropriate scope of discovery under the Federal Rules of Civil Procedure, as set forth below, Defendant McGregor is obligated to produce those documents.  Defendant McGregor, however, has refused to produce those documents.

7.      The Charities' unfulfilled Request # 15, Defendant McGregor's deficient responses, and the Charities' specific arguments in support of the instant motion are set forth herein:

<u>PLAINTIFF CHARITIES' REQUEST # 15</u>:  Please produce any and all documents in your possession or control that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

DEFENDANT McGREGOR'S RESPONSE:  The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Finally, this request seeks commercial, proprietary and competitive information, the disclosure of which would be harmful to Victoryland and its business.

PLAINTIFF CHARITIES' ARGUMENT:  The Charities have alleged five claims against Defendant McGregor, arising out of his alleged conspiracy with Defendant David Warren to issue rules and regulations that gave Defendant Macon County Greyhound Park, Inc. (hereinafter "VictoryLand"), a monopoly on electronic bingo in Macon County.  (DE 67 at Counts I, II, IV, V & VI.)  Included among these claims are claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which assert that the rules and regulations that created VictoryLand's monopoly were the result of a scheme of bribery involving Defendant Warren's attorney, Fred Gray Jr.  (DE 67 at Counts I & II.)  Those bribes consisted of, among other things, dividend payments from Defendant VictoryLand to Fred Gray, Fred Gray Jr.'s father.  (DE 67 at ¶¶ 30 & 75.)

When those allegations are viewed in light of liberal federal discovery rules, it is clear that the financial information requested in Request # 15 is discoverable.  "The information sought [in discovery] need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). The phrase "reasonably calculated" means "'any possibility that the information sought may be

relevant to the subject matter of the action.'"  *Mallinckrodt Chemical Works v. Goldman, Sachs*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting C. Wright, Law of Federal Courts § 81, at 359 n. 47 (2nd ed. 1970)).  The requested information is more than "possibly" relevant; it is definitely relevant.

First, the requested financial information is relevant to the profitability of VictoryLand. To establish a prima facie case of conspiracy, a plaintiff must prove, among other things, that the defendants "reached an understanding to violate his rights." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir.2002) (quotation and alteration omitted).  "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of *agreement* between the defendants." *Id.* at 1283-84 (quotations and citation omitted) (emphasis added).  "[A]n *agreement* may be inferred from a variety of circumstances, such as, '*sharing a common motive*, presence in a situation where one could assume participants would not allow bystanders, repeated acts, mutual knowledge with joint action, and the giving out of misinformation to cover up [the illegal activity].'"  *United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000) (quoting *United States v. Davis*, 810 F.2d 474, 477 (5th Cir. 1987) (citations omitted); citing *United States v. Piche*, 981 F.2d 706, 717 (4th Cir. 1992); *United States v. Ellis*, 595 F.2d 154, 160 (3d Cir. 1979)) (emphasis added).  Accordingly, the requested financial information will be admissible to prove that Defendant McGregor was financially motivated to enter into the alleged conspiracy.

Second, because the requested financial information will reveal the profitability of VictoryLand, it will also be used to prove Fred Gray Jr's motive for accepting the alleged bribes and facilitating the alleged conspiracy.  As alleged in the complaint, Fred Gray Jr.'s father is an investor in Victoryland.  (DE 67 at ¶ 29.)  Accordingly, the requested financial information will

show how the electronic bingo monopoly benefited Fred Gray Jr.'s father financially. Any such financial benefit, as alleged in the complaint, would be valuable to Fred Gray Jr. (DE 67 at ¶ 75.)[2]

Finally, the requested financial information is relevant to establishing the market for electronic bingo in Macon County. The Charities' tortious interference claims allege, among other things, that they reasonably expected to profit from their relationship with Lucky Palace. (*See, e.g.*, DE 67 at ¶ 144.) The requested financial information will be used to establish the reasonableness of that expectation by establishing the size of the market for electronic bingo in Macon County and the ability of that market to sustain multiple electronic bingo facilities.

Defendant McGregor further objects to producing the requested financial information on the grounds that it is an invasion of privacy and involves commercial information. Any concerns along those lines, however, are resolved by the protective order that this Court entered on September 20, 2007. *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 414 (E.D.N.Y. 2007) (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 447 (1991) (discussing the history and purpose of protective orders)). That protective order prevents the Charities from using any of the requested financial information for purposes other than this lawsuit without the permission of this Court. Accordingly, those objections should be overruled.

Finally, the Charities do not believe that Request # 15 is overly broad or unduly burdensome. In any event, Defendant McGregor has the burden of showing that discovery is overly broad, unduly burdensome, or oppressive, *see, e.g., Wauchop v. Domino's Pizza, Inc.*, 138

---

[2] In addition, the Plaintiffs have attempted to determine, via subpoena, whether Fred Gray Jr. has a direct financial interest in his father's estate. The Motion to Quash the Plaintiffs' request for those documents is currently pending before this Court.

F.R.D. 539, 543 (N.D. Ind. 1991), and Defendant McGregor has offered no evidence in support of his objection.

Because Defendant McGregor's objections are without merit, this Court should compel Defendant McGregor to respond to Request # 15.

