IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., ) ) | |
| PLAINTIFFS, ) ) | |
| VS. ) ) | CIVIL ACTION: CV-06-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity ) as the SHERIFF OF MACON COUNTY, ) et al., ) ) | |
| DEFENDANTS. ) | |

**PLAINTIFF, LUCKY PALACE, LLC'S, REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS FROM DEFENDANT, MACON
COUNTY GREYHOUND PARK, INC., d/b/a VICTORYLAND**

Plaintiff, Lucky Palace, LLC., hereby propounds the following Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure, to be answered within thirty (30) days after service. Theses Requests for Production are continuing in nature and require supplementation as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

a. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing a requested document, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim or privilege is valid.

b. If Defendant objects to the scope or time period of a Request for Production and refuses to respond for that scope or time period, it should state the objection and respond to the Request for Production for the scope or time period Defendant believes is appropriate.

      c.      If there are any documents responsive to the Requests for Production that have already been produced as part of Defendant's initial Disclosures, Defendant should so state and need not produce again any documents already produced.

## DEFINITIONS

For the purpose of these Requests for Production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

      a.      "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication: includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

      b.      "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

      c.      "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mails, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including,

but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

      d.     "Electronic data transmission" and "electronic data transmission" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

      e.     "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

      f.     "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

g. "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

h. "You" and "your" shall mean Defendant Macon County Greyhound Park, Inc., d/b/a Victoryland or any predecessors, including but not limited to Greyhound Park, Inc., d/b/a Victoryland, or any person, entity, agent, or representative acting or purporting to act for or on its behalf.

## REQUESTS FOR PRODUCTION

1. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the consideration of getting involved in electronic bingo and getting it approved for Macon County, Alabama from January 1, 1999 to the present.

2. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails electronic filed information concerning the prospects for success and profit potential for electronic bingo in Macon County, Alabama from January 1, 1999 until the present.

3. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the consideration of limiting electronic bingo in Macon County, Alabama, to one facility/operation versus opening electronic bingo in Macon County, Alabama to more than one facility/operator from January 1, 1999 to the present.

4. Please produce the documents, including but not limited to, internal notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning suggested or considered

proposals for Macon County, Alabama Rules and Regulations or procedures of any description for Rules and Regulations for licensing, permitting and/or operating electronic bingo operations in Macon County, Alabama, from January 1, 1999 until the present.

5. Please produce the documents, including but not limited to, internal notes, memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information reviewing, summarizing and/or making observation regarding the experience of other states regarding Rules and Regulations for licensing, permitting and/or operating electronic bingo from January 1, 1999 until the present.

6. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the application or plans of Lucky Palace, LLC and any other entity or organization for a license, permit or right to operate electronic bingo in Macon County, Alabama and any observations or plans of this Defendant in response to these applications.

7. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning or related to Lucky Palace, LLC, or any of its principals at any time.

8. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning or related to the potential impact on this Defendant if a license, permit or right to operate electronic bingo in Macon County, Alabama were granted to any other facility/owner besides this Defendant from January 1, 1999 to the present.

9. Please produce the documents, including but not limited to, internal memos, notes,

reports, forecasts, correspondence, e-mails, electronic filed information concerning or related to any desire by this Defendant to have input or suggestion of any type into the Rules and Regulations for electronic bingo in Macon County, Alabama through any means whatsoever from January 1, 1999 up until the present.

10. Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information which review, summarize or make any observations whatsoever on the Rules and Regulations (and all amendments thereto) for bingo in Macon County, Alabama, as published, recommended or promulgated by the Sheriff of Macon County, Alabama.

11. Please produce all internal memos, notes, minutes, meeting agendas, calendars, e-mails or documents of any description discussing electronic bingo in Macon County, Alabama in any way from January 1, 1999 until the present.

12. Please produce all documents, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information regarding all financial information for this Defendant regarding the operation of electronic bingo in Macon County, Alabama from its inception at Victoryland until the present which show gross revenues, payments, profit, payments to charities or others.

13. All documents and electronic filed information reflecting shareholders and shares held by any shareholder in this Defendant from January 1, 1999 until the present.

14. All documents and electronic filed information reflecting any efforts to investigate other applicants for licenses to operate electronic bingo in Macon County, Alabama and all money expended in such investigations, including but not limited to, internal memos, note, invoices, reports,

correspondence, e-mails, electronic filed information about the proposed or actual investigation of such applicants, including but not limited to, Lucky Palace, LLC.

15.  All applications and supporting papers or materials of any description ever submitted by this Defendant for a license or permit to operate electronic bingo in Macon County, Alabama at any time.

16.  All documents, drawings, photos, brochures, concerning planned or actual electronic bingo operations at Victoryland from its inception until the present.

17.  All documents of any nature created and/or submitted by this Defendant for financing, applying for loans or seeking capital infusion of any nature for the purpose of starting and/or continuing electronic bingo at Victoryland from January 1, 2002 until the present.

18.  All documents, records, internal memos, notes, correspondence, e-mails, electronic filed information, books, accounting journals and records, invoices and payments for any lobbying efforts to get electronic bingo into Macon County, Alabama from January 1, 1999 until the present.

19.  All documents, internal memos, notes, calendars, minutes, agendas or materials of any nature whether on paper or electronic filed information regarding any face-to-face meetings or telephone conversations with any person or entity concerning electronic bingo in Macon County, Alabama from January 1, 1999 until the present.

20.  All financial records, reports and materials of any description regarding this Defendant's proposed and actual electronic bingo operation in Macon County, Alabama from January 1, 1999 until the present.

21.  All presentations, handouts, power-point presentations or materials of any description presented by this Defendant to any group of shareholders or outside persons regarding electronic

bingo in Macon County, Alabama in any way from January 1, 1999 until the present.

22. All documents, internal memos, notes, e-mails, electronic filed information or materials of any type reflecting any contact whatsoever between this Defendant (its agents and employees) and Sheriff Warren from January 1, 202 until the present regarding any matter.

23. All materials whether on paper or electronic filed information discussing in any way the potential benefit or detriment to Macon County, Alabama by allowing more than one facility/owner for the operation of electronic bingo in Macon County, Alabama at any time whether such materials were internal or shared with others.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:      (205) 326-3336
Fax:          (205) 326-3332
E-mail:      sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:    (334) 269-2563
Facsimile:     (334) 269-2959
E-mail:          fgray@glsmgn.com

     jbibb@glsmgn.com
     fgrayjr@glsmgn.com
     thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone: (334) 834-5311
Facsimile: (334) 834-5362
E-mail: janderson@beersanderson.com
    wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
E-mail: mwhite@waadlaw.com
    adowd@waadlaw.com
    rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone: (205) 251-1000
Facsimile: (205) 324-1133
E-mail: wms@hsy.com
    pcd@hsy.com
    pt@hsy.com
    kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:   (334) 532-3400
Facsimile:   (334) 532-3434
E-mail:   jbolton@sasserlawfirm.com
             cspencer@sasserlawfirm.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:   (205) 986-3620
Facsimile:   (205) 986-3639
E-mail:   rks@spotswoodllc.com
             msansbury@spotswoodllc.com


George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:   (334) 241-8002
Facsimile:   (334) 323-8888
E-mail:   glb@chlaw.com

                              /s/ Stephen D. Heninger
                              STEPHEN D. HENINGER [ASB5227E685]