IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) ) ) CIVIL ACTION: CV-06-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) |
| DEFENDANTS. | ) ) |

**PLAINTIFF, LUCKY PALACE, LLC'S, REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT, DAVID WARREN, SHERIFF OF MACON COUNTY, ALABAMA**

Plaintiff, Lucky Palace, LLC., hereby propounds the following Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure, to be answered within thirty (30) days after service. Theses Requests for Production are continuing in nature and require supplementation as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

a. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing a requested document, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim or privilege is valid.

b. If Defendant objects to the scope or time period of a Request for Production and refuses to respond for that scope or time period, it should state the objection and respond to the Request for Production for the scope or time period Defendant believes is appropriate.

      c.      If there are any documents responsive to the Requests for Production that have already been produced as part of Defendant's initial Disclosures, Defendant should so state and need not produce again any documents already produced.

## DEFINITIONS

For the purpose of these Requests for Production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

      a.      "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication: includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

      b.      "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

      c.      "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mails, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including,

but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

      d.    "Electronic data transmission" and "electronic data transmission" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

      e.    "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

      f.    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

g.  "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

h.  "You" and "your" shall mean Defendant David Warren, Sheriff of Macon County, Alabama, or any predecessors, including but not limited to David Warren, Sheriff of Macon County, Alabama, or any person, entity, agent, or representative acting or purporting to act for or on its behalf.

## REQUESTS FOR PRODUCTION

1.  Please produce all documents, including but not limited to, internal memos, notes, drafts, correspondence, e-mails, electronic filed information related to or concerning in any way any drafts, consideration or finalizing of all MACON COUNTY BINGO RULES AND REGULATIONS and any amendments thereto.

2.  Please produce all documents, including but not limited to, internal memos, notes, correspondence, e-mails, electronic filed information, Rules and Regulations of any other state or county for bingo, or any materials of any description used or reviewed for reference in proposing, considering, drafting and promulgating the MACON COUNTY BINGO RULES AND REGULATIONS and all amendments thereto.

3.  Please produce all files whether on paper or electronic filed information related in any way to bingo and electronic bingo in the possession or control of this Defendant.

4.  Please produce all documents, including but not limited to, internal memos, notes, reports, calendars, agendas, minutes or reflecting any meetings face-to-face or telephone conversations with any person or entity related to any way to electronic bingo topics of any nature.

5.  All applications and supporting material or materials of any nature submitted for any

bingo license or permit for operation of electronic bingo at Victoryland submitted or supplemented at any time.

6. All files, papers, electronic filed information or materials of any nature regarding the submission or consideration of any application for a license or permit to operate electronic bingo in Macon County, Alabama submitted by any applicant and all internal notes, memos or materials related to the consideration of such applications.

7. All materials of any description discussing the consideration of how to go about setting up any rules and regulations for bingo in Macon County, Alabama and the impact of granting licenses for electronic bingo in Macon County, Alabama by restricting the number issued or not restricting the number issued.

8. All materials for any source accumulated, received or considered for reviewing application for electronic bingo licensing in Macon County, Alabama, with regard to any requirements for any existing facility, proposed facilities, capital investment, employment potential and financed impact on the County or any department thereof and any other consideration and how they would be evaluated for determining whether to issue a license in Macon County, Alabama.

9. All marked up, edited or considered drafts of MACON COUNTY BINGO RULES AND REGULATIONS and all amendments thereto whether considered and abandoned or considered and promulgated.

10. All materials of any description possessed by this Defendant discussing Victoryland in any manner.

11. All materials of any description possessed by this Defendant discussing Lucky Palace, LLC in any manner.

12. All materials of any description discussing any applicant for an electronic bingo license in Macon County, Alabama in any manner.

13. All materials from any source regarding any aspect of regulatory gaming of any nature in the possession or control of this Defendant whether acquired for reference/information or use by Macon County, Alabama.

14. All internal memos, notes, e-mails, electronic filed information or materials of any description related to any meetings or conversations with Milton McGregor regarding electronic bingo in any way.

15. All materials of any description regarding plans or efforts to assure compliance with the MACON COUNTY BINGO RULES AND REGULATIONS and all amendments thereto.

16. All materials related to the issuance of any electronic bingo license in Macon County, Alabama, to the present time.

17. All reports, forecasts or materials of any description discussing the economic impact by bingo in any form in Macon County, Alabama in the possession of this Defendant from any source whatsoever.

18. All reports, forecasts, actual experience or materials of any description discussing the gross revenues, payouts, prizes, payments to charities or tax income from electronic bingo operations at Victoryland.

19. All publications of any proposed, actual, promulgated or amendments to the MACON COUNTY BINGO RULES AND REGULATIONS.

20. All complaints, letters, e-mails, notes or materials of any description discussing disagreement with the rules and regulations and their use for granting licenses for electronic bingo

operations in Macon County, Alabama.

21.     All materials of any description reflecting any investigation or evaluation of any applicant for a license to operate electronic bingo in Macon County, Alabama whether performed by this Defendant or supplied to this Defendant by another source.

22.     All materials of any description addressing or concerning any potential legal problems or concerns with the manner in which licenses for electronic bingo operations were to be considered, evaluated, granted or denied at any time.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:      (205) 326-3336
Fax:        (205) 326-3332
E-mail:     sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:   (334) 269-2563
Facsimile:   (334) 269-2959
E-mail:      fgray@glsmgn.com
             jbibb@glsmgn.com
             fgrayjr@glsmgn.com

thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:	(334) 834-5311
Facsimile:	(334) 834-5362
E-mail:	janderson@beersanderson.com
	wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:	(205) 323-1888
Facsimile:	(205) 323-8907
E-mail:	mwhite@waadlaw.com
	adowd@waadlaw.com
	rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:	(205) 251-1000
Facsimile:	(205) 324-1133
E-mail:	wms@hsy.com
	pcd@hsy.com
	pt@hsy.com
	kdd@hsy.com


John M. Bolton III, Esq.
Charlanna White Spencer, Esq.

SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532-3400
Facsimile: (334) 532-3434
E-mail: jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: rks@spotswoodllc.com
msansbury@spotswoodllc.com

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone: (334) 241-8002
Facsimile: (334) 323-8888
E-mail: glb@chlaw.com

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]