## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) ) CIVIL ACTION: CV-06-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) |
| DEFENDANTS. | ) ) |

### PLAINTIFF, LUCKY PALACE, LLC'S, INTERROGATORIES TO DEFENDANT, DAVID WARREN

COMES NOW the Plaintiff, Lucky Palace, LLC, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to Defendant, David Warren, to be answered by this Defendant within the time and manner prescribed by law:

### INSTRUCTIONS

a.      Each Interrogatory seeks information available to the Defendant and its attorneys or agents, and all persons acting on its behalf.  Each Interrogatory shall be deemed to be continuing in the manner provided by law.

b.      If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any part thereof, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim of privilege is valid.

c.      If Defendant objects to part of an Interrogatory and refuses to answer that part, it should state the objection and answer the remaining portion of that Interrogatory.  If Defendant

objects to the scope or time period of an Interrogatory and refuses to answer or respond for that scope or time period, they should state the objection and answer the Interrogatory for the scope and time period Defendant believes is appropriate.

  d.  If any of the following Interrogatories cannot be answered in full after exercising due diligence to obtain the information, Defendant should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in an particular manner, the details of such qualification should be set forth.

## DEFINITIONS

For the purpose of these Interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

  a.  "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication: includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

  b.  "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

  c.  "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mails, electronic data transmission, drawing, picture,

photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

   d. "Electronic data transmission" and "electronic data transmission" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

   e. "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify"

means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

      f.      "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

      g.      "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

      h.      You" and "your" shall mean Defendant David Warren, or any predecessors, including but not limited to David Warren, or any person, entity, agent, or representative acting or purporting to act for or on its behalf.

## INTERROGATORIES

1.      Please state the name of each and every person who played any role regarding the input, consideration, drafting, review and publication of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama and any amendments thereto.

2.      Please describe in detail each and every source of written material, text, rule of other bodies, or oral advice considered or reviewed in any manner to come up with any drafts, proposals, or the actual published Rules and Regulations for he Licensing and Operation of Bingo Games in Macon County, Alabama and all amendments thereto.

3.      How many drafts of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, were considered before those rules and regulations were published?

4.      Who wrote the drafts or proposals for these rules and regulations and any

amendments thereto?

5. Please list each and every witness known to this Defendant to have any information about any drafts, proposals, consideration and publication of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and all amendments thereto.

6. Does this Defendant hold the personal belief and opinion that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama?

7. If the answer to the preceding Interrogatory is in the affirmative, please state in detail each and every reason for this belief and opinion.

8. Does this Defendant know of the existence of any files, records or materials that include any drafts, proposals, materials to consider, e-mails, notes, correspondence or reports regarding the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama?

9. If the answer to the preceding Interrogatory is in the affirmative, please identify the files and/or materials known to exist and where they are maintained or located.

10. Please list all persons consulted in any manner by you before the publication of the Rules and Regulations for the Licensing and Operations of Bingo Games in Macon County, Alabama, and any amendments thereto for any purpose.

11. Please state in detail any conversations between the Defendant and Milton McGregor or any agent, employee, or shareholder of Macon County Greyhound Park, Inc., regarding the consideration or publication of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and any amendments thereto at any time.

12. Did this Defendant consult or speak with any attorney regarding any proposed drafts or language for the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and any amendments thereto prior to the publication of those rules and regulations, or any amendments thereto?

13. If the answer to the preceding Interrogatory is in the affirmative, please identify the attorneys and the dates consulted or spoke to.

14. Please state the name of all persons known to this Defendant to have provided any information, favorable or unfavorable, regarding the charities involved in this suit which applied for bingo licenses and Lucky Palace, LLC.

15. Does this Defendant contend that Lucky Palace, LLC is unfit for any reason to operate an electronic bingo facility by license in Macon County, Alabama?

16. If the answer to the preceding Interrogatory is in the affirmative, please state in detail each and every reason for this contention.

17. Does this Defendant contend that it is in the best interests of the citizens of Macon County, Alabama and the equal and fair administration of licensing rules for bingo operation that the only facility/location allowed to operate electronic bingo in Macon County, Alabama should be Victoryland.

18. If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this contention.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC

                                          2224 1st Avenue North
                                          Birmingham, Alabama 35203
                                          Phone:    (205) 326-3336
                                          Fax:      (205) 326-3332
                                          E-mail:   sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on _____, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:   (334) 269-2563
Facsimile:    (334) 269-2959
E-mail:       fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
Telephone:   (334) 834-5311
Facsimile:    (334) 834-5362
E-mail:       janderson@beersanderson.com
                wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL 35203
Telephone:   (205) 323-1888
Facsimile:    (205) 323-8907

E-mail: mwhite@waadlaw.com
adowd@waadlaw.com
rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone: (205) 251-1000
Facsimile: (205) 324-1133
E-mail: wms@hsy.com
pcd@hsy.com
pt@hsy.com
kdd@hsy.com


John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532-3400
Facsimile: (334) 532-3434
E-mail: jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: rks@spotswoodllc.com
msansbury@spotswoodllc.com


George L. Beck, Jr., Esq.

CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:      (334) 323-8888
E-mail:          glb@chlaw.com

                /s/ Stephen D. Heninger
                STEPHEN D. HENINGER [ASB5227E685]