# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., ) ) ) | |
| PLAINTIFFS, ) ) | |
| VS. ) ) | CIVIL ACTION: CV-06-01113-WKW-WC |
| DAVID WARREN, in his Official Capacity ) as the SHERIFF OF MACON COUNTY, ) et al., ) ) | |
| DEFENDANTS. ) | |

### PLAINTIFF, LUCKY PALACE, LLC'S, INTERROGATORIES TO DEFENDANTS, MACON COUNTY GREYHOUND PARK, INC., AND MILTON McGREGOR

COMES NOW the Plaintiff, Lucky Palace, LLC, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to Defendants, Macon County Greyhound Park, Inc., and Milton McGregor, to be answered separately and severally by these Defendants within the time and manner prescribed by law:

### INSTRUCTIONS

a. Each Interrogatory seeks information available to the Defendants and their attorneys or agents, and all persons acting on their behalf. Each Interrogatory shall be deemed to be continuing in the manner provided by law.

b. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any part thereof, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim of privilege is valid.

c. If Defendants object to part of an Interrogatory and refuses to answer that part, it should state the objection and answer the remaining portion of that Interrogatory. If Defendants object to the scope or time period of an Interrogatory and refuses to answer or respond for that scope or time period, they should state the objection and answer the Interrogatory for the scope and time period Defendants believe is appropriate.

d. If any of the following Interrogatories cannot be answered in full after exercising due diligence to obtain the information, Defendants should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in an particular manner, the details of such qualification should be set forth.

## DEFINITIONS

For the purpose of these Interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

a. "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication: includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

b. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

c. "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-

identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mails, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

  d. "Electronic data transmission" and "electronic data transmission" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

  e. "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity

of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

  f. "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

  g. "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

  h. "You" and "your" shall mean Defendants Macon County Greyhound Park, Inc., and Milton McGregor, or any predecessors, including but not limited to Macon County Greyhound Park, Inc., and Milton McGregor, or any person, entity, agent, or representative acting or purporting to act for or on their behalf.

## INTERROGATORIES

  1. Has this Defendant been properly designated in the Summons and Complaint (as amended) for purposes of suing or being sued? If not, please set forth your full and proper legal designation.

  2. Did this Defendant participate in any manner to actively or financially support the proposal and passage of Amendment 744 to the Constitution of Alabama by hiring of lobbyists, consulting firms, or persons, or expenditure of any funds to promote a favorable consideration and/or vote on the Amendment?

  3. If the answer to the preceding Interrogatory is in the affirmative, please state in detail

what support efforts were undertaken and the amount of money expended by this Defendant prior to passage of the Amendment 744 in support thereof.

4. Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility at any facility/location other than Victoryland in Macon County, Alabama?

5. If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition.

6. Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect? If so, please state in detail the basis for this contention.

7. Has this Defendant at any time undertaken or hired any other person or entity to undertake an analysis or forecast of what impact the allowance of electronic bingo operations at any facility/location other than Victoryland would have upon this Defendant and/or Macon County?

8. If the answer to the preceding Interrogatory is in the affirmative, please identify the analysis performed, by whom and its title and date.

9. Please state the annual gross revenues for electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

10. Please state the net profit from electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

11. Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

12. If the answer to the preceding Interrogatory is in the affirmative, please describe each

and every discussion by identifying the person or persons involved, what was discussed and when.

13. Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

14. If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

15. Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC, to operate electronic bingo at a facility/location in Macon County, Alabama?

16. If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition.

17. Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?

18. If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire.

19. Has this Defendant (or any agent or employee) ever made its desire and reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama?

20. If the answer to the preceding Interrogatory is in the affirmative, please describe each and every occasion such desire and reasons have been made known to these persons and how it was made known.

21. Does this Defendant concede that it is the interests of the citizens of Macon County, Alabama and the fair administration of licensing that must be paramount in the Rules and

Regulations for Bingo Games in Macon County, Alabama?

22. If the answer to the preceding Interrogatory is in the negative, please state in detail the reasons for your disagreement with that concept.

23. Please list all witnesses known to this Defendant to have any information regarding the drafting, consideration, adoption and amendments to the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama.

24. Please list all attorneys who represented or consulted with this Defendant in making any suggestions, proposals, comments, or review of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama and any amendments thereto.

25. Does this Defendant contend that it should have any voice to be considered in the manner in which the Sheriff of Macon County, Alabama publishes or administers the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama?

26. If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this contention.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:     (205) 326-3336
Fax:         (205) 326-3332
E-mail:     sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:	(334) 269-2563
Facsimile:	(334) 269-2959
E-mail:	fgray@glsmgn.com
	jbibb@glsmgn.com
	fgrayjr@glsmgn.com
	thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:	(334) 834-5311
Facsimile:	(334) 834-5362
E-mail:	janderson@beersanderson.com
	wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:	(205) 323-1888
Facsimile:	(205) 323-8907
E-mail:	mwhite@waadlaw.com
	adowd@waadlaw.com
	rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.

Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:     (205) 251-1000
Facsimile:      (205) 324-1133
E-mail:          wms@hsy.com
                     pcd@hsy.com
                     pt@hsy.com
                     kdd@hsy.com


John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:     (334) 532-3400
Facsimile:      (334) 532-3434
E-mail:          jbolton@sasserlawfirm.com
                     cspencer@sasserlawfirm.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:     (205) 986-3620
Facsimile:      (205) 986-3639
E-mail:          rks@spotswoodllc.com
                     msansbury@spotswoodllc.com


George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:      (334) 323-8888
E-mail:          glb@chlaw.com

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]