**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

|   |   |   |
|---|---|---|
| **HOPE FOR FAMILIES &** | ) | |
| **COMMUNITY SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) **Case No.: 3:06-cv-01113-WKW-csc** | |
| | ) | |
| **DAVID WARREN, in his Official** | ) | |
| **Capacity as the SHERIFF OF MACON** | ) | |
| **COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO COMPEL
INTERROGATORIES AND PRODUCTION OF DOCUMENTS AND THINGS**

  **COMES NOW** Defendant, Macon County Greyhound Park, Inc. d/b/a Victoryland ("Defendant"), and respectfully moves this Honorable Court, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, to compel Plaintiff Lucky Palace LLC ("Plaintiff") to answer interrogatories and produce documents and things that the Defendant has requested, as well as produce documents identified in Plaintiff's initial disclosures, within ten (10) days of the date said order is entered. As grounds therefore Defendant states as follows:

  1. On August 6, 2007, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant served Plaintiff with Defendant's First Interrogatories and Requests for Production a copy of which are attached hereto as Exhibit "A".

  2. Pursuant to FRCP Rules 33 and 34, Plaintiff's answers and responses were due on or before September 10, 2007. As of this date, Plaintiff has not responded at all to the discovery

1

propounded by this Defendant. Specifically, Plaintiff has not answered Defendant's Interrogatories, not responded to Defendant's Requests for Production of Documents and not produced a single responsive document.

3. On September 13 and 14, 2007, in an exchange of e-mails with counsel for Defendant, counsel for Plaintiff acknowledged that Lucky Palace had not produced the requested documents, including a document entitled "Lucky Palace Model.xls" that was responsive to discovery requests. Lucky Palace had also identified Lucky Palace Model.xls in its Initial Disclosures served upon Defendant on July 11, 2007. This document, according to Plaintiff's Initial Disclosures, provides the damage model upon which Plaintiff intends to rely in this litigation. In this e-mail exchange, Plaintiff's counsel stated that he had in his possession the documents responsive to Defendant's discovery requests that had been in his client's possession, but was waiting until a Protective Order was in place to produce said documents. Counsel for Defendant inquired as to when Plaintiff would produce responses to discovery requests, to which Plaintiff's counsel replied "late next week." (9/13/07 e-mails, attached as Exh. "B"). Had Plaintiff acted in accordance with this representation, it would have answered the interrogatories, responded to the document requests and produced responsive documents to Defendant by September 21, 2007. Plaintiff, despite its representations, failed to do any of these things.

4. A proposed Consent Protective Order was submitted by the parties on September 19, 2007 (Doc. #104), and the Court entered a Consent Protective Order on September 20, 2007 (Doc. #105).

5. On September 20, 2007, following the entry of the Consent Protective Order, counsel for Defendant asked counsel for Plaintiff whether Plaintiff would produce documents the

next day in accordance with the previous representations by Plaintiff's counsel. Counsel for Plaintiff stated that the production was voluminous and represented to Defendant's counsel that on Monday, September 24, 2007, counsel for Plaintiff would provide a date "in the near future" when Plaintiff would produce Plaintiff's discovery responses. (9/21/07 e-mails, attached as Exh. "C"). At this point, the discovery requests were eleven (11) days overdue.

6.     In a continuing effort to obtain the requested discovery without resort to this Court, Defendant's counsel sent counsel for Plaintiff another e-mail on October 1, 2007, asking when Plaintiff's production would be forthcoming. Counsel for Plaintiff responded that the documents were being copied and Bates stamped and should be produced "in a couple of days." (10/01/07 e-mails, attached as Exh. "D"). Had this representation been complied with, the requested production would have occurred around October 3, 2007. This did not occur.

7.     When no documents were produced by October 5, 2007, Defendant's counsel in an e-mail inquired again about Plaintiff's production. Counsel for Plaintiff did not respond at all to this e-mail inquiry. (10/5/07 e-mail, attached as Exh. "E").

8.     On Monday, October 8, 2007, Plaintiff had still not responded to Defendant's discovery requests, nor had Plaintiff produced the Lucky Palace Model.xls which related to the Plaintiff's alleged damages that Plaintiff had listed in its Initial Disclosures. In a final effort to avoid involving the Court in this matter, Defendant's counsel again e-mailed counsel for Plaintiff inquiring about the production of documents. In that e-mail, Defendant's counsel indicated that she would rather not have to involve the Court in this matter and that she would like to know whether Plaintiff intended to produce the documents in the next day or two to know how to proceed. However, as with the October 5, 2007, e-mail effort to obtain responses informally,

counsel for Defendant did not receive any response to this request. (10/08/07 e-mails, attached as Exh. "F").

9.      Defendant has sought on numerous occasions to procure discovery responses due September 10, 2007, on an informal basis, to no avail.  The undersigned counsel for Defendant hereby certifies that counsel for Defendant, as noted above, has in good faith conferred and attempted to confer with counsel for the Plaintiff to secure the requested discovery responses and documents without court action.

10.     The discovery requested is critical to Defendant's investigation in this matter and this discovery, as Plaintiff's counsel has been advised, must be reviewed and analyzed by counsel for Defendant before depositions can proceed in this matter.  Plaintiff Lucky Palace is the lead plaintiff in this litigation and is believed by counsel for Defendant to be the driving force behind the complaints against all defendants in this litigation.  Thus, the discovery requested is critical to the discovery process.

11.     Plaintiff's counsel has urged this Court to expedite the trial of this case and, in accordance with that request, this Court has set this matter for trial during the month of September 2008.  Without a Court order that this discovery be immediately forthcoming, Defendant has grave concerns about its ability to adequately investigate the claims asserted against it and prepare its defense of the matters at issue in this litigation before this case is called to trial.

**WHEREFORE PREMISES CONSIDERED** Defendant respectfully moves this Court to enter an order compelling Plaintiff to answer interrogatories, respond to document requests, and produce documents and things that the Defendant has requested, as well as produce

documents identified in Plaintiff's initial disclosures, within ten (10) days of the date said order is entered.

