## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
 )
 PLAINTIFFS, )
 )
v. ) CASE NO.: 3:06-cv-01113-WKW-WC
 )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
 )
 DEFENDANTS. )

### DEFENDANT MILTON McGREGOR'S
### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
### PRODUCTION OF DOCUMENTS AND THINGS

COMES NOW Milton McGregor ("Mr. McGregor" or "Defendant"), Defendant in the above-styled cause, by and through his counsel of record, and files this response to Plaintiff Charities' (hereinafter "Plaintiffs") Motion to Compel. In support of this response, Defendants would show unto this Court as follows:

1. On May 14, 2007, Plaintiff Charities served their First Request for Production of Documents which sought responses to forty-six (46) separately numbered requests. (Exhibit A to Plaintiffs' Motion to Compel (Doc. # 107)). Mr. McGregor served his initial responses and objections on June 18, 2007. (Exhibit B to Plaintiffs' Motion to Compel (Doc. # 107)).

2. After telephone conferences with the Mr. McGregor's counsel and exchanging correspondence regarding the disputed discovery items, Plaintiffs' counsel clarified and narrowed certain of its requests. Plaintiffs failed to include correspondence

from Mr. McGregor's counsel to Plaintiffs' counsel dated July 23, 2007, which outlined the undersigned counsel's understanding of Plaintiffs' clarifications to the discovery requests. (Attached as Exhibit 1 hereto.) Thereafter, on September 5, 2007, Mr. McGregor submitted his Supplemental Responses to Plaintiffs' First Request for Production of Documents. (Exhibit C to Plaintiffs' Motion to Compel (Doc. # 107)).

3.     The only request at issue in the Plaintiff Charities' Motion to Compel is Request Number 15 which seeks corporate revenue and financial information from Mr. McGregor. (Exhibit A to Plaintiffs' Motion to Compel (Doc. # 107)). The disputed request, clarification, and supplemental response is as follows:

> *15.     Please produce any and all documents in your possession or control that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.*
>
> **RESPONSE:          The Defendant objects to this request on the basis that it seeks personal, private, confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information, the disclosure of which would be harmful to VictoryLand and its business.**

*Plaintiffs' Clarification:*          **NONE.**

*Defendant's Supplemental Response:*          **Defendant renews his objection to this request.**

2

(Exhibit B to Plaintiffs' Motion to Compel (Doc. # 107)).

4. Interestingly, even though the Plaintiffs served VictoryLand with requests for production, Plaintiffs did not request financial documents from VictoryLand.

5. Plaintiffs' Motion to Compel the financial records of VictoryLand is due to be denied on several grounds. First, Mr. McGregor does not have the requested documents in his personal possession or control. Even though Mr. McGregor may have access to certain financial documents in his capacity as CEO, he cannot be compelled to personally produce such documents. Second, the financial documents sought are confidential and proprietary, and constitute trade secrets under Alabama law. Next, the financial documents are not relevant to any issues pending in this action. Finally, Plaintiffs argue that any concerns regarding the production of confidential or commercial information are resolved because a protective order has been entered in this case. However, the existence of a protective order does not relieve the Plaintiffs of their burden of establishing that the documents sought are relevant. Moreover the protective order does not eliminate the dangers associated with disclosing confidential, proprietary, and commercially sensitive information to the very entities most likely to profit from such information.

### Mr. McGregor Has No Responsive Documents and the Requested Documents Are Not In His Personal Possession or Control

6. To the extent that Plaintiffs request corporate financial records from Mr. McGregor in his personal possession, Mr. McGregor has no responsive documents.

7. The problem, however, arises because of the overly broad definition that the Plaintiffs have given the word "you" in the "Instructions and Definitions" section which states in pertinent part:

3

> This request for documents shall apply not only to documents
> directly in the possession of Mr. McGregor but also to
> documents in the possession of others as to which Mr.
> McGregor has access, including but not limited to
> documentation in the possession of any of Mr. McGregor's
> employees, accountants, attorneys and relatives.

(Exhibit A to Plaintiffs' Motion to Compel ("Instructions and Definitions" # 4)).  Therefore,

to the extent that the request seeks corporate financial documents "not only [] documents

directly in the possession of Mr. McGregor but also [] documents in the possession of

others as to which Mr. McGregor has access,"[1] Mr. McGregor cannot be compelled to

produce such documents.

    8.    The Eleventh Circuit has concluded that "control is the test with regard to the

production of documents" under Rule 34. *Searock v. Stripling*, 736 F.2d 650, 653 (11th

Cir.1984). Courts define control "not only as possession, but as the *legal right* to obtain the

documents requested upon demand." *Id*.; *see also In re Citric Acid Litigation*, 191 F.3d

1090, 1107 (9th Cir. 1999); *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140 (3d

Cir. 1988). If a party sues an individual in his individual capacity he cannot be compelled

to produce records of the corporation.  *American Maplan Corp. v. Heilmayr*, 203 F.R.D.

499, 502 (D. Kansas 2001) (holding a court cannot ignore the "distinction between a

corporation, on the one hand, and its officers and shareholders, on the other hand"). This

is a logical extension of the truism that a party "cannot properly seek to obtain from one

entity or individual what belongs to another." *Id*.; *see generally Sipma v. Massachusetts

Casualty Ins. Co.*, 256 F.3d 1006, 1010 (10th Cir. 2001) (holding "a corporation is treated

---

[1] (Exhibit A to Plaintiffs' Motion to Compel ("Instructions and Definitions" # 4)).

as a legal entity separate from its shareholders") (*cited in Heilmayr*, 203 F.R.D. at 502); *Green v. Fulton*, 157 F.R.D. 136, 142 (D. Maine 1994) (holding that "[c]ritical to a finding of 'control' in a § 1983 case" is that Plaintiff sued Defendant in his official capacity). Since Mr. McGregor, in his individual capacity, does not personally possess the requested financial records of VictoryLand he cannot be compelled to produce the documents. *See In re Grand Jury Subpoena (Kent)*, 646 F.2d 963, 969 (5th Cir. 1981) (holding a third-party subpoena "requiring an individual to produce documents not in her possession is illegal because it would require her to take exclusive possession of the documents"); *Heilmayr*, 203 F.R.D. at 501-02 (holding a defendant "can be required to produce only those documents that he has a 'legal right' to obtain on demand").

Even if this Court found that Mr. McGregor had the practical ability to obtain the financial records of VictoryLand in his capacity as President and CEO of VictoryLand, courts have held "it fairly obvious that a party . . . need not seek such documents from third parties if compulsory process against the third parties is available." *Scherbakovskiy v. Da Capo al Fine, Ltd.*, 490 F.3d 130, 138 (2nd Cir. 2007). Plaintiffs propounded requests for production to both Mr. McGregor personally and a separate request for production to VictoryLand. The two requests were almost identical except for the Plaintiffs' request for VictoryLand's financial information. Instead of requesting this information from VictoryLand, Plaintiffs only requested the information from Mr. McGregor. Since VictoryLand is the proper party to whom this request should be directed, it is improper to compel Mr. McGregor to produce the requested financial documents.

**VictoryLand's Financial Information is Confidential and Privileged**

9.    Second, Plaintiffs' Motion to Compel is due to be denied because the documents sought are confidential and privileged. Plaintiffs seek to obtain documents they would not normally be entitled to by requesting them from Mr. McGregor to avoid any claim of confidentiality or privilege. However, Plaintiffs' attempt to discover VictoryLand's financial information, from 2003 to the present, is nothing more than an inappropriate fishing expedition into privileged, confidential information by a prospective competitor. "[T]he profits (or losses) of a business are generally of a confidential nature." *Corbett v. Free Press Ass'n*, 50 F.R.D. 179, 180 (D.Vt. 1970); *Uinta Oil Refining Co. v. Continental Oil Co.*, 36 FRAT 176, 182 (D. Utah, 1964). Plaintiffs' Request Number 15 seeks VictoryLand's financial statements, balance sheets, bank statements, profit reports and income and expense reports. The primary aim behind the creation of financial statements, balance sheets, and profit reports is to inform VictoryLand of profits or losses. A forensic accountant can also analyze bank statements by regression to determine VictoryLand's profits or losses. In fact, Plaintiffs expressly note that the "requested information will reveal the profitability of VictoryLand." (Motion to Compel (Doc. # 107) at pg. 5). Based on the nature of the documents and by Plaintiffs' own admission, the requested information relates to supposed profits and should be held confidential and privileged.

