IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND THINGS**

In support of their Motion to Compel (DE 107) and in reply to the arguments of Defendant Milton McGregor in his response (DE 117) to this Court's Order to show cause why Plaintiffs' Motion to Compel should not be granted (DE 110), the Plaintiff Charities state as follows:

**A.    INTRODUCTION**

1.    Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Charities are entitled to discover information which is relevant and non-privileged. *See Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998). When a court decides a motion to compel discovery, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)).

2.    The profitability of VictoryLand is at the core of this case. As alleged in the Complaint, VictoryLand and Defendant McGregor conspired with Defendant Warren and Fred

Gray Jr. to develop rules and regulations that created for VictoryLand a monopoly on the conduct of electronic bingo in Macon County. Those rules and regulations were then systematically altered and amended to preserve and—ultimately—make permanent VictoryLand's monopoly. At trial, evidence of the profitability of VictoryLand will be admissible to show the fruits of this monopoly. But it will also be admissible to show many other things, including Defendant McGregor's motive for entering into the alleged conspiracy and Fred Gray Jr.'s motive for advising Defendant Warren to promulgate the rules and regulations that he promulgated.

3.      While Defendant McGregor is understandably protective of VictoryLand's financial information, this Court should recall that VictoryLand's profitability has been enabled by a constitutional amendment that was intended to benefit nonprofit organizations in Macon County—not for-profit organizations like VictoryLand. That constitutional amendment was passed by the Alabama legislature and ratified by the people of Macon County. It was Defendant Warren's promulgation of the rules and regulations that transformed a publicly-minded provision into a vehicle for private gain. Defendant McGregor's assertion that the private gain should now be shielded from public view shows just how distorted the situation has become.

4.      In any event, the details of Defendant McGregor's private gain, if revealed, will initially be shielded from public view by the protective order that has been entered in this case. Defendant McGregor's concerns about the continued confidentiality of VictoryLand's financial information are therefore unfounded at this time. Such concerns will need to be addressed only if the Charities seek relief from the protective order at a later time.

**B.     ARGUMENT**

5.     As set forth in the Charities' Motion to Compel, the requested financial information is relevant to show: (1) Defendant McGregor's financial motive for entering into the conspiracy, (2) Fred Gray Jr.'s motive for entering into the conspiracy and for facilitating the issuance of rules and regulations favorable to VictoryLand, and (3) the market for electronic bingo in Macon County.

6.     Defendant McGregor argues that the financial information is not relevant to show his motive because "it is an 'axiomatic conclusion that businesses are operated to make a profit.'"  (DE 117 at 12 (quoting *Ex parte Miltope Corp.*, 823 So. 2d at 647 (Harwood, J., concurring).)  There is no doubt that VictoryLand is operated to make a profit.  With the requested financial information, however, the Charities will be able to show how the profitability of VictoryLand was affected by the introduction of electronic bingo pursuant to Defendant Warren's rules and regulations.  Once that effect is established, the financial information will further show why VictoryLand used it influence to amend the rules and regulations to further insulate its monopoly.  Accordingly, the financial information is clearly relevant to Defendant McGregor's motive.

7.     Defendant McGregor also argues that the financial information will not be relevant to Fred Gray Jr.'s motive.  Fred Gray Jr.'s father and law partner—Fred Gray—is an investor in VictoryLand.  If the profitability of VictoryLand was dramatically enhanced by the bingo monopoly, then Fred Gray's financial security would be dramatically enhanced.  It is possible—if not certain—that Fred Gray's financial security was valuable to Fred Gray Jr.  Accordingly, the financial information will be relevant to show whether, in fact, the rules and

3

regulations impacted the financial security of Fred Gray and, accordingly, motivated Fred Gray Jr. to promulgate, amend, and maintain the rules and regulations.

8. Moreover, Defendant McGregor argues that the financial information is not relevant to the market for electronic bingo because (1) the Charities are entitled to fixed payments and (2) the Charities do not need to rely on VictoryLand's financial information to establish a market. These arguments, however, misconstrue the nature of relevancy. First, while the Charities are entitled to fixed payments, they still have the burden to establish their reasonable expectations, which include the existence of a viable business model. VictoryLand's financial information is clearly admissible to establishing the existence and size of the market for electronic bingo. Second, while the Charities may have other evidence establishing the existence of a market, that evidence does not render the financial information irrelevant. The requested financial information will provide additional admissible evidence of the market and, for that reason, is clearly relevant.

