**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

HOPE FOR FAMILIES & COMMUNITY    )
SERVICES, INC., et al.,    )
    )
        PLAINTIFFS,    )
    )
VS.    )    CIVIL ACTION: CV-06-01113-WKW-WC
    )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,    )
et al.,    )
    )
        DEFENDANTS.    )

## PLAINTIFF, LUCKY PALACE, LLC'S, OBJECTIONS AND MOTION TO PARTIALLY QUASH RULE 45 SUBPOENAS SERVED ON LIBRA SECURITIES HOLDING, LLC AND LIBRA SECURITIES, LLC.

Plaintiff, Lucky Palace, LLC. ("Lucky Palace") hereby files its objections and motion to

partially quash the Rule 45 subpoenas[1] served on Libra Securities Holdings, LLC and Libra

Securities, LLC (collectively "Libra") and states as follows:

1.    Libra Securities, LLC, an investment bank, is a wholly owned subsidiary of Libra

Securities Holdings, LLC.

2.    Libra Securities Holdings, LLC owns 375,000 units of shares in Lucky Palace, LLC.

Jess Ravich, the President of Libra Securities Holdings, LLC, owns 625,000 units of shares in Lucky

Palace and is on the Board of Managers of Lucky Palace. As of December 31, 2006, Libra Securities

Holdings, LLC and Jess Ravich together had a sixteen percent (16 %) ownership interest in Lucky

Palace.

---

[1] Identical subpoenas were served on Libra Securities Holdings, LLC and Libra
Securities, LLC. As such, the objections to the subpoenas are the same and will be addressed in
a single motion.

3.      In addition to Libra Securities Holdings, LLC's ownership interest in Lucky Palace, Libra Securities, LLC has provided financial and strategic advisory services to Lucky Palace and is in partnership with Lucky Palace to secure financing and raising capital for the eventual opening of Bingo operations in Shorter, Alabama.

4.      As a result of the relationship between Libra and Lucky Palace and their aligned interests, documents and information concerning this litigation and the impending litigation have been freely shared between the entities.  Some of those documents include, *inter alia*, drafts of pleadings, memorandums regarding litigation strategies, legal opinions, itemizations of bills, proposed litigation plans and budgets and correspondence with attorneys.

5.      The common interest between Lucky Palace and Libra with regard to this lawsuit, prevents the disclosure of confidential information between the entities is protected under the common interest doctrine. *Restatement (Third) of the Law Governing Lawyers*, § 76 (2000) (stating that the common interest doctrine "normally operates as a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party." )

6.      Lucky Palace seeks to partially quash the subpoenas issued to the Libra entities to the extent those subpoenas request documents which are protected under a common interest privilege and objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B).

7.      Approximately 6,276 documents not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B) have already been produced by Libra in response to the subpoenas.

## OBJECTIONS TO SPECIFIC REQUESTS

1.     Please produce the documents and electronically stored information, including but not limited to, communications, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Lucky Palace, LLC, or its predecessor Lucky Palace, Inc. (or anyone acting on its behalf).

**Response:  Lucky Palace objects to Request No. 1 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege.  All documents responsive to Request No. 1 that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B), have been produced.**

2.     Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents and all electronically stored information in your possession, custody or control that refer, or relate to, any face-to-face meetings or telephone conversations or other communications between you (or anyone acting on your behalf) and Lucky Palace, LLC or its predecessor, Lucky Palace, Inc. (or anyone acting on their behalf) concerning, referring, or relating to one or more of the following:

<blockquote>
a.     electronic bingo in Macon County, Alabama;<br/>
b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;<br/>
c.     the Sheriff of Macon County Alabama;<br/>
d.     Sandar Maloy;<br/>
e.     any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;
</blockquote>

f.  Macon County Greyhound Park, Inc. Or Victoryland;

g.  Milton McGregor;

h.  Pebblin Warren;

