IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICE, INC., et al., ) ) ) PLAINTIFFS, ) ) VS. ) ) DAVID WARREN, in his Official Capacity ) as the SHERIFF OF MACON COUNTY, ) et al., ) DEFENDANTS. ) | CIVIL ACTION: CV-06-1113-WKW |

**PLAINTIFF, LUCKY PALACE, LLC'S, MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY DEFENDANT, MILTON McGREGOR**

COMES NOW the Plaintiff, Lucky Palace, LLC, and moves this Court to issue an Order compelling Defendant, Milton McGregor, to more fully and adequately respond to Interrogatories filed by this Plaintiff. In support of this Motion, the Plaintiff shows the following Interrogatories and the incomplete, inadequate and/or improperly objected to responses of this Defendant.

INTERROGATORY NO. 4:

"Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland in Macon County, Alabama?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for

an improper and is clearly designed for use outside this proceeding.

ARGUMENT:

The opposition to the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland is clearly relevant to the pleadings and issues of this case. The allegations of tortious conduct and a conspiracy to deprive qualified applicants for such licenses which may interfere with the Defendant's financial benefits and a monopoly by Victoryland are entirely relevant. Motive and intent are critical issues and the purported "subjective opinions" are relevant to discovery from this Defendant who is widely recognized as the person who is a major shareholder and spokesperson for Victoryland. This Defendant's personal motives and intent are relevant.

INTERROGATORY NO. 5:

"If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition."

RESPONSE:

"See response to Interrogatory 4."

ARGUMENT:

For the reasons set forth above, this Interrogatory is relevant and should be answered in conjunction with number 4.

INTERROGATORY NO. 6:

"Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon

County, Alabama in any respect? If so, please state in detail the basis for this contention.

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issues of this case."

ARGUMENT:

This Defendant's position and/or contention that the issuance of licenses to others besides Victoryland would harm the citizens of Macon County, Alabama in any respect is entirely relevant to the allegations and issues in this case. The Plaintiff's allegations of tortious conduct and a conspiracy among the Defendants goes to motive and intent. Any reasons for opposing such further licensing to assure a monopoly by Victoryland are relevant and discoverable at this stage of the proceedings.

INTERROGATORY NO. 11:

"Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks

information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity, he has not met with Fred Gray, Jr., regarding bingo rules and regulations in Macon County."

ARGUMENT:

The Interrogatory is at the heart of the allegations and issues in this case. The question does not limit the discussions sought to those conducted "in his personal capacity." The question seeks to discover any discussions this Defendant had with Fred Gray, Jr. on the proposed or suggested Rules and Regulations be authored for Sheriff Warren. All such discussions are discoverable whether they took place in a personal or representative capacity. The answer states that this Defendant "has not met with Fred Gray, Jr., regarding bingo rules and regulations in Macon County." The Interrogatory asked about "discussions" and was not limited to meetings. This question should be answered fully and completely as phrased because it is essential to full and fair discovery regarding the salient issues in this case.

INTERROGATORY NO. 12:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when."

RESPONSE:

"See response to Interrogatory 11."

ARGUMENT:

Plaintiff is entitled to a full and complete response to this question in conjunction with Interrogatory number 11.

INTERROGATORY NO. 13:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity, he has not met with Sheriff Warren regarding bingo rules and regulations in Macon County."

ARGUMENT:

Once again, this Defendant's answer is limited to a statement that "in his personal capacity, he has not met with Sheriff Warren." The question did not limit itself to any personal capacity. The question is relevant to the pleadings and issues in this case. The Defendant was asked about "discussions" and, yet, simply says he has not "met" with Sheriff Warren. This is not an answer to the specific and direct question of discussions about the Rules and Regulations for licensing/operation of

bingo facilities. Moreover, the question inquired about any such discussions with "any employee of Macon County, Alabama." No answer was given in that regard, only the statement that he had not met with Sheriff Warren. Plaintiff is entitled to a full and complete answer to this direct and specific question of salient importance in this case.

