IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICE, INC., et al., )<br><br>   PLAINTIFFS, )<br><br>VS. )<br><br>DAVID WARREN, in his Official Capacity )<br>as the SHERIFF OF MACON COUNTY, )<br>et al., )<br>   DEFENDANTS. ) | CIVIL ACTION: CV-06-1113-WKW |

**PLAINTIFF, LUCKY PALACE, LLC'S, MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT, MACON COUNTY GREYHOUND PARK, INC. ("VICTORYLAND")**

COMES NOW the Plaintiff, Lucky Palace, LLC, and moves this Court to issue an Order compelling the Defendant, Macon County Greyhound Park, Inc. ("Victoryland") to produce and allow inspection and/or copying of documents requested by Plaintiff in a Request for Production which have been refused or objected to by this Defendant. In support of this Motion, Plaintiff shows the following requests and objections/responses by this Defendant.

REQUEST NO. 1.

"Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the consideration of getting involved in electronic bingo and getting it approved by Macon County, Alabama from January 1, 1999 until the present."

RESPONSE:

"Victoryland objects to this request to the extent it seeks material that is subject to the attorney-client privilege and/or the work product doctrine. Victoryland

further objects to this request on the grounds that it seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Furthermore, the request is overly broad and unduly burdensome. In addition, the request seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information.

ARGUMENT:

The pleadings and allegations in this case make it entirely relevant to examine the plans and consideration for Victoryland getting approved for electronic bingo and how it anticipated directing or accomplishing a monopoly in Macon County, Alabama, to exclude any other electronic bingo location/facility in Macon County. This material is discoverable on motive, intent or scheme and how Victoryland would attempt to limit any competition in conjunction with Sheriff Warren or any other person or entity and what value that would bring to Victoryland.

REQUEST NO. 2:

"Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information, concerning the prospects of success and profit potential for electronic bingo in Macon County, Alabama from January 1, 1999 to the present."

RESPONSE:

"Victoryland objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is

not reasonably calculated to lead to the discovery of any relevant information. Victoryland further objects to this request to the extent that it seeks material that is subject to the attorney-client privilege and/or the work product doctrine. Further, the request, which is from a party that seeks to compete with Victoryland, improperly seeks commercial, proprietary, trade secrets and competitive information the disclosure of which would be harmful to Victoryland and its business.

ARGUMENT:

The material requested is entirely relevant to discovery regarding motive, intent and value for seeking to secure a monopoly on electronic bingo operation in Macon County.

REQUEST NO. 4:

"Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning suggested or considered proposals for Macon County, Alabama Rules or Regulations for licensing, permitting and/or operating electronic bingo operations in Macon County, Alabama, from January 1, 1999 to the present."

RESPONSE:

"Victoryland objects to this request to the extent that it seeks material that is subject to the attorney-client privilege and/or the work product doctrine, the common interest doctrine, other applicable doctrines and privileges to the extent it seeks confidential information protected by Rule 1.6 of the Alabama Rules of Professional Conduct. Further, the request is vexatious and filed for an improper purpose as non-

objectionable documents responsive to this request were already produced in response to the discovery served by the original Plaintiffs."

ARGUMENT:

The information sought about any consideration and involvement by Victoryland in suggesting or considering proposals for Rules and Regulations for electronic bingo in Macon County is entirely relevant to the very heart of this litigation. Victoryland was going to apply for and eventually be granted the only facility to operate electronic bingo in Macon County. Its involvement in preparing or giving any input into the very Rules and Regulations that would be adopted (and amended) to govern applications and granting of such licenses is crucial to this case. The extent of influence and activities by Victoryland in this process goes to motive, intent and scheme to assure a monopoly on this activity and exclude other qualified and appropriate applicants. It is inconceivable that an appropriate claim of attorney-client privilege could be asserted and accepted by this Court where Sheriff Warren was using Fred Gray, Jr., as his attorney to draft Rules and Regulations and, at the same time, Victoryland was using Fred Gray, Jr., as its attorney to put forth drafts that were intended to benefit Victoryland as a client. Serving these two adverse masters/clients ( 1) licensing authority and 2) future applicant and monopoly holder cannot be condoned as a proper objection to these materials sought. A showing must be made that the licensing authority/Sheriff Warren) knew of this conflict and waived it with full understanding of its potential impact. No such showing or effort to explain how this could have been properly done has been presented in this case.

