IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., ) ) ) ) Plaintiffs, ) ) v. ) ) DAVID WARREN, in his Official ) Capacity as the SHERIFF OF MACON ) COUNTY, et al., ) ) Defendants. ) ) | Case No.: 3:06-cv-01113-WKW-csc<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF SUBPOENAED
DOCUMENTS AND OPPOSITION IN RESPONSE TO
<u>FRED GRAY JR.'S MOTION TO PARTIALLY QUASH RULE 45 SUBPOENA</u>**

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure,[1] the Plaintiff Charities and Lucky Palace, LLC, (hereinafter, the "Plaintiffs") hereby move this Court to issue an Order compelling Fred Gray Jr. to respond in full to the Rule 45 subpoena. In support of this Motion, the Plaintiffs state as follows:

**INTRODUCTION**

On June 22, 2007, the Plaintiffs issued a subpoena to Fred Gray Jr. that contained fourteen separate requests for documents. (*See* Exhibit A.) Fred Gray Jr. responded to the subpoena with a Motion to Partially Quash Request Nos. 4, 7, 13, and 14. (DE 85.) The objections to these requests are baseless, and the Motion to Partially Quash is due to be denied.

---

[1] Rule 45(c)(2)(B) does not include the "meet and confer" requirements found in Rule 37(a)(2)(A). Fred Gray Jr. did not attempt to meet and confer with the Plaintiffs prior to filing his Motion to Partially Quash.

1

**ARGUMENT**

A.     <u>The communications between Fred Gray Jr. and VictoryLand are not privileged.</u>

    **Request No. 4:** Please produce any and all documents in your possession or control that contain any communication between you and any of VictoryLand's agents or attorneys regarding electronic bingo.

    **Response:** Produced. In addition to those documents produced in response to this request, Fred D. Gray, Jr. objects to this production of documents based upon attorney/client privilege and/or attorney work product. One document is identified as a ten-page copy of the First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, which contains several handwritten notes by either the attorneys or their client, David Warren. The privilege is claimed by Defendant David Warren. The second document is dated January 8, 2007, and is a letter from Fred Gray, Jr. and attorneys for VictoryLand and is work product of both Fred Gray, Jr. and David Warren (Bates Nos. FGJ0001-0027). The third document is a letter dated January 17, 2007, from attorneys for VictoryLand to Fred Gray, Jr. and is work product of both Fred Gray, Jr. and David Warren (Bates Nos. FGJ0066-0156).

    The only objection to this Request is based on attorney/client privilege and attorney work product. However, there can be no valid privilege objection to Request No. 4, which seeks communications between Fred Gray, Jr. and VictoryLand.

    First, Fred Gray, in his sworn affidavit, stated that Fred Gray Jr. has not represented VictoryLand in seven years. (DE 62 Ex. A at 3.) Accordingly, there is no privilege between Fred Gray Jr. and VictoryLand.

    Second, while there may be a privilege between Fred Gray Jr. and David Warren, any such privilege was waived when the documents were shared with VictoryLand, a party outside of the privilege. *See McClary v. Walsh*, 202 F.R.D. 286, 290 (N.D. Ala. 2000); *see also Lynch v. Hamrick* 2007 WL 1098574, *3 (Ala. April 13, 2007) (holding that a person waives the privilege if the person voluntarily discloses or consents to disclosure of any significant part of the privileged matter.)

2

Third, a letter drafted by attorneys for VictoryLand cannot be the work product of Fred Gray Jr., since it is not his work. It certainly cannot be the work product of David Warren because David Warren is not an attorney.

**B.    Communications between Fred Gray Jr. and Fred Gray are not privileged.**

> **Request No. 7:** Please produce any and all documents in your possession or control that contain any communication between you and Fred Gray regarding electronic bingo.
>
> **Response:** Fred D. Gray Jr. objects to the production of documents responsive to Request Number 7 on the grounds that such document is protected by the attorney/client privilege or under the attorney work product doctrine. Without waiving said objection, Fred D. Gray, Jr. describes said document as follows: An internal memorandum from Fred D. Gray to Fred dated May 2, 2006. The privilege and work product doctrine are claimed by the Defendant David Warren.

