IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-csc ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF SUBPOENAED
DOCUMENTS AND OPPOSITION IN RESPONSE TO
<u>FRED D. GRAY'S MOTION TO PARTIALLY QUASH RULE 45 SUBPOENA</u>**

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure,[1] the Plaintiff Charities and Lucky Palace, LLC, (hereinafter, the "Plaintiffs") hereby move this Court to issue an Order compelling Fred Gray Jr. to respond in full to the Rule 45 subpoena. In support of this Motion, the Plaintiffs state as follows:

1.     On June 22, 2007, Plaintiffs issued a subpoena to Fred Gray pursuant to <u>FRCP</u>, Rule 45. (*See* Exhibit A.) Fred Gray responded to the subpoena with a Motion to Partially Quash and by stating the boilerplate objections to Request Nos. 19-22, 24 and 26-28. (DE 86.) Fred Gray's boilerplate and identical objections to the requests are baseless and due to be denied. The specific Requests and Fred Gray's responses are set forth below:

---

[1] Rule 45(c)(2)(B) does not include the "meet and confer" requirements found in Rule 37(a)(2)(A). Fred Gray did not attempt to meet and confer with the Plaintiffs prior to filing his Motion to Partially Quash.

1

**Request No 19:** Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Milton McGregor or any corporation in which Milton McGregor is a shareholder, director or officer.

**Response:** Fred D. Gray objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item number 19 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.

***

**Request No 20:** Please produce any and all documents in your possession or control that refer or relate to in any way to any benefit received by you, your relatives, partners or associates, from any officer, director, shareholder. Employee or any other person or entity associated with VictoryLand, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

***

**Request No 21:** Please produce any and all documents in your possession or control that refer or relate to in any way to any benefit received by you, your relatives, partners or associates, from any corporation in which Milton McGregor is an officer, director, shareholder or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

***

**Request No 22:** Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, by any business in which Milton McGregor is the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including

payments made ro a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

\*\*\*

**Request No. 24:** Please produce any and all documents in your possession or control that refer or relate to distribution of funds received by the Gray Law Firm to its shareholders.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

\*\*\*

**Request No. 26:** Please produce all federal and state tax returns filed by you since January 1, 2003.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

\*\*\*

**Request No. 27:** Please produce any and all documents related to your last will and testament and any and all trusts or other estate plans in which Fred Gray Jr. is named beneficiary.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

\*\*\*

**Request No. 28:** Please produce any and all documents related to any gifts or loans you have made to Fred Gray, Jr.

**Response:** See response to Request Number 19, which is specifically incorporated herein by reference.

2. As an initial matter, all objections made pursuant to FRCP, Rule 45 (c)(3)(a)(iii) are due to be rejected. First, Fred Gray makes no specific objections on the basis of any privilege or protected matter and does not identify which specific documents are privileged. Second, these Requests relate to money and other benefits flowing between McGregor, VictoryLand, the Gray Law Firm, Fred Gray, and Fred Gray Jr., not to any advice or other communications that may be flowing

3

between them. Accordingly, the documents requested are not privileged. *See, e.g., O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001) ("[I]t is the law of this circuit that information involving receipt of attorneys' fees from a client is not generally privileged.") (citing *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982) (citing *United States v. Jones (In re Grand Jury Proceedings)*, 517 F.2d 666 (5th Cir. 1975))).

3.  Fred Gray's relevancy objections should also be rejected. The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Indeed, Rule 26(b) makes discoverable any information "regarding any matter, not privileged, that is relevant to the claim or defense of any party," including non-admissible relevant evidence that is "reasonably calculated to lead to the discovery of admissible evidence." *Braxton v. Farmer's Ins. Group*, 209 F.R.D. 651, 652 -653 (N.D. Ala. 2002) (internal citations omitted). The requests are clearly relevant to this lawsuit.

