IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | Case No.: 3:06-cv-01113-WKW-csc |
| ) | |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) ) | |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF SUBPOENAED
DOCUMENTS AND OPPOSITION IN RESPONSE TO
<u>THE GRAY LAW FIRM'S MOTION TO PARTIALLY QUASH RULE 45 SUBPOENA</u>**

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure,[1] the Plaintiff Charities and Lucky Palace, LLC, (hereinafter, the "Plaintiffs") hereby move this Court to issue an Order compelling Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C., (hereinafter the "Gray Law Firm") to respond in full to the Rule 45 subpoena. In support of this Motion, the Plaintiffs state as follows:

     1.     On June 22, 2007, the Plaintiffs issued a subpoena to The Gray Law Firm that contained five separate requests for documents. (*See* Exhibit A.) The Gray Law Firm responded to the subpoena by filing a Motion to Partially Quash and by stating the boilerplate objections to Request

---

[1] Rule 45(c)(2)(B) does not include the "meet and confer" requirements found in Rule 37(a)(2)(A). The Gray Law Firm did not attempt to meet and confer with the Plaintiffs prior to filing its Motion to Partially Quash.

1

Nos. 2-5 of that subpoena.[2] (DE 87.) The Requests and Responses are set forth below:

**Request No. 2**: Please produce any and all documentation in your possession or control that refer or relate to the distribution of funds received by the Gray Law Firm to its shareholders.

**Response:** The Gray Firm objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item number 2 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.

***

**Request No. 3**: Please produce any and all documentation in your possession or control that refer or relate to the receipt of legal fees from VictoryLand since January 1, 2003.

**Response:** The Gray Firm objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item number 2 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.

***

**Request No. 4**: Please produce any and all documentation in your possession or control that refer or relate to the receipt of legal fees from Milton McGregor since January 1, 2003.

**Response:** The Gray Firm objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item number 2 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.

***

**Request No. 5**: Please produce any and all federal and state tax returns filed by the Gray Law Firm since January 1, 2003.

---

[2] The Gray Law Firm produced documents in response to subpoena Request No. 1.

**Response:** The Gray Firm objects to this request pursuant to FRCP 45(c)(3)(A)(iii)(iv) and pursuant to FRCP 45 (c)(2)(B), and in the alternative, moves to quash this portion of the subpoena on the grounds that the information sought in Item number 2 is unduly burdensome; overly broad in scope and time; not reasonably calculated to lead to admissible evidence; is protected from disclosure by a constitutional right to privacy; is requested for the purpose of harassment, and is otherwise unduly time-consuming, expensive and burdensome.

2. The Gray Law Firm's boilerplate and identical objections to Request Nos. 2-5 of the subpoena are baseless and due to be denied.

3. The objections made pursuant to Rule 45(c)(3)(a)(iii) are due to be rejected. First, the Gray Law Firm makes no specific objections on the basis of any privilege or protected matter and does not identify which specific documents are privileged. Second, Request Nos. 2 and 5 relate to the finances of the Gray Law Firm, not to any advice that its attorneys may have given, and the Gray Law Firm's internal financial information is not attorney-client privileged. Third, Request Nos. 3 and 4 relate to legal fees paid by McGregor and VictoryLand, and "it is the law of this circuit that information involving receipt of attorneys' fees from a client is not generally privileged." *O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001) (citing *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982) (citing *United States v. Jones (In re Grand Jury Proceedings)*, 517 F.2d 666 (5th Cir. 1975))).

4. The Gray Law Firm also objects to Request Nos. 2-5 on the grounds that they are not reasonably calculated to lead to the discovery of admissible evidence. However, the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Indeed, Rule 26(b) makes discoverable any information "regarding any matter, not privileged, that is relevant to the claim or defense of any party," including non-admissible relevant evidence that is "reasonably calculated to lead to the discovery of admissible evidence." *Braxton v. Farmer's Ins. Group*, 209 F.R.D. 651, 652

-653 (N.D. Ala. 2002) (internal citations omitted). Under these standards, Request Nos. 2-5 are clearly relevant to this lawsuit, and this Court should enter an order requiring their production.

5. Request Nos. 2-5 are all relevant for the same basic reason: They will demonstrate the payment of money by Milton McGregor and VictoryLand to the Gray Law Firm and the payment of a share of that money to Fred Gray Jr., a shareholder in the Gray Law Firm. As alleged in the Complaint, that money had value in the mind of Fred Gray Jr. and thus constitutes a "thing of value" for the purposes of the Alabama bribery statute. (DE 67 at ¶¶ 74 & 75.) In addition, evidence that Fred Gray Jr. received money from McGregor and VictoryLand will be admissible to show that Fred Gray Jr. had a motive to structure the Rules and Regulations in a manner favorable to McGregor and VictoryLand and, ultimately, to grant VictoryLand a monopoly on the operation of electronic bingo in Macon County.

