IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY    )
SERVICE, INC., et al.,                            )
                                                            )
            PLAINTIFFS,                           )
                                                            )
VS.                                                        )        CIVIL ACTION: CV-06-1113-WKW
                                                            )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,   )
et al.,                                                     )
            DEFENDANTS.                        )

## PLAINTIFF'S, LUCKY PALACE, LLC, MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY DEFENDANT, MILTON McGREGOR

COMES NOW the Plaintiff, Lucky Palace, LLC, and moves this Court to issue an Order compelling Defendant, Milton McGregor, to more fully and adequately respond to Interrogatories filed by this Plaintiff.  In support of this Motion, the Plaintiff shows that counsel for the parties held a meet and confer on January 2, 2008, to attempt to resolve the areas of dispute. No resolution was achieved.

Plaintiff further shows the specific questions/responses and argument supporting this motion.

INTERROGATORY NO. 4:

"Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland in Macon County, Alabama?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information.  This Defendant's subjective opinions are simply not relevant to the

issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for an improper and is clearly designed for use outside this proceeding.

ARGUMENT:

The opposition to the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland is clearly relevant to the pleadings and issues of this case. The allegations of tortious conduct and a conspiracy to deprive qualified applicants for such licenses which may interfere with the Defendant's financial benefits and a monopoly by Victoryland are entirely relevant. Motive and intent are critical issues and the purported "subjective opinions" are relevant to discovery from this Defendant who is widely recognized as the person who is a major shareholder and spokesperson for Victoryland. This Defendant's personal motives and intent are relevant.

INTERROGATORY NO. 5:

"If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition."

RESPONSE:

"See response to Interrogatory 4."

ARGUMENT:

For the reasons set forth above, this Interrogatory is relevant and should be answered in conjunction with number 4.

INTERROGATORY NO. 6:

"Does this Defendant contend that the operation of electronic bingo at any

other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama in any respect? If so, please state in detail the basis for this contention.

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issues of this case."

ARGUMENT:

This Defendant's position and/or contention that the issuance of licenses to others besides Victoryland would harm the citizens of Macon County, Alabama in any respect is entirely relevant to the allegations and issues in this case. The Plaintiff's allegations of tortious conduct and a conspiracy among the Defendants goes to motive and intent. Any reasons for opposing such further licensing to assure a monopoly by Victoryland are relevant and discoverable at this stage of the proceedings.

INTERROGATORY NO. 11:

"Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity, he has not met with Fred Gray, Jr., regarding bingo rules and regulations in Macon County."

ARGUMENT:

The Interrogatory is at the heart of the allegations and issues in this case. The question does not limit the discussions sought to those conducted "in his personal capacity." The question seeks to discover any discussions this Defendant had with Fred Gray, Jr. on the proposed or suggested Rules and Regulations be authored for Sheriff Warren. All such discussions are discoverable whether they took place in a personal or representative capacity. The answer states that this Defendant "has not met with Fred Gray, Jr., regarding bingo rules and regulations in Macon County." The Interrogatory asked about "discussions" and was not limited to meetings. This question should be answered fully and completely as phrased because it is essential to full and fair discovery regarding the salient issues in this case.

INTERROGATORY NO. 12:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when."

RESPONSE:

-4-

"See response to Interrogatory 11."

ARGUMENT:

Plaintiff is entitled to a full and complete response to this question in conjunction with Interrogatory number 11.

INTERROGATORY NO. 13:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity, he has not met with Sheriff Warren regarding bingo rules and regulations in Macon County."

ARGUMENT:

Once again, this Defendant's answer is limited to a statement that "in his personal capacity, he has not met with Sheriff Warren." The question did not limit itself to any personal capacity. The question is relevant to the pleadings and issues in this case. The Defendant was asked about "discussions" and, yet, simply says he has not "met" with Sheriff Warren. This is not an answer to the specific and direct

question of discussions about the Rules and Regulations for licensing/operation of bingo facilities. Moreover, the question inquired about any such discussions with "any employee of Macon County, Alabama." No answer was given in that regard, only the statement that he had not met with Sheriff Warren. Plaintiff is entitled to a full and complete answer to this direct and specific question of salient importance in this case.

