IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICE, INC., et al.,                       )
                                                         )
            PLAINTIFFS,                       )
                                                         )
VS.                                                   )        CIVIL ACTION: CV-06-1113-WKW
                                                         )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,  )
et al.,                                               )
            DEFENDANTS.                    )

## PLAINTIFF'S, LUCKY PALACE, LLC, MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY DEFENDANT, MACON COUNTY GREYHOUND PARK, INC., d/b/a VICTORYLAND

COMES NOW the Plaintiff, Lucky Palace, LLC, and moves this Court to issue an Order compelling Defendant, Macon County Greyhound Park, Inc., d/b/a Victoryland, to more fully and adequately respond to Interrogatories filed by this Plaintiff.  In support of this Motion, the Plaintiff shows unto the Court that the counsel for the parties held a meet and confer conference on January 2, 2008, to discuss the responses by the Defendant and urge reconsideration before filing this motion. Counsel for Defendant had available for review our earlier motion which had been filed before meeting and conferring so there was a written document to discuss. While the objections and responses have remained substantially as they were there was an important supplemental response to Interrogatory No. 12.

Interrogatory No. 12 sought to discover any agents or employees of Victoryland that had met at any time with attorney Fred Gray, Jr. to discuss proposed or suggested rules and regulations for licensing and operation by Bingo Facilities in Macon County, Alabama. The original response objected on the grounds of attorney client privilege, work-product doctrine, and the common interest

doctrine. After the meet and confer, the following supplemental response was made:

"Supplemental Response: Without waiving my any general or specific objections, upon further investigation, Victoryland has determined that David Johnson and John Bolton had discussions with Fred Gray, Jr. regarding proposed or suggested bingo rules and regulations and that Milton McGregor may have been present at some of those discussions."

The Plaintiff further shows the following Interrogatories and responses with argument for why these responses are inadequate, incomplete and improper for full and fair discovery in this matter. We further attach the supplemental responses.

"INTERROGATORY NO. 4

Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility at any facility/location other than Victoryland in Macon County, Alabama?

RESPONSE:

Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for uses outside this proceeding."

ARGUMENT:

The opposition to the issuance of a license/licenses to operate an electronic bingo facility at any facility/location other than Victoryland is clearly relevant to the pleadings and issues in this case. The allegations of tortious conduct and a conspiracy to deprive qualified applicants for such licenses which may interfere with Victoryland's virtual and real monopoly are entirely relevant. The motive or intent of this Defendant is an issue of great relevance and to characterize it as a "subjective opinion" is a masquerade and semantical effort that does not cloak this Defendant with a proper reason to refuse answering this very specific and relevant question.

INTERROGATORY NO. 5:

"If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for the opposition."

RESPONSE:

"See objection to Interrogatory No. 4."

ARGUMENT:

As stated above, a detailed explanation of the reason for opposition is relevant and proper for inquiry. Of course, if there is no opposition, this Interrogatory does not apply.

INTERROGATORY NO. 6:

"Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect? If so, please state in detail the basis for this contention."

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case."

ARGUMENT:

Whether Victoryland has in the past or currently takes the position that the operation of other facilities for electronic bingo would be harmful to the citizens of Macon County is very relevant to this case. The allegation of the Complaint and the amendments thereto make this discoverable. It is difficult to comprehend how the purported "subjective opinions" are now claimed to be irrelevant, but they were relevant enough to talk with Fred Gray, Jr., about during the writing of the Rules and Regulations. Victoryland is not a passive observer to the allegations in the Complaint. We are not so naive as to believe that they will consistently maintain throughout this litigation that their "subjective opinions" are irrelevant. This point is further diluted by their claim of a "common interest privilege" in response to this Plaintiff's Request for Production. Common interest with whom? Subjective opinions are not irrelevant and the feet, hands and voices put to these opinions will certainly be relevant and this response may logically lead to the discovery of relevant information.

INTERROGATORY NO. 9:

"Please state the annual gross revenues for electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006."

