**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **HOPE FOR FAMILIES & COMMUNITY**<br>**SERVICES, INC., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) **CASE NO.: 3:06-cv-01113-wkw-csc** |
| | ) |
| **DAVID WARREN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MOTION TO QUASH PLAINTIFF LUCKY PALACE, LLC'S DEPOSITION NOTICE
OF FRED GRAY, JR., OR ALTERNATIVELY, FOR A PROTECTIVE ORDER**

COMES NOW non-parties Gray, Langford, Sapp, McGowen, Gray, Gray, & Nathanson (the "Gray Law Firm"), Fred. D. Gray ("Fred Gray.") and Fred. D. Gray, Jr., ("Fred Gray, Jr."), (collectively, "Gray"), pursuant to FRCP 26, and states as follows:

1.      On March 7, 2008, Plaintiff Lucky Palace, LLC ("Lucky Palace") served a notice to take the deposition of Fred Gray, Jr.  *See* Lucky Palace, LLC's Notice to Take Deposition, attached hereto as Exhibit A.

2.      This motion is made on the grounds that Lucky Palace seeks disclosure at Fred Gray, Jr.'s deposition of information that reflects Fred Gray, Jr.'s confidential conversations with his client(s), Defendant Sheriff David Warren and/or Defendants Milton McGregor and Macon County Greyhound Park, Inc., and his impressions, conclusions, opinions, and legal research. Such information is protected by the attorney-client privilege and by the work product rule, and is thus not discoverable.  Furthermore, to date, the Plaintiffs have not deposed any of the

1

above-named defendants.  Thus, Lucky Palace cannot show a substantial need for the confidential and privileged information which they now seek.

3.    Movants requested and received an opinion from the Alabama State Bar Office of General Counsel regarding the hypothetical issues surrounding the discovery requests served upon the Movants in the above-styled action.  *See* Request for Ethics Opinion, attached as Exhibit B and Informal Opinion, attached as Exhibit C.  The opinion of the State Bar is that there is no exception under Rule 1.6 of the Alabama Rules of Professional Conduct which would justify the disclosure of any confidential information held by the Movants on behalf of their clients.  The State Bar further instructs that "motions to quash subpoenas or notices of depositions, and possible protective orders obtained from the trial court" are in order.

4.    The Gray Law Firm, Fred Gray and Fred Gray Jr., move the Court pursuant to FRCP 26(c)(1) for a protective order quashing Lucky Palace's deposition notice of Fred Gray Jr. Courts generally will permit the deposition of opposing counsel[1] **only** upon a showing of substantial need **and only** after alternate discovery avenues have been exhausted or proven impractical*. See, e.g., West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fla. 1990). Because deposition of a party's attorney is usually both burdensome and disruptive, **the mere request to depose an attorney constitutes good cause** for obtaining a protective order to prevent the deposition unless the party seeking the deposition

---

[1]    Likewise, deposing a former attorney, as opposed to a present attorney, does not lessen the ever present threat that the attorney-client privilege or work product may be involved.  *See, e.g., N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D. N.C. 1987).

can show the propriety of and need for the deposition and demonstrate that the deposition is the only practical means available for obtaining the information. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D. N.C. 1987). The party seeking the deposition must also show that the information sought will not invade the attorney-client privilege or the work product privilege and that the information is relevant and the need for it outweighs the disadvantages inherent in deposing the party's attorney. *Id.* at 86.   Additionally, the party seeking the deposition

> must demonstrate that the deposition is the only practical means available of obtaining the information.  If there are other persons available who have the information, they should be deposed first.  Also, other methods, such as written interrogatories which do not involve the same dangers as an oral deposition, should be employed.[2]

*Id.; See also West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. at 302 (party seeking to depose attorney must show that the deposition is the only practical means of obtaining the information, that the attorney's deposition would not invade the privilege, and that need outweighs the dangers of deposing an attorney).  Lucky Palace has failed to make any such showing.

    5.    In the alternative, pursuant to FRCP 26(c), the Movants seek an order preventing Lucky Palace from inquiring into matters protected by the attorney-client privilege or the work product rule.  A district court has broad discretion in

---

[2]    Plaintiffs have served Movants with written discovery and, upon objection by Movants, have moved to compel such discovery.  (Doc. 135)  Movants' response showing cause why the motion should not be granted is due on or before March 24, 2008 and oral argument is set for March 28, 2008.  Thus, it is premature to seek to depose Fred Gray, Jr. at this time.

fashioning protective orders. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Fed. R. Civ. P. 26(c) provides that a court "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." In addition, this circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Id.* at 1547. This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Id.* Here, Lucky Palace has failed to show substantial need for the privileged information and the Movants, in accordance with their professional responsibility, have clearly demonstrated a strong interest in upholding the attorney-client privilege and work product rule. Furthermore, Movants' clients have not consented to the disclosure by Movants of any confidential information.

