**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

|  |  |
|---|---|
| **HOPE FOR FAMILIES &** | ) |
| **COMMUNITY SERVICES, INC., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 3:06-cv-01113-WKW-csc** |
| | ) |
| **DAVID WARREN, in his Official** | ) |
| **Capacity as the SHERIFF OF MACON** | ) |
| **COUNTY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANT'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS AND THINGS

**COMES NOW** Defendant, Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland"), and respectfully moves this Honorable Court, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, to compel Plaintiff Lucky Palace LLC to produce in native electronic format Lucky Palace Model.xls identified in Plaintiffs' Initial Disclosures. As grounds therefor Defendant states as follows:

1.      On July 11, 2007, pursuant to Rules 26(a) of the Federal Rules of Civil Procedure, Plaintiffs submitted Plaintiffs' Rule 26 Disclosures to Defendant. In their Response to Initial Disclosure No. 26(a)(1)(C), Plaintiffs stated that responsive documents included an electronic spreadsheet entitled "Lucky Palace Model.xls" which was maintained by counsel for Plaintiffs. (Plaintiffs' Rule 26 Disclosures, attached as Exh. "A").

2.      On August 6, 2007, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant served its First Interrogatories and Requests for Production of Documents on Lucky Palace (attached as Exh. "B").   Federal Rule 34(a)(1)(A) specifically calls for the production of electronically stored information.   Request Number 42 of Defendant's Requests for Production requested that Plaintiffs produce "[a]ll documents that show, contain, mention, reflect, support or relate to the damages that you contend you have suffered and/or your calculation of the damages that you listed in your Initial Disclosures."   Request Number 48 specifically states:   "Please produce 'Lucky Palace Model.xls' described in your Initial Disclosures in electronic and paper format, including any and all drafts and versions thereof, as well as all data relied upon in creating said spreadsheet."

3.      Plaintiffs responded on October 12, 2007, to Defendant's Interrogatories and Requests for Production of Documents (Plaintiff, Lucky Palace LLC's Responses to Defendant, Macon County Greyhound Park, Inc.'s, First Interrogatories, attached as Exh. "C").   In response to Request Number 42, Plaintiffs stated that "[t]o the extent such documents may exist, they are being provided in response to this request for production." Plaintiffs made the same response to Request Number 48.  Plaintiffs did not object to producing this data.  To the contrary, they once again agreed to produce Lucky Palace Model.xls in electronic format.

4.      On September 13, 2007, in an exchange of e-mails with counsel for Defendant, counsel for Plaintiffs acknowledged that no documents had been produced, not even Lucky Palace Model.xls which related to the Plaintiffs' alleged damages that Plaintiffs listed in their Initial Disclosures served upon Defendant on July 11, 2007.  Plaintiffs' counsel further stated that he had the documents that his client possessed, but was waiting until a Protective Order was in place to produce said documents.  Counsel for Defendant inquired as to when Plaintiffs would

2

produce responses to discovery requests, to which Plaintiffs' counsel replied "late next week." (9/13/07 e-mails, attached as Exh. "D").

5.    A proposed Consent Protective Order was submitted by the parties on September 19, 2007 (Doc. #104), and the Court entered a Consent Protective Order on September 20, 2007 (Doc. #105).

6.    After numerous e-mails from counsel for Defendant, Plaintiffs' counsel finally produced a hard copy of Lucky Palace Model.xls on November 2, 2007.

7.    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, in its response a party may state an objection to a requested form for producing electronically stored information. Plaintiffs did not object to Defendant's request and in fact in their Initial Disclosures agreed to produce the document in the "xls" format.   Furthermore, a party must produce electronic documents as they are kept in the usual course of business.  Counsel for Plaintiffs stated in their Initial Disclosures that the electronic spreadsheet entitled "Lucky Palace Model.xls" was produced by Lucky Palace and maintained by Plaintiffs' counsel.  Since Lucky Palace maintains the document as an electronic xls spreadsheet in the usual course of business, it must produce the Lucky Palace Model.xls in the same format to the Defendant.

8.    Defendant has requested that the Lucky Palace Model.xls be produced in native electronic format.  In one final attempt to avoid involving the Court in this matter, on March 13, 2008, Defendant's counsel sent a letter to Plaintiffs' counsel requesting that the document in question be produced to Defendant's counsel in native electronic format (3/13/08 letter, attached as Exh. "E").  Counsel for Plaintiffs has not yet produced the document it previously agreed to produce.

9.      It cannot be contested that Plaintiffs' damages model is relevant to this action or that Defendants are entitled to the electronic spreadsheet previously identified.  It is also beyond dispute that any potential objection to producing the spreadsheet in its electronic form has been waived.

10.      The undersigned counsel for Defendant hereby certifies that Counsel for Defendant, as noted above, has in good faith conferred and attempted to confer with Counsel for the Plaintiffs to secure the requested electronic spreadsheet without court action.

**WHEREFORE PREMISES CONSIDERED** Defendant respectfully moves this Court to enter an order compelling Plaintiffs to produce Lucky Palace Model.xls identified in Plaintiffs' Initial Disclosures.

Respectfully submitted,

/s/ Augusta S. Dowd.
Augusta S. Dowd (ASB-5274-D58A)
One of Attorneys for Defendant,
Macon County Greyhound Park, Inc.
d/b/a Victoryland

**OF COUNSEL:**

J. Mark White (ASB-5029-H66J)
Rebecca G. DePalma (ASB-4105-D57R)
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama  35203
Tel:    (205) 323-1888
Fax:    (205) 323-8907
E-mail:  mwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Khristi Doss Driver. Esq.
Peter J. Tepley, Esq.
**HASKELL SLAUGHTER YOUNG & REDIKER, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail:  wms@hsy.com
E-mail:  pcd@hsy.com
E-mail:  kdd@hsy.com
E-mail:  pt@hsy.com


# CERTIFICATE OF SERVICE

I hereby certify that on this  _19th_ day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record:

John M. Bolton, III
Charlanna W. Spencer (ASB-6860-R62C)
**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
E-mail:  jbolton@hillhillcarter.com
E-mail:  cspencer@hillhillcarter.com


Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
E-mail:  rks@spotswoodllc.com
E-mail:  msansbury@spotswoodllc.com

Fred Gray
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
E-mail:   fgray@glsmgn.com
E-mail:   fgrayjr@glsmgn.com

James H. Anderson
Ryan Wesley Shaw
**Beers Anderson Jackson Patty &Van Heest PC**
P.O. Box 1988
Montgomery, AL  36102
E-mail:   janderson@beersanderson.com
E-mail:   wshaw@beersanderson.com

W. Lewis Garrison
Stephen D. Heninger
Gayle Douglas
**Heninger Garrison Davis, L.L.C.**
2224 1st Avenue North
Birmingham, AL 35203
E-mail:   wlgarrison@hgdlawfirm.com
E-mail:   steve@hgdlawfirm.com
E-mail:   gdouglas@hgdlawfirm.com

George Beck, Jr.
**Capell & Howard, P.C.**
P.O. Box 2069
Montgomery, Alabama 36102-2069
E-mail:   glb@chlaw.com

Ronald G. Davenport
**Rushton, Stakely, Johnston & Garrett**
184 Commerce Street
P.O. Box 270
Montgomery, Alabama 36101
E-mail:   rgd@rsjg.com

/s/ Augusta S. Dowd.
OF COUNSEL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **HOPE FOR FAMILIES & COMMUNITY SERVICES, INC.,** et al., | ) ) ) ) |  |
|  | ) |  |
| **Plaintiffs,** | ) ) |  |
| **v.** | ) | **Case No.: 3:06-cv-01113-WKW-WC** |
|  | ) |  |
| **DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY,** et al., | ) ) ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| **Defendants.** | ) ) |  |

# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al.,                          )
                                                         )
      Plaintiffs,                          )
                                                         )
v.                                                       )    Case No.: 3:06-cv-01113-WKW-csc
                                                         )
DAVID WARREN, in his Official           )
Capacity as the SHERIFF OF MACON  )
COUNTY, et al.,                                   )
                                                         )
      Defendants.                        )
                                                         )

## PLAINTIFFS' RULE 26 DISCLOSURES

### PRELIMINARY STATEMENT

The Plaintiffs have not completed the investigation of all the facts of this case, or discovery in, or analysis of this matter, and have not completed preparation for trial. Accordingly, this disclosure statement is provided pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court without prejudice to the Plaintiffs' rights to introduce at trial any evidence that is subsequently discovered relating to proof of presently known facts, and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents and things now known may be imperfectly understood and, accordingly, such facts, documents, and things may not be included in the following statement. The Plaintiffs reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents and things notwithstanding the initial statements herein. The Plaintiffs further reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the

time of trial any and all facts, documents and things which it does not presently recall, but may recall at some time in the future.

The Plaintiffs object to the disclosure of information that is protected by the attorney-client privilege, the work product doctrine or any other applicable privilege. To the extent that the Plaintiffs inadvertently disclose information that may be protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

The information set forth below is provided without in any manner waiving (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any requests involving or relative to the subject matter of the responses herein; and (3) the right to revise, correct, supplement or clarify any of the responses provided below, at any time. The Plaintiffs specifically reserve the right to supplement their responses herein in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

**INITIAL DISCLOSURE NO. 26(a)(1)(A): The name and, if known, the address and telephone number of each individual likely to have discoverable information that the Plaintiffs may use to support their claims, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(A):** The Plaintiffs object to any ex parte contact by the Defendants or Defendants' counsel of any designated individuals affiliated with the Plaintiffs. The Plaintiffs also object to providing the address and telephone numbers of such affiliates. All affiliates of the Plaintiffs may be contacted through the

2

undersigned counsel for the Plaintiffs.  Without waiving said objections, the following persons may possess knowledge of the facts alleged in the Third Amended Complaint and the issues in dispute in this lawsuit:

**Affiliates of the Plaintiffs:**

**Lula Bridges** has knowledge of the Application for Bingo License submitted by Hope for Families & Community Services, Inc.

**Carrie Calloway** has knowledge of the Application for Bingo License submitted by Beulah Missionary Baptist Church.

**Patricia Robinson-Rahim** has knowledge of the Application for Bingo License submitted by E.D. Nixon Apartments, Inc.

**Lawrence McRae** has knowledge of the Application for Bingo License submitted by McRae Prostate Cancer Awareness Foundation.

