**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al.,                       )
                                                         )
                    **PLAINTIFFS,**         )
                                                         )
v.                                                        )        **CASE NO.: 3:06-cv-01113-WKW-WC**
                                                         )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,   )
                                                         )
                    **DEFENDANT.**         )

### DEFENDANT MILTON E. MCGREGOR'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

COMES NOW Milton E. McGregor, one of the Defendant in the above-styled cause, by and through his counsel of record, and files this Answer to Plaintiffs' Fourth Amended Complaint and affirmative defenses as follows:

1.    No response to paragraph 1 of Plaintiffs' Fourth Amended Complaint is necessary. However, to the extent a response is deemed to be required, Defendant McGregor admits that Plaintiffs' Fourth Amended Complaint names Sheriff David Warren, Macon County Greyhound Park, Inc., and Milton McGregor as defendants in this action. Defendant McGregor denies that this is an action by seventeen nonprofit organizations as two nonprofit organizations have been dismissed from this action. Defendant McGregor denies the remaining material allegations of paragraph 1 and demands strict proof thereof.

2.    Defendant McGregor admits that he is an employee and shareholder of Macon County Greyhound Park, Inc. Defendant McGregor denies the remaining allegations in paragraph 2 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

3.    Defendant McGregor admits the rules and regulations regarding the conduct and operation of bingo in Macon County were promulgated by Sheriff Warren and that those rules and regulations have been amended two times. Defendant McGregor denies the remaining allegations in paragraph 3 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

### JURISDICTION

4.    Defendant McGregor admits that the Plaintiffs seek relief under the laws and statutes cited. Defendant McGregor denies that he has violated any law or statute.

5.    Defendant McGregor admits that the Plaintiffs assert venue under the statute cited in paragraph 5 of their Fourth Amended complaint. This paragraph is a legal conclusion to which no response is required. However, to the extent that a response is deemed to be required, Defendant McGregor admits that he is a resident of the Middle District of Alabama.

### PARTIES

6.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 6 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

7.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

8.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 8 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

9.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 9 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

10.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 10 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

11.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 11 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

12.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 12 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

13.    Defendant McGregor denies that Notasulga High School PTSA is a plaintiff in this action based upon the ground that Notasulga High School PTSA was dismissed by an Order dated November 28, 2007.  Therefore, Defendant denies the same and demands strict proof thereof.

14.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 14 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

15.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 15 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

16.    Defendant McGregor admits, based upon his information and belief, that the

Shorter Volunteer Fire Department is a nonprofit organization located in Macon County, Alabama. Defendant McGregor is is without sufficient information to either admit or deny the remaining material allegations contained in paragraph 16 and therefore, denies the same and demands strict proof thereof.

17.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 17 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

18.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 18 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

19.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 19 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

20.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 20 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

21.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 21 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

22.    Defendant McGregor denies that Tuskegee National Alumni Association is a plaintiff in this action based upon the ground that Tuskegee National Alumni Association was dismissed by an Order dated November 28, 2007. Therefore, Defendant denies the same and demands strict proof thereof.

23.     Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 23 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

24.     Admitted.

25.     Admitted.

26.     Admitted.

## RELEVANT NON-PARTIES

27.     Admitted.

28.     Admitted.

29.     Admitted.

## FACTUAL BASIS

30.     Defendant McGregor admits that Fred D. Gray and the Gray Law Firm have represented Macon County Greyhound Park, Inc. and Defendant McGregor in various legal matters from time to time. Defendant admits that Macon County Greyhound Park, Inc. has paid legal fees to Fred D. Gray and the Gray Law Firm for legal services rendered. Defendant McGregor admits that Fred D. Gray is a shareholder in Macon County Greyhound Park, Inc. and that he has received dividends as a shareholder. Defendant denies the remaining material allegations in paragraph 30 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

31.     Defendant McGregor admits that Alabama law provides for amendments to the Alabama Constitution which are local in nature. Defendant McGregor admits that the Alabama Legislature has authorized bingo in certain jurisdictions by local amendment

5

under certain circumstances. The remaining allegations contained in Paragraph 31 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

32.    Defendant McGregor admits that the voters of Macon County ratified Amendment No. 744 to the Alabama Constitution on November 4, 2003. Defendant McGregor admits that Amendment No. 744 governs the operation of bingo gaming in Macon County. Defendant McGregor also states that Amendment No. 744 is a public document which this Court can take judicial notice of and which speaks for itself. Defendant McGregor denies the remaining allegations contained in Paragraph 32 of the Fourth Amended Complaint and demands strict proof thereof.

