IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CASE NO.: 3:06-cv-01113-wkw-csc<br>) |
| DAVID WARREN, et al., | )<br>) |
| Defendants. | ) |

**FRED GRAY, FRED GRAY, JR. AND THE GRAY LAW FIRM'S
MOTION FOR A PROTECTIVE ORDER AND
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

COME NOW non-parties Gray, Langford, Sapp, McGowen, Gray, Gray, & Nathanson (the "Gray Law Firm"), Fred. D. Gray ("Fred Gray.") and Fred. D. Gray, Jr., ("Fred Gray, Jr."), (collectively, "Gray"), pursuant to FRCP 26 and 45, and state as follows:

**INTRODUCTION**

On June 22, 2007, the Plaintiffs issued non-party subpoenas to Fred Gray, Jr., Fred Gray and the Gray Law Firm seeking unduly burdensome non-party discovery. (Doc. 134, Ex. A; Doc. 135, Ex. A; Doc. 136, Ex. A) On July 3, 2008, the Court granted Gray's oral motion for extension of time, rescheduling Gray's deadline to respond to August 16, 2007. (Doc. 70-72) On August 16, 2007, Gray responded to the Plaintiffs' subpoenas with objections, responses and motions to partially quash the subpoenas. (Doc. 85-87) On December 21, 2007, Plaintiffs moved to compel Gray's production of the subpoenaed documents. (Doc. 134-136)

1

On March 13, 2008, this Court ordered written responses showing cause why the motions should not be granted, said responses to be filed by March 24, 2008. (Doc. 149)

### ARGUMENT

Gray generally objects to all discovery requests in issue, because the Requests in issue seek information which is entirely irrelevant, in addition to being overly burdensome.

> When a plaintiff first pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant, and then bases massive discovery requests [**on non-parties**] upon those nebulous allegations, in the hope of finding particular evidence of wrongdoing, that plaintiff abuses the judicial process.... The limits which Rule 26(b)(2)(iii) place upon discovery are aimed at just such a tactic. Utilizing its discretionary power under this rule, the district court appropriately recognized that the likely benefit of this attempted fishing expedition was speculative at best.

*Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000) (upholding district court which "understood that to require the six banks and the Ryder Scott Company to produce the massive amount of documents requested, first weeding out privileged and confidential records, would impose a serious burden and expense upon these non-parties."). Likewise, the requests in issue here are nothing more than an improper, costly and burdensome fishing expedition aimed at non-parties to this action.

The burdens on Gray, as non-parties to this action, far outweigh any benefit to the requesting parties in obtaining such information. *See, e.g., Cytodyne Tech., Inc. v. Biogenic Tech., Inc.,* 216 F.R.D. 533, 535 (M.D. Fla. 2003).

> Although Rule 26(b) applies to discovery of non-parties as well as parties in a suit, non-party status is considered by the court in weighing the burdens imposed in providing the requested discovery. *See American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734 (Fed. Cir. 1987) (affirming district court's restriction of discovery where non-party status "weigh[ed] against disclosure"); *American Electric Power Company, Inc. v. United States,* 191 F.R.D. 132, 136 (S.D. Oh. 1999) (status as a non-party is a factor that weighs against disclosure); *Solarex Corp. v. Arco Solar, Inc.,* 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (non-party status is a significant factor in determining whether discovery is unduly burdensome). The limited case law in this area reveals a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information. *Farnsworth v. Procter & Gamble Company,* 758 F.2d 1545 (11th Cir. 1985); *American Electric Power Company, Inc. v. United States,* 191 F.R.D. 132 (S.D. Oh. 1999).

Further, "discovery that broadens the scope of the litigation and intrudes upon privacy rights should not be permitted 'unless there is a showing that the need for disclosure outweighs the importance of protecting non-parties' privacy.'" *JB ex rel Palmer v. ASARCO, Inc.*, 225 F.R.D. 258, 262 (2004) (quoting *Van Epps v. County of Albany,* 706 N.Y.S.2d 855, 864-65 (Sup. Ct. Albany Co. 2000).

