## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
       )
      PLAINTIFFS, )
       )
v. )   CASE NO.: 3:06-cv-01113-WKW-WC
       )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
       )
      DEFENDANTS. )

### DEFENDANT MILTON McGREGOR'S
### RESPONSE TO PLAINTIFF LUCKY PALACE'S MOTION
### TO COMPEL ANSWERS TO INTERROGATORIES

COMES NOW Milton McGregor ("McGregor"), Defendant in the above-styled cause, by and through his counsel of record, and files this response to Plaintiff Lucky Palace LLC's (hereinafter "Lucky Palace") Motion to Compel (Doc. # 141). In support of this response, Defendant McGregor would show unto this Court as follows:

1.     On October 3, 2007, Plaintiff Lucky Palace served its interrogatories to Defendants, Macon County Greyhound Park, Inc. and Milton McGregor, which sought answers to twenty-six (26) separately numbered interrogatories.[1] Defendant McGregor served his responses and objections on November 26, 2007.[2]

2.     On January 2, 2008, the parties held a conference call in an attempt to

---

[1]A copy of Lucky Palace's Interrogatories to Defendants, Macon County Greyhound Park, Inc., and Milton McGregor is attached as Exhibit A.

[2]A copy of Defendant Milton McGregor's Response to Interrogatories Propounded By Plaintiff, Lucky Palace, LLC is attached as Exhibit B.

1

resolve the areas of dispute. At that meeting, Lucky Palace clarified the scope and meaning of interrogatories 11 and 13. On January 22, 2008, Defendant McGregor served his supplemental responses to Lucky Palace's First Requests for Interrogatories.[3] On the same day, Lucky Palace filed its Motion to Compel Answers to Interrogatories. (Pls. Mot. To Compel (Doc. #141)).

<u>Interrogatories No. 4, 5, 6, 11, 12, 13, 14, 15, 16, 17 and 18</u>

3.    Lucky Palace's Motion to Compel seeks answers to interrogatories 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, and 18. Defendant McGregor's supplemental responses amended its responses to interrogatories 11 and 13 and the answers to those interrogatories rendered any response to interrogatories 12 and 14 moot. (Ex. C.) Therefore, the only interrogatories presently at issue are: 4, 5, 6, 15, 16, 17, and 18.

4.    Interrogatories 4, 5, 6, 17, and 18 seek general, personal, subjective opinions from Defendant McGregor regarding the operation and licensing of bingo in Macon County, Alabama. The disputed interrogatories, responses, and supplemental responses are as follows:

> *INTERROGATORY NO. 4: Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility/location other than VictoryLand in Macon County, Alabama?*

> **RESPONSE:**    **This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose and is clearly designed for**

---

[3]Defendant Milton McGregor's Supplemental Responses to Interrogatories Propounded by Plaintiff, Lucky Palace, LLC is attached as Exhibit C.

use outside this proceeding.

**DEFENDANT'S SUPPLEMENTAL**
**RESPONSE:**          At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel. Based upon this clarification, this Defendant renews his objections and response.

*INTERROGATORY NO. 5: If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition.*

**RESPONSE:**     See response to Interrogatory 4.

**DEFENDANT'S SUPPLEMENTAL**
**RESPONSE:**          See supplemental response to Interrogatory 4.

*INTERROGATORY NO. 6: Does this Defendant contend that the operation of electronic bingo at any other facility/location besides VictoryLand would be harmful to the citizens of Macon County, Alabama in any respect? If so, please state in detail the basis for this contention.*

**RESPONSE:**     This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issue of this case.

**DEFENDANT'S SUPPLEMENTAL**
**RESPONSE:**          At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel. Based upon this clarification, this Defendant renews his objections and response.

*INTERROGATORY NO. 17: Does this Defendant desire that VictoryLand have the only electronic bingo gaming facility in Macon County, Alabama?*

**RESPONSE:**     This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of

3

any relevant information. **Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on these proceedings and is clearly designed for use outside this proceedings.**

**DEFENDANT'S SUPPLEMENTAL RESPONSE:**    **At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel. Based upon this clarification, this Defendant renews his objections and response.**

*INTERROGATORY NO.18: If the answer to the proceeding Interrogatory is in the affirmative, please state each and every reason for this desire.*

**RESPONSE:**    **Not applicable.**

**DEFENDANT'S SUPPLEMENTAL RESPONSE:**    **See supplemental response to Interrogatory 17.**

5.    Lucky Palace's Motion to Compel answers to these interrogatories is due to be denied on several grounds. First, the interrogatories are impermissible because they do not seek information which is relevant to any issue pending in this action. Second, the interrogatories seek subjective opinions from Defendant McGregor, who has been sued in his individual capacity, on matters outside the scope of the facts alleged in the instant case. Third, the interrogatories are overly broad, vague, and not reasonably particularized to the issues pending in this case. Finally, Lucky Palace propounded these interrogatories for an improper purpose.

