IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

HOPE FOR FAMILIES & COMMUNITY )
SERVICES, INC., et al., )
)
    PLAINTIFFS, )
)
v. )  CASE NO.: 3:06-cv-01113-WKW-WC
)
DAVID WARREN, in his Official Capacity )
as the SHERIFF OF MACON COUNTY, )
et al., )
)
    DEFENDANTS. )

### DEFENDANT MILTON McGREGOR'S SURREPLY TO PLAINTIFF CHARITIES' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

COMES NOW Milton McGregor ("McGregor"), Defendant in the above-styled cause, by and through his counsel of record, and files this surreply to Plaintiff Charities' Reply in Support of Plaintiffs' Motion to Compel Production of Documents and Things (Doc. #122). In support of this surreply, Defendant would show unto this Court as follows:

The Plaintiff Charities raised two new arguments in their Reply. This surreply is limited to those arguments. In support of their Motion to Compel, Plaintiffs now argue that they are entitled to compel the production of **VictoryLand's** confidential, proprietary corporate and financial documents through discovery requests propounded to **Defendant McGregor** based upon their claims that: (1) Defendant McGregor is "entitled to" certain financial information in his capacity as president of VictoryLand, and (2) a corporation is required to provide certain financial information to its shareholders each year and permit inspection upon demand. (Doc. #122 at pg 4.) Defendant McGregor has been sued in his individual capacity and the Plaintiff Charities have not sought the requested financial

documents directly from VictoryLand, a party defendant in this action.

As an initial matter, Defendant McGregor adopts and reasserts all arguments made in his Response (Doc. # 117). Specifically, Defendant maintains that the requested documents are corporate documents which Plaintiffs cannot compel him to produce. Defendant McGregor also states that the corporate documents are confidential and proprietary and constitute trade secrets, the documents are not relevant to any issue pending in this action, and that the specific dangers of disclosing confidential, proprietary, and commercially sensitive information to direct competitors are not alleviated by a protective order.

### A. *ALA. CODE* § 10-2B-8.42 DOES NOT STAND FOR THE PROPOSITION FOR WHICH PLAINTIFFS HAVE CITED IT.

The Plaintiff Charities assert in their Reply that Defendant McGregor, as president and majority shareholder of VictoryLand, is "entitled to certain information" based upon *Ala. Code* § 10-2B-8.42. (Pls. Reply in Support of Mot. to Compel ¶ 9 (Doc. # 122) (hereinafter "Reply")). As a result, they argue, Defendant McGregor should be compelled to produce the requested documents even though he has only been sued in his individual capacity. (Reply ¶ 9.) Plaintiffs' assertion misrepresents the plain language and the intent of the section. Section 10-2B-8.42 is a codification of the business judgment rule. *Ala. Code* § 10-2B-8.42. The actual text of section 10-2B-8.42 states that an officer of a corporation **"is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data"** if the reliance is reasonable and the information is prepared by officers or agents of the corporation. *Ala. Code* § 10-2B-8.42 (emphasis added). This section and its common law predecessors shield corporate officials

-2-

from liability for their decisions when those decisions are made in good faith and based upon reasonable reliance on documents prepared by others. *Baldwin County Elec. Membership Corp. v. Catrett*, 942 So.2d 337, 348 (Ala. 2006) ("'The business judgment rule. . . generally insulates the acts of directors done in good faith and with sound business judgment from interference by the courts.'" (internal quotation omitted)) Contrary to Plaintiffs' selective quotation from section 10-2B-8.42, that section **does not** provide a basis for Defendant McGregor to demand production of corporate documents. More importantly, it also does not provide Plaintiffs with a basis to compel production of corporate documents from an individual.

### B.  DEFENDANT MCGREGOR'S STATUTORY RIGHT TO INSPECT CORPORATE DOCUMENTS DOES NOT PROVIDE A BASIS FOR COMPELLING DISCOVERY OF THOSE CORPORATE DOCUMENTS.

