IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:06-cv-01113-WKW-WC ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) ) |

## REPORT OF PARTIES' PLANNING MEETING

1. **Appearances.** Pursuant to this Court's order, a telephone conference was held on Friday, March 21, 2008, and was attended by:

   Michael T. Sansbury
   SPOTSWOOD SANSOM & SANSBURY LLC
   *One of the Attorneys for the Plaintiff Charities*

   Stephen D. Heninger
   Gayle Douglas
   HENINGER GARRISON DAVIS LLC
   *Two of the Attorneys for Plaintiff Lucky Palace LLC*

   James H. Anderson
   Ryan Wesley Shaw
   BEERS ANDERSON JACKSON PATTY & FAWAL PC
   *Two of the Attorneys for Defendant David Warren*

   Fred David Gray Jr.
   GRAY LANGFORD SAPP MCGOWAN GRAY GRAY & NATHANSON PC
   *One of the Attorneys for Defendant David Warren*

   Peter John Tepley
   HASKELL SLAUGHTER YOUNG & REDIKER LLC
   *One of the Attorneys for Defendant Macon County Greyhound Park, Inc.*

J. Mark White
Rebecca G. DePalma
Hope Marshall
WHITE ARNOLD & DOWD P.C.
*Three of the Attorneys for Defendant Macon County Greyhound Park, Inc.*

John M. Bolton III
HILL HILL CARTER FRANCO COLE & BLACK PC
*One of the Attorneys for Defendant Milton McGregor*

2. **Pre-Discovery Disclosures.** All of the parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

3. **Discovery Plan.** The parties propose to the court the following discovery plan:

   a. Plaintiffs propose discovery will be needed on the following subjects:

      1. Information regarding the assets, liabilities, and income of David Warren, Pebblin W. Warren, or any entity in which either or both of them have an interest.
      2. Information regarding the derivation of the assets of David Warren, Pebblin W. Warren, or any entity in which either or both of them have an interest.
      3. Information regarding the sources of David Warren's income, Pebblin W. Warren's income, or the income of any entity in which either or both of them have an interest.
      4. Information regarding the history and purposes of bingo regulations pertaining to Macon County, Alabama.
      5. Information pertaining to the licensing (or denial of licensing) of any bingo parlor or other gaming establishment in Macon County, Alabama, including Macon County Greyhound Park, Inc. (hereinafter "VictoryLand").
      6. Information pertaining to the licensing (or denial of licensing) of any charity for the conduct of bingo in Macon County, Alabama, including VictoryLand.
      7. Information pertaining to benefits of any kind provided by VictoryLand, Milton McGregor, or any related persons or entities to any charity in Macon County.
      8. Information pertaining to any relationship between, on one hand, VictoryLand, Milton McGregor, or any related persons or entities and, on the other hand, David Warren, Pebblin W. Warren, the Gray Law Firm, Fred D. Gray, or Fred D. Gray Jr.
      9. Information pertaining to any communications between, on one hand, VictoryLand, Milton McGregor, or any related persons or entities and, on the other hand, David Warren, Pebblin W. Warren, the Gray Law Firm, Fred D. Gray, or Fred D. Gray Jr. regarding electronic bingo.

2

        10. Information pertaining to benefits of any kind provided by VictoryLand, Milton McGregor, or any related persons or entities to David Warren, Pebblin W. Warren, the Gray Law Firm, Fred D. Gray, or Fred D. Gray Jr., or any related persons or entities.

        11. Information pertaining to financial ties between Fred D. Gray and Fred D. Gray Jr.

        12. Information pertaining to the distribution of the income of the Gray Law Firm.

        13. Information pertaining to the financing of any election campaign by David Warren or Pebblin W. Warren.

        14. Financial information pertaining to VictoryLand, including income, costs, and profits associated with electronic bingo.

