IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 3:06-cv-01113-WKW-csc<br>) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT'S SUPPLEMENTAL BRIEF OF LAW SPECIFICALLY DEFINING PRIVILEGE RELIED UPON IN DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 1.1.2 of the Guidelines for Civil Discovery Practice in the Middle District of Alabama Defendant, Macon County Greyhound Park, Inc. d/b/a Victoryland ("Victoryland"), files the following brief of law specifically defining the privilege relied upon in its Response to Plaintiffs' Motion to Compel Production of Documents and Things (Doc. #106).

### I. Summary of the Law

Victoryland asserts the attorney-client privilege as to the documents listed in its Privilege Log, attached as Exh. "A". Rule 501 of the Federal Rules of Evidence states that privileges shall be governed by the "principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *In re Grand Jury Proceedings* 88-9 (MIA), 899 F.2d 1039 (11th Cir. 1990) sets forth the elements of an attorney client privilege as:

1

1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Alabama law regarding the attorney-client privilege is embodied by Rule 502 of the Alabama Rules of Evidence. As stated in the Advisory Committee Notes to Rule 502, Alabama's attorney-client privilege originally was created by common law, which subsequently was embodied in Ala. Code 1975, § 12-21-161. Rule 502 is intended to embody the same privilege as set out in this former case law and statutory law. *See McClary v. Walsh*, 202 F.R.D. 286 (N.D. Ala. 2000). Rule 502(b) states:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client, (1) between the client or a representative of the client and the client's attorney or a representative of the attorney, or (2) between the attorney and a representative of the attorney, (3) by the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or representative of an attorney of another party concerning a matter of common interest, (4) between representatives of the client and between the client and a representative of the client resulting from the specific request of, or at the express direction of, an attorney, or (5) among attorneys and their representatives representing the same client.

*McClary*, 202 F.R.D. at 290.

In *Richards v. Lennox Industries, Inc.*, 574 So.2d 736 (Ala. 1991), the Alabama Supreme Court states that an attorney-client privilege exists: "(1) Where legal advice of any kind is sought; (2) From a professional legal advisor in his capacity as such; (3) The communications relating to that purpose; (4) Made in confidence; (5) By the client; (6) Are at his instance

permanently protected; (7) From disclosure by himself or by the legal advisor; (8) Except the protection may be waived." Per Alabama case law, "[t]he term 'communication' imports not only words uttered, but information conveyed by other means. Acts as well as words fall within that privilege." *Richards,* 574 So.2d at 739 (citing *Cooper v. Mann,* 273 Ala. 620, 143 So.2d 637 (1962)).

Although the burden of establishing the privilege and showing that the admission of the privileged information into evidence will be prejudicial rests with the party objecting to the disclosure of the communication, whether a communication is privileged is a matter solely for the court to determine. In order to determine whether a communication is protected by the attorney-client privilege, the trial court must determine whether the communication was made "professionally", which is a question of fact for the trial court. *Richards,* 574 So.2d at 739. The objecting party may show to the court "the relationship of attorney and client and other facts which would tend to show his claim of privileged communication." *Harris v. State,* 202 So. 2d 868, 871 (Ala. 1968). Once the trial court determines that a communication was made professionally, the court then determines whether, as a matter of law, the attorney-client privilege may be invoked. *Richards,* 574 So.2d at 739.

In addition to the attorney-client privilege asserted above, Victoryland states that Rule 1.6 of the Alabama Rules of Professional Conduct, entitled "Confidentiality of Information," prohibits disclosure of information relating to the representation of a client without the client's consent. This Rule is <u>separate from and in addition to</u> the attorney-client privilege and the work product doctrine and should not be confused with either. *See* Comment to A.R.P.C . 1.6 ("The principle of confidentiality is given effect in two related bodies of law, the attorney-client

3

privilege (which includes the work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics.").

Rule 1.6 prohibits a lawyer from revealing information relating to the representation of a client without the client's consent, which consent has not been given in this case. There are only two exceptions to this prohibition, neither of which apply in this situation: (1) to prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

Furthermore, the comment to Rule 1.6 states that "[t]he confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law."

Victoryland asserts that the attorney client privilege as well as Rule 1.6 prohibits disclosure of the documents on its Privilege Log and the document referenced in the Affidavit of Khristi Driver (Doc. #118, Attachment #1, Exhibit A).

