# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) **Case No.: 3:06-cv-01113-WKW-csc** ) |
| **DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al.,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

## MACON COUNTY GREYHOUND PARK, INC.'S
## ANSWER TO FIFTH AMENDED COMPLAINT

Defendant Macon County Greyhound Park, Inc., d/b/a/ Victoryland ("Victoryland") for its answer and affirmative defenses to the Plaintiffs' Fifth Amended Complaint states as follows. Except to the extent expressly admitted below, Victoryland denies the allegations of the Fifth Amended Complaint.

1.     No response to Paragraph 1 of the Plaintiffs' Fifth Amended Complaint is necessary as it is merely a description of what the Plaintiffs' Fifth Amended Complaint alleges. For further answer, Victoryland denies that: (a) Sheriff Warren violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (b) any of the Defendants conspired to deprive the non-profit Plaintiffs of equal protection of the law; (c) any of the Defendants violated RICO; (d) any of the Defendants conspired to violate RICO; (e) it or Milton McGregor tortiously interfered with contractual or business relations; and (f) it or Milton McGregor tortiously interfered with prospective business relationships.

2.    Victoryland admits that Milton McGregor is a shareholder and employee of Victoryland.  It denies the remaining allegations contained in Paragraph 2 of the Fifth Amended Complaint.

3.    Victoryland admits that rules and regulations governing the operation of bingo in Macon County were promulgated by Sheriff Warren and that those rules were amended two times.  Victoryland denies the remaining allegations contained in Paragraph 3 of the Fifth Amended Complaint.

4.    Victoryland admits the Plaintiffs seek relief under the laws cited. Victoryland denies that it has violated any law or statute.

5.    Victoryland admits that the Plaintiffs claim venue is proper under the statutes cited in Paragraph 5 of the Fifth Amended Complaint. Paragraph 5 is a legal conclusion to which no response is necessary.  To the extent a response is deemed to be required, Victoryland admits that it operates a business in the Middle District of Alabama.

6.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Fifth Amended Complaint and, therefore, denies them.

7.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Fifth Amended Complaint and, therefore, denies them.

8.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Fifth Amended Complaint and, therefore, denies them.

9.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Fifth Amended Complaint and, therefore, denies them.

10.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Fifth Amended Complaint and, therefore, denies them.

11.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Fifth Amended Complaint and, therefore, denies them.

12.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Fifth Amended Complaint and, therefore, denies them.

13.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Fifth Amended Complaint and, therefore, denies them.

14.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Fifth Amended Complaint and, therefore, denies them.

15.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Fifth Amended Complaint and, therefore, denies them.

16.     Victoryland admits upon information and belief that Shorter Volunteer Fire Department is a non-profit organization organized and located in Macon County,

Alabama. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Fifth Amended Complaint and, therefore, denies them.

17.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Fifth Amended Complaint and, therefore, denies them.

18.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Fifth Amended Complaint and, therefore, denies them.

19.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Fifth Amended Complaint and, therefore, denies them.

20.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Fifth Amended Complaint and, therefore, denies them.

21.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Fifth Amended Complaint and, therefore, denies them.

22.    No response to Paragraph 22 of the Plaintiffs' Fifth Amended Complaint is necessary as Paragraph 22 has been omitted.

23.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Fifth Amended Complaint and, therefore, denies them.

24.     Victoryland upon information and belief admits the allegations contained in Paragraph 24 of the Fifth Amended Complaint.

25.     Victoryland admits the allegations contained in Paragraph 25 of the Fifth Amended Complaint.

26.     Victoryland admits the allegations contained in Paragraph 26 of the Fifth Amended Complaint.

27.     Victoryland upon information and belief admits the allegations contained in Paragraph 27 of the Fifth Amended Complaint.

28.     Victoryland upon information and belief admits allegations contained in Paragraph 28 of the Fifth Amended Complaint.

29.     Victoryland upon information and belief admits the allegations contained in Paragraph 29 of the Fifth Amended Complaint.

30.     Victoryland admits that since 1983 Fred Gray and the Gray Law Firm have performed legal services for Victoryland on specific matters and that they have been paid for the legal services they have rendered. Victoryland states that Fred Gray has not traveled aboard an aircraft owned or chartered by Victoryland in the last ten years. Victoryland also admits that Fred Gray has received dividends as a shareholder in Victoryland. Victoryland denies the remaining allegations contained in Paragraph 30 of the Fifth Amended Complaint.

