## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **HOPE FOR FAMILIES & COMMUNITY SERVICES, INC., et al.,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CASE NO.: 3:06-cv-01113** |
| **vs.** | ) ) | |
| **DAVID WARREN, in his Official Capacity as the SHERIFF OF MACON COUNTY, et al.,** | ) ) ) ) | |
| **Defendants.** | ) | |

### DEFENDANT SHERIFF DAVID WARREN'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

**COMES NOW**, Sheriff David Warren ("Sheriff Warren" or "Defendant Warren"), Defendant in the above-styled cause, by and through his counsel of record, and hereby answers each numbered paragraph of the Fifth Amended Complaint ("complaint") filed in the above-captioned action and states as follows:

Except to the extent expressly, specifically and unambiguously admitted herein, Sheriff Warren denies each and every allegation contained in the Fifth Amended Complaint and demands strict proof thereof.

1. The allegations contained in paragraph 1 are legal conclusions that do not call for a response by Sheriff Warren. Sheriff Warren admits that the Plaintiffs seek relief under the laws and statues cited. Sheriff Warren denies violation of any law or statute, and denies that Plaintiffs are entitled to relief.

2.    Sheriff Warren denies the allegations contained in paragraph 2 of the complaint and demands strict proof thereof.

3.    Sheriff Warren admits that rules and regulations governing the operation of bingo in Macon County, Alabama, were promulgated and later amended on two occasions. All other allegations contained in paragraph 3 of the complaint are denied and Sheriff Warren demands strict proof thereof.

## JURISDICTION

4.    Sheriff Warren admits that Plaintiffs purport to bring this action under the cited statutes. Inasmuch as the Plaintiffs' allegations state conclusions of law, no further response to the allegations of paragraph 4 is required. Jurisdiction over state law claims is also proper in the Circuit Court of Macon County, Alabama.

5.    Sheriff Warren admits that Plaintiffs allege that venue is proper under the cited statutes. Inasmuch as the Plaintiffs' allegations state conclusions of law, no further response to the allegations of paragraph 5 is required.

## PARTIES

6.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 6 of the complaint, and therefore, denies the same and demands strict proof thereof.

7.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 7 of the complaint, and therefore, denies the same and demands strict proof thereof.

8.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 8 of the complaint, and therefore, denies the same and demands strict proof thereof.

9.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 9 of the complaint, and therefore, denies the same and demands strict proof thereof.

10.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 10 of the complaint, and therefore, denies the same and demands strict proof thereof.

11.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 11 of the complaint, and therefore, denies the same and demands strict proof thereof.

12.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 12 of the complaint, and therefore, denies the same and demands strict proof thereof.

13.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 13 of the complaint, and therefore, denies the same and demands strict proof thereof.

14.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 14 of the complaint, and therefore, denies the same and demands strict proof thereof.

15.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 15 of the complaint, and therefore, denies the same and demands strict proof thereof.

16.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 16 of the complaint, and therefore, denies the same and demands strict proof thereof.

17.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 17 of the complaint, and therefore, denies the same and demands strict proof thereof.

18.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 18 of the complaint, and therefore, denies the same and demands strict proof thereof.

19.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 19 of the complaint, and therefore, denies the same and demands strict proof thereof.

20.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 20 of the complaint, and therefore, denies the same and demands strict proof thereof.

21.     Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 21 of the complaint, and therefore, denies the same and demands strict proof thereof.

22.     Does not require a responsive pleading from this Defendant.

4

23.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 23 of the complaint, and therefore, denies the same and demands strict proof thereof.

24.    Sheriff Warren admits that he is a citizen and resident of Macon County, Alabama and that he serves as Sheriff in said county.

25.    The allegations of paragraph 25 of the complaint do not pertain to Sheriff Warren; however Sheriff Warren, upon information and belief admits the allegations set forth in paragraph 25 of the complaint.

26.    The allegations of paragraph 26 of the complaint do not pertain to Sheriff Warren; however Sheriff Warren, upon information and belief admits the allegations set forth in paragraph 26 of the complaint.

