IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Hope for Families & Company Services, Inc. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: 3:06-cv-01113-WKW-WC |
| | ) |
| David Warren, et al., | ) ORAL ARGUMENT REQUESTED |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN RESPONSE TO
## COURT'S ORDER OF MAY 15, 2008
## RE: ATTORNEY CLIENT PRIVILEGE AND CONFIDENTIALITY

COME NOW Defendants Macon County Greyhound Park, Inc.

("VictoryLand") and Milton McGregor ("McGregor") and hereby respond to this

Court's order of May 15, 2008 [Ct. Doc. 188] in which this Court directed the filing

of briefs

> addressing the issue about whether communications with Fred Gray or
> Fred Gray, Jr. related to bingo licensing in Macon County and
> communications with Fred Gray, Fred Gray, Jr. or any partners or
> associates of The Gray Law Firm relating to bingo licensing in Macon
> County from January 1, 2003 to January 6, are protected from disclosure
> by either the attorney-client privilege or Rule 1.6, Alabama Rules of
> Professional Conduct. See Doc. # 106, Requests 11 & 12 and Doc. #
> 134, Request 4.

[Ct. Doc. 188 at ¶ 1].

1.    In Doc. # 134, Request 4, Plaintiffs seek "any and all documents in your

[Fred Gray Jr.'s] possession or control that contain any communication between you

[Fred Gray, Jr.] and any of VictoryLand's agents or attorneys regarding electronic

bingo."

    2.    In Doc. # 106, Requests 11 & 12, Plaintiffs seek

> ...any and all documents in your [VictoryLand's] possession or control
> that contain any communication between you [VictoryLand] and Fred
> D. Gray or Fred D. Gray, Jr., relating to the licensing of bingo in Macon
> County, Alabama.
>
> * * *
>
> ...any and all documents in your [VictoryLand's] possession or control
> that contain any communication between you [VictoryLand] and Fred
> D. Gray, Fred D. Gray, Jr., or any of their partners and associates,
> relating to the licensing of bingo in Macon County, Alabama, from
> January 1, 2003, until January 6, 2005.

    3.    It is undisputed that Fred Gray, Jr. was the attorney in fact for Sheriff

Warren in connection with matters concerning bingo licensing in Macon County and

that he had a long-standing attorney-client relationship with Sheriff Warren which

predated Sheriff Warren's election to his present position.

    4.    "The Gray Law Firm has represented Milton McGregor and his various

enterprises since 1983. This long-standing and on-going relationship is exactly the

sort of relationship contemplated by Rule 1.6." [Doc. #118 at p. 9]. *See also*

Affidavit of Fred Gray: "I have represented Macon County Greyhound Park since

shortly after it was incorporated and have represented the Macon County Greyhound

2

Park continuously since that time." [Doc. #62 at p. 1]. Attorneys John Bolton ("Bolton") and David Johnston ("Johnston") have similar long-standing legal and professional relationships with Milton McGregor and VictoryLand.

5.    Attorneys Fred Gray, Sr., Fred Gray, Jr., Bolton and Johnston, through legal representation, have a significant historical relationship with Milton McGregor and his enterprises, including VictoryLand.

6.    Communications between Milton McGregor, Bolton, and/or Johnston[1] with Fred Gray, Fred Gray, Jr. and/or any partners or associates of The Gray Law Firm related to bingo licensing in Macon County as well as communications among Fred Gray, Fred Gray, Jr. or any partners or associates of The Gray Law Firm relating to bingo licensing in Macon County from January 1, 2003 to January 6, are protected from disclosure by the attorney-client privilege, work product doctrine and/or Rule 1.6 of the Alabama Rules of Professional Conduct.

7.    Communications with Bolton related to bingo licensing in Macon County and communications with Bolton or any partners or associates of the law firm of Hill, Hill, Carter, Franco, Cole & Black, P.C. or any prior law firms with which Bolton has been associated relating to bingo licensing in Macon County are protected from disclosure by the attorney-client privilege, work product doctrine and/or Rule

---

[1]    Obviously, the communications between Milton McGregor, Bolton, and Johnston are covered by attorney-client privilege.

