IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HOPE FOR FAMILIES & COMMUNITY SERVICE, INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 3:06-CV-1113-WKW<br>) |
| DAVID WARREN, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Macon County Greyhound Park, Inc., d/b/a VictoryLand, and Milton McGregor's ("Defendants") Joint Motion to Reconsider and to Stay (Doc. # 292) "two aspects" of the court's Memorandum Opinion and Order (Doc. # 252). That Memorandum Opinion and Order overruled in part and sustained in part Plaintiffs' objections to the Magistrate Judge's discovery rulings. (Doc. # 252.) Plaintiffs Lucky Palace, LLC ("Lucky Palace") and the Macon County nonprofit organizations ("Charities") filed a Response to the joint motion (Doc. # 312) to which Defendants submitted a Reply (Doc. # 318). Having carefully considered the arguments of counsel, the applicable law, and the evidentiary record before the Magistrate Judge, the court finds that Defendants have not presented a legally sufficient reason to justify reconsideration of the Memorandum Opinion and Order or to warrant a stay.

## I. MOTION TO RECONSIDER

A district court has broad discretion to reconsider an interlocutory order. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *see also United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. Unit B 1982) ("[T]he district court has broad power to reconsider the correctness of its interlocutory rulings.").[1] It may reconsider an interlocutory ruling "for any reason it deems sufficient." *Canaday v. Household Retail Servs., Inc.*, 119 F. Supp. 2d 1258, 1260 (M.D. Ala. 2000), *aff'd sub nom. Perry v. Household Retail*, 268 F.3d 1067 (11th Cir. 2001).

The first aspect of the Memorandum Opinion and Order that is the basis of the joint motion for reconsideration pertains to the order compelling VictoryLand to disclose annual gross receipts and annual gross profits from electronic bingo from the inception of its electronic bingo operations to the present and the finding that the Magistrate Judge's ruling in this regard was clearly erroneous and contrary to law. (Doc. # 252 at 22.) More specifically, Defendants object to this court's finding that the financial information subject to disclosure is not a trade secret. They contend that, in light of the applicable standard of review that prevents reversal of a magistrate judge's order that is not clearly erroneous or contrary to law, this court's factual conclusion that, "while [Sheriff Warren] may have chosen not to look at VictoryLand's financial information, he had access to it" (Doc. # 252 at 21), is wrong and that the concomitant legal conclusion – *i.e.*, that Sheriff Warren's access

---

[1] Decisions of Unit B of the former Fifth Circuit are binding precedent in this circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

to this information "cut[] against VictoryLand's argument that the information [was] private or a trade secret" – also is wrong (Doc. # 252 at 22). (*See* Doc. # 292 at 6-8; Doc. # 318 at 2.) Contrary to Defendants' assertion, however, the court did not "fail[] to consider" other arguably clarifying portions of Sheriff Warren's deposition testimony. (Doc. # 292 at 7.) It reviewed the entire deposition testimony, including Sheriff Warren's statement that, "if [he had] wanted to see [VictoryLand's financial information] [he] could [have]" (Doc. # 292 (quoting Warren Dep. at 323)), and recognized the competing considerations evolving from that testimony (*see, e.g.*, Doc. # 292 at 7-8 (citing Warren Dep. at 321-25)).[2]

Even assuming that VictoryLand has demonstrated that the limited financial information subject to disclosure has been maintained with secrecy and that the other elements of § 8-27-2 of the Alabama Code are satisfied, *see Ex parte Miltope Corp.*, 823 So. 2d 640, 644-46 (Ala. 2001), that assumption would not alter the court's finding that disclosure is required. "[T]here is no absolute privilege for trade secrets and similar confidential information." *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979), quoted in *Festus & Helen Stacy Found., Inc. v. Merrill Lynch, Pierce Fenner, & Smith Inc.*, 432 F. Supp. 2d 1375, 1380 (N.D. Ga. 2006). The Federal Rules of

---

[2] Defendants make much of the sheriff's testimony in relation to their privacy argument. The argument originated in VictoryLand's contention that, as a privately-owned company, its business records and information are entitled to ironclad secrecy. The core analysis debunking that argument (Doc. # 252 at 19-22) focuses on the public nature of the actions of a public official charged with public oversight of a publically-regulated activity, bingo gambling. In that context, it is not surprising, indeed it would be expected, that the sheriff has access to records as he testified. That would be a reasonable expectation on his part under the circumstances. Whether he acted upon that expectation, or whether he was entirely wrong to have that expectation, is beside the point.