WHEREFORE, the Charities request that this Court issue an Order compelling Defendant McGregor to respond completely, immediately, and without claim of privilege or objections to the Plaintiff Charities' First Request for Production of Documents No. 15.

DATED: September 28, 2007.

Respectfully submitted,

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:        rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray,
    Gray & Nathanson PC
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:    fgray@glsmgn.com
           jbibb@glsmgn.com
           fgrayjr@glsmgn.com
           thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest &
    Fawal PC
P.O. Box 1988
Montgomery, AL  36102
E-mail:    janderson@beersanderson.com
           wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:    mwhite@waadlaw.com
           adowd@waadlaw.com
           rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:    wms@hsy.com
           pcd@hsy.com
           pt@hsy.com
           kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:    jbolton@sasserlawfirm.com
           cspencer@sasserlawfirm.com

Stephen D. Heninger
W. Lewis Garrison Jr.
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, Alabama 35203
E-mail:    steve@hgdlawfirm.com
           lewis@hgdlawfirm.com

George L. Beck, Jr.
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
E-mail:    glb@chlaw.com

                    s/ Michael T. Sansbury
                    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-csc |
| | ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MILTON MCGREGOR

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff Charities hereby propound the following requests for production of documents to Defendant Milton McGregor. The Plaintiffs request that the documents be tendered at the offices of BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104, by Wednesday, June 13, 2007, at 5:00 PM.

### INSTRUCTIONS AND DEFINITIONS

1.    The terms "you," "your," and "Mr. McGregor" shall mean and refer to Mr. Milton McGregor, and any employees, agents, or representatives of Mr. McGregor, severally and individually.

2.    The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated

companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3.    The term "Sheriff Warren" shall mean and refer to David Warren, the Macon County Sheriff's office, and/or any other employers, employees, agents, or representatives of David Warren or the Macon County Sheriff's office, severally and individually.

4.    This request for documents shall apply not only to documents directly in the possession of Mr. McGregor but also to documents in the possession of others as to which Mr. McGregor has access, including but not limited to documentation in the possession of any of Mr. McGregor's employees, accountants, attorneys and relatives.

5.    Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.    This request for documents pursuant to Rule 34, Federal Rules of Civil Procedure, is intended to be of a continuing nature.  If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.    If you claim or contend that any of the documents hereby requested are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.    The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall

include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.    The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties.  For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to this request, whereby "MCGREGOR 00001" would be indicated on the first page of the first document produced, "MCGREGOR 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED

1.    Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

RESPONSE:

2.    Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:

3.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

RESPONSE:

4.      Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

RESPONSE:

5.      Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

RESPONSE:

6.      Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

RESPONSE:

7.      Please produce any and all documents in your possession or control that refer or relate to Pebblin W. Warren.

RESPONSE:

8.      Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

RESPONSE:

9.      Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

RESPONSE:

     10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

RESPONSE:

     11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray or Fred Gray, Jr. relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:

     12.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr., or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama, from January 1, 2003, until January 6, 2005.

RESPONSE:

     13.    Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Fred Gray, Jr. or any other their relatives in VictoryLand.

RESPONSE:

     14.    Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

RESPONSE:

15.     Please produce any and all documents in your possession or control that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

RESPONSE:

16.     Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

RESPONSE:

17.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

RESPONSE:

18.     Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

RESPONSE:

19.     Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

RESPONSE:

20.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

21.     Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

22.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

23.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:

24.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff

Warren, Fred D. Gray, Fred D. Gray Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

RESPONSE:

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political

campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

29.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

30.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

31.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray,

or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

32.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee, or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

RESPONSE:

33.     Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, informal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

RESPONSE:

34.     Please produce any and all documents that reflect or relate to campaign contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W. Warren, including, but not limited to, any documents related to the payment of campaign debts.

RESPONSE:

35.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

RESPONSE:

36.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

RESPONSE:

37.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

RESPONSE:

38.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

RESPONSE:

39.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

40.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff

members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

41.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:

42.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:

43.     To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:

44.     Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:

45.     Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

RESPONSE:

46.     To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

RESPONSE:

DATED: May 14, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35213
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:        rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 14th day of May 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:       fgray@glsmgn.com
              jbibb@glsmgn.com
              fgrayjr@glsmgn.com
              thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:       wms@hsy.com
              pcd@hsy.com
              pt@hsy.com
              kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:       mwhite@waadlaw.com
              adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:       jbolton@sasserlawfirm.com
              cspencer@sasserlawfirm.com

s/ Michael T. Sansbury
OF COUNSEL

14

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY   )
SERVICES, INC., et al.,   )
   )
      PLAINTIFFS,   )
   )
v.   )   CASE NO.: 3:06-cv-01113-WKW-WC
   )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,   )
et al.,   )
   )
      DEFENDANTS.   )

## DEFENDANT MILTON McGREGOR'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Milton McGregor ("McGregor"), Defendant in the above-styled cause, by and through his counsel of record, and responds to Plaintiffs' First Request for Production of Documents:

### INTRODUCTION

On February 5, 2007, Plaintiffs served a Non-Party Subpoena for Production of Documents on McGregor. On February 19, 2007, McGregor filed an Objection to the Subpoena asserting, among other things, that Plaintiffs were not entitled to obtain such overly broad, irrelevant discovery from a non-party. On March 12, 2007, shortly after discussing the objections with counsel for McGregor, Plaintiffs filed a Motion for Leave to File Amended Complaint alleging a single claim against Defendants Macon County Greyhound Park, Inc. ("MCGP" or "Victoryland") and McGregor under 42 U.S.C. § 1985(3). On May 14, 2006, Plaintiffs served its Request for Production on Defendants MCGP and McGregor relating to the Amended Complaint. On May 16, 2007, Plaintiffs conceded that

the § 1985(3) conspiracy claim was meritless.   Plaintiffs filed a Second Amended Complaint on June 8, 2007 alleging a single claim under 42 U.S.C. § 1983.

Plaintiffs have also now filed a Motion for Leave to file a third amended complaint alleging RICO, tortious interference with contract, tortious interference with prospective business relations, and adding an additional plaintiff.  As a result of the foregoing, the Complaint with which the discovery request was served has been withdrawn. The Second Amended Complaint alleges a claim distinctly different from the claim asserted in the withdrawn Complaint and the proposed Third Amended Complaint asserts different causes of actions, different factual allegations, and involves different parties than the Complaint with which the discovery was served.   Consequently, the Defendant is unsure of his obligations under Rule 26 of the *Federal Rules of Civil Procedure*.  Without waiving his right to object further to the Request for Production, and without prejudice to his right to conduct further investigation and discovery of Plaintiffs' claims, the Defendant states as follows:

## GENERAL OBJECTIONS

1.     The Defendant objects to this discovery to the extent that it seeks information which Defendant is not required to provide by reason of any applicable privilege, including the attorney-client privilege and the privileges for work product and materials prepared in anticipation of litigation.

2.     The Defendant objects to this discovery to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs.

3.     The Defendant objects to this discovery to the extent that it is overly broad,

2

vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant information or admissible evidence.

4.     The Defendant objects to this discovery to the extent that it seeks confidential or proprietary information.

5.     The following responses are based upon information presently available to the Defendant, which he believes to be correct. The responses are made without prejudice to Defendant's rights to rely upon other subsequently discovered documents and information. Any supplementation will be made in accordance with the *Federal Rules of Civil Procedure*.

6.     Any agreement to produce documents responsive to a particular request does not imply that there necessarily exists a non-privileged document or documents responsive to that request.

Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant's responses below, the Defendant responds as follows:

## REQUESTS FOR PRODUCTION

1.     Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments thereto.

**RESPONSE:**          **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to**

3

any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time. Finally, the documents and materials sought are already in the possession of the Plaintiffs or their counsel.

2.    Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

RESPONSE:    The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time. Finally, the documents and materials sought are already in the possession of the Plaintiffs or their counsel.

3.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Victoryland.

RESPONSE:    The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.

4.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, and

4

oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

5.    Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

6.    Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

7.    Please produce any and all documents in your possession or control that refer relate to Pebblin W. Warren.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

8.    Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial,

and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

9.    Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray or Fred Gray, Jr. relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

12.     Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr. or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama from January 1, 2003, until January 6, 2005.

**RESPONSE:**          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

13.     Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Fred Gray, Jr. or any other of their relatives in Victoryland.

**RESPONSE:**          **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

14.     Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of Victoryland, including but not limited to the corporate status of Victoryland and the identity

7

of all investors in Victoryland.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

15.    Please produce any and all documents in your possession or control that reflect or relate to the revenue of Victoryland including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information, the disclosure of which would be harmful to Victoryland and its business.**

16.    Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in Victoryland by Victoryland and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague,**

**unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.**

17.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with Victoryland.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, this request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.**

18.    Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with Victoryland.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

19.    Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with Victoryland.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not**

9

reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

21.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc. and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

23.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:      The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.**

24.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:      The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.**

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have any in entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

**RESPONSE:      The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of**

11

which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.  Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

26.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:     The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  This request also seeks information which is a matter of public record and is equally available to Plaintiffs.  Moreover, the scope of this request is not reasonably limited in time.

27.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren,

Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.**

28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not**

reasonably limited in time.

29.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

30.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any

14

other form of tangible or intangible property or service.

RESPONSE:          The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

31.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:          The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this

request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

32.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:    The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.

33.    Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant

information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.

34.    Please produce any and all documents that reflect or relate to campaign contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W. Warren, including, but not limited to, any documents related to the payment of campaign debts.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time. This request also seeks information which is a matter of public record and is equally available to Plaintiffs.**

35.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.  Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

36.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

17

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

37.     Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

38.     Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

39.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

40.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

41.     Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

42.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:        **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

43.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:        **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

44.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

RESPONSE:        **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

45.    Please produce any and all documents constituting, evidencing, or reflecting

testimony that you have given under oath in any proceeding and any exhibits thereto.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

    46.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

AS TO RESPONSES AND OBJECTIONS: 1 - 46.