Respectfully submitted,

/s/ Augusta S. Dowd.
Augusta S. Dowd (ASB-5274-D58A)
One of Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

**OF COUNSEL:**

J. Mark White (ASB-5029-H66J)
Rebecca G. DePalma (ASB-4105-D57R)
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Tel:     (205) 323-1888
Fax:     (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com

William M. Slaughter, Esq.
Peter J. Tepley, Esq.
**Haskell Slaughter Young & Rediker, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail:  wms@hsy.com
E-mail:  pt@hsy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____11th__ day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Fred Gray
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

James H. Anderson
Ryan Wesley Shaw
**Beers Anderson Jackson Patty &Van Heest PC**
P.O. Box 1988
Montgomery, AL  36102
janderson@beersanderson.com
wshaw@beersanderson.com

John M. Bolton, III.
Charlanna W. Spencer
**SASSER, BOLTON & SEFTON, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

W. Lewis Garrison
Stephen D. Heninger
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203
E-mail:  wlgarrison@hgdlawfirm.com
E-mail:  steve@hgdlawfirm.com

George Beck, Jr.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
E-mail:  glb@chlaw.com

/s/ Augusta S. Dowd.
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **HOPE FOR FAMILIES &** | ) | |
| **COMMUNITY SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) **Case No.: 3:06-cv-01113-WKW-csc** | |
| | ) | |
| **DAVID WARREN, in his Official** | ) | |
| **Capacity as the SHERIFF OF MACON** | ) | |
| **COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) |
| Defendants. | ) |

## MACON COUNTY GREYHOUND PARK, INC.'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF LUCKY PALACE, LLC

Defendant Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories and requests for production to Lucky Palace, LLC to be answered within (30) days after service. These Requests for Production and these Interrogatories are continuing in nature and require supplementation as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

(a)    Each interrogatory seeks information available to the Plaintiff and its attorneys or agents, and all persons acting on its behalf. Each interrogatory shall be deemed to be continuing in the manner provided by law.

(b)    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an interrogatory or any part thereof or for not producing a

requested document, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim of privilege is valid.

   (c)    If Plaintiff objects to part of an interrogatory and refuses to answer that part, it should state the objection and answer the remaining portion of that interrogatory. If Plaintiff objects to the scope or time period of an interrogatory or request for production and refuses to answer or respond for that scope or time period, it should state the objection and answer the interrogatory or respond to the request for production for the scope or time period Plaintiff believes is appropriate.

   (d)    If any of the following interrogatories cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in any particular manner, the details of such qualification should be set forth.

   (e)    If there are any documents responsive to the requests for production that have already been produced as part of Plaintiffs Initial Disclosures, Plaintiff should so state and need not produce again any documents already produced.

## DEFINITIONS

   For purposes of these Interrogatories and Requests for Production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

   (a)    "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons.   Without limiting the

2

foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

(b)    "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)    "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mail, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

(e)    "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(f)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(g)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(h)    "You" and "your" shall mean Plaintiff Lucky Palace, LLC or any predecessors, including but not limited to Lucky Palace, Inc., or any person, entity, agent, or representative acting or purporting to act for or on its behalf.

## INTERROGATORIES

1.    Identify who created the "Confidential Presentation to Troy King, Alabama Attorney General," Bates labeled PTF00935-PTF01148 ("Confidential Presentation").

2.    Identify to whom the Confidential Presentation was made, where it was made and who was present when it was made.

3.    Identify all the "Investors" referred to in the Confidential Presentation on page 3 (Bates No. PTF 00937) from whom commitments had been secured "to provide approximately $54 million to fully finance the construction of the [Lucky Palace Bingo Hall] Project."

4.    Provide the account number and the name and address of each financial institution for which you or Lucky Palace, Inc. had a checking or other type of bank account during the period from January 1, 2003 to the present.

5.    Please identify the person(s) who determined the amount of damages you set forth in your initial disclosures and how such damages were calculated.

6.    Please identify the person(s) who created "Lucky Palace Model.xls" described in your Initial Disclosures

## REQUESTS FOR PRODUCTION

1.    Please produce the documents, including but not limited to correspondence, emails, and agreements or drafts thereof, in your possession, custody or

5

control, that you or anyone acting on your behalf during the time period from January 1, 2003 to the present received from or sent to "the experienced management team" or anyone acting on their behalf that you allege you hired in paragraph 34 of your Third Amended Complaint.

2.    To the extent not covered by Request 1 above, please produce the documents in your possession, custody, or control, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf, that concern, refer or relate to the "experienced management team" that you allege you hired in paragraph 34 of your Third Amended Complaint.

3.    Please produce the documents in your possession custody or control that concern, refer, reflect or relate to the "$54 million in financial commitments" that you allege you "secured" in paragraph 34 of your Third Amended Complaint.

4.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Silver Slipper Gaming, LCC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring, or relating to one or more of the following:

   a.    electronic bingo in Macon County, Alabama;
   b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
   c.    the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
   d.    any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
   e.    the Sheriff of Macon County Alabama,
   f.    Sandar Maloy;
   g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
   h.    Victoryland;

6

i.      Milton McGregor;

j.      Pebblin Warren;

k.      this lawsuit;

l.      financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.     potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.     the Attorney General of Alabama;

o.     Ed Rogers, Jr.;

p.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.     Steve Windom;

r.     any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.     Silver Slipper Gaming, LLC or any related entities;

t.     Paul Alanis or any of the companies with which he is or was affiliated;

u.     Lucky Libra Palace, LLC;

v.     Bill Peters Architects, Inc.;

w.     Hattemer, Hornsby & Bailey, PC;

x.     Dunn Construction;

y.     Weatherford & Associates;

z      Macon Engineering & Surveying;

aa.    Nova Gaming;

bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders, or

dd.    Libra Securities Holdings, LLC.