10.    To overcome this privilege, Plaintiffs must demonstrate that their need for the information is greater than Defendant's expectation of confidential and that the requested information is relevant. *Fed. R. Civ. P.* 26 (Comments to 1970 Amendments). In league with this balancing test, "[i]t is well established that discovery has limits and that these limits

6

grow more formidable as the showing of need decreases." *United Air Lines, Inc. v. United States*, 26 FRAT 213, 219 n.9 (D. Del. 1960). As part of Plaintiffs' RICO claims, Plaintiffs must prove a conspiracy. However, the assertion that VictoryLand's profits can somehow provide evidence of a conspiracy between VictoryLand and the Sheriff's lawyer which supposedly benefitted the Sheriff's lawyer's father is meritless. At best, the information will reveal VictoryLand either makes or loses money. *Ex parte Miltope Corp.*, 823 So.2d 640, 647 (Ala. 2001) (Lyons, J. concurring) (refusing to allow discovery of net profits to prove motive because it goes against the "axiomatic conclusion that businesses are operated to make a profit"). Evidence tending to show that VictoryLand is profitable is neither necessary nor is it relevant to Plaintiffs' conspiracy theory.

11.    Mr. McGregor should not be compelled to produce corporate financial documents to a potential competitor of VictoryLand when those documents are not relevant to any claim or defense and would likely result in competitive harm. *U.S. v. United Fruit Co.*, 410 F.2d 553, 556 (5th Cir. 1969)[2] (holding courts should "exercise their discretion to avoid unnecessary disclosure of [confidential] information, particularly where the action is between competitors"); *Duracell v. SW Consultants, Inc.*, 126 FRAT 576, 577 (N.D. Ga. 1989) (holding discovery is "not intended to forfeit a party's ability to compete effectively in the market by opening up tangentially relevant financial and marketing information to competitors"). Since Plaintiffs' need for the sought after information is not relevant to any issue or claim, there is no justification in "requiring defendant to show to its competitor (and

---

[2] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1208 (11th cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

presumably to other competitors represented by the same counsel) the analyses and supporting data concerning its entire business operations which have been prepared for the use of management." *Buscher v. United Shoe Machinery Corp.*, 23 FRAT 183, (S.D.N.Y. 1958) (holding on Plaintiffs' attempt to discover Defendant's financial information).[3]    Furthermore, in situations where parties request privileged materials, "[c]ourts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor." *Echostar Communications Corp. v. News Corp. Ltd.*, 180 FRAT 391, 395 (D.Colo. 1998). Therefore, Mr. McGregor should not be compelled to produce corporate financial documents to potential competitors of VictoryLand when the information requested will assist Plaintiffs and their Co-Plaintiff in business enterprises against VictoryLand.

### The Information Requested Constitutes Privileged Trade Secrets

12.    The financial information requested by Plaintiffs constitutes trade secrets and, as such, is considered privileged and confidential information. "Trade secrets should receive greater protection from discovery because they 'derive[] economic value from being generally unknown and not readily ascertainable by the public.'" *Ex Parte Miltope Corp.*, 823 So.2d at 645 (internal citations omitted).

---

[3] While not specifically enumerating this reason, it appears Plaintiffs seek this information to support their punitive damages claim. If this is Plaintiffs' reasoning, the request should be denied since the punitive damages relate to a state claim and financial information is undiscoverable "until after a verdict for punitive damages has been rendered." *Ala. Code* § 6-11-23(b)(1972) (as amended); *Hanners v. Balfour Guthrie, Inc.*, 589 So.2d 684 (Ala. 1991). Further, even if VictoryLand's financial information is sought for supposed Federal punitive damages, this information is likewise only discoverable after liability has attached to a Defendant. *Wilson v. Gillis Advertising Co.*, 145 F.R.D. 578, 582 (N.D. Ala. 1993) (noting that to not conflict with state and federal rules discovery of financial information will be postponed until after liability on all matters, federal and state, are determined).

13.    Federal courts look to state law in order to determine whether information

constitutes a trade secret. *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1158

(11th Cir. 2004); *Wheelabrator Corp. v. Fogle*, 438 F.2d 1226, 1226 (5th Cir. 1971); *see also*

*Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equipment Resource, Inc.*, 2004

WL 764174 *4 (E.D. La.)(deferring to state law in determining whether information

constituted trade secrets). Alabama law defines a trade secret as information that:

> a. Is used or intended for use in a trade or business;
>
> b. Is included or embodied in a formula, pattern, compilation, computer software, drawing, device, method, technique, or process;
>
> c. Is not publicly known and is not generally known in the trade or business of the person asserting that it is a trade secret;
>
> d. Cannot be readily ascertained or derived from publicly available information;
>
> e. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and
>
> f. Has significant economic value.

*Ala. Code* § 8-27-2(1)(a-f) (1972) (as amended).

14.    The Alabama Supreme Court has determined that financial statements, state

income tax returns, customer lists, and sales figures are considered trade secrets under

the Alabama Trade Secrets Act. *Ex parte Halsey*, 897 So.2d 1028, 1035 (Ala. 2004)

(holding that a customer price volume report, financial statements, tax returns, and sales

evaluations were entitled to protection as trade secrets under *Ala. Code* § 8-27-2). *See*

*also Ex Parte Miltope Corp.*, 823 So.2d 640, 643-45 (Ala. 2001)(granting petition for writ

of mandamus and holding that customer orders and minutes of meetings of corporation's

9

board of directors constituted trade secrets under *Ala. Code* § 8-27-2(1)); *Delucca v. GGL Industries, Inc.*, 712 So.2d 1186, 1187 (Crt. App. Fl. 1998) (finding a company's business documents, which included tax returns, documents reflecting income, and customer's names and addresses, constitute "trade secrets" under Florida law).

15.    The Plaintiffs in the instant case have requested the same type of information from Mr. McGregor in the form of VictoryLand's financial statements, balance sheets, bank statements, profit reports and income and expense reports that the Alabama Supreme Court has previously identified as trade secrets.  The requested financial records have significant economic value.  Clearly, these documents reveal confidential information relating to corporate revenues, profits, expenses, and which aspects of its operation have been most successful. The release of such information would certainly give potential competitors, such as Plaintiffs and Lucky Palace, a blueprint to compete against VictoryLand.  VictoryLand is a private, closely held corporation.  As a private, closely held corporation, VictoryLand's corporate financial information and profitability is not  publicly known and cannot be readily ascertained from publicly available information.  VictoryLand has also previously taken steps to prevent the disclosure of the requested financial information by objecting to a subpoena issued by the Plaintiffs to VictoryLand for this same information before the Plaintiffs added VictoryLand as a party to the instant action. Therefore, this Court should follow Alabama law and find that VictoryLand's corporate financial records are trade secrets.

16.    Moreover, Plaintiffs have failed to demonstrate any relevance or need for the information requested.  Since Plaintiffs and Co-Plaintiff are potential competitors of

10

VictoryLand, the requested trade secrets are due heightened protection. *See Cmedia, LLC v. Lifekey Healthcare, LLC*, 216 FRAT 387, 391 (N.D. Tex. 2003) (noting affidavit that stated "information concerning terms of contracts and advertising rates would provide business advantage to competitors . . . and that disclosure of that information to . . . a competitor would damage [third party's] ability to compete" satisfied "burden to show that the information is a trade secret and that its disclosure would be harmful"). Based on these factors, the potential harm inherent in VictoryLand's disclosure of trade secrets far outweighs Plaintiffs' extremely limited need. *Echostar Communications Corp. v. The News Corp. Ltd.*, 180 FRAT at 395 ("[The potential harm which would occur from disclosure of [trade secrets that include revenue projections, price forecasts, pricing options, evaluations of proposed capital structures and analyses] far outweighs [Plaintiffs'] stated needs for it.").