9. Defendant McGregor, the president and majority shareholder of VictoryLand, argues that he has no legal right to this relevant financial information. That argument is ridiculous on its face. As the president of VictoryLand, Defendant McGregor is entitled to certain financial information. Ala. Code § 10-2B-8.42(b). Furthermore, a corporation is required to provide financial information to its shareholders each year, Ala. Code § 10-2B-16.20(a), and make other information available for inspection upon demand, Ala. Code § 10-2B-16.02(a). Defendant McGregor clearly has a legal right to the requested information. *Cf. Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[I]f a party has access and the practical ability to possess documents not available to the party seeking them,

4

production may be required.") (citing *In Re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996)).

10.     While the relevant financial information may contain confidential information or trade secrets, the protective order entered in this case prevents the use of that information "for any purpose whatsoever other than the preparation and trial of this action and any appeal which may ensue." (DE 105 at 3.) Accordingly, the financial information cannot be used to "assist Plaintiffs or their Co-Plaintiff in business enterprises against VictoryLand." (DE 117 at 8.)

WHEREFORE, this Court should grant the Charities' Motion to Compel with regard to Request # 15.

DATED: October 30, 2007.

        Respectfully submitted,

        s/ Robert K. Spotswood
        s/ Michael T. Sansbury
        Robert K. Spotswood (SPO 001)
        Michael T. Sansbury (SAN 054)
        SPOTSWOOD SANSOM & SANSBURY LLC
        940 Concord Center
        2100 Third Avenue North
        Birmingham, Alabama  35213
        Telephone: (205) 986-3620
        Fax: (205) 986-3639
        E-mail:     rks@spotswoodllc.com
                        msansbury@spotswoodllc.com

        *Attorneys for the Plaintiff Charities*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Fred David Gray, Esq.<br>Fred David Gray Jr., Esq.<br>Gray, Langford, Sapp, McGowan, Gray,<br>    Gray & Nathanson PC<br>P.O. Box 830239<br>Tuskegee, AL  36083-0239<br>E-mail:    fgray@glsmgn.com<br>              jbibb@glsmgn.com<br>              fgrayjr@glsmgn.com<br>              thalia@glsmgn.com | James H. Anderson, Esq.<br>Ryan Wesley Shaw, Esq.<br>Beers, Anderson, Jackson, Patty, Van Heest &<br>    Fawal PC<br>P.O. Box 1988<br>Montgomery, AL  36102<br>E-mail:    janderson@beersanderson.com<br>              wshaw@beersanderson.com |
| John Mark White, Esq.<br>Augusta S. Dowd, Esq.<br>Rebecca DePalma, Esq.<br>White, Arnold, Andrews & Dowd<br>2025 Third Avenue, North<br>Suite 600<br>Birmingham, AL  35203<br>E-mail:    mwhite@waadlaw.com<br>              adowd@waadlaw.com<br>              rdepalma@waadlaw.com | William M. Slaughter, Esq.<br>Patricia C. Diak, Esq.<br>Peter John Tepley, Esq.<br>Khristi Doss Driver, Esq.<br>Haskell, Slaughter, Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL  35203<br>E-mail:    wms@hsy.com<br>              pcd@hsy.com<br>              pt@hsy.com<br>              kdd@hsy.com |
| John M. Bolton III, Esq.<br>Charlanna White Spencer, Esq.<br>Sasser, Bolton & Sefton PC<br>PO Box 242127<br>Montgomery, AL 36124-2127<br>E-mail:    jbolton@sasserlawfirm.com<br>              cspencer@sasserlawfirm.com | Stephen D. Heninger<br>W. Lewis Garrison Jr.<br>HENINGER GARRISON DAVIS LLC<br>2224 1st Avenue North<br>Birmingham, Alabama 35203<br>E-mail:    steve@hgdlawfirm.com<br>              lewis@hgdlawfirm.com |

George L. Beck, Jr.
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
E-mail:    glb@chlaw.com

                                                  s/ Michael T. Sansbury
                                                  OF COUNSEL