I.  financing or loans provided or to be provided to you by or through you or anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;

j.  potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;

k.  the Attorney General of Alabama;

l.  Ed Rogers, Jr.;

m.  Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

n.  Steve Windom;

o.  any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama;

p.  Silver Slipper Gaming, LLC or any related entities;

q.  Paul Alanis or any of the companies with which he is or was affiliated;

r.  Lucky Libra Palace, LLC;

s.  Bill Peters Architects, Inc;

t.  Hattemer, Hornsby & Bailey, PC;

u.  Dunn Construction;

v.  Weatherford & Associates;

w.  Macon Engineering & Surveying;

x.  Nova Gaming;

y.  the ability of Lucky Palace, LLC or Lucky Palace, Inc. to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama;

z.  any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

aa.  Your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or

bb.  The role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:  Lucky Palace objects to Request No.  2 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege.  All documents responsive to Request No. 2 that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A)**

**and (B), have been produced.**

3.       To the extent not covered by Requests 1 or 2 above, please produce the documents and/or electronically stored information in your possession, custody, or control that were created or received during the time period from January 1, 2003 to the present, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf that concern, refer or relate to Lucky Palace, LLC, Lucky Palace, Inc. and/or Paul Bracy.

**Response:  Lucky Palace objects to Request No.  3 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege.  All documents responsive to Request No. 3 that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B), have been produced.**

4.       To the extent not covered by Requests 1-3 above, please produce the documents and/or electronically stored information in your possession, custody, or control that were created or received during the time period from January 1, 2003 to the present that concern, refer, or relate to any efforts you or Libra Securities Holdings, LLC were taking regarding: (I) making loans to Lucky Palace, LLC and/or Lucky Palace, Inc.; (ii) obtaining or identifying any financing, loans or investors for Lucky Palace, LLC and/or Lucky Palace, Inc.; or (iii) putting together an electronic bingo facility to be opened in Macon County or Shorter, Alabama.

**Response:  Lucky Palace objects to Request No.  4 to the extent it is overly broad and**

**requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege. All documents responsive to Request No. 4 that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B), have been produced.**

5.     Please produce the documents and electronically stored information, including but not limited to, communications, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Silver Slipper Gaming, LLC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring or relating to one or more of the following:

a.     electronic bingo in Macon County, Alabama;
b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.     the Sheriff of Macon County Alabama;
d.     Sandar Maloy;
e.     any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;
f.     Macon County Greyhound Park, Inc. Or Victoryland;
g.     Milton McGregor;
h.     Pebblin Warren;
I.     financing or loans provided or to be provided to you by or through you or anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;
j.     potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;
k.     the Attorney General of Alabama;
l.     Ed Rogers, Jr.;
m.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
n.     Steve Windom;
o.     any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama;
p.     the relationship between Lucky Palace, LLC and Silver Slipper Gaming, LLC

as it concerns the Lucky Palace Bingo Hall project for Shorter, Alabama;

q.      Lucky Libra Palace, LLC;

r.       Bill Peters Architects, Inc;

s.       Hattemer, Hornsby & Bailey, PC;

t.       Dunn Construction;

u.      Weatherford & Associates;

v.       Macon Engineering & Surveying;

w.     Nova Gaming;

x.       the ability of Lucky Palace, LLC, Lucky Palace, Inc., or Silver Slipper Gaming, LLC, to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama;

y.       any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

z.       your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or

aa.    the role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:**    **To the extent such documents may exist, they are being provided in response to this Request.**

6.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents and all electronically stored information in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations or other communications between you (or anyone acting on their behalf) and Silver Slipper Gaming, LLC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring, or relating to one or more of the following:

a.      electronic bingo in Macon County, Alabama;

b.      the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.      the Sheriff of Macon County Alabama;

d.      Sandar Maloy;

e.      any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon

County, Alabama;
f.    Macon County Greyhound Park, Inc. Or Victoryland;
g.    Milton McGregor;
h.    Pebblin Warren;
I.    financing or loans provided or to be provided to you by or through you or anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;
j.    potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;
k.    the Attorney General of Alabama;
l.    Ed Rogers, Jr.;
m.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
n.    Steve Windom;
o.    any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama;
p.    the relationship between Lucky Palace, LLC and Silver Slipper Gaming, LLC as it concerns the Lucky Palace Bingo Hall project for Shorter, Alabama;
q.    Lucky Libra Palace, LLC;
r.    Bill Peters Architects, Inc;
s.    Hattemer, Hornsby & Bailey, PC;
t.    Dunn Construction;
u.    Weatherford & Associates;
v.    Macon Engineering & Surveying;
w.    Nova Gaming;
x.    the ability of Lucky Palace, LLC, Lucky Palace, Inc., or Silver Slipper Gaming, LLC, to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama;
y.    any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;
z.    your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or
aa.    the role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:**    **To the extent such documents may exist, they are being provided in response to this Request.**