INTERROGATORY NO. 14:

If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when."

RESPONSE:

"See response to Interrogatory 13."

ARGUMENT:

Plaintiff is entitled to a full and complete response to this relevant inquiry in conjunction with a full and complete answer to Interrogatory number 13.

INTERROGATORY NO. 15:

"Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate electronic bingo at a facility in Macon County, Alabama?"

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an

improper purpose, as it has no bearing in this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

This inquiry is entirely relevant under the pleadings and issues in this case and goes to motive and intent. Moreover, Plaintiff is entitled to know of any such opposition by this Defendant and its relationship to any discussions with Sheriff Warren, Fred Gray, Jr., or employees of Macon County as inquired into by prior Interrogatories. This is relevant discovery.

INTERROGATORY NO. 16:

"If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition."

RESPONSE:

"See response to Interrogatory 15."

ARGUMENT:

For the foregoing reasons, the full and complete answer in conjunction with Interrogatory number 15 is essential to this case. Plaintiff is entitled to know this Defendant's opposition and its reason for full and fair preparation for trial. If such reasons are withheld until trial, it could be grossly unfair and prejudicial to the Plaintiff..

INTERROGATORY NO. 17:

"Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?"

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for sue outside this proceeding."

ARGUMENT:

It is well established that Victoryland has a monopoly on bingo gaming in Macon County, Alabama. The motive or intent behind any actions, statements, discussions and desires to assure this position are entirely relevant to the issues in this case. Plaintiff is entitled to know why the position is taken that such a monopoly is good for the citizens of Macon County and/or Victoryland.

INTERROGATORY NO. 18:

If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire."

RESPONSE:

"Not applicable."

ARGUMENT:

For the same reasons set forth above, this information is relevant and necessary for preparation for trial and the revelation of contentions relevant to the issues in this case.

For the forgoing reasons, Plaintiff urges this Court to issue an Order compelling this Defendant to give full and complete answers to the above set forth items.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:    (205) 326-3336
Fax:      (205) 326-3332
E-mail:   sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

_____I hereby certify that on December 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:    (334) 269-2563
Facsimile:    (334) 269-2959
 E-mail:      fgray@glsmgn.com
              jbibb@glsmgn.com
              fgrayjr@glsmgn.com
              thalia@glsmgn.com
(Attorney for Sheriff Warren)

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:    (334) 834-5311
Facsimile:    (334) 834-5362

E-mail: janderson@beersanderson.com
wshaw@beersanderson.com
(Attorney for Sheriff Warren)

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL 35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
E-mail: mwhite@waadlaw.com
adowd@waadlaw.com
rdepalma@waadlaw.com
(Attorneys for Macon County Greyhound Park, Inc.)

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Telephone: (205) 251-1000
Facsimile: (205) 324-1133
E-mail: wms@hsy.com
pcd@hsy.com
pt@hsy.com
kdd@hsy.com
(Attorneys for Macon County Greyhound Park, Inc.)

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532-3400
Facsimile: (334) 532-3434
E-mail: jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com
(Attorneys for McGregor)

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:     (205) 986-3620
Facsimile:      (205) 986-3639
E-mail:           rks@spotswoodllc.com
                      msansbury@spotswoodllc.com
(Attorney for other Plaintiffs)

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:      (334) 241-8202
E-mail:           glb@chlaw.com
(Attorney for Fred D. Gray; Fred D. Gray, Jr.;
Gray, Langford, Sapp, McGown, Gray, Gray & Nathanson)

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON, & GARRETT
184 Commerce Street
PO Box 270
Montgomery, AL 36101
Telephone:     (334) 206-3100
Facsimile:      (334) 481-0804
E-mail:           RGD@RSJG.com
(Attorney for Fred D. Gray, Jr.)

                                        /s/ Stephen D. Heninger
                                        STEPHEN D. HENINGER [ASB5227E685]