These objections should be disallowed and the material sought ordered to be produced. The conspiracy allegations make this material particularly and directly relevant to these proceedings.

REQUEST NO. 9:

"Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails electronic filed information concerning or related to any desire by this Defendant to have input or suggestion by any type with the Rules and Regulations for electronic bingo in Macon County, Alabama, through any means whatsoever from January, 1, 1999 up until the present."

RESPONSE:

"Victoryland objects to this request on the grounds that it is vague, unclear and ambiguous and overly broad, encompassing eight years. Victoryland reserves the right to make further objections once Plaintiff has clarified what it is seeking under this request.

ARGUMENT:

The request is clear and direct on the information being sought. This information is clearly relevant to the issues presented in this case. The same rationale for ordering its production as is set forth above applies to this relevant material.

REQUEST NO. 12:

"Please produce all documents, internal memos, notes, forecasts, correspondence, e-mails, electronic filed information regarding all financial information for this Defendant regarding the operation of electronic bingo in Macon

County, Alabama, from its inception at Victoryland until the present which show gross revenues, payments, profit, payments to charities or others."

RESPONSE:

"Victoryland objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland also objects to this request by a party that seeks to compete with Victoryland because it improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Victoryland further objects to this request on the grounds that it seeks personal, private proprietary and confidential information of non-parties, the disclosure of which would amount to an invasion of privacy."

ARGUMENT:

The financial information sought by this request is limited to the electronic bingo revenues, profits and payments at Victoryland. This material is relevant in showing the motive, intent and scheme to assure that Victoryland achieved and secured a monopoly on electronic bingo in Macon County. It also seeks to determine what actual benefit has been bestowed upon charities by this operation. This is not private or confidential information since it is subject to disclosure to the Sheriff of Macon County and is relevant to the issues in this suit.

REQUEST NO. 13:

"All documents and electronic filed information reflecting shareholders and

shares held by any shareholder in this Defendant from January 1, 1999 until the present."

RESPONSE:

"Victoryland objects to this request on the grounds that it seeks documents that are not relevant to any claim or defendant asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland further objects to this request on the grounds that it seek personal, private, proprietary and confidential information of non-parties, the disclosure of which would amount to an improper invasion of privacy."

ARGUMENT:

It is imperative that Plaintiff be allowed to determine the shareholders and shares held by these shareholders in Victoryland since electronic bingo was a potential part and then an actual part of this business. Plaintiff is entitled to this information to determine what interest Fred Gray and/or Fred Gray, Jr., or any person in that family had in this business. The use of Fred Gray, Jr., to draft Rules and Regulations for bingo licensing/operation in Macon County must be examined with regard to any attachment to a shareholder/shareholders of stock in Victoryland. This is clearly relevant to this case. Moreover, Plaintiff is entitled to know who are potential witnesses with information regarding the efforts of Victoryland to achieve and secure a monopoly in electronic bingo in Macon County.

INTERROGATORY NO. 16:

"All documents, drawings, photos, brochures, concerning planned or actual

electronic bingo at Victoryland from its inception to the present."

RESPONSE:

"Victoryland objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland also objects to this request by a party that seeks to compete (sic) with Victoryland because it improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Further, the request is overly broad and unduly burdensome."

ARGUMENT:

Since Victoryland holds a monopoly and there are regulatory concerns over the size and type oversight required by the Sheriff, this information is relevant. Moreover, photos of proposed expansion were shown to the Court by the Defendants at the hearing on the Motion to Dismiss. If it was relevant there, it should likewise be treated as relevant for discovery purposes. The Protective Order protects any proprietary or competitive concerns.

REQUEST NO. 19:

"All documents, internal memos, notes, calendars, minutes, agendas or materials of any nature whether on paper or electronic filed information regarding any face-to-face meetings or telephone conversations with any person or entity concerning electronic bingo in Macon County, Alabama, from January 1, 1999 until the present."

RESPONSE:

"Victoryland objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. In addition, this request is overly broad as written. Victoryland further objects to this request to the extent that it seeks material that is subject to the attorney-client privilege, the work product doctrine and/or confidential information that is protected under Rule 1.6 of the Alabama Rules of Professional

ARGUMENT:

This request is entirely relevant to the issues of this case and goes to the motive, intent or scheme of this Defendant and others to secure a monopoly on electronic bingo and excludes other qualified or appropriate applicants for that purpose. It is essential to see where and with whom such efforts were undertaken or discussed. It is inconceivable that meetings or discussions with Sheriff Warren or County Officials would not be discoverable regardless of where, when or in whose presence they took place.