Again, the only objection to this Request is based on attorney/client privilege and attorney work product. However, there can be no valid privilege objection to Request No. 7, which seeks communications between Fred Gray Jr. and Fred Gray.

Fred Gray has sworn that he "was not involved" with the promulgation of the Rules and Regulations governing electronic bingo.[2] (DE 62 Ex. A at 2.) Therefore, any communications between Fred Gray Jr. and Fred Gray regarding electronic bingo were not privileged. Furthermore, with respect to privileged communications between Warren and Fred Gray Jr., the privilege was waived when those communications were shared with Fred Gray. *See McClary v. Walsh*, 202 F.R.D. 286, 290 (N.D. Ala. 2000).

---

[2] Indeed, Fred Gray could not have ethically represented Warren because his representation would be materially limited. *See* Ala. R. Prof. Conduct 1.7(b). Fred Gray is an investor in VictoryLand and has a financial interest in VictoryLand's continued monopoly. (DE 67 at ¶ 29.) This material limitation on Fred Gray was not disclosed to Warren. (DE 83 Ex. A.) Accordingly, Fred Gray Jr.'s efforts to withhold internal documents between himself and Fred Gray on the basis of privilege are disingenuous and lend weight to the Plaintiffs' conspiracy claims.

3

**C.    The objections to Request Nos. 13 and 14 are invalid.**

**Request No. 13:** Please produce any and all documents in your possession or control that refer or relate to distribution of funds received by the Gray Law Firm to its shareholders.

**Response:** Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45(c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in item number 13 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.

***

**Request No. 14**: Please produce all federal and state tax returns filed by you since January 1, 2003.

**Response:** See response to number 13 above, which is specifically incorporated herein by reference**.**

Fred Gray Jr.'s motion to quash and his objections to these Requests are invalid and due to be overruled.

First, Request Nos. 13 and 14 are reasonably calculated to lead to the discovery of admissible evidence. The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Indeed, Rule 26(b) makes discoverable any information "regarding any matter, not privileged, that is relevant to the claim or defense of any party," including non-admissible relevant evidence that is "reasonably calculated to lead to the discovery of admissible evidence." *Braxton v. Farmer's Ins. Group*, 209 F.R.D. 651, 652 -653 (N.D. Ala. 2002) (internal citations omitted). Under these standards, Request Nos. 13 and 14 are clearly relevant to this lawsuit, and this Court should enter an order requiring their production.

Request Nos. 13 and 14 are relevant for the same basic reason: They will demonstrate that Fred Gray Jr. received a share of any money that the Gray Law Firm received from Milton McGregor

4

and VictoryLand. As alleged in the Complaint, that money had value in the mind of Fred Gray Jr. and thus constitutes a "thing of value" for the purposes of the Alabama bribery statute. (DE 67 at ¶¶ 74 & 75.) In addition, evidence that Fred Gray Jr. received money from McGregor and VictoryLand will be admissible to show that Fred Gray Jr. had a motive to structure the Rules and Regulations in a manner favorable to McGregor and VictoryLand and, ultimately, to grant VictoryLand a monopoly on the operation of electronic bingo in Macon County.

These relevant Requests are also properly limited in both time and scope. Request Nos. 13 and 14 seek specific documents and are limited to specific time periods not exceeding four years. Moreover, the Requests are narrowly tailored and proper under Rule 45.

The Requests are neither expensive nor unduly burdensome, and Fred Gray Jr. did not meet its burden to specify otherwise. *See, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991). In any event, the Plaintiffs' requests seek only information regarding the distribution of funds to shareholders and federal and state tax returns. Fred Gray Jr. should be able to locate and produce those documents with relative ease.