> **a.    Request Nos. 19-22 seek documents showing Fred Gray's interest in property owned by Milton McGregor and benefits received by Fred Gray from Milton McGregor.**

Request Nos. 19-22 and 26 are all relevant for the same basic reason: They will demonstrate the transfer of money or other benefits to Fred Gray. As alleged in the Complaint, such benefits would have value in the mind of Fred Gray Jr. (DE 67 at ¶ 75)—and thus constitute "things of value" for the purposes of the Alabama bribery statute (DE 67 at ¶ 74)—because, at the very least, Fred Gray Jr. has an interest in his father's financial security and happiness. In addition, such evidence would be admissible to show that Fred Gray Jr. had a motive to structure the Rules and Regulations in a manner favorable to McGregor and VictoryLand and, ultimately, to grant VictoryLand a monopoly on the operation of electronic bingo in Macon County.

      **b.    Request Nos. 24 and 27-28 seek documents showing the distribution of benefits to Fred Gray Jr.**

As discussed above, the financial wellbeing of Fred Gray is valuable to Fred Gray Jr., but it may not be only intangibly valuable. The documents and information sought in Request Nos. 24 and 27-28 would show whether Fred Gray Jr. has a direct interest in his father's financial ties with VictoryLand and McGregor. Such evidence would be admissible to demonstrate that Fred Gray Jr. received "things of value" and that he had a motive to structure the Rules and Regulations in a manner favorable to McGregor and VictoryLand and, ultimately, to grant VictoryLand a monopoly on the operation of electronic bingo in Macon County.

4.    The requests are properly limited in both time and scope. The requests seek specific documents and are limited to matters relevant to this litigation. The Requests are also narrowly tailored and proper under FRCP, Rule 45.

5.    The requests are neither expensive nor unduly burdensome, and Fred Gray did not meet his burden to specify otherwise. *See, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991). In any event, the Plaintiffs' requests seek only information that Fred Gray should be able to locate and produce with relative ease.

6.    The requests were not issued for the purposes of harassment. The Requests only seek information that is clearly relevant to this litigation, and the requested information is not obtainable by other means. Furthermore, the information cannot be used for harassment because any documents produced will be shielded from public view by the protective order entered in this case.

WHEREFORE, the Plaintiffs request that this Court enter an Order compelling Fred Gray to produce any and all documents responsive to the Plaintiffs' Rule 45 subpoena.

Respectfully submitted the 21st day of December 2007,

        s/ Stephen D. Heninger
        Stephen D. Heninger (ASB5227E685)
        HENINGER GARRISON DAVIS, LLC
        2224 1st Avenue North
        Birmingham, Alabama 35203
        Telephone:   (205) 326-3336
        Facsimile:    (205) 326-3332
        E-mail: sheninger@hgdlawfirm.com

*One of the Attorneys for Lucky Palace, LLC*

        /s/ Robert K. Spotswood
        /s/ Michael T. Sansbury
        Robert K. Spotswood (SPO 001)
        Michael T. Sansbury (SAN 054)
        SPOTSWOOD SANSOM & SANBURY, LLC
        940 Concord Center
        2100 Third Avenue North
        Birmingham, AL 35203-3329
        Telephone:   (205) 986-3620
        Facsimile:    (205) 986-3639
        E-mail: rks@spotswoodllc.com
                msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson PC
P.O. Box 830239
Tuskegee, AL  36083-0239
E-mail: fgray@glsmgn.com
jbibb@glsmgn.com
fgrayjr@glsmgn.com
thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest & Fawal PC
P.O. Box 1988
Montgomery, AL  36102
E-mail: janderson@beersanderson.com
wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue North
Suite 600
Birmingham, AL  35203
E-mail: mwhite@waadlaw.com
adowd@waadlaw.com
rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
E-mail: wms@hsy.com
pcd@hsy.com
pt@hsy.com
kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail: jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

Stephen D. Heninger
W. Lewis Garrison Jr.
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, Alabama 35203
E-mail: steve@hgdlawfirm.com
lewis@hgdlawfirm.com

George L. Beck, Jr.
Capell Howard PC
PO Box 2069
Montgomery, AL 36102-2069
E-mail: glb@chlaw.com

s/ Michael T. Sansbury
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-csc ) |
| DAVID WARREN, et al. | ) ) |
| Defendant. | ) ) |

NOTICE OF ISSUANCE OF SUBPOENA
TO FRED D. GRAY

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff Charities will issue a subpoena to Fred D. Gray, commanding him to produce certain documents and materials. A copy of the subpoena is attached hereto as Exhibit A.