6. These relevant Requests are also properly limited in both time and scope. Request Nos. 2-5 seek specific documents and are limited to specific time periods not exceeding four years. Moreover, the Requests are narrowly tailored and proper under Rule 45.

7. The Gray Law Firm objects to the subpoena on the grounds it is expensive, burdensome and issued for the purpose of harassment. These objections are unfounded and should be overruled.

8. First, the requests are neither expensive nor unduly burdensome, and the Gray Law Firm did not meet its burden to specify otherwise. *See, e.g., Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991). In any event, the Plaintiffs' requests seek only information regarding the distribution of funds to shareholders, the receipt of legal fees from VictoryLand and Milton McGregor, and federal and state tax returns. In a modern day law practice, these documents should be easily accessible in the firm's document management system. Even if the documents are

4

not accessible through a computer database, the Gray Law Firm should be able to locate and produce those documents with relative ease.

9.   Second, the requests were not issued for the purposes of harassment. The subpoena contained only five Requests—all of which seek information that is clearly relevant to this litigation—and the requested information is not obtainable by other means. Furthermore, the information cannot be used for harassment because any documents produced will be shielded from public view by the protective order entered in this case.

WHEREFORE, the Plaintiffs request that this Court enter an Order compelling the Gray Law Firm to produce any and all documents responsive to the Plaintiffs' Rule 45 subpoena.

Respectfully submitted the 21st day of December 2007,

s/ Stephen D. Heninger
Stephen D. Heninger (ASB5227E685)
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:   (205) 326-3336
Facsimile:   (205) 326-3332
E-mail: sheninger@hgdlawfirm.com

*One of the Attorneys for Lucky Palace, LLC*

/s/ Robert K. Spotswood
/s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury  (SAN 054)
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203-3329
Telephone:   (205) 986-3620
Facsimile:   (205) 986-3639
E-mail: rks@spotswoodllc.com
             msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that, on December 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Fred David Gray, Esq.<br>Fred David Gray Jr., Esq.<br>Gray, Langford, Sapp, McGowan, Gray,<br>    Gray & Nathanson PC<br>P.O. Box 830239<br>Tuskegee, AL  36083-0239<br>E-mail: fgray@glsmgn.com<br>          jbibb@glsmgn.com<br>          fgrayjr@glsmgn.com<br>          thalia@glsmgn.com | James H. Anderson, Esq.<br>Ryan Wesley Shaw, Esq.<br>Beers, Anderson, Jackson, Patty, Van Heest &<br>    Fawal PC<br>P.O. Box 1988<br>Montgomery, AL  36102<br>E-mail:    janderson@beersanderson.com<br>           wshaw@beersanderson.com |
| John Mark White, Esq.<br>Augusta S. Dowd, Esq.<br>Rebecca DePalma, Esq.<br>White, Arnold, Andrews & Dowd<br>2025 Third Avenue North<br>Suite 600<br>Birmingham, AL  35203<br>E-mail: mwhite@waadlaw.com<br>          adowd@waadlaw.com<br>          rdepalma@waadlaw.com | William M. Slaughter, Esq.<br>Patricia C. Diak, Esq.<br>Peter John Tepley, Esq.<br>Khristi Doss Driver, Esq.<br>Haskell, Slaughter, Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL  35203<br>E-mail: wms@hsy.com<br>          pcd@hsy.com<br>          pt@hsy.com<br>          kdd@hsy.com |
| John M. Bolton III, Esq.<br>Charlanna White Spencer, Esq.<br>Sasser, Bolton & Sefton PC<br>PO Box 242127<br>Montgomery, AL 36124-2127<br>E-mail: jbolton@sasserlawfirm.com<br>          cspencer@sasserlawfirm.com | Stephen D. Heninger<br>W. Lewis Garrison Jr.<br>HENINGER GARRISON DAVIS LLC<br>2224 1st Avenue North<br>Birmingham, Alabama 35203<br>E-mail:    steve@hgdlawfirm.com<br>           lewis@hgdlawfirm.com |
| George L. Beck, Jr.<br>Capell Howard PC<br>PO Box 2069<br>Montgomery, AL 36102-2069<br>E-mail:    glb@chlaw.com | |

                                              s/ Michael T. Sansbury
                                              OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, et al. | ) ) ) | |
| Defendant. | ) ) | |

NOTICE OF ISSUANCE OF SUBPOENA
TO GRAY, LANGFORD, SAPP, MCGOWAN, GRAY, GRAY & NATHANSON, P.C.

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff Charities will issue a subpoena to Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C., commanding it to produce certain documents and materials. A copy of the subpoena is attached hereto as Exhibit A.

DATED: June 22, 2007.