INTERROGATORY NO. 14:

If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when."

RESPONSE:

"See response to Interrogatory 13."

ARGUMENT:

Plaintiff is entitled to a full and complete response to this relevant inquiry in conjunction with a full and complete answer to Interrogatory number 13.

INTERROGATORY NO. 15:

"Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate electronic bingo at a facility in Macon County, Alabama?"

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant

information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing in this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

This inquiry is entirely relevant under the pleadings and issues in this case and goes to motive and intent. Moreover, Plaintiff is entitled to know of any such opposition by this Defendant and its relationship to any discussions with Sheriff Warren, Fred Gray, Jr., or employees of Macon County as inquired into by prior Interrogatories. This is relevant discovery.

INTERROGATORY NO. 16:

"If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition."

RESPONSE:

"See response to Interrogatory 15."

ARGUMENT:

For the foregoing reasons, the full and complete answer in conjunction with Interrogatory number 15 is essential to this case. Plaintiff is entitled to know this Defendant's opposition and its reason for full and fair preparation for trial. If such reasons are withheld until trial, it could be grossly unfair and prejudicial to the Plaintiff..

INTERROGATORY NO. 17:

"Does this Defendant desire that Victoryland have the only electronic bingo

gaming facility in Macon County, Alabama?"

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for sue outside this proceeding."

ARGUMENT:

It is well established that Victoryland has a monopoly on bingo gaming in Macon County, Alabama. The motive or intent behind any actions, statements, discussions and desires to assure this position are entirely relevant to the issues in this case. Plaintiff is entitled to know why the position is taken that such a monopoly is good for the citizens of Macon County and/or Victoryland.

INTERROGATORY NO. 18:

If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire."

RESPONSE:

"Not applicable."

ARGUMENT:

For the same reasons set forth above, this information is relevant and necessary for preparation for trial and the revelation of contentions relevant to the

issues in this case.

For the forgoing reasons, Plaintiff urges this Court to issue an Order compelling this Defendant to give full and complete answers to the above set forth items.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:       (205) 326-3336
Fax:         (205) 326-3332
E-mail:      sheninger@hgdlawfirm.com

## CERTIFICATE OF SERVICE

_____I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:   (334) 269-2563
Facsimile:   (334) 269-2959
 E-mail:      fgray@glsmgn.com
             jbibb@glsmgn.com
             fgrayjr@glsmgn.com
             thalia@glsmgn.com
(Attorney for Sheriff Warren)

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988

Montgomery, AL  36102
Telephone:      (334) 834-5311
Facsimile:      (334) 834-5362
E-mail:          janderson@beersanderson.com
                 wshaw@beersanderson.com
(Attorney for Sheriff Warren)

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:      (205) 323-1888
Facsimile:      (205) 323-8907
E-mail:          mwhite@waadlaw.com
                 adowd@waadlaw.com
                 rdepalma@waadlaw.com
(Attorneys for Macon County Greyhound Park, Inc.)

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:      (205) 251-1000
Facsimile:      (205) 324-1133
E-mail:          wms@hsy.com
                 pcd@hsy.com
                 pt@hsy.com
                 kdd@hsy.com
(Attorneys for Macon County Greyhound Park, Inc.)

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:      (334) 532-3400
Facsimile:      (334) 532-3434
E-mail:          jbolton@sasserlawfirm.com

cspencer@sasserlawfirm.com
(Attorneys for McGregor)

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:     (205) 986-3620
Facsimile:     (205) 986-3639
E-mail:          rks@spotswoodllc.com
                     msansbury@spotswoodllc.com
(Attorney for other Plaintiffs)

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:     (334) 241-8202
E-mail:          glb@chlaw.com
(Attorney for Fred D. Gray; Fred D. Gray, Jr.;
Gray, Langford, Sapp, McGown, Gray, Gray & Nathanson)

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON, & GARRETT
184 Commerce Street
PO Box 270
Montgomery, AL 36101
Telephone:     (334) 206-3100
Facsimile:     (334) 481-0804
E-mail:          RGD@RSJG.com
(Attorney for Fred D. Gray, Jr.)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICE, INC., et al., )
                                      )
         PLAINTIFFS, )
                                      )
VS. )                                 CIVIL ACTION: CV-06-1113-WKW
                                      )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
         DEFENDANTS. )