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, the request by a party that desires to compete with Victoryland improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. This request is oppressive, vexatious and filed for improper purpose, and designed for use outside this proceeding."

ARGUMENT:

The profitability and volume of income from electronic bingo gaming at Victoryland goes to the heart of the motive and intent of this Defendant to seek to maintain and assure a monopoly in Macon County. The Plaintiff is not in competition with Victoryland. This suit seeks a fair playing field on acquiring the license to be engaged in the same legalized gaming. The damages suffered by this cabal's effort to exclude all, but Victoryland will also be shown by the answer to this relevant inquiry. The reliability of Plaintiff's business forecasts and potential will likely be verified by this real financial information. The allegations at issue in this suit make this information relevant and discoverable.

INTERROGATORY NO. 10:

"Please state the net profit from electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006."

RESPONSE:

Same as above.

ARGUMENT:

This information is relevant and discoverable for the same reasons set forth above. The net profits will likely provide relevant evidence going to the motive and intent of this Defendant in seeking to maintain and assure its monopoly in Macon County. This information, takes in conjunction with the gross profits information sought in Interrogatory number 9, will clearly establish what was at state for Victoryland if it were to share the marketplace of free and legal competition with other qualified licenses.

INTERROGATORY NO. 11:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

RESPONSE:

"Victoryland objects to this Interrogatory to the extent it seeks information covered by attorney-client privilege, the work product doctrine, the common interest doctrine, other applicable doctrines and privileges and to the extent it seeks confidential information protected by Rule 1.6 of the Alabama Rules of Professional Conduct. Victoryland further objects to this Interrogatory on the grounds that it

seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information.  <u>Without waiving any general or specific objection, Victoryland states that the answer is yes</u>."  (Emphasis added).

ARGUMENT:

It is inconceivable that Sheriff Warren can claim attorney-client privilege to his communications with Fred Gray, Jr., regarding the development of these Rules and Regulations and that Victoryland claims the same attorney-client privilege regarding its discussions of the proposed Rules and Regulations.  Sheriff Warren was charged with the responsibility of devising these Rules (and subsequent amended Rules) and he has testified that he relied on Fred Gray, Jr., to do this.  At the same time, Victoryland is also discussing the proposed Rules with Fred Gray, Jr.  The interests of these two Defendants are more than just potentially adverse, yet, they go through the same attorney.  Moreover, those discussions are claimed to be privileged under the "common interest doctrine."  For a licensed facility operator applicant to be discussing the proposed rules which will govern its qualifications along with any other potential applicants with the attorney who is performing professional services in drafting these rules for the Sheriff cannot be privileged on both ends.  While this question was answered "yes", we urge the Court to overrule and disallow any claim of attorney-client privilege, common interest doctrine or other unidentified "other applicable privileges" as set forth in this response for purpose of further discovery.  Here, the fox is not only guarding the hen house, it is helping in its architecture and

construction to assure its easy access while denying it to others. Use of the same attorney and claiming privilege thereby is anathema and cannot be condoned by a recognition of that asserted privilege by both parties. Because of the potentially adverse position of the Sheriff and the future applicant (Victoryland) and monopoly holder, this would in essence by a waiver of any privilege when both sides are discussing and proposing rules through the same purported (but hopefully disclosed) confidential claimants of the privilege.

INTERROGATORY NO. 12:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the peron or persons involved, what was discussed and when."

RESPONSE:

Same as above, with this addition: "Without waiving any general or specific objection, Victoryland does not recall the date of any such discussion, the specifics of it, or who was present."

ARGUMENT:

For the same reasons set forth above, the Plaintiff urges the Court to overrule and disallow any claims of attorney-client privilege, common interest doctrine or other unidentified "other applicable privileges." Moreover, Plaintiff urges the Court to compel the Defendant to fully answer the question of "what was discussed." The Defendant simply responded that it could not recall "the date of it, the specifics of it, or who was present." Surely we are entitled to some revelation of "what was

discussed" in as general or specific terms as can be recalled. If this was truly a "common interest" with the Sheriff and it was important enough for a future applicant to discuss proposed rules that would govern its application process and future monopoly, there must be some general topics or landmarks that can be identified to fully and adequately answer this question.