6.    Pursuant to FRCP 26(c)(1), the undersigned certifies that the Movants have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve this dispute without court action. *See* Beck Affidavit, attached hereto as Exhibit D.

WHEREFORE, based upon the foregoing, Movants respectfully request this Court enter a protective order preventing the deposition of Fred Gray, Jr., or alternatively, a protective order restricting Lucky Palace from inquiring into matters protected by the attorney-client privilege or the work product rule.

Respectfully submitted, this the 17th day of March, 2008.

s/George L. Beck, Jr.
**George L. Beck, Jr. (BEC011)**
**Ronald G. Davenport (DAV044)**

Attorneys for Movants Gray, Langford,
Sapp, McGowen, Gray, Gray, & Nathanson,
Fred Gray and Fred Gray, Jr.

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:  (334) 241-8000
Facsimile:    (334) 323-8888
Email:        glb@chlaw.com

RUSHTON, STAKELY, JOHNSTON & GARRETT
184 Commerce Street
P.O. Box 270
Montgomery, AL  36101
Email:        rgd@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system, which will send notification of
such filing to the following:

Robert K. Spotswood
Michael T. Sansbury
SPOTSWOOD, SANSOM & SANSBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203-3329
Email:        rks@spotswoodllc.com
              msansbury@spotswoodllc.com

Fred D. Gray
Fred D. Gray, Jr.
GRAY, LANGFORD, SAPP, McGOWAN,
        GRAY, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Email:        fgray@glsmgn.com
              jbibb@glsmgn.com
              fgrayjr@glsmgn.com
              thalia@glsmgn.com

Stephen Don Heninger
William Lewis Garrison, Jr.
Gayle Douglas
HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
2224 1st Avenue North
Birmingham, AL  35202
Email:        steve@hgdlawfirm.com
              wlgarrison@hgdlawfirm.com
              gdouglas@hgdlawfirm.com

John Mark White
Augusta S. Dowd
Rebecca DePalma
WHITE, ARNOLD ANDREWS & DOWD
2025 Third Avenue North
Suite 600
Birmingham, AL  35203
Email:        mwhite@waadlaw.com
              adowd@waadlaw.com
              rdepalma@waadlaw.com

James H. Anderson
Ryan Wesley Shaw
BEERS, ANDERSON, JACKSON,
PATTY, VAN HEEST & FAWAL
P.O. Box 1988
Montgomery, AL  36102
Email:        janderson@beersanderson.com
              wshaw@beersanderson.com

William M. Slaughter
Patricia C. Diak
Peter John Tepley
Khristi Doss Driver
HASKELL, SLAUGHTER, YOUNG & REDIKER
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Email:        wms@hsy.com
              pcd@hsy.com
              pt@hsy.com
              kdd@hsy.com

John M. Bolton, III
Charlanna White Spencer
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Email:      jbolton@hillhillcarter.com
            cspencer@hillhillcarter.com

s/George L. Beck, Jr.
George L. Beck, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
       Plaintiffs, )
       )
       )
v.        )     Case No.: 3:06-cv-01113-WKW-WC
       )
DAVID WARREN, in his Official )
Capacity as the SHERIFF OF MACON )
COUNTY, et al., )
       Defendants. )

### PLAINTIFF, LUCKY PALACE, LLC'S, NOTICE TO TAKE DEPOSITION

TO:    Peter John Tepley, Esq.
       HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
       1400 Park Place Tower
       2001 Park Place North
       Birmingham, AL 35203

       Please take notice that plaintiff will, by oral examination, take the video testimony via teleconference of the deponent whose name is listed below, for the purpose of discovery and/or for use as evidence in the action before a court reporter or before some other duly qualified officer, in accordance with the Federal Rules of Civil Procedure. The oral examination will continue until completed.

       **DEPONENT:**     **Fred D. Gray, Jr.**

       **TIME:**          To Be Determined by parties and counsel for Fred D. Gray, Jr.

       **DATE:**          To Be Determined by parties and counsel for Fred D. Gray, Jr.

       **LOCATION:**     To Be Determined by parties and counsel for Fred D. Gray, Jr.

                        _____
                        STEPHEN D. HENINGER [ASB5227E685]
                        Attorney for Lucky Palace, LLC
                        HENINGER GARRISON DAVIS, LLC
                        2224 1st Avenue North
                        Birmingham, Alabama 35203
                        Phone:      (205) 326-3336
                        Fax:         (205) 326-3332