**Eric Austin** has knowledge of the Application for Bingo License submitted by Milstead Community Center, Inc.

**Jerry Clinkscales** has knowledge of the Application for Bingo License submitted by NCO Nile Club.

**George Johnson** has knowledge of the Application for Bingo License submitted by New Elam Missionary Baptist Church.

**Aleshia Sue Porter McKee** has knowledge of the Application for Bingo License submitted by Notasulga High School PTSA.

**Ron Perry Jr.** has knowledge of the Application for Bingo License submitted by Shorter Community Development, Inc.

**Harold Powell** has knowledge of the Application for Bingo License submitted by Shorter Lodge # 533.

**Jimmy Ellis** has knowledge of the Application for Bingo License submitted by Shorter Volunteer Fire Department.

**Winston Walker** has knowledge of the Application for Bingo License submitted by Sojourner Truth Chapter #265 OES.

**Wynderlyn Jeter** has knowledge of the Application for Bingo License submitted by Sweet Gum AME Zion Church.

**Amos Harris** has knowledge of the Application for Bingo License submitted by Tabernacle Baptist Church.

**Doris Overton** has knowledge of the Application for Bingo License submitted by Tubman Gardens, Inc.

**Magdalene K. Patton** has knowledge of the Application for Bingo License submitted by Tuskegee Macon County Community Foundation, Inc.

**Willie Burnett** has knowledge of the Application for Bingo License submitted by Tuskegee National Alumni Association.

**Paul Bracy Jr.** has detailed knowledge concerning the communications between Lucky Palace, LLC, and Sheriff Warren. Mr. Bracy also has detailed knowledge concerning his communications with Defendants Milton McGregor and Macon County Greyhound Park, Inc., doing business as VictoryLand or doing business as Quincy's Triple Seven (hereinafter "VictoryLand"). Mr. Bracy also has knowledge concerning the operation and profitability of electronic bingo at Lucky Palace's proposed facility. Mr. Bracy's address is 4419 Evangel Circle, Huntsville, Alabama 35816, and his telephone number is (256) 830-0760.

4

**Dwight Washington** has knowledge concerning the communications between Lucky Palace, LLC, and Sheriff Warren. Mr. Washington also has knowledge concerning the operation and profitability of electronic bingo at Lucky Palace's proposed facility. Mr. Washington's address is 4419 Evangel Circle, Huntsville, Alabama 35816, and his telephone number is (256) 830-0760.

**Marcus Taylor** has knowledge concerning the communications between Lucky Palace, LLC, and Sheriff Warren. Mr. Taylor also has knowledge concerning the communications between Lucky Palace, LLC, its representatives, and Defendants McGregor and VictoryLand. Mr. Taylor also has knowledge concerning the operation and profitability of electronic bingo at Lucky Palace's proposed facility. Mr. Taylor's address is 4419 Evangel Circle, Huntsville, Alabama 35816, and his telephone number is (256) 830-0760.

**Non-Affiliates:**

**Sheriff David Warren** – The Plaintiffs assume that Defendant Warren has detailed knowledge concerning the promulgation and amendment of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and any applications for bingo licenses submitted in accordance with the Rules and Regulations. Defendant Warren will also have knowledge of his communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. The Plaintiffs believe that Defendant Warren's address is 246 County Road 10, Tuskegee, Alabama 36083, and that his telephone number is (334) 724-0669.

**Pebblin W. Warren** – The Plaintiffs assume that Pebblin W. Warren has detailed knowledge concerning the drafting and submission of HB 17 in 2005 and the events surrounding

the same. Ms. Warren may also have knowledge of Defendant Warren's communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. The Plaintiffs believe that Ms. Warren's address is Room 520, 11 S. Union Street, Montgomery, Alabama 36130, and that her telephone number is (334) 242-7734.

**Milton McGregor** – The Plaintiffs believe that Defendant McGregor has detailed knowledge concerning the promulgation and amendment of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and many applications for bingo licenses submitted in accordance with those Rules and Regulations. Defendant McGregor will also have knowledge of Defendant Warren's communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Defendant McGregor will also have knowledge of Fred Gray Jr.'s communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Defendant McGregor will also have knowledge of his communications with Lucky Palace, LLC, and its representatives. Defendant McGregor will also have financial information concerning VictoryLand. The Plaintiffs believe that Defendant McGregor's address is 400 South Union St., Ste. 415, Montgomery, Alabama 36104, and that his telephone number is (334) 727-0540.

**Fred D. Gray** - The Plaintiffs believe that Fred Gray has knowledge of the Application for Bingo License submitted by the Tuskegee Human and Civil Rights Multicultural Center and the Class B Bingo License that it received. Mr. Gray will also have knowledge of Defendant Warren's communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Mr. Gray will also have knowledge of Fred Gray Jr.'s communications with, relationship with, and any benefits received from Defendants McGregor and VictoryLand. Mr. Gray will also have knowledge of his ownership interest in Defendant

6

VictoryLand, and any other benefits that he may have received from Defendants VictoryLand and Milton McGregor. The Plaintiffs believe that Mr. Gray's address is 118 North Maple Street, Tuskegee, Alabama 36083.

**Fred D. Gray Jr.** - The Plaintiffs believe that Fred Gray Jr. has detailed knowledge concerning the promulgation and amendment of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, and applications for bingo licenses submitted in accordance with those Rules and Regulations. Mr. Gray will also have knowledge of Defendant Warren's communications with Defendants McGregor and VictoryLand regarding the promulgation and amendment of the Rules and Regulations. Mr. Gray will also have knowledge of any benefits that he may have received from Defendants VictoryLand and McGregor and of the influence such benefits had on his advice to Defendant Warren concerning the Rules and Regulations. The Plaintiffs believe that Mr. Gray's address is 108 Eastside Street, Tuskegee, Alabama 36083-1701.

**Myron C. Penn** – The Plaintiffs assume that Myron Penn has detailed knowledge concerning the drafting and submission of SB 92 and SB 390 in 2007 and the events surrounding the same. The Plaintiffs believe that Mr. Penn's address is Room 731, 11 S. Union Street, Montgomery, Alabama 36130, and that his telephone number is (334) 242-7868.

**Marcel Black** - The Plaintiffs assume that Marcel Black has detailed knowledge concerning the drafting and submission of HB 527 in 2007 and the events surrounding the same. The Plaintiffs believe that Mr. Black's address is Room 516-C, 11 S. Union Street, Montgomery, Alabama 36130, and that her telephone number is (334) 242-7667.

**Alma Sippial** – The Plaintiffs believe that Alma Sippial has knowledge of the Application for Bingo License submitted by Aid to Inmate Mothers and the Class B Bingo

License that it received.  The Plaintiffs believe that Ms. Sippial's address is 135 Foxhall Rd., Pike Road, Alabama 36064.

**Brenda M. Allen -** The Plaintiffs believe that Brenda M. Allen has knowledge of the Application for Bingo License submitted by Alabama Cooperative Extension Service Employees Organization, Inc., and the Class B Bingo License that it received.  The Plaintiffs believe that Ms. Allen's address is Count Administration Building, 1702 Noble St., Ste. 108, Anniston, Alabama 36201.

**Thelma W. Brown -** The Plaintiffs believe that Thelma W. Brown has knowledge of the Application for Bingo License submitted by Ambulatory Behavioral Healthcare Center, Inc., and the Class B Bingo License that it received.  The Plaintiffs believe that Ms. Brown's address is 4323 Heritage Hill Rd., Tuskegee, Alabama 36083-6241.

**American Heart Association, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**American Red Cross** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Beatrice H. Scruggs -** The Plaintiffs believe that Beatrice H. Scruggs has knowledge of the Application for Bingo License submitted by B & D Cancer Care Center, Inc., and the Class B Bingo License that it received.  The Plaintiffs believe that Ms. Scruggs's address is 206 Fonville St., Tuskegee, Alabama 36083.

**Pamela Farrow-Hampton -** The Plaintiffs believe that Pamela Farrow-Hampton has knowledge of the Application for Bingo License submitted by Betterment Club for Boys and Girls, Inc., and the Class B Bingo License that it received.  The Plaintiffs believe that Ms. Farrow-Hampton's address is 49 West Main St., Notasulga, Alabama 36866.

**Booker T. Washington High School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Boy Scouts of America, Carver District**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Brownville Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Memphis Boston** – The Plaintiffs believe that Memphis Boston has knowledge of the Application for Bingo License submitted by Care and Share Committee of Macon County Incorporated and the Class B Bingo License that it received. The Plaintiffs believe that Memphis Boston's address is 102 Lakeview Rd., Tuskegee, Alabama 36083.

**Chehaw Community Volunteer Fire Department, Inc.**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**City of Tuskegee** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**City of Tuskegee – Senior Citizens Program** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Deborah Cannon Wolfe High School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Dialysis Patient Aid Fund** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**District 3 Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**EAFD & MA – Macon County Indigent Burial Fund** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Paul Davis -** The Plaintiffs believe that Paul Davis has knowledge of the Application for Bingo License submitted by the Food Bank of East Alabama, Inc., and the Class B Bingo License that it received.  The Plaintiffs believe that Mr. Davis's address is 913 Cherokee Rd., Auburn, Alabama 36830.

**Fort Davis Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Aileen S. Graves -** The Plaintiffs believe that Aileen S. Graves has knowledge of the Application for Bingo License submitted by the Franklin Volunteer Fire Department and the Class B Bingo License that it received.  The Plaintiffs believe that Ms. Graves's address is 1670 Alabama Hwy. 49, Tuskegee, Alabama 36083.

**George Washington Carver Elementary** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Harris Barrett Historical School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Interim Care for Seniors** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**The Kiwanis Club of Macon County, Tuskegee, Alabama,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Lewis Adams Early Childhood School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Gene Griggs** - The Plaintiffs believe that Gene Griggs has knowledge of the Application for Bingo License submitted by the Little Texas Volunteer Fire Department and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Griggs's address is 6570 U.S. Hwy. 80 East, Tuskegee, Alabama 36083.

**Macedonia Community Volunteer Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Adult Basic Education** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Board of Education** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Commission** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Council on Retardation and Rehabilitation, Inc.**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Health Care Authority, Inc.**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Janet Haslerig** - The Plaintiffs believe that Janet Haslerig has knowledge of the Application for Bingo License submitted by the Macon County Humane Society and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Haslerig's address is 305 N. Maple St., Tuskegee, Alabama 36083.

**Macon County Indigent Fund** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Outreach Modification** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County PALS (People Against a Littered State)** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Macon County Public Library** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Susie Williams -** The Plaintiffs believe that Susie Williams has knowledge of the Application for Bingo License submitted by Macon County RSVP Council, Inc., and the Class B Bingo License that it received.  The Plaintiffs believe that Ms. Williams's address is 405 Macon Dr., Tuskegee, Alabama 36083.

**Walter Baldwin -** The Plaintiffs believe that Walter Baldwin has knowledge of the Application for Bingo License submitted by Macon County Senior Olympics Organization and the Class B Bingo License that it received.  The Plaintiffs believe that Mr. Baldwin's address is 207 N. Main St. Ste. 400, Tuskegee, Alabama 36083.