33.    Defendant McGregor also states that Amendment No. 744 is a public document which this Court can take judicial notice of and which speaks for itself. The remaining allegations contained in Paragraph 33 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

34.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 34 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

35.    Defendant McGregor admits that he had a conversation in or about November 2003 with Sheriff David Warren in the presence of Fred Gray, Jr. during which conversation Defendant McGregor stated that Macon County Greyhound Park, Inc. was interested in conducting electronic bingo pursuant to the recently ratified constitutional amendment. Defendant McGregor is without sufficient information to either admit or deny

6

the remaining allegations in paragraph 35 and therefore, denies the same and demands strict proof thereof.

36.     Defendant McGregor denies the allegations in paragraph 36 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnote 1. However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

37.     Defendant McGregor denies the allegations in paragraph 37 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

38.     Defendant McGregor denies the allegations in paragraph 38 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

39.     Defendant McGregor admits that Sheriff Warren promulgated the Original Rules on December 5, 2003. Defendant McGregor states that Exhibit A to Plaintiffs' Fourth Amended Complaint is a written document and speaks for itself. Defendant McGregor is without sufficient information to either admit or deny the remaining material allegations contained in paragraph 39 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof

40.     Defendant McGregor states that the Original Rules is a written document and speaks for itself.

41.     Defendant McGregor admits that at the time the Original Rules were promulgated Macon County Greyhound Park, Inc.'s building and improvements had a value of at least $5 million. Defendant McGregor admits that Fred D. Gray is the President of the Tuskegee Human and Civil Rights Multicultural Center and that Defendant McGregor

7

also serves as an officer of the same. Defendant McGregor denies the remaining material allegations and demands strict proof thereof

42.    Defendant McGregor admits that the Original Rules required a qualified location to be inspected and approved by the Sheriff. Defendant McGregor denies the remaining allegations in paragraph 42 and demands strict proof thereof.

43.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 43 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

44.    Defendant McGregor admits that Sheriff David Warren promulgated the First Amended Rules on or about June 2, 2004. Defendant McGregor states that Exhibit B is a written document and speaks for itself. Defendant McGregor denies that the First Amended Rules were not publicly disclosed by Sheriff Warren at the time the Rules were promulgated. Defendant McGregor is without sufficient information regarding Sheriff Warren's instructions to Fred Gray, Jr. regarding the drafting of the First Amended Rules to admit or deny the allegation. Defendant McGregor denies the remaining material allegations and demands strict proof thereof.

45.    Admitted.

46.    Defendant McGregor admits that the First Amended Rules were published in the Tuskegee News, a weekly paper, on or about June 10, 2004. Defendant McGregor states that the First Amended Rules is a written document and speaks for itself. Defendant McGregor denies the remaining material allegations and demands strict proof thereof.

47.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 47 of Plaintiffs' Fourth Amended Complaint and

therefore, denies the same and demands strict proof thereof.

48.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 48 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

49.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 49 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

50.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 50 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

51.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 51 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

52.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 52 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

53.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 53 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

54.    Defendant McGregor admits that Sheriff David Warren promulgated the Second Amended Rules on or about January 6, 2005, and published on December 30, 2004. Defendant McGregor states that Exhibit C is a written document and speaks for itself. Defendant McGregor is without sufficient information to either admit or deny the

remaining allegations contained in paragraph 54 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

55.    Defendant McGregor states that the Second Amended Rules is a written document and speaks for itself.

56.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 56 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

57.    Defendant McGregor admits that Pebblin Warren, wife of Sheriff David Warren, was elected to the Alabama House of Representatives in a special election on or about March 8, 2005. Defendant McGregor admits that Representative Warren sponsored HB17 during the 2005 Special Session of the Alabama Legislature and that HB17 was not enacted into law.    Defendant McGregor denies the remaining material allegations and demands strict proof thereof.