## I. OBJECTIONS OF FRED GRAY, JR.

Plaintiffs have taken issue with the objections made by Fred Gray, Jr. to Requests 4, 7, 13-14, (Doc. 134), addressed as follows:

### A. Request 4

Request 4 seeks documents containing any communication between Fred Gray, Jr. and "any of VictoryLand's agents or attorneys regarding electronic bingo." Fred Gray, Jr. produced documents in response to this request but objected to

producing three documents on the basis of the attorney-client privilege and the work product rule.[1]

The first document is a ten-page copy of the First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama, which contain several handwritten notes by Gray Law Firm attorneys or their client, David Warren. This document was erroneously objected to in response to Request 4, but should have instead been objected to in response to Request 7. This document was not shared with attorneys for VictoryLand or anyone else outside of the Gray Law Firm. It is not known whether it was shared with Fred Gray, Sr., but regardless, this document is clearly within the attorney-client privilege and work product rule and, as such, not subject to production.

The second document is a facsimile transmission letter dated January 8, 2007, and its attachment, from Fred Gray, Jr. to attorneys for Milton McGregor. The third document is a letter dated January 17, 2007, and its attachment, from attorneys for Milton McGregor to Fred Gray, Jr. These documents are subject to the work product rule. The exchange of work product materials among attorneys for parties sharing a common interest in litigation against a common adversary does not constitute a waiver of the protection accorded to such materials. *In re Crazy Eddie Securities Litigation*, 131 F.R.D. 374 (E.D. N.Y. 1990). This rule applies to

---

[1] Gray requested and received an opinion from the Alabama State Bar Office of General Counsel regarding the hypothetical issues surrounding the discovery requests served upon Gray in the above-styled action. *See* Doc. 150, Ex. B and Ex. C. The opinion of the State Bar is that there is no exception under Rule 1.6 of the Alabama Rules of Professional Conduct which would justify the disclosure of any confidential information held by Gray on behalf of their clients. The State Bar further instructs that "motions to quash subpoenas or notices of depositions, and possible protective orders obtained from the trial court" are in order.

potential as well as actual codefendants *Schachar v. American Academy of Ophthalmology, Inc.*, 106 F.R.D. 187 (N.D. Ill. 1985). So long as the transferor and transferee anticipate litigation against a common adversary on the same issue, they have a strong common interest in sharing the fruit of the trial preparation efforts. *Loustalet v. Refco, Inc.*, 154 F.R.D. 243 (C.D. Cal. 1993). As such, these documents were properly withheld pursuant to the work product rule.

<u>Request 7</u>

Request 7 seeks documents containing any communication between Fred Gray, Jr. and "Fred Gray regarding electronic bingo." Fred Gray, Jr. produced documents in response to this request but objected to producing one document on the basis of the attorney-client privilege and the work product rule. That document is a memorandum, internal to the Gray Law Firm, between Fred Gray and Fred Gray, Jr. Plaintiffs claim that simply because Fred Gray has sworn that he was not involved in promulgating the Rules and Regulations governing electronic bingo any communications between the two regarding the subject of electronic bingo is not privileged. Plaintiffs further claim that the attorney-client privilege was waived when any communications between Sheriff Warren and Fred Gray, Jr. were shared with Fred Gray, a shareholder of the same law firm as Fred Gray, Jr. These statements go against the Federal Rules of Civil Procedure and the Alabama Rules of Professional Conduct. Further, Plaintiffs have cited no authority supporting their position that the internal memoranda between two attorneys at the same law firm regarding matters concerning a client of one of the attorneys destroys the attorney-client privilege or the protection of the work product rule. As such, Plaintiffs' motion to compel the production of this document should be denied.

5

B.  Request 13

Request 13 seeks documents related to the distributions of the Gray Law Firm to its shareholders. This request seeks private information about the distribution of compensation to the shareholders of the Gray Law Firm. The firm and its shareholders have a clear right to privacy with respect to this information and the Plaintiffs have failed to demonstrate the relevancy of, or any need for, this information. Discovery that broadens the scope of the litigation and intrudes upon privacy rights should not be permitted "unless there is a showing that the need for disclosure outweighs the importance of protecting non-parties' privacy." *JB v. Asarco, Inc.*, 225 F.R.D. 258, 262 (2004).

C.  Request 14

Request 14 seeks all federal and state tax returns of Fred Gray, Jr. since January, 2003. Production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains. *Ex parte Alabama State University and Joe L. Reed*, 553 So. 2d 561 (Ala. 1989); *see also Hunt v. Windom*, 604 So. 2d 395 (Ala. 1992) (holding that tax returns may, in some contexts, be clothed with a qualified privilege).