## ARGUMENT

I.    **Lucky Palace's Interrogatories Are Not Relevant to Any Claim at Issue in this Case.**

The scope of discovery is set forth in the *Federal Rules of Civil Procedure* which

4

provides that: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ...." *Fed.R.Civ.P.* 26(b)(1). The relevancy burden is met if the party can show that the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P.* 26(b)(1). While this standard is broad, discovery has "'ultimate and necessary boundaries,'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "[I]nterrogatories too indefinite or all-inclusive have been struck down" as irrelevant. *Greene v. Raymond*, 41 F.R.D. 11, 14 (D.Colo.1966).

Plaintiff Lucky Palace argues that its allegations of "tortious conduct and a conspiracy to deprive qualified applicants for such licenses" make its interrogatories relevant. (Pls. Mot. To Compel at pg. 2 (Doc. #141).) However, Lucky Palace asks Defendant McGregor to provide his personal, subjective opinion on generalities regarding bingo licensing in Macon County[4], Defendant McGregor's contentions regarding bingo and its harm on Macon County citizens, and whether Defendant would like to have the only electronic bingo gaming facility in Macon County, Alabama. Defendant McGregor's

---

[4]    Lucky Palace has sued Defendant in his individual capacity. Despite this, Lucky Palace assigns an overly broad definition to the word "you" and "your" in the "Instructions" section which states in pertinent part:

> "You" and "your" shall mean Defendants Macon County Greyhound Park, Inc. and Milton McGregor, or any predecessors, including but not limited to Macon County Greyhound Park, Inc., and Milton McGregor, or any person, entity, agent, or representative acting or purporting to act for or on their behalf.

(Ex. A (Instructions Letter "h.").) To the extent that Lucky Palace seeks answers from "any person, entity, agent, or representative acting or purporting to act for or on [the] behalf" of Mr. McGregor in his individual capacity, Defendant McGregor objects since as an individual he is unable to testify to the opinions of any entities, agents, or representatives.

personal contentions and opinions regarding these issues are of no consequence to the issues presented in this case and they are not likely to lead to admissible evidence.

**II.    Lucky Palace's Interrogatories Require Defendant to State Opinions Which Are Beyond the Facts of this Case.**

Second, even if this Court were to determine that Lucky Palace's interrogatories are relevant, the interrogatories are impermissible because they seek Defendant McGregor's opinions regarding a series of hypotheticals beyond the facts alleged in the instant case. Rule 33 of the *Federal Rules of Civil Procedure* governs the use of interrogatories. "An interrogatory is not objectionable merely because it calls for . . . the application of law to fact." *Fed. R. Civ. P.* 33(c)(5) advisory committee notes. A limitation to this is that "interrogatories may not extend to issues of 'pure law,' *i.e.*, legal issues unrelated to the facts of the case." *Id.*; *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997); *Kendrick v. Sullivan*, 125 F.R.D. 1, 2 (D.D.C. 1989) ("Rule 33(b) clearly contemplates two things: (1) the existence of specific facts in the record to which the interogatee's contentions or legal opinions must apply; and (2) a sharp distinction between permissible interrogatories and inquiries into 'issues of pure law.'"(*citing* Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33)).

In *Kendrick*, defendants served interrogatories upon the plaintiffs which asked their contentions regarding "factual scenarios which may or may not exist among participants in the grant program of the Adolescent Family Life Act." *Kendrick*, 125 F.R.D. at 1. The court concluded that these "interrogatories ask whether it is the plaintiffs' 'contention' that grants which might mirror these factual scenarios are 'unlawful.'" *Id*. The court concluded that "[a]bsent a concrete factual record regarding the manner in which specific grantees

are currently spending their AFLA funds, any responses which the plaintiffs might submit would necessarily amount to free-form legal essays on the Establishment Clause. The essays would bear no necessary relation to the facts of this case." *Id.* at * 3.

Plaintiff Lucky Palace makes no attempt to anchor their disputed interrogatories to the facts of this case. Plaintiffs allege in their Fourth Amended Complaint that Defendants "through unlawful influence" have "arbitrarily promulgate[d] unreasonable rules and regulations for the operation of bingo in Macon County that allowed only one entity–VictoryLand–to operate electronic bingo games." (4th Am. Compl. ¶ 3, Doc. # 148.) Now they ask Defendant McGregor to comment on all hypothetical applicants for a license to operate an electronic bingo facility in Macon County. For example, Lucky Palace makes no attempt to provide facts such as the number of bingo machines the applicant proposes to offer at the establishment, the proposed location of the facility, the proposed operator of the facility, whether or not the proposed operator complies with all federal and state laws, whether or not the proposed applicant and/or operator complies with the rules and regulations for the operation of bingo in Macon County, or the identity of the proposed applicant.    These interrogatories are similar to the impermissible interrogatories propounded in *Kendrick* in that they seek to require Defendant McGregor require  to state an opinion on other applicants/grantees. They differ, however, in that *Kendrick* grounded the interrogatories to actual applicants while Lucky Palace seeks comments on unnamed, unspecified, purely hypothetical potential applicants. Because Lucky Palace failed to ground these interrogatories in facts stemming from this case, "plaintiffs have not posed proper questions requiring application of law to the facts peculiar to this case to clarify the [party's] legal theories: rather, plaintiffs have posed improper hypothetical factual scenarios

unrelated to the facts here to ascertain answers to pure questions of law. This they cannot do." *Abbott*, 177 F.R.D. at 93.