Plaintiffs next argue that they are entitled to discovery because Defendant McGregor has "legal access" to the documents in his capacity as a shareholder. Specifically, Plaintiffs claim that Defendant McGregor should be compelled to produce VictoryLand's corporate documents because "a corporation is required to provide financial information to its shareholders each year, Ala. Code § 10-2B-16.20(a), and make other information available for inspection upon demand, Ala. Code § 10-2B-16.02(a)." (Reply at ¶ 9.) It is true that a corporation must provide "annual financial statements . . . that include a balance sheet as of the end of the fiscal year, an income statement for that year, and a statement of changes in shareholders' equity for the year unless that information appears

elsewhere in the financial statements."[1]

However, the purpose of section 10-2B-16.20(a) is to permit a shareholder to inspect the books and records of the corporation so long as a proper purpose exists. *Lipman v. National Medical Waste, Inc.*, 1992 WL 97218, * 1 (Del. Ch. May, 4, 1992); *see also Smith v. Flynn*, 155 So.2d 497, 503-04 (Ala. 1963) ("To permit a stockholder his legal right to examine the records of a corporation of which he is part owner, involves no complicated determination. If his purpose is improper, the company officials can refuse such examination, for reasonable cause.") Proper purposes include, but are not limited to, "inquiries into: misuse of corporate funds, the abuse of corporate office, the diversion of corporate assets to the personal benefit of any officer, director, employee or stockholder, and the favoring of certain customers . . . because of their personal connections with the officers or directors." *Miles v. Bank of Heflin*, 328 So.2d 281, 288-89 (Ala. 1975). Provisions which permit shareholders to inspect the books and records of a corporation are "not a substitute for discovery in civil actions." *Lipman v. National Medical Waste, Inc.*, 1992 WL 97218, * 1 (Del. Ch. May, 4, 1992); *see Hillman v. Douglas Engineering Co., Inc.*, 702 So.2d 156, 159 (Ala. Civ. App. 1997) (finding that between rights of inspection as a shareholder and as a litigant involved in pretrial discovery the "two sets of rights are fundamentally different").

In the present matter, Plaintiffs attempt to use provisions intended for internal corporate governance as tools of discovery to obtain proprietary, confidential financial and

---

[1] It should be noted that the information Plaintiffs seek to compel includes all documents "that reflect or relate to the revenue of VictoryLand including but not limited to financial statements, balance sheets, bank statements, profit reports and income and expense report" and is far more information than is required to be sent to shareholders under § 10-2B-16.20(a).

corporate documents from VictoryLand and deliver them into the hands of a competitor. Since such a request would constitute an improper purpose, namely use by a potential competitor in litigation and for future business purposes, Defendant McGregor would not be entitled to inspect and obtain copies of VictoryLand's confidential, proprietary financial and corporate documents. Therefore, Plaintiffs' reliance on *Ala. Code* §§ 10-2B-16.20 (a) and 10-2B-16.02(a) is misplaced.

### C. PLAINTIFFS HAVE NOT SOUGHT TO OBTAIN VICTORYLAND'S CORPORATE DOCUMENTS FROM VICTORYLAND

Finally, Plaintiffs contend that *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130 (2d Cir. 2007), supports their argument that "Defendant McGregor has a legal right to the requested information." (Reply ¶ 9.) Plaintiffs argue that "[i]f a party has access and the practical ability to possess documents not available to the party seeking them, production may be required." (*Id.*) *Da Capo* does not support Plaintiffs' position since the Plaintiff Charities have not demonstrated that the documents are "not available to the party seeking them." Plaintiff Charities seek Defendant VictoryLand's corporate documents from Defendant McGregor. However, the Plaintiff Charities have not tried to obtain the corporate documents directly from VictoryLand. In this case, VictoryLand is not only under this Court's jurisdiction, but it is also a party defendant in this case. Plaintiffs are capable of serving requests for production on VictoryLand for its corporate documents and VictoryLand is the proper party to either object to or comply with such requests.

WHEREFORE, above premises considered, and for the reasons stated in Defendant McGregor's Response (Doc. #117), Plaintiffs' Motion to Compel Production of Documents and Things is due to be denied.

Respectfully submitted,

s/John M. Bolton, III

John M. Bolton, III (ASB-0999-N68J)
Charlanna W. Spencer (ASB-6860-R62C)

Attorneys for Defendant Milton E. McGregor

**OF COUNSEL:**
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone:   (334) 834-7600
Facsimile:    (334) 262-4389
jbolton@hillhillcarter.com
cspencer@hillhillcarter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March  24 , 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Grace L. Kipp, Esq.
Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
J. Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
William M. Slaughter, Esq.
Peter J. Tepley, Esq.
Patricia C. Diak, Esq.
Khristi Doss Driver, Esq.
James H. Anderson, Esq.

Ryan Wesley Shaw, Esq.
Stephen D. Heninger, Esq.
W. Lewis Garrison, Jr., Esq.
Gayle L. Douglas, Esq.

And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/John M. Bolton, III
John M. Bolton, III (ASB-0999-N68J)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 S. Perry Street
Montgomery, AL 36104
Telephone:   (334) 834-7600
Facsimile:   (334) 262-4389
jbolton@hillhillcarter.com