        15. All other information pertaining to the Defendant's defenses.

b. The Defendants oppose discovery in the areas identified by Plaintiffs in paragraph 3.a. Defendants contend that the areas identified by Plaintiffs for discovery will be the subject of great dispute and involve matters relating not only to standard discovery disputes but also to attorney client privilege, the work product doctrine, client confidentiality, trade secrets and proprietary information. Defendants anticipate that resolution of these matters will require involvement of the Court. These disputes will take time to brief and resolve. For this reason, among others (including the possibility of 100 depositions being taken), Defendants believe that the trial setting proposed by the Plaintiffs is unrealistic and unworkable.

c. The Defendants assert that discovery will be needed on the following subjects:

        1. All parties' claims and defenses and the matters raised in the pleadings, within the parameters established by the Federal Rules, the Local Rules of the Middle District of Alabama, the Alabama Rules of Professional Conduct and rules and obligations governing lawyers who practice within the Middle District.

d. The parties anticipate that they will likely be requested to disclose or produce information from electronic or computer-based media. Such disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, except that the parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. That data will be produced in electronic format on compact discs or a similar medium if agreed to by the parties.

e. The parties have agreed to comply with Rule 26(b)(5)(B) regarding claims of privilege or of protection as trial-preparation material asserted after production.

f. **Number of Interrogatories:** There will be a maximum of 40 interrogatories by each party to any other party. The responses will be due 30 days after service.

g. **Number of Requests for Admission:** There will be a maximum of 25 requests for admission by each party to any other party, except for requests for admission regarding the authenticity of documents. Requests for admission regarding the authenticity of documents will be unlimited. Responses will be due 30 days after service.

h. **Number of Depositions:** There will be a maximum of 50 depositions by the Plaintiffs and 50 depositions by the Defendants.

i. The parties agree that each deposition will be limited to a maximum of seven (7) hours unless extended by agreement of the parties. The Plaintiffs propose that the depositions of Defendants McGregor and VictoryLand be limited to a maximum of fourteen (14) hours each. The Defendants strenuously oppose the Plaintiffs' proposal attempting to extend the depositions of Defendants McGregor and VictoryLand.

j. The parties disagree regarding the following issues:

   1. Plaintiffs propose: All discovery will be commenced in time to be completed by September 26, 2008.

      Defendants propose: All discovery will be commenced in time to be completed by August 14, 2009.

   2. Plaintiffs propose: Reports from Plaintiffs' experts under Rule 26(a)(2) will be due June 23, 2008. Reports from Defendants' experts under Rule 26(a)(2) will be due July 23, 2008. Reports from any rebuttal experts will be due by August 25, 2008.

      Defendants propose: Reports from Plaintiffs' experts under Rule 26(a)(2) will be due May 25, 2009. Reports from Defendants' experts under Rule 26(a)(2) will be due June 25, 2009.

   3. Plaintiffs propose: Any supplementations to disclosures or discovery responses not already seasonably provided under Rule 26(e) will be due no later than September 26, 2008. The parties do not intend this provision to relieve them of any duties to supplement seasonably under Rule 26(e).

      Defendants propose: Any supplementations to disclosures or discovery responses not already seasonably provided under Rule 26(e) will be due no later than August 14, 2009. The parties do not intend this provision to relieve them of any duties to supplement seasonably under Rule 26(e).

4

4.  **Other items.**

    a.  **Scheduling Conference**
        The parties request a scheduling conference with the Court.

    b.  **Pretrial Conference**
        The Plaintiffs request that the pretrial conference be scheduled for October 24, 2008.

        The Defendants request that the pretrial conference be scheduled for August 21, 2009.

    c.  **Additional Parties, Claims and Defenses**
        Plaintiffs propose: The parties must join additional parties by May 1, 2008.

        Defendants propose: Plaintiffs have exhausted their opportunities to amend pleadings and add parties, in that Plaintiffs have already filed a Complaint, Amended Complaint, Second Amended Complaint, Third Amended Complaint and Fourth Amended Complaint. Plaintiffs have added a new Plaintiff, multiple Defendants, a RICO cause of action and new tort theories through these pleadings. Accordingly, Plaintiffs' time to file amendments or add parties should be deemed expired. Defendants propose that Defendants' deadline to add parties and amend the pleadings shall be May 12, 2008.

    d.  **Dispositive Motions**
        Plaintiffs propose: All potentially dispositive motions should be filed by June 23, 2008.