## II. Law Applied to Privileged Documents

### Victoryland Privilege Document Numbers 1, 2, 6, 7, 8, and 13

Victoryland Privilege Document Numbers 1, 2, 6, 7, 8, and 13 are faxes between counsel and the client relating to confidential legal advice sought by the client from counsel acting in its capacity as such and are thereby protected pursuant to the attorney client privilege and Rule 1.6 of the Rules of Professional Conduct.

### Victoryland Privilege Document Numbers 4, 10, 24, 25, 26, and 27

Victoryland Privilege Document Numbers 4, 10, 24, 25, 26, and 27 are attorney notes, information and/or summaries relating to confidential legal advice sought by the client from counsel acting in its capacity as such and are thereby protected pursuant to the attorney client privilege and Rule 1.6 of the Rules of Professional Conduct.

### Victoryland Privilege Document Numbers 3, 9, 11, 15, and 19

Victoryland Privilege Document Numbers 3, 9, 11, 15, and 19 are e-mails from counsel to the client and/or co-counsel relating to confidential legal advice sought by the client from counsel acting in its capacity as such and are thereby protected pursuant to the attorney client privilege and Rule 1.6 of the Rules of Professional Conduct.

### Victoryland Privilege Document Numbers 5, 16, 28, and 29

Victoryland Privilege Document Numbers 5, 16, 28, and 29 are correspondence from counsel to the client and/or co-counsel relating to confidential legal advice sought by the client from counsel acting in its capacity as such and are thereby protected pursuant to the attorney client privilege and Rule 1.6 of the Rules of Professional Conduct.

### Victoryland Privilege Document Numbers 14, 17, 18, 20, 21, 22, and 23

Victoryland Privilege Document Numbers 14, 17, 18, 20, 21, 22, and 23 are legislative documents and a draft resolution prepared by counsel relating to confidential legal advice sought by the client from counsel acting in its capacity as such and are thereby protected pursuant to the attorney client privilege and Rule 1.6 of the Rules of Professional Conduct.

Based on the foregoing facts and circumstances in the present case, the documents listed on the Victoryland's privilege log are protected by the attorney-client privilege and Rule 1.6 of

the Alabama Rules of Professional Conduct and therefore should not be produced to the Plaintiffs.

                Respectfully submitted,

                /s/ Augusta S. Dowd
                J. Mark White (ASB-5029-H66J)
                Augusta S. Dowd (ASB-5274-D58A)
                Rebecca G. DePalma (ASB-4105-D57R)
                Attorneys for Defendant
                Macon County Greyhound Park, Inc.
                d/b/a Victoryland

**OF COUNSEL:**
**White Arnold & Dowd P.C.**
2025 Third Avenue North
Suite 600
Birmingham, Alabama 35203
Tel:  (205) 323-1888
Fax:  (205) 323-8907
E-mail:  jmarkwhite@waadlaw.com
E-mail:  adowd@waadlaw.com
E-mail:  rdepalma@waadlaw.com


William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Khristi Doss Driver, Esq.
Peter J. Tepley, Esq.
**HASKELL SLAUGHTER YOUNG & REDIKER, LLC**
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
E-mail:  wms@hsy.com
E-mail:  pcd@hsy.com
E-mail:  kdd@hsy.com
E-mail:  pt@hsy.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
Grace Long Kipp, Esq.
**Spotswood, Sansom & Sansbury, LLC**
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
E-mail:  rks@spotswoodllc.com
E-mail:  msansbury@spotswoodllc.com
E-mail:  gkipp@spotswoodllc.com

Fred Gray
Fred Gray, Jr.
**Gray, Langford, Sapp, McGowan, Gray & Nathanson**
P.O. Box 830239
Tuskegee, AL 36083-0239
E-mail:  fgray@glsmgn.com
E-mail:  fgrayjr@glsmgn.com

James H. Anderson
Ryan Wesley Shaw
**Beers Anderson Jackson Patty & Fawal PC**
P.O. Box 1988
Montgomery, AL  36102
E-mail:  janderson@beersanderson.com
E-mail:  wshaw@beersanderson.com

John M. Bolton, III
Charlanna W. Spencer (ASB-6860-R62C)
**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
E-mail: jbolton@hillhillcarter.com
E-mail: cspencer@hillhillcarter.com

W. Lewis Garrison
Stephen D. Heninger
Gayle Douglas
**Heninger Garrison Davis, L.L.C.**
2224 1st Avenue North
Birmingham, AL 35203
E-mail:  wlgarrison@hgdlawfirm.com
E-mail:  steve@hgdlawfirm.com
E-mail:  gdouglas@hgdlawfirm.com