31.     Victoryland admits that Alabama law allows for local amendments to the Alabama Constitution and that bingo has been authorized in certain jurisdictions by local amendments. The remaining allegations contained in Paragraph 31 of the Fifth Amended Complaint are legal conclusions that do not require a response.

32.    Victoryland admits that the voters of Macon County ratified Amendment 744 on November 4, 2003.   Victoryland admits that Amendment 744 governs the operation of bingo games in Macon County. Victoryland states that Amendment 744 is a public document of which the Court can take judicial notice and which speaks for itself. Victoryland denies the remaining allegations contained in Paragraph 32 of the Fifth Amended Complaint.

33.    Victoryland states that Amendment 744 is a public document of which the Court can take judicial notice and which speaks for itself.  The remaining allegations contained in Paragraph 33 of the Fifth Amended Complaint are legal conclusions to which no response is required. To the extent a response is deemed to be required, Victoryland denies the remaining allegations contained in Paragraph 33 of the Fifth Amended Complaint.

34.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Fifth Amended Complaint and, therefore, denies them.

35.    Victoryland admits that it was interested in operating a bingo parlor in Macon County, Alabama and that sometime in or around November 2003, Milton McGregor had a conversation with Sheriff Warren in the presence of Fred Gray, Jr., about Victoryland's interest in conducting electronic bingo pursuant to the recently passed constitutional amendment.   Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Fifth Amended Complaint and, therefore, denies them.

36.    Victoryland denies the allegations contained in Paragraph 36 of the Fifth Amended Complaint. No response is necessary to footnote 1 as it merely relates to Plaintiffs' pleading "on information and belief." To the extent a response is required, because footnote 1 is admittedly a summary of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnote 1 as those answers appear elsewhere in this Answer. Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

37.    Victoryland denies the allegations contained in Paragraph 37 of the Fifth Amended Complaint.

38.    Victoryland denies the allegations contained in Paragraph 38 of the Fifth Amended Complaint.

39.    Victoryland admits that on December 5, 2003, Sheriff Warren promulgated "Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama" (the "Original County Bingo Rules"). Victoryland states that the Exhibit A to the Plaintiffs' Fifth Amended Complaint is a written document that speaks for itself. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Fifth Amended Complaint, and therefore, denies them.

40.    Victoryland states that the Exhibit A, the Original County Bingo Rules, is a written document that speaks for itself.

41.    Victoryland admits that at the time the Original County Bingo Rules were promulgated that its land, building and improvements had a value of at least $5 million

dollars. Victoryland admits that a Class B Bingo License was issued to the Tuskegee Human Rights and Multicultural Center for the conduct of Bingo Games at Victoryland on December 17, 2003. Victoryland admits that Fred Gray is the President of the Tuskegee Human Rights and Multicultural Center and that Milton McGregor is an officer of the Center. Victoryland denies that the Center was issued the first Class B bingo license. Victoryland denies the remaining allegations contained in Paragraph 41 of the Fifth Amended Complaint.

42.    Victoryland admits that the Original County Bingo Rules required that a qualified location be inspected and approved by the Sheriff. Victoryland denies the remaining allegations contained in Paragraph 42 of the Fifth Amended Complaint.

43.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Fifth Amended Complaint, and therefore, denies them.

44.    Victoryland admits that on or about June 2, 2004, Sheriff Warren promulgated the First Amended County Bingo Rules. Victoryland states that Exhibit B is a written document that speaks for itself. Victoryland denies that the First Amended County Bingo Rules were not publicly disclosed when promulgated. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Fifth Amended Complaint, and therefore, denies them.

45.    Victoryland admits the allegations contained in Paragraph 45 of the Fifth Amended Complaint.

46.    Victoryland admits that the First Amended County Bingo Rules were published in the Tuskegee News, a weekly paper, on June 10, 2004. For further answer, Victoryland states that the First Amended County Bingo Rules is a written document that speaks for itself. Victoryland denies the remaining allegations contained in Paragraph 46 of the Fifth Amended Complaint

47.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Fifth Amended Complaint, and therefore, denies them.

48.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Fifth Amended Complaint, and therefore, denies them.