## RELEVANT NON-PARTIES

27.    Sheriff Warren admits that the principal place of business of Gray, Langford, Sapp, McGowan, Gray, Gray & Nathanson is in the State of Alabama.  Sheriff Warren is without sufficient information to admit or deny the remaining allegations of paragraph 27 of the complaint and demands strict proof thereof.

28.    While the allegations of paragraph 28 of the complaint do not pertain to Sheriff Warren, Sheriff Warren admits, upon information and belief, that Fred D. Gray, Jr. is a citizen and resident of Macon County in the State of Alabama.  Sheriff Warren is without sufficient information to admit or deny the remaining allegations of paragraph 28 of the complaint and demands strict proof thereof.

29.     While the allegations of paragraph 29 of the complaint do not pertain to Sheriff Warren,
        Sheriff Warren admits, upon information and belief, and upon such information and
        belief avers that Fred Gray is a citizen and resident of Macon County, Alabama, that he is
        the father of Fred Gray, Jr. and that he is a shareholder in VictoryLand.  Sheriff Warren is
        without sufficient information to admit or deny the allegation that Fred Gray is a
        shareholder in the Gray Law Firm.

## FACTUAL BASIS

30.     Sheriff Warren is without sufficient information upon which to either admit or deny the
        material allegations contained in paragraph 30 of the complaint and, therefore, denies the
        same and demands strict proof thereof.

31.     The allegations contained in paragraph 31 of the Fifth Amended Complaint are legal
        conclusions that do not call for a response by this Defendant.  To the extent that a
        response is deemed to be required, Sheriff Warren denies the same and demands strict
        proof thereof.

32.     Admitted.

33.     The allegations contained in paragraph 33 of the Fifth Amended Complaint are legal
        conclusions that do not call for a response by this Defendant.  To the extent that a
        response is deemed to be required, Sheriff Warren denies the same and demands strict
        proof thereof.

34.     Sheriff Warren is without sufficient information upon which to either admit or deny the
        material allegations contained in paragraph 34 of the complaint, and therefore, denies the
        same and demands strict proof thereof.

35.    Sheriff Warren admits that on or about November 11, 2003, Defendant McGregor expressed an interest in electronic bingo, and the conversation was conducted in the presence of Fred Gray, Jr.   Sheriff Warren is without sufficient information upon which to either admit or deny the remaining material allegations contained in this paragraph, and therefore, denies the same and demands strict proof thereof.

36.    Sheriff Warren denies each and every material allegation of paragraph 36 of the complaint and demands strict proof thereof.

37.    Sheriff Warren denies each and every material allegation of paragraph 37 of the complaint and demands strict proof thereof.

38.    Sheriff Warren denies the allegations of paragraph 38 of the complaint and demands strict proof thereof.

39.    Sheriff Warren admits that on or about December 5, 2003, he promulgated the "Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama (hereinafter "Rules" or "Original Rules")," and that, prior to such promulgation, he sought and received legal advice from Attorney Fred D. Gray, Jr. in connection with drafting the same.   Defendant states that the Rules is a written document and speaks for itself.   All other material allegations contained in paragraph 39 of the Fifth Amended Complaint are denied and strict proof thereof is demanded.

40.    With respect to the allegations of paragraph 40 of the complaint, Sheriff Warren states that the Rules are written documents that speak for itself.   The remainder of the allegations contained in paragraph 40 calls for a legal conclusion and do not require a

response from Defendant. To the extent that a response is deemed to be required, the Defendant denies the same and demands strict proof thereof.

41. Sheriff Warren is without sufficient information to admit or deny the allegation of paragraph 41 of the complaint that states, "[A]t the time the Original Rules were promulgated, the only location in Macon County that had a value of $5 million was VictoryLand". Sheriff Warren denies the allegation of said paragraph that the first Class B Bingo License was issued to the Tuskegee Human and Civil Rights Multicultural Center and that the Sheriff – prior to issuing the Class B Bingo License - did not conduct an investigation into, among other things, the value of VictoryLand or the identity of its owners. Sheriff Warren admits, upon information and belief, that Fred Gray is the President of the Tuskegee Human and Civil Rights Multicultural Center and Defendant McGregor is on its board of directors. Sheriff Warren is without sufficient information to either admit or deny the remaining allegations and, therefore, denies the same and demands strict proof thereof.