1.6 of the Alabama Rules of Professional Conduct.

8.    Furthermore, any communications, if there be any, between the Grays, Bolton and Johnston related to bingo licensing in Macon County or Victoryland <u>are protected</u> from disclosure by the attorney-client privilege, work product doctrine, and/or Rule 1.6 of the Alabama Rules of Professional Conduct. The information and documents sought by Plaintiffs contain and would reveal information which is privileged and confidential, and objections to producing the protected information were properly made.

### Rule 1.6 of the Alabama Rules of Professional Conduct

9.    Disclosure of the information and documents sought by Plaintiffs would violate counsel's duty under Rule 1.6 of the Alabama Rules of Professional Conduct. Rule 1.6 prohibits disclosure of "information relating to representation of a client" absent authorization and waiver from each individual client and provides:

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).

(b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:

(1) To prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or

(2) To establish a claim or defense on behalf of the lawyer

4

in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

10.     There has been no waiver of the protection afforded by Rule 1.6 and none of the exceptions are applicable here, so the Rule is in force and effect. "The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law." Comment to A.R.P.C. 1.6.

11.     This rule is absolute and does not "permit the lawyer to speculate whether particular information might be embarrassing or detrimental." *Id.* Absent a waiver by the client, or a court order, an attorney must make every effort to protect confidential and privileged information. Confidentiality relates to any and all information gained during the course of representing the client, regardless of the source of that information. Confidential information is not restricted solely to lawyer-client privileged communications. Rather, it covers any and all information gained by the attorney during representation of the client. "Rule 1.6 imposes confidentiality on information relating to the representation even if it is acquired before or after the relationship existed. It does not require the client to indicate information that is to be

5

confidential, or permit the lawyer to speculate whether particular information might

be embarrassing or detrimental." *Id. See* Alabama Bar Opinion to George Beck at

Doc. #150-4 and Alabama Bar Opinion to John Bolton attached as Exhibit 1.[2]

12. Rule 1.6 is <u>separate from and in addition to</u> the attorney-client privilege

and the work product doctrine and should not be confused with either.

> The principle of confidentiality is given effect in two related bodies of
> law, the attorney-client privilege (which includes the work product
> doctrine) in the law of evidence and the rule of confidentiality
> established in professional ethics .... **The confidentiality rule applies
> not merely to matters communicated in confidence by the client but
> also to all information relating to the representation, whatever its
> source**. A lawyer may not disclose such information except as
> authorized or required by the Rules of Professional Conduct or other
> law.

Comment to A.R.C.P. 1.6 (emphasis added). The American Bar Association has

promulgated a similar rule:

> A fundamental principle in the client-lawyer relationship is that,
> in the absence of the client's informed consent, the lawyer must not
> reveal information relating to the representation. *See* Rule 1.0(e) for the
> definition of informed consent. This contributes to the trust that is the
> hallmark of the client-lawyer relationship. The client is thereby
> encouraged to seek legal assistance and to communicate fully and
> frankly with the lawyer even as to embarrassing or legally damaging
> subject matter. The lawyer needs this information to represent the client
> effectively and, if necessary, to advise the client to refrain from
> wrongful conduct. Almost without exception, clients come to lawyers in
> order to determine their rights and what is, in the complex of laws and

---

[2]    As counsel for VictoryLand and Mr. McGregor, attorney David Johnston is in an
analogous position to Mr. Bolton.

regulations, deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld.

Comment to 1.6, ABA, Model Rules of Professional Conduct.