Civil Procedure contemplate that circumstances will arise when a trade secret will be discoverable and that a court may enter a protective order "requiring that a trade secret . . . be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). In *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323 (S.D. Fla. 1985), the court explained:

> In order to resist discovery of . . . confidential information, a party must first establish that the information sought is indeed confidential and then demonstrate that its disclosure might be harmful. Once these requirements are met, the burden shifts to the other party to establish that discovery of the trade secrets or confidential information is relevant and necessary to the action. The district court then must balance the need for protection of the trade secrets against the claim of injury resulting from disclosure. Discovery may be denied if proof of relevancy or need is not established, but if relevancy and need are shown, the trade secret should be disclosed. Determination of whether the need outweighs the harm of disclosure falls within the sound discretion of the trial court.

*Id.* at 326.

The court carefully balanced and weighed the competing interests in drawing the line very near the position of VictoryLand. Most of the information sought by Plaintiffs was, on balance, not discoverable by parties who seek to compete with VictoryLand. Consider the items not ordered produced:

• Lucky Palace's Request Number 12: "[A]ll documents, internal memos, notes, forecasts, correspondence, e-mails, electronic filed information regarding all financial information for [VictoryLand] regarding the operation of electronic bingo in Macon County, Alabama, from its inception at Victory[L]and until the present." (Doc. # 143-3 at 5-6.)

4

- The Charities' Request Number 15: All VictoryLand's financial information from 2003 to the present, to include "financial statements, balance sheets, bank statements, profit reports and income and expense reports[.]" (Doc. # 107-2.)

Thus, the vast majority of Plaintiffs' requests were denied by this court and the Magistrate Judge, and properly so. For a potential competitor, the denied records represent a virtual roadmap for competition complete with pot holes and rest stations, financial and business destinations to be sought, and those to be bypassed. Their discovery denial was duly weighed, and intentional.

On the other hand, gross receipts and gross profits from electronic bingo (not from all VictoryLand's operations) are not the kind of confidential information that would contain formulaic business planning, devices, methods, techniques or processes, or that would give a competitor an advantage or competitive boost. Gross receipts and profitability are financial snapshots that are highly relevant as to motive, and to quantify them generally as simply "profitable" or "highly profitable" is to say a thing is as long as a piece of string. In the motive context, this court has determined that a more specific sense of the level of profitability of VictoryLand's electronic bingo operations is relevant and may lead to the discovery of other admissible evidence.

Not only is this information relevant, but it also is necessary to Plaintiffs' action, and the injury VictoryLand says it will suffer from disclosure of its annual gross receipts and annual gross profits simply does not justify protection through non-disclosure. Plaintiffs'

5

need for the information also outweighs the claimed injury, notwithstanding Defendants' protestations to the contrary (Doc. # 292 at 12; Doc. # 252 at 16).

On balance, most of VictoryLand's confidential information is protected by non-disclosure; the rest is protected by the Consent Protective Order (Doc. # 104), which ensures that VictoryLand's interest in maintaining the confidentiality of the limited financial information to be disclosed will be safeguarded. Disclosure will occur only within the parameters established by that order, and no valid reason has been given, and none will be assumed, that Plaintiffs' attorneys – who, jointly with Defendants' attorneys, requested and are bound by the Consent Protective Order – will disregard their duties under that protective order. In short, no argument has been advanced that warrants reconsideration of the order compelling VictoryLand to produce annual gross profits and annual gross receipts from electronic bingo from the inception of its electronic bingo operations to the present.[3] The opposite finding by the Magistrate Judge was clearly erroneous and contrary to law.[4]

The second aspect of the Memorandum Opinion and Order that is the basis of the joint motion for reconsideration pertains to the order compelling VictoryLand to produce documents reflecting Fred D. Gray's ("Gray") ownership interest in VictoryLand on January

---

[3] The additional arguments presented in Defendants' motion in support of reconsideration of the order compelling VictoryLand to produce gross profits and receipts (Doc. # 292 at 14-24) have been considered, but are not persuasive under the applicable the standard of review.

[4] To reiterate, the majority of the Magistrate Judge's findings were neither clearly erroneous nor contrary to law. For those few instances found to offend the law of the case previously established by this court in its March 5, 2008 Order (Doc. # 144), the characterization of this court's position as merely a "different view" than that of the Magistrate Judge (Doc. # 292 at 13) is also clearly erroneous, as was demonstrated in the Memorandum Opinion and Order (Doc. # 252).