John M. Bolton, III
Bar Number: ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax: (334) 532.3434
Email:  jbolton@sasserlawfirm.com
           cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 18th day of June, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray
& Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

J. Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

John M. Bolton, III
Bar Number:  ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email:  jbolton@sasserlawfirm.com
        cspencer@sasserlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
                                        )
      PLAINTIFFS, )
                                          )
v. )     CASE NO.: 3:06-cv-01113-WKW-WC
                                          )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
                                          )
      DEFENDANTS. )

## DEFENDANT MILTON McGREGOR'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Milton McGregor ("McGregor"), Defendant in the above-styled cause, by and through his counsel of record, and supplements his Response to Plaintiffs' First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.     The Defendant objects to this discovery to the extent that it seeks information which Defendant is not required to provide by reason of any applicable privilege, including the attorney-client privilege and the privileges for work product and materials prepared in anticipation of litigation.

2.     The Defendant objects to this discovery to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiffs.

3.     The Defendant objects to this discovery to the extent that it is overly broad, vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the

discovery of relevant information or admissible evidence.

4.    The Defendant objects to this discovery to the extent that it seeks confidential or proprietary information.

5.    The following responses are based upon information presently available to the Defendant, which he believes to be correct.  The responses are made without prejudice to Defendant's rights to rely upon other subsequently discovered documents and information.  Any supplementation will be made in accordance with the *Federal Rules of Civil Procedure*.

6.    Any agreement to produce documents responsive to a particular request does not imply that there necessarily exists a non-privileged document or documents responsive to that request.

7.    Defendant's investigation continues in this matter.  Defendant specifically reserves the right to assert any applicable privileges such as attorney-client privilege, work-product doctrine, and Rule 1.6 confidentiality to any documents which may be discovered after the date of this response.   Any response or production of documents made herein pursuant to this request as of this date does not operate as a waiver of any privilege or doctrine precluding discovery to any documents discovered after the date of this response.

Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant's responses below, the Defendant responds as follows:

## <u>REQUESTS FOR PRODUCTION</u>

1.    Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo

licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments thereto.

**RESPONSE:**     **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.  Finally, the documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

Plaintiffs' Clarification:     **The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007.  Plaintiffs have also agreed that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by VictoryLand.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

2.     Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

**RESPONSE:**     **The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.  Finally, the documents and materials sought are already in the possession of the Plaintiffs or their counsel.**

Plaintiffs' Clarification:     **The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007.  Plaintiffs have also**

**agreed that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by Victoryland.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

3.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Victoryland.

**RESPONSE:    The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007. Plaintiffs have also agreed that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by Victoryland.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

4.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.**

4

Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:     **The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007. Plaintiffs also propose that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by Victoryland.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

5.     Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

**RESPONSE:**     **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:     **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Sheriff Warren by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:     **Defendant has reviewed his records for the time period January 1, 1995 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

5

6.      Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

**RESPONSE:**          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:      **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Sheriff Warren by this Defendant or at his direction.  Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:      **Defendant has reviewed his records for the time period January 1, 1995 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

7.      Please produce any and all documents in your possession or control that refer relate to Pebblin W. Warren.

**RESPONSE:**          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:      **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Pebblin Warren by this Defendant or at his direction.  Finally, Plaintiffs propose to limit the**

6

applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.

Defendant's Supplemental Response:     Defendant has reviewed his records for the time period January 1, 1995 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

8.     Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:     The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Pebblin Warren by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.

Defendant's Supplemental Response:     Defendant has reviewed his records for the time period January 1, 1995 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

9.     Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

**RESPONSE:**    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:    The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on J. B. Walker by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.

Defendant's Supplemental Response:    Defendant has reviewed his records for the time period January 1, 1995 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

10.    Please produce any and all documents in your possession or control that contain any communication between you and J.B. Walker.

**RESPONSE:**    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:    The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on J. B. Walker by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.

Defendant's Supplemental Response: **Defendant has reviewed his records for the time period January 1, 1995 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

11.    Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray or Fred Gray, Jr. relating to the licensing of bingo in Macon County, Alabama.

RESPONSE:    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request. At the present time, this Defendant is not aware of any documents responsive to this request, including any documents protected from disclosure by the attorney-client privilege or Rule 1.6 confidentiality. However, this Defendant's investigation continues and he specifically reserves the right to assert any applicable privilege or doctrine precluding disclosure for any documents which may be discovered after the date of this response.**

12.      Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr. or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama from January 1, 2003, until January 6, 2005.

RESPONSE:      **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

Plaintiffs' Clarification:      **NONE**

Defendant's Supplemental Response:      **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request. At the present time, this Defendant is not aware of any documents responsive to this request, including any documents protected from disclosure by the attorney-client privilege or Rule 1.6 confidentiality. However, this Defendant's investigation continues and he specifically reserves the right to assert any applicable privilege or doctrine precluding disclosure for any documents which may be discovered after the date of this response.**

13.      Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Fred Gray, Jr. or any other of their relatives in Victoryland.

RESPONSE:      **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition,**

Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

Plaintiffs' Clarification:     The Plaintiffs propose to limit this request to documents relating exclusively to the investment by or ownership interest of Fred Gray. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.

Defendant's Supplemental Response:     Defendant has reviewed his records for the time period January 1, 2001 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

14.     Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of Victoryland, including but not limited to the corporate status of Victoryland and the identity of all investors in Victoryland.