5.     Please produce all notes, calendar entries, memos, minutes, agendas,

recordings or other documents in your possession, custody or control that concern, refer,

or relate to any face-to-face meetings or telephone conversations between you (or anyone

acting on your behalf) and Silver Slipper Gaming, LLC and/or Paul Alanis (or anyone

acting on their behalf) concerning, referring or relating to one or more of the following:

a.     electronic bingo in Macon County, Alabama;

b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.     the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d.     any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.    the Sheriff of Macon County Alabama,

f.    Sandar Maloy;

g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h.    Victoryland;

i.    Milton McGregor;

j.    Pebblin Warren;

k.    this lawsuit;

l.    financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.    the Attorney General of Alabama;

o.    Ed Rogers, Jr.;

p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.    Steve Windom;

r.    any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.    Silver Slipper Gaming, LLC or any related entities;

t.    Paul Alanis or any of the companies with which he is or was affiliated;

u.    Lucky Libra Palace, LLC;

v.    Bill Peters Architects, Inc.;

w.    Hattemer, Hornsby & Bailey, PC;

x.    Dunn Construction;

y.    Weatherford & Associates;

z    Macon Engineering & Surveying;

aa.    Nova Gaming;

bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders; or

dd.    Libra Securities Holdings, LLC.


6.    To the extent not covered by Requests 4 or 5 above, please produce the documents in your possession, custody, or control that were created or received during the time period from January 1, 2003 to the present, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf that concern, refer or relate to Silver Slipper Gaming, LLC and/or Paul Alanis.

8

7.    Please produce the documents, including but not limited to,

correspondence, emails, and agreements or drafts thereof, in your possession, custody or

control, that you (or anyone acting on your behalf) sent to or received from Libra

Securities Holdings, LLC (or anyone acting on its behalf) concerning, referring, or

relating to one or more of the following:

a.    electronic bingo in Macon County, Alabama;
b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.    the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
d.    any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
e.    the Sheriff of Macon County Alabama,
f.    Sandar Maloy;
g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h.    Victoryland;
i.    Milton McGregor;
j.    Pebblin Warren;
k.    this lawsuit;
l.    financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n.    the Attorney General of Alabama;
o.    Ed Rogers, Jr.;
p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q.    Steve Windom;
r.    any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;
s.    Silver Slipper Gaming, LLC or any related entities;
t.    Paul Alanis or any of the companies with which he is or was affiliated;
u.    Lucky Libra Palace, LLC;
v.    Bill Peters Architects, Inc.;
w.    Hattemer, Hornsby & Bailey, PC;
x.    Dunn Construction;
y.    Weatherford & Associates;
z     Macon Engineering & Surveying;
aa.    Nova Gaming;

9

bb.    any financial information concerning you or your ability to operate an
      electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders; or

dd.    Libra Securities Holdings, LLC.

8.    Please produce all notes, calendar entries, memos, minutes, agendas,

recordings or other documents in your possession, custody or control that concern, refer,

or relate to any face-to-face meetings or telephone conversations between you (or anyone

acting on your behalf) and Libra Securities Holdings, LLC (or anyone acting on its

behalf) concerning, referring, or relating to one for more of the following:

a.    electronic bingo in Macon County, Alabama;

b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.    the bingo parlor that you allege in paragraph 34 of your Third
      Amended Complaint that you attempted to build, own and/or
      operate in Macon County, Alabama;

d.    any other electronic bingo operation that you contemplated
      operating in Macon County, Alabama;

e.    the Sheriff of Macon County Alabama,

f.    Sandar Maloy;

g.    any regulations or proposed regulations concerning or controlling
      electronic bingo or other gaming operations in Macon County, Alabama;

h.    Victoryland;

i.    Milton McGregor;

j.    Pebblin Warren;

k.    this lawsuit;

l.    financing or loans provided or to be provided to you by or through Libra
      Securities Holdings, LLC or anyone else;

m.    potential investors in you or any of your parent(s) or subsidiaries or any
      electronic bingo or other gaming operations you contemplated operating in
      Macon County, Alabama;

n.    the Attorney General of Alabama;

o.    Ed Rogers, Jr.;

p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.    Steve Windom;

r.    any efforts you were taking or that were being taken on your behalf to
      obtain authorization to conduct an electronic bingo operation or other
      gaming operation in Macon County, Alabama;

s.    Silver Slipper Gaming, LLC or any related entities;

t.    Paul Alanis or any of the companies with which he is or was affiliated;

u.    Lucky Libra Palace, LLC;

v.    Bill Peters Architects, Inc.;

w.    Hattemer, Hornsby & Bailey, PC;
x.    Dunn Construction;
y.    Weatherford & Associates;
z     Macon Engineering & Surveying;
aa.   Nova Gaming;
bb.   any financial information concerning you or your ability to operate an
      electronic bingo facility in Macon County, Alabama;
cc.   your corporate structure, investors, members, or shareholders; or
dd.   Libra Securities Holdings, LLC.

9.    To the extent not covered by Requests 7 or 8 above, please produce the

documents in your possession, custody, or control that were created or received during

the time period from January 1, 2003 to the present that concern, refer, or relate to Libra

Securities Holdings, LLC or any efforts it was taking regarding: (i) making loans to you

or anyone on your behalf; (ii) obtaining or identifying any financing, loans or investors

for you or any other entity on your behalf; or (iii) putting together an electronic bingo

facility to be opened in Macon County, Alabama.

10.   Please produce the documents, including but not limited to,

correspondence, emails, and agreements or drafts thereof, in your possession, custody or

control, that you (or anyone acting on your behalf) sent to or received from Planet

Hollywood, Planet Hollywood, International, Inc., Planet Hollywood (Alabama) LLC,

Planet Hollywood (Memorabilia), Inc., or Planet Hollywood (Region IV) Inc.

(collectively "Planet Hollywood") (or anyone acting on Planet Hollywood's behalf)

concerning, referring, or relating to one or more of the following:

a.    electronic bingo in Macon County, Alabama;
b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.    the bingo parlor that you allege in paragraph 34 of your Third
      Amended Complaint that you attempted to build, own and/or
      operate in Macon County, Alabama;
d.    any other electronic bingo operation that you contemplated
      operating in Macon County, Alabama;
e.    the Sheriff of Macon County Alabama,

11

     f.       Sandar Maloy;

     g.      any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

     h.      Victoryland;

     i.       Milton McGregor;

     j.       Pebblin Warren;

     k.      this lawsuit;

     l.       financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

     m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

     n.      the Attorney General of Alabama;

     o.      Ed Rogers, Jr.;

     p.      Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

     q.      Steve Windom;

     r.       any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

     s.       Silver Slipper Gaming, LLC or any related entities;

     t.       Paul Alanis or any of the companies with which he is or was affiliated;

     u.      Lucky Libra Palace, LLC;

     v.      Bill Peters Architects, Inc.;

     w.    Hattemer, Hornsby & Bailey, PC;

     x.      Dunn Construction;

     y.      Weatherford & Associates;

     z       Macon Engineering & Surveying;

     aa.    Nova Gaming;

     bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

     cc.    your corporate structure, investors, members, or shareholders; or

     dd.    Libra Securities Holdings, LLC.