## The Requested Information is Not Relevant

17.    Even if this court were to determine that the requested information is not privileged, VictoryLand's financial information is not relevant to any of Plaintiffs' underlying claims. *Fed. R. Civ. P.* 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."). "Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.*, 75 FRAT 3, 5 (S.D. Ohio 1977); *Henderson v. Zurn Industries, Inc.*, 131 FRAT 560, 562 (S.D. Ind. 1990); *Bogosian v. Gulf Oil Corp*, 337 F.Supp. 1228 (E.D. Pa. 1971). "[A] district court can deny a motion to compel further discovery if it concludes that

11

the questions are irrelevant." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir.1984).

18.    In their Motion to Compel, Plaintiffs argue that: (1) "the requested financial information is relevant to the profitability of VictoryLand" because it will show "defendants 'reached an understanding to violate [Plaintiffs] rights'"; (2) "because the requested financial information will reveal the profitability of VictoryLand, it will also be useful to prove Fred Gray, Jr.'s motive for accepting the alleged bribes and facilitating the alleged conspiracy"; and (3) "the requested financial information is relevant to establishing the market for electronic bingo in Macon County." (Motion to Compel (Doc. # 107) at pg. 5-6). All three of Plaintiffs' arguments lack merit and their Motion to Compel is due to be denied.

19.    First, Plaintiffs argue that the profitability of VictoryLand will help establish a prima facie case of conspiracy between the Defendants because the profits are evidence of an agreement between the Defendants and an agreement may be inferred when parties share a common motive. Inevitably, a corporation's financial information will be relevant to prove or disprove profitability. However, VictoryLand's profitability does not provide evidence of financial motive because it is an "axiomatic conclusion that businesses are operated to make a profit." *Ex parte Miltope Corp.*, 823 So.2d at 647 (Hardwood, J. concurring)(refusing to allow discovery of net profits to prove motive); *cf. U.S. v. MWI Corp.*, 238 FRAT 321, 325 (D.C.D.C. 2006) (noting unjust enrichment claims involved no element of financial motive); *cf Crawford Broadcasting Co. v. Fine*, 904 So.2d 221, 225 (Ala. 2004) (ruling in a similar claim involving defamation that information concerning defendants' compensation was in no way relevant to proving "actual malice" and finding

12

the request constituted harassment). Also, it is inconceivable how VictoryLand's financial information from 2003 to the present could somehow provide evidence of an alleged conspiracy entered into before November 2003, long before the results of any bingo operation would have been known. Accordingly, Plaintiffs do not need VictoryLand's financial documents simply to prove that VictoryLand sought to make a profit or that it did in fact make a profit.

Furthermore, VictoryLand's financial documents are not relevant to Plaintiffs' conspiracy claim. As Plaintiffs correctly state, they must show some evidence of an agreement *between the Defendants* to violate the rights of the Plaintiffs in order to establish a prima facie case of conspiracy. (Motion to Compel (Doc. 107) at pg. 5.) However, the profitability of VictoryLand would not provide evidence of an agreement *between the Defendants* because Plaintiffs do not allege that Sheriff Warren received any benefit or entered into any agreement with VictoryLand and Mr. McGregor. Instead, Plaintiffs make the strained argument that it is Sheriff Warren's *lawyer,* not the Sheriff himself, that shares a common motive of profitability with VictoryLand and Mr. McGregor because the father of the Sheriff's lawyer might receive some benefit. Therefore, evidence regarding whether or not VictoryLand was profitable would not provide any information relevant to an alleged agreement between the named Defendants because Plaintiffs do not even allege that one existed.

20.    Plaintiffs' second argument is that "because the requested financial information will reveal the profitability of VictoryLand, it will also be useful to prove Fred Gray, Jr.'s motive for accepting the alleged bribes and facilitating the alleged conspiracy." (Motion to Compel (Doc. # 107) at pg. 6.) Plaintiffs make the illogical leap that they expect

13

the requested financial documents will show that the profitability of electronic bingo has benefitted Fred Gray, Jr.'s father and that any financial benefit to the father would be valuable to the son.[4]   Due to the speculative nature of Plaintiffs' RICO claims involving Fred Gray, Jr. the production of VictoryLand's financial records should be denied as irrelevant. *PMC, Inc. v. Ferro Corp.*, 131 FRAT 184, 187 (C.D.Cal. 1990) (finding that since it is likely a party in a RICO action will "attempt to use discovery as a 'fishing expedition'" there must be "some basis in fact for seeking discovery of matters unrelated to its allegations"). Here, like in *PMC, Inc.*, the Plaintiffs "now claim license for broad discovery of documents and transactions having nothing whatsoever to do with the underlying RICO claim." *PMC, Inc.*, 131 FRAT at 187. Since Plaintiffs failed to make a factual showing underlying their RICO claims and because the information requested lacks a logical connection with the RICO claim, discovery of VictoryLand's financial information is due to be denied.

21.   Finally, Plaintiffs claim that the requested information is relevant to establish the market for bingo in Macon County to support their tortious interference claims. (Motion to Compel (Doc. # 107) at Pg. 6.) Plaintiffs' Motion to Compel was brought only on behalf of Plaintiff Charities. Plaintiffs admit in their Third Amended Complaint that the Charities have already entered into contracts with Co-Plaintiff Lucky Palace whereby the Charities

---

[4]It is well-settled law in Alabama that "one cannot be an heir during the lifetime of the person from whom one stands to inherit." *Wright v. Wood*, 582 So. 2d 454 (Ala. 1991). A child has nothing more than a mere expectancy in the estate of living parent. *Fuller v. Nichols*, 121 So. 52 (Ala. 1929). Therefore, the notion that any benefit his father might receive as a stockholder in VictoryLand constituted a bribe of Fred Gray, Jr. or provided Fred Gray, Jr. with a motive to enter into a conspiracy is specious and contrary to Alabama law.

are to receive"fixed semi-annual payments of $21,000." (3rd Am. Comp. (Doc. # 67 ) ¶ 52.)
The profitability of VictoryLand will not affect the Charities' right to collect a fixed semi-
annual payment of $21,000. In fact, Lucky Palace's agreement to pay Charities the fixed
sum along with the fact Lucky Palace has allegedly secured real property, hired an
architect, contracted with an engineer, and contracted management for the proposed
facility[5] demonstrates that Plaintiffs have researched the issue of damages and profitability
without needing to rely upon any financial information from VictoryLand. Indeed, Plaintiff
Lucky Palace admits in its Initial Disclosures served on July 11, 2007 that it has calculated
the alleged damages for the Plaintiff Charities and has constructed a damages model
which it has thus far refused to produce.[6] This suggests that the proffered reasons are

---

[5] 3rd Amend. Compl. (Doc. # 67) ¶ 107.

[6]**RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(C):**

The Plaintiffs specifically reserve the right to supplement their computation
based upon evidence discovered in this case. If this case is tried in June
2008, the Plaintiff Charities will each have suffered actual damages in the
amount of $42,000 per year for three years for a total of $126,000. The total
actual damages for all seventeen of the Plaintiff Charities for the three year
period are $2,142,000. Under the Racketeer Influenced and Corrupt
Organizations Act, the Plaintiff Charities are entitled to treble damages, for
a total of $6,426,000. If this case is tried in June 2008, Plaintiff Lucky Palace
will have suffered actual damages in the amount of $136,227,000, which
represents the projected cumulative net income for the first three years of its
operation. Under RICO, Plaintiff Lucky Palace is entitled to treble damages,
for a total of $408,681,000 The Plaintiffs specifically reserve the right to
supplement their production if additional documents are discovered. To the
extent that they can be identified, only non-privileged responsive documents
will be produced. These documents, which are maintained by counsel for 17
the Plaintiffs, are Bates Numbered as PTF 00001, etc., and include the
Bingo Operations and Lease Agreements between the Plaintiff Charities and
Plaintiff Lucky Palace and addenda thereto. These documents also include
an electronic spreadsheet entitled "Lucky Palace Model.xls," which is

15

merely a pretext to burden, harass, and embarrass Defendant.  Such a request is clearly

disallowed and sanctionable under the *Federal Rules of Civil Procedure*. Fed. R. Civ. Proc.