7.    To the extent not covered by Requests 5 and 6 above, please produce the documents and electronically stored information in your possession, custody, or control that were created or

received during the time period from January 1, 2003 to the present, including but not limited to, any

due diligence done by you or done by someone else and provided to you or someone acting on your

behalf that concern, refer or relate to Silver Slipper Gaming, LLC and/or Paul Alanis and their role

or proposed role in the Lucky Palace Bingo Hall Project for Shorter, Alabama.

> **Response:     To the extent such documents may exist, they are being provided in
> response to this Request.**

       8.     Please produce the documents and electronically stored information, including but

not limited to, communications, emails, and agreements or drafts thereof, in your possession, custody

or control that you (or anyone acting on your behalf) sent to or received from Planet Hollywood,

Planet Hollywood, International, Inc., Planet Hollywood (Alabama) LLC, Planet Hollywood

(Memorabilia), Inc., or Planet Hollywood (Region IV) Inc. (Collectively "Planet Hollywood") (or

anyone acting on Planet Hollywood's behalf) concerning, referring, or relating to one or more of the

following:

      a.     electronic bingo in Macon County, Alabama;
      b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;
      c.     the Sheriff of Macon County Alabama;
      d.     Sandar Maloy;
      e.     any regulations or proposed regulations concerning or controlling electronic
            bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon
            County, Alabama;
      f.     Macon County Greyhound Park, Inc. Or Victoryland;
      g.     Milton McGregor;
      h.     Pebblin Warren;
      I.     financing or loans provided or to be provided to you by or through you or
            anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;
      j.     potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;
      k.     the Attorney General of Alabama;
      l.     Ed Rogers, Jr.;

m.     the role that Planet Hollywood or any of its affiliates or the Planet Hollywood brand was to have in the Lucky Palace Bingo Hall Project for Shorter, Alabama;

n.     Steve Windom;

o.     any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were being taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama or elsewhere in Macon, County, Alabama;

p.     the relationship between Lucky Palace, LLC and Silver Slipper Gaming, LLC as it concerns the Lucky Palace Bingo Hall project for Shorter, Alabama and the role Silver Slipper Gaming was to have in the project ;

q.     Lucky Libra Palace, LLC;

r.     Bill Peters Architects, Inc;

s.     Hattemer, Hornsby & Bailey, PC;

t.     Dunn Construction;

u.     Weatherford & Associates;

v.     Macon Engineering & Surveying;

w.     Nova Gaming;

x.     the ability of Lucky Palace, LLC, Lucky Palace, Inc., or Silver Slipper Gaming, LLC, to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama;

y.     any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

z.     your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or

aa.    the role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:     To the extent such documents may exist, they are being provided in response to this Request.**

9.     Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents and all electronically stored information in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations or other communications between you (or anyone acting on your behalf) and Planet Hollywood (or anyone

acting on their behalf) concerning, referring, or relating to one or more of the following:

a.    electronic bingo in Macon County, Alabama;

b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.    the Sheriff of Macon County Alabama;

d.    Sandar Maloy;

e.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

f.    Macon County Greyhound Park, Inc. Or Victoryland;

g.    Milton McGregor;

h.    Pebblin Warren;

I.    financing or loans provided or to be provided to you by or through you or anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;

j.    potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;

k.    the Attorney General of Alabama;

l.    Ed Rogers, Jr.;

m.    the role that Planet Hollywood or any of its affiliates or the Planet Hollywood brand was to have in the Lucky Palace Bingo Hall Project for Shorter, Alabama;

n.    Steve Windom;

o.    any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama or elsewhere in Macon County, Alabama;

p.    the relationship between Lucky Palace, LLC and Silver Slipper Gaming, LLC as it concerns the Lucky Palace Bingo Hall project for Shorter, Alabama and the role Silver Slipper Gaming was to have in the project;

q.    Lucky Libra Palace, LLC;

r.    Bill Peters Architects, Inc;

s.    Hattemer, Hornsby & Bailey, PC;

t.    Dunn Construction;

u.    Weatherford & Associates;

v.    Macon Engineering & Surveying;

w.    Nova Gaming;

x.    the ability of Lucky Palace, LLC, Lucky Palace, Inc., or Silver Slipper Gaming, LLC, to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama;

y.    any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

z.    your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or

aa.    the role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:    To the extent such documents may exist, they are being provided in response to this Request.**