REQUEST NO. 21:

"All presentations, hand-outs, power-point presentations or materials of any description presented by this Defendant to any group of shareholders or outside persons regarding electronic bingo in Macon County, Alabama, in any way from January 1, 1999 to the present."

RESPONSE:

"Victoryland objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland further objects to this request by a party that desires to compete with Victoryland because it improperly seeks commercial, proprietary, trade secret and competitive information, the disclosure of which would be harmful to Victoryland and its business. Further, as written, the request is overly broad and unduly burdensome."

ARGUMENT:

Plaintiff is entitled to discover whether any presentations discussed or referred to efforts to have input or influence in the drafting of Rules and Regulations in the licensing/operation of electronic bingo in Macon County. This material is relevant for motive, intent and scheme to influence the very process it would be navigating for application of a license and achieving a monopoly in electronic bingo. This material is specifically directed towards and reasonably calculated to lead to relevant information on the issues involved in this case. The Protective Order provides sufficient protection for business concerns.

REQUEST NO. 22:

"All documents, internal memos, notes, e-mails, electronic filed information or materials of any type reflecting any contact whatsoever between this Defendant (its agents and employees) and Sheriff Warren from January 1, 2002 until the present regarding any matter."

RESPONSE:

"Victoryland objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. In addition, Victoryland objects to this request on the grounds that it is overly broad and unduly burdensome."

ARGUMENT:

It is entirely relevant to the issues of this case to discover any contact, however vague, or disguised, with Sheriff Warren that took place in the time requested (January 1, 2002 until the present) while electronic bingo Rules and Regulations were being drafted, adopted and amended. The input or attempted influence by this Defendant is discoverable and relevant. Moreover, the frequency and substance of any such contact is likely to lead to the discovery of relevant information.

For the forgoing reasons, Plaintiff requests that the Court enter an Order compelling the production of the materials requested.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:       (205) 326-3336
Fax:         (205) 326-3332
E-mail:      sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

_____I hereby certify that on December 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:     (334) 269-2563
Facsimile:      (334) 269-2959
 E-mail:          fgray@glsmgn.com
                      jbibb@glsmgn.com
                      fgrayjr@glsmgn.com
                      thalia@glsmgn.com
(Attorney for Sheriff Warren)

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:     (334) 834-5311
Facsimile:      (334) 834-5362
E-mail:          janderson@beersanderson.com
                      wshaw@beersanderson.com
(Attorney for Sheriff Warren)

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:     (205) 323-1888
Facsimile:      (205) 323-8907
E-mail:          mwhite@waadlaw.com
                      adowd@waadlaw.com
                      rdepalma@waadlaw.com

(Attorneys for Macon County Greyhound Park, Inc.)

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:	(205) 251-1000
Facsimile:	(205) 324-1133
E-mail:	wms@hsy.com
	pcd@hsy.com
	pt@hsy.com
	kdd@hsy.com
(Attorneys for Macon County Greyhound Park, Inc.)

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:	(334) 532-3400
Facsimile:	(334) 532-3434
E-mail:	jbolton@sasserlawfirm.com
	cspencer@sasserlawfirm.com
(Attorneys for McGregor)

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:	(205) 986-3620
Facsimile:	(205) 986-3639
E-mail:	rks@spotswoodllc.com
	msansbury@spotswoodllc.com
(Attorney for other Plaintiffs)

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC

-13-

150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:    (334) 241-8002
Facsimile:    (334) 241-8202
E-mail:       glb@chlaw.com
(Attorney for Fred D. Gray; Fred D. Gray, Jr.;
Gray, Langford, Sapp, McGown, Gray, Gray & Nathanson)

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON, & GARRETT
184 Commerce Street
PO Box 270
Montgomery, AL 36101
Telephone:    (334) 206-3100
Facsimile:    (334) 481-0804
E-mail:       RGD@RSJG.com
(Attorney for Fred D. Gray, Jr.)

                                                      /s/ Stephen D. Heninger
                                                      STEPHEN D. HENINGER [ASB5227E685]