The Requests were not issued for the purposes of harassment. The requested information is relevant and not obtainable by other means. Furthermore, the information cannot be used for harassment because any documents produced will be shielded from public view by the protective order entered in this case.

WHEREFORE, the Plaintiffs request that this Court enter an Order compelling Fred Gray Jr. to produce any and all documents responsive to the Rule 45 subpoena issued by the Plaintiffs.

Respectfully submitted the 21st day of December 2007,

    s/ Stephen D. Heninger
Stephen D. Heninger (ASB5227E685)
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:   (205) 326-3336
Facsimile:   (205) 326-3332
E-mail: sheninger@hgdlawfirm.com

*One of the Attorneys for Lucky Palace, LLC*

/s/ Robert K. Spotswood
/s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203-3329
Telephone:   (205) 986-3620
Facsimile:   (205) 986-3639
E-mail: rks@spotswoodllc.com
    msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on December 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Fred David Gray, Esq.<br>Fred David Gray Jr., Esq.<br>Gray, Langford, Sapp, McGowan, Gray,<br>    Gray & Nathanson PC<br>P.O. Box 830239<br>Tuskegee, AL 36083-0239<br>E-mail: fgray@glsmgn.com<br>          jbibb@glsmgn.com<br>          fgrayjr@glsmgn.com<br>          thalia@glsmgn.com | James H. Anderson, Esq.<br>Ryan Wesley Shaw, Esq.<br>Beers, Anderson, Jackson, Patty, Van Heest &<br>    Fawal PC<br>P.O. Box 1988<br>Montgomery, AL 36102<br>E-mail:   janderson@beersanderson.com<br>             wshaw@beersanderson.com |
| John Mark White, Esq.<br>Augusta S. Dowd, Esq.<br>Rebecca DePalma, Esq.<br>White, Arnold, Andrews & Dowd<br>2025 Third Avenue North<br>Suite 600<br>Birmingham, AL 35203<br>E-mail: mwhite@waadlaw.com<br>          adowd@waadlaw.com<br>          rdepalma@waadlaw.com | William M. Slaughter, Esq.<br>Patricia C. Diak, Esq.<br>Peter John Tepley, Esq.<br>Khristi Doss Driver, Esq.<br>Haskell, Slaughter, Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203<br>E-mail: wms@hsy.com<br>          pcd@hsy.com<br>          pt@hsy.com<br>          kdd@hsy.com |
| John M. Bolton III, Esq.<br>Charlanna White Spencer, Esq.<br>Sasser, Bolton & Sefton PC<br>PO Box 242127<br>Montgomery, AL 36124-2127<br>E-mail: jbolton@sasserlawfirm.com<br>          cspencer@sasserlawfirm.com | Stephen D. Heninger<br>W. Lewis Garrison Jr.<br>HENINGER GARRISON DAVIS LLC<br>2224 1st Avenue North<br>Birmingham, Alabama 35203<br>E-mail:   steve@hgdlawfirm.com<br>             lewis@hgdlawfirm.com |
| George L. Beck, Jr.<br>Capell Howard PC<br>PO Box 2069<br>Montgomery, AL 36102-2069<br>E-mail:   glb@chlaw.com | |

                                                         s/ Michael T. Sansbury
                                                         OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, et al. | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF ISSUANCE OF SUBPOENA
TO FRED D. GRAY, JR.**

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff Charities will issue a subpoena to Fred D. Gray, Jr., commanding him to produce certain documents and materials. A copy of the subpoena is attached hereto as Exhibit A.

DATED: June 22, 2007.