DATED: June 22, 2007.

_____
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:    rks@spotswoodllc.com
           msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

1

# CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 22nd day of June 2007:

| | |
|---|---|
| Fred David Gray, Esq.<br>Fred David Gray Jr., Esq.<br>Gray, Langford, Sapp, McGowan, Gray & Nathanson<br>P.O. Box 830239<br>Tuskegee, AL 36083-0239<br>E-mail:    fgray@glsmgn.com<br>                jbibb@glsmgn.com<br>                fgrayjr@glsmgn.com<br>                thalia@glsmgn.com | William M. Slaughter, Esq.<br>Patricia C. Diak, Esq.<br>Peter John Tepley, Esq.<br>Khristi Doss Driver, Esq.<br>Haskell, Slaughter, Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203<br>E-mail:    wms@hsy.com<br>                pcd@hsy.com<br>                pt@hsy.com<br>                kdd@hsy.com |
| John Mark White, Esq.<br>Augusta S. Dowd, Esq.<br>White, Arnold, Andrews & Dowd<br>2025 Third Avenue, North<br>Suite 600<br>Birmingham, AL 35203<br>E-mail:    mwhite@waadlaw.com<br>                adowd@waadlaw.com | John M. Bolton III, Esq.<br>Charlanna White Spencer, Esq.<br>Sasser, Bolton, Stidham & Sefton PC<br>PO Box 242127<br>Montgomery, AL 36124-2127<br>E-mail:    jbolton@sasserlawfirm.com<br>                cspencer@sasserlawfirm.com |
| James H. Anderson, Esq.<br>Ryan Wesley Shaw, Esq.<br>Beers, Anderson, Jackson, Patty, Van Heest & Fawal PC<br>P.O. Box 1988<br>Montgomery, AL 36102<br>E-mail:    janderson@beersanderson.com<br>                wshaw@beersanderson.com | |

                                        s/ Michael T. Sansbury_____
                                        OF COUNSEL

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

|  MIDDLE  | DISTRICT OF | ALABAMA |
| --- | --- | --- |

| Hope for Families & Community Services, Inc., et al. | **SUBPOENA IN A CIVIL CASE** |
| --- | --- |
| V. | |
| David Warren, et al. | Case Number:[1]  3:06-cv-01113-WKW-csc |

TO:  Fred D. Gray
Gray Langford Sapp McGowan Gray Gray & Nathanson PC
108 Eastside St.
Tuskegee, AL  36083-0239

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A for Instructions and Definitions and Document to be Produced

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Robert K. Spotswood* | 6/22/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert K. Spotswood, SPOTSWOOD SANSOM & SANSBURY LLC, 2100 3rd Ave N Ste 940, Birmingham, AL  35203
(205) 986-3621

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
        (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
        (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
        (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
        (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT A

(Attachment to Fred D. Gray Subpoena)

INSTRUCTIONS AND DEFINITIONS

1. The terms "you," "your," and "Mr. Gray" shall mean and refer to Mr. Fred D. Gray.

2. The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3. The term the "Gray Law Firm" shall refer to Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C., any affiliated companies, and any investors, employees, agents, or representatives of the Gray Law Firm or its affiliates.

4. This subpoena for documents shall apply not only to documents directly in the possession of Mr. Gray but also to documents in the possession of others as to which Mr. Gray has access, including but not limited to documentation in the possession of any of Mr. Gray's employees, accountants, attorneys and relatives.

5. Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.      This subpoena for documents pursuant to Rule 45, Federal Rules of Civil Procedure, is intended to be of a continuing nature. If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

7.      If you claim or contend that any of the documents hereby subpoenaed are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

8.      The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

9.      The Plaintiffs request that the documents be tendered by Monday, July 23, 2007, at 5:00 PM to Sheila Carmichael, BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104. The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties. For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media. Please "Bates Number" each page of every document you produce in response to this subpoena, whereby "GRAY 00001" would be

indicated on the first page of the first document produced, "GRAY 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. Please produce any and all documents in your possession or control that reflect or relate to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama, including the original version of such policies, procedures and/or practices and any amendments or revisions thereto.