_____
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Telephone: (205) 986-3620
Fax: (205) 986-3639
E-mail:    rks@spotswoodllc.com
           msansbury@spotswoodllc.com

*Attorneys for Plaintiffs*

1

# CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 22nd day of June 2007:

Fred David Gray, Esq.  
Fred David Gray Jr., Esq.  
Gray, Langford, Sapp, McGowan, Gray & Nathanson  
P.O. Box 830239  
Tuskegee, AL 36083-0239  
    E-mail:    fgray@glsmgn.com  
                 jbibb@glsmgn.com  
                 fgrayjr@glsmgn.com  
                 thalia@glsmgn.com  

William M. Slaughter, Esq.  
Patricia C. Diak, Esq.  
Peter John Tepley, Esq.  
Khristi Doss Driver, Esq.  
Haskell, Slaughter, Young & Rediker, LLC  
1400 Park Place Tower  
2001 Park Place North  
Birmingham, AL 35203  
    E-mail:    wms@hsy.com  
                 pcd@hsy.com  
                 pt@hsy.com  
                 kdd@hsy.com  

John Mark White, Esq.  
Augusta S. Dowd, Esq.  
White, Arnold, Andrews & Dowd  
2025 Third Avenue, North  
Suite 600  
Birmingham, AL 35203  
    E-mail:    mwhite@waadlaw.com  
                 adowd@waadlaw.com  

John M. Bolton III, Esq.  
Charlanna White Spencer, Esq.  
Sasser, Bolton, Stidham & Sefton PC  
PO Box 242127  
Montgomery, AL 36124-2127  
    E-mail:    jbolton@sasserlawfirm.com  
                 cspencer@sasserlawfirm.com  

James H. Anderson, Esq.  
Ryan Wesley Shaw, Esq.  
Beers, Anderson, Jackson, Patty, Van Heest & Fawal PC  
P.O. Box 1988  
Montgomery, AL 36102  
    E-mail:    janderson@beersanderson.com  
                 wshaw@beersanderson.com  

                                                s/ Michael T. Sansbury  
                                                OF COUNSEL

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

__MIDDLE__ DISTRICT OF __ALABAMA__

Hope for Families & Community Services, Inc., et al.

V.

David Warren, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-cv-01113-WKW-csc

TO: Gray Langford Sapp McGowan Gray Gray & Nathanson PC
c/o Fred D. Gray
108 Eastside St.
Tuskegee, AL 36083-0239

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A for Instructions and Definitions and Document to be Produced

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/22/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert K. Spotswood, SPOTSWOOD SANSOM & SANSBURY LLC, 2100 3rd Ave N Ste 940, Birmingham, AL 35203
(205) 986-3621

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

(Attachment to Gray Law Firm Subpoena)

## INSTRUCTIONS AND DEFINITIONS

1. The terms "you," "your," and "Gray Law Firm" shall refer to Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson, P.C., any affiliated companies, and any investors, employees, agents, or representatives of the Gray Law Firm or its affiliates.

2. The term "VictoryLand" shall refer to Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven, any affiliated companies, and any investors, employees, agents, or representatives of VictoryLand or its affiliates.

3. This subpoena for documents shall apply not only to documents directly in the possession of the Gray Law Firm but also to documents in the possession of others as to which the Gray Law Firm has access, including but not limited to documentation in the possession of any of the Gray Law Firm's employees, accountants, attorneys and relatives.

4. Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

5. This subpoena for documents pursuant to Rule 45, Federal Rules of Civil Procedure, is intended to be of a continuing nature. If additional documents are discovered by you or your attorney at a later date, those documents should be produced immediately.

6. If you claim or contend that any of the documents hereby subpoenaed are protected by any type of privilege, identify the document requested and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

7. The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

8. The Plaintiffs request that the documents be tendered by Monday, July 23, 2007, at 5:00 PM to Sheila Carmichael, BRADLEY ARANT ROSE & WHITE LLP, Alabama Center for Commerce Building, 401 Adams Avenue, Suite 780, Montgomery, Alabama 36104. The disclosure or production of information from electronic or computer-based media shall be produced in electronic format on compact discs or a similar medium if agreed to in advance of production by the parties. For all other documents produced, please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media. Please "Bates Number" each page of every document you produce in response to this subpoena, whereby "GLF 00001" would be indicated on the first page of the first document produced, "GLF 00002" would be the second page, etc.

## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. Please produce any and all documents in your possession or control that refer or relate to the structure of the Gray Law Firm, including, but not limited to, articles of incorporation, by-laws, and shareholder agreements.

2. Please produce any and all documents in your possession or control that refer or relate to the distribution of funds received by the Gray Law Firm to its shareholders.

3. Please produce any and all documents in your possession or control that refer or relate to the receipt of legal fees from VictoryLand since January 1, 2003.

4. Please produce any and all documents in your possession or control that refer or relate to the receipt of legal fees from Milton McGregor since January 1, 2003.

5. Please produce all federal and state tax returns filed by the Gray Law Firm since January 1, 2003.