## PLAINTIFF, LUCKY PALACE, LLC'S, MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY DEFENDANT, MILTON McGREGOR

COMES NOW the Plaintiff, Lucky Palace, LLC, and moves this Court to issue an Order

compelling Defendant, Milton McGregor, to more fully and adequately respond to Interrogatories

filed by this Plaintiff. In support of this Motion, the Plaintiff shows the following Interrogatories

and the incomplete, inadequate and/or improperly objected to responses of this Defendant.

INTERROGATORY NO. 4:

"Does this Defendant oppose the issuance of a license/licenses to operate an

electronic bingo facility/location other than Victoryland in Macon County, Alabama?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks

information that is not relevant to any claim or defense asserted in the pending

litigation and is not reasonably calculated to lead to the discovery of any relevant

information. This Defendant's subjective opinions are simply not relevant to the

issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for

an improper and is clearly designed for use outside this proceeding.

ARGUMENT:

The opposition to the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland is clearly relevant to the pleadings and issues of this case. The allegations of tortious conduct and a conspiracy to deprive qualified applicants for such licenses which may interfere with the Defendant's financial benefits and a monopoly by Victoryland are entirely relevant. Motive and intent are critical issues and the purported "subjective opinions" are relevant to discovery from this Defendant who is widely recognized as the person who is a major shareholder and spokesperson for Victoryland. This Defendant's personal motives and intent are relevant.

INTERROGATORY NO. 5:

"If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition."

RESPONSE:

"See response to Interrogatory 4."

ARGUMENT:

For the reasons set forth above, this Interrogatory is relevant and should be answered in conjunction with number 4.

INTERROGATORY NO. 6:

"Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon

-2-

County, Alabama in any respect? If so, please state in detail the basis for this contention.

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issues of this case."

ARGUMENT:

This Defendant's position and/or contention that the issuance of licenses to others besides Victoryland would harm the citizens of Macon County, Alabama in any respect is entirely relevant to the allegations and issues in this case. The Plaintiff's allegations of tortious conduct and a conspiracy among the Defendants goes to motive and intent. Any reasons for opposing such further licensing to assure a monopoly by Victoryland are relevant and discoverable at this stage of the proceedings.

INTERROGATORY NO. 11:

"Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks

-3-

information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity, he has not met with Fred Gray, Jr., regarding bingo rules and regulations in Macon County."

ARGUMENT:

The Interrogatory is at the heart of the allegations and issues in this case. The question does not limit the discussions sought to those conducted "in his personal capacity." The question seeks to discover any discussions this Defendant had with Fred Gray, Jr. on the proposed or suggested Rules and Regulations be authored for Sheriff Warren. All such discussions are discoverable whether they took place in a personal or representative capacity. The answer states that this Defendant "has not met with Fred Gray, Jr., regarding bingo rules and regulations in Macon County." The Interrogatory asked about "discussions" and was not limited to meetings. This question should be answered fully and completely as phrased because it is essential to full and fair discovery regarding the salient issues in this case.

INTERROGATORY NO. 12:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when."

RESPONSE:

"See response to Interrogatory 11."

-4-

ARGUMENT:

Plaintiff is entitled to a full and complete response to this question in conjunction with Interrogatory number 11.

INTERROGATORY NO. 13:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity, he has not met with Sheriff Warren regarding bingo rules and regulations in Macon County."

ARGUMENT:

Once again, this Defendant's answer is limited to a statement that "in his personal capacity, he has not met with Sheriff Warren." The question did not limit itself to any personal capacity. The question is relevant to the pleadings and issues in this case. The Defendant was asked about "discussions" and, yet, simply says he has not "met" with Sheriff Warren. This is not an answer to the specific and direct question of discussions about the Rules and Regulations for licensing/operation of

-5-

bingo facilities. Moreover, the question inquired about any such discussions with "any employee of Macon County, Alabama." No answer was given in that regard, only the statement that he had not <u>met</u> with Sheriff Warren. Plaintiff is entitled to a full and complete answer to this direct and specific question of salient importance in this case.