INTERROGATORY NO. 13:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operations of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

RESPONSE:

"Objection with this addition: "Without waiving any objection, the answer is no."

ARGUMENT:

Sheriff Warren has testified that he spoke with Milton McGregor in the presence of his attorney right after this law was passed by the legislature.  It is difficult to conceive that Victoryland would not consider Mr. McGregor its agent, but it has answered with a simple "no" to this question.  Sheriff Warren said the conversation was about an interest in electronic bingo and it was before the issuance of the Rules.  The Sheriff went on to testify that he could understand how others would be concerned that there was a conflict with his using Fred Gray, Jr., to draft the rules when his father was a shareholder in Victoryland.  We urge the Court to

compel the full answer to this Interrogatory with regard to any conversation Milton McGregor had that would apply to this question because it cannot be denied that he was an agent of Victoryland and expressing interests in electronic bingo. Moreover, there may be other similar conversations that must be disclosed.

INTERROGATORY NO. 15:

"Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate bingo at a facility/location in Macon County, Alabama?

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

The allegations made by Plaintiff make it very relevant to determine whether this Defendant opposes the licensing of Plaintiff. This goes to motive and intent. It is also extremely relevant on the conspiracy allegation. If there is no opposition to other licenses, this Defendant should acknowledge that fact by answering this direct, specific and relevant question.

INTERROGATORY NO. 16:

"If the answer to the preceding Interrogatory is in the affirmative, please state

each and every reason for this opposition."

RESPONSE:

"See objection to Interrogatory 15."

ARGUMENT:

This question should be required to be answered for the same reasons set forth above for number 15.

INTERROGATORY NO. 17:

"Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland as an entity does not have 'desires' and if it did, any such desires would not be relevant to the issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

Any desire to be and remain a monopoly for electronic bingo gaming in Macon County is relevant and goes to motive and interest regarding the allegations made by this Plaintiff. To say this Defendant has "no desire" is disingenuous. This question is direct, specific and relevant. It should be answered.

INTERROGATORY NO. 18:

"If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire."

RESPONSE:

"Not applicable. See also objection to Interrogatory 17."

ARGUMENT:

A full response to this question in conjunction with number 17 is appropriate and relevant. Motive and interest are relevant inquires under the allegation of this suit.

INTERROGATORY NO. 19:

"Has this Defendant (or any agent or employee/even made its desire and reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama?

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it is unintelligible as written and seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. The Interrogatory is improperly vague as it rests on improper assumptions. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

Plaintiff is entitled to know if this Defendant ever made known its reason for why it should have a monopoly on electronic bingo to Sheriff Warren or employees of Macon County.  This is clearly relevant to the allegations made in this suit.

INTERROGATORY NO. 20:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every occasion such desire and reasons have been made known to these persons and how it was made known."

RESPONSE:

"Not applicable.  See also objection to Interrogatory 19."

ARGUMENT:

For the same reasons set forth above, this question should be answered.

The remaining 6 Interrogatories were also not answered and in number 23, this Defendant refused to list witnesses with any information about the "drafting, consideration, adoption and amendments" to the Rules and Regulations in bingo licensing.  This information is surely relevant and discoverable in Interrogatories rather than waiting for a Court's Scheduling Order as Defendant states in its refusal.  While all of these remaining Interrogatories should be required to be answered, the Plaintiff will await further discovery if the Court so directs.

For the foregoing reasons, the Plaintiff urges the Court to issue an Order compelling answers to Plaintiff's Interrogatories in full and complete responses.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:          (205) 326-3336
Fax:            (205) 326-3332
E-mail:         sheninger@hgdlawfirm.com

**CERTIFICATE OF SERVICE**

_____I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:      (334) 269-2563
Facsimile:      (334) 269-2959
 E-mail:        fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com
(Attorney for Sheriff Warren)

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:      (334) 834-5311
Facsimile:      (334) 834-5362
E-mail:         janderson@beersanderson.com

-14-

wshaw@beersanderson.com
(Attorney for Sheriff Warren)

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:     (205) 323-1888
Facsimile:     (205) 323-8907
E-mail:         mwhite@waadlaw.com
                adowd@waadlaw.com
                rdepalma@waadlaw.com
(Attorneys for Macon County Greyhound Park, Inc.)