EXHIBIT
A

E-mail:          sheninger@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
Telephone:      (334) 269-2563
Facsimile:      (334) 269-2959
E-mail:         fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL  36102
Telephone:      (334) 834-5311
Facsimile:      (334) 834-5362
E-mail:         janderson@beersanderson.com
                wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL  35203
Telephone:      (205) 323-1888
Facsimile:      (205) 323-8907
E-mail:         mwhite@waadlaw.com
                adowd@waadlaw.com
                rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Telephone:      (205) 251-1000
Facsimile:      (205) 324-1133
E-mail:_____ wms@hsy.com
_____ pcd@hsy.com
_____ pt@hsy.com
_____ kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:      (334) 532-3400
Facsimile:      (334) 532-3434
E-mail:_____ jbolton@sasserlawfirm.com
_____ cspencer@sasserlawfirm.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:      (205) 986-3620
Facsimile:      (205) 986-3639
E-mail:_____ rks@spotswoodllc.com
_____ msansbury@spotswoodllc.com

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:      (334) 241-8002
Facsimile:      (334) 323-8888
E-mail:_____ glb@chlaw.com

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:        (205) 326-3336
Fax:          (205) 326-3332
E-mail:       sheninger@hgdlawfirm.com

FRANK H. McFADDEN          JAMES N. McCONNELL         C. JACKSON HOUSTON, OR RICHARDSON
JOHN F. ANDREWS            CONSTANCE SMITH BARKER      ARDEN REED PATHAK
WILLIAM D. COLEMAN         THOMAS M. EDEN III          TODD H. COX
WILLIAM K. MARTIN          W. HOLT SPEIR III           RICHARD F. CALHOUN, JR.
GEORGE L. BECK, JR.        CHRISTOPHER W. WELLER       WILLIAM R. CUNNINGHAM, JR.
BRUCE J. DOWNEY III        DEBRA DEAMES SPAIN          W. ALLEN SHEEHAN
HENRY C. BARNETT, JR.      C. CLAY TORBERT III         TERRIE SCOTT BIGGS
K. PALMER SMITH            R. BROOKE LAWSON III
ROBERT T. MEADOWS III      J. SCOTT PIERCE             OF COUNSEL:
HENRY H. HUTCHINSON        ROBERT D. RIVES             JAMES M. SCOTT
SHAPARD D. ASHLEY          RICHARD H. ALLEN            THOMAS S. LAWSON, JR.
D. KYLE JOHNSON            M. COURTNEY WILLIAMS
ROBERT F. NORTHCUTT        LEE M. RUSSELL, JR.         AFFILIATED COUNSEL:
J. LISTER HUBBARD          CHAD W. BRYAN               CHAD D. EMERSON
JAMES N. WALTER, JR.       MICHAEL P. DALTON

# CAPELL & HOWARD P.C.
## ATTORNEYS AT LAW

February 11, 2008

J. Anthony McLain, Esq.
Alabama State Bar
415 Dexter Avenue
Montgomery, AL 36104

**EXHIBIT**
**B**

      RE:    ***Request for Ethics Opinion***
              ***Our Ref.: 26632-002***

Dear Mr. McLain:

      My law firm respectfully requests an ethics opinion from the Alabama Bar on the matters expressed herein.

      Lawyer, Sr. and Lawyer, Jr. are father and son who are members of a multiple-member Law Firm. Lawyer, Sr. is the founder of the firm and has represented Client A in various legal matters over a period exceeding twenty years. Lawyer, Jr. has represented Client B in various legal matters over a period of approximately twenty years. Client A is aware of the legal services provided by Lawyer, Jr. and Client B, and Client B is aware of the legal services provided by Lawyer, Sr. to Client A. Previously, Client A and Client B had never been aligned as parties in the same legal action. Lawyer, Sr. is a minority shareholder in Client A.

      The Plaintiffs, potential competitors of Client A, have filed civil litigation against Clients A and B. Plaintiffs allege, among other things, that Client A's fee payments to Law Firm for legal services constitute bribes to Lawyer, Jr. The Plaintiffs admit that they have no factual basis for this allegation and state in their complaint that this information is peculiarly within the knowledge of Lawyer, Sr. and Lawyer, Jr.

      In this litigation, the Law Firm, and particularly Lawyer, Jr., are representing Client B. No member of the Law Firm is representing Client A in any matter connected with this litigation. The Plaintiffs are now seeking discovery by subpoena and deposition from the Law Firm. Neither Client A nor B has consented or authorized the Law Firm to produce any information. Neither Client A nor B has waived or agreed to waive any attorney-client or work-product privilege.

**MONTGOMERY · OPELIKA / AUBURN**

1113219  150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 tel    334 323 8888 fax    www.capellhoward.com

Page 2
February 11, 2008

An opinion is sought on the following questions:

1.    What is the ethical obligation of the Law Firm in connection with the subpoenas for documents, billing records, information and communications concerning both Client A and Client B?