**Macon-Russell Community Action Agency** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**NAACP (Tuskegee-Macon County Branch)** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Notasulga High School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Notasulga Nutrition Center** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Prairie Farms Center** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Shorter Community Outreach Corporation** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**South Macon Elementary School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Southeast Alabama Self Help Association, Inc.,** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Sarah Thomas -** The Plaintiffs believe that Sarah Thomas has knowledge of the Application for Bingo License submitted by Southeast Alabama Sickle Cell Association, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Thomas's address is PO Box 2785, Opelika, Alabama 36803.

**St. Joseph School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Town of Notasulga – Notasulga Fire Department** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Calvin D. Biggers -** The Plaintiffs believe that Calvin D. Biggers has knowledge of the Application for Bingo License submitted by the Tuskegee Area Chamber of Commerce and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Biggers's address is 113 East Northside, Tuskegee, Alabama 36083.

**Tuskegee Housing Authority** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

13

**Tuskegee Institute Middle School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Tuskegee-Macon County Headstart** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Tuskegee-Macon County YMCA** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Tuskegee Public Elementary School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**G. Dyann Robinson** - The Plaintiffs believe that G. Dyann Robinson has knowledge of the Application for Bingo License submitted by the Tuskegee Repertory Theatre, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Ms. Robinson's address is 1811 Montgomery Rd., Tuskegee, Alabama 36088.

**The Tuskegee School Community Christian Organization** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Veterans of Foreign Wars, Harris-Mosley Tressville**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**Albert Daniels** - The Plaintiffs believe that Albert Daniels has knowledge of the Application for Bingo License submitted by Warrior Stand Community Volunteer Fire Department, Inc., and the Class B Bingo License that it received. The Plaintiffs believe that Mr. Daniels's address is 11744 County Road 10, Union Springs, Alabama 36089.

**Washington Public Elementary School** has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**World Council of Mayors, Inc.**, has knowledge of the Application for Bingo License that it submitted and the Class B Bingo License that it received.

**INITIAL DISCLOSURE NO. 26(a)(1)(B):  A description by category and location of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the Plaintiffs and that the Plaintiffs may use to support their claims or defenses, unless solely for impeachment.**

**RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(B):** The Plaintiffs specifically reserve the right to supplement their production if additional documents are discovered.  To the extent that they can be identified, only non-privileged responsive documents will be produced. These documents, which are maintained by counsel for the Plaintiffs, are Bates Numbered as PTF 00001, etc., and include the following:

1.    Applications for Bingo Licenses submitted by the Plaintiffs

2.    Correspondence between representatives of Plaintiff Lucky Palace and Defendant Warren

3.    Documents relating to the issuance of Class B Bingo Licenses received by Plaintiff Lucky Palace in response to a request under Alabama's Open Records Act

4.    Confidential Presentation to Troy King, Alabama Attorney General

In addition, the Plaintiffs will rely on the following documents, which have been produced by the Defendants in this case:

1.    Documents Bates Numbered Warren D0042 to Warren D0049

2.    Documents Bates Numbered Warren D0106 to Warren D0196

15

3.    Document Bates Numbered MCGP 0000038

In addition, the Plaintiffs will rely on the following documents:

1.    Deposition of David M. Warren in *Macon County Investments, Inc. v. Warren*

2.    Affidavit of Fred D. Gray

**INITIAL DISCLOSURE NO. 26(a)(1)(C)**: **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

**RESPONSE TO INITIAL DISCLOSURE NO. 26(a)(1)(C):** The Plaintiffs specifically reserve the right to supplement their computation based upon evidence discovered in this case. If this case is tried in June 2008, the Plaintiff Charities will each have suffered actual damages in the amount of $42,000 per year for three years for a total of $126,000. The total actual damages for all seventeen of the Plaintiff Charities for the three year period are $2,142,000. Under the Racketeer Influenced and Corrupt Organizations Act, the Plaintiff Charities are entitled to treble damages, for a total of $6,426,000. If this case is tried in June 2008, Plaintiff Lucky Palace will have suffered actual damages in the amount of $136,227,000, which represents the projected cumulative net income for the first three years of its operation. Under RICO, Plaintiff Lucky Palace is entitled to treble damages, for a total of $408,681,000

The Plaintiffs specifically reserve the right to supplement their production if additional documents are discovered. To the extent that they can be identified, only non-privileged responsive documents will be produced. These documents, which are maintained by counsel for

the Plaintiffs, are Bates Numbered as PTF 00001, etc., and include the Bingo Operations and Lease Agreements between the Plaintiff Charities and Plaintiff Lucky Palace and addenda thereto. These documents also include an electronic spreadsheet entitled "Lucky Palace Model.xls," which is maintained by counsel for the Plaintiffs. "Lucky Palace Model.xls" will be disclosed subject to the same terms and conditions upon which the parties agree, or which the Court orders, regarding similar financial information from the Defendants.

**INITIAL DISCLOSURE NO. 26(a)(1)(D):** **For inspection or copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE TO INITIAL DISCLOSURE 26 (a)(1)(D):**    None.

DATED: July 11, 2007.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
E-mail:      rks@spotswoodllc.com
             msansbury@spotswoodllc.com

*Attorneys for the Plaintiffs*

17

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic mail and by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this 11th day of July 2007:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray &
Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239
E-mail:    fgray@glsmgn.com
           jbibb@glsmgn.com
           fgrayjr@glsmgn.com
           thalia@glsmgn.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail:    wms@hsy.com
           pcd@hsy.com
           pt@hsy.com
           kdd@hsy.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
White, Arnold, Andrews & Dowd
2025 Third Avenue, North
Suite 600
Birmingham, AL 35203
E-mail:    mwhite@waadlaw.com
           adowd@waadlaw.com
           rdepalma@waadlaw.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
Sasser, Bolton & Sefton PC
PO Box 242127
Montgomery, AL 36124-2127
E-mail:    jbolton@sasserlawfirm.com
           cspencer@sasserlawfirm.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty, Van Heest &
   Fawal PC
P.O. Box 1988
Montgomery, AL 36102
E-mail:    janderson@beersanderson.com
           wshaw@beersanderson.com

s/ Michael T. Sansbury
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC |
|  | ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) ) |

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:06-cv-01113-WKW-csc |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MACON COUNTY GREYHOUND PARK, INC.'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF LUCKY PALACE, LLC

Defendant Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories and requests for production to Lucky Palace, LLC to be answered within (30) days after service. These Requests for Production and these Interrogatories are continuing in nature and require supplementation as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

(a)    Each interrogatory seeks information available to the Plaintiff and its attorneys or agents, and all persons acting on its behalf. Each interrogatory shall be deemed to be continuing in the manner provided by law.

(b)    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an interrogatory or any part thereof or for not producing a

requested document, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim of privilege is valid.

.  (c)     If Plaintiff objects to part of an interrogatory and refuses to answer that part, it should state the objection and answer the remaining portion of that interrogatory. If Plaintiff objects to the scope or time period of an interrogatory or request for production and refuses to answer or respond for that scope or time period, it should state the objection and answer the interrogatory or respond to the request for production for the scope or time period Plaintiff believes is appropriate.

(d)     If any of the following interrogatories cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions.  If the answers are qualified in any particular manner, the details of such qualification should be set forth.

(e)     If there are any documents responsive to the requests for production that have already been produced as part of Plaintiffs Initial Disclosures, Plaintiff should so state and need not produce again any documents already produced.

## DEFINITIONS

For purposes of these Interrogatories and Requests for Production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)     "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons.  Without limiting the

foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

(b)    "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)    "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mail, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

3

(d)    "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

(e)    "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(f)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(g)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

4

(h)     "You" and "your" shall mean Plaintiff Lucky Palace, LLC or any

predecessors, including but not limited to Lucky Palace, Inc., or any person, entity, agent,

or representative acting or purporting to act for or on its behalf.

## INTERROGATORIES

1.     Identify who created the "Confidential Presentation to Troy King,

Alabama Attorney General," Bates labeled PTF00935-PTF01148 ("Confidential

Presentation").

2.     Identify to whom the Confidential Presentation was made, where it was

made and who was present when it was made.

3.     Identify all the "Investors" referred to in the Confidential Presentation on

page 3 (Bates No. PTF 00937) from whom commitments had been secured "to provide

approximately $54 million to fully finance the construction of the [Lucky Palace Bingo

Hall] Project."

4.     Provide the account number and the name and address of each financial

institution for which you or Lucky Palace, Inc. had a checking or other type of bank

account during the period from January 1, 2003 to the present.

5.     Please identify the person(s) who determined the amount of damages you

set forth in your initial disclosures and how such damages were calculated.

6.     Please identify the person(s) who created "Lucky Palace Model.xls"

described in your Initial Disclosures

## REQUESTS FOR PRODUCTION

1.     Please produce the documents, including but not limited to

correspondence, emails, and agreements or drafts thereof, in your possession, custody or

control, that you or anyone acting on your behalf during the time period from January 1, 2003 to the present received from or sent to "the experienced management team" or anyone acting on their behalf that you allege you hired in paragraph 34 of your Third Amended Complaint.

2.    To the extent not covered by Request 1 above, please produce the documents in your possession, custody, or control, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf, that concern, refer or relate to the "experienced management team" that you allege you hired in paragraph 34 of your Third Amended Complaint.

3.    Please produce the documents in your possession custody or control that concern, refer, reflect or relate to the "$54 million in financial commitments" that you allege you "secured" in paragraph 34 of your Third Amended Complaint.

4.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Silver Slipper Gaming, LCC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring, or relating to one or more of the following:

      a.    electronic bingo in Macon County, Alabama;
      b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
      c.    the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
      d.    any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
      e.    the Sheriff of Macon County Alabama,
      f.    Sandar Maloy;
      g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
      h.    Victoryland;

i.     Milton McGregor;

j.     Pebblin Warren;

k.     this lawsuit;

l.     financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.     potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.     the Attorney General of Alabama;

o.     Ed Rogers, Jr.;

p.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.     Steve Windom;

r.     any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.     Silver Slipper Gaming, LLC or any related entities;

t.     Paul Alanis or any of the companies with which he is or was affiliated;

u.     Lucky Libra Palace, LLC;

v.     Bill Peters Architects, Inc.;

w.     Hattemer, Hornsby & Bailey, PC;

x.     Dunn Construction;

y.     Weatherford & Associates;

z     Macon Engineering & Surveying;

aa.     Nova Gaming;

bb.     any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.     your corporate structure, investors, members, or shareholders, or

dd.     Libra Securities Holdings, LLC.

5.     Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and Silver Slipper Gaming, LLC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring or relating to one or more of the following:

a.     electronic bingo in Macon County, Alabama;

b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.     the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d.     any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.      the Sheriff of Macon County Alabama,

f.      Sandar Maloy;

g.      any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h.      Victoryland;

i.      Milton McGregor;

j.      Pebblin Warren;

k.      this lawsuit;

l.      financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.      potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.      the Attorney General of Alabama;

o.      Ed Rogers, Jr.;

p.      Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.      Steve Windom;

r.      any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.      Silver Slipper Gaming, LLC or any related entities;

t.      Paul Alanis or any of the companies with which he is or was affiliated;

u.      Lucky Libra Palace, LLC;

v.      Bill Peters Architects, Inc.;

w.      Hattemer, Hornsby & Bailey, PC;

x.      Dunn Construction;

y.      Weatherford & Associates;

z.      Macon Engineering & Surveying;

aa.     Nova Gaming;

bb.     any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.     your corporate structure, investors, members, or shareholders; or

dd.     Libra Securities Holdings, LLC.