58.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 58 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

59.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 59 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

60.    Admitted.

61.    Defendant McGregor denies the allegations in paragraph 61 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.  No response is necessary to footnote 2.  However, to the extent a response is deemed to be required, Defendant

10

McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

62.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 62 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

63.    Defendant McGregor admits that Plaintiffs filed suit against Sheriff Warren on December 18, 2006. Defendant McGregor admits that Plaintiffs moved for leave to add Defendant McGregor and Macon County Greyhound Park, Inc. as defendants in this action on or about March 2, 2007. Defendants admit that Senator Myron Penn introduced SB92 during the 2007 Regular Session of the Alabama Legislature which proposed a Constitutional Amendment to amend Amendment No. 744 to the Alabama Constitution. Defendant McGregor admits that he has personally contributed at least $10,000 to Senator Penn's campaigns.


### PATTERN OF RACKETEERING ACTIVITY

64.    Defendant McGregor denies the allegations in paragraph 64 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

65.    Defendant McGregor denies the allegations in paragraph 65 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

66.    Defendant McGregor states that the allegations contained in Paragraph 66 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

67.    Defendant McGregor denies the allegations in paragraph 67 of Plaintiffs'

Fourth Amended Complaint and demands strict proof thereof.

68.    Defendant McGregor states that the allegations contained in Paragraph 68 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

69.    Defendant McGregor states that the allegations contained in Paragraph 66 are legal conclusions. Defendant McGregor denies the allegations and conclusions in paragraph 69 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

70.    Defendant McGregor states that the allegations contained in Paragraph 70 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

71.    Defendant McGregor denies the allegations in paragraph 71 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

72.    Defendant McGregor denies the allegations in paragraph 72 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

73.    Defendant McGregor states that the allegations contained in Paragraph 73 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

74.    Defendant McGregor states that the allegations contained in Paragraph 74 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

75.    Defendant McGregor denies the allegations in paragraph 75 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

76.    Defendant McGregor states that the allegations contained in Paragraph 76

are legal conclusions. Defendant McGregor denies the allegations and conclusions in paragraph 76 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

77.     Defendant McGregor denies the allegations in paragraph 77 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

78.     Defendant McGregor denies the allegations in paragraph 78 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnotes 3 and 4. However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnotes provide any basis for the claims alleged in the Fourth Amended Complaint.

79.     Defendant McGregor denies the allegations in paragraph 79 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnote 5. However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

80.     Defendant McGregor denies the allegations in paragraph 80 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

81.     Defendant McGregor denies the allegations in paragraph 81 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

82.     Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 82 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

83.     Defendant McGregor admits that shortly after the Original Rules were promulgated a number of nonprofit organizations contracted with Macon County

Greyhound Park, Inc. to have it conduct electronic bingo on their behalf. Defendant admits that one of those nonprofit organizations was the Tuskegee Human and Civil Rights Multicultural Center. Defendant McGregor denies that the Tuskegee Human and Civil Rights Multicultural Center was the first such nonprofit organization. Defendant McGregor denies that he and/or Fred D. Gray "control[]" such nonprofit organization. Defendant McGregor also denies the remaining material allegations and demands strict proof thereof.

84.     Defendant admits that the Tuskegee Human and Civil Rights Multicultural Center applied to the Sheriff of Macon County's Office for a Class B Bingo license to conduct electronic bingo. Defendant McGregor admits that the Sheriff issued a Class B Bingo license to the Tuskegee Human and Civil Rights Multicultural Center on or about December 17, 2003. Defendant McGregor denies the remaining material allegations and demands strict proof thereof.