Under federal law, public policy weighs in favor of not disclosing a party's tax returns during discovery. *Biliske v. American Live Stock Inc.,* 73 F.R.D. 124, 126 n. 1 (W.D. Okla. 1977). However, some courts have applied a two part test to determine if discovery of tax returns is permissible. If the party requesting the returns can establish relevancy, then the tax information is discoverable unless the responding party can show that there is an alternative source for the same information. *Lemanik v. McKinley Allsopp, Inc.,* 125 F.R.D. 602, 609 (S.D.N.Y.

1989); *See also Thompson v. Glenmede Trust Co.*, 1995 U.S. Dist LEXIS 18780, citing *Kravitz v. Jewelry Basics, Inc.,* C.A. No.89-2657, 1990 U.S. Dist. LEXIS 4264, at *6 (E.D. Pa. 1990 April 12, 1990).

The Plaintiffs cannot meet the above two part test. The Plaintiffs can only argue a tenuous stand of "what ifs": that Fred Gray, Jr.'s alleged receipt of a share of the firm's legal fees, some of which are derived from the representation of VictoryLand or Milton McGregor, and distributed through his law firm (1) "will demonstrate the payment of money by Milton McGregor and VictoryLand to the Gray Law Firm" and (2) "the payment of a share of that money to Fred Gray, Jr." which (3) "had value in the mind of Fred Gray, Jr." and thus (4) "constitutes a 'thing of value' for the purposes of the Alabama bribery statute" (5) which allegedly will be admissible to prove Fred Gray, Jr.'s "motive" (6) "to structure the Rules and Regulations" in a way to (7) "grant VictoryLand a monopoly." Clearly, this is a far stretch from establishing the relevancy of the requested information under FRCP 26.

Even if the Plaintiffs could establish relevancy, VictoryLand and Milton McGregor have produced an alternative source of even better information, where available: the 1099s which include information regarding the amount of any income paid to the Gray Law Firm. Thus, the discovery of Fred Gray, Jr.'s tax returns not only should not be permitted, but also would not be helpful or relevant.

## II. OBJECTIONS OF FRED GRAY

Plaintiffs have taken issue with the objections made by Fred Gray to Requests 19-22, 24, 26-28, (Doc. 135), addressed as follows:

7

A.    Requests 19-22

Plaintiffs' Requests 19-22 seek information related to any interest Fred Gray may have in property owned by Milton McGregor (or related entities) and any benefits which may have been received by Fred Gray from Milton McGregor (or related entities). Plaintiffs claim that this information is relevant because such benefits "in the mind of Fred Gray, Jr." would constitute "things of value" for the purposes of the Alabama bribery statute because Fred Gray, Jr. "has an interest in his father's financial security and happiness." This argument fails to meet the standard for relevancy under Rule 26. Furthermore, neither Fred Gray nor Fred Gray, Jr. is a party to this action. This information, to the extent that it exists, could just as easily be sought from Milton McGregor and/or VictoryLand, both of whom are parties to this action. Additionally, much of the information sought would be public record. See also *infra*, section II.D, with respect to the alleged future "interest" Fred Gray, Jr. would have with respect to the above information.

Thus, Requests 19-22 cannot pass muster under the balancing test for non-parties because the Plaintiffs cannot demonstrate the relevancy of the information sought, there is little real need for this information as most of it can be obtained from other sources, and the Requests are broad in scope and not limited in time, while the burden imposed upon Fred Gray is substantial. *Farnsworth v. Procter & Gamble Company*, 758 F.2d 1545 (11th Cir. 1985). Therefore, Plaintiffs' motion to compel Requests 19-22 are due to be denied.

B.    Request 24

Request 24 seeks documents related to the distributions of the Gray Law Firm to its shareholders. This request seeks private information about the

distribution of compensation to the shareholders of the Gray Law Firm. The firm and its shareholders have a clear right to privacy with respect to this information and the Plaintiffs have failed to demonstrate the relevancy of or any need for this information. Discovery that broadens the scope of the litigation and intrudes upon privacy rights should not be permitted "unless there is a showing that the need for disclosure outweighs the importance of protecting non-parties' privacy." *JB v. Asarco, Inc.*, 225 F.R.D. 258, 262 (2004).

C.     Request 26

Request 26 seeks all federal and state tax returns of Fred Gray since January, 2003. Production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains. *Ex parte Alabama State University and Joe L. Reed*, 553 So. 2d 561 (Ala. 1989); *see also Hunt v. Windom*, 604 So. 2d 395 (Ala. 1992) (holding that tax returns may, in some contexts, be clothed with a qualified privilege).