### III.    Lucky Palace's Interrogatories Are Overly Broad and Vague

Next, as noted in Defendant McGregor's general objections to Lucky Palace's Request for Production, Lucky Palace's interrogatories are overly broad and vague. (Ex. B at ¶ 3.) This Court requires "each and every" interrogatory to be "reasonably particularized." *Guidelines to Civil Discovery Practice in the Middle District of Alabama* IV(D); *see also McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 59 (E.D. Pa. 1979) ("Although an interrogatory which requires formulation of an opinion is not per se impermissible, it must be phrased with particularity.") An interrogatory which requires a party to draw too many opinions about too many factual scenarios is overly broad and vague. *See Evans v. Local Union 2127, Intern. Broth. of Elec. Workers, AFL-CIO*, 313 F.Supp. 1354, 1361 (D.C.Ga. 1969) (finding that plaintiff's interrogatory which asked whether the defendant corporation had "ever hired a white person with less experience than the men he is to supervise, and placed the new white employee in charge of black employees 'of long tenure and experience'" was overly broad and vague since it required the formation of too many opinions on the part of the defendant and would not narrow the issues before the court).

The disputed interrogatories ask Defendant McGregor to form opinions on an unlimited amount of factual scenarios and are not particularized to the facts of this case. To answer interrogatories 4 and 5, Defendant McGregor would have to contemplate whether he personally opposes every applicant or prospective applicant, realized or

unrealized, who seeks or may seek a bingo license in Macon County. Interrogatory 6 inquires into Defendant McGregor's contentions as regards "any other facility/location," and interrogatories 17 and 18 asks whether Defendant McGregor desires to be the only bingo facility in Macon County. None of these interrogatories are tailored to place Defendant McGregor's opinions in relation to any other actual or perspective competitor or any other factual issue. As such, these interrogatories serve no purpose in the litigation of this matter.

## IV.    Lucky Palace's Propounded the Interrogatories for an Improper Purpose

Finally, Lucky Palace propounded the disputed interrogatories for an improper purpose and they are intended to harass the Defendant.  "The manner and scope of discovery must be tailored to some extent to avoid harassment or being oppressive." *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F.Supp.2d 923, 926 -927 (N.D.Ill. 2003). "When the purpose of the discovery is to obtain information for reasons other than the prosecution or defense of the lawsuit, unless vital information is at stake, discovery will be denied in its entirety." *Id.* at 27 (*citing Echostar Communications Co. v. News Corp.*, 180 F.R.D. 391, 395-96 (D.Colo.1998)). Lucky Palace's interrogatories attempt to explore the subjective beliefs, thoughts, and opinions of Defendant McGregor regarding bingo in Macon County. These broad interrogatories into Defendant McGregor's personal, subjective beliefs does not constitute legitimate discovery and are asked  with an improper motive.  Based upon Lucky Palace's previous flyers and mailings in Macon County attacking Defendant McGregor and VictoryLand, Defendant McGregor reasonably expects that any information Lucky Palace gains from these interrogatories will be used to further its political and public media campaigns against Defendant McGregor and his

9

business interests in Macon County. *See id.* (holding plaintiff's broad requests relating to defendant's activities beyond the scope of the present litigation displayed an improper purpose and was aimed to harass the defendant and increase the cost of litigation). Therefore, Lucky Palace's Motion to Compel responses to interrogatories 4, 5, 6, 17, and 18 is due to be denied.

## Interrogatories No. 15 and 16

Unlike the other disputed interrogatories, Interrogatories 15 and 16 attempt to elicit subjective opinions from Defendant McGregor regarding the operation and licensing of bingo in Macon County, Alabama specifically with respect to Plaintiff Lucky Palace. The disputed interrogatories, responses, and supplemental responses are as follows:

> *INTERROGATORY NO. 15: Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC to operate electronic bingo at a facility in Macon County, Alabama?*

**RESPONSE:**    **This Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this Interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing in this proceeding and is clearly designed for use outside this proceeding.**

**DEFENDANT'S SUPPLEMENTAL**
**RESPONSE:**    **At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel. Based upon this clarification, this Defendant renews his objections and response.**

> *INTERROGATORY NO. 16: If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition.*

**RESPONSE:**    **See response to Interrogatory 15.**

10

**DEFENDANT'S SUPPLEMENTAL RESPONSE:**                    **See supplementary response to Interrogatory 15.**

In addition to the reasons stated above, Lucky Palace's Motion to Compel answers to these interrogatories is due to be denied on two grounds. First, they are impermissible because they are not relevant to any issue pending in this action. Second, Lucky Palace propounded these interrogatories for an improper purpose. As more fully detailed above, for a party to obtain discovery the information sought "must appear reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P.* 26(b)(1). Defendant McGregor is sued in his individual capacity. As an individual, his subjective opinions regarding Lucky Palace's licensing attempts has no bearing on the claims Lucky Palace has made and would not lead to the discovery of relevant information or admissible evidence. Moreover, these interrogatories, like those discussed above, were propounded for an improper purpose. Based on these reasons, Lucky Palace's Motion to Compel responses to interrogatories 15 and 16 is due to be denied.