        Defendants propose: All potentially dispositive motions should be filed by May 25, 2009.

    e.  **Settlement**
        Settlement and the possibility of mediation cannot be evaluated until some discovery is complete; however, Defendants believe that settlement of this matter is unlikely.

    f.  **Trial Evidence**
        The final list of witnesses and trial evidence under Rule 26(a)(3) should be due 30 days before trial. The parties should have 14 days after service to list objections under Rule 26(a)(3).

        Plaintiffs propose that deposition designations be submitted October 17, 2008. Plaintiffs propose that objections and counter designations be submitted October 24, 2008. Plaintiffs proposed that rebuttal designations and objections be submitted October 29, 2008.

Defendants propose that deposition designations be submitted August 27, 2009. Defendants propose that objections and counter designations be submitted September 3, 2009. Defendants proposed that rebuttal designations and objections be submitted September 9, 2009.

g. **Trial Date**

The Plaintiffs request that this case be scheduled for trial on November 3, 2008.

The Defendants request that this case be scheduled for trial on October 5, 2009.

The parties believe that this case will take approximately two weeks of trial time.

h. **Voir Dire, Motions in Limine, Jury Instructions**
Voir dire questions, motions in limine and jury instructions should be due 14 days before trial.

DATED: March 24, 2008.

s/ Michael T. Sansbury
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203-3329
TEL:    (205) 986-3620
FAX:   (205) 986-3639
E-mail:      rks@spotswoodllc.com
             msansbury@spotswoodllc.com

*Attorneys for the Plaintiff Charities*

s/ Stephen D. Heninger
Stephen D. Heninger (HEN 007)
W. Lewis Garrison Jr. (GAR 008)
Gayle L. Douglas (DOU 012)
HENINGER GARRISON DAVIS LLC
2224 1st Avenue North
Birmingham, Alabama 35203
E-mail:      steve@hgdlawfirm.com
             lewis@hgdlawfirm.com
             gdouglas@hgdlawfirm.com

*Attorneys for the Plaintiff Lucky Palace LLC*

6

s/ James H. Anderson
James H. Anderson (AND 021)
Ryan Wesley Shaw (SHA 071)
BEERS ANDERSON JACKSON PATTY & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
E-mail:   janderson@beersanderson.com
          wshaw@beersanderson.com

Fred D. Gray (GRA 022)
Fred D. Gray, Jr. (GRA 044)
GRAY LANGFORD SAPP MCGOWAN GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
TEL:  (334) 727-4830
FAX:  (334) 727-5877
E-mail:   fgray@glsmgn.com
          fgrayjr@glsmgn.com

*Attorneys for Defendant Warren*


s/ John Mark White
John Mark White (ASB-5029-H66J)
Augusta S. Dowd (ASB-5274-D58A)
Rebecca G. DePalma (ASB-4105-D57R)
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue, North
Suite 500
Birmingham, AL 35203
E-mail:   mwhite@waadlaw.com
          adowd@waadlaw.com
          rdepalma@waadlaw.com

William M. Slaughter (ASB-8283-R67W)
Patricia C. Diak (ASB-9243-K64P)
Peter John Tepley (ASB-1112-T46P)
Khristi Doss Driver (ASB-2719-I71F)
HASKELL SLAUGHTER YOUNG & REDIKER LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

7

E-mail:  wms@hsy.com
pcd@hsy.com
pt@hsy.com
kdd@hsy.com

*Attorneys for Defendant Macon County Greyhound Park, Inc.*

s/ John M. Bolton III
John M. Bolton III (ASB-0999-N68J)
Charlanna White Spencer (ASB-6860-R62C)
Hill Hill Carter Franco Cole & Black P.C.
425 S. Perry Street
Montgomery, AL 36104
E-mail:  jbolton@hillhillcarter.com
cspencer@hillhillcarter.com

*Attorneys for Defendant McGregor*