George Beck, Jr.
**Capell & Howard, P.C.**
P.O. Box 2069
Montgomery, Alabama 36102-2069
E-mail:  glb@chlaw.com

Ronald G. Davenport
**Rushton, Stakely, Johnston & Garrett**
184 Commerce Street
P.O. Box 270
Montgomery, Alabama 36101
E-mail:  rgd@rsjg.com

/s/ Augusta S. Dowd.
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE FOR FAMILIES & )
COMMUNITY SERVICES, )
INC., et al., )
    Plaintiffs, )
    v. ) Case No.: 3:06-cv-01113-WKW-csc
DAVID WARREN, in his Official )
Capacity as the SHERIFF OF )
MACON COUNTY, et al., )
    Defendants. )

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) ) ) |
| DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al., | ) ) ) ) ) |
| Defendants. | ) |

Case No.: 3:06-cv-01113-WKW-csc

## DEFENDANT MACON COUNTY GREYHOUND PARK, INC.'S SUPPLEMENTAL PRIVILEGE LOG

| MCGP Privilege Doc. No. | Document Date | Description of Document | Privilege |
|---|---|---|---|
| 1 | January 4, 2007 | Fax to client from counsel enclosing pages of complaint with handwritten notes. | (Attorney Client Privilege) |
| 2 | Dec. 19, 2006 | Fax to client from counsel enclosing complaint with handwritten notes. | (Attorney Client Privilege) |
| 3 | Dec. 21, 2004 | Email from counsel to client and co-counsel regarding Bingo Rules and Regulations. | (Attorney Client Privilege) |
| 4 | Date unknown (DUK) | Attorney notes regarding Bingo Rules and Regulations. | (Attorney Client Privilege) |
| 5 | Nov. 2, 2004 | Correspondence between counsel and consulting counsel regarding legal opinion. | (Attorney Client Privilege) |
| 6 | Sept. 29, 2004 | Fax to client from counsel regarding Gaming. (2 copies) | (Attorney Client Privilege) |

1

| 7 | Sept. 28, 2004 | Fax from counsel regarding "Bingo Operations and Lease Agreement." | (Attorney Client Privilege) |
|---|---|---|---|
| 8 | April 8, 2004 | Fax from counsel to client regarding Bingo Rules and Regulations. | (Attorney Client Privilege) |
| 9 | June 3, 2004 | E-mail from counsel to co-counsel and client regarding Bingo Operations and Lease Agreements. | (Attorney Client Privilege) |
| 10 | DUK | Bingo information provided by counsel. | (Attorney Client Privilege) |
| 11 | Dec. 10, 2003 | E-correspondence from counsel regarding Bingo. | (Attorney Client Privilege) |
| 12 | DUK | Counsel's draft of Resolution. | (Attorney Client Privilege) |
| 13 | May 8, 2006 | Fax from counsel to client regarding attorney request | (Attorney Client Privilege) |
| 14 | DUK | Draft resolution prepared by counsel. | (Attorney Client Privilege) |
| 15 | April 4, 2007 | Email from counsel to client attaching summary. | (Attorney Client Privilege) |
| 16 | DUK | Draft letter provided to client from counsel. | (Attorney Client Privilege) |
| 17 | DUK | Legislative document prepared by counsel. | (Attorney Client Privilege) |
| 18 | DUK | Legislative document prepared by counsel. | (Attorney Client Privilege) |
| 19 | DUK | E-mail from counsel to client regarding proposed legislative language. | (Attorney Client Privilege) |
| 20 | DUK | Legislative document prepared by counsel. | (Attorney Client Privilege) |

| 21 | DUK | Legislative document prepared by counsel. | (Attorney Client Privilege) |
| 22 | DUK | Legislative document prepared by counsel. | (Attorney Client Privilege) |
| 23 | DUK | Legislative document prepared by counsel. | (Attorney Client Privilege) |
| 24 | DUK | Attorney summary provided to client regarding Bingo. | (Attorney Client Privilege) |
| 25 | DUK | Attorney summary provided to client regarding Bingo. | (Attorney Client Privilege) |
| 26 | DUK | Attorney summary provided to client regarding Bingo. | (Attorney Client Privilege) |
| 27 | DUK | Attorney summary provided to client regarding Bingo. | (Attorney Client Privilege) |
| 28 | (Nov. 2003) | Correspondence from counsel to consulting counsel regarding Bingo. | (Attorney Client Privilege) |
| 29 | Dec. 6, 2004 | Correspondence from counsel to client regarding legal opinion. | (Attorney Client Privilege) |