49.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Fifth Amended Complaint, and therefore, denies them.

50.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Fifth Amended Complaint, and therefore, denies them.

51.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Fifth Amended Complaint, and therefore, denies them.

52.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Fifth Amended Complaint, and therefore, denies them.

53.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Fifth Amended Complaint, and therefore, denies them.

54.     Victoryland admits that on January 6, 2005, Sheriff Warren promulgated the Second Amended County Bingo Rules. Victoryland states that Exhibit C to the Fifth Amended Complaint is a document that speaks for itself. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Fifth Amended Complaint, and therefore, denies them.

55.     Victoryland states that the Second Amended County Bingo Rules is a document that speaks for itself.

56.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Fifth Amended Complaint, and therefore, denies them.

57.     Victoryland admits that on March 8, 2005, Pebblin Warren, the wife of Sheriff Warren, was elected in a special election to the Alabama House of Representatives. Victoryland further admits that during a 2005 special session of the Alabama Legislature, Representative Warren sponsored HB 17, which was not enacted into law. Victoryland denies the remaining allegations contained in Paragraph 57 of the Fifth Amended Complaint.

58.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Fifth Amended Complaint, and therefore, denies them.

59.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Fifth Amended Complaint, and therefore, denies them.

60.     Victoryland admits the allegations contained in Paragraph 60 of the Fifth Amended Complaint.

61.     Victoryland denies the allegations contained in Paragraph 61 of the Fifth Amended Complaint. No response is necessary to footnote 2. To the extent a response is deemed required, because footnote 2 is admittedly a summary of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnote 2 as those answers appear elsewhere in this Answer. Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

62.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Fifth Amended Complaint, and therefore, denies them.

63.     Victoryland admits that on December 18, 2006 the nonprofit Plaintiffs filed suit against Sheriff Warren and moved months later on March 2, 2007 for leave to add Victoryland and Milton McGregor as Defendants. Victoryland also admits that Senator Myron Penn introduced SB 92 in the 2007 Regular Session of the Alabama Legislature, which bill proposed a constitutional amendment to amend Amendment No. 744 to the Alabama Constitution. Victoryland is informed and believes that Milton McGregor has personally made contributions to Senator Penn's campaign.

64.    Victoryland denies the allegations contained in Paragraph 64 of the Fifth Amended Complaint.

65.    Victoryland denies the allegations contained in Paragraph 65 of the Fifth Amended Complaint.

66.    The allegations contained in Paragraph 66 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in Paragraph 66 of the Fifth Amended Complaint.

67.    Victoryland denies the allegations contained in Paragraph 67 of the Fifth Amended Complaint.

68.    The allegations contained in Paragraph 68 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in Paragraph 68 of the Fifth Amended Complaint.

69.    The allegations contained in Paragraph 69 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in Paragraph 69 of the Fifth Amended Complaint.

70.    The allegations contained in Paragraph 70 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in Paragraph 70 of the Fifth Amended Complaint.

71.    Victoryland denies the allegations contained in Paragraph 71 of the Fifth Amended Complaint.

72.    Victoryland denies the allegations contained in Paragraph 72 of the Fifth Amended Complaint.

73.    The allegations contained in Paragraph 73 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in Paragraph 73 of the Fifth Amended Complaint.

74.    The allegations contained in Paragraph 74 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in Paragraph 74 of the Fifth Amended Complaint.

75.    Victoryland admits that since January 1, 2003 Victoryland has paid the Gray law firm and Fred Gray legal reasonable fees for legal work that they performed for Victoryland.  Victoryland further admits that Fred Gray has received dividend payments since January 1, 2003 as a Victoryland shareholder.  Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Fifth Amended Complaint regarding what was in Fred Gray Jr.'s mind and, therefore, denies them.  Victoryland denies the remaining allegations contained in Paragraph 75 of the Fifth Amended Complaint.

76.    The allegations contained in the first sentence of Paragraph 76 of the Fifth Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is required, Victoryland denies the allegations contained in the first

sentence of Paragraph 76 of the Fifth Amended Complaint. Victoryland denies the remaining allegations contained in Paragraph 76 of the Fifth Amended Complaint.