42. Sheriff Warren admits the original rules required a "qualified location" be constructed, inspected and approved by the Sheriff. All other allegations in paragraph 42 are denied and Sheriff Warren demands strict proof thereof.

43. Sheriff Warren denies that a "Catch-22" existed. Sheriff Warren admits that anyone meeting the requirements set forth in the original rules would have no problem obtaining a license to operate bingo games in Macon County, Alabama. Sheriff Warren is without sufficient information to admit or deny the remaining allegations contained in paragraph 43 of the complaint, and, therefore, denies the same and demands strict proof thereof.

8

44.    Sheriff Warren admits that with the assistance of Fred Gray, Jr., the First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama were drafted. Sheriff Warren denies the remaining allegations contained in paragraph 44 and demands strict proof thereof.

45.    Defendant Warren is without sufficient information to admit or deny the material allegations contained in paragraph 45 of the complaint and, therefore, denies the same and demands strict proof thereof.

46.    Sheriff Warren admits that he paid for and caused the publication of the First Amended Rules in the Tuskegee News on June 10, 2004. Sheriff Warren states that the First Amended Rules is a written document that speaks for itself. Defendant states that he is without sufficient information to admit or deny the remaining allegations contained in paragraph 46 of the complaint, and, therefore, denies the same and demands strict proof thereof.

47.    Defendant Warren acknowledges that he has received correspondence from Lucky Palace and does not recall with specificity the date or dates he received the same. Defendant Warren acknowledges that on occasion Lucky Palace expressed the desire to obtain a license in a manner not proscribed by the rules in effect at the time of such communication and that Lucky Palace sought "preapproval" of an operator's license although no rules or regulations provided for the same. To the extent not fully answered hereinabove, Sheriff Warren states that he is without sufficient information to admit or deny the remaining allegations of paragraph 47 of the complaint and demands strict proof thereof.

48.   Defendant Warren acknowledges that he has received correspondence from Lucky Palace and does not recall with specificity the date or dates he received the same. Defendant Warren acknowledges that on occasion Lucky Palace expressed the desire to obtain a license in a manner not proscribed by the rules in effect at the time of such communication and that Lucky Palace sought "preapproval" of an operator's license although no rules or regulations provided for the same. To the extent not fully answered hereinabove, Sheriff Warren states that he is without sufficient information to admit or deny the remaining allegations of paragraph 48 of the complaint and demands strict proof thereof.

49.   With respect to the allegations contained in paragraph 49 of the complaint, Defendant admits that he met with Paul Bracy, Jr. on a few occasions and received several telephone calls from him. Sheriff Warren is unable to recall with specificity the date or dates on which such conversations may have taken place; therefore, Sheriff Warren is without sufficient information to either admit or deny the material allegations contained in paragraph 49 of the complaint, denies the same and demands strict proof thereof.

50.   With respect to the allegations contained in paragraph 50 of the complaint, Sheriff Warren acknowledges that he has received correspondence from Paul Bracy, Jr., but does not recall with specificity the date or dates on which he received correspondence from Paul Bracy, Jr. Defendant Warren is without sufficient information at this time to respond by way of admission or denial to the material allegations contained in paragraph 50 of the complaint, and therefore, denies the same and demands strict proof thereof. Defendant Warren admits that he did not sign any statement that purports to limit the

10

authority delegated to him by the Legislature and the citizens of Macon County, Alabama pursuant to Amendment 744.

51.   With respect to the allegations of paragraph 51 of the complaint, Sheriff Warren admits that he sent Paul Bracy, Jr. a letter dated August 5, 2004. The letter is a written document and speaks for itself. Defendant Warren denies the remaining material allegations of paragraph 51 of the complaint and demands strict proof thereof.

52.   Sheriff Warren denies the allegations contained in paragraph 52 of the complaint and demands strict proof thereof. Sheriff Warren admits, as set forth in paragraph 52 of the complaint, that the Lucky Palace proposed location did not qualify as it was not completed. In fact, construction on the building still has not commenced.

53.   Sheriff Warren is without sufficient information to respond to the allegations of paragraph 53 of the complaint, and therefore the allegations are denied and Sheriff Warren demands strict proof thereof.