13.    In the case of *D&T Consulting, Inc. v. Guidestar Health System, Inc.*, 2:06-mc-1120 (5:03-cv-0371 W.D. OK), a third party subpoena was issued to a law firm requesting information similar to that requested in this case. Judge Clemon of the federal district court for the Northern District of Alabama quashed that subpoena relying on the prohibitions of Rule 1.6, holding: "In light of Rule 1.6(a) of the Alabama Rules of Professional Conduct, the Motion to Quash is hereby GRANTED." *D&T Consulting, supra.*

### Attorney-Client Privilege

14.    In addition to the Confidentiality Requirement of Rule 1.6, VictoryLand and McGregor also assert that the subpoena violates the attorney-client privilege. This privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure" (*Hunt v. Blackburn*, 128 U.S. 464, 470 (1888)), and "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

7

### The Rules of Privilege and Confidentiality
### Apply to Partners and Other Attorneys

15.   Any communications had by Fred Gray, Jr. with Fred Gray, Sr. or any

other partner, associate or member of the Gray Law Firm seeking advice or carrying

out Fred Gray, Jr.'s representation of Sheriff Warren are protected and fall within this

rule of confidentiality.  "A lawyer is impliedly authorized to make disclosures about

a client when appropriate in carrying out the representation, except to the extent that

the client's instructions or special circumstances limit that authority." Comment to

A.R.P.C. 1.6. "Lawyers in a firm may, in the course of the firm's practice, disclose

to each other information relating to a client of the firm, unless the client has

instructed that particular information be confined to specified lawyers." *Id.*

> "The vicarious disqualification rule  [that one attorney's conflict of
> interest disqualification is imputed to other attorneys in the same firm]
> recognizes the everyday reality that attorneys, working together and
> practicing law in a professional association, share each other's, and their
> clients', confidential information. The expectation that attorneys
> associated together will share confidences is reflected in the American
> Bar Association Model Rules of Professional Conduct, rule 1 .6,
> comment...."

*Goglanian v. Allstate Home Loans, Inc.*, 2005 WL 798410, 10 (Cal. App. 4 Dist.

2005). *See also United States v. Marlinga*, 2005 WL 465432, 4 (E.D. Mich. 2005)

("It is undisputed that [client] Roberts sought legal advice from [attorney] Palazzolo

with the expectation that their discussion would remain confidential. Because

Palazzolo and [attorney] Buffalino were partners in the same [law] firm, the Michigan

8

Rules of Professional Conduct (MRPC) provide that Palazzolo was entitled to consult with and share Roberts' confidential communications with Buffalino, who was equally bound to honor the attorney-client privilege"). "The ban against friendly shoptalk likely would apply only to friends outside the firm in which the lawyer practices because the client is considered to have implicitly authorized sharing of information among lawyers in a single firm." Andrews, Carol Rice, *Highway 101: Lessons in Legal Ethics That We Can Learn on the Road*, 15 Geo. J. Legal Ethics 95, 125 n. 42 (2001).

16.    This principle is well-established, as this Court has recognized.

THE COURT: There are times when a lawyer can act in a non-lawyer capacity with regard to relationships with clients, but the reality of life in a law firm is lawyers talk to each other about a whole host of things. And when they do it, it's been my common experience that they do it with the understanding that what they're talking about between themselves is privileged. That's their expectation. That was certainly my expectation.

*Hope for Families et al. v. Warren*, Case No: 3:06-cv-01113, Transcript of oral argument re: discovery, March 28, 2008, Ct. Doc. 174 at p. 30.

17.    This same principle applies to any other attorneys with whom Fred Gray, Jr. may have communicated in carrying out his representation of Sheriff Warren. This includes Bolton, Johnston and any other attorney who may have represented Milton McGregor and/or VictoryLand.

"[T]he 'privilege extends to communications which are intended to be

9

confidential, if they are made to attorneys, to family members, business associates, or agents of the party or his attorneys on matters of joint concern, when disclosure of the communication is reasonably necessary to further the interest of the litigant.' ... 'While involvement of an unnecessary third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably necessary to further the purpose of the legal consultation preserves confidentiality of communication.'"

*Zurich American Ins. Co. v. Superior Court*, 66 Cal.Rptr.3d 833, 839 (Cal.App. 2 Dist. 2007) (citations to authority omitted). *See also Roman Catholic Archbishop of Los Angeles v. Superior Court,* 32 Cal.Rptr.3d 209, 233 (Cal.App. 2 Dist. 2005) (information communicated in psychotherapy not be disclosed to third persons other than those necessary to further the interests of the patient in the consultation - memorandum from member of vicar for clergy's staff to a priest's psychotherapists was privilegd).