1, 2003, each transfer of ownership to or from Mr. Gray since that date to the present, to include the number of shares and the percentage of Mr. Gray's ownership interest when compared to the whole, and all dividend or shareholder, director, committee or other payments to Mr. Gray by date, description and amount. (Doc. # 252 at 34.) Defendants' principal argument rests upon their strong disagreement with the validity of Plaintiffs' bribery theory, but the reasons for rejecting that argument as a bar to discovery have been adequately addressed. (*See, e.g.*, Doc. # 252 at 25-30.) Defendants' opposition also is premised upon an affidavit from S. Lee Yates. As to the latter, no showing has been made that this evidence was not previously available to Defendants (Doc. # 292 at 25), and the affidavit also was not before the Magistrate Judge (*see* Doc. # 228 at 5 (Defendants' brief in support of earlier-filed motion to strike, citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992), for the proposition that the district court's review of the magistrate judge's discovery rulings is "limit[ed] . . . to the evidence that was before the magistrate [judge] at the time that he or she made the decision in question" (emphasis omitted)); *see also Cincinnati Ins. v. Cochran*, No. 5:05cv93, 2005 WL 5277203, at *2 (N.D. Fla. Sept. 22, 2005) ("Under the clearly erroneous standard, it is inappropriate to consider evidence not presented to the magistrate judge." (citing *Haines*, 975 F.2d at 93)), *aff'd* 198 F. App'x 831 (11th Cir. 2006).[5] Thus, the Yates affidavit will not be considered.

---

[5] To the extent that Defendants suggest otherwise (Doc. # 318 at 2 n.2), the Order entered on January 26, 2009 (Doc. # 251 at 1 n.1) is not to the contrary.

## II.  MOTION TO STAY

Alternatively, Defendants request a stay of the foregoing two aspects of the Memorandum Opinion and Order (Doc. # 252) "to allow Defendants sufficient time to present those issues to the Eleventh Circuit and to give that Court time to consider them." (Doc. # 292 at 2.)  A stay pending appeal is an "extraordinary remedy" for which the movant bears the burden of proof.  *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 685 (5th Cir. 1968).[6]  The traditional four factors governing injunctive relief apply to whether a movant has shown that a stay pending an appeal is warranted.  *See Weng v. U.S. Attorney Gen.*, 287 F.3d 1335, 1338 n.5 (11th Cir. 2002); *Belcher*, 395 F.2d at 685-86.  Those factors require the movant to demonstrate (1) that there is a strong or substantial likelihood of success on the merits, (2) that the movant will suffer irreparable injury absent a stay in the district court, (3) that a stay will not substantially harm other interested parties, and (4) that the public interest will not be harmed.  *See Belcher*, 395 F.2d at 685-86; *accord In re Grand Jury Proceedings*, 689 F.2d 1351, 1353 (11th Cir. 1982).

In their motion, Defendants have not addressed these four elements.  (Doc. # 292.) The only discussion of these elements is in the reply brief and is focused upon the court's prior finding that VictoryLand's annual gross receipts and gross profits from electronic bingo are not trade secrets, but that discussion is not sufficiently developed to be helpful.  (Doc. #

---

[6] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

8

318 at 8-9.) As to the first element, in its March 9, 2009 Order dismissing the Grays' appeal *sua sponte* for lack of jurisdiction, the Eleventh Circuit concluded that this court's Memorandum Opinion and Order (Doc. # 252) was "not final or immediately appealable" (Doc. # 304). Hence, to the extent that Defendants intend to file an appeal of the Memorandum Opinion and Order (Doc. # 252), they cannot show a substantial likelihood of success on the merits because the merits cannot be reached. In any event, the court has opined that application of the pertinent balancing test requires disclosure within the strict confines of the Consent Protective Order, even if the gross receipts and gross profits are found to be trade secrets. This finding weighs against Defendants' statements that disclosure would result in "irreparable injury" to VictoryLand's business and that a stay "would serve the public interest of protecting trade secrets under Alabama law" (*i.e.*, the second and fourth elements). (Doc. # 318 at 8.) Finally, as to the third element, the court finds that a stay would result in substantial harm to Plaintiffs; the dispositive motion deadline would have to be stayed indefinitely, discovery could not be completed, and the trial surely would be delayed. Accordingly, the court finds that Defendants have not demonstrated that they are entitled to a stay of the court's Memorandum Opinion and Order pending the "present[ation]" of their issues to the Eleventh Circuit. (Doc. # 292 at 2.)

### III.  CONCLUSION

Accordingly, it is ORDERED that Defendants' Joint Motion to Reconsider and to Stay (Doc. # 292) "two aspects" of the court's Memorandum Opinion and Order (Doc. # 252) is DENIED.

VictoryLand is DIRECTED to produce the discovery that is the subject of the joint motion (Doc. # 292) **on or before April 28, 2009**.  To the extent that other court-ordered discovery disclosures required by the Memorandum Opinion and Order (Doc. # 252) remain outstanding (Doc. # 300 ¶ 5), VictoryLand is DIRECTED to make the required disclosures **on or before April 28, 2009**.

DONE this 21st day of April 2009.

                        /s/   W.  Keith Watkins
                        UNITED STATES DISTRICT JUDGE