RESPONSE:     The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents relating exclusively to the investment by or ownership interest of Fred Gray. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

Defendant's Supplemental Response:    **Defendant has reviewed his records for the time period from January 1, 2001 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

15.    Please produce any and all documents in your possession or control that reflect or relate to the revenue of Victoryland including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

**RESPONSE:**    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information, the disclosure of which would be harmful to Victoryland and its business.**

Plaintiffs' Clarification:    **NONE.**

Defendant's Supplemental Response:    **Defendant renews his objection to this request.**

16.    Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in Victoryland by Victoryland and its officers,

directors, shareholders, employees, representatives, accountants, attorneys or agents

since January 1, 2003.

RESPONSE:    The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.

Plaintiffs' Clarification:    The Plaintiffs propose to limit this request to documents relating exclusively to monies paid by VictoryLand to Fred Gray and members of the Gray Law Firm. Plaintiffs propose to include in this request any monies paid to any attorneys in the Gray Law Firm for any matter.

Defendant's Supplemental Response:    Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

17.    Please produce any and all documents in your possession or control that

refer or relate in any way, either directly or indirectly, to the charities that have contracted

with Victoryland.

RESPONSE:    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, this request seeks commercial, proprietary and competitive information the disclosure of which would be harmful to Victoryland and its business.

Plaintiffs' Clarification:    The Plaintiffs propose to limit this request to documents

13

relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.

Defendant's Supplemental Response:     Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that documents responsive to this request are attached as McGregor 00000056.

18.     Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with Victoryland.

RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:     The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.

Defendant's Supplemental Response:     Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

19.     Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with Victoryland.

RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this

request is not reasonably limited in time.

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs  also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

**With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those**

15

objections, this Defendant states that he has no documents responsive to this request.

21.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

**RESPONSE:**    The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:    The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.

With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.

Defendant's Supplemental Response:    Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace,

Inc. and/or their attorney(s), employers, employees, agents, representatives, or relatives.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:          **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

                                   **With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.**

Defendant's Supplemental Response:          **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

23.     Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

RESPONSE:          **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

**With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

24.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.

Defendant's Supplemental Response:     Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.

25.     Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have any in entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

RESPONSE:     The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

Plaintiffs' Clarification:     The Plaintiffs propose to exclude any documents related to VictoryLand. To the extent the request applies to Jefferson County Racing Association, Inc., Plaintiffs only seek documents related to Fred Gray.

19

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

**RESPONSE:**    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs also propose to limit the applicable time period from January 1, 1995 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

27.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:     **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs also propose to limit the applicable time period from January 1, 1995 to March 2, 2007.**

Defendant's Supplemental Response:     **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

28.     Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts,

gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:          **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction.    Plaintiffs also propose to limit the applicable time period from January 1, 1995 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

29.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

RESPONSE:          **The Defendant objects to this request on the basis that it seeks**

personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.

Plaintiffs' Clarification:    The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.

Defendant's Supplemental Response:    Defendant has reviewed his records for the time period January 1, 2001 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request. At the present time, this Defendant is not aware of any documents responsive to this request, including any documents protected from disclosure by the attorney-client privilege or Rule 1.6 confidentiality. However, this Defendant's investigation continues and he specifically reserves the right to assert any applicable privilege or doctrine precluding disclosure for any documents which may be discovered after the date of this response.

30.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities,

23

political campaign contributions, including payments made to a Political Action Committee,

business transactions, transportation services, vacations, privileges at Victoryland or any

other form of tangible or intangible property or service.

RESPONSE:     **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. This request also seeks information which is a matter of public record and is equally available to Plaintiffs. Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

Plaintiffs' Clarification:     **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

Defendant's Supplemental Response:     **Defendant has reviewed his records for the time period January 1, 2001 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request. At the present time, this Defendant is not aware of any documents responsive to this request, including any documents protected from disclosure by the attorney-client privilege or Rule 1.6 confidentiality. However, this Defendant's investigation continues and he specifically reserves the right to assert any applicable privilege or doctrine precluding disclosure for any documents which may be discovered after the date of this response.**

31.     Please produce any and all documents in your possession or control that

refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

**RESPONSE:**          **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  This request also seeks information which is a matter of public record and is equally available to Plaintiffs.  Moreover, the scope of this request is not reasonably limited in time. Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

Plaintiffs' Clarification:          **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction.  Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007.  Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

Defendant's Supplemental Response:          **Defendant has reviewed his records for the time period January 1, 2001 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request.  At the present time, this Defendant is not aware of any documents responsive to this request, including any documents protected from disclosure by the attorney-client privilege or Rule 1.6 confidentiality. However, this Defendant's investigation**

25

continues and he specifically reserves the right to assert any applicable privilege or doctrine precluding disclosure for any documents which may be discovered after the date of this response.

32.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with Victoryland, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at Victoryland or any other form of tangible or intangible property or service.

**RESPONSE:**    **The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy.  In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  This request also seeks information which is a matter of public record and is equally available to Plaintiffs.  Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents which relate exclusively to electronic bingo. Plaintiffs also propose to limit the request to benefits bestowed by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, see response to Request No. 17 above.**

33.    Please produce any and all documents constituting, evidencing, or reflecting

any complaint, formal, or legal, that has ever been lodged against you, and/or any

proceedings of any nature to which you were a party, including any complaint or

proceeding brought in any matter before any professional association, government

regulatory body or court of law or equity.