     11.    Please produce all notes, calendar entries, memos, minutes, agendas,

recordings or other documents in your possession, custody or control that concern, refer,

or relate to any face-to-face meetings or telephone conversations between you (or

anyone acting on your behalf) and Planet Hollywood (or anyone acting on its behalf)

concerning, referring, or relating to one for more of the following:

     a.      electronic bingo in Macon County, Alabama;

     b.      the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.   the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d.   any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.   the Sheriff of Macon County Alabama,

f.   Sandar Maloy;

g.   any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h.   Victoryland;

i.   Milton McGregor;

j.   Pebblin Warren;

k.   this lawsuit;

l.   financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.   potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.   the Attorney General of Alabama;

o.   Ed Rogers, Jr.;

p.   Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.   Steve Windom;

r.   any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.   Silver Slipper Gaming, LLC or any related entities;

t.   Paul Alanis or any of the companies with which he is or was affiliated;

u.   Lucky Libra Palace, LLC;

v.   Bill Peters Architects, Inc.;

w.   Hattemer, Hornsby & Bailey, PC;

x.   Dunn Construction;

y.   Weatherford & Associates;

z    Macon Engineering & Surveying;

aa.   Nova Gaming;

bb.   any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.   your corporate structure, investors, members, or shareholders; or

dd.   Libra Securities Holdings, LLC.


12.   Please produce the documents, including but not limited to,

correspondence, emails, and agreements or drafts thereof, in your possession, custody or

control that you (or anyone acting on your behalf) sent to or received from Bill Peters

13

Architects, Inc. (or anyone acting on its behalf) in connection with its work to "create the architectural design" for the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint you attempted to build, own and/or operate in Macon County, Alabama.

13.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Hattemer, Hornsby & Bailey, PC (or anyone acting on its behalf) in connection with its engagement to "perform the mechanical, electrical, and plumbing engineering work" for the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

14.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Dunn Construction (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

15.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Weatherford & Associates (or anyone acting on its behalf) in connection with the Lucky Palace Bingo

14

Hall project for Shorter, Alabama or the bingo parlor you that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

16.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Macon Engineering & Surveying (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

17.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Amandla Chapter 21St Century Youth Leadership (or any one acting on its behalf) during the period from January 1, 2003 to the present.

18.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from EK5 Community Development (or any one acting on its behalf) during the period from January 1, 2003 to the present.

19.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on

15

your behalf) sent to or received from Macon County Council of PTA (or any one acting on its behalf) during the period from January 1, 2003 to the present.

20.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Organizing Means for Economic Community Development, Inc. (or any one acting on its behalf) during the period from January 1, 2003 to the present.

21.    Please produce the documents, including but not limited, to applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Rose Garden Apartments, Inc. (or any one acting on its behalf) during the period from January 1, 2003 to the present.

22.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Silver Trowel Lodge # 10 (or any one acting on its behalf) during the period from January 1, 2003 to the present.

23.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Wildlaw Friends of Tuskegee National Forest (or any one acting on its behalf) during the period from January 1, 2003 to the present.

24.     Please produce the documents, including but not limited to applications,

checks or other evidence of money transfers, correspondence, emails, and agreements

and/or drafts thereof, in your possession, custody or control, that you (or anyone acting

on your behalf) sent to or received from Southern Community College (or any one acting

on its behalf) during the period from January 1, 2003 to the present.

25.     Please produce all notes, calendar entries, memos, minutes, agendas,

recordings or other documents in your possession, custody or control that concern, refer,

or relate to any face-to-face meetings or telephone conversations between you (or anyone

acting on your behalf) and any of the following organizations (or anyone acting on their

behalf) during the period from January 1, 2003 to the present:

a.     Amandla Chapter 21St Century Youth Leadership;
b.     EK5 Community Development;
c.     Macon County Council of PTA;
d.     Organizing Means for Economic Community Development, Inc.;
e.     Rose Garden Apartments, Inc.;
f.     Silver Trowel Lodge # 10;
g.     Wildlaw Friends of Tuskegee National Forest;
h.     Southern Community College; or
i.     any other charity or non-profit organization in Macon County, Alabama.

26.     Please produce the documents, including but not limited, to applications,

checks or other evidence of money transfers, correspondence, emails, and agreements

and/or drafts thereof, in your possession, custody or control that you (or anyone acting on

your behalf) sent to or received from any Plaintiffs in this case (or anyone acting on its

behalf) during the period from January 1, 2003 to the filing of the initial complaint in this

case.

27.     Please produce all notes, calendar entries, memos, minutes, agendas,

recordings or other documents in your possession, custody or control that concern, refer,

or relate to any face-to-face meetings or telephone conversations between you (or

anyone acting on your behalf) and any Plaintiffs in this case (or anyone acting on their

behalf) during the period from January 1, 2003 to the filing of the initial complaint in this

case including but not limited, to the meeting at the DeVaughn Center on August 23,

2005.

      28.     Please produce the documents in your possession, custody, or control

concerning or relating to any contributions, donations, any money transfers of any kind or

other benefits that you or anyone acting at your direction (or on your behalf) gave to any

of the Plaintiffs in this case or any of the following entities in the period from January 1,

2003 to the present:

          a.     Amandla Chapter 21St Century Youth Leadership;
          b.     EK5 Community Development;
          c.     Macon County Council of PTA;
          d.     Organizing Means for Economic Community Development, Inc.;
          e.     Rose Garden Apartments, Inc.;
          f.     Silver Trowel Lodge # 10;
          g.     Wildlaw Friends of Tuskegee National Forest;
          h.     Southern Community College; or
          i.     any other charity or non-profit organization in Macon County,
               Alabama.