Rule 26.  While the scope of Rule 26 is admittedly broad, there is a limit. "[P]arties should

not be permitted to roam in shadow zones of relevancy and to explore matter which does

not presently appear germane on the theory that it might conceivably become so." *Surety*

*Association of America v. Republic Insurance Co.*, 388 F.2d 412, 414 (2d Cir. 1967).

Consequently, Plaintiffs' Motion to Compel production of VictoryLand's financial records

is due to be denied.

### A Protective Order is Not Sufficient to Protect VictoryLand From Harm Which May Be Caused By Disclosure

22.    Finally, Plaintiffs' contention that "[a]ny concerns over privacy and disclosure

of commercial information is alleviated due to the protective order granted on September

20, 2007" is also due to be rejected. (Motion to Compel (Doc. # 107) at pg. 6.) While

protective orders can minimize the likelihood of a party divulging sensitive or privileged

information, they will not eliminate the possibility that information will be divulged or used

for improper purposes. *See Carbide v. Free Press Association, Inc.*, 50 FRAT 179, 181 (D.

Vt. 1970) ("While such [a protective order] certainly lessens the danger of sensitive

information falling into the hands of an unauthorized person, it does not eliminate such a

danger."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) (holding protective

orders are subject to modification or being rescinded at any time); *Poliquin v. Garden Way,*

---

maintained by counsel for the Plaintiffs.

*Inc.*, 989 F.2d 527, 535 (1st Cir.1993) (holding same); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990), *cert. denied*, 498 U.S. 1073 (1991).

23.    Plaintiffs and their Co-Plaintiff seek to compete with Defendant VictoryLand. Once Plaintiffs gain access to VictoryLand's financial information, the harm has occurred since Plaintiffs are the individuals most likely to use and profit from this information. *Ex parte Miltope*, 823 So.2d at 644 (finding a protective order ineffective when a competitor is granted expansive discovery of parties sensitive business information since the court has no system of monitoring the competitor's use of the information).

24.    Also, there is evidence that the Plaintiffs are already in league with other competitors. First, the Plaintiffs in the instant case and the Plaintiffs in *Macon County Investments, Inc. v. Sheriff David Warren, U.S. District Court, Middle District of Alabama, Civil Action No.:* 3:06-cv-224-WKW have used the same counsel. (*See* Sheriff David Warren's Memorandum Brief in Support of Motion for Summary Judgment (Doc. # 60) at pg. 27 of 64 and Exhibit 2 attached hereto at pg. 15.) Second, the Plaintiffs and another potential competitor, Southeast Gaming Opportunities, Inc. sponsored an advertising campaign to gain public support for their effort to operate a bingo facility and arguably to apply pressure to Sheriff Warren. (*See* Macon County Greyhound park, Inc.'s Reply Brief in Support of Motion to Dismiss (Doc. # 88-2).)

25.    Even if Plaintiffs received the financial information in good faith and did not disclose its contents to other potential competitors, the disclosed financial information will inform all future decisions made by Plaintiffs in regard to business enterprises in connection to or in competition with VictoryLand. As such, no protective order will un-ring

17

this bell. *See Ex parte Miltope Corp.*, 823 So.2d at 645. Since Plaintiffs have shown no need for VictoryLand's information, and Mr. McGregor has shown both that the documents sought are not relevant and a need for protection, this Court should act affirmatively to protect VictoryLand's private, confidential, and privileged financial information.

## Conclusion

26.    Based on applicable standards of this circuit and for the foregoing reasons, Plaintiffs' Motion to Compel Production of Documents and Things is due to be denied.

Respectfully submitted,

s/John M. Bolton, III
s/Charlanna W. Spencer

Attorneys for Defendant,
Milton McGregor

John M. Bolton, III (ASB-0999-N68J)
Charlanna W. Spencer (ASB-6860-R62C)
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email:  jbolton@sasserlawfirm.com
        cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
J. Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
George L. Beck, Jr., Esq.
James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/John M. Bolton, III
OF COUNSEL

19

EXHIBIT "1"

ROBERT E. SASSER
JOHN M. BOLTON, III
PATRICK L.W. SEFTON

†also admitted in Georgia

# SASSER · BOLTON
## & SEFTON

JOEL CONNALLY
CHARLANNA W. SPENCER
R. BRIAN TIPTON†

Of Counsel:
JEFF KOHN
DOROTHY WELLS LITTLETON

*Writer's direct dial number:*
(334) 532-3401
*Writer's direct e-mail address:*
cspencer@sasserlawfirm.com

July 23, 2007

**VIA/FACSIMILE & FIRST CLASS MAIL**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203

> Re:   ***Hope for Families, et al. v. Sheriff David Warren***
> ***U.S. District Court, Middle District of Alabama***
> ***Civil Action No.: 3:06-cv-1113-WKW***

Dear Messrs. Spotswood and Sansbury:

Please allow this letter to serve as a confirmation of our telephone conference on July 6, 2007 for the purposes of meeting and conferring about the Plaintiffs' Request for Production to Milton McGregor ("Defendant") dated May 14, 2007. Without waiving Mr. McGregor's right to object further to the Request for Production, and without prejudice to his right to conduct further investigation and discovery of Plaintiffs' claims, it is our understanding that you have limited the Request for Production as set forth below. We have agreed to review the Request for Production in light of those limitations and evaluate whether this Defendant has any non-privileged responsive documents. If your understanding of any of these items differs, please let us know.

As an initial matter, one of our overriding concerns with regards to all of the Plaintiffs' requests is that Plaintiffs have defined "you", "your", and "Mr. McGregor" to mean Mr. McGregor personally and any employee, agent, or representative. Plaintiffs have also stated that their requests apply "not only to documents directly in the possession of Mr. McGregor but also documents in the possession of others as to which Mr. McGregor has access, including but not limited to documentation in the possession of any of Mr. McGregor's employees, accountants, attorneys, and relatives." (Request at ¶ 4.) This Defendant objects generally to all requests which require him to produce documents in the

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 2

possession of his attorneys. This Defendant also objects generally to any request which seeks to require him to obtain documents which are not in his personal possession or direct control in his individual capacity.

Next, even with the limitations proposed by Plaintiffs, many of the requests are still vague and confusing. Finally, in those questions regarding "benefits," you have stated that "benefits" should be read to include cash payments, air travel, campaign contributions, privileges at VictoryLand, parties in the Sheriff's honor, payment of debts, and helping out family members. Plaintiffs argue that the definition of "benefits" should be construed so broadly because they are searching for Sheriff Warren's ostensible motive for entering into the alleged conspiracy.

1.      Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments thereto.

**The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007. Plaintiffs have also agreed that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by VictoryLand.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any additional non-objectionable responsive documents, to the extent they exist.**

2.      Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama including but not limited to all documents discussing the reasoning behind the creation and adoption of any and all provisions of the bingo regulations.

**The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007. Plaintiffs have also agreed that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by VictoryLand.**

**This Defendant renews his objections to this request on the basis that it is**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 3

vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any additional non-objectionable responsive documents, to the extent they exist.

3.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007. Plaintiffs have also agreed that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by VictoryLand.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

4.    Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

The Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007. Plaintiffs also propose that this Defendant need not produce any documents that have been produced by Sheriff Warren or that will be produced by VictoryLand.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any additional non-objectionable responsive documents, to the extent they exist.