10.    Please produce the documents and electronically stored information including but not limited to, communications, emails, and agreements or drafts thereof, in your possession, custody or control that concern, refer, or relate to: (i) the relationship between you and Lucky Libra Palace, LLC; (ii) the relationship between Libra Securities Holdings, LLC /Libra Securities, LLC and Lucky Libra Palace, LLC; and/or (iii) the role that Lucky Libra Palace, LLC was to have in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:  Lucky Palace objects to Request No.  10 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege.  All documents responsive to Request No. 10 that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B), have been produced.**

11.    Please produce the documents and electronically stored information in your possession, custody or control, including but not limited to communications, emails, and the presentation itself or any drafts thereof that concern, refer, or relate to any "Confidential Presentation to Troy King, Alabama Attorney General" concerning any "Charitable Bingo Facility in Shorter,

Alabama".

**Response: Lucky Palace objects to Request No. 2 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege. All documents responsive to Request No. 2 that are not objectionable pursuant to the Federal Rules of Civil Procedure, Rules 45(c)(3)(A) and (B), have been produced.**

12.     Please produce the documents and electronically stored information in your possession, custody or control,  including but not limited to communications, notes, emails, and documents filed in court or any drafts thereof that concern, refer, or relate to the case of or what later became the case of Hope for Families & Community Services, Inc. et. al. v. David Warren, et. al., case number 3:06-cv-01113-WKW-csc, currently pending in the United States District Court for the Middle District of Alabama or any communications you have had regarding that case.

**Response: Lucky Palace objects to Request No. 2 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege. All documents responsive to Request No. 2 that are not objectionable pursuant to the Federal Rules of Civil Procedure, Rules 45(c)(3)(A) and (B), have been produced.**

13.     Please produce the documents and electronically stored information, including but not limited to, communications, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Libra Securities Holdings, LLC/Libra Securities, LLC  (or anyone acting on its behalf) concerning, referring, or relating to one or more of the following:

    a.    electronic bingo in Macon County, Alabama;
    b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
    c.    the Sheriff of Macon County Alabama,
    d.    Sandar Maloy;
    e.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;
    f.    Macon County Greyhound Park, Inc. and/or Victoryland;
    g.    Milton McGregor;
    h.    Pebblin Warren;
    I.    financing or loans provided or to be provided by or through you or anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;
    j.    potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;
    k.    the Attorney General of Alabama;
    l.    Ed Rogers, Jr.;
    m.    the role that Planet Hollywood or any of its affiliates or the Planet Hollywood brand was to have in the Lucky Palace Bingo Hall project for Shorter, Alabama;
    n.    Steve Windom;
    o.    any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were being taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama or elsewhere in Macon County, Alabama;
    p.    the relationship between Lucky Palace, LLC and Silver Slipper Gaming, LLC as it concerns the Lucky Palace Bingo Hall project for Shorter, Alabama or elsewhere in Macon County, Alabama;
    q.    Lucky Libra Palace, LLC
    r.    Bill Peters Architects, LLC;
    s.    Hattemer, Hornsby & Bailey, PC;
    t.    Dunn Construction;
    u.    Weatherford & Associates;
    v.    Macon Engineering & Surveying;
    w.    Nova Gaming;

-14-

x.    the ability of Lucky Palace, LLC, Lucky Palace, Inc., or Silver Slipper Gaming, LLC to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama.

y.    any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. Had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

z.    your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or

aa.   the role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response:  Lucky Palace objects to Request No. 2 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work product privilege and common interest privilege.  All documents responsive to Request No. 2 that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A) and (B), have been produced.**

14.   Please produce all notes, calendars entries, memos, minutes, agendas, recordings or other documents and all electronically stored information in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations or other communications between you (or anyone acting on your behalf) and Libra Securities Holdings, LLC/Libra Securities, LLC  (or anyone acting on its behalf) concerning, referring, or relating to the one or more of the following:

a.    electronic bingo in Macon County, Alabama;

b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.    the Sheriff of Macon County Alabama,

d.    Sandar Maloy;

e.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon

County, Alabama;

f.      Macon County Greyhound Park, Inc. and/or Victoryland;

g.      Milton McGregor;

h.      Pebblin Warren;