_____
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:      rks@spotswoodllc.com
               msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

1

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 22nd day of June 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239
E-mail:    fgray@glsmgn.com
            jbibb@glsmgn.com
            fgrayjr@glsmgn.com
            thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail:    wms@hsy.com
            pcd@hsy.com
            pt@hsy.com
            kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL 35203
E-mail:    mwhite@waadlaw.com
            adowd@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton, Stidham & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:    jbolton@sasserlawfirm.com
            cspencer@sasserlawfirm.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal PC
P.O. Box 1988
Montgomery, AL 36102
E-mail:    janderson@beersanderson.com
            wshaw@beersanderson.com

                                s/ Michael T. Sansbury
                                OF COUNSEL

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | ALABAMA |
|---|---|---|

| | |
|---|---|
| Hope for Families & Community Services, Inc., et al.<br><br>V.<br><br>David Warren, et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 3:06-cv-01113-WKW-csc |

TO: Fred D. Gray, Jr.
Gray Langford Sapp McGowan Gray Gray & Nathanson PC
108 Eastside St.
Tuskegee, AL 36083-0239

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A for Instructions and Definitions and Document to be Produced

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/22/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert K. Spotswood, SPOTSWOOD SANSOM & SANSBURY LLC, 2100 3rd Ave N Ste 940, Birmingham, AL  35203
(205) 986-3621

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                    DATE                                    SIGNATURE OF SERVER

                                                           _____
                                                           ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT A

(Attachment to Fred D. Gray Jr. Subpoena)

INSTRUCTIONS AND DEFINITIONS

1. The terms "you," "your," and "Fred Gray Jr." shall mean and refer to Mr. Fred D. Gray Jr.

2. The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3. The term the "Gray Law Firm" shall refer to Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C., any affiliated companies, and any investors, employees, agents, or representatives of the Gray Law Firm or its affiliates.

4. This subpoena for documents shall apply not only to documents directly in the possession of Fred Gray Jr. but also to documents in the possession of others as to which Fred Gray Jr. has access, including but not limited to documentation in the possession of any of Fred Gray Jr.'s employees, accountants, attorneys and relatives.

5. Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.   This subpoena for documents pursuant to Rule 45, Federal Rules of Civil Procedure, is intended to be of a continuing nature. If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.   If you claim or contend that any of the documents hereby subpoenaed are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.   The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.   The Plaintiffs request that the documents be tendered by Monday, July 23, 2007, at 5:00 PM to Sheila Carmichael, BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104. The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties. For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media. Please "Bates Number" each page of every document you produce in response to this subpoena, whereby "GRAYJR 00001" would be

indicated on the first page of the first document produced, "GRAYJR 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. Please produce any and all documents in your possession or control that contain any communication between you and Milton McGregor regarding electronic bingo.

2. Please produce any and all documents in your possession or control that contain any communication between you and any of Milton McGregor's agents or attorneys regarding electronic bingo.

3. Please produce any and all documents in your possession or control that contain any communication between you and VictoryLand regarding electronic bingo.

4. Please produce any and all documents in your possession or control that contain any communication between you and any of VictoryLand's agents or attorneys regarding electronic bingo.

5. Please produce any and all documents in your possession or control that contain any communication between you and Tuskegee Human and Civil Rights Multicultural Center regarding electronic bingo.

6. Please produce any and all documents in your possession or control that contain any communication between you and any of Tuskegee Human and Civil Rights Multicultural Center's agents or attorneys regarding electronic bingo.

7. Please produce any and all documents in your possession or control that contain any communication between you and Fred D. Gray regarding electronic bingo.

8. Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Milton McGregor or any corporation in which Milton McGregor is a shareholder, director or officer.

9. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, from any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

10. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, from any corporation in which Milton McGregor is an officer, director, shareholder, or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

11. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, by any business in which Milton McGregor is the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

12. Please produce any and all documents in your possession or control that refer or relate to the structure of the Gray Law Firm, including, but not limited to, articles of incorporation, by-laws, and shareholder agreements.

13. Please produce any and all documents in your possession or control that refer or relate to the distribution of funds received by the Gray Law Firm to its shareholders.

14. Please produce all federal and state tax returns filed by you since January 1, 2003.