2. Please produce any and all documents in your possession or control that reflect or relate to the history and/or purpose of bingo regulations pertaining to Macon County, Alabama.

3. Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including VictoryLand.

4. Please produce any and all documents in your possession or control that reflect or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

5. Please produce any and all documents in your possession or control that reflect or relate to HB 17, a bill submitted by Pebblin W. Warren in the Alabama House of Representatives, which sought to amend Amendment 744 to incorporate the Second Amended and Restated Bingo Regulations for Macon County, Alabama.

6. Please produce any and all documents in your possession or control that reflect or relate to any communication with any member of the Alabama legislature, including staff members of any legislator, related to the policies, procedures and/or practices regarding the issuance of bingo licenses in Macon County, Alabama.

    7.     Please produce any and all documents in your possession or control that reflect or relate to any commentary or statements made by you regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

    8.     Please produce any and all documents in your possession or control that reflect or relate to the cap on the issuance of bingo licenses at sixty (60), including but not limited to the reasons for placing a cap on the issuance of bingo licenses at sixty (60) and any research, study or investigation conducted by you or others regarding placing a cap on the issuance of bingo licenses.

    9.     Please produce any and all documents in your possession or control that contain any communication between you and Defendant Warren regarding the policies, procedures and/or practices related to the issuance of bingo licenses in Macon County, Alabama.

    10.    Please produce any and all documents in your possession or control that contain any communication between you and Milton McGregor regarding electronic bingo.

    11.    Please produce any and all documents in your possession or control that contain any communication between you and VictoryLand regarding electronic bingo.

    12.    Please produce any and all documents in your possession or control that contain any communication between you and any of Milton McGregor's agents or attorneys regarding electronic bingo.

    13.    Please produce any and all documents in your possession or control that contain any communication between you and any of VictoryLand's agents or attorneys regarding electronic bingo.

14. Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

15. Please produce any and all documents in your possession or control that refer or relate in any way, either directly or indirectly, to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

16. Please produce any and all documents in your possession or control that contain any communication between you or Defendant and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

17. Please produce any and all documents in your possession or control that contain any communication between you or Defendant and Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives, specifically regarding Plaintiffs' applications for bingo licenses.

18. To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or recordings of phone conversations) between you or anyone in your employ or under your control and any non-party to this lawsuit that in any way refer to Plaintiffs, Lucky Palace, Inc., and/or their attorney(s), employers, employees, agents, representatives, or relatives.

19. Please produce any and all documents in your possession or control that refer or relate in any way to any interest you have in any entity or property owned or operated by Milton McGregor or any corporation in which Milton McGregor is a shareholder, director or officer.

20. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, from any officer, director, shareholder, employee or any other person or entity associated with VictoryLand, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions including payments made to a Political Action Committee, business transactions, transportation services, vacations, privileges at VictoryLand or any other form of tangible or intangible property or service.

21. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, from any corporation in which Milton McGregor is an officer, director, shareholder, or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

22. Please produce any and all documents in your possession or control that refer or relate in any way to any benefit received by you, your relatives, partners or associates, by any business in which Milton McGregor is the owner, sole proprietor, partner, member, manager or employee, either directly or indirectly, including but not limited to gifts, gratuities, political campaign contributions, including payments made to a Political Action Committee, business transactions, transportation services, vacations, or any other form of tangible or intangible property or service.

23. Please produce any and all documents in your possession or control that refer or relate to the structure of the Gray Law Firm, including, but not limited to, articles of incorporation, by-laws, and shareholder agreements.

24. Please produce any and all documents in your possession or control that refer or relate to the distribution of funds received by the Gray Law Firm to its shareholders.

25. Please produce any and all documents in your possession or control that refer or relate to any federal or state investigation of VictoryLand regarding its participation in electronic bingo.

26. Please produce all federal and state tax returns filed by you since January 1, 2003.

27. Please produce any and all documents related to your last will and testament and any and all trusts or other estate plans in which Fred Gray Jr. is a named beneficiary.

28. Please produce any and all documents related to any gifts or loans you have made to Fred Gray Jr.