INTERROGATORY NO. 14:

If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when."

RESPONSE:

"See response to Interrogatory 13."

ARGUMENT:

Plaintiff is entitled to a full and complete response to this relevant inquiry in conjunction with a full and complete answer to Interrogatory number 13.

INTERROGATORY NO. 15:

"Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate electronic bingo at a facility in Macon County, Alabama?"

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an

improper purpose, as it has no bearing in this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

This inquiry is entirely relevant under the pleadings and issues in this case and goes to motive and intent. Moreover, Plaintiff is entitled to know of any such opposition by this Defendant and its relationship to any discussions with Sheriff Warren, Fred Gray, Jr., or employees of Macon County as inquired into by prior Interrogatories. This is relevant discovery.

INTERROGATORY NO. 16:

"If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition."

RESPONSE:

"See response to Interrogatory 15."

ARGUMENT:

For the foregoing reasons, the full and complete answer in conjunction with Interrogatory number 15 is essential to this case. Plaintiff is entitled to know this Defendant's opposition and its reason for full and fair preparation for trial. If such reasons are withheld until trial, it could be grossly unfair and prejudicial to the Plaintiff..

INTERROGATORY NO. 17:

"Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?"

-7-

RESPONSE:

"This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for sue outside this proceeding."

ARGUMENT:

It is well established that Victoryland has a monopoly on bingo gaming in Macon County, Alabama. The motive or intent behind any actions, statements, discussions and desires to assure this position are entirely relevant to the issues in this case. Plaintiff is entitled to know why the position is taken that such a monopoly is good for the citizens of Macon County and/or Victoryland.

INTERROGATORY NO. 18:

If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire."

RESPONSE:

"Not applicable."

ARGUMENT:

For the same reasons set forth above, this information is relevant and necessary for preparation for trial and the revelation of contentions relevant to the issues in this case.

For the forgoing reasons, Plaintiff urges this Court to issue an Order compelling this Defendant to

give full and complete answers to the above set forth items.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:        (205) 326-3336
Fax:          (205) 326-3332
E-mail:       sheninger@hgdlawfirm.com

## CERTIFICATE OF SERVICE

_____I hereby certify that on December 13, 2007, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system which will send notification of such filing to the
following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:    (334) 269-2563
Facsimile:    (334) 269-2959
 E-mail:      fgray@glsmgn.com
              jbibb@glsmgn.com
              fgrayjr@glsmgn.com
              thalia@glsmgn.com
(Attorney for Sheriff Warren)

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
Telephone:    (334) 834-5311
Facsimile:    (334) 834-5362

E-mail:       janderson@beersanderson.com
              wshaw@beersanderson.com
(Attorney for Sheriff Warren)

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:    (205) 323-1888
Facsimile:    (205) 323-8907
E-mail:       mwhite@waadlaw.com
              adowd@waadlaw.com
              rdepalma@waadlaw.com
(Attorneys for Macon County Greyhound Park, Inc.)

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:    (205) 251-1000
Facsimile:    (205) 324-1133
E-mail:       wms@hsy.com
              pcd@hsy.com
              pt@hsy.com
              kdd@hsy.com
(Attorneys for Macon County Greyhound Park, Inc.)

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:    (334) 532-3400
Facsimile:    (334) 532-3434
E-mail:       jbolton@sasserlawfirm.com
              cspencer@sasserlawfirm.com
(Attorneys for McGregor)

-10-

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:    (205) 986-3620
Facsimile:    (205) 986-3639
E-mail:    rks@spotswoodllc.com
    msansbury@spotswoodllc.com
(Attorney for other Plaintiffs)

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:    (334) 241-8002
Facsimile:    (334) 241-8202
E-mail:    glb@chlaw.com
(Attorney for Fred D. Gray; Fred D. Gray, Jr.;
Gray, Langford, Sapp, McGown, Gray, Gray & Nathanson)