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:     (205) 251-1000
Facsimile:     (205) 324-1133
E-mail:         wms@hsy.com
                pcd@hsy.com
                pt@hsy.com
                kdd@hsy.com
(Attorneys for Macon County Greyhound Park, Inc.)

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:     (334) 532-3400
Facsimile:     (334) 532-3434
E-mail:         jbolton@sasserlawfirm.com
                cspencer@sasserlawfirm.com
(Attorneys for McGregor)

Robert K. Spotswood, Esq.

Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:     (205) 986-3620
Facsimile:      (205) 986-3639
E-mail:          rks@spotswoodllc.com
                     msansbury@spotswoodllc.com
(Attorney for other Plaintiffs)

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:      (334) 241-8202
E-mail:          glb@chlaw.com
(Attorney for Fred D. Gray; Fred D. Gray, Jr.;
Gray, Langford, Sapp, McGown, Gray, Gray & Nathanson)

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON, & GARRETT
184 Commerce Street
PO Box 270
Montgomery, AL 36101
Telephone:     (334) 206-3100
Facsimile:      (334) 481-0804
E-mail:          RGD@RSJG.com
(Attorney for Fred D. Gray, Jr.)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY          )
SERVICE, INC., *et al.*                )
                                       )
     Plaintiffs,                       )
                                       )
vs.                                    )          CIVIL ACTION NO.:
                                       )          3:06-CV-1113-WKW
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, *et al,* )
                                       )
     Defendants.                       )
_____)

**DEFENDANT MACON COUNTY GREYHOUND PARK, INC. d/b/a
VICTORYLAND'S SUPPLEMENTAL RESPONSES TO INTERROGATORRIES
12 AND 19 OF PLAINTIFF LUCKY PALACE, LLC'S INTERROGATORIES**

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Macon

County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland"), by and through its

counsel, submits the following supplemental responses to Interrogatories 12 and 19 of

Plaintiff Lucky Palace, LLC's ("Lucky Palace") Interrogatories.

     These supplemental responses are made without waiver of:

     (a)    All objections as to competency, relevancy, materiality, privilege, and

admissibility of each response and the subject matter thereof as evidence for any purpose

and any further proceedings in this action;

     (b)    The right to object on any ground at any time to a demand or request for

responses to these or other discovery requests involving or relating to the subject matter

of the discovery requests herein objected to;

(c)    The right at any time to amend, revise, correct, supplement, or clarify any of the objections contained herein;

(d)    The right at any time to assert the privilege with respect to any privileged or protected material erroneously produced; and

(e)    The right to request, prior to responding, that the Plaintiffs enter into a mutually agreeable confidentiality agreement necessary to safeguard the confidential and/or proprietary information disclosed.

These supplemental responses are made without waiver of the General Objections set forth in Victoryland's original responses to Lucky Palace's Interrogatories, which are incorporated herein by reference.

**Interrogatory 12.**    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

**ORIGINAL RESPONSE:**  **Victoryland objects to this interrogatory to the extent it seeks information covered by attorney-client privilege, the work product doctrine, the common interest doctrine, other applicable doctrines and privileges and to the extent it seeks confidential information protected by Rule 1.6 of the Alabama Rules of Professional Conduct.  Victoryland further objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information.  Without waiving any general or specific objections, Victoryland does not recall the date of any such discussion, the specifics of it, or who was present.**

**SUPPLEMENTAL RESPONSE:**  **Without waiving any general or specific objections, upon further investigation, Victoryland has determined that David Johnson and John Bolton had discussions with Fred Gray, Jr. regarding proposed or suggested Bingo Rules and Regulations and that Milton McGregor may have been present at some of those discussions.**

**Interrogatory 19.**   Has this Defendant (or any agent or employee) ever made its desire and reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama.