2.    Absent a waiver from Client A, can the Law Firm or any of its members divulge any information about Client A concerning the representation, communications with Client A or communications with any other party regarding legal matters handled for Client A?

3.    This same question applies to Client B.  Absent a waiver from Client B, can the Law Firm or any of its members divulge any information about Client B concerning the representation, communications with Client B or communications with any other party regarding legal matters handled for Client B?

4.    Do any of the exceptions set forth in Rule 1.6, Alabama Rules of Professional Conduct apply to the Plaintiffs in the context of the pending litigation?

Sincerely,

CAPELL & HOWARD, P.C.

George L. Beck, Jr.

cc:    Ron Davenport
       Mark White
       Augusta Dowd
       John Bolton

1113219

02/19/2008  03:07    3342616311              AL STATE BAR UGU                PAGE  01/02



# ALABAMA STATE BAR
## OFFICE OF GENERAL COUNSEL
415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6311
www.alabar.org

February 19, 2008

Mr. George L. Beck, Jr.
Capell & Howard
Attorneys at Law
150 South Perry Street
Montgomery, AL 36102-2069

Re: Written Ethical Inquiry

Dear Mr. Beck:

I am writing in response to your letter dated February 11, 2008, requesting an ethics opinion from this office. A copy of your letter is attached hereto for reference purposes. In response to your request, I am providing you the following which is an informal opinion of the Office of General Counsel and is not binding on the Disciplinary Commission of the Alabama State Bar.

The relevant facts are that the two lawyers, father and son, and members of the same law firm, have represented two clients, A and B, for a substantial period of time. Suit has recently been filed against clients A and B wherein it is alleged that client A's fee payments to the law firm constitute bribes to the son. In the present litigation, the firm is representing only client B, who is being represented by the son.

Plaintiffs are seeking discovery by subpoena and deposition of information from the law firm concerning their representation. Neither client A nor B has waived the attorney-client or work-product privilege.

The law firm's obligation to both clients A and B is to maintain privilege and confidentiality of any and all information in its possession with regard to those clients. Rule 1.6 of the Alabama Rules of Professional Conduct requires that the father and son resist any efforts by the plaintiffs to discover any such confidential or privileged client information. Absent a waiver by the client, or a court order, the father and son



**EXHIBIT**

C

Mr. George L. Beck, Jr.
Page Two
February 19, 2008

lawyers should make every effort to protect this information.  As such, motions to
quash subpoenas or notices of depositions, and possible protective orders obtained
from the trial court would be in order.

    Also be reminded that confidentiality relates to any and all information
gained during the course of representing the clients, regardless of the source of
that information.  Confidential information is not restricted solely to lawyer-client
privileged communications.  Rather, it covers any and all information gained by the
father and son during their representation of their respective clients.  As mentioned
above, absent a waiver by the affected client, neither the father nor the son should
disclose this information without the consent of the affected client.

    There does not appear to be any available exception under Rule 1.6 which
would justify the disclosure of any confidential information held by the father
and/or the son on behalf of their clients.  Note should also made of the fact that it
is questionable whether the plaintiffs have any right to challenge the lawyer-client
relationships which father and son have with clients A and B, and, thus, whether they
have any right to the information which they now seek from the lawyers.  However,
such is a question more properly determined by the trial court as a matter of law,
rather than as an issue concerning ethics.

    I hope that this response sufficiently addresses the concerns and questions
raised in your inquiry.  However, if you have any further questions, please do not
hesitate to contact this office.

                            Sincerely,

                            J. Anthony McLain
                            General Counsel

enclosure

JAM/vf

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **HOPE FOR FAMILIES & COMMUNITY** | ) |
| **SERVICES, INC., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) **Case No.: 3:06-cv-01113-wkw-csc** |
| | ) |
| **DAVID WARREN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>AFFIDAVIT OF GEORGE L. BECK, ESQ.</u>

**STATE OF ALABAMA**               )

**COUNTY OF MONTGOMERY**     )

Before me, a notary public in and for said county and state, personally appeared George L. Beck, Esq., who is known to me, and who after being first duly sworn, deposes and states as follows:

1.     My name is George L. Beck.  I am over the age of nineteen and reside in Montgomery County, Alabama.  I have personal knowledge of the statements contained herein.

2.     Counsel for Fred Gray, Fred Gray, Jr. and the Gray, Langford, Sapp, McGowen, Gray, Gray, & Nathanson law firm have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute regarding Lucky Palace, LLC's Notice of Deposition of Fred Gray, Jr. without court action.

1



I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2008.

_George L. Beck, IV_
GEORGE L. BECK

Sworn to and subscribed before me on this the 17th day of March, 2008.

_Lynette M Burkey_
Notary Public
My Commission Expires: 1/17/11

{SEAL}

2