6.      To the extent not covered by Requests 4 or 5 above, please produce the documents in your possession, custody, or control that were created or received during the time period from January 1, 2003 to the present, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf that concern, refer or relate to Silver Slipper Gaming, LLC and/or Paul Alanis.

8

7.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Libra Securities Holdings, LLC (or anyone acting on its behalf) concerning, referring, or relating to one or more of the following:

a.     electronic bingo in Macon County, Alabama;
b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.     the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
d.     any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
e.     the Sheriff of Macon County Alabama,
f.     Sandar Maloy;
g.     any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h.     Victoryland;
i.     Milton McGregor;
j.     Pebblin Warren;
k.     this lawsuit;
l.     financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m.     potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n.     the Attorney General of Alabama;
o.     Ed Rogers, Jr.;
p.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q.     Steve Windom;
r.     any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;
s.     Silver Slipper Gaming, LLC or any related entities;
t.     Paul Alanis or any of the companies with which he is or was affiliated;
u.     Lucky Libra Palace, LLC;
v.     Bill Peters Architects, Inc.;
w.     Hattemer, Hornsby & Bailey, PC;
x.     Dunn Construction;
y.     Weatherford & Associates;
z     Macon Engineering & Surveying;
aa.     Nova Gaming;

9

    bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

    cc.    your corporate structure, investors, members, or shareholders; or

    dd.    Libra Securities Holdings, LLC.

8.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and Libra Securities Holdings, LLC (or anyone acting on its behalf) concerning, referring, or relating to one for more of the following:

    a.    electronic bingo in Macon County, Alabama;

    b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

    c.    the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

    d.    any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

    e.    the Sheriff of Macon County Alabama,

    f.    Sandar Maloy;

    g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

    h.    Victoryland;

    i.    Milton McGregor;

    j.    Pebblin Warren;

    k.    this lawsuit;

    l.    financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

    m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

    n.    the Attorney General of Alabama;

    o.    Ed Rogers, Jr.;

    p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

    q.    Steve Windom;

    r.    any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

    s.    Silver Slipper Gaming, LLC or any related entities;

    t.    Paul Alanis or any of the companies with which he is or was affiliated;

    u.    Lucky Libra Palace, LLC;

    v.    Bill Peters Architects, Inc.;

w.    Hattemer, Hornsby & Bailey, PC;
x.    Dunn Construction;
y.    Weatherford & Associates;
z     Macon Engineering & Surveying;
aa.   Nova Gaming;
bb.   any financial information concerning you or your ability to operate an
      electronic bingo facility in Macon County, Alabama;
cc.   your corporate structure, investors, members, or shareholders; or
dd.   Libra Securities Holdings, LLC.

9.    To the extent not covered by Requests 7 or 8 above, please produce the
documents in your possession, custody, or control that were created or received during
the time period from January 1, 2003 to the present that concern, refer, or relate to Libra
Securities Holdings, LLC or any efforts it was taking regarding: (i) making loans to you
or anyone on your behalf; (ii) obtaining or identifying any financing, loans or investors
for you or any other entity on your behalf; or (iii) putting together an electronic bingo
facility to be opened in Macon County, Alabama.

10.   Please produce the documents, including but not limited to,
correspondence, emails, and agreements or drafts thereof, in your possession, custody or
control, that you (or anyone acting on your behalf) sent to or received from Planet
Hollywood, Planet Hollywood, International, Inc., Planet Hollywood (Alabama) LLC,
Planet Hollywood (Memorabilia), Inc., or Planet Hollywood (Region IV) Inc.
(collectively "Planet Hollywood") (or anyone acting on Planet Hollywood's behalf)
concerning, referring, or relating to one or more of the following:

a.    electronic bingo in Macon County, Alabama;
b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.    the bingo parlor that you allege in paragraph 34 of your Third
      Amended Complaint that you attempted to build, own and/or
      operate in Macon County, Alabama;
d.    any other electronic bingo operation that you contemplated
      operating in Macon County, Alabama;
e.    the Sheriff of Macon County Alabama,

11

f.    Sandar Maloy;
g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h.    Victoryland;
i.    Milton McGregor;
j.    Pebblin Warren;
k.    this lawsuit;
l.    financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n.    the Attorney General of Alabama;
o.    Ed Rogers, Jr.;
p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q.    Steve Windom;
r.    any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;
s.    Silver Slipper Gaming, LLC or any related entities;
t.    Paul Alanis or any of the companies with which he is or was affiliated;
u.    Lucky Libra Palace, LLC;
v.    Bill Peters Architects, Inc.;
w.    Hattemer, Hornsby & Bailey, PC;
x.    Dunn Construction;
y.    Weatherford & Associates;
z    Macon Engineering & Surveying;
aa.    Nova Gaming;
bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;
cc.    your corporate structure, investors, members, or shareholders; or
dd.    Libra Securities Holdings, LLC.

11.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and Planet Hollywood (or anyone acting on its behalf) concerning, referring, or relating to one for more of the following:

a.    electronic bingo in Macon County, Alabama;
b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.     the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d.     any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.     the Sheriff of Macon County Alabama,

f.     Sandar Maloy;

g.     any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h.     Victoryland;

i.     Milton McGregor;

j.     Pebblin Warren;

k.     this lawsuit;

l.     financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.     potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.     the Attorney General of Alabama;

o.     Ed Rogers, Jr.;

p.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.     Steve Windom;

r.     any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.     Silver Slipper Gaming, LLC or any related entities;

t.     Paul Alanis or any of the companies with which he is or was affiliated;

u.     Lucky Libra Palace, LLC;

v.     Bill Peters Architects, Inc.;

w.     Hattemer, Hornsby & Bailey, PC;

x.     Dunn Construction;

y.     Weatherford & Associates;

z     Macon Engineering & Surveying;

aa.     Nova Gaming;

bb.     any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.     your corporate structure, investors, members, or shareholders; or

dd.     Libra Securities Holdings, LLC.

12.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Bill Peters

Architects, Inc. (or anyone acting on its behalf) in connection with its work to "create the architectural design" for the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint you attempted to build, own and/or operate in Macon County, Alabama.

13.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Hattemer, Hornsby & Bailey, PC (or anyone acting on its behalf) in connection with its engagement to "perform the mechanical, electrical, and plumbing engineering work" for the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

14.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Dunn Construction (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

15.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Weatherford & Associates (or anyone acting on its behalf) in connection with the Lucky Palace Bingo

Hall project for Shorter, Alabama or the bingo parlor you that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

16.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Macon Engineering & Surveying (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

17.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Amandla Chapter 21St Century Youth Leadership (or any one acting on its behalf) during the period from January 1, 2003 to the present.

18.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from EK5 Community Development (or any one acting on its behalf) during the period from January 1, 2003 to the present.

19.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on

your behalf) sent to or received from Macon County Council of PTA (or any one acting on its behalf) during the period from January 1, 2003 to the present.

20.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Organizing Means for Economic Community Development, Inc. (or any one acting on its behalf) during the period from January 1, 2003 to the present.

21.    Please produce the documents, including but not limited, to applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Rose Garden Apartments, Inc. (or any one acting on its behalf) during the period from January 1, 2003 to the present.

22.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Silver Trowel Lodge # 10 (or any one acting on its behalf) during the period from January 1, 2003 to the present.

23.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Wildlaw Friends of Tuskegee National Forest (or any one acting on its behalf) during the period from January 1, 2003 to the present.

16

24.    Please produce the documents, including but not limited to applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Southern Community College (or any one acting on its behalf) during the period from January 1, 2003 to the present.

25.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and any of the following organizations (or anyone acting on their behalf) during the period from January 1, 2003 to the present:

      a.    Amandla Chapter 21St Century Youth Leadership;
      b.    EK5 Community Development;
      c.    Macon County Council of PTA;
      d.    Organizing Means for Economic Community Development, Inc.;
      e.    Rose Garden Apartments, Inc.;
      f.    Silver Trowel Lodge # 10;
      g.    Wildlaw Friends of Tuskegee National Forest;
      h.    Southern Community College; or
      i.    any other charity or non-profit organization in Macon County, Alabama.

26.    Please produce the documents, including but not limited, to applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from any Plaintiffs in this case (or anyone acting on its behalf) during the period from January 1, 2003 to the filing of the initial complaint in this case.

27.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer,

or relate to any face-to-face meetings or telephone conversations between you (or

anyone acting on your behalf) and any Plaintiffs in this case (or anyone acting on their

behalf) during the period from January 1, 2003 to the filing of the initial complaint in this

case including but not limited, to the meeting at the DeVaughn Center on August 23,

2005.

28.     Please produce the documents in your possession, custody, or control

concerning or relating to any contributions, donations, any money transfers of any kind or

other benefits that you or anyone acting at your direction (or on your behalf) gave to any

of the Plaintiffs in this case or any of the following entities in the period from January 1,

2003 to the present:

      a.     Amandla Chapter 21St Century Youth Leadership;
      b.     EK5 Community Development;
      c.     Macon County Council of PTA;
      d.     Organizing Means for Economic Community Development, Inc.;
      e.     Rose Garden Apartments, Inc.;
      f.     Silver Trowel Lodge # 10;
      g.     Wildlaw Friends of Tuskegee National Forest;
      h.     Southern Community College; or
      i.     any other charity or non-profit organization in Macon County,
            Alabama.

29.     Please produce the documents, including but not limited to,

correspondence and emails, in your possession, custody or control that you (or anyone

acting on your behalf) sent to or received from any non-profit or charitable organization

in Macon County, Alabama (or anyone acting on its behalf) during the period from

January 1, 2003 to the present that concerns, refers or relates to electronic bingo, the

regulation of bingo in Macon County Alabama, the  bingo parlor that you allege in

paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or

18

operate in Macon County, Alabama, or sent to or received from any of the Defendants in this case.

30.    Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed to or otherwise transmitted to members of the public, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone one on your behalf to urge citizens of Macon County, Alabama to contact Sheriff David Warren and ask him to approve electronic bingo licenses for you or one or more of the other Plaintiffs, to allow additional electronic bingo casinos in Macon County, to "end the Victoryland Monopoly," or to take any other actions designed to allow you to operate an electronic bingo facility in Macon County, Alabama.

31.    Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed to or otherwise transmitted to members of the public, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to urge citizens of Macon County, Alabama to contact their State Representative and/or State Senator and to tell them to "vote against Senate Bill 390."