85.     Defendant McGregor denies the allegations in paragraph 85 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

86.     Defendant McGregor denies the allegations in paragraph 86 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

87.     Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 87 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

88.     Defendant McGregor is without sufficient information to either admit or deny when Sheriff Warren authorized Fred Gray, Jr. to revise the Original Rules. Defendant McGregor denies the remaining allegations in paragraph 88 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnotes 6 and

7.  However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnotes provide any basis for the claims alleged in the Fourth Amended Complaint.

89.    Defendant McGregor denies the allegations in paragraph 89 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnote 8.  However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

90.    Defendant McGregor denies the allegations in paragraph 90 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

91.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 91 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

92.    Defendant McGregor denies the allegations in paragraph 92 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnotes 9 and 10.  However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnotes provide any basis for the claims alleged in the Fourth Amended Complaint.

93.    Defendant McGregor denies the allegations in paragraph 93 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnote 11.  However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

94.    Defendant McGregor admits that the Second Amended Rules limit the number of Class B Bingo licenses which may be issued and outstanding at one time in Macon County. Defendant McGregor denies the remaining allegations in paragraph 94 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

95.    Defendant McGregor denies the allegations in paragraph 95 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

96.    Defendant McGregor denies the allegations in paragraph 96 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

97.    Defendant McGregor denies the allegations in paragraph 97 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

98.    Defendant McGregor denies the allegations in paragraph 98 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

## THE ENTERPRISE

99.    Defendant McGregor admits that he is a shareholder and employee of Macon County Greyhound Park, Inc.  Defendant McGregor admits that Fred D. Gray is a shareholder in Macon County Greyhound Park, Inc. Defendant admits that Fred D. Gray and the Gray Law Firm has provided legal services to Macon County Greyhound Park, Inc. from time to time for over 20 years. Defendant McGregor admits, upon information and belief, that Fred Gray, Jr. and the Gray Law Firm has provided legal services to Sheriff Warren from time to time.  Defendant McGregor  denies the remaining allegations in paragraph 99 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

100.    Defendant McGregor denies the allegations in paragraph 100 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

101.    Defendant McGregor denies the allegations in paragraph 101 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

102.    Defendant McGregor denies the allegations in paragraph 102 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

103.    Defendant McGregor admits that the Macon County Greyhound Park, Inc.'s facility is located near an interstate highway. Defendant McGregor admits that some of Macon County Greyhound Park's patrons may travel from other states to reach its facility. Defendant denies the remaining material allegations in paragraph 103 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

104.    Defendant McGregor admits that Macon County Greyhound Park advertises on radio and television. Defendant McGregor admits that Macon County Greyhound Park maintains a website that may be accessed by persons from other states. Defendant denies the remaining material allegations in paragraph 104 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

105.    Defendant denies the allegations in paragraph 105 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

### INJURY

106.    Defendant McGregor states that the allegations contained in Paragraph 106 are legal conclusions that do not call for a response. To the extent a response is deemed to be required, Defendant McGregor denies the same and demands strict proof thereof.

107.    Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 107 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

17

108.    Defendant denies the material allegations in paragraph 108 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

109.    Defendant McGregor is without sufficient information or knowledge regarding the relationship between the purported Charities and Lucky Palace to either admit or deny the allegations in paragraph 109 of Plaintiffs' Fourth Amended Complaint and, therefore, denies the same and demands strict proof thereof.

110.    Defendant denies the material allegations in paragraph 110 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

111.    Defendant denies the material allegations in paragraph 111 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

112.    Defendant denies the material allegations in paragraph 112 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

### COUNT I

### RICO 18 U.S.C. § 1962(c)

113.    Defendant adopts and incorporates its responses to paragraphs 1 through 112 of Plaintiffs' Amended Complaint as if the same were set forth here *in extenso*.

114.    Defendant denies the material allegations in paragraph 114 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

115.    Defendant denies the material allegations in paragraph 115 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

116.    Defendant denies the material allegations in paragraph 116 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

117.    Defendant denies the material allegations in paragraph 117 of Plaintiffs'

Fourth Amended Complaint and demands strict proof thereof.