Under federal law, public policy weighs in favor of not disclosing a party's tax returns during discovery. *Biliske v. American Live Stock Inc.*, 73 F.R.D. 124, 126 n. 1 (W.D. Okla. 1977). However, some courts have applied a two part test to determine if discovery of tax returns is permissible. If the party requesting the returns can establish relevancy, then the tax information is discoverable unless the responding party can show that there is an alternative source for the same information. *Lemanik v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 609 (S.D.N.Y. 1989); *See also Thompson v. Glenmede Trust Co.*, 1995 U.S. Dist LEXIS 18780, citing *Kravitz v. Jewelry Basics, Inc.*, C.A. No.89-2657, 1990 U.S. Dist. LEXIS 4264, at *6 (E.D. Pa. 1990 April 12, 1990).

The Plaintiffs cannot meet the above two part test. The Plaintiffs' argument that Fred Gray, Sr.'s tax returns would shed light on whether Fred Gray, Jr. has any financial interest in his father's alleged financial ties to VictoryLand or Milton McGregor is tenuous at best. Even if the Plaintiffs could establish relevancy, VictoryLand and Milton McGregor have produced an alternative source of even better information, where available: the 1099s which include information regarding the amount of any income paid to the Gray Law Firm. Thus, the discovery of Fred Gray's tax returns not only should not be permitted, but also would not be helpful or relevant.

Request 27

Request 27 seeks all documents related to Fred Gray's last will and testament and any and all trusts or other estate plans in which Fred Gray, Jr. is named a beneficiary. First and foremost, this request is completely irrelevant to the subject matter of this case. "A will speaks to events in the future-what disposition should be made of properties the testatrix may own, in the future, at the time of death." *Compton v. West Volusia Hosp. Authority*, 727 So. 2d 379, 381 (Fla. App. 1999). It is ridiculous to argue that estate documents, which have "no operable present effect on assets currently owned" and "can be changed, revoked or destroyed at any time in the future, prior to the [testator's] death or loss of competence" could have any relevance to this lawsuit. *Id; see also Craft v. Moon*, 75 So. 302, 303 (Ala. 1917) (under Alabama law "wills are always revocable-during testamentary capacity ... wills take effect only after the death of the testator."). Furthermore, even after death or loss of competence, the estate planning documents "may have no effect on the [testator's] assets, if not properly probated,

10

or if shown to be invalidly executed." *Id*. No argument by the Plaintiffs can overcome the fact that this request is nothing more than harassment or a fishing expedition in which Plaintiffs are casting a very wide net over non-parties in the hope to find evidence to prove their case.

Further, Fred Gray's estate planning documents and all documents related thereto are subject to the attorney-client privilege. *See, e.g., Compton v. West Volusia Hosp. Authority*, 727 So. 2d 379, 381-82 (Fla. App. 1999). In the *Compton* case, the court held that the defendants in a malpractice action were not entitled to the production of the still-living plaintiff's unpublished will to determine whether she was competent at the time she executed it, as such information could be obtained in many less intrusive ways and the attorney-client privilege remained intact since the will and its contents had not been revealed to others. *Id*. Mr. Gray is still living, he has not waived his attorney-client privilege, his estate has not been probated and his estate documents have not been published or shared with any third party. Thus, even if Plaintiffs could establish the relevance of the information sought, the documents would be protected from disclosure by the attorney-client privilege.

D.  Request 28

Request 28 seeks all gifts or loans made to Fred Gray, Jr. by his father. Again, Plaintiffs have failed to establish the relevancy of this Request. Further, this Request is extremely broad in scope and not limited in time, while at the same time, the burden imposed upon Fred Gray, a non-party to this action, is substantial. *Farnsworth v. Procter & Gamble Company*, 758 F.2d 1545. Fred Gray, Jr. has been receiving gifts from his father since his birth. Likewise, he may have received loans

from his father from time to time from a young age. This open-ended Request which encompasses every gift or loan going back through decades of a father and son relationship is both irrelevant and overly burdensome.

### III. OBJECTIONS OF THE GRAY LAW FIRM

Plaintiffs take issue with the objections made by the Gray Law Firm to Requests 2-5 which address law firm distributions, the receipt of legal fees and the tax returns of the law firm. (Doc. 136) The Plaintiffs argue that Requests 2-5 (1) "will demonstrate the payment of money by Milton McGregor and VictoryLand to the Gray Law Firm" and (2) "the payment of a share of that money to Fred Gray, Jr." which (3) "had value in the mind of Fred Gray, Jr." and thus (4) "constitutes a 'thing of value' for the purposes of the Alabama bribery statute" (5) which allegedly will be admissible to prove Fred Gray, Jr.'s "motive" (6) "to structure the Rules and Regulations" in a way to (7) "grant VictoryLand a monopoly." Clearly, this is far stretch from establishing the relevancy of the requested information under FRCP 26.