## CONCLUSION

Based on applicable standards of this circuit and for the foregoing reasons, Lucky Palace's Motion to Compel Answers to Interrogatories 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, and 18 is due to be denied.

Respectfully submitted,

                    s/ John M. Bolton, III
                    John M. Bolton, III (ASB-0999-N68J)
                    Charlanna W. Spencer (ASB-6860-R62C)

                    Attorneys for Defendant Milton E. McGregor

11

**OF COUNSEL:**
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone:   (334) 834-7600
Facsimile:    (334) 262-4389
jbolton@hillhillcarter.com
cspencer@hillhillcarter.com

## CERTIFICATE OF SERVICE

     I hereby certify that on March __24__, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Grace L. Kipp, Esq.
Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
J. Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Patricia C. Diak, Esq.
Khristi Doss Driver, Esq.
James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
Gayle L. Douglas, Esq.

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None.

12

s/John M. Bolton, III
John M. Bolton, III (ASB-0999-N68J)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone:   (334) 834-7600
Facsimile:    (334) 262-4389
jbolton@hillhillcarter.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al.,                        )
                                                         )
            PLAINTIFFS,                         )
                                                         )
VS.                                                     )        CIVIL ACTION: CV-06-01113-WKW-WC
                                                         )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY,   )
et al.,                                                   )
                                                         )
            DEFENDANTS.                       )

**PLAINTIFF, LUCKY PALACE, LLC'S, INTERROGATORIES TO
DEFENDANTS, MACON COUNTY GREYHOUND PARK, INC.,
AND MILTON McGREGOR**

COMES NOW the Plaintiff, Lucky Palace, LLC, and pursuant to Rule 33 of the Federal

Rules of Civil Procedure, propounds the following Interrogatories to Defendants, Macon County

Greyhound Park, Inc., and Milton McGregor, to be answered separately and severally by these

Defendants within the time and manner prescribed by law:

**INSTRUCTIONS**

a.        Each Interrogatory seeks information available to the Defendants and their attorneys

or agents, and all persons acting on their behalf. Each Interrogatory shall be deemed to be continuing

in the manner provided by law.

b.        If you claim any form of privilege, whether based on statute or otherwise, as a ground

for not answering an Interrogatory or any part thereof, set forth in complete detail each and every fact

upon which the privilege is based, including sufficient facts for the court to make a full

determination whether the claim of privilege is valid.

c.    If Defendants object to part of an Interrogatory and refuses to answer that part, it should state the objection and answer the remaining portion of that Interrogatory. If Defendants object to the scope or time period of an Interrogatory and refuses to answer or respond for that scope or time period, they should state the objection and answer the Interrogatory for the scope and time period Defendants believe is appropriate.

d.    If any of the following Interrogatories cannot be answered in full after exercising due diligence to obtain the information, Defendants should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in an particular manner, the details of such qualification should be set forth.

## DEFINITIONS

For the purpose of these Interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

a.    "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication: includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits, conferences, facsimiles and e-mails, and electronic data transmissions.

b.    "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

c.    "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-

Case 3:06-cv-01113-V...W-CSC    Document 114    Filed 10/03/2007    Page 3 of 10

identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, e-mails, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

     d.     "Electronic data transmission" and "electronic data transmission" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data, metadata or any other type of electronically transmitted material.

     e.     "Identify" when used in reference to a natural person, shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity

of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

    f.    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

    g.    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

    h.    "You" and "your" shall mean Defendants Macon County Greyhound Park, Inc., and Milton McGregor, or any predecessors, including but not limited to Macon County Greyhound Park, Inc., and Milton McGregor, or any person, entity, agent, or representative acting or purporting to act for or on their behalf.

## INTERROGATORIES

    1.    Has this Defendant been properly designated in the Summons and Complaint (as amended) for purposes of suing or being sued? If not, please set forth your full and proper legal designation.

    2.    Did this Defendant participate in any manner to actively or financially support the proposal and passage of Amendment 744 to the Constitution of Alabama by hiring of lobbyists, consulting firms, or persons, or expenditure of any funds to promote a favorable consideration and/or vote on the Amendment?

    3.    If the answer to the preceding Interrogatory is in the affirmative, please state in detail

what support efforts were undertaken and the amount of money expended by this Defendant prior to passage of the Amendment 744 in support thereof.

4.    Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility at any facility/location other than Victoryland in Macon County, Alabama?

5.    If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition.

6.    Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect? If so, please state in detail the basis for this contention.