77.    Victoryland denies the allegations contained in Paragraph 77 of the Fifth Amended Complaint.

78.    Victoryland denies the allegations contained in Paragraph 78 of the Fifth Amended Complaint. No response is necessary to footnotes 3 and 4. To the extent a response is deemed required, because footnotes 3 and 4 are admittedly summaries of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnotes 3 and 4 as those answers appear elsewhere in this Answer. Victoryland further denies that the footnotes provide any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

79.    Victoryland denies the allegations contained in Paragraph 79 of the Fifth Amended Complaint. No response is necessary to footnote 5. To the extent a response is deemed required, because footnote 5 is admittedly a summary of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnote 5 as those answers appear elsewhere in this Answer. Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

80.    Victoryland denies the allegations contained in Paragraph 80 of the Fifth Amended Complaint.

81.    Victoryland denies the allegations contained in Paragraph 81 of the Fifth Amended Complaint.

82.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Fifth Amended Complaint, and therefore, denies them.

83.     Victoryland admits that shortly after the Original County Bingo rules were promulgated that a number of non-profits contracted with Victoryland to have it operate electronic bingo on their behalf and that one of those non-profits was the Tuskegee Human and Civil Rights Multicultural Center. Victoryland denies that the Center was the first non-profit organization to do so. Victoryland denies that Milton McGregor and Fred Gray control the Tuskegee Human and Civil Rights Multicultural Center. Victoryland denies the remaining allegations contained in Paragraph 83 of the Fifth Amended Complaint.

84.     Victoryland admits that the Tuskegee Human and Civil Rights Multicultural Center applied for a license to conduct electronic bingo and was granted a license by Sheriff Warren on December 17, 2003. Victoryland denies the remaining allegations contained in Paragraph 84 of the Fifth Amended Complaint.

85.     Victoryland denies the allegations contained in Paragraph 85 of the Fifth Amended Complaint.

86.     Victoryland denies the allegations contained in Paragraph 86 of the Fifth Amended Complaint.

87.     Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Fifth Amended Complaint, and therefore, denies them.

88.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 88 of the Fifth Amended Complaint, and therefore, denies them. Victoryland denies the remaining allegations contained in Paragraph 88 of the Fifth Amended Complaint. No response is necessary to footnotes 6 and 7. To the extent a response is deemed required, because footnotes 6 and 7 are admittedly summaries of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnotes 6 and 7 as those answers appear elsewhere in this Answer. Victoryland further denies that the footnotes provide any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

89.    Victoryland denies the allegations contained in Paragraph 89 of the Fifth Amended Complaint. No response is necessary to footnote 8. To the extent a response is deemed required, because footnote 8 is admittedly a summary of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnote 8 as those answers appear elsewhere in this Answer. Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

90.    Victoryland denies the allegations contained in Paragraph 90 of the Fifth Amended Complaint.

91.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Fifth Amended Complaint, and therefore, denies them.

92.     Victoryland denies the allegations contained in Paragraph 92 of the Fifth Amended Complaint.  No response is necessary to footnotes 9 and 10.  To the extent a response is deemed required, because footnotes 9 and 10 are admittedly summaries of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnotes 9 and 10 as those answers appear elsewhere in this Answer.  Victoryland further denies that the footnotes provide any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

93.     Victoryland denies the allegations contained in Paragraph 93 of the Fifth Amended Complaint.  No response is necessary to footnote 11.  To the extent a response is deemed required, because footnote 11 is admittedly a summary of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnote 11 as those answers appear elsewhere in this Answer.  Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

94.     Victoryland admits that the Second Amended County Bingo Rules limited the maximum number of Class B (electronic) bingo licenses that can be issued and outstanding at any one time  in Macon County, Alabama to 60.  Victoryland denies the remaining allegations contained in Paragraph 94 of the Fifth Amended Complaint.

95.     Victoryland denies the allegations contained in Paragraph 95 of the Fifth Amended Complaint.

96.     Victoryland denies the allegations contained in Paragraph 96 of the Fifth Amended Complaint.

97.    Victoryland denies the allegations contained in Paragraph 97 of the Fifth Amended Complaint.

98.    Victoryland denies the allegations contained in Paragraph 98 of the Fifth Amended Complaint.

99.    Victoryland admits that: (a)    Milton McGregor is an employee and shareholder of Victoryland; (b) Fred Gray is a shareholder of Victoryland; (c) Fred Gray and the Gray Law Firm have served as attorneys for Victoryland; and (d) Fred Gray Jr, and the Gray Law Firm have served as attorneys for Sheriff Warren.  Victoryland denies the remaining allegations contained in Paragraph 99 of the Fifth Amended Complaint.