54.   Sheriff Warren admits that on or about January 6, 2005, he promulgated and published the Second Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama. Sheriff Warren sought and received legal advice from his attorney, Fred D. Gray, Jr. in this matter. All other allegations contained in paragraph 54 are denied and Sheriff Warren demands strict proof thereof.

55.   Admitted. Sheriff Warren states that The Second Amended Rules is a document that speaks for itself.

56.  Sheriff Warren denies the allegations contained in paragraph 56 of the complaint and demands strict proof thereof.

57.  Sheriff Warren denies that HB 17 would insulate VictoryLand from competing bingo parlors in Macon County. Defendant admits that the bill was not enacted into law. Sheriff Warren admits that his wife, Peblin W. Warren, was elected to the Alabama House of Representatives in a special election on or about March 8, 2005. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 57 concerning HB 17 and therefore denies the same and demands strict proof thereof.

58.  Sheriff Warren denies the allegation that he received application packages from the Charities for Class B Bingo Licenses. Defendant admits that he has not issued Class B Bingo Licenses to the Charities. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 58 and, therefore, the remaining allegations are denied and Sheriff Warren demands strict proof thereof.

59.  With respect to the allegations contained in paragraph 59 of the complaint, Sheriff Warren acknowledges that he has received some correspondence from Paul Bracy, Jr., but does not recall with specificity the date or dates on which he received correspondence from Paul Bracy, Jr. Defendant Warren is without sufficient information at this time to respond by way of admission or denial to the material allegations contained in paragraph 59 of the complaint, and therefore, denies the same and demands strict proof thereof.

60.  Admitted.

61. Sheriff Warren denies each and every allegation of paragraph 61 of the complaint and demands strict proof thereof.

62. Sheriff Warren denies each and every allegation of paragraph 62 of the complaint and demands strict proof thereof.

63. Sheriff Warren admits that plaintiff charities herein filed the instant action on December 18, 2006. Sheriff Warren is without sufficient information to admit or deny the remaining allegations of paragraph 63 of the complaint and, therefore, denies the same and demands strict proof thereof.

## PATTERN OF RACKETEERING ACTIVITY

64. Sheriff Warren denies each and every allegation of paragraph 64 of the complaint and demands strict proof thereof.

65. Sheriff Warren denies each and every allegation of paragraph 65 of the complaint and demands strict proof thereof.

66. Sheriff Warren is without sufficient information concerning the federal crime cited in paragraph 66 and, therefore, denies the same and demands strict proof thereof.

67. Sheriff Warren denies each and every allegation of paragraph 67 of the complaint and demands strict proof thereof.

68. The Alabama statue cited in paragraph 68 of the complaint is a written document that speaks for itself. To the extent an answer is required of this Defendant, Sheriff Warren denies the same and demands strict proof thereof.

69. Defendant admits that he retained Attorney Fred Gray, Jr. to advise him with respect to formulation of rules and regulations for the licensing and conduct of bingo games

pursuant to Amendment 744. Defendant denies the remaining allegations of paragraph 69 of the complaint and demands strict proof thereof.

70.   Paragraph 70 of the complaint makes no allegation against Sheriff Warren and does not require a response from him.

71.   Sheriff Warren is without information sufficient to admit or deny the allegations of paragraph 71 of the complaint, and, therefore denies the same and demands strict proof thereof. Moreover, paragraph 71 of the complaint makes no allegation against Sheriff Warren and does not require a response from him.

72.   Sheriff Warren is without information sufficient to admit or deny the allegations of paragraph 72 of the complaint, and, therefore denies the same and demands strict proof thereof. Moreover, paragraph 72 of the complaint makes no allegation against Sheriff Warren and does not require a response from him.

73.   Sheriff Warren is without information sufficient to admit or deny the allegations of paragraph 73 of the complaint, and, therefore denies the same and demands strict proof thereof. Moreover, paragraph 73 of the complaint makes no allegation against Sheriff Warren and does not require a response from him.

74.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in this paragraph, and therefore, denies the same and demands strict proof thereof. Moreover, paragraph 74 of the complaint makes no allegation against Sheriff Warren and does not require a response from him.

75. Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 75, and therefore, denies the same and demands strict proof thereof.

76. Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 76, and therefore, denies the same and demands strict proof thereof.

77. Sheriff Warren admits Fred Gray, Jr. was retained to assist in the promulgation of the rules and regulations governing bingo in Macon County. Sheriff Warren admits he met with Defendant McGregor and Fred Gray, Jr., within a week after Amendment 744 was ratified. Sheriff Warren denies the remaining portions of paragraph 77 and demands strict proof thereof.

78. Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 78, and therefore, denies the same and demands strict proof thereof.

79. Paragraph 79 of the complaint makes no allegation against Sheriff Warren and does not require a response from him.

80. Sheriff Warren admits the original rules did not impose a requirement on the amount of compensation that a location would have to give to a non-profit organization in exchange for the location's right to conduct electronic bingo on the organization's behalf. Sheriff Warren denies the remaining allegations contained in paragraph 80 and demands strict proof thereof.

81. Denied.

82.    Denied.

83.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 83, and therefore, denies the same and demands strict proof thereof. Several charities were issued Class B licenses before the Tuskegee Human and Civil Rights Multicultural Center.

84.    Sheriff Warren denies that no inquiry was made into the contractual arrangement between the Tuskegee Human and Civil Rights Multicultural Center and Defendant VictoryLand. Advice of counsel was not necessary, sought or rendered on this matter. All other allegations contained in paragraph 84 are admitted.

85.    Sheriff Warren admits that at some point after the issuance of a license to The Tuskegee Human and Civil Rights Multicultural Center Defendant VictoryLand began operating electronic bingo games. Sheriff Warren denies the remaining allegations contained in paragraph 85 and demands strict proof thereof.

86.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 86, and therefore, denies the same and demands strict proof thereof.

87.    Defendant is without sufficient information to admit or deny whether the plans by Lucky Palace to construct an electronic bingo parlor were firm and, therefore, the allegation is denied. The remaining allegations contained in paragraph 87 are admitted.

88.    Sheriff Warren admits that Fred Gray Jr. continued to work as his attorney and assisted in the revision of the original rules. Sheriff Warren denies all remaining allegations contained in paragraph 88 and demands strict proof thereof.

89.   Denied.

90.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 90 of the complaint, and therefore, denies the same and demands strict proof thereof.

91.   Sheriff Warren denies that the First Amended Rules were onerous. Sheriff Warren is without sufficient information to admit or deny the remaining allegations of paragraph 91 of the complaint, and therefore, denies the same and demands strict proof thereof.

92.   To the extent any allegation is made against Sheriff Warren in paragraph 92, he denies the same and demands strict proof thereof.

93.   To the extent any allegation is made against Sheriff Warren in paragraph 93, he denies the same and demands strict proof thereof.

94.   Sheriff Warren admits that the Second Amended Rules capped the maximum number of Class B Bingo Licenses at 60. Sheriff Warren denies the remaining allegations contained in paragraph 94 and demands strict proof thereof.

95.   To the extent any allegation is made against Sheriff Warren, he denies the same and demands strict proof thereof. Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 95, and therefore, denies the same and demands strict proof thereof.

96.   To the extent any allegation is made against Sheriff Warren in paragraph 96, he denies the same and demands strict proof thereof.

97.   To the extent any allegation is made against Sheriff Warren in paragraph 97, he denies the same and demands strict proof thereof.

98.   To the extent any allegation is made against Sheriff Warren in paragraph 98, he denies the same and demands strict proof thereof.

## THE ENTERPRISE

99.   Sheriff Warren admits that Fred Gray, Jr., has represented him in the past. Sheriff Warren is without sufficient information to respond to the remaining allegations in paragraph 99. Defendant denies being a part of any enterprise as defined by 18 U.S.C. § 1961(4).

100.  Denied.

101.  Sheriff Warren admits Fred Gray, Jr. was retained to assist in the promulgation of rules and regulations governing bingo in Macon County. Sheriff Warren denies all remaining allegations contained in paragraph 101 and demands strict proof thereof.

102.  Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 102, and therefore, denies the same and demands strict proof thereof.