## Work Product Privilege

18.    The subpoena seeks material in violation of Gray Jr.'s work product privilege. "The work product doctrine is an independent source of immunity from discovery, separate and distinct from the attorney-client privilege." *In re Grand Jury*, 106 F.R.D. 255, 257 (D.C.N.H. 1985) (citation omitted). It is "broader than the attorney-client privilege ... it protects materials prepared by the attorney, whether or not disclosed to the client, and it protects material prepared by agents for the attorney." *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979) (citations

omitted).

> Billing records of opposing counsel are to be treated as privileged work
> product. The party seeking production must establish that the requested
> material is actually relevant to a disputed issue, that the records sought
> are needed to prepare for the attorney's fee hearing, and that
> substantially equivalent material cannot be obtained from another
> source. We anticipate that such requests should be few and far between
> and should be carefully scrutinized by the trial courts.

*HCA Health Servs. of Fla., Inc. v. Hillman*, 870 So. 2d 104, 107 (Fla. Dist. Ct. App.

2003).

### Conclusion

Plaintiffs are simply not entitled to the privileged and protected information

they seek in clear violation of well-established rules regarding privilege, work

product and confidentiality. This Court has previously characterized plaintiffs' theory

that Fred Gray, Jr. was bribed as a "convolution of tortured reasoning" and that their

theory is "not correct" noting: "The sophistry of this contingent interest argument

astounds, but it does not persuade. The argument is simply too attenuated to support

the intrusive requests...." [Ct. Doc. 187 at 28]. As this Court has already recognized,

the plaintiffs' claim entitlement to information with the caveat "if their theory is

correct." [Ct. Doc. 187]. Plaintiffs are simply fishing and cannot even decide on

which pole to use as evidenced by the fact that they have amended their original

complaint five times. Plaintiffs' convoluted, illogical and blatantly false speculations

have been indulged long enough.

11

For any or all of the above reasons, this Court is requested to DENY Plaintiffs'

requests for discovery and motions to compel.

## ORAL ARGUMENT IS REQUESTED

Respectfully submitted,

s/ *Augusta S. Dowd*
Augusta S. Dowd
John Mark White
Hope S. Marshall
Rebecca Depalma
Attorneys for Defendant Macon County
Greyhound Park, Inc. d/b/a VictoryLand

s/ *John Bolton*
John M. Bolton, III
Charlanna W. Spencer
Attorneys for Milton McGregor

OF COUNSEL:
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North
Suite 500
Birmingham, Alabama 35203

John M. Bolton, III       .
Charlanna W. Spencer
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

William M. Slaughter, Esq.
Patricia C. Diak, Esq.
Khristi Doss Driver. Esq.
Peter J. Tepley, Esq.
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower

2001 Park Place North
Birmingham, AL 35203
E-mail: wms@hsy.com
E-mail: pcd@hsy.com
E-mail: kdd@hsy.com
E-mail: pt@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF- participant counsel of record:

James H. Anderson
Ryan Wesley Shaw
BEERS ANDERSON JACKSON PATTY & VAN HEEST PC
P.O. Box 1988
Montgomery, AL 36102
E-mail: janderson@beersanderson.com
E-mail: wshaw@beersanderson.com

George Beck, Jr.
CAPELL & HOWARD, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
E-mail: glb@chlaw.com

John M. Bolton, III
Charlanna W. Spencer
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
E-mail: jbolton@hillhillcarter.com
E-mail: cspencer@hillhillcarter.com

Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT
184 Commerce Street
P.O. Box 270
Montgomery, Alabama 36101
E-mail: rgd@rsjg.com

W. Lewis Garrison
Stephen D. Heninger
Gayle Douglas
HENINGER GARRISON DAVIS, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203
E-mail: wlgarrison@hgdlawfirm.com
E-mail: steve@hgdlawfirm.com
E-mail: gdouglas@hgdlawfirm.com

Fred Gray
Fred Gray, Jr.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
E-mail: fgray@glsmgn.com
E-mail: fgrayjr@glsmgn.com

David Johnston
Johnston Hinesley Flowers Clenney & Turner P.C.
P.O. Box 2246
Dothan, AL 36302
E-mail: djohnston@jhfc-law.com