**RESPONSE:**        **The Defendant objects to this request on the basis that it is
                    vague, unclear, overly broad, unduly burdensome, immaterial,
                    and irrelevant to any issue in this litigation.  This request is not
                    reasonably calculated to lead to the discovery of relevant
                    information or admissible evidence.  Moreover, the scope of this
                    request is not reasonably limited in time.**

Plaintiffs' Clarification:      **The Plaintiffs propose to limit this request to documents
                    which relate exclusively to formal complaints regarding
                    electronic bingo.   Plaintiffs also propose to limit the
                    request to the time period from January 1, 2003 to
                    March 2, 2007.  Plaintiffs propose to exclude all matters
                    relating to labor issues or workers compensation.**

Defendant's Supplemental Response:      **Based upon the Plaintiffs' clarification, this
                    Defendant renews his objections to this
                    request, and without waiving those
                    objections, this Defendant states that he has
                    no documents responsive to this request.**

34.    Please produce any and all documents that reflect or relate to campaign

contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W.

Warren, including, but not limited to, any documents related to the payment of campaign

debts.

**RESPONSE:**        **The Defendant objects to this request on the basis that it is
                    vague, unclear, overly broad, unduly burdensome, immaterial,
                    and irrelevant to any issue in this litigation.  This request is not
                    reasonably calculated to lead to the discovery of relevant
                    information or admissible evidence.  Moreover, the scope of this
                    request is not reasonably limited in time. This request also seeks
                    information which is a matter of public record and is equally
                    available to Plaintiffs.**

Plaintiffs' Clarification:        **The Plaintiffs propose to limit this request to contributions**

made by this Defendant or at his request.

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

35.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

36.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant**

information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.

Plaintiffs' Clarification: **The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response: **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

37.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

Plaintiffs' Clarification: **The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response: **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

38.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

39.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents related to flights taken by Sheriff Warren, Pebblin Warren, J.B. Walker, and Tommy Miller.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

40.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant**

information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents related to flights taken by Sheriff Warren, Pebblin Warren, J.B. Walker, and Tommy Miller.**

Defendant's Supplemental Response:    **Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request, and without waiving those objections, this Defendant states that he has no documents responsive to this request.**

41.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**RESPONSE:**    **The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.  Moreover, the scope of this request is not reasonably limited in time.  Finally, to the extent that this request seeks information related to Fred Gray, Defendant objects to this request on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential.**

Plaintiffs' Clarification:    **The Plaintiffs propose to limit this request to documents related to flights taken by Fred Gray and Fred Gray, Jr. Plaintiffs initially proposed to limit the time period from Januay 1, 2003 to March 2, 2007.  Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

Defendant's Supplemental Response:    **Defendant has reviewed his records for the time period January 1, 2001 to March 2, 2007. Based upon the Plaintiffs' clarification, this Defendant renews his objections to this request.  At the present time, this Defendant is not aware of any documents responsive to**

this request, including any documents protected from disclosure by the attorney-client privilege or Rule 1.6 confidentiality. However, this Defendant's investigation continues and he specifically reserves the right to assert any applicable privilege or doctrine precluding disclosure for any documents which may be discovered after the date of this response.

42.     To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

RESPONSE:     The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time.  Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.

Plaintiffs' Clarification:     The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.

43.     To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

RESPONSE:     The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation.  This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time.  Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.

Plaintiffs' Clarification:     **The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

44.     Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

**RESPONSE:     The Defendant objects to this request on the basis that it is overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.**

Plaintiffs' Clarification:     **The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

45.     Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**RESPONSE:     The Defendant objects to this request on the basis that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, the scope of this request is not reasonably limited in time.**

Plaintiffs' Clarification:     **The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

46.     To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

**RESPONSE:     The Defendant objects to this request on the basis that it is**

overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Pursuant to the scheduling order currently in effect, Defendant is not required to respond to this request at this time. Finally, Defendant objects to this request on the basis that it is vague and unclear because Defendant is unsure of which complaint and which claims he may be defending based upon the current procedural posture of this case.

Plaintiffs' Clarification:     The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.


**AS TO RESPONSES AND OBJECTIONS:  1 - 46.**


Respectfully submitted,

*Charlanna F.*

John M. Bolton, III
Bar Number:  ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email:     jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **DEFENDANT MILTON McGREGOR'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** has been served upon the following by hand delivery, on this the 5th day of September 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray
& Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

J. Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL 36102

Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203


John M. Bolton, III
Bar Number:  ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email:   jbolton@sasserlawfirm.com
         cspencer@sasserlawfirm.com

REDACTED

McGREGOR 00000052



MILTON OR PAT MCGREGOR
MCGREGOR REAL ESTATE ACCOUNT
1606 S. PERRY ST.
MONTGOMERY, AL 36104

12627

THE CITIZENS BANK
ENTERPRISE, AL 36331

8/8/2006

PAY TO THE
ORDER OF    WORLD CONFERENCE OF MAYORS, INC.                    $ **2,500.00

Two Thousand Five Hundred and 00/100****************************************** DOLLARS

WORLD CONFERENCE OF MAYORS, INC.