      29.     Please produce the documents, including but not limited to,

correspondence and emails, in your possession, custody or control that you (or anyone

acting on your behalf) sent to or received from any non-profit or charitable organization

in Macon County, Alabama (or anyone acting on its behalf) during the period from

January 1, 2003 to the present that concerns, refers or relates to electronic bingo, the

regulation of bingo in Macon County Alabama, the  bingo parlor that you allege in

paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or

operate in Macon County, Alabama, or sent to or received from any of the Defendants in this case.

30.     Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed to or otherwise transmitted to members of the public, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone one on your behalf to urge citizens of Macon County, Alabama to contact Sheriff David Warren and ask him to approve electronic bingo licenses for you or one or more of the other Plaintiffs, to allow additional electronic bingo casinos in Macon County, to "end the Victoryland Monopoly," or to take any other actions designed to allow you to operate an electronic bingo facility in Macon County, Alabama.

31.     Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed to or otherwise transmitted to members of the public, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to urge citizens of Macon County, Alabama to contact their State Representative and/or State Senator and to tell them to "vote against Senate Bill 390."

32.     To the extent not covered by Request 32 above, please produce the documents in your possession, custody or control that concern, refer, or relate to any efforts taken by you or by someone on your behalf to defeat or modify Senate Bill 390.

33.     Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed or otherwise transmitted to members of the public, emails, correspondence, contracts or

agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to tell, inform or convince citizens of Macon County, Alabama that Commissioners Jessie Upshaw and Drew Thompson were "not acting in the best interests of the people of Macon County."

34.    Please produce the documents in your possession, custody, or control that refer, reflect or relate to any efforts taken by you or on your behalf to support, defeat or modify HB 17, HB 527, and SB 92 or any other bills that were presented in the Alabama House of Representatives or Alabama Senate regarding gambling or bingo generally in Macon County, Alabama other than SB 390, which is the subject of a separate request.

35.    Please produce the documents in your possession, custody, or control that concern, refer, reflect or relate to any communications that you or anyone acting on your behalf had during the period from January 1, 2003 to the present with any then current member of the Alabama legislature or any other branch of state or county government of Alabama, including staff members of any legislator or member of the government, related to gambling or bingo in Macon County, Alabama, including but not limited to any regulation thereof.

36.    Please produce the documents in your possession, custody, or control that concern, refer, reflect or relate to any campaign contributions made by you or anyone acting at your direction or on your behalf, whether directly or indirectly, during the period from January 1, 2003 to the present to one or more of the following:

　　　a.　　any candidates for the office of Sheriff of Macon County, Alabama;

　　　b.　　any Political Action Committee making contributions to candidates for
　　　　　　public office in Alabama.

37. Please produce the documents, including but not limited to correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Steve Windom (or anyone acting on his behalf) concerning referring or relating to one or more of the following:

a. electronic bingo in Macon County, Alabama;
b. the Lucky Palace Bingo Hall project for Shorter, Alabama;
c. the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
d. any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
e. the Sheriff of Macon County Alabama,
f. Sandar Maloy;
g. any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h. Victoryland;
i. Milton McGregor;
j. Pebblin Warren;
k. this lawsuit;
l. financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m. potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n. the Attorney General of Alabama;
o. Ed Rogers, Jr.;
p. Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q. his abilities or efforts to help you obtain authorization to conduct an electronic bingo operation in Macon County, Alabama;
r. any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;
s. Silver Slipper Gaming, LLC or any related entities;
t. Paul Alanis or any of the companies with which he is or was affiliated;
u. Lucky Libra Palace, LLC;
v. Bill Peters Architects, Inc.;
w. Hattemer, Hornsby & Bailey, PC;
x. Dunn Construction;
y. Weatherford & Associates;
z Macon Engineering & Surveying;
aa. Nova Gaming;

21

bb.    any financial information concerning you or your ability to operate an
       electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders; or

dd.    Libra Securities Holdings, LLC

38.    Please produce the documents, including but not limited to
correspondence, emails, and agreements or drafts thereof, in your possession, custody or
control, that you (or anyone acting on your behalf) sent to or received from anyone (other
than counsel) that you hired, or retained, or otherwise engaged to help you obtain the
necessary authorizations to operate an electronic bingo casino in Macon County,
Alabama and/or that concern, reflect, refer or relate to that relationship or one or more of
the following:

a.    electronic bingo in Macon County, Alabama;

b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.    the bingo parlor that you allege in paragraph 34 of your Third
      Amended Complaint that you attempted to build, own and/or
      operate in Macon County, Alabama;

d.    any other electronic bingo operation that you contemplated
      operating in Macon County, Alabama;

e.    the Sheriff of Macon County Alabama,

f.    Sandar Maloy;

g.    any regulations or proposed regulations concerning or controlling
      electronic bingo or other gaming operations in Macon County, Alabama;

h.    Victoryland;

i.    Milton McGregor;

j.    Pebblin Warren;

k.    this lawsuit;

l.    financing or loans provided or to be provided to you by or through Libra
      Securities Holdings, LLC or anyone else;

m.    potential investors in you or any of your parent(s) or subsidiaries or any
      electronic bingo or other gaming operations you contemplated operating in
      Macon County, Alabama;

n.    the Attorney General of Alabama;

o.    Ed Rogers, Jr.;

p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.    the person's or entity's abilities or efforts to help you obtain authorization
      to conduct an electronic bingo operation in Macon County, Alabama;

r.    any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.    Silver Slipper Gaming, LLC or any related entities;

t.    Paul Alanis or any of the companies with which he is or was affiliated;

u.    Lucky Libra Palace, LLC;

v.    Bill Peters Architects, Inc.;

w.    Hattemer, Hornsby & Bailey, PC;

x.    Dunn Construction;

y.    Weatherford & Associates;

z    Macon Engineering & Surveying;

aa.    Nova Gaming;

bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders; or

dd.    Libra Securities Holdings, LLC

39.    Please produce the documents, including but not limited to correspondence and emails in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from any of the Defendants in this case (or any one acting on their behalf) during the period from January 1, 2003 to the time the initial complaint was filed in this matter.