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 4

    5.     Please produce any and all documents in your possession or control that refer or relate to Sheriff Warren.

> **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Sheriff Warren by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.**

> **This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

    6.     Please produce any and all documents in your possession or control that contain any communication between you and Sheriff Warren.

> **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Sheriff Warren by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.**

> **This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

    7.     Please produce any and all documents in your possession or control that refer relate to Pebblin W. Warren.

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 5

The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Pebblin Warren by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant states that he has no responsive documents in his possession.

8.    Please produce any and all documents in your possession or control that contain any communication between you and Pebblin W. Warren.

The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on Pebblin Warren by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 1995 to March 2, 2007, while this Defendant proposed to limit the applicable time period from January 1, 2003 to March 2, 2007.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

9.    Please produce any and all documents in your possession or control that refer or relate to J.B. Walker.

The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo. The Plaintiffs also propose to limit this request to documents which relate to benefits bestowed on J.B. Walker by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 6

time period from January 1, 1995 to March 2, 2007, while this Defendant
proposed to limit the applicable time period from January 1, 2003 to March 2,
2007.

This Defendant renews his objections to this request on the basis that it is
vague, confusing, overly broad, unduly burdensome, and oppressive. This
request is not reasonably calculated to lead to the discovery of relevant
information or admissible evidence. Without waiving the foregoing
objections, this Defendant will review his records in light of the proposed
limitations and produce any non-objectionable responsive documents, to the
extent they exist.

10.    Please produce any and all documents in your possession or control that
contain any communication between you and J.B. Walker.

The Plaintiffs propose to limit this request to documents relating exclusively
to electronic bingo. The Plaintiffs also propose to limit this request to
documents which relate to benefits bestowed on J.B. Walker by this
Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable
time period from January 1, 1995 to March 2, 2007, while this Defendant
proposed to limit the applicable time period from January 1, 2003 to March 2,
2007.

This Defendant renews his objections to this request on the basis that it is
vague, confusing, overly broad, unduly burdensome, and oppressive. This
request is not reasonably calculated to lead to the discovery of relevant
information or admissible evidence. Without waiving the foregoing
objections, this Defendant will review his records in light of the proposed
limitations and produce any non-objectionable responsive documents, to the
extent they exist.

11.    Please produce any and all documents in your possession or control that
contain any communication between you and Fred Gray or Fred Gray, Jr. relating to the
licensing of bingo in Macon County, Alabama.

The Plaintiffs propose to limit this request to documents relating exclusively
to electronic bingo and to limit the applicable time period from January 1,
2003 to March 2, 2007.

This Defendant is reviewing his objections to this request based upon the
limitations proposed by Plaintiffs and will inform the Plaintiffs of his position

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 7

**with regards to assertion of attorney-client privilege, work product doctrine, and Rule 1.6 confidentiality.**

12.    Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray, Fred D. Gray, Jr. or any of their partners and associates, relating to the licensing of bingo in Macon County, Alabama from January 1, 2003, until January 6, 2005.

**This Defendant is reviewing his objections to this request and will inform the Plaintiffs of his position with regards to assertion of attorney-client privilege, work product doctrine, and Rule 1.6 confidentiality.**

13.    Please produce any and all documents in your possession or control that reflect or relate to any investment of Sheriff Warren, Pebblin W. Warren, J.B. Walker, Fred Gray, Fred Gray, Jr. or any other of their relatives in VictoryLand.

**The Plaintiffs propose to limit this request to documents relating exclusively to the investment by or ownership interest of Fred Gray. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is also not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Furthermore, this request seeks personal, private, and confidential information, the disclosure of which would amount to an invasion of privacy.**

14.    Please produce any and all documents in your possession or control that reflect or relate in any way, either directly or indirectly, to the ownership and operation of VictoryLand, including but not limited to the corporate status of VictoryLand and the identity of all investors in VictoryLand.

**The Plaintiffs propose to limit this request to documents relating exclusively to the investment by or ownership interest of Fred Gray. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 8

**vague, confusing, overly broad, unduly burdensome, and oppressive. This request is also not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Furthermore, this request seeks personal, private, and confidential information, the disclosure of which would amount to an invasion of privacy.**

15.    Please produce any and all documents in your possession or control that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense reports for the time period January 1, 2003 to the present date.

**The Defendant renews his objection to this request on the basis that it seeks personal, private, and confidential information, the disclosure of which would amount to an invasion of privacy. In addition, Defendant objects to this request on the grounds that it is vague, unclear, overly broad, unduly burdensome, immaterial, and irrelevant to any issue in this litigation. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks commercial, proprietary and competitive information by a prospective competitor.**

16.    Please produce any and all documents in your possession or control that reflect or relate to monies paid to the investors in VictoryLand by VictoryLand and its officers, directors, shareholders, employees, representatives, accountants, attorneys or agents since January 1, 2003.

**The Plaintiffs propose to limit this request to documents relating exclusively to monies paid by VictoryLand to Fred Gray and members of the Gray Law Firm. Plaintiffs propose to include in this request any monies paid to any attorneys in the Gray Law Firm for any matter.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is also not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Furthermore, this request seeks personal, private, and confidential information, the disclosure of which would amount to an invasion of privacy. Finally, this request seeks information protected by the attorney-client privilege, work-product doctrine, and/or confidentiality.**

**This Defendant is reviewing his objections to this request and will inform the Plaintiffs of his position with regards to assertion of attorney-client privilege, work product doctrine, and Rule 1.6 confidentiality.**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 9

17.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to the charities that have contracted with VictoryLand.

**The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.    Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

18.    Please produce any and all documents in your possession or control that refer or relate to bingo licenses issued to any charity that has contracted with VictoryLand.

**The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence.    Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

19.    Please produce any and all documents in your possession or control that refer or relate to communications between you and charities in Macon County, Alabama, that are not under contract with VictoryLand.

**The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo and to limit the applicable time period from January 1, 2003 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 10

> **request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

20.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

> **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

> **With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.**

> **This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

21.    Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

> **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

> **With regards to Lucky Palace, LLC, Plaintiffs state that the request should**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 11

relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

22.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc. and/or their attorney(s), employers, employees, agents, representatives, or relatives.

The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.

With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

23.    Please produce any and all documents in your possession or control that contain any communication between you or Sheriff Warren and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives,

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 12

specifically regarding Plaintiffs' applications for bingo licenses.

> **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

> **With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.**

> **This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

    24.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

> **The Plaintiffs propose to limit this request to documents relating exclusively to electronic bingo with regards to the Plaintiff Charities. Plaintiffs also propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

> **With regards to Lucky Palace, LLC, Plaintiffs state that the request should relate to LLC rather than Lucky Palace, Inc. as identified in the request. Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007, and the scope of documents to those relating to Lucky Palace, LLC, Paul Bracy, Marcus Taylor, Dwight Washington, and relatives of those individuals that are known to this Defendant.**

> **This Defendant renews his objections to this request on the basis that it is**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 13

vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

25.    Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Sheriff Warren, Fred D. Gray, Fred D. Gray, Jr., Pebblin W. Warren or J.B. Walker or any corporation in which any of those individuals are a shareholder, director or officer.

The Plaintiffs propose to exclude any documents related to VictoryLand. To the extent the request applies to Jefferson County Racing Association, Inc., Plaintiffs only seek documents related to Fred Gray.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is also not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Furthermore, this request seeks personal, private, and confidential information, the disclosure of which would amount to an invasion of privacy.

26.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you or any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs also propose to limit the applicable time period from January 1, 1995 to March 2, 2007.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 14

      **information or admissible evidence. Moreover, any documents related to a political contribution or contribution to a political action committee is a matter of public record and is equally available to Plaintiffs. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

      27.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

      **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs also propose to limit the applicable time period from January 1, 1995 to March 2, 2007.**

      **This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, any documents related to a political contribution or contribution to a political action committee is a matter of public record and is equally available to Plaintiffs. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

      28.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Sheriff Warren, Pebblin W. Warren or J.B. Walker, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

      **The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs also**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 15

propose to limit the applicable time period from January 1, 1995 to March 2, 2007.