I.      financing or loans provided or to be provided by or through you or anyone else to Lucky Palace, LLC or Lucky Palace, Inc.;

j.      potential investors in Lucky Palace, LLC or Lucky Palace, Inc.;

k.      the Attorney General of Alabama;

l.      Ed Rogers, Jr.;

m.      the role that Planet Hollywood or any of its affiliates or the Planet Hollywood brand was to have in the Lucky Palace Bingo Hall project for Shorter, Alabama;

n.      Steve Windom;

o.      any efforts Lucky Palace, LLC or Lucky Palace, Inc. was taking or that were being taken on its behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Shorter, Alabama or elsewhere in Macon County, Alabama;

p.      the relationship between Lucky Palace, LLC and Silver Slipper Gaming, LLC as it concerns the Lucky Palace Bingo Hall project for Shorter, Alabama or elsewhere in Macon County, Alabama;

q.      Lucky Libra Palace, LLC

r.      Bill Peters Architects, LLC;

s.      Hattemer, Hornsby & Bailey, PC;

t.      Dunn Construction;

u.      Weatherford & Associates;

v.      Macon Engineering & Surveying;

w.      Nova Gaming;

x.      the ability of Lucky Palace, LLC, Lucky Palace, Inc., or Silver Slipper Gaming, LLC to operate an electronic bingo facility in Shorter, Alabama or elsewhere in Macon County, Alabama.

y.      any non-profit entities or organizations that Lucky Palace, LLC or Lucky Palace, Inc. Had contracted with or was attempting to contract with concerning electronic bingo or other gaming operations in Shorter, Alabama or elsewhere in Macon County, Alabama;

z.      your role in the Lucky Palace Bingo Hall project for Shorter, Alabama; and/or

aa.      the role of Libra Securities Holdings, LLC in the Lucky Palace Bingo Hall project for Shorter, Alabama.

**Response: Lucky Palace objects to Request No. 2 to the extent it is overly broad and requires the disclosure of confidential research, development and commercial information and requires the disclosure of documents protected under the attorney/client privilege, work**

product privilege and common interest privilege.  All documents responsive to Request No. 2

that are not objectionable pursuant to the <u>Federal Rules of Civil Procedure</u>, Rules 45(c)(3)(A)

and (B), have been produced.

WHEREFORE, Lucky Palace, LLC moves this Court to enter an Order to partially quash the

Subpoenas issued to Libra Securities Holdings, LLC and Libra Securities, LLC.

Respectfully submitted by,

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:          (205) 326-3336
Fax:              (205) 326-3332
E-mail:         sheninger@hgdlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:      (334) 269-2563
Facsimile:       (334) 269-2959
E-mail:          fgray@glsmgn.com
                 jbibb@glsmgn.com
                 fgrayjr@glsmgn.com
                 thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:     (334) 834-5311
Facsimile:     (334) 834-5362
E-mail:        janderson@beersanderson.com
               wshaw@beersanderson.com


John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:     (205) 323-1888
Facsimile:     (205) 323-8907
E-mail:        mwhite@waadlaw.com
               adowd@waadlaw.com
               rdepalma@waadlaw.com


William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:     (205) 251-1000
Facsimile:     (205) 324-1133
E-mail:        wms@hsy.com
               pcd@hsy.com
               pt@hsy.com
               kdd@hsy.com


John M. Bolton III, Esq.
Charlanna White Spencer, Esq.

SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:      (334) 532-3400
Facsimile:      (334) 532-3434
E-mail:          jbolton@sasserlawfirm.com
                 cspencer@sasserlawfirm.com


_____


Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:      (205) 986-3620
Facsimile:      (205) 986-3639
E-mail:          rks@spotswoodllc.com
                 msansbury@spotswoodllc.com


George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:      (334) 241-8002
Facsimile:      (334) 323-8888
E-mail:          glb@chlaw.com


_____


                              /s/ Stephen D. Heninger
                              STEPHEN D. HENINGER [ASB5227E685]