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON, & GARRETT
184 Commerce Street
PO Box 270
Montgomery, AL 36101
Telephone:    (334) 206-3100
Facsimile:    (334) 481-0804
E-mail:    RGD@RSJG.com
(Attorney for Fred D. Gray, Jr.)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]

# WHITE ARNOLD ANDREWS & DOWD P.C.

ATTORNEYS AT LAW

GEORGE W. ANDREWS, III
STEPHEN R. ARNOLD
WILLIAM M. BOWEN, JR.†
KATHERINE R. BROWN
LAURA GIBSON CHAIN
JONATHAN CROSS
REBECCA G. DePALMA*
AUGUSTA S. DOWD
LINDA G. FLIPPO
GREGORY H. HAWLEY**
HOPE S. MARSHALL
JULIA SMEDS ROTH*
LARA SYKES WALTERS
J. MARK WHITE

†RETIRED JUDGE
ALABAMA COURT OF CRIMINAL
APPEALS

*ALSO LICENSED IN
DISTRICT OF COLUMBIA

**ALSO LICENSED IN
DISTRICT OF COLUMBIA AND TEXAS

OF COUNSEL:
RENEAU P. ALMON
RETIRED JUSTICE
SUPREME COURT OF ALABAMA

January 15, 2008

**VIA FIRST CLASS MAIL**
   **AND ELECTRONIC MAIL**
Stephen Heninger, Esq.
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203
steve@hgdlawfirm.com

   **Re:    Hope for Families & Community Services, Inc., et al. v. Warren, et al.**

Dear Steve:

   As we discussed in our meet and confer on January 2, 2008, regarding Macon County Greyhound Park, Inc. D/B/A Victoryland's Responses to Plaintiff Lucky Palace, LLC's Request for Interrogatories and Production of Documents and Things, I am sending you a letter to confirm what transpired.

   At the beginning of the meeting we discussed issues relating to Victoryland's subpoena to the Libra Securities entities ("Libra") for documents. You agreed to do the following within 10 days:

   1.    Confirm that no Libra documents have been withheld on the grounds that they contain confidential research and development or commercial information; and

   2.    Provide a privilege log indexing all of the Libra documents that have not been produced on the grounds that they are privileged.

   Further, Pete Tepley indicated that some of the documents produced by Libra were illegible, missing text and/or did not include attachments. We agreed to provide for you a list of these documents, and you agreed to produce legible and/or complete copies with attachments. Our list is attached hereto as Exhibit A.

   We also discussed Libra's claim of the common interest privilege and you indicated that Libra was in control and therefore claimed a common interest with Lucky Palace. You also indicated that objections made to the subpoenaed documents were for both Lucky Palace and Libra.

Stephen Heninger, Esq.
January 15, 2008
Page 2


We agreed that once you provided the privilege log we would reconvene in person or by phone to address any remaining issues regarding Libra's production of documents.

We next discussed Lucky Palace's request for production of documents and interrogatories to Victoryland. The details of those discussions follow.

### Lucky Palace's Interrogatories to Victoryland

**Interrogatory 4.**    Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility at any facility/location other than Victoryland in Macon County, Alabama?

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for uses outside this proceeding.**

**Interrogatory 5.**    If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition.

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**See objection to Interrogatory 4.**

**Interrogatory 6.**    Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect? If so, please state in detail the basis for this contention.

Stephen Heninger, Esq.
January 15, 2008
Page 3

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case.**

      **Interrogatory 9.**    Please state the annual gross revenues for electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, the request by a party that desires to compete with Victoryland improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business.     This request is oppressive, vexatious and filed for an improper purpose, and designed for use outside this proceeding.**

      **Interrogatory 10.**    Please state the net profit from electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, the request by a party that desires to compete with Victoryland improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. This request is oppressive, vexatious and filed for an improper purpose, and designed for use outside this proceeding.**

Stephen Heninger, Esq.
January 15, 2008
Page 4

**Interrogatory 11.**    Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

**Counsel for Defendant stated that this interrogatory had been fully answered as the question merely called for a yes or no answer and the response was "Without waiving any general or specific objection, Victoryland states that the answer is yes."**

**Interrogatory 12.**    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

**Counsel for Plaintiff stated that if Defendant did not recall specifics or who was present at the discussions with Fred Gray, Jr., Defendant should state that it does not recall "any" specifics or "anyone" who was present.**

**Given this request, Counsel for Defendant will revisit this interrogatory and communicate Defendant's position within 10 days.**

**Interrogatory 13.**    Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

**Counsel for Defendant stated that this interrogatory which merely calls for a yes or no answer regarding discussions of "any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama" had been fully answered, and the response was no.**

**Interrogatory 15.**    Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate electronic bingo at a facility/location in Macon County, Alabama.