**RESPONSE:**   Victoryland objects to this interrogatory on the grounds that it is unintelligible as written and that seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information.   The interrogatory is improperly vague as it rests on improper assumptions.   Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.

**SUPPLEMENTAL RESPONSE:**   At the January 2, 2008 meet and confer session, Counsel for Lucky Palace clarified that this interrogatory was seeking to determine if Victoryland ever made any statements to Sheriff Warren or any employee of Macon County that Victoryland should be the only electronic bingo facility in Macon County.   Based upon this clarification and without waiving any general or specific objections, Victoryland has not made any statements to Sheriff Warren or any employee of Macon County that Victoryland should be the only electronic bingo facility in Macon County.

As to objections,

Peter J. Tepley
One of Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

**OF COUNSEL:**
William M. Slaughter
Patricia C. Diak
Khristi Doss Driver
**HASKELL SLAUGHTER YOUNG & REDIKER, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail: wms@hsy.com

3

E-mail: pcd@hsy.com
E-mail: pt@hsy.com
E-mail: kdd@hsy.com

J. Mark White
Augusta S. Dowd
Rebecca G. DePalma
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203
Tel:   (205) 323-1888
Fax:   (205) 323-8907
E-mail: mwhite@waadlaw.com
E-mail: adowd@waadlaw.com
E-mail: rdepalma@waadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15 day of January, 2008, I served the foregoing via U.S. Mail postage-prepaid and/or other method as indicated upon the following counsel of record:

Robert K. Spotswood                    **[also by email]**
Michael T. Sansbury
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
rks@spotswoodllc.com
msansbury@spotswoodllc.com

Fred Gray                              **[also by email]**
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

James H. Anderson
Ryan Wesley Shaw                       **[also by email]**
**Beers Anderson Jackson Patty & Van Heest PC**
P.O. Box 1988
Montgomery, AL 36102
janderson@beersanderson.com

4

wshaw@beersanderson.com

John M. Bolton, III                    [also by email]
Charlanna W. Spencer
**Sasser, Bolton & Sefton, P.C.**
100 Colonial Bank Boulevard
Suite B201
Montgomery, AL 36117
jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

W. Lewis Garrison                      [also by email]
Stephen D. Heninger
**Heninger Garrison Davis, L.L.C.**
2224 1st Avenue North
Birmingham, AL 35203
E-mail:  wlgarrison@hgdlawfirm.com
E-mail:  steve@hgdlawfirm.com

George Beck, Jr.                       [also by email]
**Capell & Howard, P.C.**
P.O. Box 2069
Montgomery, Alabama 36102-2069
E-mail:  glb@chlaw.com


Ronald G. Davenport
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101
rgd@rsjg.com

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY    )
SERVICE, INC., et al.,            )
                                  )
        PLAINTIFFS,               )
                                  )
VS.                               )        CIVIL ACTION: CV-06-1113-WKW
                                  )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,   )
et al.,                           )
        DEFENDANTS.               )

## PLAINTIFF, LUCKY PALACE, LLC'S, MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY DEFENDANT, MACON COUNTY GREYHOUND PARK, INC., d/b/a VICTORYLAND

COMES NOW the Plaintiff, Lucky Palace, LLC, and moves this Court to issue an Order

compelling Defendant, Macon County Greyhound Park, Inc., d/b/a Victoryland, to more fully and

adequately respond to Interrogatories filed by this Plaintiff. In support of this Motion, the Plaintiff

shows the following Interrogatories and the incomplete, inadequate and/or improperly objected to

responses of this Defendant.

"INTERROGATORY NO. 4:

        Does this Defendant oppose the issuance of a license/licenses to operate an

electronic bingo facility at any facility/location other than Victoryland in Macon

County, Alabama?