32.    To the extent not covered by Request 32 above, please produce the documents in your possession, custody or control that concern, refer, or relate to any efforts taken by you or by someone on your behalf to defeat or modify Senate Bill 390.

33.    Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed or otherwise transmitted to members of the public, emails, correspondence, contracts or

agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to tell, inform or convince citizens of Macon County, Alabama that Commissioners Jessie Upshaw and Drew Thompson were "not acting in the best interests of the people of Macon County."

34.    Please produce the documents in your possession, custody, or control that refer, reflect or relate to any efforts taken by you or on your behalf to support, defeat or modify HB 17, HB 527, and SB 92 or any other bills that were presented in the Alabama House of Representatives or Alabama Senate regarding gambling or bingo generally in Macon County, Alabama other than SB 390, which is the subject of a separate request.

35.    Please produce the documents in your possession, custody, or control that concern, refer, reflect or relate to any communications that you or anyone acting on your behalf had during the period from January 1, 2003 to the present with any then current member of the Alabama legislature or any other branch of state or county government of Alabama, including staff members of any legislator or member of the government, related to gambling or bingo in Macon County, Alabama, including but not limited to any regulation thereof.

36.    Please produce the documents in your possession, custody, or control that concern, refer, reflect or relate to any campaign contributions made by you or anyone acting at your direction or on your behalf, whether directly or indirectly, during the period from January 1, 2003 to the present to one or more of the following:

a.    any candidates for the office of Sheriff of Macon County, Alabama;

b.    any Political Action Committee making contributions to candidates for public office in Alabama.

37. Please produce the documents, including but not limited to correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Steve Windom  (or anyone acting on his behalf) concerning referring or relating to one or more of the following:

a. electronic bingo in Macon County, Alabama;

b. the Lucky Palace Bingo Hall project for Shorter, Alabama;

c. the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d. any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e. the Sheriff of Macon County Alabama,

f. Sandar Maloy;

g. any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h. Victoryland;

i. Milton McGregor;

j. Pebblin Warren;

k. this lawsuit;

l. financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m. potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n. the Attorney General of Alabama;

o. Ed Rogers, Jr.;

p. Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q. his abilities or efforts to help you obtain authorization to conduct an electronic bingo operation in Macon County, Alabama;

r. any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s. Silver Slipper Gaming, LLC or any related entities;

t. Paul Alanis or any of the companies with which he is or was affiliated;

u. Lucky Libra Palace, LLC;

v. Bill Peters Architects, Inc.;

w. Hattemer, Hornsby & Bailey, PC;

x. Dunn Construction;

y. Weatherford & Associates;

z Macon Engineering & Surveying;

aa. Nova Gaming;

bb. any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc. your corporate structure, investors, members, or shareholders; or

dd. Libra Securities Holdings, LLC

38. Please produce the documents, including but not limited to correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from anyone (other than counsel) that you hired, or retained, or otherwise engaged to help you obtain the necessary authorizations to operate an electronic bingo casino in Macon County, Alabama and/or that concern, reflect, refer or relate to that relationship or one or more of the following:

a. electronic bingo in Macon County, Alabama;
b. the Lucky Palace Bingo Hall project for Shorter, Alabama;
c. the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
d. any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
e. the Sheriff of Macon County Alabama,
f. Sandar Maloy;
g. any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h. Victoryland;
i. Milton McGregor;
j. Pebblin Warren;
k. this lawsuit;
l. financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m. potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n. the Attorney General of Alabama;
o. Ed Rogers, Jr.;
p. Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q. the person's or entity's abilities or efforts to help you obtain authorization to conduct an electronic bingo operation in Macon County, Alabama;

r.     any efforts you were taking or that were being taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.     Silver Slipper Gaming, LLC or any related entities;

t.     Paul Alanis or any of the companies with which he is or was affiliated;

u.     Lucky Libra Palace, LLC;

v.     Bill Peters Architects, Inc.;

w.     Hattemer, Hornsby & Bailey, PC;

x.     Dunn Construction;

y.     Weatherford & Associates;

z      Macon Engineering & Surveying;

aa.    Nova Gaming;

bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders; or

dd.    Libra Securities Holdings, LLC

39.    Please produce the documents, including but not limited to correspondence and emails in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from any of the Defendants in this case (or any one acting on their behalf) during the period from January 1, 2003 to the time the initial complaint was filed in this matter.

40.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and any of the Defendants in this case (or anyone acting on its behalf) during the period from January 1, 2003 to the time the initial complaint was filed in this matter.

41.    Please produce the documents in your possession, custody or control that concern, refer or relate to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama.

23

42.     All documents that show, contain, mention, reflect, support or relate to the damages that you contend you have suffered and/or your calculation of the damages that you listed in your Initial Disclosures.

43.     All documents that in any way support, refute or conflict with the allegations you make in your Third Amended Complaint.

44.     Please produce the executed documents and all exhibits thereto in your possession, custody or control that relate to or reflect the merger of Lucky Palace, Inc. and Lucky Palace, LLC.

45.     Please produce the following documents:

   a.     your articles of organization and any amendments thereto;
   b.     your bylaws and any amendments thereto;
   c.     the minutes of your members or other corporate meetings during the time period from January 1, 2003 to the present;
   d.     all your operating agreements and any amendments thereto;
   e.     any agreements you have entered into relating in any way to electronic bingo in Macon County, Alabama; and
   d.     the documents showing the identity of your members and their ownership interest for the period from January 1, 2003 to the present.

46.     Please produce the documents in your possession, custody, or control (such as deeds or leases) that set forth your ownership interest in or control of any real estate in Macon County, Alabama during the period from January 1, 2003 to the present.

47.     Please produce the documents reflecting attorneys' fees that you are seeking to recover from any of the Defendants in this proceeding.

48.     Please produce "Lucky Palace Model.xls" described in your Initial Disclosures in electronic and paper format, including any and all drafts and versions thereof, as well as all data relied upon in creating said spreadsheet.

49.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Southeastern Gaming Opportunities, LLC (or anyone acting on its behalf) during the period form January 1, 2003 to the present.

50.    To the extent not covered by the previous request, please produce the documents in your possession, custody or control, that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Southeastern Gaming Opportunities, LLC.

51.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Concerned Citizens of Macon County (or anyone acting on its behalf) during the period form January 1, 2003 to the present.

52.    To the extent not covered by the previous request, please produce the documents in your possession, custody or control that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Concerned Citizens of Macon County.

53.    Please produce the documents in your possession, custody or control that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Lucky Palace Resort.

54.     Please produce the documents in your possession, custody or control that were created or received during the period form January 1, 2003 to the present that concern, refer or relate to Southeastern Gaming Resort.

55.     Please produce the documents concerning, reflecting, relating or referring to the financial commitments made by each of the Investors identified in your response to Interrogatory 3.

56.     Please produce the documents concerning, reflecting, referring or relating, to all loans that you or anyone acting on your behalf applied for,  requested, or took relating to the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

57.     Please produce the following documents:

    a.    Lucky Palace, Inc.'s articles of incorporation and any amendments thereto;

    b.    Lucky Palace, Inc.'s bylaws and any amendments thereto;

    c.    the minutes of any Lucky Palace, Inc. shareholder or board meetings during the time period from January 1, 2003 to the present;

    d.    any agreements Lucky Palace, Inc. entered into relating in any way to electronic bingo in Macon County, Alabama; and

    e.    the stock certificates for Lucky Palace, Inc.

58.     To the extent not embraced by any of the preceding requests, please produce the documents in your possession, custody, or control that concern or relate in any way to the alleged events that form the basis for your claims in this lawsuit.

This 6th day of August, 2007.

_____
WILLIAM M. SLAUGHTER (SLA-001)
PATRICIA C. DIAK (DIA-005)

PETER JOHN TEPLEY (TEP-002)
KHRISTI DOSS DRIVER (FLO-027)

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

WHITE, ARNOLD, ANDREWS & DOWD
John Mark White mwhite@waadlaw.com
Augusta S. Dowd adowd@waadlaw.com
Rebecca DePalma rdepalma@waadlaw.com
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
205-323-1888 (telephone)
205.323-8907 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail, first class postage prepaid and properly addressed as follows and also by email as indicated, this _6th_ day of August, 2007.

James H. Anderson janderson@beersanderson.com,
Ryan Wesley Shaw wshaw@beersanderson.com
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL 36102

Fred D. Gray fgray@glsmgn.com
Fred D. Gray, Jr. fgrayjr@glsmgn.com
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

Robert K. Spotswood rks@spottswoodllc.com
Michael T. Sansbury msansbury@spottswoodllc.com
Spotwood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

John M. Bolton, III jbolton@sasserlawfirm.com
Charlanna White Spencer cspenser@sasserlawfirm.com
Sasser, Bolton & Sefton, P.C.
P.O. Box 242127
Montgomery, AL  36124

W. Lewis Garrison, wlgarrison@hgdlawfirm.com
Stephen D. Heniger  sdheniger@hgdlawfirm.com
Heniger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC |
| | ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | )    JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) |

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
    PLAINTIFFS, )
     )
VS. )  CIVIL ACTION: CV-06-01113-WKW-WC
     )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
    DEFENDANTS. )

## PLAINTIFF, LUCKY PALACE, LLC'S, RESPONSES TO DEFENDANT, MACON COUNTY GREYHOUND PARK, INC'S, FIRST INTERROGATORIES

COMES NOW the Plaintiff, Lucky Palace, LLC, in the above styled cause and in response to Defendant, Macon County Greyhound Park, Inc.'s First Interrogatories, states as follows:

### INTERROGATORIES

1. Identify who created the "Confidential Presentation to Troy King, Alabama Attorney General", Bates labeled PTF0035PTF01148 ("Confidential Presentation").

 **Response:** **We believe it was prepared by Libra Securities.**

2. Identify to whom the Confidential Presentation was made, where it was made and who was present when it was made.

 **Response:** **We believe Ed Rodgers made the presentation to the Alabama Attorney General. We do not know who was present besides those two individuals.**

3. Identify all the "Investors" referred to in the Confidential Presentation on page 3 (Bates No. PTF 00937) from whom commitments had been secured "to provide approximately $54 million to fully finance the construction of the [Lucky Palace Bingo Hall] Project."

 **Response:** **Libra Securities, LLC**
      **Dr. Jerry Clinkscales**
      **Dr. Larry Hooks**
      **Marcus Taylor**
      **Dr. Taylor Byrd**
      **Dwight Washington**
      **Andrew Frazier**

**Derrick Lewis**
**Harold Powell**
**Paul Bracy, Jr.**
**William Peters**
**HBI Investments had an option to purchase, but not stock**
**Steve Raby transferred stock to Jonathan Gray**
**Jonathan Gray**
**Steve Windom transferred stock to Jonathan Gray**

4.     Provide the account number and the name and address of each financial institution for which you or Lucky Palace, Inc. had a checking or other type of bank account during the period from January 1, 2003 to the present.