118.    Defendant denies the material allegations in paragraph 118 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

## COUNT II

### RICO 18 U.S.C. § 1962(d)

119.    Defendant adopts and incorporates its responses to paragraphs 1 through 118 of Plaintiffs' Amended Complaint as if the same were set forth here *in extenso.*

120.    Defendant denies the material allegations in paragraph 120 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

121.    Defendant denies the material allegations in paragraph 121 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

122.    Defendant denies the material allegations in paragraph 122 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

123.    Defendant denies the material allegations in paragraph 123 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

## COUNT III

### Violation of the Equal Protection Clause

124.    Defendant adopts and incorporates its responses to paragraphs 1 through 123 of Plaintiffs' Amended Complaint as if the same were set forth here *in extenso.*

125.    Defendant denies the material allegations in paragraph 125 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

126.    Defendant McGregor is without sufficient information or knowledge regarding

the nonprofit status and residency of those Plaintiffs claiming to be nonprofit entities to either admit or deny the allegations in paragraph 126 of Plaintiffs' Fourth Amended Complaint and, therefore, denies the same and demands strict proof thereof.

127.    Defendant McGregor is without sufficient information or knowledge regarding Lucky Palace's corporate form to either admit or deny the allegations in paragraph 127 of Plaintiffs' Fourth Amended Complaint and, therefore, denies the same and demands strict proof thereof.

128.    Defendant denies the material allegations in paragraph 128 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

129.    Defendant denies the material allegations in paragraph 129 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

130.    Defendant denies the material allegations in paragraph 130 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

## COUNT IV

### Conspiracy to Deprive Plaintiffs of the Equal Protection of the Laws

131.    Defendant adopts and incorporates its responses to paragraphs 1 through 130 of Plaintiffs' Amended Complaint as if the same were set forth here *in extenso*.

132.    Defendant denies the material allegations in paragraph 132 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

133.    Defendant denies the material allegations in paragraph 133 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

134.    Defendant denies the material allegations in paragraph 134 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.  No response is necessary

to footnote 12. However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

135. Defendant denies the material allegations in paragraph 135 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

136. Defendant McGregor states that the deposition of Sheriff David Warren that was taken in *Macon County Investments v. Warren*, 3:06-CV-224-WKW (M.D.Ala.) is a written document and speaks for itself therefore no response is required. To the extent a response is deemed to be required, Defendant denies the material allegations in paragraph 136 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

137. Defendant denies the material allegations in paragraph 137 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

## COUNT V

### Tortious Interference with Contractual and Business Relations

138. Defendant adopts and incorporates its responses to paragraphs 1 through 137 of Plaintiffs' Amended Complaint as if the same were set forth here *in extenso.*

139. Admitted.

140. Defendant McGregor is without sufficient information to either admit or deny the allegations contained in paragraph 140 of Plaintiffs' Fourth Amended Complaint and therefore, denies the same and demands strict proof thereof.

141. Defendant denies the material allegations in paragraph 141 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary

to footnote 13. However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

142.    Defendant denies the material allegations in paragraph 142 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

143.    Defendant denies the material allegations in paragraph 143 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

144.    Defendant denies the material allegations in paragraph 144 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

### COUNT VI

### Tortious Interference with Prospective Business Relationships

145.    Defendant adopts and incorporates its responses to paragraphs 1 through 144 of Plaintiffs' Amended Complaint as if the same were set forth here *in extenso*.

146.    Defendant denies the material allegations in paragraph 146 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

147.    Defendant denies the material allegations in paragraph 147 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof. No response is necessary to footnote 15. However, to the extent a response is deemed to be required, Defendant McGregor denies that the footnote provides any basis for the claims alleged in the Fourth Amended Complaint.

148.    Defendant denies the material allegations in paragraph 148 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

149.    Defendant denies the material allegations in paragraph 149 of Plaintiffs'

Fourth Amended Complaint and demands strict proof thereof.

150.    Defendant denies the material allegations in paragraph 150 of Plaintiffs' Fourth Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

As to Plaintiffs' Prayer for Relief, Defendant McGregor denies that the Plaintiffs are entitled to any relief or any other relief requested therein.