#### A. Request 2

Request 2 seeks documents related to the distributions of the Gray Law Firm to its shareholders. Plaintiffs have failed to establish the relevancy of this Request. Further, this request seeks private information about the distribution of compensation to the shareholders of the Gray Law Firm. The firm and its shareholders have a clear right to privacy with respect to this information and the Plaintiffs have failed to demonstrate the relevancy of or any need for this information. Discovery that broadens the scope of the litigation and intrudes upon privacy rights should not be permitted "unless there is a showing that the need for

disclosure outweighs the importance of protecting non-parties' privacy." *JB v. Asarco, Inc.*, 225 F.R.D. 258, 262 (2004).

B. <u>Requests 3 and 4</u>

Requests 3 and 4 seek "any and all documentation ... that refer or relate to the receipt of legal fees" from VictoryLand and Milton McGregor. Again, Plaintiffs have failed to establish the relevancy of these Requests. Further, this Request is extremely broad in scope and not limited in time, while at the same time, the burden imposed upon the gray Law Firm, a non-party to this action, is substantial. *Farnsworth v. Procter & Gamble Company,* 758 F.2d 1545. Presumably, Plaintiffs are seeking all such information dating back to 1983, when they allege the Gray Law Firm began representing McGregor and VictoryLand. (Doc. 148, ¶ 30) This open-ended Request which encompasses every legal fee collected going back through decades of an attorney-client relationship[2] is both irrelevant and overly burdensome. *Farnsworth v. Procter & Gamble Company,* 758 F.2d 1545. Moreover, this information is readily available from VictoryLand and McGregor, who are parties to this lawsuit.

Although Plaintiffs are correct that it is the law of the Eleventh Circuit that information involving receipt of attorneys' fees from a client is not generally privileged, such information must first be relevant. In the case cited by Plaintiffs, the Court held that an estate may not assert an "entitlement to a monetary benefit on the one hand, and then hide behind a claim of privilege on the other." *O'Neal v. U.S.*, 258 F.3d 1265, 1276 (11th Cir. 2001). However, in this instance, the

---

[2] Records of such fees receipts, covering dates prior to 2004, were destroyed as a result of a fire in 2004.

13

information regarding legal fees is sought from non-parties who have asserted no claims nor have they placed anything regarding this information in issue in this action. As such, Plaintiffs motion to compel production of this information should be denied.

C.   Request 5

Request 5 seeks all federal and state tax returns filed by the Gray Law Firm since January, 2003. Again, Plaintiffs have failed to establish the relevancy of this Request. Further, the production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains. *Ex parte Alabama State University and Joe L. Reed*, 553 So. 2d 561 (Ala. 1989); *see also Hunt v. Windom*, 604 So. 2d 395 (Ala. 1992) (holding that tax returns may, in some contexts, be clothed with a qualified privilege).

Under federal law, public policy weighs in favor of not disclosing a party's tax returns during discovery. *Biliske v. American Live Stock Inc.*, 73 F.R.D. 124, 126 n. 1 (W.D. Okla. 1977). However, some courts have applied a two part test to determine if discovery of tax returns is permissible. If the party requesting the returns can establish relevancy, then the tax information is discoverable unless the responding party can show that there is an alternative source for the same information. *Lemanik v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 609 (S.D.N.Y. 1989); *See also Thompson v. Glenmede Trust Co.*, 1995 U.S. Dist LEXIS 18780, citing *Kravitz v. Jewelry Basics, Inc.*, C.A. No.89-2657, 1990 U.S. Dist. LEXIS 4264, at *6 (E.D. Pa. 1990 April 12, 1990).

The Plaintiffs cannot meet the above two part test. Even if the Plaintiffs could establish relevancy, VictoryLand and Milton McGregor have produced an

alternative source of even better information, wehre available: the 1099s which include information regarding the amount of any income paid to the Gray Law Firm. Thus, the discovery of the Gray Law Firm's tax returns not only should not be permitted, but also would not be helpful or relevant.