7.    Has this Defendant at any time undertaken or hired any other person or entity to undertake an analysis or forecast of what impact the allowance of electronic bingo operations at any facility/location other than Victoryland would have upon this Defendant and/or Macon County?

8.    If the answer to the preceding Interrogatory is in the affirmative, please identify the analysis performed, by whom and its title and date.

9.    Please state the annual gross revenues for electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

10.    Please state the net profit from electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

11.    Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

12.    If the answer to the preceding Interrogatory is in the affirmative, please describe each

and every discussion by identifying the person or persons involved, what was discussed and when.

13.    Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

14.    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

15.    Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC, to operate electronic bingo at a facility/location in Macon County, Alabama?

16.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition.

17.    Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?

18.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire.

19.    Has this Defendant (or any agent or employee) ever made its desire and reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama?

20.    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every occasion such desire and reasons have been made known to these persons and how it was made known.

21.    Does this Defendant concede that it is the interests of the citizens of Macon County, Alabama and the fair administration of licensing that must be paramount in the Rules and

Regulations for Bingo Games in Macon County, Alabama?

22.    If the answer to the preceding Interrogatory is in the negative, please state in detail the reasons for your disagreement with that concept.

23.    Please list all witnesses known to this Defendant to have any information regarding the drafting, consideration, adoption and amendments to the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama.

24.    Please list all attorneys who represented or consulted with this Defendant in making any suggestions, proposals, comments, or review of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama and any amendments thereto.

25.    Does this Defendant contend that it should have any voice to be considered in the manner in which the Sheriff of Macon County, Alabama publishes or administers the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama?

26.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this contention.

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]
Attorney for Lucky Palace, LLC
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:    (205) 326-3336
Fax:       (205) 326-3332
E-mail:    sheninger@hgdlawfirm.com

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred David Gray, Esq.
Fred David Gray Jr., Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:      (334) 269-2563
Facsimile:      (334) 269-2959
E-mail:         fgray@glsmgn.com
                jbibb@glsmgn.com
                fgrayjr@glsmgn.com
                thalia@glsmgn.com

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
Telephone:      (334) 834-5311
Facsimile:      (334) 834-5362
E-mail:         janderson@beersanderson.com
                wshaw@beersanderson.com

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca G. DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD, PC
2025 Third Avenue North Suite 600
Birmingham, AL 35203
Telephone:      (205) 323-1888
Facsimile:      (205) 323-8907
E-mail:         mwhite@waadlaw.com
                adowd@waadlaw.com
                rdepalma@waadlaw.com

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.

-8-

Khristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Telephone:    (205) 251-1000
Facsimile:    (205) 324-1133
E-mail:_____wms@hsy.com
_____pcd@hsy.com
_____pt@hsy.com
_____kdd@hsy.com


John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON & SEFTON PC
PO Box 242127
Montgomery, AL 36124-2127
Telephone:    (334) 532-3400
Facsimile:    (334) 532-3434
E-mail:_____jbolton@sasserlawfirm.com
_____cspencer@sasserlawfirm.com


Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 5203-3329
Telephone:    (205) 986-3620
Facsimile:    (205) 986-3639
E-mail:_____rks@spotswoodllc.com
_____msansbury@spotswoodllc.com


George L. Beck, Jr., Esq.
CAPELL & HOWARD, PC
150 South Perry Street
PO Box 2069
Montgomery, AL 36102-2-69
Telephone:    (334) 241-8002
Facsimile:    (334) 323-8888
E-mail:_____glb@chlaw.com

-9-

/s/ Stephen D. Heninger
STEPHEN D. HENINGER [ASB5227E685]

-10-

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
                                    )
        PLAINTIFFS, )
                                    )
                                    )    CASE NO.: 3:06-cv-01113-WKW-WC
v.                                  )
                                    )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
                                    )
        DEFENDANTS. )

## DEFENDANT MILTON McGREGOR'S RESPONSES TO INTERROGATORIES PROPOUNDED BY PLAINTIFF, LUCKY PALACE, LLC

COMES NOW Milton McGregor, Defendant in the above-styled cause, by and through his counsel of record submits the following responses and objections to Plaintiff, Lucky Palace, LLC's Interrogatories:

## GENERAL OBJECTIONS

1.    The Defendant objects to this discovery to the extent that it seeks information which Defendant is not required to provide by reason of any applicable privilege, including the attorney-client privilege and the privileges for work product and materials prepared in anticipation of litigation.

2.    The Defendant objects to this discovery to the extent that it seeks publicly available information or information previously provided to, otherwise in the possession of, or reasonably available to Plaintiff.

3.    The Defendant objects to this discovery to the extent that it is overly broad,

vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant information or admissible evidence.

4.    The Defendant objects to this discovery to the extent that it seeks confidential or proprietary information.

5.    Any agreement to produce documents responsive to a particular request does not imply that there necessarily exists a non-privileged document or documents responsive to that request.