100.    Victoryland denies the allegations contained in Paragraph 100 of the Fifth Amended Complaint.

101.    Victoryland denies the allegations contained in Paragraph 101 of the Fifth Amended Complaint.

102.    Victoryland denies the allegations contained in Paragraph 102 of the Fifth Amended Complaint.

103.    Victoryland admits that its facility is located near an interstate highway and that some of the patrons of Victoryland may travel from outside the state. Victoryland denies the remaining allegations contained in Paragraph 103 of the Fifth Amended Complaint.

104.    Victoryland admits that it advertises on television and radio and that it has a website that can be accessed by persons outside of Alabama. Victoryland denies the remaining allegations contained in Paragraph 104 of the Fifth Amended Complaint.

105. Victoryland denies the allegations contained in Paragraph 105 of the Fifth Amended Complaint.

106. The allegations contained in the Paragraph 106 of the Fifth Amended Complaint are legal conclusions to which no response is necessary. To the extent a response is required, Victoryland denies the allegations contained in Paragraph 106 of the Fifth Amended Complaint.

107. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Fifth Amended Complaint, and therefore, denies them.

108. Victoryland denies the allegations contained in Paragraph 108 of the Fifth Amended Complaint.

109. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Fifth Amended Complaint regarding the relationships between the Plaintiffs and their contracts, and therefore, denies them. Victoryland denies the remaining allegations contained in Paragraph 109 of the Fifth Amended Complaint.

110. Victoryland denies the allegations contained in Paragraph 110 of the Fifth Amended Complaint.

111. Victoryland denies the allegations contained in Paragraph 111 of the Fifth Amended Complaint.

112. Victoryland denies the allegations contained in Paragraph 112 of the Fifth Amended Complaint.

113.    Victoryland adopts and incorporates by reference its answers to paragraphs 1 through 112 above.

114.    Victoryland denies the allegations contained in Paragraph 114 of the Fifth Amended Complaint.

115.    Victoryland denies the allegations contained in Paragraph 115 of the Fifth Amended Complaint.

116.    Victoryland denies the allegations contained in Paragraph 116 of the Fifth Amended Complaint.

117.    Victoryland denies the allegations contained in Paragraph 117 of the Fifth Amended Complaint.

118.    Victoryland denies the allegations contained in Paragraph 118 of the Fifth Amended Complaint.

119.    Victoryland adopts and incorporates by reference its answers to paragraphs 1 through 118 above.

120.    Victoryland denies the allegations contained in Paragraph 120 of the Fifth Amended Complaint.

121.    Victoryland denies the allegations contained in Paragraph 121 of the Fifth Amended Complaint.

122.    Victoryland denies the allegations contained in Paragraph 122 of the Fifth Amended Complaint.

123.    Victoryland denies the allegations contained in Paragraph 123 of the Fifth Amended Complaint.

124. Victoryland adopts and incorporates by reference its answers to Paragraphs 1 through 123 above.

125. Victoryland denies the allegations contained in Paragraph 125 of the Fifth Amended Complaint.

126. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Fifth Amended Complaint that the non-profit plaintiffs are non-profit organizations under the County Bingo Rules and, therefore, denies those allegations. Victoryland denies the remaining allegations contained in Paragraph 126 of the Fifth Amended Complaint.

127. Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Fifth Amended Complaint regarding Lucky Palace's corporate form, and, therefore, denies them. Victoryland denies the remaining allegations contained in Paragraph 127 of the Fifth Amended Complaint.

128. Victoryland denies the allegations contained in Paragraph 128 of the Fifth Amended Complaint.

129. Victoryland denies the allegations contained in Paragraph 129 of the Fifth Amended Complaint.

130. Victoryland denies the allegations contained in Paragraph 130 of the Fifth Amended Complaint.

131. Victoryland adopts and incorporates by reference its answers to Paragraphs 1 through 130 above.

132.    Victoryland denies the allegations contained in Paragraph 132 of the Fifth Amended Complaint.

133.    Victoryland denies the allegations contained in Paragraph 133 of the Fifth Amended Complaint.

134.    Victoryland denies the allegations contained in Paragraph 134 of the Fifth Amended Complaint. No response is necessary to footnote 12. To the extent a response is deemed required, Victoryland incorporates by reference its responses to the allegations made in footnote 12 as those answers appear elsewhere in this Answer. To the extent that any such alleged facts and circumstances do not appear elsewhere in the complaint, Victoryland denies them. Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