103.  Sheriff Warren is without sufficient information to respond to paragraph 103 of the complaint to the extent it calls for a legal conclusion.

104.  Sheriff Warren is without sufficient information to respond to paragraph 104 of the complaint to the extent it calls for a legal conclusion.

105.  To the extent any allegation is made against Sheriff Warren in paragraph 105, he denies the same and demands strict proof thereof.

### INJURY

106.  The allegations contained in paragraph 106 of the Fifth Amended Complaint are legal conclusions that do not call for a response by this Defendant.  To the extent that a response is deemed to be required, Sheriff Warren denies the same and demands strict proof thereof.

107.  Sheriff Warren denies that obtaining a license is a prerequisite to constructing the facility planned by Lucky Palace and denies that Lucky Palace has met the required prerequisite of constructing a facility for the operation of bingo.  Sheriff Warren is without sufficient information to respond to the remaining allegations contained in paragraph 107.

108.  Denied.

109.  Sheriff Warren denies any racketeering activity has taken place and is without sufficient information to respond to the remaining allegations contained within paragraph 109 and, therefore same is denied.

110.  Denied.

111.  Denied.

112.  Denied.

### COUNT I
### (RICO 18 U.S.C. § 1962(c))

113.  No responsive pleading required.

114.  Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 114, and therefore, denies the same and demands strict proof thereof.

115.  Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 115, and therefore, denies the same and demands strict proof thereof.

116.  Denied.

117.  Denied.

118.  Denied.

## COUNT II
## (RICO 18 U.S.C §1962(d))

119.  No responsive pleading required.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

## COUNT III
### (Violation of Equal Protection Clause)

124.  No responsive pleading required.

125.  Denied.

126.  Sheriff Warren is without sufficient information to either admit or deny whether the charities are Macon County non-profit organizations.  Defendant denies the remaining allegations contained in paragraph 126 and demands strict proof thereof.

127.  Sheriff Warren is without sufficient information to admit or deny whether Lucky Palace is an Alabama limited liability company.  Sheriff Warren denies all other allegations

contained in paragraph 127.  Sheriff Warren also denies any implication that there were rules promulgated or amended without a rational basis.

128.    Denied.

129.    Denied.

130.    Denied.

## COUNT IV
### (Conspiracy to Deprive the Plaintiffs of the Equal Protection of the Laws)

131.    No responsive pleading required.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    To the extent any allegation is made against Sheriff Warren in paragraph 137, he denies the same and demands strict proof thereof.

## COUNT V
### (Tortious Interference with Contractual and Business Relations)

138.    No responsive pleading required.

139.    Admitted.

140.    Sheriff Warren states that each of the Charities apparently individually contracted with Lucky Palace to operate a Class B Bingo facility in Macon County.  All other allegations contained in paragraph 140 are denied.

141.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 141, and therefore, denies the same and demands strict proof thereof.

142.   Denied.

143.   Denied.

144.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 142, and therefore, denies the same and demands strict proof thereof.

## COUNT VI
### (Tortious Interference with Prospective Business Relationships)

145.   No responsive pleading required.

146.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 146, and therefore, denies the same and demands strict proof thereof.

147.   Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 147, and therefore, denies the same and demands strict proof thereof.

148.   Sheriff Warren denies that he was influenced, aided or directed by Defendants McGregor or VictoryLand in the promulgation and amendment to the rules regulating bingo in Macon County, Alabama, and demands strict proof thereof.  Sheriff Warren is without sufficient information to respond to the remaining allegations of paragraph 148 and, therefore, same is denied.

149.    Sheriff Warren denies that the promulgation or amendment to the rules regulating bingo in Macon County, Alabama were arbitrary, capricious, or irrational and demands strict proof thereof.    Sheriff Warren is without sufficient information to respond to the remaining allegations of paragraph 149 and, therefore, same is denied.

150.    Sheriff Warren is without sufficient information upon which to either admit or deny the material allegations contained in paragraph 150 or its subsections, and therefore, denies the same and demands strict proof thereof.


## AFFIRMATIVE DEFENSES

The Defendant states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs.  The Defendant reserves the right to assert other defenses as discovery proceeds.