Robert K. Spotswood, Esq.
Michael T. Sansbury, Esq.
SPOTSWOOD, SANSOM & SANSBURY, LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35213
E-mail: rks@spotswoodllc.com
E-mail: msansbury@spotswoodllc.com

S/ *Augusta S. Dowd*
OF COUNSEL

## ALABAMA STATE BAR
### OFFICE OF GENERAL COUNSEL
415 Dexter Avenue · Post Office Box 671   Montgomery, Alabama 36101
Telephone: 334 / 269-1515 · Fax: 334 / 261-6311
www.alabar.org

March 7, 2008

Mr. John M. Bolton, III
Attorney at Law
P.O. Box 116
Montgomery, AL 36101-0116

          Re:  Written Ethical Inquiry

Dear Mr. Bolton:

          I am writing in response to your letter received on March 6, 2008, requesting an ethics opinion from this office. A copy of your letter is attached hereto for reference purposes. In response to your request, I am providing you the following which is an informal opinion of the Office of General Counsel and is not binding on the Disciplinary Commission of the Alabama State Bar.

          It appears from your letter, that you have represented Client A for more than ten years in connection with general business matters, including litigation. You are currently representing the majority shareholder of Client A in connection with a lawsuit filed against Client A, the majority shareholder and others by potential competitors of Client A. Your law partner, Charlanna Spencer is acting as co-counsel in the current matter.

          The Plaintiffs are now seeking to depose you in connection with your prior representation of Client A. In addition, it appears that the plaintiffs will also seek the production of certain documents arising from your prior representation of Client A. Client A has not consented or authorized you to produce any documents and has not waived the attorney-client or work-product privilege.

**Exhibit A**

Mr. John M. Bolton, III
March 7, 2008
Page 2

Your ethical obligation to Client A is to maintain privilege and confidentiality of any and all information in your possession in regard to your client. Absent consent and waiver by the client, Rule 1.6 of the Alabama Rules of Professional Conduct requires you to resist any efforts by the plaintiff to discover any information protected by the attorney-client privilege, work-product privilege, or other confidential information covered by the rule. In resisting such efforts, you should make every effort to protect such information by filing appropriate motions, such as, motions to quash subpoenas and/or notices of depositions. In addition, you may want to consider seeking protective orders from the court.

In seeking to resist any efforts by the plaintiffs to discover information concerning your representation of Client A, you should be sure to claim both the attorney-client privilege and confidentiality. The claim of confidentiality relates to any and all information gained during the course of representing the client, regardless of the source of that information. As a result, confidential information is not restricted solely to lawyer-client privileged communications. Rather, it offers the client broader protection by covering any and all information gained by you during the representation.

From the facts provided in your letter, there does not appear to be any exception under Rule 1.6 that would allow the disclosure of information related to your prior representation of Client A. The only reason you would be allowed to disclose such information would be after the informed consent and waiver of your client or if the court orders you to do so after you have made the appropriate objections.

In the event that the court orders you to give testimony or to produce documents related to your prior representation of the client, you or your law partner would not necessarily be required to automatically withdraw from representation. Rather, whether or not you would be required to withdraw would depend on whether your testimony would be adverse to the interests of the client in the current litigation. If your testimony would be adverse, then you and your partner should withdraw from representation. If your testimony would not be adverse, then you may continue to represent the client during the pre-trial proceedings.

**Exhibit A**

Mr. John M. Bolton, III
March 7, 2008
Page 3


If you were likely to be a necessary witness at trial, then pursuant to Rule 3.7, you could not act as an advocate at trial. However, you should note Rule 3.7(a)(3) which provides an exception to the disqualification requirement where disqualification of the lawyer would work a substantial hardship on the client.

In any event, disqualification under this Rule would not be imputed to your law partner as long as she was not likely to also be called as a witness.

I hope that this response sufficiently addresses your inquiry. However, if you have any further questions concerning this matter, please do not hesitate to contact this office.


Sincerely,

Jeremy McIntire
Assistant General Counsel


JWM/s

Enclosure


**Exhibit A**