MEMO

08/10/2006     12627     $2,500.00



SPOTSWOOD SANSOM
& SANSBURY LLC

940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
Phone: 205.986.3623 Fax: 205.986.3639
www.spotswoodllc.com

Michael T. Sansbury
Direct Dial: 205.986.3623
E-mail: msansbury@spotswoodllc.com

July 6, 2007

**Via Electronic & U.S. Mail**

John M. Bolton III, Esq.
Sasser, Bolton, & Sefton, P.C.
P. O. Drawer 242127
Montgomery, AL 36124-2127

Re:    *Hope for Families & Community Service, Inc., et al. v. Warren, et al.,*
       *Case No. 3:06-cv-1113 (M.D. Ala.): Plaintiffs' First Request for*
       *Production of Documents to Milton McGregor*

Dear John,

It was good speaking with you and Charlanna this morning about the Plaintiffs' document requests. The following is a summary of the clarifications we discussed, and I hope that it will facilitate the production of documents from Mr. McGregor. Please let me know if the summary is inaccurate in any respect.

As a preliminary matter, we agreed to limit the requests to documents generated prior to the litigation, unless specifically indicated otherwise. I would suggest placing the pre-litigation cutoff at March 2, 2007, when the Plaintiffs moved for leave to add Mr. McGregor as a party. Please let me know if you think a different date would be more appropriate.

With regard to Requests ## 1-4, we agreed that they will be limited in time from January 1, 2003. We also agreed that you did not need to produce any documents that have been produced by Sheriff Warren or will be produced by VictoryLand.

With regard to Requests ## 5-10, we agreed that they will be limited to documents having to do with electronic bingo or benefits bestowed with Mr. McGregor's knowledge. With regard to time, you suggested limiting it to January 1, 2003. I suggested limiting it to the year Mr. Warren first ran for Sheriff, which would be January 1, 1995.

With regard to Request #11, we agreed that it will be limited in time from January 1, 2003. My understanding is that Mr. McGregor will not claim the privilege with regard to his communications with Fred Gray Jr. but will claim the privilege with regard to his communications with Fred Gray. If that position changes, please let me know.

With regard to Request #12, my understanding is that Mr. McGregor will not claim the privilege with regard to his communications with Fred Gray Jr. but will claim the privilege with regard to his communications with Fred Gray. If that position changes, please let me know.

July 6, 2007
John M. Bolton III, Esq.
Page 2

Also, you were uncertain as to whether Mr. McGregor would be claiming the privilege with regard to his communications with other members of the Gray Law Firm. Please let me know what you determine from Mr. McGregor.

With regard to Requests ## 13-14, we agreed that the Requests will be limited to the investment or ownership interest of Fred Gray, based on the understanding that he is the only identified person who is an investor in VictoryLand. If that understanding changes, we may need to revisit these Requests. Also, we discussed limiting these Requests in time from January 1, 2003. However, after discussing this issue with Bob Spotswood, we would instead like to limit these Requests in time from January 1, 2001. That limitation will better capture the course of dealings between Mr. McGregor and the Grays before the issue of electronic bingo arose.

You are standing by your objections to Request # 15.

With regard to Request # 16, we agreed to limit the Request to documents relating to Fred Gray and the Gray Law Firm.

With regard to Requests # 17-19, we agreed that they will be limited in time from January 1, 2003. We also agreed that the Requests would be limited to documents relating to electronic bingo.

With regard to Requests ## 20-24, we agreed that they will be limited in time from January 1, 2003. We also agreed that, for documents that relate to the Plaintiff Charities, the Requests would be limited to documents regarding electronic bingo. With regard to relatives, we will limit the scope of the Request to relatives known to Mr. McGregor.

With regard to Request # 25, we agreed to exclude documents relating to VictoryLand from this Request. You also suggested that Fred Gray may have an interest in Jefferson County Racing Association, Inc.; if so, we agreed, with regard to Jefferson County Racing Association, Inc., to limit this Request to documents relating to Mr. Gray.

With regard to Requests ## 26-28, we agree to limit them in time from January 1, 1995. We also agreed to limit the Requests to benefits bestowed with Mr. McGregor's knowledge.

With regard to Requests ## 29-31, we agreed to limit the Requests to benefits bestowed with Mr. McGregor's knowledge. We also discussed limiting the Request in time from January 1, 2003. However, for the reasons discussed above, we would like to limit this Request in time from January 1, 2001.

With regard to Request # 32, we agreed to limit it in time from January 1, 2003. We also agreed to limit the Request to benefits bestowed with Mr. McGregor's knowledge. We further agreed to limit the Request to documents relating to electronic bingo.

July 6, 2007
John M. Bolton III, Esq.
Page 3


With regard to Request # 33, we agreed to limit it in time from January 1, 2003.  We also agreed to limit it to formal complaints having to do with electronic bingo.  Finally, we agreed to exclude matters relating to labor issues or workers compensation.

I believe that Request # 34 was deemed acceptable, so long as it is limited to documents in Mr. McGregor's possession.

We agreed to limit Requests ## 35-38 in time from January 1, 2003 to the present.