40.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and any of the Defendants in this case (or anyone acting on its behalf) during the period from January 1, 2003 to the time the initial complaint was filed in this matter.

41.    Please produce the documents in your possession, custody or control that concern, refer or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

42.    All documents that show, contain, mention, reflect, support or relate to the damages that you contend you have suffered and/or your calculation of the damages that you listed in your Initial Disclosures.

43.    All documents that in any way support, refute or conflict with the allegations you make in your Third Amended Complaint.

44.    Please produce the executed documents and all exhibits thereto in your possession, custody or control that relate to or reflect the merger of Lucky Palace, Inc. and Lucky Palace, LLC.

45.    Please produce the following documents:

   a. your articles of organization and any amendments thereto;
   b. your bylaws and any amendments thereto;
   c. the minutes of your members or other corporate meetings during the time period from January 1, 2003 to the present;
   d. all your operating agreements and any amendments thereto;
   e. any agreements you have entered into relating in any way to electronic bingo in Macon County, Alabama; and
   d. the documents showing the identity of your members and their ownership interest for the period from January 1, 2003 to the present.

46.    Please produce the documents in your possession, custody, or control (such as deeds or leases) that set forth your ownership interest in or control of any real estate in Macon County, Alabama during the period from January 1, 2003 to the present.

47.    Please produce the documents reflecting attorneys' fees that you are seeking to recover from any of the Defendants in this proceeding.

48.    Please produce "Lucky Palace Model.xls" described in your Initial Disclosures in electronic and paper format, including any and all drafts and versions thereof, as well as all data relied upon in creating said spreadsheet.

49.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Southeastern Gaming Opportunities, LLC (or anyone acting on its behalf) during the period form January 1, 2003 to the present.

50.    To the extent not covered by the previous request, please produce the documents in your possession, custody or control, that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Southeastern Gaming Opportunities, LLC.

51.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Concerned Citizens of Macon County (or anyone acting on its behalf) during the period form January 1, 2003 to the present.

52.    To the extent not covered by the previous request, please produce the documents in your possession, custody or control that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Concerned Citizens of Macon County.

53.    Please produce the documents in your possession, custody or control that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Lucky Palace Resort.

54.    Please produce the documents in your possession, custody or control that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Southeastern Gaming Resort.

55.    Please produce the documents concerning, reflecting, relating or referring to the financial commitments made by each of the Investors identified in your response to Interrogatory 3.

56.    Please produce the documents concerning, reflecting, referring or relating, to all loans that you or anyone acting on your behalf applied for, requested, or took relating to the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

57.    Please produce the following documents:

   a.    Lucky Palace, Inc.'s articles of incorporation and any amendments thereto;
   b.    Lucky Palace, Inc.'s bylaws and any amendments thereto;
   c.    the minutes of any Lucky Palace, Inc. shareholder or board meetings during the time period from January 1, 2003 to the present;
   d.    any agreements Lucky Palace, Inc. entered into relating in any way to electronic bingo in Macon County, Alabama; and
   e.    the stock certificates for Lucky Palace, Inc.

58.    To the extent not embraced by any of the preceding requests, please produce the documents in your possession, custody, or control that concern or relate in any way to the alleged events that form the basis for your claims in this lawsuit.

This 6th day of August, 2007.

_____
WILLIAM M. SLAUGHTER (SLA-001)
PATRICIA C. DIAK (DIA-005)

26

PETER JOHN TEPLEY (TEP-002)
KHRISTI DOSS DRIVER (FLO-027)

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

WHITE, ARNOLD, ANDREWS & DOWD
John Mark White mwhite@waadlaw.com
Augusta S. Dowd adowd@waadlaw.com
Rebecca DePalma rdepalma@waadlaw.com
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
205-323-1888 (telephone)
205.323-8907 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail, first class postage prepaid and properly addressed as follows and also by email as indicated, this __6__ day of August, 2007.

James H. Anderson janderson@beersanderson.com,
Ryan Wesley Shaw wshaw@beersanderson.com
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL 36102

Fred D. Gray fgray@glsmgn.com
Fred D. Gray, Jr. fgrayjr@glsmgn.com
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

Robert K. Spotswood rks@spottswoodllc.com
Michael T. Sansbury msansbury@spottswoodllc.com
Spotwood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

John M. Bolton, III jbolton@sasserlawfirm.com
Charlanna White Spencer cspenser@sasserlawfirm.com
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124

W. Lewis Garrison, wlgarrison@hgdlawfirm.com
Stephen D. Heniger  sdheniger@hgdlawfirm.com
Heniger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |
|---|---|
| **HOPE FOR FAMILIES &** | ) |
| **COMMUNITY SERVICES, INC., et al.,** | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) Case No.: 3:06-cv-01113-WKW-csc |
|  | ) |
| **DAVID WARREN, in his Official** | ) |
| **Capacity as the SHERIFF OF MACON** | ) |
| **COUNTY, et al.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

# EXHIBIT "B"

**Subject:** FW: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

**From:** Steve Heninger [mailto:steve@hgdlawfirm.com]
**Sent:** Friday, September 14, 2007 6:58 AM
**To:** Tepley, Peter J.
**Subject:** RE: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

I believe we have all we can get. I am working on responses and hope to have them by late next week.

**From:** Tepley, Peter J. [mailto:pt@hsy.com]
**Sent:** Thursday, September 13, 2007 5:18 PM
**To:** Steve Heninger
**Cc:** Augusta Dowd; mwhite@waadlaw.com; Rebecca DePalma; Driver, Khristi Doss; Diak, Patricia C.
**Subject:** RE: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

Steve -

Thanks for your prompt response. Producing documents once the protective order is in place is fine for those documents that fall under its terms. Although I see no reason why others cannot be produced now, because the order should be in place in a day or so, I do not have a problem with your producing all the documents at the same time. If some issue arises concerning the order we can address separate production at that time.

Also, we still need Lucky Palace's responses to our discovery requests. When will those be ready?