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, any documents related to a political contribution or contribution to a political action committee is a matter of public record and is equally available to Plaintiffs. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

29.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007. We also understood that you intended to limit this request to legal fees paid by "other entities" besides VictoryLand to the Gray Law Firm, however your letter contains no such limitation. Please advise us how you intend to proceed so that we can adequately respond to this request.**

30.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any corporation in which you are an officer, director, shareholder, or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs initially**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 16

**proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007. We also understood that you intended to limit this request to legal fees paid by "other entities" besides VictoryLand to the Gray Law Firm, however your letter contains no such limitation. Please advise us how you intend to proceed so that we can adequately respond to this request.**

31.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by any business in which you are the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, to Fred D. Gray, or any of his relatives, partners or associates, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**The Plaintiffs propose to limit this request to documents which relate to benefits bestowed by this Defendant or at his direction. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007. We also understood that you intended to limit this request to legal fees paid by "other entities" besides VictoryLand to the Gray Law Firm, however your letter contains no such limitation. Please advise us how you intend to proceed so that we can adequately respond to this request.**

32.    Please produce any and all documents in your possession or control that refer or relate in any way to any benefit given by you, any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, to any charity in Macon County, Alabama, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**The Plaintiffs propose to limit this request to documents which relate exclusively to electronic bingo. Plaintiffs also propose to limit the request to benefits bestowed by this Defendant or at his direction. Finally, Plaintiffs propose to limit the applicable time period from January 1, 2003 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 17

information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

33.    Please produce any and all documents constituting, evidencing, or reflecting any complaint, formal, or legal, that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any matter before any professional association, government regulatory body or court of law or equity.

The Plaintiffs propose to limit this request to documents which relate exclusively to formal complaints regarding electronic bingo. Plaintiffs also propose to limit the request to the time period from January 1, 2003 to March 2, 2007. Plaintiffs propose to exclude all matters relating to labor issues or workers compensation.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

34.    Please produce any and all documents that reflect or relate to campaign contributions made to any of Sheriff Warren's campaigns or any campaigns by Pebblin W. Warren, including, but not limited to, any documents related to the payment of campaign debts.

The Plaintiffs propose to limit this request to contributions made by this Defendant or at his request.

This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Moreover, any documents related to a political contribution or contribution to a political action committee is a matter of public record and is equally available to Plaintiffs. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 18

35.    Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

**The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

36.    Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

**The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

37.    Please produce any and all documents in your possession or control that reflect or relate to HB 527, a bill submitted by Marcel Black in the Alabama House of Representatives.

**The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.**

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 19

> This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

38.    Please produce any and all documents in your possession or control that reflect or relate to SB 92 and SB 390, two bills submitted by Myron Penn in the Alabama Senate.

> The Plaintiffs propose to limit this request to the time period from January 1, 2003 to March 2, 2007.

> This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

39.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Sheriff Warren, any of his relatives or employees of the Macon County Sheriff's Department on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

> The Plaintiffs propose to limit this request to documents related to flights taken by Sheriff Warren, Pebblin Warren, J.B. Walker, and Tommy Miller.

> This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, this request seeks information which is protected by the Noerr-Pennington doctrine. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 20

40.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Pebblin W. Warren, any of her relatives, employees or legislative staff members on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**The Plaintiffs propose to limit this request to documents related to flights taken by Sheriff Warren, Pebblin Warren, J.B. Walker, and Tommy Miller.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidenceWithout waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents, to the extent they exist.**

41.    Please produce any and all documents in your possession or control that refer or relate to flights taken by Fred D. Gray, any of his relatives, partners or associates on any aircraft owned, leased, or operated by you, including but not limited to flight logs, passenger manifests, and any other records.

**The Plaintiffs propose to limit this request to documents related to flights taken by Fred Gray and Fred Gray, Jr. Plaintiffs initially proposed to limit the time period from January 1, 2003 to March 2, 2007. Plaintiffs now propose to limit the applicable time period from January 1, 2001 to March 2, 2007.**

**This Defendant renews his objections to this request on the basis that it is vague, confusing, overly broad, unduly burdensome, and oppressive. This request is not reasonably calculated to lead to the discovery of relevant information or admissible evidence. Finally, to the extent that this request seeks information related to Fred Gray, Defendant renews its objection on the grounds that it seeks information protected by the attorney-client privilege, the work-product doctrine, and seeks information which is confidential. Without waiving the foregoing objections, this Defendant will review his records in light of the proposed limitations and produce any non-objectionable responsive documents with regards to Fred D. Gray, Jr., to the extent they exist.**

42.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your defense in this case.

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
July 23, 2007
Page 21

**The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

43.    To the extent not embraced by any of the preceding requests, please produce any and all documents in your possession that you believe prove any of the affirmative defenses that you may assert in this case.

**The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

44.    Please produce any and all documents that you intend or may intend to introduce in evidence at trial of this case.

**The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

45.    Please produce any and all documents constituting, evidencing, or reflecting testimony that you have given under oath in any proceeding and any exhibits thereto.

**The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

46.    To the extent not previously requested, please produce any and all documents that relate in any way to the alleged events that form the basis for your defense in this lawsuit.

**The Plaintiffs have agreed that this request will be dealt with in the normal course of discovery and pursuant to the Court's scheduling order.**

Once you have had an opportunity to review these responses, please let me know if our understanding of the limitations differs from your recollection.

Sincerely,

SASSER, BOLTON & SEFTON, P.C.

Charlanna W. Spencer

CWS/lwb
cc:    John M. Bolton, III, Esq.

EXHIBIT "2"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' RULE 26 DISCLOSURES**

**PRELIMINARY STATEMENT**

The Plaintiffs have not completed the investigation of all the facts of this case, or discovery in, or analysis of this matter, and have not completed preparation for trial. Accordingly, this disclosure statement is provided pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court without prejudice to the Plaintiffs' rights to introduce at trial any evidence that is subsequently discovered relating to proof of presently known facts, and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents and things now known may be imperfectly understood and, accordingly, such facts, documents, and things may not be included in the following statement. The Plaintiffs reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents and things notwithstanding the initial statements herein. The Plaintiffs further reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the

time of trial any and all facts, documents and things which it does not presently recall, but may recall at some time in the future.

The Plaintiffs object to the disclosure of information that is protected by the attorney-client privilege, the work product doctrine or any other applicable privilege. To the extent that the Plaintiffs inadvertently disclose information that may be protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

The information set forth below is provided without in any manner waiving (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any requests involving or relative to the subject matter of the responses herein; and (3) the right to revise, correct, supplement or clarify any of the responses provided below, at any time. The Plaintiffs specifically reserve the right to supplement their responses herein in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

**INITIAL DISCLOSURE NO. 26(a)(1)(A): The name and, if known, the address and telephone number of each individual likely to have discoverable information that the Plaintiffs may use to support their claims, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(A):** The Plaintiffs object to any ex parte contact by the Defendants or Defendants' counsel of any designated individuals affiliated with the Plaintiffs. The Plaintiffs also object to providing the address and telephone numbers of such affiliates. All affiliates of the Plaintiffs may be contacted through the

undersigned counsel for the Plaintiffs. Without waiving said objections, the following persons may possess knowledge of the facts alleged in the Third Amended Complaint and the issues in dispute in this lawsuit:

**Affiliates of the Plaintiffs:**

**Lula Bridges** has knowledge of the Application for Bingo License submitted by Hope for Families & Community Services, Inc.

**Carrie Calloway** has knowledge of the Application for Bingo License submitted by Beulah Missionary Baptist Church.

**Patricia Robinson-Rahim** has knowledge of the Application for Bingo License submitted by E.D. Nixon Apartments, Inc.

**Lawrence McRae** has knowledge of the Application for Bingo License submitted by McRae Prostate Cancer Awareness Foundation.