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further,**

Stephen Heninger, Esq.
January 15, 2008
Page 5

this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.

**Counsel for Defendant conveyed that Defendant's objections were based on the irrelevancy of Defendant's subjective opinion and Plaintiff's insistence on discovering such opinions.**

**Interrogatory 16.** If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition.

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**See objection to Interrogatory 15.**

**Counsel for Defendant conveyed that Defendant's objections were based on the irrelevancy of Defendant's subjective opinion and Plaintiff's insistence on discovering such opinions .**

**Interrogatory 17.** Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland as an entity does not have "desires" and if it did, any such desires would not be relevant to the issues in this case. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.**

**Counsel for Defendant conveyed that Defendant's objections were based on the irrelevancy of Defendant's subjective opinion and Plaintiff's insistence on discovering such opinions.**

**Interrogatory 18.** If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire.

Stephen Heninger, Esq.
January 15, 2008
Page 6

**Defendant maintains all of its objections to this interrogatory as previously stated.**

**Not applicable.  See also objection to Interrogatory 17.**

**Counsel for Defendant conveyed that Defendant's objections were based on the irrelevancy of  Defendant's subjective opinion and Plaintiff's insistence on discovering such opinions.**

**Interrogatory 19.**    Has this Defendant (or any agent or employee) ever made its desire and reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama.

**Counsel for Defendant sought clarification of this interrrogatorry which it did not understand. Counsel for Defendant also expressed concerns that this interrogatory was based on the improper assumption that Defendant desired to be the only electronic bingo gaming facility in Macon County.**

**Counsel for Plaintiff clarified that this interrogatory  was seeking to determine if Defendant ever made any statements to Sheriff Warren or any employee of Macon County that Victoryland  should be the only electronic bingo facility in Macon County.  Counsel for Plaintiff was seeking statements such as these to support Plaintiff's conspiracy allegations.**

**Interrogatory 20.**    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every occasion such desire and reasons have been made known to these persons and how it was made known.

**See Interrogatory 19.**

Stephen Heninger, Esq.
January 15, 2008
Page 7

### Lucky Palace's Request for Production of Documents to Victoryland

**Request 1.** Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the consideration of getting involved in electronic bingo and getting it approved for Macon County, Alabama from January 1, 1999 to the present.

**Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request to the extent that it seeks material that is subject to the attorney-client privilege and/or the work product doctrine. Victoryland further objects to this request on the grounds that it seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Furthermore, the request is overly broad and unduly burdensome. In addition, the request seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information.**

**Request 2.** Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the prospects of success and profit potential for electronic bingo in Macon County, Alabama from January 1, 1999 to the present.

**Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland further objects to this request to the extent that it seeks material that is subject to the attorney-client privilege and/or the work product doctrine. Further, the request, which is from a party that seeks to compete with Victoryland, improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business.**

**Request 3.** Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning the consideration of limiting electronic bingo in Macon County, Alabama, to one facility/operation versus opening electronic bingo in Macon County, Alabama to more than one facility/operator from January 1, 1999 to the present.

Stephen Heninger, Esq.
January 15, 2008
Page 8


**Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request which improperly assumes facts not established. Further, Victoryland objects to this request to the extent it seeks material that is subject to the attorney-client privilege and/or the work product doctrine. Moreover, the request seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of admissible evidence.**

**Request 4.**    Please produce the documents, including but not limited to, internal notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning suggested or considered proposals for Macon County, Alabama Rules and Regulations or procedures of any description for Rules and Regulations for licensing, permitting and/or operating electronic bingo operations in Macon County, Alabama from January 1, 1999 to the present.