RESPONSE:

        Victoryland objects to this Interrogatory on the grounds that it seeks

information that is not relevant to any claim or defense asserted in the pending

litigation and is not reasonably calculated to lead to the discovery of any relevant

information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for uses outside this proceeding."

ARGUMENT:

The opposition to the issuance of a license/licenses to operate an electronic bingo facility at any facility/location other than Victoryland is clearly relevant to the pleadings and issues in this case. The allegations of tortious conduct and a conspiracy to deprive qualified applicants for such licenses which may interfere with Victoryland's virtual and real monopoly are entirely relevant. The motive or intent of this Defendant is an issue of great relevance and to characterize it as a "subjective opinion" is a masquerade and semantical effort that does not cloak this Defendant with a proper reason to refuse answering this very specific and relevant question.

INTERROGATORY NO. 5:

"If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for the opposition."

RESPONSE:

"See objection to Interrogatory No. 4."

ARGUMENT:

As stated above, a detailed explanation of the reason for opposition is relevant and proper for inquiry. Of course, if there is no opposition, this Interrogatory does not apply.

INTERROGATORY NO. 6:

"Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect? If so, please state in detail the basis for this contention."

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case."

ARGUMENT:

Whether Victoryland has in the past or currently takes the position that the operation of other facilities for electronic bingo would be harmful to the citizens of Macon County is very relevant to this case. The allegation of the Complaint and the amendments thereto make this discoverable. It is difficult to comprehend how the purported "subjective opinions" are now claimed to be irrelevant, but they were relevant enough to talk with Fred Gray, Jr., about during the writing of the Rules and Regulations. Victoryland is not a passive observer to the allegations in the Complaint. We are not so naive as to believe that they will consistently maintain throughout this litigation that their "subjective opinions" are irrelevant. This point is further diluted by their claim of a "common interest privilege" in response to this

-3-

Plaintiff's Request for Production. Common interest with whom? Subjective opinions are not irrelevant and the feet, hands and voices put to these opinions will certainly be relevant and this response may logically lead to the discovery of relevant information.

INTERROGATORY NO. 9:

"Please state the annual gross revenues for electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006."

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, the request by a party that desires to compete with Victoryland improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. This request is oppressive, vexatious and filed for improper purpose, and designed for use outside this proceeding."

ARGUMENT:

The profitability and volume of income from electronic bingo gaming at Victoryland goes to the heart of the motive and intent of this Defendant to seek to maintain and assure a monopoly in Macon County. The Plaintiff is not in competition with Victoryland. This suit seeks a fair playing field on acquiring the license to be engaged in the same legalized gaming. The damages suffered by this

cabal's effort to exclude all, but Victoryland will also be shown by the answer to this relevant inquiry. The reliability of Plaintiff's business forecasts and potential will likely be verified by this real financial information. The allegations at issue in this suit make this information relevant and discoverable.

INTERROGATORY NO. 10:

"Please state the net profit from electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006."

RESPONSE:

Same as above.

ARGUMENT:

This information is relevant and discoverable for the same reasons set forth above. The net profits will likely provide relevant evidence going to the motive and intent of this Defendant in seeking to maintain and assure its monopoly in Macon County. This information, takes in conjunction with the gross profits information sought in Interrogatory number 9, will clearly establish what was at state for Victoryland if it were to share the marketplace of free and legal competition with other qualified licenses.

INTERROGATORY NO. 11:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

RESPONSE:

-5-

"Victoryland objects to this Interrogatory to the extent it seeks information covered by attorney-client privilege, the work product doctrine, the common interest doctrine, other applicable doctrines and privileges and to the extent it seeks confidential information protected by Rule 1.6 of the Alabama Rules of Professional Conduct. Victoryland further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving any general or specific objection, Victoryland states that the answer is yes." (Emphasis added).