**Response:     Lucky Palace had an account at First Commercial Bank in Huntsville, Alabama; Account No. 0580220871.**

5.     Please identify the person(s) who determined the amount of damages you set forth in your initial disclosures and how such damages were calculated.

**Response:     Plaintiff objects to this interrogatory on the basis that it seeks information which constitutes attorney work product and would violate the attorney-client privilege. Notwithstanding those objections, Samuel, at Libra Securities made calculations as described in the document.**

6.     Please identify the person(s) who created "Lucky Palace Model.xls" described in your Initial Disclosures.

**Response:     It was created by IPA. Advisory and Intermediary Services.**

## REQUESTS FOR PRODUCTION

1.     Please produce the documents, including but not limited to correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you or anyone acting on your behalf during the time period from January 1, 2003 to the present received from or sent to "the experienced management team" or anyone acting no their behalf that you allege you hired in paragraph 34 of your Third Amended Complaint.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

2.     To the extent not covered by Request 1 above, please produce the documents in your possession, custody, or control, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf, that concern, refer or relate to the "experienced management team" that you allege you hired in paragraph 34 of your Third Amended Complaint.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

3.     Please produce the documents in your possession custody or control that concern, refer, reflect or relate to the "$54 million in financial commitments" that you allege you "secured" in paragraph 34 of your Third Amended Complaint.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

4.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Silver Slipper Gaming, LLC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring, or relating to one or more of the following:

    a.    electronic bingo in Macon County, Alabama;

    b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;

    c.    the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

    d.    any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

    e.    the Sheriff of Macon County Alabama,

    f.    Sandar Maloy;

    g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

    h.    Victoryland;

    I.    Milton McGregor;

    j.    Pebblin Warren;

    k.    this lawsuit;

    l.    financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

    m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

    n.    the Attorney General of Alabama;

    o.    Ed Rogers, Jr.;

    p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

    q.    Steve Windom;

    r.    any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

    s.    Silver Slipper Gaming, LLC or any related entities;

    t.    Paul Alanis or any of the companies with which he is or was affiliated;

u.   Lucky Libra Palace, LLC
v.   Bill Peters Architects, LLC;
w.   Hattemer, Hornsby & Bailey, PC;
x.   Dunn Construction;
y.   Weatherford & Associates;
z.   Macon Engineering & Surveying;
aa.  Nova Gaming;
bb.  any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;
cc.  your corporate structure, investors, members, or shareholders, or
dd.  Libra Securities Holdings, LLC.

**Response:**   **To the extent such documents may exist, they are being provided in response to this request for production.**

5.   Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and Silver Slipper Gaming, LLC and/or Paul Alanis (or anyone acting on their behalf) concerning, referring or relating to one or more of the following:

a.   electronic bingo in Macon County, Alabama;
b.   the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.   the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
d.   any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
e.   the Sheriff of Macon County Alabama,
f.   Sandar Maloy;
g.   any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h.   Victoryland;
I.   Milton McGregor;
j.   Pebblin Warren;
k.   this lawsuit;
l.   financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m.   potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n.   the Attorney General of Alabama;
o.   Ed Rogers, Jr.;
p.   Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q.   Steve Windom;

r.      any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.      Silver Slipper Gaming, LLC or any related entities;

t.      Paul Alanis or any of the companies with which he is or was affiliated;

u.      Lucky Libra Palace, LLC

v.      Bill Peters Architects, LLC;

w.      Hattemer, Hornsby & Bailey, PC;

x.      Dunn Construction;

y.      Weatherford & Associates;

z.      Macon Engineering & Surveying;

aa.     Nova Gaming;

bb.     any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.     your corporate structure, investors, members, or shareholders, or

dd.     Libra Securities Holdings, LLC.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

6.     To the extent not covered by Requests 4 and 5 above, please produce the documents in your possession, custody, or control that were created or received during the time period for January 1, 2003 to the present, including but not limited to, any due diligence done by you or done by someone else and provided to you or someone acting on your behalf that concern, refer or relate to Silver Slipper Gaming, LLC and/or Paul Alanis.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

7.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Libra Securities Holdings, LLC (or anyone acting on its behalf) concerning, referring, or relating to one or more of the following:

a.      electronic bingo in Macon County, Alabama;

b.      the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.      the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d.      any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.      the Sheriff of Macon County Alabama,

f.      Sandar Maloy;

g.      any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

d.   any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.   the Sheriff of Macon County Alabama,

f.   Sandar Maloy;

g.   any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h.   Victoryland;

I.   Milton McGregor;

j.   Pebblin Warren;

k.   this lawsuit;

l.   financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.   potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.   the Attorney General of Alabama;

o.   Ed Rogers, Jr.;

p.   Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.   Steve Windom;

r.   any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.   Silver Slipper Gaming, LLC or any related entities;

t.   Paul Alanis or any of the companies with which he is or was affiliated;

u.   Lucky Libra Palace, LLC

v.   Bill Peters Architects, LLC;

w.   Hattemer, Hornsby & Bailey, PC;

x.   Dunn Construction;

y.   Weatherford & Associates;

z.   Macon Engineering & Surveying;

aa.   Nova Gaming;

bb.   any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.   your corporate structure, investors, members, or shareholders, or

dd.   Libra Securities Holdings, LLC.

**Response:**   **To the extent such documents may exist, they are being provided in response to this request for production.**

9.   To the extent not covered by Requests 7 and 8 above, please produce the documents in your possession, custody, or control that were created or receiving during the time period from January 1, 2003 to the present that concern, refer, or relate to Libra Securities Holdings, LLC or any efforts it was taking regarding: (I) making loans to you or anyone on your behalf; (ii) obtaining or identifying any financing, loans ro investors for you or any other entity on your behalf; or (iii) putting together an electronic bingo facility to be opened in Macon County, Alabama.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

10.     Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent or received from Planet Hollywood, Planet Holywood, International, Inc.,. Planet Hollywood (Alabama) LLC, Planet Hollywood (Memorabilia), Inc., or Planet Hollywood (Region IV) Inc. (collectively "Planet Hollywood") (or anyone acting on Planet Hollywood's behalf) concerning, referring, or relating to one or more of the following:

   a.     electronic bingo in Macon County, Alabama;
   b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;
   c.     the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
   d.     any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
   e.     the Sheriff of Macon County Alabama,
   f.     Sandar Maloy;
   g.     any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
   h.     Victoryland;
   I.     Milton McGregor;
   j.     Pebblin Warren;
   k.     this lawsuit;
   l.     financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
   m.     potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
   n.     the Attorney General of Alabama;
   o.     Ed Rogers, Jr.;
   p.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
   q.     Steve Windom;
   r.     any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;
   s.     Silver Slipper Gaming, LLC or any related entities;
   t.     Paul Alanis or any of the companies with which he is or was affiliated;
   u.     Lucky Libra Palace, LLC
   v.     Bill Peters Architects, LLC;
   w.     Hattemer, Hornsby & Bailey, PC;
   x.     Dunn Construction;
   y.     Weatherford & Associates;

| z. | Macon Engineering & Surveying; |
|---|---|
| aa. | Nova Gaming; |
| bb. | any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama; |
| cc. | your corporate structure, investors, members, or shareholders, or |
| dd. | Libra Securities Holdings, LLC. |

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

11.    Please produce all nots, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and Planet Hollywood (or anyone acting on its behalf) concerning, referring, or relating to on or more of the following:

| a. | electronic bingo in Macon County, Alabama; |
|---|---|
| b. | the Lucky Palace Bingo Hall project for Shorter, Alabama; |
| c. | the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama; |
| d. | any other electronic bingo operation that you contemplated operating in Macon County, Alabama; |
| e. | the Sheriff of Macon County Alabama, |
| f. | Sandar Maloy; |
| g. | any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama; |
| h. | Victoryland; |
| I. | Milton McGregor; |
| j. | Pebblin Warren; |
| k. | this lawsuit; |
| l. | financing or loans provided or to be provided **to** you by or through Libra Securities Holdings, LLC or anyone else; |
| m. | potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama; |
| n. | the Attorney General of Alabama; |
| o. | Ed Rogers, Jr.; |
| p. | Planet Hollywood or any of its affiliates or the **Planet** Hollywood brand; |
| q. | Steve Windom; |
| r. | any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama; |
| s. | Silver Slipper Gaming, LLC or any related entities; |
| t. | Paul Alanis or any of the companies with which **he** is or was affiliated; |

u.  Lucky Libra Palace, LLC
v.  Bill Peters Architects, LLC;
w.  Hattemer, Hornsby & Bailey, PC;
x.  Dunn Construction;
y.  Weatherford & Associates;
z.  Macon Engineering & Surveying;
aa.  Nova Gaming;
bb.  any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;
cc.  your corporate structure, investors, members, or shareholders, or
dd.  Libra Securities Holdings, LLC.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

12.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Bill Peters Architects, Inc. (or anyone acting on its behalf) in connection with its work to "create the architectural design" for the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint you attempted to build, own and/or operate in Macon County, Alabama.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

13.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on its behalf) sent to or received from Hattemer, Hornsby & Bailey, PC (or anyone acting on its behalf) in connection with its engagement to "perform the mechanical, electrical, and plumbing engineering work" for the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

14.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on its behalf) sent to or received from Dunn Construction (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

15.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Weatherford & Associates (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

> **Response:    To the extent such documents may exist, they are being provided in response to this request for production.**

16.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Macon Engineering & Surveying (or anyone acting on its behalf) in connection with the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

> **Response:    To the extent such documents may exist, they are being provided in response to this request for production.**

17.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Amandla Chapter 21st Century Youth Leadership (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

> **Response:    To the extent such documents may exist, they are being provided in response to this request for production.**

18.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from EK5 Community Development (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

> **Response:    To the extent such documents may exist, they are being provided in response to this request for production.**

19.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Macon County Council of PTA (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

20.     Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Organizing Means for Economic Community Development, Inc. (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

21.     Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Rose Garden Apartments, Inc. (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

22.     Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Silver Trowel Lodge #10 (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

23.     Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Wildlaw Friends of Tuskegee National Forest (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:     To the extent such documents may exist, they are being provided in response to this request for production.**

24.     Please produce the documents, including, but not limited to applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from Southern Community College (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

25.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and any of the following organizations (or anyone acting on their behalf) during the period from January 1, 2003 to the present.:

        a.    Amandla Chapter 21st Century Youth Leadership;
        b.    EK5 Community Development;
        c.    Macon County Council of PTA;
        d.    Organizing Means for Economic Community Development, Inc.;
        e.    Rose Garden Apartments, Inc.;
        f.    Silver Trowel Lodge #10;
        g.    Wildlaw Friends of Tuskegee National Forest;
        h.    Southern Community College; or
        I.    Any other charity or non-profit organization in Macon County, Alabama.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