## AFFIRMATIVE DEFENSES

The Defendant states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs. The Defendant reserves the right to assert other defenses as discovery proceeds.

### FIRST DEFENSE

Except to the extent specifically and unambiguously admitted above, the allegations of the Fourth Amended Complaint are denied and Defendant McGregor demands strict proof.

### SECOND DEFENSE

The Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff Lucky Palace, LLC lacks standing to bring this action.

### FOURTH DEFENSE

The Plaintiff nonprofit entities lacks standing to bring this action.

23

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Sheriff Warren's actions were not arbitrary or capricious.

## SEVENTH DEFENSE

Plaintiffs' claim are barred, in whole or in part, because subject matter jurisdiction is lacking in this action based upon the grounds that Plaintiffs' claim is not yet ripe for adjudication and/or is moot.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because no claim or controversy is presented in this case.

## NINTH DEFENSE

Plaintiffs' claims are barred because a decision in this matter would not affect the rights of the Plaintiffs in this case.

## TENTH DEFENSE

Plaintiffs' Equal Protection claim is barred because Plaintiffs cannot show that the bingo rules at issue are not rationally related to a legitimate government interest. Plaintiffs' claim is also barred because Plaintiff has not and cannot show that Sheriff Warren's actions were triggered by a discriminatory motive or purpose.

## ELEVENTH DEFENSE

The Defendant denies that Plaintiffs are entitled to any judgment against it, or for

any relief whatsoever.

## TWELFTH DEFENSE

The Defendant avers that all of his actions were taken in good faith and for a legitimate business purpose.

## THIRTEENTH DEFENSE

Plaintiffs claims are barred, in whole or in part, based upon the doctrine of laches.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the Constitution of Alabama and the *Noerr-Pennington* doctrine.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred for failure to join indispensable parties, specifically, upon information and belief, a number of out of state and foreign investment banking entities and gambling interests.

## EIGHTEENTH DEFENSE

Any equitable or declaratory relief sought by the Plaintiffs are barred by the doctrines of waiver, estoppel, laches, or unclean hands.

## NINETEENTH DEFENSE

Defendant McGregor denies that he is guilty of any wrongdoing, error, act, or

omission that may have caused damages to Plaintiffs.

## TWENTIETH DEFENSE

The Defendant pleads the general issue.

## TWENTY-FIRST DEFENSE

The Fourth Amended Complaint and each count thereof is barred by the applicable statute of limitations.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to their failure to plead their RICO claim with particularity pursuant to Rule 9(b) of the *Fed. R. Civ. P.*

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to their failure to allege criminal conduct with sufficient specificity to establish probable cause regarding both the commission of a crime and the Defendants' culpability.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages against Defendant McGregor would violate his rights under the United States Constitution.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages against Defendant McGregor would violate his rights under the laws of Alabama.

## TWENTY-SIXTH DEFENSE

Any award of treble damages against Defendant McGregor in this case would violate his rights under the United States Constitution.

## TWENTY-SEVENTH DEFENSE

The Defendant McGregor avers that he is not guilty of any wrongdoing or violation of the Plaintiffs' constitutional rights.

## TWENTY-EIGHTH DEFENSE

The Defendant expressly reserves the right to amend its Answer to assert other defenses as discovery proceeds.

Respectfully submitted,

s/John M. Bolton, III
s/Charlanna W. Spencer

John M. Bolton, III (ASB-0999-N68J)
Charlanna W. Spencer (ASB-6860-R62C)

Attorneys for Defendant Milton E. McGregor

**OF COUNSEL:**
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone:    (334) 834-7600
Facsimile:    (334) 262-4389
jbolton@hillhillcarter.com
cspencer@hillhillcarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Grace L. Kipp, Esq.
Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
J. Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Patricia C. Diak, Esq.
Khristi Doss Driver, Esq.
James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
Gayle L. Douglas, Esq.

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/John M. Bolton, III
John M. Bolton, III (ASB-0999-N68J)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 834-7600
Facsimile: (334) 262-4389
jbolton@hillhillcarter.com