### IV.    CONCLUSION AND MOTION FOR A PROTECTIVE ORDER

Pursuant to FRCP 26(c) and 45, and in light of the arguments asserted above, Gray seeks an order preventing Plaintiffs from inquiring into matters protected by the attorney-client privilege or the work product rule. A district court has broad discretion in fashioning protective orders. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Fed. R. Civ. P. 26(c) provides that a court "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." In addition, Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Id.* at 1547. This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Id.* Here, Plaintiffs have failed to show substantial need for the privileged information, and Fred Gray Jr., in accordance with his professional responsibility, has clearly demonstrated a strong interest in upholding the attorney-client privilege and work product rule. Furthermore, his client has not consented to the disclosure of any confidential information.

Additionally, Plaintiffs seek substantial private and confidential information regarding two non-party individuals and the Gray Law Firm, a closely held professional corporation which is also a non-party to this action. Discovery that

15

broadens the scope of the litigation and intrudes upon privacy rights should not be permitted "unless there is a showing that the need for disclosure outweighs the importance of protecting non-parties' privacy." *JB v. Asarco, Inc.*, 225 F.R.D. 258, 262 (2004). The firm and its shareholders have an interest in maintaining the confidentiality of their internal business practices where they are not relevant to any claim or defense in this lawsuit and no substantial need has been demonstrated by the Plaintiffs.

WHEREFORE, based upon the foregoing, Gray respectfully request that this Court deny Plaintiffs' motions to compel (Doc. 134-136) and, furthermore, enter a protective order preventing the disclosure of the documents in issue above.

Respectfully submitted, this the 24th day of March, 2008.

                                              **s/George L. Beck, Jr.**
                                              **George L. Beck, Jr. (BEC011)**
                                              **Ronald G. Davenport (DAV044)**

Attorneys for Movants Gray, Langford,
Sapp, McGowen, Gray, Gray, & Nathanson,
Fred Gray and Fred Gray, Jr.

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street 36104
Montgomery, AL  36102-2069
Telephone:   (334) 241-8000
Facsimile:   (334) 323-8888
Email:       glb@chlaw.com

RUSHTON, STAKELY, JOHNSTON & GARRETT
184 Commerce Street
P.O. Box 270
Montgomery, AL  36101
Email:       rgd@rsjg.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert K. Spotswood  
Michael T. Sansbury  
SPOTSWOOD, SANSOM & SANSBURY, LLC  
940 Concord Center  
2100 Third Avenue North  
Birmingham, AL  35203-3329  
Email:    rks@spotswoodllc.com  
            msansbury@spotswoodllc.com  

Fred D. Gray  
Fred D. Gray, Jr.  
GRAY, LANGFORD, SAPP, McGOWAN,  
    GRAY, GRAY & NATHANSON  
P.O. Box 830239  
Tuskegee, AL  36083-0239  
Email:    fgray@glsmgn.com  
            jbibb@glsmgn.com  
            fgrayjr@glsmgn.com  
            thalia@glsmgn.com  

Stephen Don Heninger  
William Lewis Garrison, Jr.  
Gayle Douglas  
HENINGER GARRISON DAVIS, LLC  
P. O. Box 11310  
2224 1st Avenue North  
Birmingham, AL  35202  
Email:    steve@hgdlawfirm.com  
            wlgarrison@hgdlawfirm.com  
            gdouglas@hgdlawfirm.com  

John Mark White  
Augusta S. Dowd  
Rebecca DePalma  
WHITE, ARNOLD ANDREWS & DOWD  
2025 Third Avenue North  
Suite 600  
Birmingham, AL  35203  
Email:    mwhite@waadlaw.com  
            adowd@waadlaw.com  
            rdepalma@waadlaw.com

James H. Anderson
Ryan Wesley Shaw
BEERS, ANDERSON, JACKSON,
PATTY, VAN HEEST & FAWAL
P.O. Box 1988
Montgomery, AL  36102
Email:      janderson@beersanderson.com
            wshaw@beersanderson.com

William M. Slaughter
Patricia C. Diak
Peter John Tepley
Khristi Doss Driver
HASKELL, SLAUGHTER, YOUNG & REDIKER
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Email:      wms@hsy.com
            pcd@hsy.com
            pt@hsy.com
            kdd@hsy.com

John M. Bolton, III
Charlanna White Spencer
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Email:      jbolton@hillhillcarter.com
            cspencer@hillhillcarter.com

              s/George L. Beck, Jr.
              George L. Beck, Jr.