6.    This Defendant has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses contained herein are based only upon the information and documentation that is presently available to and specifically known to this Defendant. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known information or documentation, or establish additional or new factual conclusions or legal contentions, all of which may result in the modification of these responses. Accordingly, this Defendant reserves the right, but does not assume the obligation, to modify its responses and produce additional evidence, based upon subsequently ascertained or developed information, documentation, facts and/or contentions. These responses should not be construed to prejudice this Defendant's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit this Defendant's right to utilize any additional evidence that may be developed. This Defendant's responses should not be construed as an admission that this Defendant accepts or admits any facts set forth or implied in Plaintiff Lucky Palace's discovery

2

requests. Any supplementation will be made in accordance with the *Federal Rules of Civil Procedure.*

7.    This Defendant objects to the Plaintiff's "Definitions" and "Instructions" to the extent that they attempt to give abnormal meanings to common terms and/or attempt to impose obligations on the Defendant that exceed the scope of discovery allowed under the *Federal Rules of Civil Procedure.*

These objections are made without waiver of all objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose and any further proceedings in this action. These objections are also made without waiver of the right to assert the privilege with respect to any privileged or protected material erroneously produced and the right to amend, revise, correct, supplement, or clarify any of the objections contained herein.

Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant's responses below, the Defendant responds as follows:

## RESPONSES AND OBJECTIONS

1.    Has this Defendant been properly designated in the Summons and Complaint (as amended) for purposes of suing or being sued? If not, please set forth your full and proper legal designation.

**RESPONSE:**    Yes.

2.    Did this Defendant participate in any manner to actively or financially support

3

the proposal and passage of Amendment 744 to the Constitution of Alabama by hiring of lobbyists, consulting firms, or persons, or expenditure of any funds to promote a favorable consideration and/or vote on the amendment?

**RESPONSE:**     This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that, in his personal capacity, he has not undertaken any action and has no information responsive to this interrogatory. Therefore, this Defendant's response is no.

3.     If the answer to the preceding Interrogatory is in the affirmative, please state in detail what support efforts were undertaken and the amount of money expended by this Defendant prior to passage of the Amendment 744 in support thereof.

**RESPONSE:**     See response to Interrogatory 2.

4.     Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland in Macon County, Alabama?

**RESPONSE:**     This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.

5.     If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition.

4

**RESPONSE:**          See response to Interrogatory 4.


6.          Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect? If so, please state in detail the basis for this contention.

**RESPONSE:**          **This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issues in this case.**


7.          Has this Defendant at any time undertaken or hired any other person or entity to undertake an analysis or forecast of what impact the allowance of electronic bingo operations at any facility/location other than Victoryland would have upon this Defendant and/or Macon County?

**RESPONSE:**          **This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding. Without waiving the foregoing general and specific objections, this Defendant states that he has not, in his personal capacity, undertaken any action and has no information responsive to this interrogatory. Therefore, the response is no.**

8.          If the answer to the preceding Interrogatory is in the affirmative, please identify the analysis performed, by whom and its title and date.

5

**RESPONSE:**        See response to Interrogatory 7.

9.    Please state the annual gross revenues for electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, the request by a party that desires to compete with Victoryland improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Finally, this Defendant states that this interrogatory appears to be directed to another Defendant.

10.    Please state the net profit from electronic bingo gaming at Victoryland for the years 2003, 2004, 2005 and 2006.

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, the request by a party that desires to compete with Victoryland improperly seeks commercial, proprietary, trade secret and competitive information the disclosure of which would be harmful to Victoryland and its business. Finally, this Defendant states that this interrogatory appears to be directed to another Defendant.

11.    Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense

asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity he has not met with Fred Gray, Jr. regarding bingo rules and regulations in Macon County.

12.    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

RESPONSE:    See response to Interrogatory 11.

13.    Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

RESPONSE:    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity he has not met with Sheriff Warren regarding bingo rules and regulations in Macon County.

14.    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

RESPONSE:    See response to Interrogatory 13.

7

15.    Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC, to operate electronic bingo at a facility/location in Macon County, Alabama?

RESPONSE:    **This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.**

16.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition.

RESPONSE:    **See response to Interrogatory 15.**

17.    Does this Defendant desire that Victoryland have the only electronic bingo gaming facility in Macon County, Alabama?

RESPONSE:    **This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.**

18.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire?

RESPONSE:    **Not applicable.**

19.    Has this Defendant (or any agent or employee) ever made its desire and

8

reason for having Victoryland as the only electronic bingo gaming facility in Macon County, Alabama, known to Sheriff David Warren and/or any employee of Macon County, Alabama?

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. The question is improperly vague as it rests on improper assumptions.    Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.

20.    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every occasion such desire and reasons have been made known to these persons and how it was made known.

**RESPONSE:**    See response to interrogatory 19.

21.    Does this Defendant concede that it is the interests of the citizens of Macon County, Alabama and the fair administration of licensing that must be paramount in the Rules and Regulations for Bingo Games in Macon County, Alabama?

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issues in this case.