135.    Victoryland denies the allegations contained in Paragraph 135 of the Fifth Amended Complaint.

136.    Victoryland lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 regarding when Counsel for the nonprofit Plaintiffs received a copy of the deposition of Sheriff Warren that was taken in *Macon County Investments v. Warren*, 3:06-CV-224-WKW (M.D. Ala.) or what that deposition allegedly revealed to said counsel. For further answer, Victoryland states that the deposition is a written document that speaks for itself and that no response is necessary to what Plaintiffs selectively allege that it says. To the extent a response is necessary, Victoryland denies the Plaintiffs' allegations to the extent that they spin what the deposition says or take it out of context. Victoryland further denies the Plaintiffs'

claim that the factual allegations set forth in Paragraph 136 indicate the existence of conspiracy between the Defendants in this case.

137.    Victoryland denies the allegations contained in Paragraph 137 of the Fifth amended Complaint.  For further answer Victoryland denies that there was a conspiracy between the Defendants in this case.

138.    Victoryland adopts and incorporates by reference its answers to Paragraphs 1 through 137 above.

139.    Victoryland admits the allegations contained in Paragraph 139 of the Fifth Amended Complaint.

140.    Victoryland denies the allegations contained in Paragraph 140 of the Fifth Amended Complaint.

141.    Victoryland denies the allegations contained in Paragraph 141 of the Fifth Amended Complaint.  No response is necessary to footnote 13.  To the extent a response is deemed required, because footnote 13 is admittedly a summary of "facts and circumstances alleged in th[e] complaint," Victoryland incorporates by reference its responses to the allegations summarized in footnotes 13 as those answers appear elsewhere in this Answer.  Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

142.    Victoryland denies the allegations contained in Paragraph 142 of the Fifth Amended Complaint

143.    Victoryland denies the allegations contained in Paragraph 143 of the Fifth Amended Complaint.

144.    Victoryland denies the allegations contained in Paragraph 144 of the Fifth Amended Complaint.

145.    Victoryland adopts and incorporates by reference its answers to Paragraphs 1 through 144 above.

146.    Victoryland denies the allegations contained in Paragraph 146 of the Fifth Amended Complaint.

147.    Victoryland denies the allegations contained in Paragraph 147 of the Fifth Amended Complaint. No response is necessary to footnote 15. To the extent a response is deemed required, Victoryland incorporates by reference its responses to the allegations made in footnote 15 as those answers appear elsewhere in this Answer. To the extent that any such alleged facts and circumstances do not appear elsewhere in the complaint, Victoryland denies them. Victoryland further denies that the footnote provides any basis for the claims alleged in Plaintiffs' Fifth Amended Complaint.

148.    Victoryland denies the allegations contained in Paragraph 148 of the Fifth Amended Complaint.

149.    Victoryland denies the allegations contained in Paragraph 149 of the Fifth Amended Complaint.

150.    Victoryland denies the allegations contained in Paragraph 150 of the Fifth Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

As concerns the Plaintiffs' Prayer for Relief, Victoryland denies that they are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Victoryland pleads the following affirmative defenses without assuming the burden of proof of such defenses to the extent that such burden otherwise falls on the Plaintiffs. Victoryland reserves the right to plead additional defenses that it might uncover in the discovery process.

### First Defense

Plaintiffs lack standing to bring this action.

### Second Defense

Plaintiffs' claims are barred in whole or in part for failure to exhaust administrative remedies.

### Third Defense

Subject matter jurisdiction is lacking because Plaintiffs' claims against Victoryland are not yet ripe and/or are moot.

### Fourth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Defense

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

### Sixth Defense

Plaintiffs have failed to state a claim upon which relief can be granted against Victoryland.

### Seventh Defense

Plaintiffs' claims or some of them are barred by the applicable statutes of limitation.

### Eighth Defense

Plaintiffs' claims or some of them are barred by the doctrine of laches.