### FIRST DEFENSE

Sheriff Warren alleges that Plaintiffs' Fifth Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Sheriff Warren denies that he was guilty of any wrongdoing, error, act, or omission that may have caused damages to the Plaintiffs.


### THIRD DEFENSE

Sheriff Warren pleads the general issue and denies each and every material allegation of the Fifth Amended Complaint not herein admitted and demands strict proof thereof.

## FOURTH DEFENSE

Sheriff Warren avers he is not guilty of any violation of the Plaintiffs' constitutional rights.

## FIFTH DEFENSE

Sheriff Warren denies that Plaintiffs were injured to the nature and extent claimed and contests damages and any request for injunctive relief.

## SIXTH DEFENSE

Plaintiffs lack standing to bring this action.

## SEVENTH DEFENSE

Sheriff Warren denies that any of his actions were arbitrary or capricious.

## EIGHTH DEFENSE

Subject matter is lacking because Plaintiffs' claim is not yet ripe for adjudication and/or is moot.

## NINTH DEFENSE

Plaintiffs' claim is barred because no claim or controversy is presently in this case.

## TENTH DEFENSE

Plaintiffs' claim is barred because a decision in this matter would not affect the rights of the Plaintiffs in this case.

## ELEVENTH DEFENSE

Plaintiffs' equal protection claim is barred because Plaintiffs cannot show that the bingo rules at issue are not rationally related to a legitimate governmental interest. Plaintiffs' claim is

also barred because Plaintiffs have not and cannot show that Defendant's actions were triggered by a discriminatory motive or purpose.

## TWELFTH DEFENSE

The Defendant denies that Plaintiffs are entitled to any judgment against it, or for any relief whatsoever.

## THIRTEENTH DEFENSE

The Plaintiffs' claims are barred, in part, because Plaintiffs have failed to exhaust their administrative remedies.

## FOURTEENTH DEFENSE

The Defendant avers that all actions were taken in good faith.

## FIFTEENTH DEFENSE

The Defendant pleads immunity under the Federal and State Constitutions as well as Statutory and Common Law immunity.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to discretionary function immunity, sovereign immunity, and qualified good faith immunity.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to absolute immunity pursuant to the Eleventh Amendment. *See, U.S. Constitution, Amendment XI.*

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to absolute immunity pursuant to Article 1, § 14 of the *Alabama Constitution.*

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is entitled to immunity pursuant to ALA. CODE § 6-5-338.

### TWENTIETH DEFENSE

Sheriff Warren affirmatively pleads all applicable statutes of limitation.

### TWENTY-FIRST DEFENSE

Any equitable or declaratory relief sought by the Plaintiffs is barred by the doctrine of waiver, estoppel, laches, or unclean hands.

**RESPECTFULLY SUBMITTED,** this 14 day of May 2008.

JAMES H. ANDERSON [AND021]
RYAN WESLEY SHAW [SHA071]

**OF COUNSEL:**
BEERS, ANDERSON, JACKSON,
  PATTY & FAWAL, P.C.
P.O. Box 1988
Montgomery, Alabama 36102
(334)834-5311


**OF COUNSEL:**
Fred D. Gray, Esq.
Fred D. Gray, Jr., Esq.
GRAY, LANGFORD, SAPP,
  McGOWAN, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083-0239

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD, SANSOM & SANSBURY L.L.C.
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Peter John Tepley, Esq.
Kristi Doss Driver, Esq.
HASKELL, SLAUGHTER, YOUNG, REDIKER, L.L.C.
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

John Mark White, Esq.
Augusta S. Dowd, Esq.
Rebecca DePalma, Esq.
WHITE, ARNOLD, ANDREWS & DOWD
2025 Third Avenue North
Suite 600
Birmingham, AL 35203

John M. Bolton III, Esq.
Charlanna White Spencer, Esq.
SASSER, BOLTON, STIDHAM & SEFTON, P.C.
P. O. Box 116
Montgomery, AL 36101

George Beck, Jr., Esq.
CAPELL & HOWARD, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

Ronald G. Davenport, Esq.
Rushton Stakely Johnston & Garrett P.C.
P. O. Box 270
Montgomery, AL 36101-0270

OF COUNSEL