With regard to Requests # 39-40, we agree to limit the Requests to flights taken by Sheriff Warren, Pebblin Warren, J.B. Walker, and Tommy Miller.

With regard to Request # 41, we agree to limit the Request to flights taken by Fred Gray or Fred Gray Jr.  We also discussed limiting the Request in time from January 1, 2003.  However, for the reasons discussed above, we would like to limit this Request in time from January 1, 2001.

Requests ## 42-46 are forward-looking, and we agreed to deal with those in the course of litigation.

I hope our conversation and this letter sufficiently clarify our Requests for you.  My understanding is that you will be meeting with Mr. McGregor on Monday, July 9, and I hope we will hear from you some time next week.

Very truly yours,

Michael T. Sansbury

MTS/ema



**SPOTSWOOD SANSOM
& SANSBURY LLC**

940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
205.986.3620  Fax: 205.986.3639
www.spotswoodllc.com

Michael T. Sansbury
Direct Dial: 205.986.3623
E-mail: msansbury@spotswoodllc.com

September 13, 2007

<u>**Via Electronic & U.S. Mail**</u>

John M. Bolton III, Esq.
Sasser, Bolton, & Sefton, P.C.
P. O. Drawer 242127
Montgomery, AL 36124-2127

Re:  *Hope for Families & Community Services, Inc., et al. v. Warren, et al.,*
*Case No. 3:06-cv-1113 (M.D. Ala.): Plaintiffs' First Request for*
*Production of Documents to Milton McGregor*

Dear John,

Thank you for producing Mr. McGregor's document on September 5.  I wanted to note a couple of things from the supplemental response, of which I gave you a preview in our conversation yesterday afternoon.

First, the response states, for numerous categories of documents, that Mr. McGregor has no responsive documents.  For six categories of documents, however, the response states that the investigation is continuing.  All of these categories have to do with Mr. McGregor's relationship with the Grays.  You stated yesterday afternoon that the differential treatment of these categories had to do with the possibility of asserting privilege objections in the future, but I certainly hope that any responsive documents, if they exist, will be located expeditiously.

Second, within the six categories involving the Grays, no responsive documents have been found.  As we discussed yesterday afternoon, the requests would encompass any payments that Mr. McGregor made to the Gray Law Firm for legal services, and I appreciate you double-checking to make sure that Mr. McGregor does not, in fact, have any such documents.

Third, it appears that we will need to file a motion to compel for Request #15.  Before doing so, however, I wanted to take one more crack at resolving some of your objections.  First, for the purpose of resolving this dispute only, we propose limiting the request to (1) U.S. tax returns for 2003 through 2006, (2) financial statements for 2003 through 2006, (3) financial information detailing the annual gross revenues and expenses of the electronic bingo operation for 2003 through 2006, and (4) financial information detailing the assets of the bingo operation and/or the balance sheet for the bingo operations from 2003 through 2006.  I hope that the proposed limitations will resolve the objections in the second sentence.  Second, we have now agreed to a protective order, which I hope will resolve your objections in the first and fourth sentences.  Third, the financial information is relevant to (1) the profitability of VictoryLand, (2) the dividends received by Fred Gray, and (3) the market for electronic bingo, and I hope that will

September 13, 2007
John M. Bolton III, Esq.
Page 2


resolve the objection in the third sentence.  Please let me know if any of the objections, in your view, are or can be resolved.

      I look forward to hearing from you soon.  Please feel free to give me a call if you wish to discuss any of these issues.

                              Very truly yours,

                              Michael T. Sansbury

MTS/ema

ROBERT E. SASSER
JOHN M. BOLTON, III
PATRICK L.W. SEFTON

†also admitted in Georgia

# SASSER · BOLTON
## & SEFTON

JOEL CONNALLY
CHARLANNA W. SPENCER
R. BRIAN TIPTON†

Of Counsel:
JEFF KOHN
DOROTHY WELLS LITTLETON

*Writer's direct dial number:*
(334) 532-3410
*Writer's direct e-mail address:*
jbolton@sasserlawfirm.com

September 14, 2007

**VIA/FACSIMILE & FIRST CLASS MAIL**
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203

> Re:   ***Hope for Families, et al. v. Sheriff David Warren***
> ***U.S. District Court, Middle District of Alabama***
> ***Civil Action No.: 3:06-cv-1113-WKW***

Dear Michael:

Thank you for your letter of September 13.  Let me assure you that while we are continuing our search for responsive documents, we reasonably believe that we have been diligent and thorough in our responses.

As to your second question which centers around payments from Mr. McGregor to the Gray Law Firm for personal legal business, we have not located any responsive documents.  The only documents we have seen are outside your time parameters.

Finally, as to Request No. 15, we stand by our objections and agree with you that Plaintiffs will likely "need to file a Motion to Compel" for this information.

Please let me know if you have any additional questions regarding this letter or our discovery response.

Michael T. Sansbury, Esq.
September 14, 2007
Page 2

     With warmest regards, I am

          Sincerely,

          SASSER, BOLTON, STIDHAM & SEFTON, P.C.

          John M. Bolton, III

JMBIII/mbh
cc:    Charlanna Spencer, Esq.