In addition, based on your email that you have the documents that your "client possessed," am I correct that you are in the process of obtaining responsive documents that are not in your client's possession but are under its control, or are ascertaining whether any such documents exist?

Thanks,

Pete

**From:** Steve Heninger [mailto:steve@hgdlawfirm.com]
**Sent:** Thursday, September 13, 2007 3:31 PM
**To:** Tepley, Peter J.
**Subject:** RE: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

I have the documents that my client possessed. Since the defendants wanted a protective order, I have been waiting until that is in place. I signed the proposal this morning and forwarded it to Michael to get to Augusta. Once that is in place, we can all start producing. Does that meet with your thinking?

**From:** Tepley, Peter J. [mailto:pt@hsy.com]
**Sent:** Thursday, September 13, 2007 3:02 PM

**To:** Steve Heninger
**Cc:** Augusta Dowd; mwhite@waadlaw.com; Rebecca DePalma; Driver, Khristi Doss; Diak, Patricia C.
**Subject:** Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

Steve --

   By my calculations, Lucky Palaces' responses to Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC, were due earlier this week. I have not seen a copy of those responses, nor has my co-counsel. Have they been sent? If so when? If they have not been sent, when do you anticipate sending them?

   In addition, we have not yet received a copy of "Lucky Palace Model.xls, related to Lucky Palace's alleged damages, which was listed in the initial disclosures that Lucky Palace served, two months ago on July 11, 2007. When will we receive a copy of this initial disclosure document? Thanks,


Pete Tepley


Peter J. Tepley
*Haskell Slaughter Young & Rediker, LLC*
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Direct:  205.254.1466
Main:    205.251.1000
Fax:      205.324.1133
Cell:      205.401.2390


CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any information contained in or attached to this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by replying to the sender or calling the sender at (205) 251-1000 and destroy the original email and its attachments without reading or saving it. Thank you.
TAX ADVICE DISCLOSURE: Unless expressly stated otherwise above, (i) nothing contained in or attached to this e-mail was intended or written to be used, and nothing in it may be used or relied upon, by you or any other taxpayer for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, (ii) nothing contained in or attached to this e-mail may be used by any person to support the promotion or marketing of, or to recommend, any transaction or matter addressed in this e-mail, and (iii) if this email or any attachment expressly states that it was written to support the promotion or marketing of any transaction or matter, any taxpayer reading this e-mail should seek advice based on such taxpayer's particular circumstances from an independent tax advisor with respect to such transaction or matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **HOPE FOR FAMILIES &** | ) | |
| **COMMUNITY SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) **Case No.: 3:06-cv-01113-WKW-csc** | |
| | ) | |
| **DAVID WARREN, in his Official** | ) | |
| **Capacity as the SHERIFF OF MACON** | ) | |
| **COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# EXHIBIT "C"

**Subject:** FW: Protective Order

**From:** Lew Garrison [mailto:lewis@hgdlawfirm.com]
**Sent:** Friday, September 21, 2007 8:26 AM
**To:** Augusta Dowd; Michael Sansbury; Rebecca DePalma; Bob Spotswood; Steve Heninger
**Cc:** J. Mark White; Hope Marshall; Kitty Brown; Rebecca DePalma
**Subject:** RE: Protective Order

Augusta, Steve is out of the office today in Montgomery on another matter. We are working on the production. It is quite voluminous. If you don't mind, we will get with you Monday and give you a date in near future when we can get it to you.  Lew

**From:** Augusta Dowd [mailto:ADowd@waadlaw.com]
**Sent:** Thursday, September 20, 2007 5:30 PM
**To:** Michael Sansbury; Rebecca DePalma; Bob Spotswood; Steve Heninger; Lew Garrison
**Cc:** J. Mark White; Hope Marshall; Kitty Brown; Rebecca DePalma
**Subject:** RE: Protective Order

I'm expecting them to go out tomorrow, Michael.  If there is any change, I will let you know.

Steve, do you still expect to produce tomorrow for Lucky Palace?


Augusta S. Dowd
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL  35203
205/323-1888   Telephone
205/323-8907   Facsimile


**From:** Michael Sansbury [mailto:msansbury@spotswoodllc.com]
**Sent:** Thursday, September 20, 2007 3:30 PM
**To:** Rebecca DePalma; Bob Spotswood; steve@hgdlawfirm.com; lewis@hgdlawfirm.com
**Cc:** J. Mark White; Augusta Dowd; Hope Marshall; Kitty Brown
**Subject:** RE: Protective Order

Now that the court has entered the protective order, when can we expect to see the remaining documents?

**From:** Rebecca DePalma [mailto:Rebecca@waadlaw.com]
**Sent:** Tuesday, September 18, 2007 3:01 PM
**To:** Michael Sansbury; Bob Spotswood; steve@hgdlawfirm.com; lewis@hgdlawfirm.com
**Cc:** J. Mark White; Augusta Dowd; Hope Marshall; Kitty Brown
**Subject:** Protective Order

Attached please find a revised Protective Order.  The only changes are that we are using e-signatures and the Grays' names were corrected.  Please let me know if you approve and we will get it filed.

Thanks,

Rebecca

Rebecca G. DePalma, Esq.
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203
(205) 323-1888


Confidentiality Notice

This e-mail contains information from the law firm of White Arnold Andrews & Dowd P.C. The information is confidential and is intended only for the use of the individual or entity to which it is addressed. The information may be subject to the attorney/client privilege. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original and all copies of the message.