**Eric Austin** has knowledge of the Application for Bingo License submitted by Milstead Community Center, Inc.

**Jerry Clinkscales** has knowledge of the Application for Bingo License submitted by NCO Nile Club.

**George Johnson** has knowledge of the Application for Bingo License submitted by New Elam Missionary Baptist Church.

**Aleshia Sue Porter McKee** has knowledge of the Application for Bingo License submitted by Notasulga High School PTSA.

**Ron Perry Jr.** has knowledge of the Application for Bingo License submitted by Shorter Community Development, Inc.

3

**Harold Powell** has knowledge of the Application for Bingo License submitted by Shorter Lodge # 533.

**Jimmy Ellis** has knowledge of the Application for Bingo License submitted by Shorter Volunteer Fire Department.

**Winston Walker** has knowledge of the Application for Bingo License submitted by Sojourner Truth Chapter #265 OES.

**Wynderlyn Jeter** has knowledge of the Application for Bingo License submitted by Sweet Gum AME Zion Church.

**Amos Harris** has knowledge of the Application for Bingo License submitted by Tabernacle Baptist Church.

**Doris Overton** has knowledge of the Application for Bingo License submitted by Tubman Gardens, Inc.

**Magdalene K. Patton** has knowledge of the Application for Bingo License submitted by Tuskegee Macon County Community Foundation, Inc.

**Willie Burnett** has knowledge of the Application for Bingo License submitted by Tuskegee National Alumni Association.

**Paul Bracy Jr.** has detailed knowledge concerning the communications between Lucky Palace, LLC, and Sheriff Warren.  Mr. Bracy also has detailed knowledge concerning his communications with Defendants Milton McGregor and Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven (hereinafter "VictoryLand").  Mr. Bracy also has knowledge concerning the operation and profitability of electronic bingo at Lucky Palace's proposed facility.  Mr. Bracy's address is 4419 Evangel Circle, Huntsville, Alabama 35816, and his telephone number is (256) 830-0760.

4

**Dwight Washington** has knowledge concerning the communications between Lucky Palace, LLC, and Sheriff Warren. Mr. Washington also has knowledge concerning the operation and profitability of electronic bingo at Lucky Palace's proposed facility. Mr. Washington's address is 4419 Evangel Circle, Huntsville, Alabama 35816, and his telephone number is (256) 830-0760.

**Marcus Taylor** has knowledge concerning the communications between Lucky Palace, LLC, and Sheriff Warren. Mr. Taylor also has knowledge concerning the communications between Lucky Palace, LLC, its representatives, and Defendants McGregor and VictoryLand. Mr. Taylor also has knowledge concerning the operation and profitability of electronic bingo at Lucky Palace's proposed facility. Mr. Taylor's address is 4419 Evangel Circle, Huntsville, Alabama 35816, and his telephone number is (256) 830-0760.

**Non-Affiliates:**

**Sheriff David Warren** – The Plaintiffs assume that Defendant Warren has detailed knowledge concerning the promulgation and amendment of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and any applications for bingo licenses submitted in accordance with the Rules and Regulations. Defendant Warren will also have knowledge of his communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. The Plaintiffs believe that Defendant Warren's address is 246 County Road 10, Tuskegee, Alabama 36083, and that his telephone number is (334) 724-0669.

**Pebblin W. Warren** – The Plaintiffs assume that Pebblin W. Warren has detailed knowledge concerning the drafting and submission of HB 17 in 2005 and the events surrounding

the same. Ms. Warren may also have knowledge of Defendant Warren's communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. The Plaintiffs believe that Ms. Warren's address is Room 520, 11 S. Union Street, Montgomery, Alabama 36130, and that her telephone number is (334) 242-7734.

**Milton McGregor** – The Plaintiffs believe that Defendant McGregor has detailed knowledge concerning the promulgation and amendment of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and many applications for bingo licenses submitted in accordance with those Rules and Regulations. Defendant McGregor will also have knowledge of Defendant Warren's communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Defendant McGregor will also have knowledge of Fred Gray Jr.'s communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Defendant McGregor will also have knowledge of his communications with Lucky Palace, LLC, and its representatives. Defendant McGregor will also have financial information concerning VictoryLand. The Plaintiffs believe that Defendant McGregor's address is 400 South Union St., Ste. 415, Montgomery, Alabama 36104, and that his telephone number is (334) 727-0540.

**Fred D. Gray** - The Plaintiffs believe that Fred Gray has knowledge of the Application for Bingo License submitted by the Tuskegee Human and Civil Rights Multicultural Center and the Class B Bingo License that it received. Mr. Gray will also have knowledge of Defendant Warren's communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Mr. Gray will also have knowledge of Fred Gray Jr.'s communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Mr. Gray will also have knowledge of his ownership interest in Defendant

6

VictoryLand, and any other benefits that he may have received from Defendants VictoryLand and Milton McGregor. The Plaintiffs believe that Mr. Gray's address is 118 North Maple Street, Tuskegee, Alabama 36083.

**Fred D. Gray Jr.** - The Plaintiffs believe that Fred Gray Jr. has detailed knowledge concerning the promulgation and amendment of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and applications for bingo licenses submitted in accordance with those Rules and Regulations. Mr. Gray will also have knowledge of Defendant Warren's communications with Defendants McGregor and VictoryLand regarding the promulgation and amendment of the Rules and Regulations. Mr. Gray will also have knowledge of any benefits that he may have received from Defendants VictoryLand and McGregor and of the influence such benefits had on his advice to Defendant Warren concerning the Rules and Regulations. The Plaintiffs believe that Mr. Gray's address is 108 Eastside Street, Tuskegee, Alabama 36083-1701.

**Myron C. Penn** – The Plaintiffs assume that Myron Penn has detailed knowledge concerning the drafting and submission of SB 92 and SB 390 in 2007 and the events surrounding the same. The Plaintiffs believe that Mr. Penn's address is Room 731, 11 S. Union Street, Montgomery, Alabama 36130, and that his telephone number is (334) 242-7868.

**Marcel Black** - The Plaintiffs assume that Marcel Black has detailed knowledge concerning the drafting and submission of HB 527 in 2007 and the events surrounding the same. The Plaintiffs believe that Mr. Black's address is Room 516-C, 11 S. Union Street, Montgomery, Alabama 36130, and that her telephone number is (334) 242-7667.

**Alma Sippial** – The Plaintiffs believe that Alma Sippial has knowledge of the Application for Bingo License submitted by Aid to Inmate Mothers and the Class B Bingo

License that it received. The Plaintiffs believe that Ms. Sippial's address is 135 Foxhall Rd., Pike Road, Alabama 36064.

**Brenda M. Allen -** The Plaintiffs believe that Brenda M. Allen has knowledge of the Application for Bingo License submitted by Alabama Cooperative Extension Service Employees Organization, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Allen's address is Count Administration Building, 1702 Noble St., Ste. 108, Anniston, Alabama 36201.

**Thelma W. Brown -** The Plaintiffs believe that Thelma W. Brown has knowledge of the Application for Bingo License submitted by Ambulatory Behavioral Healthcare Center, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Brown's address is 4323 Heritage Hill Rd., Tuskegee, Alabama 36083-6241.

**American Heart Association, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**American Red Cross** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Beatrice H. Scruggs -** The Plaintiffs believe that Beatrice H. Scruggs has knowledge of the Application for Bingo License submitted by B & D Cancer Care Center, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Scruggs's address is 206 Fonville St., Tuskegee, Alabama 36083.

**Pamela Farrow-Hampton -** The Plaintiffs believe that Pamela Farrow-Hampton has knowledge of the Application for Bingo License submitted by Betterment Club for Boys and Girls, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Farrow-Hampton's address is 49 West Main St., Notasulga, Alabama 36866.

8

**Booker T. Washington High School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Boy Scouts of America, Carver District**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Brownville Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Memphis Boston** – The Plaintiffs believe that Memphis Boston has knowledge of the Application for Bingo License submitted by Care and Share Committee of Macon County Incorporated and the Class B Bingo License that it received. The Plaintiffs believe that Memphis Boston's address is 102 Lakeview Rd., Tuskegee, Alabama 36083.