**Counsel for Defendant raised the issue that this request included post-litigation documents. Counsel for Plaintiff asked whether Defendant would produce the requested documents if the request was limited to pre-litigation documents. Counsel for Defendant responded that it was his belief that all non-objectionable pre-litigation documents responsive to this request had already been produced in response to the requests for production from the other plaintiffs in the case who are represented by Michael Sansbury.**

**Request 9.**    Please produce the documents, including but not limited to, internal memos, notes, reports, forecasts, correspondence, e-mails, electronic filed information concerning or related to any desire by this Defendant to have input or suggestion of any type into the Rules and Regulations for electronic bingo in Macon County, Alabama through any means whatsoever from January 1, 1999 up until the present.

**Defendant had asked for a clarification of this request. Counsel for Plaintiff stated that this request was seeking notes or memoranda expressing a desire by Victoryland to have any input with the Sheriff regarding the Bingo Rules and Regulations.   Given this clarification, Counsel for Defendant indicated that Defendant will revisit this request and communicate Defendant's position within 10 days.**

**Request 12.**    Please produce all documents, internal memos, notes forecasts, correspondence, e-mails, electronic filed information regarding all financial information

Stephen Heninger, Esq.
January 15, 2008
Page 9

for this Defendant regarding the operation of electronic bingo in Macon County, Alabama from its inception at Victoryland until the present which show gross revenues, payments, profit, payments to charities or others.

**Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland also objects to this request by a party that seeks to complete with Victoryland because it improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Victoryland further objects to this request on the grounds that it seeks personal, private, proprietary and confidential information of non-parties, the disclosure of which would amount to an improper invasion of privacy.**

**Counsel for Plaintiff stated that there would have been a disclosure made to the Sheriff which would apply to this request. Without waiving any general or specific objections, counsel for Defendant agreed to follow up with Plaintiff's counsel on this request based upon Plaintiff's claim that disclosure of such information was to be made to the Sheriff.**

**Counsel for Defendant reviewed both the County Bingo Rules and the Sheriff's deposition regarding the reporting of Victoryland's gross receipts. The Rules do not call for such reporting, and the Sheriff testified that Victoryland's gross receipts are not reported to him. Defendant, therefore, maintains its objections to this request.**

      **Request 13.** All documents and electronic filed information reflecting shareholders and shares held by any shareholder in this Defendant from January 1, 1999 until the present.

**Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland further objects to this request on the grounds that it seeks personal,**

Stephen Heninger, Esq.
January 15, 2008
Page 10


private, proprietary and confidential information of non-parties, the disclosure of which would amount to an improper invasion of privacy.

Fred Gray Sr. stated in his affidavit filed with the Court on June 15, 2007 (Doc. #62-2) that in 1983, prior to the construction of the facility, he purchased stock in Victoryland. Counsel for Defendant is willing to stipulate that Fred Gray, Jr., Sheriff Warren and Pebblin Warren are not shareholders in Victoryland.

**Request 16.** All documents, drawings, photos, brochures, concerning planned or actual electronic bingo at Victoryland from its inception to present.

Defendant maintains all of its objections to this request as previously stated.

Defendant objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland also objects to this request by a party that seeks to complete with Victoryland because it improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Further, the request is overly broad and unduly burdensome.

Counsel for Plaintiff maintained that because Defendant Milton McGregor submitted photographs at the hearing for Defendants' Motion to Dismiss on September 5, 2007, Defendant must produce "All documents, drawings, photos, brochures, concerning planned or actual electronic bingo at Victoryland from its inception to present." Counsel for Defendant disagreed. The photographs of Victoryland taken from the road were submitted at the hearing to rebut Plaintiffs' bald allegations that because of the alleged monopoly that there was no economic development at Victoryland Defendant submitted the photographs to show, as was obvious from the highway, that Victoryland was in fact engaged in economic development in the form of its $100 Million dollar renovations to Victoryland. *See* Transcript of 9/15 Hearing, at p. 63, lines 7-20. Defendant will provide counsel for Plaintiffs with copies of the photographs that were submitted , without objection, at the hearing.