ARGUMENT:

It is inconceivable that Sheriff Warren can claim attorney-client privilege to his communications with Fred Gray, Jr., regarding the development of these Rules and Regulations and that Victoryland claims the same attorney-client privilege regarding its discussions of the proposed Rules and Regulations. Sheriff Warren was charged with the responsibility of devising these Rules (and subsequent amended Rules) and he has testified that he relied on Fred Gray, Jr., to do this. At the same time, Victoryland is also discussing the proposed Rules with Fred Gray, Jr. The interests of these two Defendants are more than just potentially adverse, yet, they go through the same attorney. Moreover, those discussions are claimed to be privileged under the "common interest doctrine." For a licensed facility operator applicant to be discussing the proposed rules which will govern its qualifications along with any other potential applicants with the attorney who is performing professional services

in drafting these rules for the Sheriff cannot be privileged on both ends. While this question was answered "yes", we urge the Court to overrule and disallow any claim of attorney-client privilege, common interest doctrine or other unidentified "other applicable privileges" as set forth in this response for purpose of further discovery. Here, the fox is not only guarding the hen house, it is helping in its architecture and construction to assure its easy access while denying it to others. Use of the same attorney and claiming privilege thereby is anathema and cannot be condoned by a recognition of that asserted privilege by both parties. Because of the potentially adverse position of the Sheriff and the future applicant (Victoryland) and monopoly holder, this would in essence by a waiver of any privilege when both sides are discussing and proposing rules through the same purported (but hopefully disclosed) confidential claimants of the privilege.

INTERROGATORY NO. 12:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the peron or persons involved, what was discussed and when."

RESPONSE:

Same as above, with this addition: "Without waiving any general or specific objection, Victoryland does not recall the date of any such discussion, the specifics of it, or who was present."

ARGUMENT:

For the same reasons set forth above, the Plaintiff urges the Court to overrule

and disallow any claims of attorney-client privilege, common interest doctrine or other unidentified "other applicable privileges." Moreover, Plaintiff urges the Court to compel the Defendant to fully answer the question of "what was discussed." The Defendant simply responded that it could not recall "the date of it, the specifics of it, or who was present." Surely we are entitled to some revelation of "what was discussed" in as general or specific terms as can be recalled. If this was truly a "common interest" with the Sheriff and it was important enough for a future applicant to discuss proposed rules that would govern its application process and future monopoly, there must be some general topics or landmarks that can be identified to fully and adequately answer this question.

INTERROGATORY NO. 13:

"Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operations of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

RESPONSE:

"Objection with this addition: "Without waiving any objection, the answer is no."

ARGUMENT:

Sheriff Warren has testified that he spoke with Milton McGregor in the presence of his attorney right after this law was passed by the legislature. It is difficult to conceive that Victoryland would not consider Mr. McGregor its agent, but

-8-

it has answered with a simple "no" to this question. Sheriff Warren said the conversation was about an interest in electronic bingo and it was before the issuance of the Rules. The Sheriff went on to testify that he could understand how others would be concerned that there was a conflict with his using Fred Gray, Jr., to draft the rules when his father was a shareholder in Victoryland. We urge the Court to compel the full answer to this Interrogatory with regard to any conversation Milton McGregor had that would apply to this question because it cannot be denied that he was an agent of Victoryland and expressing interests in electronic bingo. Moreover, there may be other similar conversations that must be disclosed.

INTERROGATORY NO. 15:

"Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate bingo at a facility/location in Macon County, Alabama?

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

The allegations made by Plaintiff make it very relevant to determine whether this Defendant opposes the licensing of Plaintiff. This goes to motive and intent. It

is also extremely relevant on the conspiracy allegation. If there is no opposition to other licenses, this Defendant should acknowledge that fact by answering this direct, specific and relevant question.

INTERROGATORY NO. 16:

"If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition."

RESPONSE:

"See objection to Interrogatory 15."

ARGUMENT:

This question should be required to be answered for the same reasons set forth above for number 15.

INTERROGATORY NO. 17:

"Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Victoryland as an entity does not have 'desires' and if it did, any such desires would not be relevant to the issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

Any desire to be and remain a monopoly for electronic bingo gaming in Macon County is relevant and goes to motive and interest regarding the allegations made by this Plaintiff. To say this Defendant has "no desire" is disingenuous. This question is direct, specific and relevant. It should be answered.