26.    Please produce the documents, including but not limited to, applications, checks or other evidence of money transfers, correspondence, emails, and agreements and/or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from any Plaintiffs in this case (or anyone acting on its behalf) during the period from January 1, 2003 to the filing of the initial Complaint in this case.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

27.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer, or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and any Plaintiffs in this case (or anyone acting on their behalf) during the period from January 1, 2003 to the filing of the initial complaint in this case, including but not limited to, the meeting at the DeVaughn Center on August 23, 2005.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

28.    Please produce the documents in your possession, custody, or control concerning or relating to any contributions, donations, any money transfers of any kind or other benefits that you or anyone acting at your direction (or on your behalf) gave to any of the Plaintiffs in this case or any of the following entities in the period of January 1, 2003 to the present:

a.   Amandla Chapter 21st Century Youth Leadership;
b.   EK5 Community Development;
c.   Macon County Council of PTA;
d.   Organizing Means for Economic Community Development, Inc.;
e.   Rose Garden Apartments, Inc.;
f.   Silver Trowel Lodge #10;
g.   Wildlaw Friends of Tuskegee National Forest;
h.   Southern Community College; or
I.   Any other charity or non-profit organization in Macon County, Alabama.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

29.   Please produce the documents, including but not limited to, correspondence and emails, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from any non-profit or charitable organization in Macon County, Alabama (or anyone acting on its behalf) during the period from January 1, 2003 to the present that concerns, refers or relates to electronic bingo, the regulation of bingo in Macon County, Alabama, the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama, or sent to or received from any of the Defendants in this case.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

30.   Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed to or otherwise transmitted to members of the public, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to urge citizens of Macon County, Alabama to contact Sheriff David Warren and ask him to approve electronic bingo licenses for you or one or more of the other Plaintiffs, to allow additional electronic bingo licenses for you or one or more of the other Plaintiffs, to allow additional electronic bingo casinos in Macon County, to "end the Victoryland Monopoly", or to take any other actions designed to allow you to operate an electronic bingo facility in Macon County, Alabama.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

31.   Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed to or otherwise transmitted to members of the public,, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to urge citizens of Macon County, Alabama to contact their State Representative and/or State Senator and to tell them to "vote against Senate Bill 390."

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

32.    To the extent not covered by Request 32 above, please produce the documents in your possession, custody or control that concern, refer, or relate to any efforts taken by you or by someone on your behalf to defeat or modify Senate Bill 390.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

33.    Please produce the documents in your possession, custody or control, including but not limited to, newspaper advertisements, fliers or other materials mailed or otherwise transmitted to members of public, emails, correspondence, contracts or agreements, that concern, refer, reflect or relate to any efforts taken by you or by someone on your behalf to tell, inform or convince citizens of Macon County, Alabama that Commissioners Jessie Upshaw and Drew Thompson were "not acting in the best interests of the people of Macon County."

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

34.    Please produce the documents in your possession, custody, or control that refer, reflect or relate to any efforts taken by you or on your behalf to support, defeat or modify HB 17, HB 527, and SB 92 or any other bills that were presented in the Alabama House of Representatives or Alabama Senate regarding gambling or bingo generally in Macon County, Alabama other than SB 390, which is the subject of a separate request.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

35.    Please produce the documents in your possession custody, or control that concern, refer, reflect or relate to any communications that you or anyone acting on your behalf had during the period from January 1, 2003 to the present with any then current member of the Alabama legislature or any other branch of state or county government of Alabama, including staff members or any legislator or member of the government, related to gambling or bingo in Macon County, Alabama including but not limited to any regulation thereof.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

36.    Please produce the documents in your possession, custody, or control that concern, refer, reflect or relate to any campaign contributions made by you or anyone acting at your direction or on your behalf, whether directly or indirectly, during the period from January 1, 2003 to the present to one or more of the following:

a.     any candidate for the office of Sheriff of Macon County, Alabama;

b.     any Political Action Committee making contributions to candidates for public office in Alabama;

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

37.    Please produce the documents, including but not limited to the correspondence, emails, and agreements or drafts thereof, in your possession, custody and control, that you (or anyone acting on your behalf) sent to or received from Steve Windom (or anyone acting on his behalf) concerning, referring or relating to one or more of the following:

a.     electronic bingo in Macon County, Alabama;

b.     the Lucky Palace Bingo Hall project for Shorter, Alabama;

c.     the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;

d.     any other electronic bingo operation that you contemplated operating in Macon County, Alabama;

e.     the Sheriff of Macon County Alabama,

f.     Sandar Maloy;

g.     any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;

h.     Victoryland;

I.     Milton McGregor;

j.     Pebblin Warren;

k.     this lawsuit;

l.     financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;

m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;

n.     the Attorney General of Alabama;

o.     Ed Rogers, Jr.;

p.     Planet Hollywood or any of its affiliates or the Planet Hollywood brand;

q.     Steve Windom;

r.     any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;

s.     Silver Slipper Gaming, LLC or any related entities;

t.     Paul Alanis or any of the companies with which he is or was affiliated;

u.     Lucky Libra Palace, LLC

v.     Bill Peters Architects, LLC;

w.    Hattemer, Hornsby & Bailey, PC;

x.     Dunn Construction;

y.     Weatherford & Associates;

z.    Macon Engineering & Surveying;
aa.   Nova Gaming;
bb.   any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;
cc.   your corporate structure, investors, members, or shareholders, or
dd.   Libra Securities Holdings, LLC.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

38.    Please produce the documents, including but not limited to correspondence, emails, and agreements or drafts thereof, in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from anyone (other than counsel) that you hired, or retained, or otherwise engaged to help you obtain the necessary authorizations to operate an electronic bingo casino in Macon County, Alabama and/or that concern, reflect, refer or relate to that relationship or one or more of the following:

a.    electronic bingo in Macon County, Alabama;
b.    the Lucky Palace Bingo Hall project for Shorter, Alabama;
c.    the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama;
d.    any other electronic bingo operation that you contemplated operating in Macon County, Alabama;
e.    the Sheriff of Macon County Alabama,
f.    Sandar Maloy;
g.    any regulations or proposed regulations concerning or controlling electronic bingo or other gaming operations in Macon County, Alabama;
h.    Victoryland;
I.    Milton McGregor;
j.    Pebblin Warren;
k.    this lawsuit;
l.    financing or loans provided or to be provided to you by or through Libra Securities Holdings, LLC or anyone else;
m.    potential investors in you or any of your parent(s) or subsidiaries or any electronic bingo or other gaming operations you contemplated operating in Macon County, Alabama;
n.    the Attorney General of Alabama;
o.    Ed Rogers, Jr.;
p.    Planet Hollywood or any of its affiliates or the Planet Hollywood brand;
q.    Steve Windom;
r.    any efforts you were taking or that were taken on your behalf to obtain authorization to conduct an electronic bingo operation or other gaming operation in Macon County, Alabama;
s.    Silver Slipper Gaming, LLC or any related entities;

t.      Paul Alanis or any of the companies with which he is or was affiliated;

u.      Lucky Libra Palace, LLC

v.      Bill Peters Architects, LLC;

w.     Hattemer, Hornsby & Bailey, PC;

x.      Dunn Construction;

y.      Weatherford & Associates;

z.      Macon Engineering & Surveying;

aa.    Nova Gaming;

bb.    any financial information concerning you or your ability to operate an electronic bingo facility in Macon County, Alabama;

cc.    your corporate structure, investors, members, or shareholders, or

dd.    Libra Securities Holdings, LLC.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

39.    Please produce the documents, including but not limited to correspondence and emails in your possession, custody or control, that you (or anyone acting on your behalf) sent to or received from any of the Defendants in this case (or anyone acting on their behalf) during the period of January 1, 2003 to the time the initial complaint was filed in this matter.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

40.    Please produce all notes, calendar entries, memos, minutes, agendas, recordings or other documents in your possession, custody or control that concern, refer or relate to any face-to-face meetings or telephone conversations between you (or anyone acting on your behalf) and any of the Defendants in this case (or anyone acting on its behalf) during the period from January 1, 2003 to the time the initial complaint was filed in this matter.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

41.    Please produce the documents in your possession, custody or control that concern, refer or relate to the licensing (or denial licensing) of any charity for the conduct of bingo in Macon County, Alabama.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

42.    All documents that show, contain, mention, reflect, support or relate to the damages that you contend you have suffered and/or your calculation of the damages that you listed in your Initial Disclosures.

**Response:** **To the extent such documents may exist, they are being provided in response to this request for production.**

43.    All documents that in any way support, refute or conflict with the allegations you make in your Third Amended Complaint.

**Response:** **To the extent such documents may exist, they are being provided in response to this request for production.**

44.    Please produce the executed documents and all exhibits thereto in your possession, custody or control that relate to or reflect the merger of Lucky Palace, Inc. and Lucky Palace, LLC.

**Response:** **To the extent such documents may exist, they are being provided in response to this request for production.**

45.    Please produce the following documents:

   a.    your articles of organization and any amendments thereto;
   b.    your bylaws and any amendments thereto;
   c.    the minutes of your members or other corporate meetings during the time period from January 1, 2003 to the present;
   d.    all your operating agreements and any amendments thereto;
   e.    any agreements you have entered into relating in any way to electronic bingo in Macon County, Alabama; and
   f.    the documents showing the identity of your members and their ownership interest for the period from January 1, 2003 to the present.

**Response:** **To the extent such documents may exist, they are being provided in response to this request for production.**

46.    Please produce the documents in your possession, custody, or control (such as deeds or leases) that set forth your ownership interest in or control of any real estate in Macon County, Alabama during the period from January 1, 2003 to the present.

**Response:** **To the extent such documents may exist, they are being provided in response to this request for production.**

47.    Please produce the documents reflecting attorneys' fees that you are seeking to recover from any of the Defendants in this proceeding.

**Response:** **To the extent such documents may exist, they are being provided in response to this request for production.**

48.    Please produce "Lucky Palace Model.xls" described in your Initial Disclosures in electronic and paper format, including any and all drafts and versions thereof, as well as all data relied upon in creating said spreadsheet.

**Response:**    **To the extent such documents may be provided in response to this request for production.**

49.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Southeastern Gaming Opportunities, LLC (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

50.    To the extent not covered by the previous request, please produce the documents in your possession, custody or control, that were created or received during the period from January 1, 2003 to the present that concern, refer or relate to Southeastern Gaming Opportunities, LLC.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

51.    Please produce the documents, including but not limited to, correspondence, emails, and agreements or drafts thereof, in your possession, custody or control that you (or anyone acting on your behalf) sent to or received from Concerned Citizens of Macon County (or anyone acting on its behalf) during the period from January 1, 2003 to the present.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

52.    To the extent not covered by the previous request, please produce the documents in your possession, custody or control that were created or received during the period from January 1, 2003 to the present that concern, refer or relate to Concerned Citizens of Macon County.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

53.    Please produce the documents in your possession, custody or control that were created or received during the period from January 1, 2003 to the present that concern, refer or relate to Lucky Palace Resort.