22.    If the answer to the preceding Interrogatory is in the negative, please state

9

in detail the reasons for your disagreement with that concept.

**RESPONSE:**    Not applicable.

23.    Please list all witnesses known to this Defendant to have any information regarding the drafting, consideration, adoption and amendments to the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama.

**RESPONSE:**    **Defendant objects to this request as it prematurely seeks the identification of witnesses. Without waiving any objection, Defendant will follow the requirements of applicable Rules and the Court's Scheduling Order in identifying witnesses.**

24.    Please list all attorneys who represented or consulted with this Defendant in making any suggestions, proposals, comments, or review of the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama and any amendments thereto.

**RESPONSE:**    **This request seeks information that is subject to the attorney-client privilege and is further protected by Rule 1.6 of the Alabama Rules of Professional Conduct. Without waiving the foregoing general and specific objections, this Defendant also states that, in his personal capacity, he has not undertaken any action and has no information responsive to this interrogatory. Therefore, the response is none.**

25.    Does this Defendant contend that it should have any voice to be considered in the manner in which the Sheriff of Macon County, Alabama publishes or administers the Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama?

10

**RESPONSE:**     This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to any issue in this case. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.

26.     If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this contention.

**RESPONSE:**     See response to Interrogatory 25.

**AS TO INTERROGATORY RESPONSES:**

_____

Milton E. Mcgregor

**STATE OF ALABAMA**              )

**COUNTY OF MONTGOMERY**       )

        BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared MILTON E. MCGREGOR, who after being duly sworn, does depose and say on oath that he has examined the responses to the above and foregoing interrogatories, that he is informed and believes that the facts stated therein are true and correct to the best of his knowledge, information and belief, and that he voluntarily affixed his signature thereto.

        SWORN to and SUBSCRIBED before me this the 28th day of November, 2007.

_____
Notary Public
My Commission Expires: 7-28-10

(SEAL)

11

AS TO OBJECTIONS:

*Charlanna W. Spencer*

John M. Bolton, III
Bar Number: ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax: (334) 532.3434
Email:  jbolton@sasserlawfirm.com
cspencer@sasserlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 26th day of November, 2007:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray
& Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

12

Augusta S. Dowd, Esq.
J. Mark White, Esq.
Rebecca DePalma, Esq.
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama  35203

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty,
Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL 36102

Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203

George L. Beck, Jr., Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Al 36102-2068

Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garett, P.A.
P. O. Box 270
Montgomery, AL 36101-0270

John M. Bolton, III
Sasser, Bolton & Sefton, P.C.
P. O. Box 242127
Montgomery, AL 36124-2127
Telephone: (334) 532.3400
Fax:  (334) 532.3434
Email: jbolton@sasserlawfirm.com
Bar Number: ASB-0999-N68J

13

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
 )
 PLAINTIFFS, )
 )
 )
v. )     CASE NO.: 3:06-cv-01113-WKW-WC
 )
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
 )
 DEFENDANTS. )

### DEFENDANT MILTON McGREGOR'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES PROPOUNDED BY PLAINTIFF, LUCKY PALACE, LLC

COMES NOW Milton McGregor, Defendant in the above-styled cause, by and through his counsel of record submits the following supplemental responses and objections to Plaintiff, Lucky Palace, LLC's interrogatory numbers 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, 18 pursuant to Rule 33 of the *Federal Rules of Civil Procedure*:

### GENERAL OBJECTIONS

1.     These supplemental responses are made without waiver of the General Objections set forth in this Defendant's original responses to Lucky Palace's Interrogatories, which are specifically incorporated herein by reference as if set forth fully below.

2.     These supplemental responses are also made without waiver of all objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose and any further proceedings in this action. These supplemental responses are also made without waiver of the right to assert

the privilege with respect to any privileged or protected material erroneously produced and the right to amend, revise, correct, supplement, or clarify any of the objections contained herein.

3.    Subject to and expressly reserving the foregoing general objections and reservations noted above which are hereby expressly incorporated into Defendant's responses below, the Defendant responds as follows:

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

4.    Does this Defendant oppose the issuance of a license/licenses to operate an electronic bingo facility/location other than Victoryland in Macon County, Alabama?

**RESPONSE:**    **This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are simply not relevant to the issues in this case. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.**

**SUPPLEMENTAL RESPONSE:**  **At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel.   Based upon this clarification, this Defendant renews his objections and response.**

5.    If the answer to the preceding Interrogatory is in the affirmative, please state in detail the reason for this opposition.

**RESPONSE:**      **See response to Interrogatory 4.**

2

**SUPPLEMENTAL RESPONSE:**  See supplemental response to Interrogatory 4.

6.    Does this Defendant contend that the operation of electronic bingo at any other facility/location besides Victoryland would be harmful to the citizens of Macon County, Alabama, in any respect?  If so, please state in detail the basis for this contention.

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. This Defendant's subjective opinions are not relevant to the issues in this case.

**SUPPLEMENTAL RESPONSE:**  At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel.  Based upon this clarification, this Defendant renews his objections and response.