### Ninth Defense

Any action on the part of Victoryland with regard to the County Bingo Rules or any amendment thereto are protected under the *Noerr-Pennington* doctrine. Under that doctrine, Victoryland, like the Plaintiffs, has a First Amendment right to petition governmental officials for governmental action favorable to it even if that action was motivated by an anti-competitive intent and it cannot be found liable for such actions. The purpose of the doctrine is to protect private parties who petition the government for laws or rules or interpretations of existing laws or rules even if the private party pursues those goals with an anti-competitive intent. *See, e.g., Video Int'l. Production Inc. v. Warner-Amex Cable Communications Inc.*, 858 F.2d 1075, 1082-1083 (5th Cir. 1988). Although the doctrine was originally developed in the anti-trust field, it has been expanded to "protect first amendment petitioning of the government from claims brought under federal and state laws, including section 1983 and common-law tortuous interference with contractual relations." *Id*. at 1084.

### Tenth Defense

An award of punitive damages against Victoryland in this case would violate its rights under the United States Constitution.

### Eleventh Defense

An award of punitive damages against Victoryland in this case would violate its rights under the laws of Alabama.

## Twelfth Defense

An award of treble damages against Victoryland in this case would violate its rights under the United States Constitution.

## Thirteenth Defense

Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## Fourteenth Defense

Plaintiffs have failed to join necessary parties, including the out-of-state investment banking entities and out-of-state gambling interests whom Victoryland is informed and believes are behind this litigation.

## Fifteenth Defense

Plaintiffs' RICO claims are barred, in whole or in part, due to their failure to plead those claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Sixteenth Defense

Plaintiffs' RICO claims are barred in, whole or in part, by their failure to allege criminal conduct with the specificity sufficient to establish probable cause regarding both the commission of the crime and the Defendants' alleged culpability.

**WHEREFORE,** Victoryland prays for judgment as follows:

1.    That judgment be entered in its favor and against Plaintiffs;

2.    That the Fifth Amended Complaint and any amendments thereto as it concerns Victoryland be dismissed in its entirety with prejudice and that Plaintiffs take nothing by their Fifth Amended Complaint and any amendments thereto against Victoryland;

3.    That Victoryland's allowable costs in defending itself be taxed against the Plaintiffs;

4.    That Victoryland be given leave to amend this Answer and affirmative defenses to conform to the evidence uncovered during discovery and/or presented at trial; and

5.    That Victoryland be awarded such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 19th day of May, 2008.


/s/ Peter J. Tepley
Peter J. Tepley, One of the Attorneys for
Macon County Greyhound Park, Inc.


**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & REDIKER, LLC**
William M. Slaughter wms@hsy.com
Patricia C. Diak pcd@hsy.com
Peter J. Tepley pt@hsy.com
Khristi Doss Driver kdd@hsy.com
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

**WHITE, ARNOLD & DOWD**
John Mark White mwhite@waadlaw.com
Augusta S. Dowd adowd@waadlaw.com
Rebecca DePalma rdepalma@waadlaw.com
Hope Marshall hmarshall@waadlaw.com
2025 Third Avenue North, Suite 600
Birmingham, AL  35203
205-323-1888 (telephone)
205-323-8907 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing answer on the following counsel of record by filing a copy of it through the Court's electronic filing system on this 19th day of May, 2008.

James H. Anderson
Ryan Wesley Shaw
Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C.
P.O. Box 1988
Montgomery, AL  36102
janderson@beersanderson.com
wshaw@beersanderson.com

Fred D. Gray, Sr.
Fred D. Gray, Jr.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
fgray@glsmgn.com
fgrayjr@glsmgn.com

Robert K. Spotswood
Michael T. Sansbury
Spotswood, Sansom & Sansbury, L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
rks@spotswoodllc.com
msansbury@spotswoodllc.com

John M. Bolton, III
Charlanna White Spencer
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 S. Perry Street
Montgomery, AL  36104
jbolton@hillhillcarter.com
cspencer@hillhillcarter.com

W. Lewis Garrison
Stephen D. Heninger
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203
wlgarrison@hgdlawfirm.com
steve@hgdlawfirm.com

George L. Beck, Jr.
Capell Howard, PC
P.O. Box 2069
Montgomery, AL 36102-2069
glb@chlaw.com

Ronald G. Davenport
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101
rgd@rsjg.com

/s/ Peter J. Tepley
Of Counsel