No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.487 / Virus Database: 269.13.22/1015 - Release Date: 9/18/2007 11:53 AM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.487 / Virus Database: 269.13.22/1015 - Release Date: 9/18/2007 11:53 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **HOPE FOR FAMILIES &**<br>**COMMUNITY SERVICES, INC., et al.,** | )<br>)<br>)<br>) |
| | ) |
| **Plaintiffs,** | )<br>) |
| **v.** | ) **Case No.: 3:06-cv-01113-WKW-csc** |
| | ) |
| **DAVID WARREN, in his Official**<br>**Capacity as the SHERIFF OF MACON**<br>**COUNTY, et al.,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

# EXHIBIT "D"

**From:** Augusta Dowd

**Sent:** Monday, October 01, 2007 6:29 PM

**To:** 'Steve Heninger'

**Cc:** Augusta Dowd

**Subject:** RE: Lucky Palace/Victoryland

Without checking, I think you are probably right about the rules but in this instance we had already noticed depositions but left the dates open as a courtesy to you and your co-counsel. We shouldn't have to go second taking depositions because we extended that courtesy to all of you. So I don't think we are simply talking about rules relating to sequencing of discovery; we noticed these depositions first anyway. I wouldn't be surprised if there are objections to at least one of your depositions - noticing the deposition of counsel for an opposing party is certainly a new twist on discovery in cases I have been in - but at least in theory, I am happy to schedule the depositions consecutively so long as our already noticed depositions go first. How does that sound?

Thanks for the document production update. I'll watch for your documents later this week.

Augusta S. Dowd
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
205/323-1888   Telephone
205/323-8907   Facsimile

**From:** Steve Heninger [mailto:steve@hgdlawfirm.com]
**Sent:** Monday, October 01, 2007 3:13 PM
**To:** Augusta Dowd
**Subject:** RE: Lucky Palace/Victoryland

I simply had my paralegal notice these in hopes that all would be acceptable. If the date is a problem, I certainly will work with you in coordinating the date. As I recall, the rules do not recognize any sequence of depositions or discovery. Someone has to go first and since we have the burden of proof, why not us? I don't think your filing of a notice for Bracy gives you a reservation for the first deposition taken but I do not plan on fussing with you on scheduling depositions unless our reasonable minds and hearts cannot agree. My documents are being copied and bates stamped—should have them in a couple of days.

**From:** Augusta Dowd [mailto:ADowd@waadlaw.com]
**Sent:** Monday, October 01, 2007 1:05 PM
**To:** Steve Heninger
**Cc:** Augusta Dowd
**Subject:** Lucky Palace/Victoryland

Steve: I tried to send you an email over the weekend but I copied myself and never received my own copy back in my inbox so I'm not sure whether you got the email or not. I'm going to try to reconstruct my email below and if you got the first one, you can ignore this one.

I was out of town all last week and in Ohio at a family event over the weekend. I was surprised to read my email on Saturday and find that the plaintiffs had noticed Gray, Jr. and Warren without any notice or discussions with

the defense lawyers about scheduling. We both know that serious discovery disputes are ahead in this litigation, but I did not expect to be encountering situations where one side was scheduling events without checking with the opposing side. I don't want to get cross wise with you on this kind of issue. The Middle District rules actually contemplate that lawyers will coordinate scheduling around the convenience of opposing counsel, but surely we don't have to resort to the rules to accomplish that.

As far as the 17th of October, I am in Chicago on depositions on the date you have scheduled Gray and Warren so that date will not work at all on my schedule, without regard to the conflicts on other defense lawyers schedules and to the issues identified below.

We previously noticed the depositions of Lucky Palace and Bracy on dates to be determined in the future. I know it won't surprise you that we will take the position that those depositions go before any plaintiff depositions. We noticed first, keeping the dates open as a courtesy to your team, and in all fairness, how can it be said that we shouldn't go first in taking depositions?

About 10 days or so ago, I emailed you to inquire whether you were going to make the Lucky Palace production on a day that you had previously indicated might be workable for Lucky Palace's production. Lew emailed me back that you were out of town but that you two would let me know early last week when the production would take place. I heard nothing further. What's the plan? Obviously we need those documents before we take the Lucky Palace depositions that we have noticed.

I am in the office today and until about 2:00 tomorrow. Give me a call or, if it suits your schedule better, email me and let me know whether we need to fuss about the order and dates of upcoming depositions. I sure would prefer not to.


Augusta S. Dowd
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
205/323-1888   Telephone
205/323-8907   Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|                                                              |                                      |
|--------------------------------------------------------------|--------------------------------------|
| **HOPE FOR FAMILIES &** <br> **COMMUNITY SERVICES, INC., et al.,** ) | )                                    |
| **Plaintiffs,**                                              | )                                    |
| **v.**                                                       | ) **Case No.: 3:06-cv-01113-WKW-csc** |
| **DAVID WARREN, in his Official** <br> **Capacity as the SHERIFF OF MACON** <br> **COUNTY, et al.,** | ) |
| **Defendants.**                                              | )                                    |

# EXHIBIT "E"

**Subject:** FW: Document Production From LP


**From:** Augusta Dowd
**Sent:** Friday, October 05, 2007 9:26 AM
**To:** 'Steve Heninger'
**Cc:** Augusta Dowd
**Subject:** Document Production From LP

Today?


Augusta S. Dowd
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
205/323-1888   Telephone
205/323-8907   Facsimile

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |
|---|---|
| **HOPE FOR FAMILIES &** | ) |
| **COMMUNITY SERVICES, INC., et al.,** | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) Case No.: 3:06-cv-01113-WKW-csc |
|  | ) |
| **DAVID WARREN, in his Official** | ) |
| **Capacity as the SHERIFF OF MACON** | ) |
| **COUNTY, et al.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

# EXHIBIT "F"

**Subject:** FW: Lucky Palace / Victoryland

**From:** Augusta Dowd
**Sent:** Monday, October 08, 2007 11:22 AM
**To:** 'Steve Heninger'
**Cc:** Augusta Dowd
**Subject:** Lucky Palace / Victoryland

Steve: My husband David just forwarded me your email responding to the obsolete email you received from him (actually me) over the weekend. That email is old news and yes, we have handled that. Don't ask me why it took my office system a week to send it to you and who knows why it went out under David's name since I sent it off his computer but on my firm's remote access web site. Makes no sense to me. Anyway, ignore it.

I really need to hear from you on Lucky Palace's production. You have several times indicated production would be forthcoming and nothing has been produced. At the beginning of last week, you told me that production would be forthcoming in a couple of days but I heard nothing further from you last week. Am I going to get those documents in the next day or so? I'd rather handle this informally than by formal filing - we both hate to resort to the courts for this kind of problem. Let me know something, please.

Augusta S. Dowd
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
205/323-1888  Telephone
205/323-8907  Facsimile