**Chehaw Community Volunteer Fire Department, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**City of Tuskegee** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**City of Tuskegee – Senior Citizens Program** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Deborah Cannon Wolfe High School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Dialysis Patient Aid Fund** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**District 3 Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**EAFD & MA – Macon County Indigent Burial Fund** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Paul Davis -** The Plaintiffs believe that Paul Davis has knowledge of the Application for Bingo License submitted by the Food Bank of East Alabama, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Davis's address is 913 Cherokee Rd., Auburn, Alabama 36830.

**Fort Davis Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Aileen S. Graves -** The Plaintiffs believe that Aileen S. Graves has knowledge of the Application for Bingo License submitted by the Franklin Volunteer Fire Department and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Graves's address is 1670 Alabama Hwy. 49, Tuskegee, Alabama 36083.

**George Washington Carver Elementary** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Harris Barrett Historical School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Interim Care for Seniors** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**The Kiwanis Club of Macon County, Tuskegee, Alabama,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Lewis Adams Early Childhood School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Gene Griggs** - The Plaintiffs believe that Gene Griggs has knowledge of the Application for Bingo License submitted by the Little Texas Volunteer Fire Department and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Griggs's address is 6570 U.S. Hwy. 80 East, Tuskegee, Alabama 36083.

**Macedonia Community Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Adult Basic Education** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Board of Education** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Commission** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Council on Retardation and Rehabilitation, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Health Care Authority, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Janet Haslerig** - The Plaintiffs believe that Janet Haslerig has knowledge of the Application for Bingo License submitted by the Macon County Humane Society and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Haslerig's address is 305 N. Maple St., Tuskegee, Alabama 36083.

**Macon County Indigent Fund** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Outreach Modification** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County PALS (People Against a Littered State)** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Public Library** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Susie Williams -** The Plaintiffs believe that Susie Williams has knowledge of the Application for Bingo License submitted by Macon County RSVP Council, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Williams's address is 405 Macon Dr., Tuskegee, Alabama 36083.

**Walter Baldwin -** The Plaintiffs believe that Walter Baldwin has knowledge of the Application for Bingo License submitted by Macon County Senior Olympics Organization and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Baldwin's address is 207 N. Main St. Ste. 400, Tuskegee, Alabama 36083.

**Macon-Russell Community Action Agency** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**NAACP (Tuskegee-Macon County Branch)** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Notasulga High School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Notasulga Nutrition Center** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

12

**Prairie Farms Center** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Shorter Community Outreach Corporation** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**South Macon Elementary School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Southeast Alabama Self Help Association, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Sarah Thomas** - The Plaintiffs believe that Sarah Thomas has knowledge of the Application for Bingo License submitted by Southeast Alabama Sickle Cell Association, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Thomas's address is PO Box 2785, Opelika, Alabama 36803.

**St. Joseph School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Town of Notasulga – Notasulga Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Calvin D. Biggers** - The Plaintiffs believe that Calvin D. Biggers has knowledge of the Application for Bingo License submitted by the Tuskegee Area Chamber of Commerce and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Biggers's address is 113 East Northside, Tuskegee, Alabama 36083.

**Tuskegee Housing Authority** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

13

**Tuskegee Institute Middle School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Tuskegee-Macon County Headstart** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Tuskegee-Macon County YMCA** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Tuskegee Public Elementary School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**G. Dyann Robinson** - The Plaintiffs believe that G. Dyann Robinson has knowledge of the Application for Bingo License submitted by the Tuskegee Repertory Theatre, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Robinson's address is ·1811 Montgomery Rd., Tuskegee, Alabama 36088.

**The Tuskegee School Community Christian Organization** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Veterans of Foreign Wars, Harris-Mosley Tressville,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Albert Daniels** - The Plaintiffs believe that Albert Daniels has knowledge of the Application for Bingo License submitted by Warrior Stand Community Volunteer Fire Department, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Daniels's address is 11744 County Road 10, Union Springs, Alabama 36089.

**Washington Public Elementary School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**World Council of Mayors, Inc.**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**INITIAL DISCLOSURE NO. 26(a)(1)(B): A description by category and location of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the Plaintiffs and that the Plaintiffs may use to support their claims or defenses, unless solely for impeachment.**

**RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(B):** The Plaintiffs specifically reserve the right to supplement their production if additional documents are discovered. To the extent that they can be identified, only non-privileged responsive documents will be produced. These documents, which are maintained by counsel for the Plaintiffs, are Bates Numbered as PTF 00001, etc., and include the following:

1. Applications for Bingo Licenses submitted by the Plaintiffs

2. Correspondence between representatives of Plaintiff Lucky Palace and Defendant Warren

3. Documents relating to the issuance of Class B Bingo Licenses received by Plaintiff Lucky Palace in response to a request under Alabama's Open Records Act

4. Confidential Presentation to Troy King, Alabama Attorney General

In addition, the Plaintiffs will rely on the following documents, which have been produced by the Defendants in this case:

1. Documents Bates Numbered Warren D0042 to Warren D0049

2. Documents Bates Numbered Warren D0106 to Warren D0196

15

    3.      Document Bates Numbered MCGP 0000038

In addition, the Plaintiffs will rely on the following documents:

    1.      Deposition of David M. Warren in *Macon County Investments, Inc. v. Warren*

    2.      Affidavit of Fred D. Gray

**INITIAL DISCLOSURE NO. 26(a)(1)(C):** **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

    **RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(C):** The Plaintiffs specifically reserve the right to supplement their computation based upon evidence discovered in this case. If this case is tried in June 2008, the Plaintiff Charities will each have suffered actual damages in the amount of $42,000 per year for three years for a total of $126,000. The total actual damages for all seventeen of the Plaintiff Charities for the three year period are $2,142,000. Under the Racketeer Influenced and Corrupt Organizations Act, the Plaintiff Charities are entitled to treble damages, for a total of $6,426,000. If this case is tried in June 2008, Plaintiff Lucky Palace will have suffered actual damages in the amount of $136,227,000, which represents the projected cumulative net income for the first three years of its operation. Under RICO, Plaintiff Lucky Palace is entitled to treble damages, for a total of $408,681,000

    The Plaintiffs specifically reserve the right to supplement their production if additional documents are discovered. To the extent that they can be identified, only non-privileged responsive documents will be produced. These documents, which are maintained by counsel for

the Plaintiffs, are Bates Numbered as PTF 00001, etc., and include the Bingo Operations and Lease Agreements between the Plaintiff Charities and Plaintiff Lucky Palace and addenda thereto. These documents also include an electronic spreadsheet entitled "Lucky Palace Model.xls," which is maintained by counsel for the Plaintiffs. "Lucky Palace Model.xls" will be disclosed subject to the same terms and conditions upon which the parties agree, or which the Court orders, regarding similar financial information from the Defendants.

**INITIAL DISCLOSURE NO. 26(a)(1)(D)**: **For inspection or copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE TO INITIAL DISCLOSURE 26 (a)(1)(D)**:    None.

DATED: July 11, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
TEL:  (205) 986-3620
FAX:  (205) 986-3639
E-mail:     rks@spotswoodllc.com
            msansbury@spotswoodllc.com

*Attorneys for the Plaintiffs*

17

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 11th day of July 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail:     fgray@glsmgn.com
             jbibb@glsmgn.com
             fgrayjr@glsmgn.com
             thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail:     wms@hsy.com
             pcd@hsy.com
             pt@hsy.com
             kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL  35203
E-mail:     mwhite@waadlaw.com
             adowd@waadlaw.com
             rdepalma@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:     jbolton@sasserlawfirm.com
             cspencer@sasserlawfirm.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal PC
P.O. Box 1988
Montgomery, AL  36102
E-mail:     janderson@beersanderson.com
             wshaw@beersanderson.com

            s/ Michael T. Sansbury
            OF COUNSEL