**Request 19.** All documents, internal memos, notes, calendars, minutes, agendas or materials of any nature whether on paper or electronic filed information regarding any face-to-face meetings or telephone conversations with any person or entity concerning electronic bingo in Macon County, Alabama from January 1, 1999 until the present.

Stephen Heninger, Esq.
January 15, 2008
Page 11

**Counsel for Plaintiff said this request includes communications with anybody, including McDonald's. Given the vast overbreath of this request, Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. In addition, the request is overly broad as written. Victoryland further objects to this request to the extent that it seeks material that is subject to the attorney-client privilege, the work product doctrine and/or confidential information that is protected under Rule 1.6 of the Alabama Rules of Professional Conduct.**

**Request 21.** All presentations, hand-outs, power-point presentations or materials of any description presented by this Defendant to any group of shareholders or outside persons regarding electronic bingo in Macon County, Alabama in any way from January 1, 1999 until the present.

**Counsel for Plaintiff stated that this request concerned any presentations indicating an effort or plan to influence the Sheriff regarding the Bingo Rules and Regulations. Given this clarification and limitation, Counsel for Defendant indicated that Defendant will revisit this request and communicate Defendant's position within 10 days.**

**Request 22.** All documents, internal memos, notes, e-mails, electronic filed information or materials of any type reflecting any contact whatsoever between this Defendant (its agents and employees) and Sheriff Warren from January 1, 2002 until the present regarding any matter.

**Defendant maintains all of its objections to this request as previously stated.**

**Defendant objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. In addition, Victoryland objects to this request on the grounds that it is overly broad and unduly burdensome.**

**Counsel for Plaintiff stated that this request encompassed any and all communication between any employee of Victoryland with Sheriff Warren, including but not limited to police reports, complaints, and incident reports. Counsel for Defendant noted that this request was extremely broad and sought**

Stephen Heninger, Esq.
January 15, 2008
Page 12


**clearly irrelevant information, but that Defendant will revisit this request and communicate Defendant's position within 10 days.**

After the foregoing discussion we concluded our meeting.

Please let me know immediately if your understanding of the limitations, explanations and positions that we discussed at the meet and confer differ from those expressed in this letter.

Very truly yours,

Augusta S. Dowd

ASD/hm


cc:    J. Mark White, Esq.
       Rebecca G. DePalma, Esq.
       Peter J. Tepley, Esq.

**EXHIBIT A**

LISTS BY BATES NUMBER OF DOCUMENTS
PRODUCED BY LIBRA SECURITIES ENTITIES THAT ARE ILLEGIBLE,
MISSING KEY TEXT, OR FOR WHICH ATTACHMENTS WERE NOT PRODUCED

**I.     Illegible documents or documents missing key text**

Libra   1129 (missing key text)
Libra   1314 (missing key text)
Libra   1735 (illegible)
Libra   2092 (illegible)
Libra   2760-2765 (very hard to read)
Libra   5914 (illegible)
Libra   5915 (illegible)

**II.    Documents for which attachments were not produced**

| | |
|---|---|
| Libra   156 | Libra   2461-63 |
| Libra   170 | Libra   2772 |
| Libra   206 | Libra   2863 |
| Libra   212 | Libra   2909 |
| Libra   227 | Libra   2920 |
| Libra   232 | Libra   2927 |
| Libra   233 | Libra   2940 |
| Libra   236 | Libra   2941 |
| Libra   237 | Libra   2944 |
| Libra   316 | Libra   2945 |
| Libra   380 | Libra   2976 |
| Libra   388-390 | Libra   5232 |
| Libra   396 | Libra   5267 |
| Libra   879 | Libra   5380 |
| Libra   1079 (second attachment) | Libra   5387 |
| Libra   1874 | Libra   5429 |
| Libra   2062 | Libra   5580 |
| Libra   2091 (second attachment) | Libra   5595 |
| Libra   2181 | Libra   5664 |
| Libra   2183 | Libra   5665 |
| Libra   2192 | Libra   5670 |
| Libra   2193 | Libra   5758 |
| Libra   2194 | Libra   5841 |
| Libra   2225 | Libra   5987 |
| Libra   2398 | Libra   6244 |
| Libra   2412 | |