INTERROGATORY NO. 18:

"If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire."

RESPONSE:

"Not applicable. See also objection to Interrogatory 17."

ARGUMENT:

A full response to this question in conjunction with number 17 is appropriate and relevant. Motive and interest are relevant inquires under the allegation of this suit.

INTERROGATORY NO. 19:

"Has this Defendant (or any agent or employee/even made its desire and reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama?

RESPONSE:

"Victoryland objects to this Interrogatory on the grounds that it is unintelligible as written and seeks information that is not relevant to any claim or

defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. The Interrogatory is improperly vague as it rests on improper assumptions. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding."

ARGUMENT:

Plaintiff is entitled to know if this Defendant ever made known its reason for why it should have a monopoly on electronic bingo to Sheriff Warren or employees of Macon County. This is clearly relevant to the allegations made in this suit.

INTERROGATORY NO. 20:

"If the answer to the preceding Interrogatory is in the affirmative, please describe each and every occasion such desire and reasons have been made known to these persons and how it was made known."

RESPONSE:

"Not applicable. See also objection to Interrogatory 19."

ARGUMENT:

For the same reasons set forth above, this question should be answered. The remaining 6 Interrogatories were also not answered and in number 23, this Defendant refused to list witnesses with any information about the "drafting, consideration, adoption and amendments" to the Rules and Regulations in bingo licensing. This information is surely relevant and discoverable in Interrogatories rather than waiting for a Court's Scheduling Order as Defendant states in its refusal.

While all of these remaining Interrogatories should be required to be answered, the

Plaintiff will await further discovery if the Court so directs.

For the foregoing reasons, the Plaintiff urges the Court to issue an Order compelling answers to

Plaintiff's Interrogatories in full and complete responses.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:        (205) 326-3336
Fax:          (205) 326-3332
E-mail:       sheninger@hgdlawfirm.com

### CERTIFICATE OF SERVICE

_____I hereby certify that on December 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:    (334) 269-2563
Facsimile:    (334) 269-2959
 E-mail:      fgray@glsmgn.com
              jbibb@glsmgn.com
              fgrayjr@glsmgn.com
              thalia@glsmgn.com
(Attorney for Sheriff Warren)

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988

Montgomery, AL  36102
Telephone:    (334) 834-5311
Facsimile:    (334) 834-5362
E-mail:    janderson@beersanderson.com
          wshaw@beersanderson.com
(Attorney for Sheriff Warren)

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:    (205) 323-1888
Facsimile:    (205) 323-8907
E-mail:    mwhite@waadlaw.com
          adowd@waadlaw.com
          rdepalma@waadlaw.com
(Attorneys for Macon County Greyhound Park, Inc.)

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:    (205) 251-1000
Facsimile:    (205) 324-1133
E-mail:    wms@hsy.com
          pcd@hsy.com
          pt@hsy.com
          kdd@hsy.com
(Attorneys for Macon County Greyhound Park, Inc.)

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:    (334) 532-3400
Facsimile:    (334) 532-3434
E-mail:    jbolton@sasserlawfirm.com

cspencer@sasserlawfirm.com
(Attorneys for McGregor)

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:     (205) 986-3620
Facsimile:     (205) 986-3639
E-mail:        rks@spotswoodllc.com
               msansbury@spotswoodllc.com
(Attorney for other Plaintiffs)

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:     (334) 241-8202
E-mail:        glb@chlaw.com
(Attorney for Fred D. Gray; Fred D. Gray, Jr.;
Gray, Langford, Sapp, McGown, Gray, Gray & Nathanson)

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON, & GARRETT
184 Commerce Street
PO Box 270
Montgomery, AL 36101
Telephone:     (334) 206-3100
Facsimile:     (334) 481-0804
E-mail:        RGD@RSJG.com
(Attorney for Fred D. Gray, Jr.)

                                /s/ Stephen D. Heninger
                                STEPHEN D. HENINGER [ASB5227E685]