**Response:**    **To the extent such documents may exist, they are being provided in response to this request for production.**

54.    Please produce the documents in your possession, custody or control that were created or received during the period from January 1, 2003 to the present that concern, refer or relate to Southeastern Gaming Resort.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

55.     Please produce the documents concerning, reflecting, relating or referring to the financial commitments made by each of the Investors identified in your response to Interrogatory 3.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

56.     Please produce the documents concerning, reflecting, referring or relating, to all loans that you or anyone acting on your behalf applied for, requested, or took relating to the Lucky Palace Bingo Hall project for Shorter, Alabama or the bingo parlor that you allege in paragraph 34 of your Third Amended Complaint that you attempted to build, own and/or operate in Macon County, Alabama.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

57.     Please produce the following documents:

    a.    Lucky Palace, Inc.'s articles of incorporation and any amendments thereto;
    b.    Lucky Palace, Inc.'s bylaws and any amendments thereto;
    c.    the minutes of any Lucky Palace, Inc. shareholder or board meetings during the time period from January 1, 2003 to the present;
    d.    any agreements Lucky Palace, Inc. entered into relating in any way to electronic bingo in Macon County, Alabama; and
    e.    the stock certificates of Lucky Palace, Inc.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**

58.     To the extent not embraced by any of the preceding requests, please produce the documents in your possession, custody, or control that concern or relate in any way tot he alleged events that form the basis of your claims in this lawsuit.

**Response:**     **To the extent such documents may exist, they are being provided in response to this request for production.**



Paul Bracy, Jr., *Chairman*
LUCKY PALACE, LLC

**STATE OF ALABAMA** )
_Madison_ **COUNTY** )

Before me, the undersigned, a notary public in and for said county and state, personally appeared Paul Bracy, Jr., *Chairman* ,who is known to me and who being by me first duly sworn, deposes and says that she has read the above and that the facts set forth therein are true and correct.

Sworn to and subscribed to before me this the _11th_ day of _October_ , 2007.

My Commission Expires:
_3/19/2008_

_Sallie R Sale_
NOTARY PUBLIC

STEPHEN D. HENINGER (HEN007)
Attorney for Plaintiff

**OF COUNSEL**:

HENINGER, GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:     (205) 326-3336
Facsimile:     (205) 326-3332

## CERTIFICATE OF SERVICE

I hereby certify that on *Oct. 12*, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:      (334) 269-2563
Facsimile:      (334) 269-2959
E-mail:          fgray@glsmgn.com
                 jbibb@glsmgn.com
                 fgrayjr@glsmgn.com
                 thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
Telephone:      (334) 834-5311
Facsimile:      (334) 834-5362
E-mail:          janderson@beersanderson.com
                 wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North Suite 600
Birmingham, AL 35203
Telephone:      (205) 323-1888
Facsimile:      (205) 323-8907
E-mail:          mwhite@waadlaw.com
                 adowd@waadlaw.com
                 rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:     (205) 251-1000
Facsimile:      (205) 324-1133
E-mail:          wms@hsy.com
                     pcd@hsy.com
                     pt@hsy.com
                     kdd@hsy.com

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEXTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:     (334) 532-3400
Facsimile:      (334) 532-3434
E-mail:          jbolton@sasserlawfirm.com
                     cspencer@sasserlawfirm.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:     (205) 986-3620
Facsimile:      (205) 986-3639
E-mail:          rks@spotswoodllc.com
                     msansbury@spotswoodllc.com

George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:     (334) 241-8002
Facsimile:      (334) 241-8202
E-mail:          glb@chlaw.com

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al.,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** )<br>) | |
| **v.** )<br>) | **Case No.: 3:06-cv-01113-WKW-WC** |
| **DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al.,** )<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| **Defendants.** )<br>) | |

# EXHIBIT "D"

**Subject:** FW: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

**From:** Steve Heninger [mailto:steve@hgdlawfirm.com]
**Sent:** Friday, September 14, 2007 6:58 AM
**To:** Tepley, Peter J.
**Subject:** RE: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

I believe we have all we can get. I am working on responses and hope to have them by late next week.

**From:** Tepley, Peter J. [mailto:pt@hsy.com]
**Sent:** Thursday, September 13, 2007 5:18 PM
**To:** Steve Heninger
**Cc:** Augusta Dowd; mwhite@waadlaw.com; Rebecca DePalma; Driver, Khristi Doss; Diak, Patricia C.
**Subject:** RE: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

Steve -

   Thanks for your prompt response. Producing documents once the protective order is in place is fine for those documents that fall under its terms. Although I see no reason why others cannot be produced now, because the order should be in place in a day or so, I do not have a problem with your producing all the documents at the same time. If some issue arises concerning the order we can address separate production at that time.

   Also, we still need Lucky Palace's responses to our discovery requests. When will those be ready?

   In addition, based on your email that you have the documents that your "client possessed," am I correct that you are in the process of obtaining responsive documents that are not in your client's possession but are under its control, or are ascertaining whether any such documents exist?

Thanks,

Pete

**From:** Steve Heninger [mailto:steve@hgdlawfirm.com]
**Sent:** Thursday, September 13, 2007 3:31 PM
**To:** Tepley, Peter J.
**Subject:** RE: Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC

I have the documents that my client possessed. Since the defendants wanted a protective order, I have been waiting until that is in place. I signed the proposal this morning and forwarded it to Michael to get to Augusta. Once that is in place, we can all start producing. Does that meet with your thinking?

**From:** Tepley, Peter J. [mailto:pt@hsy.com]
**Sent:** Thursday, September 13, 2007 3:02 PM

**To:** Steve Heninger
**Cc:** Augusta Dowd; mwhite@waadlaw.com; Rebecca DePalma; Driver, Khristi Doss; Diak, Patricia C.
**Subject:** Macon County Greyhound Park, Inc.'s ("Victoryland's") First Interrogatories and Requests for
Production to Plaintiff Lucky Place, LLC

Steve --

   By my calculations, Lucky Palaces' responses to Macon County Greyhound Park, Inc.'s  ("Victoryland's") First
Interrogatories and Requests for Production to Plaintiff Lucky Place, LLC, were due earlier this week. I have not
seen a copy of those responses, nor has my co-counsel. Have they been sent? If so when? If they have not been
sent, when do you anticipate sending them?

   In addition, we have not yet received a copy of "Lucky Palace Model.xls, related to Lucky Palace's
alleged damages, which was listed in the initial disclosures that Lucky Palace served, two months ago
on July 11, 2007. When will we receive a copy of this initial disclosure document?  Thanks,


Pete Tepley


Peter J. Tepley
*Haskell Slaughter Young & Rediker, LLC*
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Direct:   205.254.1466
Main:    205.251.1000
Fax:      205.324.1133
Cell:     205.401.2390


CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential information that is legally privileged. Do not read this e-mail if you are not
the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any information contained in or
attached to this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by replying to the sender or calling the sender at
(205) 251-1000 and destroy the original email and its attachments without reading or saving it. Thank you.
TAX ADVICE DISCLOSURE: Unless expressly stated otherwise above, (i) nothing contained in or attached to this e-mail was intended or written to be used, and
nothing in it may be used or relied upon, by you or any other taxpayer for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, (ii)
nothing contained in or attached to this e-mail may be used by any person to support the promotion or marketing of, or to recommend, any transaction or matter
addressed in this e-mail, and (iii) if this email or any attachment expressly states that it was written to support the promotion or marketing of any transaction or matter,
any taxpayer reading this e-mail should seek advice based on such taxpayer's particular circumstances from an independent tax advisor with respect to such transaction
or matter.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **HOPE FOR FAMILIES &** **COMMUNITY SERVICES, INC.,** **et al.,** | ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | )**Case No.: 3:06-cv-01113-WKW-WC** )  |
| **DAVID WARREN, in his Official** **Capacity as the SHERIFF OF** **MACON COUNTY, et al.,** | )  **JURY TRIAL DEMANDED** ) ) |
| **Defendants.** | ) ) ) |

# EXHIBIT "E"

# WHITE ARNOLD & DOWD P.C.
*Attorneys at Law*

STEPHEN K. WANNER
WILLIAM M. BOWEN JR.[†]
KATHERINE R. BROWN
LAURA GIBSON CHAIN
JONATHAN CROSS
REBECCA G. DEPALMA[*]
AUGUSTA S. DOWD
C. BURTON DUNN
LINDA G. FLIPPO
GREGORY H. HAWLEY[**]
KAREN M. HENNECY
HOPE S. MARSHALL
CHRISTOPHER J. NICHOLSON
SIDNEY C. SUMMEY
LARA SYKES WALTERS
J. MARK WHITE

[RETIRED JUDGE]
ALABAMA COURT OF CRIMINAL
APPEALS

[*] ALSO LICENSED IN
DISTRICT OF COLUMBIA

[**] ALSO LICENSED IN
DISTRICT OF COLUMBIA AND TEXAS

OF COUNSEL:
RENEAU P. ALMON
RETIRED JUSTICE
SUPREME COURT OF ALABAMA

March 13, 2008

**Via Electronic Mail and**
**First Class Mail**
Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
**Heninger Garrison Davis, L.L.C.**
2224 1st Avenue North
Birmingham, AL 35203
E-mail: wlgarrison@hgdlawfirm.com

> Re:  **Hope for Families & Community Services, Inc., et al. v. Warren, et al.**
> Case No.: 3:06-cv-1113

Dear Steve and Lew:

It is my understanding that you are refusing to produce the Lucky Palace Model.xls in native electronic form. Given that Plaintiffs have agreed to produce this document in the requested form since July 2007, we expect you to do so this week.

In your Rule 26 Disclosures, dated July 11, 2007, you stated that responsive documents included an electronic spreadsheet entitled "Lucky Palace Model.xls" which you would produce subject to terms and conditions agreed upon by the parties. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we specifically requested this electronic document in Defendants' First Interrogatories and Requests for Production served on Plaintiffs on August 6, 2007, and you agreed to produce it. You further responded in an email exchange on September 13, 2007, that the Lucky Palace Model.xls which related to the Plaintiff's alleged damages was in your possession, but you were waiting until a Protective Order was in place to produce the document. The Court entered a Consent Protective Order on September 20, 2007.

When you finally did produce the document, you failed to produce it in native electronic format as had been requested by us and agreed upon by you. It is far too late at this point to object to what you have already agreed to do on numerous occasions. If

Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
March 13, 2008
Page 2


you do not produce this document to us in native electronic format by Friday, we will be
forced to file a Motion to Compel.


Yours very truly,

J. Mark White


JMW/cgs

cc:    Augusta S. Dowd, Esq.
       Rebecca DePalma, Esq.
       Hope Marshall, Esq.
       Peter Tepley, Esq.
       Patricia Diak, Esq.
       Khristi Driver, Esq.