11.    Did this Defendant, (or any agent or employee) discuss any proposed or suggested Rules and Regulations for Licensing and Operation by Bingo Facilities in Macon County, Alabama, at any time with Fred Gray, Jr.?

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity he has not met with Fred Gray, Jr. regarding bingo rules and regulations in Macon County.

**SUPPLEMENTAL RESPONSE:**  At the January 2, 2008 conference, Counsel for Lucky Palace clarified that this interrogatory was seeking to determine if this Defendant ever had any "discussions" and not just "meetings" with Fred Gray, Jr. regarding proposed or suggested bingo rules and regulations in Macon County.  Based upon this clarification and without waiving any

3

general or specific objections, this Defendant states that in his personal capacity he has not had any discussions with Fred Gray, Jr. regarding any proposed or suggested bingo rules and regulations in Macon County.

12. If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

**RESPONSE:** See response to Interrogatory 11.

**SUPPLEMENTAL RESPONSE:** See supplemental response to Interrogatory 11.

13. Did this Defendant (or any agent or employee) discuss any proposed or suggested Rules and Regulations for licensing/operation of bingo facilities in Macon County, Alabama, at any time with Sheriff David Warren or any employee of Macon County, Alabama?

**RESPONSE:** This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Without waiving the foregoing general and specific objections, this Defendant states that in his personal capacity he has not met with Sheriff Warren regarding bingo rules and regulations in Macon County.

**SUPPLEMENTAL RESPONSE:** At the January 2, 2008 conference, Counsel for Lucky Palace clarified that this interrogatory was seeking to determine if this Defendant ever had any "discussions" and not just "meetings" with Sheriff Warren regarding proposed or suggested bingo rules and regulations in Macon County. Based upon this clarification and without waiving any general or specific objections, this Defendant states that in his personal capacity he has not had any discussions with Sheriff Warren regarding any

4

proposed or suggested bingo rules and regulations in Macon County.

14.    If the answer to the preceding Interrogatory is in the affirmative, please describe each and every discussion by identifying the person or persons involved, what was discussed and when.

**RESPONSE:**    See response to Interrogatory 13.

**SUPPLEMENTAL RESPONSE:**  See supplemental response to Interrogatory 13.

15.    Does this Defendant oppose the licensing of the Plaintiff charities and Lucky Palace, LLC, to operate electronic bingo at a facility/location in Macon County, Alabama?

**RESPONSE:**    **This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.**

**SUPPLEMENTAL RESPONSE: At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel.  Based upon this clarification, this Defendant renews his objections and response.**

16.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this opposition.

**RESPONSE:**    See response to Interrogatory 15.

**SUPPLEMENTAL RESPONSE: See supplemental response to Interrogatory 15.**

17.    Does this Defendant desire that Victoryland have the only electronic bingo

5

gaming facility in Macon County, Alabama?

**RESPONSE:**    This Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense asserted in the pending litigation and is not reasonably calculated to lead to the discovery of any relevant information. Further, this interrogatory is oppressive, vexatious and filed for an improper purpose, as it has no bearing on this proceeding and is clearly designed for use outside this proceeding.

**SUPPLEMENTAL RESPONSE:** At the January 2, 2008 conference, Counsel for Lucky Palace stood by the arguments made in Lucky Palace's December 13, 2007 Motion to Compel.  Based upon this clarification, this Defendant renews his objections and response.

18.    If the answer to the preceding Interrogatory is in the affirmative, please state each and every reason for this desire?

**RESPONSE:**    Not applicable.

**SUPPLEMENTAL RESPONSE:**  See supplemental response to Interrogatory 17.


**AS TO OBJECTIONS:**

*Charlanna W. Spencer*

John M. Bolton, III
Bar Number:  ASB-0999-N68J
Charlanna W. Spencer
Bar Number: ASB-6860-R62C
Attorneys for Defendant Milton McGregor
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 834.7600
Fax:  (334) 262.4389
Email: jbolton@hillhillcarter.com
           cspencer@hillhillcarter.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the __22nd__ day of January, 2008:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Spotswood, Sansom & Sansbury, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
Gray, Langford, Sapp, McGowan, Gray
& Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter J. Tepley, Esq.
Khristi Doss Driver, Esq.
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203

Augusta S. Dowd, Esq.
J. Mark White, Esq.
Rebecca DePalma, Esq.
White Arnold Andrews & Dowd P.C.
2025 Third Avenue North
Suite 600
Birmingham, Alabama  35203

James H. Anderson, Esq.
Ryan Wesley Shaw, Esq.
Beers, Anderson, Jackson, Patty,
Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL 36102

Stephen D. Heninger, Esq.

7

W. Lewis Garrison, Jr., Esq.
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203

George L. Beck, Jr., Esq.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Al 36102-2068

Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101-0270

*Charlanna Spencer*

Charlanna W. Spencer
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 834.7600
Fax:  (334) 262.4389
Email: cspencer@hillhillcarter.com
Bar Number: ASB-6860-R62C

8